**MARGO A. RAISON, COUNTY COUNSEL**
**By: Andrew C. Thomson, Chief Deputy (SBN  149057)**
**Kathleen Rivera, Deputy (SBN  211606)**
**Phillip T. Jenkins, Deputy (SBN  309523)**
**Kern County Administrative Center**
**1115 Truxtun Avenue, Fourth Floor**
**Bakersfield, CA 93301**
**Telephone 661-868-3800**

**Attorneys for Defendants County of Kern,**
**Donny Youngblood and Joshua Nicholson**

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **APOTHIO, LLC,** | ) **Case No.:  1:20-CV-00522-NONE-JLT** |
| | ) |
| **Plaintiffs,** | ) **NOTICE OF MOTION AND MOTION** |
| | ) **TO DISMISS PLAINTIFF'S** |
| **v.** | ) **COMPLAINT FOR FAILURE TO STATE** |
| | ) **A CLAIM; MOTION FOR MORE** |
| **KERN COUNTY; KERN COUNTY** | ) **DEFINITE STATEMENT** |
| **SHERIFF'S OFFICE; CALIFORNIA** | ) **[FRCP Rule 12(b)(6) and 12(e); Local Rule** |
| **DEPARTMENT OF FISH AND** | ) **230 (FRCP Rule 78)** |
| **WILDLIFE; DONNY YOUNGBLOOD;** | )  **[Filed concurrently with Motion to Strike]** |
| **JOSHUA NICHOLSON; CHARLTON H.** | ) |
| **BONHAM; JOHN DOES #1 THROUGH** | ) **Complaint filed: 4/10/2020** |
| **#10, UNKNOWN AGENTS OF THE** | ) |
| **KERN COUNTY SHERIFF'S OFFICE;** | ) **Date:   July 15, 2020** |
| **JOHN DOES #11 THROUGH #20,** | ) **Time:  8:30 a.m.** |
| **UNKNOWN AGENTS OF THE** | ) **Ctrm:  4, 2500 Tulare Street, Fresno** |
| **CALIFORNIA FISH AND WILDLIFE** | ) |
| **DEPARTMENT,** | ) **Judge: NONE** |
| | ) |
| **Defendants.** | ) |

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD;**

**COME NOW** Defendants County of Kern, on behalf of itself and its integral agency the Kern County Sheriff's Office (hereafter jointly "County"), Kern County Sheriff Donny Youngblood (hereinafter "Youngblood") and Sergeant Joshua Nicholson (hereinafter "Nicholson") (hereinafter collectively "County defendants") and provide notice that on July 15, 2020, at 8:30 a.m., or as soon thereafter as the matter may be heard in the above-entitled court

1

located at 2500 Tulare Street, Fresno, CA, County defendants will move the Court to dismiss portions of plaintiff's complaint as it fails to state a cause of action upon which relief can be granted.  Additionally, County defendants will move the court for an order requiring a more definite statement regarding plaintiff's complaint.

Defendants move to dismiss plaintiff's complaint as follows:

1.     The first, second, third, fourth and sixth causes of action, for failure to state a claim in that these causes of action seek to redress the alleged unconstitutional seizure and destruction of marijuana, however there is no federally protected interest in marijuana.

2.     The complaint fails to state a cause of action against Sheriff Donny Youngblood in his individual capacity, as plaintiff has failed to state a claim for supervisory liability.  Thus, Sheriff Donny Youngblood should be dismissed from the first, second, third, fourth and sixth, causes of action, as the only claims being made against him are those in his supervisory capacity.

3.     The complaint fails to state a cause of action for violation of the Bane Act in the fourth, fifth, sixth and seventh causes of action, thus these should be dismissed.

4.     The complaint fails to state a cause of action for *Monell* liability on the part of Kern County, and therefore references to a *Monell* claim in the first, second, third, fourth and sixth causes of action should be dismissed.

Defendants move to require plaintiff to provide a more definite statement as to:

1.     Require the title of each of the 11 causes of action to include by name the defendants named in each cause of action.

2.     Require the body of each of the 11 causes of action to name which defendant did what.

///

///

///

///

///

Motion to Dismiss and Motion for More Definite Statement                    1:20-CV-00522 – NONE-JLT

1    The motion will be based upon Federal Rules of Civil Procedure, Rules 12(b)(6) and

2    12(e), this Notice of Motion and Motion, the Memorandum of Points and Authorities, all

3    papers and filings in this matter, all matters of which the court takes judicial notice, all Reply

4    Memorandums of Points and Authorities and upon such oral argument as may be presented at

5    the hearing.

6

7    Dated:  June 12, 2020                    MARGO A. RAISON, COUNTY COUNSEL

8

9                                          By: ___/s/ Kathleen Rivera_____
                                                Andrew C. Thomson, Chief Deputy
10                                              Kathleen Rivera, Deputy
                                                Phillip T. Jenkins, Deputy
11                                              Attorneys for Defendants County
                                                of Kern, Donny Youngblood and
12                                              Joshua Nicholson

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Motion to Dismiss and Motion for More Definite Statement                    1:20-CV-00522 – NONE-JLT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 1

I.    INTRODUCTION ............................................................................................... 1

II.    BACKGROUND ................................................................................................. 1

III.   MOTION TO DISMISS ...................................................................................... 1

   A.  Authority for Motion ................................................................................. 1

   B.  All of Plaintiff's Federal Causes of Action Must be Dismissed, as the Seizure and Destruction of Plaintiff's Property did not Implicate any Federally Recognized Interest ...................................................................... 2

      1.  The Plants Destroyed by the Kern County Sheriff's Office were Marijuana, and Therefore Contraband, and There is no Federally Protected Interest in Contraband. .................................................................................. 3

      2.  Plaintiff's Statements in the Complaint that its Ownership of Marijuana was Protected by Federal Law Must be Disregarded as Contrary to the Law ........... 5

   C.  Plaintiff has not Pled Sufficient Facts that the Warrant was not Based on Probable Cause .................................................................................................... 8

   D.  Plaintiff Fails to State a Cause of Action Against Sheriff Donny Youngblood in a Supervisory Capacity ................................................................................... 8

   E.  Plaintiff Fails to State Sufficient Facts to State a Cause of Action For Violation of the Bane Act in the Fourth, Fifth, Sixth and Seventh Causes of Action ................. 10

   F.  Plaintiff has Failed to Plead Facts Sufficient to State a Cause of Action for *Monell* Liability ........................................................................................... 11

III.   MOTION FOR A MORE DEFINITE STATEMENT ...................................................... 12

   A.  Authority for Motion ............................................................................... 12

   B.  Plaintiff is Required to Provide a More Definite Statement as to Which Defendant is Subject to Each Cause of Action ......................................................... 13

   VII. CONCLUSION ...................................................................................... 15

**Cases**

*Anderson v. District Board of Trustees,* 77 F.3d 364 (11th Cir. 1996) ............................. 14

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ............................................ 1, 2, 9, 10, 12

*Barrios v. County of Tulare,* 2014 WL 2174746 (E.D. Cal. May 23, 2014) ............................. 4

*Bay Area Rapid Transit Dist. v. Superior Court,* 38 Cal.App.4[th] 141 (1995) ........................... 10

*Beery v. Hitachi Home Electronics (America), Inc.*, 157 F.R.D. 477 (C.D. Cal. 1993) ............. 13

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) ......................................... 2, 9

*Citizens Against Corruption v. County of Kern,* 2019 WL 1979921(E.D. Cal May 3, 2019) ...... 1

*City of Canton, Ohio v Harris,* 489 U.S. 378 (1989) ..................................... 11

*Fayle v. Stapley*, 607 F.2d 858 (9th Cir. 1979) ........................................ 9

*Forest City Residential Mgmt., Inc. ex rel. Plymouth Square Ltd. Dividend Hous. Ass'n v. Beasley,* 71 F.Supp. 3d 715 (E.D. Mich 2017) ........................................ 3

*Fourth Corner Credit Union v. Federal Reserve Bank of Kansas,* 861 F.3d 1052 (10th Cir. 2017) ............................................................... 3

*Garmon v Cty. Of Los Angeles,* 828 F.3d 837 (9th Cir. 2014) ............................. 11

*Hartman v. Cal. Dep't of Corr. Rehab.,* 707 F.3d 1114 (9th Cir. 2013) ....................... 1

*Havoco of America, Ltd. v. Shell Oil Co.* 626 F.2d 549 (7th Cir. 1980) ....................... 2

*Helix TCS, Inc. v. Robert Kenney,* 2020 WL 2526910 (2020) ................................ 3

*In re Joshua H.,* 13, Cal.App.4[th] 17349 (1993) ....................................... 10

*Jones v. Williams*, 297 F.3d 930 (9th Cir., 2002) ...................................... 9

*Kirkpatrick v. Cty. Of Wahsoe,* 843 F.3d 784 (9th Cir. 2016) .......................... 11

*Magluta v. Samples,* 256 F.3d 1282 (11th Cir. 2001) ................................... 13

*Mason v. County of Orange,* 251 F.R.D. 562 (C.D. Cal. 2008) ............................ 14

*Messerschmidt v. Millender*, 565 U.S. 535 (2012) ....................................... 8

*Monell v. Department of Social Services of the City of New York et al.*, 436 U.S. 658 (1978) . 11

*Mosher v. Saalfeld,* 589 F.2d 438 (9th Cir. 1978) ....................................... 9

*Navarro v. Block,* 72 F.3d 712 (9th Cir. 1996) ....................................... 11

*Nelson v. County of Sacramento*, 926 F.Supp.2d 1159 (E.D.Cal., 2013) .................... 9

*Olvera v. County of Sacrament,* 932 F.Supp.2d 1123 (E.D. Cal. 2013) ..................... 8

*Preschooler II v. Clark Cty. Sch. Bd. Of Trs.,* 479 F.3d 1175 (9th Cir. 2007) ........... 10

*River N. Properties, LLC v. City and Cty. Of Denver,* 2014 WL 7437048 (D. Colo. Dec. 30, 2014) ................................................................... 4

*Rutman Wine Co. v. E. & J Gallo Winery*, 829 F.2d 729 (9th Cir. 1987) ................... 2

*Schmidt v. County of Nevada* (2011 WL 2967786 (E.D Cal. March 30, 2011) .................. 4

*Shin v. Time Squared Global, LLC.,* 2015 WL 13284952 (C.D. Cal. Aug. 26, 2015) ........... 13

*Starr v. Bacca,* 652 F.3d 1202 (9th Cir. 2011) ....................................... 10, 12

*Taylor v. List,* 880 F.2d 1040 (9th Cir. 1989) ....................................... 9

*Tempur-Pedic Int'l Inc. v. Angel Beds LLC.,* 902 F.Supp.2d 958 (S.D. Tx 2012) ............ 12

*Thompson v. City of Los Angeles,* 885 F.2d 1439 (9th Cir. 1989) ........................ 11

*Trevino v. Gates,* 99 F.3d 911 (9th Cir. 1996)..............................................................11
*Young v. City of Visalia,* 687 F.Supp.2d 1141 (E.D.Cal., 2009) ...............................12
*Young v. Larimer County Sheriff's Office,* 356 P.3d 939 (Colo. App. 2014)..............4

**Other Authorities**

*2018 Farm Bill*.............................................................................................................7

**Federal Statute*s***

*21 U.S.C. § 802(16)(B)*.................................................................................................7
*21 U.S.C. § 812(b)(1)* ...................................................................................................3
*21 U.S.C. § 812(c)(17)*..................................................................................................7
*21 U.S.C. § 801*.............................................................................................................6
*7 U.S.C. § 5940(a)(2)* ...................................................................................................5
*7 U.S.C. § 5940*.........................................................................................................6, 7

**Federal Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................1, 2
Fed. R. Civ. P. 12(e) ...................................................................................................12
Fed. R. Civ. P. 8(a)(2)...................................................................................................2
Fed. R. Civ. P. 8 .........................................................................................................13

**California Statutes**

Cal. Food & Ag. Code § 81000 .....................................................................................6
Cal. Health & Safety Code § 11479 ..............................................................................8
Cal. Civ. Code § 52.1 ..................................................................................................10

**Code of Federal Regulations**

7 CFR 990 ......................................................................................................................7
84 FR 58522 ..................................................................................................................7

iii

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

The Kern County defendants executed a warrant to seize and destroy marijuana plants owned by plaintiff and located in Kern County.  Prior to the execution of the warrant, these plants tested above the legal limit to be characterized as "hemp," and therefore were properly classified as marijuana.  Marijuana is contraband pursuant to federal law, and there is no federally protected interest in contraband.  Nevertheless, Plaintiff is trying to vindicate rights that depend on California marijuana law in federal court.  As such, Plaintiff faces, as Judge Ishi stated:  "the insurmountable hurdle that federal law does not recognize any protectable liberty or property interest in the cultivation or ownership of marijuana."  (*See Citizens Against Corruption v. County of Kern,* 2019 WL 1979921 (May 3, 2019), at *2).

## II.      BACKGROUND

For purposes of a 12(b)(6) and 12(e) motion, the allegations of the complaint are taken as true.  The pertinent facts as alleged in the complaint are as follows: On October 24, 2019, Kern County Sheriff's Department Sergeant Joshua Nicholson applied for a warrant to search the farms on which Apothio's hemp plants were being grown and seize and destroy cannabis and any paraphernalia associated with the unlawful cultivation of cannabis.  Such warrant was executed on October 25, 2019.  Plaintiff claims violations of federal and state constitutional rights as well as state law tort claims.

## III.      MOTION TO DISMISS

### A.      Authority for Motion

Defendants may, within the time set for a responsive pleading, move to dismiss plaintiff's complaint for "failure to state a claim upon which relief can be granted" (Fed. R. Civ. P. 12(b)(6).)   The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory.  (*Hartman v. Cal. Dep't of Corr. Rehab.,* 707 F.3d 1114, 1122 (9th Cir. 2013)).  The court assumes these factual allegations are true and draws reasonable inferences from them.  (*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).  A complaint need contain only a "short and plain statement of the claim

1    showing that the pleader is entitled to relief," (Fed. R. Civ. P. 8(a)(2)), not "detailed factual

2    allegations," (*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

3    But this rule demands more than unadorned accusations; "sufficient factual matter"

4    must make the claim at least plausible.  *Iqbal, supra* at 556 U.S. at 678.  In the same vein,

5    conclusory or formulaic recitations of elements do not alone suffice.  *Id.* (quoting

6    *Twombly,supra* at 550 U.S. at 555).  Evaluation under Rule 12(b)(6) is a context-specific task

7    drawing on "judicial experience and common sense."  *Id.* at 679.  The Court may dismiss a

8    complaint that fails to make a short and plain statement of the claim which demonstrates the

9    plaintiff is entitled to relief (Fed.R.Civ.P. Rule 8(a)(2).)

10   The purpose of a Rule 12(b)(6) motion is to enable defendants to challenge the legal

11   sufficiency of complaints without subjecting themselves to discovery.  (*Rutman Wine Co. v. E.

12   & J Gallo Winery*, 829 F.2d 729, 737 (9th Cir. 1987)).  "If the allegations of the complaint fail

13   to establish the requisite elements of the cause of action, our requiring costly and time

14   consuming discovery and trial work would represent an abdication of our judicial

15   responsibility."  (*Id.* at 737, quoting *Havoco of America, Ltd. v. Shell Oil Co.* 626 F.2d 549,

16   553 (7th Cir. 1980)).  It is sounder practice to determine whether there is any reasonable

17   likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense

18   of discovery.  (*Rutman,supra,* at 738.)

19   **B.    All of Plaintiff's Federal Causes of Action Must be Dismissed, as the Seizure and**

20   **Destruction of Plaintiff's Property did not Implicate any Federally Recognized Interest**

21   Plaintiff seeks the redress for alleged wrongs in the federal court; however, Plaintiff has

22   come to this court with unclean hands.  Plaintiff's property destroyed by the Kern County

23   defendants was contraband as defined by federal law.  As will be discussed below, there is no

24   legal authority to permit Plaintiff to come to federal court seeking redress for the taking of

25   contraband.

26   Further, Plaintiff has repeatedly stated in the Complaint that Plaintiff's actions in

27   growing industrial hemp were permitted by federal law.  As will be discussed below, there is

28   absolutely no federal legal authority which supports this statement.  For these reasons, all of

Plaintiff's federal claims (first, second, third, fourth, and sixth causes of action) must be dismissed.

> **1.** **The Plants Destroyed by the Kern County Sheriff's Office were Marijuana, and Therefore Contraband, and There is no Federally Protected Interest in Contraband.**

Marijuana is a Schedule 1 controlled substance under the Controlled Substance Act ("CSA") 21 U.S.C. § 812(b)(1).  Plaintiff correctly states federal law when stating that hemp refers to any part of the cannabis plant with a delta-9 tetrahydrocannabinol ("THC") concentrate of not more than 0.3 percent on a dry weight basis, and that it is expressly excluded from the CSA.    (Complaint, fn. 1).  However, Plaintiff goes on to admit that it was growing hemp with a THC higher than .3%.  (*Id.*  ¶¶ 8, 35, 92, 108).  Under federal law, this was marijuana, which is not legal under federal law.

Plaintiff relies on its self-proclaimed status as an established research institution authorized under California law to grow hemp with a THC level higher than 0.3%.  (*See e.g.* Complaint, ¶¶ 3, 49, 50), which by plaintiff's own admission is marijuana, not hemp.  (*Id.*, ¶ 33).    However, despite California laws, federal courts have routinely held that the CSA preempts state marijuana law.  The U.S. Supreme Court recently addressed this issue of the conflict and lack of uniformity between state marijuana laws and the federal treatment of marijuana in *Helix TCS, Inc. v. Robert Kenney,* 2020 WL 2526910, at *9 (2020)(On Petition for Writ of Certiorari to the U.S. Court of Appeals for the Tenth Circuit).  The court listed a string of cases showing how federal protections will not be granted to state-sanctioned marijuana activities.  For instance, medical marijuana users may not seek protection under the federal Fair Housing Act.  (*See e.g. Forest City Residential Mgmt., Inc. ex rel. Plymouth Square Ltd. Dividend Hous. Ass'n v. Beasley,* 71 F.Supp. 3d 715, 719 (E.D. Mich 2017).  Nor will courts facilitate or legitimize the marijuana industry in the business context.  (*See Fourth Corner Credit Union v. Federal Reserve Bank of Kansas,* 861 F.3d 1052, 1054-55 (10th Cir. 2017)(where bankers attempted to form a credit union to serve marijuana-related businesses,

1   the court declined to facilitate illegal activity by giving marijuana businesses access to banking

2   that they lacked).

3           More on point to the facts of the instant case, the Supreme Court noted that federal law

4   does not recognize a private property interest in marijuana.  (*See River N. Properties, LLC v.*

5   *City and Cty. Of Denver,* 2014 WL 7437048, at *1-3 (D. Colo. Dec. 30, 2014)(dismissing

6   constitutional claims brought by a property owner against the City and County of Denver

7   alleging that Denver "utilized various  regulatory processes to improperly prevent [plaintiff]

8   from…leasing the Property to a tenant who grows medical marijuana" because "marijuana is

9   contraband *per se* under federal law [and, therefore] plaintiff lacked a cognizable property

10  interest in its cultivation"); *Barrios v. County of Tulare,* 2014 WL 2174746, at *4-5 (E.D. Cal.

11  May 23, 2014)(due process claims dismissed where purported property interest in marijuana

12  plants was not legitimate" property interest warranting federal protection); *Young v. Larimer*

13  *County Sheriff's Office,* 356 P.3d 939, 943 (Colo. App. 2014)("[Notwithstanding the MMA,

14  Young cannot seek relief under § 1983 for destruction of marijuana plants because that

15  destruction did not impair a federal right.").

16          The court in *Schmidt v. County of Nevada* (2011 WL 2967786 at *5 (E.D Cal. March

17  30, 2011)[1] stated that because marijuana crops are contraband, there is no federally protected

18  interest implicated.  Thus, a plaintiff cannot recover damages as a result of the confiscation or

19  destruction of marijuana as there is no cognizable property interest in the marijuana.  (*Id.,* at

20  *6).

21          There is no legal authority giving Plaintiff the ability to seek redress in federal court for

22  alleged constitutional violations relating to the seizure and destruction of Plaintiff's contraband.

23  Therefore, County Defendants respectfully request this court to dismiss in their entirety

24  Plaintiff's causes of action which assert alleged violations of federal constitutional rights;

25  namely, the first, second, third, fourth, and sixth causes of action.

26

27

28  [1] Citation to unpublished opinions is permitted by Eastern District Court Local Rule 133(i)(3) (Fed. R. Civ. P. 5).

4

1
2

    **2.**    **Plaintiff's Statements in the Complaint that its Ownership of Marijuana was Protected by Federal Law Must be Disregarded as Contrary to the Law**

3
4
5
6
7
8
9
10
11

    Plaintiff was a self-proclaimed "established agricultural research institute" and as such plaintiff alleges it was permitted to grow marijuana plants which had a THC level of above 0.3%. (Complaint, ¶ 8).  The issue of whether Plaintiff was an "established agricultural research institute" as that is authorized under California state law with any protections state law might provide is not a topic for this motion to dismiss, as that is a factual question which will be addressed in a motion for summary judgment.  However, what is relevant to this motion are plaintiff's repeated statements in the complaint that plaintiff was entitled by *federal* law to possess marijuana plants with THC levels above 0.3%.  These statements are untrue and contradicted by law.

12
13
14
15
16
17

    There is no concept of "established agricultural research institution" in federal law. Federal law defines industrial hemp as the plant Cannabis Sativa L. and any part of such plant, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than .3 percent on a dry weight basis."  (7 U.S.C. § 5940(a)(2)).  Federal law only allows the cultivation of industrial hemp for research purposes by an institute of higher education or a State department of agriculture:

18
19
20
21
22
23
24
25
26
27
28

    (a) Definitions
In this section:
(1) Agricultural pilot program
The term "agricultural pilot program" means a pilot program to study the growth, cultivation, or marketing of industrial hemp-
(A) in States that permit the growth or cultivation of industrial hemp under the laws of the State; and
(B) in a manner that—
    (i) ensures that only institutions of higher education and State departments of agriculture are used to grow or cultivate industrial hemp;
    (ii) requires that sites used for growing or cultivating industrial hemp in a State be certified by, and registered with, the State department of agriculture; and
    (iii) authorizes State departments of agriculture to promulgate regulations to carry out the pilot program in the States in accordance with the purposes of this section.
(2) Industrial hemp

5

The term "industrial hemp" means the plant Cannabis sativa L. and any part of such plant, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis.
(3) State
The term "State" has the meaning given such term in section 16390o of this title.
(4) State department of agriculture
The term "State department of agriculture" means the agency, commission, or department of a State government responsible for agriculture within the State
(b) Industrial hemp research
Notwithstanding the Controlled Substances Act (21 U.S.C. 801 et seq.), chapter 81 of Title 41, or any other Federal law, an institution of higher education (as defined in section 1001 of Title 20) or a State department of agriculture may grow or cultivate industrial hemp if—
(1) the industrial hemp is grown or cultivated for purposes of research conducted under an agricultural pilot program or other agricultural or academic research; and
(2) the growing or cultivating of industrial hemp is allowed under the laws of the State in which such institution of higher education or State department of agriculture is located and such research occurs.
(7 U.S.C. Sec. 5940)

Despite the clear language of this federal statute, plaintiff makes a claim that is patently false and contradicted by the language of the statute. plaintiff states in paragraph 3 of the complaint:   "Apothio is an established agricultural research institution (EARI) legally authorized to research and commercialize hemp under both federal and state law.  *See* 7 U.S.C. § 5940(b); Cal. Food & Ag. Code § 81000 *et seq.*" (Complaint, ¶ 3).  As stated above, federal law does not provide for an "established agricultural research institution" and that term is not mentioned in § 5940(b).  Further, for plaintiff to enjoy the protection of § 5940(b), Apothio would have to be an institute of higher education, or a State department of agriculture operating under a pilot program, neither of which is alleged in the complaint.  Thus, § 5940(b) clearly states what type of entity may legally grow hemp under federal law, and Plaintiff does not include any allegations that Apothio was either of these two entities.

Nevertheless, Plaintiff states further throughout the complaint that it is permitted by federal law to cultivate hemp.  For example, on page 2, footnote 1, the complaint states that

6

1   hemp is expressly excluded from the Controlled Substances Act by the 2018 Farm

2   Bill. (Complaint, p. 2, fn. 1).  What the Plaintiff fails to include is that it was not possible to

3   cultivate industrial hemp for any purpose, research or otherwise, in conformity with the 2018

4   Farm Bill when the warrant in this case was executed.  (*See* 84 FR 58522 implementing 7 CFR

5   990).  Plaintiff's complaint therefore misleads the court and misstates the law.

6          A further example of Plaintiff's misstatement is paragraph 7 "…Apothio anticipated

7   ultimately harvesting …in careful compliance with California and federal law." (Complaint, ¶

8   3).  This is clearly a misstatement of federal law, as nowhere in the complaint does Plaintiff

9   allege Apothio was a institute of higher education, or a State department of agriculture

10  operating under a pilot program, as defined by § 5940, which would be the only way Apothio

11  would be able to grow and harvest hemp under federal law.

12         Thus, paragraph 8 of the complaint is clearly incorrect, when Plaintiff states:  "[a]s an

13  EARI, Apothio was expressly permitted to grow and possess plants that contain more than 03%

14  THC and is also exempt from certain testing requirements applicable to other hemp growers."

15  (Complaint, ¶ 8).  What Plaintiff fails to state is Plaintiff was not expressly permitted to do this

16  under federal law.[2]   As stated above, there is no "EARI" in federal law.  Further, even if

17  Apothio were an institute of higher education, or a State department of agriculture operating

18  under a pilot program, hemp production with greater than .3% THC continues to be a

19  controlled substance and contraband under federal law.  (21 U.S.C. § 802(16)(B) and 21 U.S.C.

20  § 812(c)(17)).

21         In sum, Plaintiff's cultivation of hemp was not protected by federal law.  Thus, County

22  defendants respectfully request that Plaintiff's first, second, third, fourth and sixth causes of

23  action for alleged violation of federal constitutional rights be dismissed.

24

25

26  [2] Rule 11 is implicated by Plaintiff's failure to correctly state the federal law on the issue of hemp cultivation.
    Rule 11 provides that by presenting a pleading to the court, the attorney certifies that: "the claims, defenses and
27  other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying or
    reversing existing law or for establishing new law."  (Fed. Rules Civ. Proc., Rule 11(b)(2).  County defendants
28  reserve their right to file a Rule 11 motion for sanctions.

Motion to Dismiss and Motion for More Definite Statement                    1:20-CV-00522 – NONE-JLT

**C.      Plaintiff has not Pled Sufficient Facts that the Warrant was not Based on Probable Cause**

Plaintiff makes conclusory statements that the warrant in this case was not based on probable cause.   For example, Plaintiff alleges "Defendant Nicholson…intentionally and recklessly included material misstatements" in the affidavit for probable cause (Complaint, ¶ 10) but fails to state what such misstatements were.   Such conclusory statements are not sufficient to render the warrant useless.   This is not a situation where it can be alleged that it would be totally unreasonable to believe there was probable cause, on reading the warrant, which is attached to the complaint.   (*Messerschmidt v. Millender*, 565 U.S. 535, 551 (2012)).

Plaintiff further claims execution of the warrant violated plaintiff's rights under the Fourth Amendment as the warrant does not include plaintiff's self-proclaimed status as an established agricultural research institution.   However, the complaint fails to allege how including this information as to plaintiff's self-proclaimed status would have materially affected the Magistrate's decision to sign the warrant.   The plaintiff must demonstrate that "the magistrate would not have issued the warrant with false information redacted, or omitted information restored."   (*Olvera v. County of Sacrament,* 932 F.Supp.2d 1123, 1152 (E.D. Cal. 2013)).

Finally, California Health and Safety Code § 11479 allows that "a suspected controlled substance" "may be destroyed without a court order by the chief of the law enforcement agency or a designated subordinate."

**D.      Plaintiff Fails to State a Cause of Action Against Sheriff Donny Youngblood in a Supervisory Capacity**

Plaintiff's Complaint does not identify whether Sheriff Donny Youngblood is being sued in his official capacity or individual capacity.   However, from the allegations made, he apparently is being sued based on his individual capacity.   Only two paragraphs of the 255 paragraph complaint allege substantive allegations against Sheriff Youngblood by name.   Paragraph 10 states: "…KCSO Sargeant Joshua Nicholson applied for a warrant to search the farms on which Apothio's plants were being grown.   On information and belief, Defendant

8

Nicholson, with the approval of Defendant Sheriff Donny Youngblood, intentionally or recklessly included material misstatements an/or omissions in the affidavit…"  (Complaint, ¶10).  Paragraph 107 alleges that the statement of probable cause incorporated into the warrant to search Plaintiff's property did not accurately provide material information and that "[o]n information and belief, Defendant Nicholson, with the approval of Defendant Youngblood, intentionally or recklessly misstated and/or omitted this information."  (Complaint, ¶ 107).

By using the phrase "with the approval of Sheriff Donny Youngblood" it is apparent that Plaintiff is seeking to hold Sheriff Youngblood liable on a claim of supervisor liability.  To the extent Plaintiffs seek to hold a supervising official, such as Sheriff Youngblood, individually liable under the Fourth, Fifth and Fourteenth Amendments as alleged in the first, second, third, fourth and sixth causes of action for the seizure and destruction of Plaintiff's property, Plaintiff must allege and show that Sheriff Youngblood personally participated in the commission of a constitutional violation:

> Liability under section 1983 arises only upon a showing of personal participation by the defendant. [Citation omitted.] A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  There is no respondeat superior liability under section 1983. [Citation omitted.] _Taylor v. List_, 880 F.2d 1040, 1045 (9th Cir. 1989).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged and proven. (_Nelson v. County of Sacramento_, 926 F.Supp.2d 1159, 1165 (E.D.Cal., 2013); _Jones v. Williams_, 297 F.3d 930, 934 (9th Cir., 2002); _Fayle v. Stapley_, 607 F.2d 858, 862 (9th Cir. 1979); _Mosher v. Saalfeld_, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941(1979).)

_Ashcroft v. Iqbal, supra,_ 556 U.S. at 682-683, severely limits supervisory liability in § 1983 cases.  _Iqbal_ held that a plaintiff must allege that a defendant through their individual actions violated the Constitution.  (_Id._ at 676).  _Iqbal_ stated that the rules of pleading set forth in _Bell Atlantic Corp. v. Twombly, supra,_ 550 U.S. 544, 555-556, require that in a claim of

9

---

1    supervisory liability, a claim must state that the defendant acted with a discriminatory state of

2    mind, or with an intent to violate the constitutional rights of the claimant.  (*Iqbal, supra,* at

3    683).  This circuit has stated that supervisor liability requires plaintiff's claim to state that a

4    supervisor was deliberately indifferent based upon the supervisor's knowledge of and

5    acquiescence in the unconstitutional conduct of his or her subordinates.  (*Starr v. Bacca,* 652

6    F.3d 1202, 1207 (citation omitted) (9th Cir. 2011).

7          Such allegations are absent from the plaintiff's complaint.  Paragraphs 10 and 107

8    contain only conclusions, based on information and belief, that Sheriff Youngblood approved

9    the inclusion of alleged misstatements in the warrant affidavit.  (Complaint, ¶¶ 10, 17).  There

10   are no allegations that Sheriff Youngblood was present when the alleged unconstitutional

11   seizure of Plaintiff's property took place.  There are no allegations that Sheriff Youngblood

12   knew of an alleged constitutional violation and failed to take corrective action.  Cases where

13   supervisory liability was found to be sufficiently pled include *Preschooler II v. Clark Cty. Sch.*

14   *Bd. Of Trs.,* 479 F.3d 1175, 1182 (9th Cir. 2007), where allegations that school officials knew

15   of alleged violation and failed to take corrective action were sufficient to state a claim. (*Id.).*

16   Such allegations are necessary, and for this reason, County defendants respectfully request that

17   Sheriff Donny Youngblood be dismissed as a named defendant from the following causes of

18   action:  first, second, third, fourth and sixth, which allege constitutional violations.

19   **E.     Plaintiff Fails to State Sufficient Facts to State a Cause of Action For Violation of**

20   **the Bane Act in the Fourth, Fifth, Sixth and Seventh Causes of Action**

21         The Bane Act originated as an anti-hate crime statute.  (*See In re Joshua H.,* 13,

22   Cal.App.4th 1734, 1748, n. 9 (1993)).  The Bane Act "provides that a person may bring a cause

23   of action 'in his or her own name and on his or her own behalf against anyone who 'interferes

24   by threats, intimidation or coercion,' with the exercise or enjoyment of any constitutional or

25   statutory right."  (*Bay Area Rapid Transit Dist. v. Superior Court,* 38 Cal.App.4th 141, 144

26   (1995)(quoting Cal. Civ.Code § 52.1)).

27         The complaint at issue does not allege the use of any force by the County defendants

28   against Apothio's managing partner Trent Jones or any other employee or representative of

1   Apothio.  The complaint does not allege any intimidation, or threats made by any County

2   defendant.  Plaintiff does not even allege that such threats or intimidation as required under a

3   Bane Act claim were inherent in the seizure an destruction of Plaintiff's property.

4          The complaint admits that the search and resulting seizure of Plaintiff's property was

5   pursuant to a search warrant (Complaint ¶ 10) and that Defendant Joshua Nicholson was

6   acting within the course and scope of his employment with the Kern County Sheriff's

7   Department (*Id.,* ¶ 20).  While being subject to a search warrant and resulting seizure of

8   property is intimidating by its nature, the facts alleged regarding the conduct of Nicholson do

9   not support a civil rights violation in that such conduct does not rise to the level of threats,

10   intimidation or coercion under the statute.

11   **F.     Plaintiff has Failed to Plead Facts Sufficient to State a Cause of Action for *Monell***

12   **Liability**

13          Plaintiff's first, second, third, fourth and sixth causes of action fall under § 1983.

14   Each of these causes of action contain a paragraph which attempts to allege *Monell* liability

15   on Kern County.  (*Monell v. Department of Social Services of the City of New York et al.*, 436

16   U.S. 658, 694-695 (1978)).  It is well settled that a government entity, such as Kern County,

17   cannot be held liable in a § 1983 case solely because its employee is a tort feasor; a

18   municipality cannot be liable in a § 1983 case on a theory of respondeat superior.  (*Id.* at 691).

19          A municipality may be independently liable in a § 1983 case where the municipality

20   through its own actions or inactions caused the underlying constitutional violation.

21   (*Kirkpatrick v. Cty. Of Wahsoe,* 843 F.3d 784, 793 (9th Cir. 2016)(en banc).  This independent

22   action may take the form of an official policy (*Thompson v. City of Los Angeles,* 885 F.2d

23   1439, 1443 (9th Cir. 1989)), an unofficial custom or practice (*Navarro v. Block,*  72 F.3d 712,

24   714-715 (9th Cir. 1996)), a failure to train (*City of Canton, Ohio v Harris,* 489 U.S. 378, 388-

25   91 (1989); *Garmon v Cty. Of Los Angeles,* 828 F.3d 837, 846 (9th Cir. 2014)) or the

26   ratification by a policy maker of unconstitutional conduct by an employee (*Trevino v. Gates,*

27   99 F.3d 911, 920-21 (9th Cir. 1996)).

28

11

All of Plaintiff's § 1983 causes of action contain an identical recitation with regard to *Monell* liability. Plaintiff alleges:

> On information and belief, Defendants Kern County, the Kern County Sheriff's Office, and the California Department of Fish and Wildlife (1) intentionally authorized or directed the individual Defendants to undertake the actions that violated Apothio's rights; (2) ratified the actions the individual Defendant's took to violate Apothio's rights; (3) failed to adequately train the individual Defendants; and (4) maintained an official policy and/or custom of deliberate indifference to violations of constitutional rights by KCSO officers." (Complaint, ¶¶ 167, 173, 181, 187, 199).

Such bare bone allegations do not suffice. As the court stated in *Starr v. Baca, supra,* 652 F.3d at 1216, when discussing *Monell* claims:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

Plaintiff's recitation of the elements of the *Monell* cause of action represents a classic example of the type of overly broad, formulaic pleading discouraged by *Ashcroft v. Iqbal, supra, supra,* at 678-679)(*Young v. City of Visalia,* 687 F.Supp.2d 1141, 1147-1150 (E.D.Cal., 2009).

### III.    MOTION FOR A MORE DEFINITE STATEMENT

If this court does not dismiss plaintiff's federal claims in their entirety without leave to amend based on the contraband argument above, County defendants submit that plaintiff's complaint is subject to a motion for a more definite statement.

### A.    Authority for Motion

If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. Fed. R. Civ. P. 12(e). (*Tempur-Pedic Int'l Inc. v. Angel Beds LLC.,* 902 F.Supp.2d 958 (S.D. Tx 2012)). The court

12

1    may deny the motion if the detail sought by a motion for a more definite statement is

2    obtainable through the discovery process.  (*Beery v. Hitachi Home Electronics (America), Inc.*,

3    157 F.R.D. 477, 490 (C.D. Cal. 1993)).  A motion for a more definite statement is a proper

4    means for enforcing the requirement in Federal Rule of Civil Procedure, Rule 8, which requires

5    pleadings to be "clear and concise."

6    **B.      Plaintiff is Required to Provide a More Definite Statement as to Which Defendant**

7    **is Subject to Each Cause of Action**

8           The complaint is 58 pages long.  It contains 255 paragraphs and 8 sub paragraphs.  It

9    alleges 11 causes of action.  All 11 causes of action name simply "All Defendants."  The

10   complaint names widely different defendants, i.e. a State Agency (California Department of

11   Fish and Wildlife) and its employee Charlton H. Bonham; Kern County its employee Joshua

12   Nicholson, as well as Kern County Sheriff Donny Youngblood.  However, even with these

13   different governmental entities and individuals, the complaint fails to identify which defendant

14   is subject to each cause of action.  Further, the body of each cause of action fails to name any

15   specific defendant by name, but rather refers to "defendants."

16          These type of "shot gun" pleadings are disfavored.  A shot gun complaint is one which

17   ignores the "short and plain statement" requirement by identifying multiple defendants and

18   charging all defendants in each count.  (*Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir.

19   2001).  In *Magluta,* the complaint alleged four causes of action against fourteen defendants

20   who were charged in each cause of action.  The court held that indiscriminately charging each

21   defendant fails to comply with Rule 8.  (*Id.*).  The court stated a shotgun complaint "is replete

22   with allegations that 'the defendants' engaged in certain conduct, making no distinction among

23   the [various] defendants charged, though *geographic and temporal realities* make it plain that

24   all of the defendants could not have participated in every act complained of." *Id.* (Emphasis in

25   original.).

26           In *Shin v. Time Squared Global, LLC.,* 2015 WL 13284952 (C.D. Cal. Aug. 26, 2015),

27   the court stated "[o]ne common type of shotgun pleading comes in cases with multiple

28   defendants where the plaintiff uses the omnibus term 'Defendants' throughout the complaint by

13

grouping defendants together without identifying what the particular defendants specifically did wrong.  (*Id.* *3).  The court stated "[s]hotgun pleadings overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to allegations."  (*Id.* *2).  (*See Mason v. County of Orange,* 251 F.R.D. 562, 563-64 (C.D. Cal. 2008)(quoting *Anderson v. District Board of Trustees,* 77 F.3d 364, 366-67 (11th Cir. 1996)).("[E]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").

In the present case, the complaint recites a collection of general allegations in the first 40 pages of the complaint, then each cause of action incorporates every preceding paragraph by reference.  Then, each defendant is named in each cause of action, with the result that each defendant is alleged to have done everything.  None of the causes of action name a specific defendant in the title of the cause of action; the parties are just labeled "defendants."  Further, the body of each cause of action fails to name specific defendants.  This is improbable, given that the defendants are two very different governmental entities, their respective defendant/employees, and the Kern County Sheriff   For example, it is improbable that Sheriff Donny Youngblood did every act alleged in the complaint, as he is only named in four paragraphs of the complaint (¶¶ 10, 19, 107 and 158).  Thus, the complaint as currently stated is vague and ambiguous to the point of not permitting the County defendants to form an answer, as it is not clear which defendants are alleged to have done what, making this complaint subject to this 12(e) motion.  If plaintiff does not provide a more definite statement for each cause of action as to which defendant allegedly did what, the defendants' affirmative defenses will be equally as unwieldy as the complaint.  Further, the discovery process will be laborious and unnecessarily expensive and burdensome, as the defendants attempt to discern which allegations apply to which defendants.

County defendants respectfully request this court require plaintiff to amend the complaint to: 1) require the title of each of the 11 causes of action to include by name the defendants named in each cause of action, and 2) require the body of each of the 11 causes of action to name which defendant did what.

14

VII.   <u>**CONCLUSION**</u>

For the aforementioned reasons, County Defendants respectfully request the Court grant the motion to dismiss and motion for a more definite statement.

Dated:  June 12, 2020                    MARGO A. RAISON, COUNTY COUNSEL


By:   <u>   /s/Kathleen Rivera          </u>
          Andrew C. Thomson, Chief Deputy
          Kathleen Rivera, Deputy
          Phillip T. Jenkins, Deputy
          Attorneys for Defendants County
          of Kern, Donny Youngblood and
          Joshua Nicholson

15