1  **MARGO A. RAISON, COUNTY COUNSEL**
2  By: **Andrew C. Thomson**, Chief Deputy (SBN 149057)
   **Kathleen Rivera**, Deputy (SBN 211606)
3  **Phillip T. Jenkins**, Deputy (SBN 309523)
   **Kern County Administrative Center**
4  **1115 Truxtun Avenue, Fourth Floor**
   **Bakersfield, CA 93301**
5  **Telephone 661-868-3800**

6
   **Attorneys for Defendants County of Kern,**
7  **Donny Youngblood and Joshua Nicholson**

8  **UNITED STATES DISTRICT COURT**

9  **EASTERN DISTRICT OF CALIFORNIA**

10 
| APOTHIO, LLC, | ) Case No.: 1:20-CV-00522-NONE-JLT |
|---|---|
|  | ) |
| Plaintiffs, | ) REQUEST FOR JUDICIAL NOTICE; |
|  | ) DECLARATION OF GLENN |
| v. | ) FRANKHAUSER; EXHIBIT A |
|  | ) [Filed concurrently with Motion to Strike] |
| KERN COUNTY; KERN COUNTY SHERIFF'S OFFICE; CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE; DONNY YOUNGBLOOD; JOSHUA NICHOLSON; CHARLTON H. BONHAM; JOHN DOES #1 THROUGH #10, UNKNOWN AGENTS OF THE KERN COUNTY SHERIFF'S OFFICE; JOHN DOES #11 THROUGH #20, UNKNOWN AGENTS OF THE CALIFORNIA FISH AND WILDLIFE DEPARTMENT, | ) |
|  | ) Complaint filed: 4/10/2020 |
|  | ) |
|  | ) Date: July 15, 2020 |
|  | ) Time: 8:30 a.m. |
|  | ) Courtroom: 4, 2500 Tulare Street, Fresno |
|  | ) |
|  | ) Judge: NONE |
|  | ) |
|  | ) |
|  | ) |
|  | ) |
|  | ) |
| Defendants. | ) |

Pursuant to Rule 201(b)(2) of the Federal Rules of Evidence, defendants Kern County; Kern County Sheriff's Office (an integral department of Kern County and not a separate legal entity); Donny Youngblood and Joshua Nicholson, by and through their attorneys, state as follows in support of their request to the court to take judicial of the following documents which are public records issued by the Kern County Department of Agriculture, and attached hereto as Exhibit A:

1

1.     Restricted Materials Permit 15-18-1500007
2.     Restricted Materials Permit 15-19-1502996
3.     Restricted Materials Permit 15-19-1500027
4.     Restricted Materials Permit 15-19-1500624
5.     Restricted Materials Permit 15-19-1505528
6.     Restricted Materials Permit 15-19-1502277

This Court is requested to take Judicial Notice that these documents are Restrictive Materials Permits and not "permits to grow hemp" as alleged in the Complaint.

These permits have been issued by the Kern County Department of Agriculture and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned and are the proper subject of judicial notice. Under Rule 201, such materials are proper subjects of judicial notice because they are not subject to dispute. (*See Chaker v. Crogan,* 428 F.3d 1215, 1223 n. 8 (9th Circ. 2005); *Hunt v. Check Recovery Systems, Inc.,* 478 F.Supp.2d 1157, 1160-61 (N.D. Cal. 2007).

The restricted materials permits at Exhibit A are relevant because they are integral to the maps plaintiff has included as part of the complaint. Plaintiff states in the complaint that "the Kern County Agricultural Commissioner's office issued 2018 Map-Permit Number 1500007, Stenderup AG Partners, Map Number 1288, which identified the location where Apothio was permitted to plant and cultivate its hemp field." (Complaint, ¶ 78). Plaintiff then provides an image of the map that corresponds to the permit. (*Id.*)

Further in the complaint plaintiff identifies what plaintiff calls "Kern County map permits" "issued for each of the farmers with whom Apothio contracted to grow the hemp plants." (*Id.* ¶ 87). Plaintiff identifies what the plaintiff calls the "Permit Numbers" and includes images of maps corresponding to the following "Permit Numbers:" 1500007; 1502996; 1500027; 1500624; 1505528; 1502277.

Plaintiff has not included the actual written permit which corresponds to each of these maps. As indicated in the attached declaration of Kern County Agricultural Commissioner Glenn Frankhauser, these permits are called "restricted materials permits." The purpose of a

2

restricted materials permit is for the grower to be able to use and report the usage of any pesticide on a crop and to record the location of the proposed use.  He states that the following restricted materials permits were issued by employees under his management, and he provides true and correct copies of each restricted materials permit and the corresponding map: 1500007; 1502996; 1500027; 1500624; 1505528; 1502277.  The restricted materials permits identified by Glenn Frankhauser in his declaration are the same identified by plaintiff at paragraph 97 of the complaint.

While plaintiff has included the maps, plaintiff has not attached the actual restricted materials permit to which the map corresponds.  Glenn Frankhauser has provided true and correct copies of the entire restricted materials permits, which includes the permit itself, as well as the map.

The court is requested to take judicial notice of the actual permits as they are part of the maps that plaintiff has attached to the complaint.  Defendants are not asking the court to take judicial notice of the accuracy of the restricted materials permit, but rather simply their existence.  (*Stasiukevich v. Nicholls,* 168 F.2d 474, 479 (1st Cir. 1948)(while judicial notice may be taken of the existence and contents of the contents and material in files of a federal agency, it does not follow that the court will take judicial notice of the truth or accuracy of the contents of the file).  As plaintiff has introduced extraneous matters into the complaint by attaching the maps, defendants simply ask the court to take judicial notice of the portion of the maps the plaintiff did not attach, which are the restricted materials permits.

Dated:  June 12, 2020                     MARGO A. RAISON, COUNTY COUNSEL


By:     /s/ Andrew C. Thomson
       Andrew C. Thomson, Chief Deputy
       Kathleen Rivera, Deputy
       Phillip T. Jenkins, Deputy
       Attorneys for Defendants County
       of Kern, Donny Youngblood and
       Joshua Nicholson