| | |
|---|---|
| Katherine Eskovitz<br>ROCHE CYRULNIK FREEDMAN LLP<br>1158 26th Street, No. 175<br>Santa Monica, CA 90403<br>keskovitz@rcfllp.com | Sean Eskovitz<br>ESKOVITZ LAW<br>1217 Wilshire Boulevard,<br>No. 3683<br>Santa Monica, CA 90402<br>seane@eskovitz.com |
| Kyle Roche<br>Joseph M. Delich<br>Richard R. Cipolla<br>ROCHE CYRULNIK FREEDMAN LLP<br>99 Park Avenue, 19th Floor<br>New York, NY 10016<br>kyle@rcfllp.com<br>jdelich@rcfllp.com<br>rcipolla@rcfllp.com | BRANT W. BISHOP, P.C.<br>2000 Pennsylvania Avenue, NW<br>Suite 7000<br>Washington, DC 20006<br>brant@bishop.us |

*Counsel for Apothio LLC*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APOTHIO, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY; KERN COUNTY SHERIFF'S OFFICE; CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE; DONNY YOUNGBLOOD; JOSHUA NICHOLSON; CHARLTON H. BONHAM; JOHN DOES #1 THROUGH #10, UNKNOWN AGENTS OF THE KERN COUNTY SHERIFF'S OFFICE; JOHN DOES #11 THROUGH #20, UNKNOWN AGENTS OF THE CALIFORNIA FISH AND WILDLIFE DEPARTMENT,<br><br>　　　　　　Defendants. | No. 1:20-CV-00522-NONE-JLT<br><br>**JOINT OPPOSITION TO MOTIONS TO STRIKE FILED BY DEFENDANTS' KERN COUNTY, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD AND JOSHUA NICOLSON (ECF NO. 19) AND DEFENDANTS CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE AND CHARLTON H. BONHAM (ECF NO. 21-2)** |

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................... iii

INTRODUCTION ............................................................................................ 1

FACTUAL BACKGROUND ............................................................................ 3

ARGUMENT .................................................................................................... 7

I.   LEGAL STANDARD. ................................................................................. 7

    A.   Defendants Cannot Meet Their Burden to Show Any of the Well-Pleaded Allegations in the Complaint Should Be Stricken. .......................................... 10

        1.   Allegations Regarding Hemp Should Not Be Stricken............................. 10

        2.   References to the Permits Should Not Be Stricken. ................................. 12

        3.   Purported "Statistical Information" Should Not Be Stricken. .................. 15

        4.   Failure to Return the Warrant Allegations Should Not Be Stricken......... 19

CONCLUSION.................................................................................................. 21

ii

1

**<u>TABLE OF AUTHORITIES</u>**

2

**Cases**

3

*Brown v. Hain Celestial Grp., Inc.*,
   913 F. Supp. 2d 881 (N.D. Cal. 2012) ........................................................................ 8

4

*Davidson v. Kimberly–Clark Corp.*,
   889 F.3d 956 (9th Cir. 2018) ..................................................................................... 9

5

6

*Doe v. Campos*,
   No. 1:09-CV-00544, 2010 WL 3749226 (E.D. Cal. Sept. 23, 2010) ........................... 7

7

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir. 1993) ............................................................................... 8, 9

8

9

*Hagan v. Khoja*,
   139 S. Ct. 2615 (2019) ............................................................................................ 14

10

*In re 2TheMart.com, Inc. v. Sec. Litig.*,
   114 F. Supp. 2d 955 (C.D. Cal. 2000) ................................................................... 8, 9

11

12

*In re Extreme Networks, Inc. S'holder Deriv. Litig.*,
   No. 07-2268, 2009 WL 3872141 (N.D. Cal. Nov. 17, 2009) .................................... 19

13

*In re Facebook PPC Advert. Litig.*,
   709 F. Supp. 2d 762 (N.D. Cal. 2010) .................................................................... 13

14

15

*In re Tracht Gut, LLC*,
   836 F.3d 1146 (9th Cir. 2016) ................................................................................. 10

16

*Isgar v. City of Bakersfield*,
   No. 1:18-CV-0433, 2018 WL 4944871 (E.D. Cal. Oct. 11, 2018)............................. 19

17

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) ................................................................................... 14

18

19

*LeDuc v. Kentucky Central Life Ins. Co.*,
   814 F. Supp. 820 (N.D. Cal. 1992) .......................................................................... 17

20

*Lee v. City of Los Angeles*,
   250 F.3d 668 (9th Cir. 2001) ................................................................................... 15

21

22

*Lema v. Comfort Inn, Merced*,
   No. 1:10-CV-00362, 2012 WL 2200770 (E.D. Cal. June 14, 2012) ...................... 8, 17

23

*Lema v. Courtyard Marriott Merced*,
   No. 1:10-CV-01131, 2012 WL 2201189 (E.D. Cal. June 14, 2012) .................... passim

iii

*Martel v. Cadjew,*
    No. 11-CV-0509, 2011 WL 4386209 (E.D. Cal. Sept. 20, 2011)................................ 18

*McCliss v. Ward,*
    No. 2:07-CV-01154, 2008 WL 4754814 (E.D. Cal. Oct. 30, 2008)............................ 11

*Mireskandari v. Daily Mail & Gen. Tr. PLC,*
    No. 12-CV-02943, 2013 WL 12129642 (C.D. Cal. July 31, 2013)................. 13, 15, 19

*Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco,*
    688 F.2d 615 (9th Cir. 1982) ...................................................................................... 16

*Reiffer v. HGM Holdings LLC,*
    No. 1:18-CV-1058, 2019 WL 1455325 (E.D. Cal. Apr. 2, 2019) ................................. 9

*Shimono v. Harbor Freight Tools USA, Inc.,*
    No. 16-CV-1052, 2016 WL 6238483 (C.D. Cal. Oct. 24, 2016)................................. 11

*Sliger v. Prospect Mortg., LLC,*
    789 F. Supp. 2d 1212 (E.D. Cal. 2011)........................................................................ 8

*Stearns v. Select Comfort Retail Corp.,*
    763 F. Supp. 2d 1128 (N.D. Cal. July 21, 2010) ......................................................... 8

*Tidwell v. Cty. of Kern,*
    No. 1:16-CV-01697, 2017 WL 68146 (E.D. Cal. Jan. 5, 2017) ................................. 19

*Total Coverage, Inc. v. Cendant Settlement Servs. Grp., Inc.,*
    252 F. App'x 123 (9th Cir. 2007) ......................................................................... 20, 21

*U.S. ex rel. Wood v. Family Healthcare Network,*
    No. 1:07-CV-00700, 2010 WL 5343289 (E.D. Cal. Dec. 20, 2010) ........................... 17

*Washington v. Essex,*
    No. 2:12-CV-3054, 2016 WL 801817 (E.D. Cal. Mar. 1, 2016), *report and*
    *recommendation adopted,* No. 2:12-CV-3054, 2016 WL 1272913 (E.D. Cal. Apr. 1,
    2016) ............................................................................................................................ 7

*Whittlestone, Inc. v. Handi-Craft Co.,*
    618 F.3d 970 (9th Cir. 2010) .......................................................................... 9, 10, 14

Yamamoto v. Omiya,
    564 F.2d 1319 (9th Cir. 1977) ........................................................................ 9, 10, 13

**Rules**

Fed. R. Civ. P. 12(f)...................................................................................................... 8

iv

1

## INTRODUCTION

2    Apparently not content with their bulldozing of approximately 500 acres of legal

3  hemp, Defendants now wish to eliminate from Apothio's Complaint any reference to the

4  word hemp. But that is not how a motion to dismiss works. Defendants cannot just wish

5  away alleged facts they do not like by labelling as "contraband," legal hemp. Defendants'

6  Motions to Strike are improper attempts to circumvent the motion to dismiss process and

7  turn the presumption of truth afforded to the Complaint's allegations on its head.

8    Apothio's Complaint seeks redress for Defendants' deliberate and wrongful

9  destruction of approximately 500 acres of Apothio's legal hemp plants, in violation of

10  Apothio's civil and constitutional rights. Defendants have moved to dismiss based on the

11  unfounded argument that Apothio has no property interest in its hemp fields because they

12  were illegal contraband. ECF No. 18 at 3–4; ECF No. 21-2 at 6–7. In connection with

13  moving to dismiss, Defendants also seek to strike in whole or in part over a quarter of the

14  allegations in Apothio's well-pleaded complaint. ECF No. 19 ("County MTS"); ECF No.

15  21-2 ("F&W MTS")[1] at 14–15. There is no basis for striking any of the allegations in

16  Apothio's Complaint, and Defendants' motions should be rejected in their entirety.

17    First, Defendants seek to strike "all portions of the Complaint which allege that

18  Plaintiff's crop was 'hemp,'" as purportedly false, immaterial, and impertinent. County

19  MTS at 6. Such allegations are central to Apothio's claims and therefore not a proper

20

21  [1] Defendants California Department of Fish and Wildlife and Charlton H. Bonham's
Motion to Strike is contained within their Motion to Dismiss the Complaint, ECF No.
22  21-2 at 14–15, and advances substantially the same arguments as Defendants Kern
County, the Kern County Sheriff's Office, Donny Youngblood, and Joshua Nicholson
23  advance in their Motion to Strike, ECF No. 19. Because Defendants seek to strike
substantially the same categories of documents, Apothio hereby responds to Defendants'
Motions to Strike jointly.

1

1   subject for a motion to strike. Defendants concede as much by not moving to strike the

2   word "hemp" when it pertains to "general hemp laws and cultivation." *See id.* at 8.

3   Defendants' efforts to challenge such allegations as false is equally meritless: the

4   allegations are not false, and a motion to strike is not a proper vehicle to resolve disputed

5   issues of fact in any event.

6       Second, for similar reasons, references in the Complaint to permits issued by Kern

7   County that allow Apothio to cultivate hemp should not be stricken. County MTS at 15–

8   17; F&W MTS at 14–15. Allegations regarding the permits are relevant to Apothio's status

9   as an established agricultural research institution ("EARI") and its corresponding lawful

10  cultivation of hemp. Even if that were not so, Apothio's cultivation—including its

11  historical cultivation—of legal hemp is plainly relevant background information and

12  context for Plaintiff's lawsuit that courts have held should not be stricken. Moreover,

13  Defendants undermine their efforts to strike such allegations by taking the untenable

14  position in their Motions for Judicial Notice that the permits are both "relevant because

15  they are integral" to the Complaint but somehow so immaterial that they must be stricken.

16  *Compare* ECF No. 20 at 2 *with* County MTS at 15–17.

17      Third, Defendants seek to strike purportedly superfluous "statistical information"

18  from the Complaint. County MTS at 8–13. Not only is statistical information often found

19  to be directly relevant to a Plaintiff's claims—particularly where, as here, a *Monell* claim

20  is alleged—and held to be proper background information useful to evaluating a

21  Complaint, but the allegations Defendants seek to strike simply cannot be characterized as

22  superfluous statistical information. Allegations regarding Apothio's status as an EARI and

23  the research it conducted in that role (*e.g.*, Compl. ¶¶ 4–5, 54, 58, 65, 70, 94), along with

2

the regular meetings it had with the Agricultural Commissioner of Kern County regarding

its operational plans (*e.g.*, *id.* ¶¶ 75–84), are relevant and material to Apothio's claims that

it was legally cultivating hemp with the County's knowledge and consent, predicates to its

claims that Defendants' search and seizure was unlawful, and Apothio's corresponding

damages. Even the cases cited by Defendants in purported support of their argument hold

that historical allegations can provide useful context for a plaintiff's lawsuit. Likewise,

references in the Complaint to news coverage of the Kern County Sheriff's Office's

disregard of its legal obligations and Apothio's rights is emblematic of a pattern and

practice of abuses and therefore directly relevant to Apothio's claims, as recognized by the

Ninth Circuit.

Finally, Defendants' efforts to strike references to the Kern County Sheriff's

Office's alleged delay in returning the search warrant should not be stricken. The

allegations Defendants move to strike are not inconsistent, are relevant to claims of the

Kern County Sheriff's Office's pattern and practice of abuses, and in any event, Federal

Rule of Civil Procedure 8 embodies a liberal pleading policy which permits inconsistent

pleading and pleading in the alternative.

For these reasons and those elaborated below, Defendants' Motions to Strike should

be rejected in their entirety.

**FACTUAL BACKGROUND**

On April 10, 2020, Plaintiff Apothio filed a Complaint seeking redress for

Defendants' deliberate and wrongful destruction of approximately 500 acres of Apothio's

legal hemp plants, in violation of Apothio's civil and constitutional rights, which damaged

Apothio in the amount of at least $1 billion. *See* ECF No. 1. In connection with moving to

dismiss Apothio's Complaint, Defendants Kern County, Kern County Sheriff's Office

3

1   ("KCSO"), Donny Youngblood, Joshua Nicholson, California Department of Fish and

2   Wildlife and Charlton H. Bonham ("Defendants") moved to strike in whole or in part over

3   70 paragraphs of Plaintiff's Complaint on the purported basis that they "contain statements,

4   allegations and assertions which are scandalous, false, misleading, redundant, immaterial,

5   impertinent, unduly prejudicial[2] and not relevant or germane to the underlying factual

6   issues in the Complaint," while at the same time moving for a more definite statement.

7   County MTS at 1; *see* F&W MTS at 14–15 (moving to strike on the basis that the

8   Complaint contains immaterial matters).

9           Defendants purport to seek to strike four categories of allegations. *First*, Defendants

10  argue that the "Court should strike all portions of the Complaint which allege that

11  Plaintiff's crop was 'hemp' . . . since such assertions are false." County MTS at 6. Without

12  elaborating a legitimate basis for their contention, Defendants also assert that the

13  allegations related to "hemp" that are the subject of their motion to strike are also

14  "immaterial[] and impertinent." *Id.* at 7. "Defendants do not move to strike the word

15  'hemp' in all instances, just those specifically related to the 2019 Apothio plant/crop since

16  the other references pertain to general hemp laws and cultivation." *Id.* at 8.

17          *Second*, Defendants seek to strike a range of allegations that they deem to be

18  "statistical information" including "material alleging information related to prior Apothio

19  crops or other crops in general; material alleging former contacts with politicians; materials

20  related to medicinal benefit and historical medical contacts;" and "cited material from The

21

22  _____

23  [2] Notably, Defendants cite a case from this jurisdiction holding that "'prejudicial' is not
    among the categories generally contemplated in courts' analysis of motions to strike."
    County MTS at 5 (citing *Lema v. Courtyard Marriott Merced*, 2012 WL 2201189, at *5
    (E.D. Ca. June 14, 2012)).

4

1    Guardian and other news media," including "references to The Guardian newspaper

2    articles reportedly published in mid-2015 which are alleged to report previous Kern County

3    statistics related to excessive force cases." *Id.*; *see* F&W MTS at 14. According to

4    Defendants, "FRCP Rule 8(a) does not provide for inclusion of unrelated 'statistical

5    information,'" and these references should be stricken as purportedly "misleading,

6    irrelevant and prejudicial." County MTS at 8–9. However, the category of allegations that

7    Defendants attempt to minimize as purportedly irrelevant "statistical information" includes

8    much more than mere statistics. For example, Defendants seek to strike allegations

9    regarding Apothio's research on epilepsy, including the ability of hemp to ease the

10   suffering of children with Dravet syndrome (*e.g.*, Compl. ¶¶ 4–5, 54, 58), as well as

11   Apothio's research partnerships, including with the degree-granting educational program

12   for masters and doctoral students at the RAND Corporation (*e.g.*, *id.* ¶¶ 65, 70, 94).

13   Similarly, without offering reasonable grounds for doing so, Defendants seek to strike an

14   entire section of the Complaint containing allegations that Apothio was legally cultivating

15   hemp with Kern County's knowledge and consent, directly relevant factual allegations for

16   Apothio's judicial deception claim, among others. County MTS at 10–11.

17        *Third*, Defendants seek to strike "all references to KCSO's alleged delay returning

18   the search warrant," on the purported basis that "[i]t is impossible for the County

19   Defendants to discern which argument Plaintiff is making regarding the search warrant

20   based upon the contradictory language." *Id.* at 13–14. Defendants also argue that, under

21   California law, it is "immaterial to any claimed violation of rights as to whether the warrant

22   was returned in a timely manner." *Id.* at 14. Thus, Defendants assert that these allegedly

23   "contradictory allegations are immaterial, will confuse the issues and create discovery

5

1    issues, and will serve to confuse a jury and related trial matters." *Id.* Yet the Complaint

2    clearly alleges that while KCSO allegedly returned some of the search warrant materials

3    after Apothio filed a mandamus petition in state court forcing their return, Apothio still

4    does not know if even the probable cause affidavit attached to the warrant has been returned

5    to the court. Compl. ¶¶ 151–53.

6        *Fourth*, Defendants ask the Court to strike references to permits "issued by Kern

7    County, which are purported to allow Apothio to cultivate hemp." County MTS at 15; *see*

8    F&W MTS at 14–15. As alleged in the Complaint, six maps with corresponding permit

9    numbers—which are themselves reproduced in the Complaint (¶ 87)—"identified the

10   location where Apothio was permitted to plant and cultivate its hemp field." Compl. ¶ 78;

11   *see also id.* ¶ 86 ("[T]he Kern County Agricultural Commissioner issued several additional

12   map permits, which identified the precise locations of the fields where Apothio's hemp

13   would be planted."). "These map permits were 'generated by the Kern County Agricultural

14   Commissioner/Sealer' between the fall of 2018 and the spring of 2019." *Id.* ¶ 86.

15   "Specifically, a Kern County map permit was issued for each of the farmers with whom

16   Apothio contracted to grow the hemp plants. In each of these permits, the County

17   acknowledged and certified that Apothio was growing hemp." *Id.* ¶ 87. Defendants

18   nonetheless argue that "[t]hese 'permit' references fit the definition of immateriality since

19   the references to a 'permit' to grow hemp is misleading, factually inaccurate, unrelated to

20   Apothio's claims, and have no value to developing triable issues." County MTS at 15;

21   F&W MTS at 14 ("The complaint also references several 'map permits' that Apothio

22   claims authorizes it to cultivate hemp. Complaint, paras 72, 74, 78, 86. These permits do

23   not provide any such permission and, therefore, are both immaterial and misleading."). At

the same time, Defendants advance the contradictory argument that the permits "are relevant because they are integral to the maps plaintiff has included as part of the complaint." ECF No. 20 at 2; Compl. ¶ 86 ("These map permits were 'generated by the Kern County Agricultural Commissioner/Sealer' between the fall of 2018 and the spring of 2019.").

Defendants also incorrectly argue that "Apothio has failed to indicate that the identified permits are for the 2018 year crop." County MTS at 16. As is evident from the allegations in the Complaint and the face of the documents of which Defendants ask the Court to take judicial notice, *see id.*, while one of the maps reproduced in the Complaint pertains to 2018 (Map-Permit Number 1500007, Stenderup AG Partners, Map Number 1288), all of the other five maps bear a 2019 date. ECF No. 20-2 at 3–12.

Apothio hereby opposes Defendants' Motions to Strike (ECF Nos. 19 & 21-2 at 14–15) in their entirety.

## **ARGUMENT**

### **I.     LEGAL STANDARD.**

"[M]otions to strike are generally disfavored and 'should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Washington v. Essex*, No. 12-CV-3054, 2016 WL 801817, at *1 (E.D. Cal. Mar. 1, 2016), *report and recommendation adopted,* No. 12-CV-3054, 2016 WL 1272913 (E.D. Cal. Apr. 1, 2016) (quoting *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citation and quotation marks omitted)). Indeed, "[s]triking a party's pleadings is an extreme measure that is infrequently granted." *Lema v. Courtyard Marriott Merced*, No. 10-CV-01131, 2012 WL 2201189, at *3 (E.D. Cal. June 14, 2012); *Doe v. Campos*, No. 09-CV-00544, 2010 WL 3749226, at *1 (E.D. Cal. Sept. 23, 2010) ("Motions

7

1    to strike are disfavored and infrequently granted.”).

2        “When considering a motion to strike, a court must view the pleadings in a light

3    most favorable to the non-moving party.” *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp.

4    2d 881, 888 (N.D. Cal. 2012). “As with motions to dismiss, when ruling on a motion to

5    strike, the Court takes the plaintiff's allegations as true and must liberally construe the

6    complaint in the light most favorable to the plaintiff.” *Stearns v. Select Comfort Retail*

7    *Corp.*, 763 F. Supp. 2d 1128, 1140 (N.D. Cal. July 21, 2010); *In re 2TheMart.com, Inc. v.*

8    *Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) (any doubt must be resolved in favor

9    of the non-moving party).

10       Pursuant to Rule 12(f), a court “may strike from a pleading an insufficient defense

11   or any redundant, immaterial, impertinent, or scandalous matter.” Fed. R. Civ. P. 12(f).

12       “Redundant matter is defined as allegations that ‘constitute a needless repetition of

13   other averments or are foreign to the issue.’” *Sliger v. Prospect Mortg., LLC*, 789 F. Supp.

14   2d 1212, 1216 (E.D. Cal. 2011) (quoting *Thornton v. Solutionone Cleaning Concepts,*

15   *Inc.,* No. 06-CV-1455, 2007 WL 210586 (E.D. Cal. Jan. 26, 2007)). “Matter is not

16   redundant if it merely duplicates allegations set forth in other paragraphs of the

17   complaint. If there is doubt whether the material is truly redundant and if a party may be

18   prejudiced by striking it, a court should not strike the challenged matter as redundant.”

19   *Lema v. Comfort Inn, Merced*, No. 10-CV-00362, 2012 WL 2200770, at *4 (E.D. Cal. June

20   14, 2012) (internal citations omitted).

21       “‘Immaterial’ matter is that which has no essential or important relationship to the

22   claim for relief or the defenses being pleaded.” *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524,

23   1527 (9th Cir. 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice*

8

*and Procedure* § 1382, at 706–07 (1990)). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 711 (1990)). "'Scandalous' [matter] includes allegations that cast a cruelly derogatory light on a party or other person." *2TheMart.com,* 114 F. Supp. 2d at 965.

"A court must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be relevant in the action." *Reiffer v. HGM Holdings LLC*, No. 18-CV-1058, 2019 WL 1455325, at *3 (E.D. Cal. Apr. 2, 2019); *see Davidson v. Kimberly–Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018) (The ultimate decision under Rule 12(f) lies within the sound discretion of the court.).

The Ninth Circuit has held that "courts may not resolve disputed and substantial factual or legal issues in deciding . . . a motion to strike." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks omitted). Factual issues are "better suited for a Rule 12(b)(6) motion or a Rule 56 motion," not a motion to strike. *Id.* at 974; *Yamamoto v. Omiya,* 564 F.2d 1319, 1327 (9th Cir. 1977) ("Rule 12(f) is 'neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint.'" (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380, at 782 (1969))). Thus, "[b]efore a court grants a motion to strike, it must be certain that there are no factual issues, that any legal questions are clear and undisputed, and that the claim or defense could not succeed under any possible circumstances." *Courtyard Marriott Merced*, 2012 WL 2201189, at *3. "'[T]he court must view the pleading in the light most favorable to the pleader.'" *Id.* (quoting *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005)). "[I]f the court is in doubt as to

9

1   whether the challenged matter may raise an issue of fact or law, the motion to strike should

2   be denied and the sufficiency of the allegations left for adjudication on the merits." *Id.*

3   (quoting *Sagan v. Apple Computer, Inc.,* 874 F. Supp. 1072, 1079 (C.D. Cal. 1994)).

### A.   Defendants Cannot Meet Their Burden to Show Any of the Well-Pleaded Allegations in the Complaint Should Be Stricken.

#### 1.   Allegations Regarding Hemp Should Not Be Stricken.

Through their at least 34 requests to strike references to "hemp" in the Complaint, Defendants attempt to accomplish by briefing what they could not do through testing and did not do before destroying any of Apothio's crops: establish that all of Apothio's crops contained exclusively unlawful contraband. Defendants' arguments in their Motions to Dismiss are based on the unfounded argument that Apothio has no property interest in its hemp fields because they were illegal contraband. ECF No. 18 at 3–4; ECF No. 21-2 at 6–7. But Apothio's allegations that it was lawfully cultivating hemp are afforded a presumption of truth on a motion to dismiss. *See In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff."). For the same reasons, Defendants' motions to strike are improper attempts to resolve disputed facts at this stage of the litigation. *Whittlestone*, 618 F.3d at 973 ("courts may not resolve disputed and substantial factual or legal issues in deciding . . . a motion to strike" (internal quotations marks omitted)); *Yamamoto,* 564 F.2d at 1327 ("Rule 12(f) is 'neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint.'" (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380, at 782 (1969))).

Because of the centrality of the hemp-related allegations to Apothio's claims,

10

1    allegations in the Complaint regarding "hemp" and "legal hemp" are plainly not immaterial

2    or impertinent. *See* County MTS at 6–8. Far from having no "relationship to the claim for

3    relief" or being "irrelevant to the issues that arise in the action," allegations that Apothio

4    was lawfully cultivating hemp with Kern County's knowledge and consent are core

5    allegations in the Complaint. *See, e.g.*, Compl. ¶ 3 ("Apothio is an established agricultural

6    research institution (EARI) legally authorized to research and commercialize hemp under

7    both federal and state law."); *id.* ¶ 7 ("In October 2019, Apothio anticipated ultimately

8    harvesting and extracting legal byproducts from approximately 17 million hemp plants

9    cultivated on 500 acres for research and commercial purposes in careful compliance with

10   California and federal law."); *id.* ¶ 75 ("Since it began operating in Kern County in 2018,

11   Apothio has maintained close contact with Kern County officials, apprising them time and

12   again of its research and development activities as well as its plans to commercialize its

13   hemp."); *see also id.* ¶ 11 ("[W]ithout providing Apothio with any notice or opportunity to

14   be heard, the KCSO and the California Department of Fish & Wildlife improperly

15   destroyed all of Apothio's legal hemp plants."). These allegations should not be stricken

16   since they are relevant and material to Apothio's constitutional claims under the Fourth,

17   Fifth, and Fourteenth Amendments to the Constitution, as well as Apothio's claims under

18   state law. *McCliss v. Ward*, No. 07-CV-01154, 2008 WL 4754814, at *4 (E.D. Cal. Oct.

19   30, 2008) (denying motion to strike where plaintiffs' allegations were "not immaterial and

20   at the very least relevant to Plaintiffs' claims"); *Shimono v. Harbor Freight Tools USA,

21   Inc.*, No. 16-CV-1052, 2016 WL 6238483, at *8 (C.D. Cal. Oct. 24, 2016) (denying motion

22   to strike where allegations were "potentially relevant to plaintiff's claims"). Defendants

23   effectively concede as much by "not mov[ing] to strike the word 'hemp' in all instances."

11

1  County MTS at 8.

2          2.    References to the Permits Should Not Be Stricken.

3          For similar reasons, references in the Complaint to permits issued by Kern County

4  that allow Apothio to cultivate hemp should not be stricken. *See* County MTS at 15; F&W

5  MTS at 14–15. As alleged in the Complaint, six maps with corresponding permit

6  numbers—which are themselves reproduced in the Complaint (¶ 87)—"identified the

7  location where Apothio was permitted to plant and cultivate its hemp field." Compl. ¶ 78;

8  *see also id.* ¶ 86 ("[T]he Kern County Agricultural Commissioner issued several additional

9  map permits, which identified the precise locations of the fields where Apothio's hemp

10  would be planted."). "These map permits were 'generated by the Kern County Agricultural

11  Commissioner/Sealer' between the fall of 2018 and the spring of 2019." *Id.* ¶ 86.

12  "Specifically, a Kern County map permit was issued for each of the farmers with whom

13  Apothio contracted to grow the hemp plants. In each of these permits, the County

14  acknowledged and certified that Apothio was growing hemp." *Id.* ¶ 87. Such allegations

15  are plainly relevant to Apothio's constitutional and state law claims regarding Defendants'

16  unlawful destruction of Apothio's legal hemp plants, in which Apothio alleges it has a

17  legally protected interest. *Id.* ¶ 179 ("Plaintiff had a protectable property interest in its hemp

18  crops which the Defendants intentionally destroyed, through the unlawful bulldozing of

19  the hemp fields.").

20          Indeed, Defendants effectively concede that all but one of the permits are relevant

21  since Defendants seek to strike references to the permits on the flawed basis that "[t]he

22  2018 crop is immaterial to this suit." County MTS at 15. At a minimum, allegations

23  regarding Apothio's 2018 crop are relevant background information concerning Apothio's

   history as an EARI and its corresponding lawful cultivation of hemp. *See Mireskandari v.*

12

*Daily Mail & Gen. Tr. PLC*, No. 12-CV-02943, 2013 WL 12129642, at *3 (C.D. Cal. July 31, 2013) (refusing to strike "allegations provid[ing] relevant background and context for plaintiff's lawsuit"); *In re Facebook PPC Advert. Litig.*, 709 F. Supp. 2d 762, 773 (N.D. Cal. 2010) (Allegations "'supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant.' Moreover, allegations which contribute to a full understanding of the complaint as a whole need not be stricken." (quoting *LeDuc v. Kentucky Central Life Ins. Co.,* 814 F. Supp. 820 (N.D. Cal. 1992))).

In any event, Defendants are wrong as a factual matter.[3] As is evident from the face of the documents of which Defendants ask the Court to take judicial notice, County MTS at 16 & ECF No. 22, while one of the maps reproduced in the Complaint pertains to 2018 (Map-Permit Number 1500007, Stenderup AG Partners, Map Number 1288), all of the other five maps bear a 2019 date. ECF No. 20-2 at 3–12; ECF No. 22-1 at 6–15. The permits are therefore not immaterial to this litigation even under Defendants' self-serving view of relevance.[4]

Defendants' brief further undermines their argument that such allegations are purportedly immaterial. Indeed, Defendants take the untenable position that the permits are

---

[3] Of course, that there is a factual dispute about what the documents say even further underscores the impropriety of resolving this dispute on a motion to strike.

[4] Defendants inconsistently argue that the permits are irrelevant because the "2018 crop is immaterial to this suit" but also that references to hemp "related to the 2019 Apothio plant/crop" are immaterial. *Compare* County MTS at 15 *with id.* at 8. By this flawed logic, Defendants apparently hope the Court would strike Apothio's entire Complaint despite controlling authority holding that a motion to strike is "neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint." *Yamamoto,* 564 F.2d at 1327 (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380, at 782 (1969)). Defendants' efforts to deprive Apothio of its day in court should be rejected.

13

both "relevant because they are integral" to the Complaint but somehow so immaterial that they must be stricken. *Compare* ECF No. 20 at 2 *with* County MTS at 15–17; *see* ECF No. 22 at 3; F&W MTS at 14–15. Defendants' requests that the Court take judicial notice of the permits is likewise in tension with their arguments that the permits are immaterial and "have no value to developing triable issues." *Compare* County MTS at 15 *with* ECF No. 20 at 2; *compare* F&W MTS at 14–15 *with* ECF No. 22. Defendants cannot have it both ways.

Relatedly, Defendants' efforts to bolster their motions to strike through testimony from Agricultural Commissioner Glenn Fankhauser as to the purported "purpose" of the permits, County MTS at 16 & F&W MTS at 15—testimony that disputes facts alleged in the Complaint[5]—are improper given the procedural posture of this case for the same reasons as advanced in Apothio's Joint Opposition to Defendants' Requests for Judicial Notice, filed simultaneously herewith. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615 (2019) ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage."); *Whittlestone*, 618 F.3d at 973 ("courts may not resolve disputed and substantial factual or

---

[5] While Defendants restate Commissioner Fankhauser's testimony that the purpose of the permits "are for the grower to be able to use and report the usage of any pesticide on a crop," the documents support Apothio's position, not Defendants'. *See* County MTS at 16; F&W MTS at 15 ("A review of the complete permit reveals their true nature—they are not 'map permits,' but restricted materials permits which are used to identify and report the use of listed pesticides in specified locations."). Each of the six maps with corresponding permits shows a portion of the agriculture that was designated for cultivation of "hemp/cannabis" or "industrial hemp." *See, e.g.*, ECF No. 20-2 at 2 (Lot 20 ("hemp/cannabis")).

14

1    legal issues in deciding . . . a motion to strike" (internal quotation marks omitted)). In order

2    to succeed on their motions to strike, Defendants effectively ask this Court to disregard the

3    presumption of truth afforded to the allegations in the Complaint in favor of self-serving

4    testimony offered through Defendants' affidavit. That is not the law. *See Lee v. City of Los*

5    *Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (reversing dismissal of plaintiffs' claims where

6    the "court assumed the existence of facts that favor defendants based on evidence outside

7    plaintiffs' pleadings"); *Mireskandari*, 2013 WL 12129642, at *3 ("While defendants may

8    ultimately show that plaintiff's allegations of unlawful conduct on the part of the

9    [defendant] are without merit, 'challenges to the truthfulness of portions of [a plaintiff's

10   complaint] require the court to make factual determinations . . . and . . . are not appropriate

11   under a Rule 12(f) motion to strike.'" (quoting *Swain v. CACH, LLC*, 699 F. Supp. 2d

12   1117, 1124–25 (N.D. Cal. 2009))).

13              3.    Purported "Statistical Information" Should Not Be Stricken.

14          Defendants also seek to strike a range of allegations they deem to be superfluous

15   "statistical information." County MTS at 8; *see also* F&W MTS at 14 (seeking to strike as

16   immaterial similar allegations concerning "the healing powers of CBD"). As a threshold

17   matter, many of the allegations that Defendants dub "statistical information" are nothing

18   of the sort. For example, Defendants move to strike allegations regarding Apothio's

19   research concerning life-threatening types of epilepsy, including the ability of hemp to ease

20   the suffering of children with Dravet syndrome (*e.g.*, Compl. ¶¶ 4–5, 54, 58), as well as

21   Apothio's research partnerships with educational programs such as the RAND

22   Corporation's degree program for masters and doctoral candidates (*e.g.*, *id.* ¶¶ 65, 70, 94).

23   Similarly, without offering a legitimate basis for doing so, Defendants seek to strike an

     entire section of the Complaint containing allegations that Apothio was legally cultivating

1   hemp with Kern County's knowledge and consent. County MTS at 10; *see* F&W MTS at

2   14.

3         Notwithstanding Defendants' mischaracterization, even if the cited materials were

4   statistical information, that alone would not justify striking the allegations. Defendants

5   assert that Rule 8(a) "does not provide for inclusion of unrelated 'statistical information.'"

6   County MTS at 8. But Defendants ignore the fact that Rule 8(a) is not so limited, stating

7   only what a pleading must contain, not what a pleading ***may*** contain. Apothio is aware of

8   no authority for the proposition that a Complaint cannot include "statistical information"

9   and Defendants cite none. Indeed, plaintiffs alleging "pattern or practice" constitutional

10   violations under 42 U.S.C. § 1983 (like Apothio here) often cite statistics to meet their

11   pleading burden. *See, e.g., Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San*

12   *Francisco*, 688 F.2d 615, 618 (9th Cir. 1982) "([T]he complaint set forth a rather forceful

13   statistical demonstration.").

14         Significantly, the portions of the Complaint that Defendants seek to strike—

15   statistical information or not—are directly relevant to Apothio's claims and its

16   corresponding damages, and therefore not properly stricken. Allegations regarding

17   Apothio's status as an EARI, the research it conducted in that role, and the medical benefits

18   derived from hemp (*e.g.*, Compl. ¶¶ 4–5, 39–42, 54, 58, 63, 65, 70, 94), along with the

19   regular meetings it had with the Agricultural Commissioner of Kern County regarding its

20   operational plans (*e.g., id.* ¶¶ 75–84), are relevant and material to Apothio's claims that

21   Defendants' search and seizure was unlawful. *E.g., id.* ¶ 166 ("Defendants willfully and

22   maliciously violated Plaintiff's right to be free from unreasonable searches and seizures

23   under the Fourth Amendment by, among other things: (1) obtaining a search warrant

16

1    through judicial deception by misstating and/or omitting material information regarding

2    Apothio's communications with the Defendants and Apothio's status as an EARI;

3    (2) entering the hemp fields without a valid warrant for the purpose of unlawfully

4    harvesting Plaintiff's crops for purposes of testing them; (3) unlawfully testing Plaintiff's

5    crops; (4) executing the search and causing the wholesale destruction of the 500 acres of

6    hemp even though they knew or reasonably should have known there was no justification

7    for those actions; and (5) failing to return the warrant materials in a timely manner.").

8         In any event, it is indisputable that information regarding Apothio's cultivation of

9    hemp and the medical benefits derived from hemp is necessary context for the Court to

10   adequately assess Apothio's claims, including, for example, allegations that Apothio's

11   status as an EARI entitles it to additional protection under federal and state law. *E.g.*

12   Compl. ¶ 3; *see LeDuc*, 814 F. Supp. at 830 ("[A]llegations supplying background or

13   historical material . . . will not be stricken unless unduly prejudicial to defendant"); *see*

14   *also U.S. ex rel. Wood v. Family Healthcare Network*, No. 07-CV-00700, 2010 WL

15   5343289, at *6 (E.D. Cal. Dec. 20, 2010) (complaint that contained "some unnecessary

16   background information" was not "confusing or otherwise violative of Rule 8").

17        Even the authority Defendants' cite undermines their argument that purportedly

18   superfluous historical allegations should be stricken. *See* County MTS at 3. In both cases,

19   the court denied motions to strike on the basis that the relevant allegations "provide

20   background necessary to intelligent analysis of [plaintiff's] claims." *Courtyard Marriott*

21   *Merced*, 2012 WL 2201189, at *4;[6] *see also Comfort Inn, Merced*, 2012 WL 2200770, at

22

23   ---

   [6] Defendants suggest that the motion to strike in *Courtyard Marriott Merced* was denied only as "litigation tactics . . . presented solely for improper purposes." *See* County MTS

*4.[7] Here, as in the cases cited by Defendants, the allegations Defendants seek to strike provide necessary context for the Court to adequately assess Apothio's claims. *See Martel v. Cadjew*, No. 11-CV-0509, 2011 WL 4386209, at *2–*4 (E.D. Cal. Sept. 20, 2011) (denying a motion to strike statements defendants characterized as "superfluous historical allegations" because allegations "provide a context for plaintiff's lawsuit and reflect on defendants' knowledge and awareness").

Likewise, references in the Complaint to news coverage of KCSO's disregard of its legal obligations and Apothio's rights, Compl. ¶¶ 155–60, is emblematic of a pattern and practice of abuses and therefore relevant to Apothio's claims. County MTS at 8; F&W MTS at 14; *see, e.g.*, Compl. ¶ 167 ("Defendants Kern County, the Kern County Sheriff's Office and the California Department of Fish and Wildlife . . . maintained an official policy and/or custom of deliberate indifference to violations of constitutional rights by KCSO officers."). That "Kern County and its employees have never been found by a Judge or Jury of having violated any persons['] U.S.C. Section 1983 civil rights," County MTS at 9, serves only to underscore the relevance of these allegations. Indeed, "the Ninth Circuit has recognized that "a custom or practice can be supported by evidence of repeated constitutional violations which went uninvestigated and for which the errant municipal

---

at 4. While the court in that case warned Defendants regarding their frivolous and malicious motion practice, that warning was informed by the fact that the court found "no basis to strike any portion of the [] complaint" since none of the allegations were immaterial, impertinent, scandalous or redundant. *Courtyard Marriott Merced*, 2012 WL 2201189, at *3–*5.

[7] The only other case cited by Defendants in purported support of their argument that superfluous historical allegations should be stricken is easily distinguishable. *See* County MTS at 3 (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527–28 (9th Cir. 1993)). The allegations stricken in *Fantasy*, about which no legal theories of relevance were offered, "did not involve the parties to the [] action," which is not the case here. Defendants seek to strike relevant allegations concerning the parties to this litigation.

18

1    officers went unpunished." *Isgar v. City of Bakersfield*, No. 18-CV-0433, 2018 WL

2    4944871, at *4 (E.D. Cal. Oct. 11, 2018) (quoting *Hunter v. County of Sacramento*, 652

3    F.3d 1225, 1236 (9th Cir. 2011)). Since the "Court cannot say that there is no possibility

4    that this information will not be admitted into evidence given there is a facial relationship

5    to the *Monell* claim," these allegations should not be stricken. *See Tidwell v. Cty. of Kern*,

6    No. 16-CV-01697, 2017 WL 68146, at *3 (E.D. Cal. Jan. 5, 2017) (refusing to strike

7    "statistics related to particular deaths that occurred in jails operated by [defendant] Kern

8    County during the recent past"); *Mireskandari*, 2013 WL 12129642, at *5 (declining to

9    strike "allegations of purported criminal conduct" since they "describe activity that is at

10   the core of plaintiff's claims"); *see also In re Extreme Networks, Inc. S'holder Deriv. Litig.*,

11   No. 07-CV-2268, 2009 WL 3872141, *5 (N.D. Cal. Nov. 17, 2009) (allegations about

12   conduct plaintiff did not have standing to challenge were relevant to illustrate defendant's

13   pattern of misconduct).

14              4.   <u>Failure to Return the Warrant Allegations Should Not Be Stricken.</u>

15        Defendants also seek to strike "all references to KCSO's alleged delay returning

16   the search warrant." County MTS at 14. Defendants seek to strike such allegations on the

17   purported basis that "[i]t is impossible for the County Defendants to discern which

18   argument Plaintiff is making regarding the search warrant." County MTS at 13–14. Yet

19   when the relevant portions of the Complaint are quoted in their entirety, it is clear that

20   while KCSO allegedly returned some of the search warrant materials after Apothio filed a

21   mandamus petition in state court forcing their return, Apothio still does not know if even

22   the probable cause affidavit attached to the warrant has been returned to the court. Compl.

23   ¶¶ 151–52 (After filing "a writ of mandate in Kern County Superior Court[] seeking an

order to command the Kern County Sheriff's Office to return the warrant materials, and a

19

1    motion for judicial notice that those materials are not under seal," "Apothio's counsel

2    learned that the Kern County Sheriff's Office had returned certain warrant materials to the

3    Kern County Superior Court shortly after Apothio's counsel had inquired about those

4    materials from the KCSO. But even though the entirety of the warrant materials are now

5    required to be publicly available under California law, the Kern County Sheriff's Office

6    refuses to provide such warrant materials to Apothio."); *id.* ¶ 153 ("Apothio still has not

7    received the search warrant materials, including any affidavit, statement of probable cause,

8    or any other documents related to the search warrant.").

9         An allegation that the KCSO returned *certain* warrant materials is not inconsistent

10   with allegations that the KCSO failed to return *all* of the search warrant materials as

11   required. Moreover, Federal Rule of Civil Procedure 8 embodies a "liberal pleading policy"

12   which permits inconsistent pleading and pleading in the alternative. *See Total Coverage,*

13   *Inc. v. Cendant Settlement Servs. Grp., Inc.*, 252 F. App'x 123, 126 (9th Cir. 2007) ("We

14   have held that, in light of Rule 8(e)(2)'s liberal pleading policy, a pleading 'should not be

15   construed as an admission against another alternative or inconsistent pleading in the same

16   case.'" (quoting *McCalden v. California Library Ass'n,* 955 F.2d 1214, 1219 (9th Cir.

17   1990))).

18        Moreover, as alleged in the Complaint, the search warrant materials have never

19   been made publicly available as required by California Penal Code §1534(a). Compl.

20   ¶ 152. Any lack of clarity is the result of Defendants' failure to produce the search warrant

21   matters that are relevant to this case despite voluminous briefing, discovery requests, and

22

23

1   record requests by Apothio[8] seeking such materials. *Total Coverage*, 252 F. App'x at 126

2   ("'[A] pleader may assert contradictory statements of fact [] when legitimately in doubt

3   about the facts in question.'" (quoting *Am. Intern. Adjustment Co. v. Galvin*, 86 F.3d 1455,

4   1461 (7th Cir. 1996))).

5          In any event, these allegations are directly relevant to Apothio's claims of the

6   KCSO's pattern and practice of judicial deception, including alleged "material

7   misstatements and/or omissions in the affidavit and/or statement of probable cause

8   submitted in support of the search warrant application." *E.g.*, Compl. ¶ 10. Defendants'

9   simultaneous efforts to move to dismiss the claim that the warrant was not based on

10  probable cause (ECF No. 18 at 8; ECF No. 21-2 at 7–9), but avoid producing or returning

11  to the Court the same search warrant materials as required under the law, serve only to

12  underscore the relevance of these allegations.

13                              **<u>CONCLUSION</u>**

14         For the foregoing reasons, Apothio respectfully requests that the Court deny

15  Defendants' Motions to Strike (ECF Nos. 19 & 21-2 at 14–15) in their entirety.

16  Dated: July 13, 2020

17
                                    */s/ Katherine Eskovitz*
18                                  ROCHE CYRULNIK
                                      FREEDMAN LLP
19                                  Katherine Eskovitz
                                    1158 26th Street, No. 175
20                                  Santa Monica, CA 90403
                                    keskovitz@rcfllp.com
21                                  (646) 791-6883

22

23
_____
[8] *See* Declaration of Katherine Eskovitz in support of Plaintiff's Opposition to
Defendants' Motions to Dismiss, filed simultaneously herewith.

1   Kyle W. Roche (*pro hac vice*)
    Joseph M. Delich (*pro hac vice*)
2   Richard R. Cipolla (*pro hac vice*)
    99 Park Avenue, 19ᵗʰ Floor
3   New York, NY 10016
    kyle@rcfllp.com
4   jdelich@rcfllp.com
    rcipolla@rcfllp.com
5
    */s/ Sean Eskovitz*
6   ESKOVITZ LAW
    Sean Eskovitz
7   1217 Wilshire Boulevard, No. 3683
    Santa Monica, CA 90402
8   seane@eskovitz.com

9   */s/ Brant W. Bishop, P.C.*
    BRANT W. BISHOP, P.C. (*pro hac vice*)
10  2000 Pennsylvania Avenue, NW
    Suite 7000
11  Washington, DC 20006
    brant@bishop.us
12
    *Counsel for Apothio LLC*
13

14

15

16

17

18

19

20

21

22

23

22