1  Katherine Eskovitz                    Sean Eskovitz
   ROCHE CYRULNIK FREEDMAN LLP           ESKOVITZ LAW
2  1158 26th Street, No. 175             1217 Wilshire Boulevard,
   Santa Monica, CA 90403               No. 3683
3  keskovitz@rcfllp.com                  Santa Monica, CA 90402
                                         seane@eskovitz.com
4  Kyle Roche
   Joseph M. Delich                      BRANT W. BISHOP, P.C.
5  Richard R. Cipolla                    2000 Pennsylvania Avenue, NW
   ROCHE CYRULNIK FREEDMAN LLP           Suite 7000
6  99 Park Avenue, 19th Floor            Washington, DC 20006
   New York, NY 10016                    brant@bishop.us
7  kyle@rcfllp.com
   jdelich@rcfllp.com
8  rcipolla@rcfllp.com

9  *Counsel for Apothio LLC*

10

11                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF CALIFORNIA
12
   APOTHIO, LLC,                          No. 1:20-CV-00522-NONE-JLT
13
                  Plaintiff,
14                                         **JOINT OPPOSITION TO**
        v.                                 **REQUESTS FOR JUDICIAL**
                                           **NOTICE FILED BY**
15 KERN COUNTY; KERN COUNTY                **DEFENDANTS KERN**
   SHERIFF'S OFFICE; CALIFORNIA            **COUNTY, KERN COUNTY**
16 DEPARTMENT OF FISH AND WILDLIFE;        **SHERIFF'S OFFICE, DONNY**
   DONNY YOUNGBLOOD; JOSHUA                **YOUNGBLOOD AND JOSHUA**
17 NICHOLSON; CHARLTON H. BONHAM;          **NICHOLSON (ECF NO. 20)**
   JOHN DOES #1 THROUGH #10,               **AND DEFENDANTS**
18 UNKNOWN AGENTS OF THE KERN              **CALIFORNIA DEPARTMENT**
   COUNTY SHERIFF'S OFFICE; JOHN           **OF FISH AND WILDLIFE**
19 DOES #11 THROUGH #20, UNKNOWN           **AND CHARLTON H.**
   AGENTS OF THE CALIFORNIA FISH           **BONHAM (ECF NO. 22)**
20 AND WILDLIFE DEPARTMENT,

21               Defendants.

22

23

                                    1

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................... iii

INTRODUCTION ....................................................................................................... 1

FACTUAL BACKGROUND ...................................................................................... 2

ARGUMENT .............................................................................................................. 4

CONCLUSION ........................................................................................................... 7

**JOINT OPPOSITION TO REQUESTS FOR JUDICIAL NOTICE
CASE NO. 1:20-CV-00522-NONE-JLT**

1

<u>**TABLE OF AUTHORITIES**</u>

2

**Cases**

3

*Bryant v. Carleson*,
    444 F.2d 353 (9th Cir. 1971) ........................................................................... 6

4

*Del Puerto Water Dist. v. U.S. Bureau of Reclamation*,
    271 F. Supp. 2d 1224 (E.D. Cal. 2003).......................................................... 6

5

6

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) ..................................................................... 4, 6

7

*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001) ..................................................................... 4, 6

8

9

*United States v. S. California Edison Co.*,
    300 F. Supp. 2d 964 (E.D. Cal. 2004)........................................................... 4

10

**Rules**

11

Fed. R. Evid. 201 .......................................................................................... 2, 4

12

13

14

15

16

17

18

19

20

21

22

23

**JOINT OPPOSITION TO REQUESTS FOR JUDICIAL NOTICE**
**CASE NO. 1:20-CV-00522-NONE-JLT**

# INTRODUCTION

Apothio does not oppose Defendants' requests that the Court take judicial notice of the existence of the Restricted Materials Permits (the "Permits"), but opposes any judicial notice of the accuracy, content, or purpose of those Permits. The Permits relate to certain maps and corresponding permit numbers reproduced in the Complaint to "identif[y] the location where Apothio was permitted to plant and cultivate its hemp field." Compl. ¶¶ 78, 86–87. As alleged in the Complaint, "[i]n each of these permits, the County acknowledged and certified that Apothio was growing hemp." ¶ 87.

As Defendants effectively concede, it would be improper under controlling Ninth Circuit precedent for the Court to take judicial notice of the accuracy, content, and purpose of those Permits or of Kern County Agricultural Commissioner Glenn Fankhauser's testimony concerning the purpose of those Permits. Nonetheless, Defendants improperly muddy the waters by advancing arguments in their briefs and Commissioner Fankhauser's accompanying affidavit as to the accuracy of the substance, content, and alleged purpose of the Permits.[1] Specifically, as to the purpose of the Permits, Defendants assert that the "documents are relevant to show that, on their face, they are not a 'map permit' but rather restricted material permits which identify where pesticide use will be allowed." ECF No. 22 at 2. Likewise, Commissioner Fankhauser purports to testify that the "purpose" of the Permits is "for the grower to be able to use and report the usage of any pesticide on a crop and to record the location of the proposed use." ECF No. 20 at 2–3; ECF. No. 20-1 ¶ 4

---

[1] The very same Permits that the Kern County Sheriff's Office ("KCSO") asks the Court to judicially notice were the subject of a prior Apothio public records request. In response to that request, the Kern County Agricultural Commissioner refused to produce the documents on the purported basis of an ongoing law enforcement investigation.

1

1   (same).

2          Because Defendants' self-serving assertions contradict factual allegations in the

3   Complaint concerning Kern County's knowledge that Apothio was legally cultivating

4   hemp, it would be improper for the Court to take judicial notice of the *disputed* facts

5   advanced by Defendants in connection with their motions to dismiss. Fed. R. Evid. 201

6   ("The court may judicially notice a fact that is *not subject to reasonable dispute . . .*"

7   (emphasis added)). Indeed, it would be reversible error for the Court to elevate the truth of

8   facts that favor Defendants based on evidence beyond Apothio's pleadings over the

9   allegations in the Complaint, which for purposes of a motion to dismiss, must be deemed

10  true. For these reasons and those elaborated below, Apothio does not oppose Defendants'

11  requests that the Court take judicial notice of the existence but not the accuracy, contents,

12  or purpose of the Permits.

13                          **FACTUAL BACKGROUND**

14         In connection with moving to dismiss Apothio's Complaint (ECF No. 1),

15  Defendants Kern County, Kern County Sheriff's Office ("KCSO"), Donny Youngblood

16  and Joshua Nicholson (the "Kern County Defendants") and Defendants California

17  Department of Fish and Wildlife and Charlton H. Bonham (the "CDFW Defendants," and

18  together with the Kern County Defendants, "Defendants") filed requests for judicial notice

19  (the "Requests for Judicial Notice"). ECF Nos. 20 & 22. The Requests for Judicial Notice

20  ask the Court to take judicial notice of "Restricted Materials Permits" (the "Permits")

21  related to certain maps and corresponding permit numbers identified in the Complaint. *See,*

22  *e.g.*, Compl. ¶¶ 78, 87. Defendants explicitly state that the Court is not requested to take

23  judicial notice of the "accuracy of the restricted materials permit[s], but rather simply their

2

existence." *See* ECF No. 20 at 3.

As alleged in the Complaint, six maps with corresponding permit numbers—which are themselves reproduced in the Complaint (¶ 87)—"identified the location where Apothio was permitted to plant and cultivate its hemp field." *Id.* ¶ 78; *see also id.* ¶ 86 ("[T]he Kern County Agricultural Commissioner issued several additional map permits, which identified the precise locations of the fields where Apothio's hemp would be planted."). "These map permits were 'generated by the Kern County Agricultural Commissioner/Sealer' between the fall of 2018 and the spring of 2019." *Id.* ¶ 86. "Specifically, a Kern County map permit was issued for each of the farmers with whom Apothio contracted to grow hemp plants. In each of these permits, the County acknowledged and certified that Apothio was growing hemp." *Id.* ¶ 87.

In the Requests for Judicial Notice, Defendants ask the Court to "take judicial notice of the actual permits as they are part of the maps that [P]laintiff has attached to the [C]omplaint." ECF No. 20 at 3; *see also* ECF No. 22 at 2 ("[D]efendants State of California, by and through California Department of Fish and Wildlife, and Charlton H. Bonham, Director, (State Defendants) respectfully request that the Court take judicial notice of the . . . Restricted Material Permits, issued by the Kern County Agricultural Department."). Defendants argue that the Court may take judicial notice of the Permits pursuant to Federal Rule of Evidence 201 since they are "not subject to dispute" as they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." ECF No. 20 at 2; *see also* ECF No. 22 at 2–3. Defendants also argue that the Permits "are relevant because they are integral to the maps [P]laintiff has included as part of the [C]omplaint." ECF No. 20 at 2; *see* ECF No. 22 at 3 ("The documents are also proper for

3

judicial notice under the 'incorporation-by-reference' doctrine. The documents here were specifically referenced in the complaint.").

Apothio hereby responds to the Requests for Judicial Notice jointly because they advance substantially the same arguments, largely in reliance on the Declaration of Kern County Agricultural Commissioner Glenn Fankhauser (ECF Nos. 20-1 & 22-1).

## <u>ARGUMENT</u>

Apothio does not oppose Defendants' request that the Court take judicial notice of the existence but not the accuracy, content, or purpose of the Permits related to the maps referenced in the Complaint. Defendants explicitly ask the Court to take judicial notice of the "existence" of the Permits and not their "accuracy," effectively conceding that the contents and significance of the Permits are not a proper subject for judicial notice. Apothio agrees.

While a Court may take judicial notice of matters of public record, it "cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018); *see United States v. S. California Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004) ("[A] court can only take judicial notice of the *existence* of those matters of public record (the existence of a motion or of representations having been made therein) but not of the *veracity* of the arguments and disputed facts contained therein."). Indeed, pursuant to Federal Rule of Evidence 201, it is a predicate for judicial notice that an adjudicative fact is "not subject to reasonable dispute." Fed. R. Evid. 201; *see Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[T]he district court also erred by taking judicial notice of disputed matters").

4

1    Thus, Defendants' attempts to testify through their Requests for Judicial Notice and

2    Commissioner Fankhauser's affidavit (ECF Nos. 20-1 & 22-1) are improper. Specifically,

3    the CDFW Defendants' contention that the "documents are relevant to show that, on their

4    face, they are not a 'map permit' but rather restricted material permits which identify where

5    pesticide use will be allowed" is a disputed fact that is not a proper subject for judicial

6    notice. ECF No. 22 at 2. Likewise, Commissioner Fankhauser's testimony regarding the

7    "purpose" of the Permits is not a proper subject for judicial notice. *See* ECF No. 20-1 ¶ 4;

8    ECF No. 22-1 ¶ 4; ECF No. 20 at 2–3.

9    As alleged in the Complaint, the six maps with corresponding permit numbers—

10   which are themselves reproduced in the Complaint (¶ 87)—"identified the location where

11   Apothio was permitted to plant and cultivate its hemp field." Compl. ¶ 78; *see also id.* ¶ 86

12   ("[T]he Kern County Agricultural Commissioner issued several additional map permits,

13   which identified the precise locations of the fields where Apothio's hemp would be

14   planted."). Apothio further alleges that in each of the Permits, "the County acknowledged

15   and certified that Apothio was growing hemp." *Id.* ¶ 87. To the extent Defendants challenge

16   Apothio's allegations, including that the maps and corresponding Permits "identified the

17   location where Apothio was permitted to plant and cultivate its hemp field," and that "the

18   County acknowledged and certified that Apothio was growing hemp," such allegations are

19   disputed issues of fact, entitled to the presumption of truth on Defendants' motions to

20   dismiss.[2] Therefore, while the Court may take judicial notice of the existence of the

21

22   _____

[2] Indeed, the documents support Apothio's position, not Defendants'. Each of the six

23   maps with corresponding Permits shows a portion of the agriculture that was designated
     for cultivation of "hemp/cannabis" or "industrial hemp." *See, e.g.*, ECF No. 20-2 at 2
     (Lot 20 ("hemp/cannabis")).

5

Permits, it may not take judicial notice of the accuracy, content, or purpose of the Permits at this stage of the litigation, particularly to the extent the purported "purpose" of the Permits is informed by Defendants' factual assertions that contradict the allegations in the Complaint. *See Lee*, 250 F.3d at 688 ("More importantly, the district court's decision to dismiss plaintiffs' federal claims was rooted in defendants' factual assertions. In granting defendants' motions, the court assumed the existence of facts that favor defendants based on evidence outside plaintiffs' pleadings, took judicial notice of the truth of disputed factual matters, and did not construe plaintiffs' allegations in the light most favorable to plaintiffs. We therefore also reverse the district court's dismissal of plaintiffs' § 1983 claims alleging violations of the First, Fourth, and Fourteenth Amendments on these independent grounds."); *see also Khoja*, 899 F.3d at 1000 ("improper" for a court to take judicial notice of a document when the "substance" of the document 'is subject to varying interpretations'" (quoting *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011))); *id.* at 1003 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage."); *Bryant v. Carleson*, 444 F.2d 353, 357 (9th Cir. 1971) (taking judicial notice of the *fact* that defendant filed an affidavit but not taking judicial notice of the contents of the affidavit as being true); *Del Puerto Water Dist. v. U.S. Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1234 (E.D. Cal. 2003) ("Judicial Notice is taken of the existence and authenticity of the public and quasi public documents listed [including water permit applications]. To the extent their contents are in dispute, such matters of controversy are not appropriate subjects for judicial notice.").

6

1

**CONCLUSION**

2

For the foregoing reasons, Apothio does not oppose Defendants' requests that the

3

Court take judicial notice of the existence but not the accuracy, content, or purpose of the

4

Restricted Materials Permits.

5

Dated: July 13, 2020

6

/s/ Katherine Eskovitz

7

ROCHE CYRULNIK
   FREEDMAN LLP

8

Katherine Eskovitz
1158 26th Street, No. 175

9

Santa Monica, CA 90403
keskovitz@rcfllp.com

10

(646) 791-6883

11

Kyle W. Roche (*pro hac vice*)
Joseph M. Delich (*pro hac vice*)

12

Richard R. Cipolla (*pro hac vice*)
99 Park Avenue, 19th Floor

13

New York, NY 10016
kyle@rcfllp.com

14

jdelich@rcfllp.com
rcipolla@rcfllp.com

15

/s/ Sean Eskovitz

16

ESKOVITZ LAW LLP
Sean Eskovitz

17

1217 Wilshire Boulevard, No. 3683
Santa Monica, CA 90402

18

seane@eskovitz.com

19

/s/ Brant W. Bishop, P.C.

BRANT W. BISHOP, P.C. (*pro hac vice*)

20

Brant W. Bishop
2000 Pennsylvania Avenue, NW

21

Suite 7000
Washington, DC 20006

22

brant@bishop.us

23

*Counsel for Apothio LLC*

7