Katherine Eskovitz (SBN 255105)
ROCHE CYRULNIK FREEDMAN LLP
1158 26th Street, No. 175
Santa Monica, CA 90403
keskovitz@rcfllp.com

Kyle Roche
Joseph M. Delich
Richard R. Cipolla
ROCHE CYRULNIK FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
kyle@rcfllp.com
jdelich@rcfllp.com
rcipolla@rcfllp.com

Sean Eskovitz (SBN 241877)
ESKOVITZ LAW
1217 Wilshire Boulevard,
No. 3683
Santa Monica, CA 90402
seane@eskovitz.com

Brant W. Bishop
BRANT W. BISHOP, P.C.
2000 Pennsylvania Avenue, NW
Suite 7000
Washington, DC 20006
brant@bishop.us

*Counsel for Plaintiff Apothio LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

APOTHIO, LLC,

Plaintiff,

v.

KERN COUNTY; KERN COUNTY
SHERIFF'S OFFICE; CALIFORNIA
DEPARTMENT OF FISH AND WILDLIFE;
DONNY YOUNGBLOOD; JOSHUA
NICHOLSON; CHARLTON H. BONHAM;
JOHN DOES #1 THROUGH #10,
UNKNOWN AGENTS OF THE KERN
COUNTY SHERIFF'S OFFICE; JOHN
DOES #11 THROUGH #20, UNKNOWN
AGENTS OF THE CALIFORNIA FISH
AND WILDLIFE DEPARTMENT,

Defendants.

No. 1:20-CV-00522-NONE-JLT

**DECLARATION OF
KATHERINE ESKOVITZ IN
SUPPORT OF APOTHIO'S
OPPOSITIONS TO
DEFENDANTS' MOTIONS TO
DISMISS**

1

**DECLARATION OF KATHERINE ESKOVITZ**

I, Katherine Eskovitz, declare:

1.      I am attorney admitted to practice before this Court and counsel of record for Apothio, LLC ("Apothio") in this matter. I respectfully submit this declaration in support of the oppositions to Defendants' motions to dismiss. The matters stated in this declaration are true of my own personal knowledge except as matters stated as to information and belief.

2.      On April 10, 2020, Plaintiff Apothio filed the Complaint in the above-captioned action. As alleged in the Complaint, the search warrant (agency case number of 2019-00171257) served by the Kern County Sheriff's Office while executing a search of Apothio's farms on October 25, 2019 (the "Search Warrant") has never been provided to Plaintiff. *E.g.* ECF No. 1 "Compl." ¶ 101. Plaintiff has exercised diligent efforts to obtain the search warrant and related materials, as outlined in the Complaint, ¶¶ 146-154, and below.

3.      On information and belief, on February 18, 2020, at the direction of counsel, John Teague, an employee of Apothio, visited the Kern County Superior Courthouse located at 1415 Truxtun Avenue in Bakersfield, California. He asked a clerk at the felony counter to locate the supporting affidavit and all documents related to the Search Warrant. The clerk did not find any information and directed Mr. Teague to a public terminal containing historical search warrant information, organized by date of return. Mr. Teague reviewed every returned warrant available in the system with return dates between October 1, 2019, until February 18, 2020. He did not locate the Search Warrant on the terminal.

4.      On information and belief, on February 19, 2020, a colleague at my firm, Joseph M. Delich, spoke with Stephanie Frazer from the Felony Division of the Kern County Superior Court to ask whether she would be able to locate the Search Warrant if given the agency case

DECLARATION OF KATHERINE ESKOVITZ

number. She explained that there was a public terminal one could use at the courthouse to view warrant returns manually. On information and belief, she stated that until a return is filed, there is no record in the court system that a warrant was approved.

5.     On or about February 19, 2020, Mr. Delich submitted a Judicial Records Request via the electronic form available on the Kern County Superior Court Website, seeking all records related to the Search Warrant. On information and belief, after an exchange with an unnamed clerk about how to obtain warrant information, Assistant Court Supervisor Sarah Gomez from the Felony Division reiterated that all available search warrant materials should be viewable in the public terminal.

6.     On information and belief, on February 21, 2020, Mr. Delich spoke with Judge Brumfield's clerk at the Kern County juvenile court. The clerk informed Mr. Delich that Judge Brumfield would have signed the Search Warrant while on warrant duty, and neither the courthouse nor Judge Brumfield's chambers would retain those records, because electronic warrants are handled through the Court Executive Officer, Tamarah Harber-Pickens.

7.     On February 24, 2020, I spoke with Julie Flores of the Administration Department of the Kern County Superior Court and asked her about obtaining copy of the Search Warrant and information associated with the Search Warrant. She recommended that I speak with the Clerk's Office at the Kern County Superior Court.

8.     On February 24, 2020, I spoke with Stefanie Frazer from the Clerk's Office at the Kern County Superior Court about locating records relating to the Search Warrant and its supporting affidavit. I provided her with the agency case number located at the top of the Search Warrant. After an unsuccessful search, she directed me to contact a Victor Medina of the Kern County Sheriff's Office.

3

9.     On February 24, 2020, I spoke with Victor Medina of the Kern County Sheriff's Office. He stated, in sum and in substance, that the system was showing that the warrant is "sealed," and that only the officer and the judge who approved it are able to see it on the system. He advised, in sum and in substance, that I should have the Court instruct him on whether to release the documents.

10.     On March 10, 2020, Plaintiff filed a writ of mandate in the Superior Court of California for the County of Kern, *Apothio LLC v. Kern County Sheriff's Office, et al.*, No. BCV-20-100711 (the "State Court Action"), against the Kern County Sheriff's Office, Donny Youngblood, and Joshua Nicholson seeking the return of the executed Search Warrant to the court.

11.     After confirming that there is no docketed sealing order since the execution of the warrant, as well as no *Hobbs* seal on the warrant itself, *see* Compl. Ex. A, on March 19, 2020, Plaintiff filed a motion in the State Court Action asking the court to take judicial notice that the Search Warrant and any related materials are public judicial records not subject to any sealing order.

12.     At the hearing on the motion on April 30, 2020, Judge Bradshaw asked County Counsel Phil Jenkins if there was a sealing order, to which he responded he had no information other than the warrant itself and "based off the face of the warrant there appears to be a sealing order," referring to the electronic signature page check mark indicating a pre-execution sealing of the warrant. He suggested that Apothio could file a motion to unseal A true and correct copy of the hearing transcript is attached as Ex. A. The judicial notice motion was denied with no findings made. A true and correct copy of the Court's minute order denying the motion is attached as Ex. B.

4

13.     On information and belief, on May 4, 2020, Mr. Delich spoke with Sue from the Felony Division of the Kern County Superior Court. She explained that the Court does not retain any search warrant records, and the only such records are the ones uploaded by the agency, which then become viewable on the public terminals. At the time, she indicated that the Courthouse was currently closed to the public due to COVID-19 and that Court staff would not check the terminals on behalf of any party.

14.     On May 6, 2020, seeking information related to the Search Warrant, Mr. Delich sent a judicial records request under Rule 10.500 of the California Rules of Court to Kern County Superior Court.

15.     On May 29, 2020, in response to Apothio's May 6, 2020 judicial records request, Court Executive Officer Tamarah Harber-Pickens of the Kern County Superior Court represented that, generally, the Court retains no records related to the search warrant until it is subsequently returned. Ms. Harber-Pickens also explained that the Court does not maintain records of court orders sealing search warrant materials when the issuing magistrate seals a warrant submitted through AERITIS, the automated warrant system. Because of the Courthouse closures due to COVID-19, Ms. Harber-Pickens offered that Ana Nichols, the Court Supervisor in Felony and Appeals, could check the public terminals on our behalf for information related to the Search Warrant.

16.     On June 1, 2020, Anna Nichols informed counsel for Apothio that she was not able to locate any search warrants referencing the provided information on the public terminals.

17.     On June 2, 2020, Apothio filed a motion to unseal the warrant and related materials. At the direction of Judge Bradshaw's chambers, Apothio filed the motion in the

DECLARATION OF KATHERINE ESKOVITZ

Criminal Division of the Superior Court of California in Kern County.

18.     On June 9, 2020, Kern County opposed Apothio's motion, arguing that the motion to unseal was improper because it would conflict with the mandamus proceedings before Judge Bradshaw and discovery in the pending case before this Court. After a hearing on the motion in the criminal division, the Court denied the motion and said the motion should be heard by Judge Bradshaw. A true and correct copy of the hearing transcript containing the Court's ruling is contained at Ex. C.

19.     On May 18, 2020, counsel for Apothio served the first request for production on Respondents. Request No. Two called for the production of "Any and all SEARCH WARRANT MATERIALS" defined to include "any affidavits [or] statements of probable cause.]" On June 17, 2020, Respondents responded to Request No. Two. The response stated:

> Respondents object to this interrogatory as follows: (1) as to SEARCH WARRANT MATERIALS as defined by Petitioners. As defined it is overbroad, vague and ambiguous. Further, it improperly seeks to obtain evidence seized under the search warrant. (*Saunders v. Superior Court* (2017) 12 Cal.App.5th Supp.1, 13-15.) (2) It goes beyond the scope of the underlying petition (3) it is immaterial to the underlying petition, which merely compels to a specific fact (4) vague, ambiguous, overbroad and irrelevant, including, but not limited to the failure to identify the specific Defendant to when the Interrogatory is directed (5) not reasonably calculated to discover admissible evidence (6) these interrogatories are a fishing expedition (7) the requested information is the subject of an ongoing investigation (8) County of Kern asserts the official information privilege. Evidence Code §1040 (9) the request calls for protected Attorney Work Product. Subject to and without waiving the forgoing. Respondent responds as follows: Respondents cannot produce these documents at this time as each document is being examined as a part of an ongoing criminal investigation, which Petitioner is aware of. Once the investigation is completed and the documents become available Respondents will supplement this response with any material that is relevant.

20.     On June 22, 2020, Kern County filed a motion for judgment on the pleadings in the State Court Action, attaching a declaration alleging that after the filing of the mandamus

DECLARATION OF KATHERINE ESKOVITZ

petition, the warrant was returned to the court.

21.     On June 30, 2020, Apothio re-filed its motion to unseal in its mandamus proceeding before Judge Bradshaw.

22.     A hearing date for Kern County's motion for judgment on the pleadings in the State Court Action is set for July 22, at which time the court will also hear Apothio's motion to unseal.

23.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 13, 2020

Katherine Eskovitz
ROCHE CYRULNIK FREEDMAN LLP
1158 26th Street, No. 175
Santa Monica, CA 90403
keskovitz@rcfllp.com

*Counsel for Apothio LLC*

---

7

DECLARATION OF KATHERINE ESKOVITZ