# **EXHIBIT A**

```
 1              SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2                   IN AND FOR THE COUNTY OF KERN
 3                       METROPOLITAN DIVISION
 4         HONORABLE J. ERIC BRADSHAW, JUDGE, DEPARTMENT 10
 5                              --oOo--
 6
 7    APOTHIO LLC,              )
                                ) Pages 1 - 27
 8                Petitioner,   )
                                )
 9           Vs.                ) Case No. BCV-20-100711
                                )
10    KERN COUNTY SHERIFF'S OFFICE; )
      DONNY YOUNGBLOOD; JOSHUA  )
11    NICHOLSON,                ) Bakersfield, California
                                )
12                Respondents.  ) April 30, 2020
      _____)
13
14
15
16             REPORTER'S TRANSCRIPT OF PROCEEDINGS
17
18
19                         APPEARANCES:
20             (Via Videoconference/Telephone)
21    For the Petitioner:  ROCHE CYRULNIK FREEDMAN LLP
                           By:  Katherine Eskovitz, Esq.
22                         1158 26th Street, No. 175
                           Santa Monica, California 90403
23
                           By:  Joseph Delich, Esq.
24                         99 Park Avenue, 19th Floor
                           New York, New York 10016
25
      For the Respondents: MARGO A. RAISON, COUNTY COUNSEL
26                         By:  Phillip T. Jenkins, Deputy
                           1115 Truxtun Avenue, Fourth Floor
27                         Bakersfield, California 93301
28    Reported By:         Diana L. Dyson, CSR 10781, RPR, CRR
                           Official Court Reporter
```

**· · CERTIFIED · ·**
**TRANSCRIPT**

---

```
 1                          SESSIONS
 2
 3                                                            PAGE
 4    THURSDAY, APRIL 30, 2020
 5      MORNING SESSION                                          3
 6      Motion For Judicial Notice                               3
```

---

```
 1          BAKERSFIELD, CA; THURSDAY, APRIL 30, 2020
 2                     MORNING SESSION
 3    DEPARTMENT 10    HONORABLE J. ERIC BRADSHAW, JUDGE
 4                          --oOo--
 5          (The following hearing was reported via
 6          videoconference/telephone per Emergency Rule of
 7          Court 3(a) effective April 6, 2020.  The
 8          hearing was reported to the best of my ability
 9          under the extraordinary circumstances of remote
10          appearances and/or facial coverings.)
11          THE COURT:  Let's go on the record on the 8:30
12    calendar in Department 10, Kern County Superior Court.
13          Taking up Apothio vs. Kern County Sheriff's
14    Office, Case BCV-20-100711.
15          Who do I have on CourtCall?  Let me ask it a
16    different way.
17          Do I have Katherine Eskovitz on CourtCall?
18          MS. ESKOVITZ:  Yes.  Good morning, your Honor.
19          THE COURT:  Good morning.
20          Joseph Delich?
21          MR. DELICH:  Yes, your Honor.
22          THE COURT:  And Phillip Jenkins?
23          MR. JENKINS:  Yes.  Good morning, your Honor.
24          THE COURT:  Good morning.
25          All right.  Counsel, let's see.  Let me hear --
26    who is going to speak on behalf of the Petitioner?
27          MS. ESKOVITZ:  That is Katherine Eskovitz,
28    myself, your Honor.
```

---

```
 1          THE COURT:  All right.  You may proceed.
 2          MS. ESKOVITZ:  Thank you.
 3          Again, good morning, your Honor.  This is
 4    Katherine Eskovitz for Petitioner, Apothio.
 5          So it's now been six months since Kern County
 6    Sheriff's Office conducted one of the largest
 7    destructions of farmers' crops in U.S. history, using a
 8    search warrant that alleged probable cause for a
 9    misdemeanor.  That search warrant was not even returned
10    before Apothio filed this action.
11          By law, the Government has ten days after
12    executing the warrant to return the search warrant
13    materials.  Those materials presumably included hundreds
14    of photographs it took of the destruction and a
15    recording it made of a voluntary interview with our
16    client at the time of the execution.
17          Those records did not exist before the warrant
18    was executed, and they have never been sealed.  They
19    have been public judicial records by law since
20    November 3rd, 2019, ten days after the warrant was
21    executed, regardless of whether the Sheriff properly
22    returned the warrant or ignored the statute entirely.
23          We know that the search warrant materials are
24    indisputably public judicial records and therefore
25    subject to judicial notice because, one, there is no
26    sealing motion for Apothio to oppose or on-the-record
27    Court findings for Apothio to appeal from.  There is no
28    legal dispute.  There is no factual dispute.  The record
```

APOTHIO LLC Vs. KERN COUNTY SHERIFF'S OFFICE, ET AL.
Case No. BCV-20-100711    Page 5

1   is undisputed that no Hobbs privilege has ever been
2   asserted. There is no confidential informant privilege
3   here. And no privilege has ever been asserted by the
4   Government after the warrant was executed.
5           Second, without a Hobbs order the search
6   warrant materials automatically became public judicial
7   records after execution unless the Government first
8   moved to seal the court records, which they did not.
9   And that is clear under three sources -- it's
10  undisputed -- California Penal Code Section 1534(a) and
11  the controlling precedent of People v. Hobbs and the
12  Judicial Council's Trial Court Records Manual which I
13  know the Courts are mandated to follow.
14          And, third, the time has expired for the
15  Government to now move to seal, which it still has not
16  done, because these court records have been public
17  judicial documents since November 3rd. So there is no
18  justification for sealing that's now available. The
19  Respondents failed to provide any evidence of
20  confidential official information to any of the
21  misdemeanor warrant materials within ten days after
22  execution of the warrant. And you simply cannot put the
23  toothpaste back into the tube.
24          So the Respondents said there's no recourse for
25  the Sheriff failing to return the warrant within ten
26  days, but whether there's any recourse there's certainly
27  no reward. Regardless of whether that warrant was
28  returned, these are public court records. And it's this

Superior Court of the State of California
County of Kern    May 13, 2020 10:05AM

APOTHIO LLC Vs. KERN COUNTY SHERIFF'S OFFICE, ET AL.
Case No. BCV-20-100711    Page 6

1   Court's judicial notice that the documents are not under
2   any sealing order, nor are they -- and therefore they
3   are public judicial records, your Honor.
4           And I am happy to answer any questions.
5           THE COURT: Where are we going with the request
6   for judicial notice? What does that get us?
7           MS. ESKOVITZ: That simply lets us see the
8   documents. We have never seen the search warrant
9   materials. And that's just the beginning so that we can
10  see them. We are up against the statute of limitations
11  for California torts to plead with specificity in May,
12  and we simply want to see the materials.
13          THE COURT: Well, what I normally have in a
14  request for judicial notice is a copy of the thing that
15  you want me to take judicial notice of. It's an
16  unusual -- normally, when somebody asks for judicial
17  notice, that's what they are asking for.
18          It seems that what you are asking for here is a
19  disclosure of records under the Government Code, under
20  the Public Records Act.
21          MS. ESKOVITZ: No. We have been told by the
22  Sheriff that they are under seal. So it would help us
23  show that this is not true when the Court simply looks
24  at its own records and takes judicial notice that there
25  is the search warrant records and that they are not
26  under seal. That's our problem too, your Honor, that we
27  do not have a docket entry and it is a court record. So
28  we simply want the Court to take judicial notice of its

Superior Court of the State of California
County of Kern    May 13, 2020 10:05AM

APOTHIO LLC Vs. KERN COUNTY SHERIFF'S OFFICE, ET AL.
Case No. BCV-20-100711    Page 7

1   own record.
2           THE COURT: All right. Mr. Jenkins.
3           MR. JENKINS: Good morning, your Honor.
4           I think what the problem here is, is that
5   Apothio could have filed a motion to unseal records.
6   And at that point, at that hearing, there could have
7   been a determination, one, if there was a valid seal or
8   if it still existed. But what they are trying to do is
9   to take judicial notice that because some type of
10  documents were not submitted that therefore these
11  records should be public records.
12          However, the statute they cite indicates that
13  within ten days that this -- after a warrant is served
14  that a police agency has a duty to return these
15  documents, return these documents to the court, the
16  return of warrant. However, the appellate courts that
17  have looked at this have indicated that there is no
18  recourse.
19          And if you look to the case cited in PSC, by
20  me, the Court there spent a considerable amount of time
21  expounding on the fact that the Court should not impede
22  upon the ability of the police agency or the prosecutory
23  agency from -- or the prosecuting agency from conducting
24  a criminal investigation.
25          So that would surmise that, taking that
26  statutory interpretation in the totality, that the
27  Court's view is while there is some duty that exists it
28  certainly is not a duty that occurs within ten days.

Superior Court of the State of California
County of Kern    May 13, 2020 10:05AM

APOTHIO LLC Vs. KERN COUNTY SHERIFF'S OFFICE, ET AL.
Case No. BCV-20-100711    Page 8

1   Because there may be times at which the prosecuting
2   agency or the police agency must need more time to
3   complete their investigation.
4           So the premise that just because within ten
5   days this occurred or did not occur therefore there must
6   be -- the records must be public records and judicially
7   noticed doesn't really hold water.
8           Furthermore, even if the Court today were to
9   determine that these records were public records -- and
10  to do so I think you would have to make a legal finding
11  that any order sealing these records is invalid. But if
12  you were even to do that, under the Government Code
13  there is a possibility for an agency to come forward and
14  say that there is -- that these records are privileged.
15          And, moreover, in this motion at hand, if the
16  Court were to begin that type of analysis to say these
17  should be public records, other agencies -- Petitioner
18  uses the word "Government." But here, in this action,
19  the parties that have been named are the Kern County
20  Sheriff's Office, the Sheriff, and one of the Sheriff's
21  deputies. They have not named other appendages of the
22  Government which may have an interest in keeping these
23  records sealed. And that's one of the things that is
24  talked about in PSC.
25          There they talked about the fact that, one, the
26  Court has the inherent power because -- to seal a
27  record, a warrant record, because the Court is the one
28  who issues these warrants. They have the inherent power

Superior Court of the State of California
County of Kern    May 13, 2020 10:05AM

 1   to oversee the conduct under the warrant process.  And,
 2   two, they explicitly point out that a prosecutor might
 3   have an interest in these records becoming public prior
 4   to an Indictment.
 5            So I think what the Petitioner is asking this
 6   Court to do is to make several legal and factual
 7   findings under a motion for judicial notice, which is
 8   improper on its face and which could have been done via
 9   a regular motion for unsealing of these records,
10   noticing all the interested parties.  That is not
11   something that is unusual or arduous.  That could have
12   been done.  That could have been served on the local
13   prosecuting agency, on the Sheriff's Department.  And
14   then a Judge, possibly Judge Brumfield, could have sat
15   and heard argument as to whether or not these records,
16   one, existed in the court's records; two, and if they
17   did, whether or not there was a valid privilege that
18   outweighed the disclosure in making these public
19   records.
20            So I think all those things lead us to the
21   conclusion that this motion itself is improper and that
22   Petitioner should file a more appropriate motion or seek
23   a more appropriate remedy either under the Government
24   Code or through the court system.  And that's not what's
25   happened here.
26            THE COURT:  Ms. Eskovitz.
27            MS. ESKOVITZ:  Thank you, your Honor.
28            First of all, a party can't move to unseal

 1   records that are not currently sealed.  That's our
 2   entire point.  That's why we are in this precarious
 3   position.  Because there is -- we are just asking the
 4   Court simply to look at what is on the docket, what
 5   exists, not to make any factual findings or any legal
 6   conclusions.  And that is proper judicial notice.
 7            THE COURT:  Well, hold on.  Hold on there.
 8   Wait.
 9            MS. ESKOVITZ:  Excuse me.  I'm sorry.
10            THE COURT:  Excuse me.  Yeah.
11            When you say you are not asking me to make any
12   legal conclusions, you know, I am led to believe that
13   there is an order sealing these records, and you are
14   asking me to undo that.
15            Isn't that the effect of what you are asking me
16   to do?
17            MS. ESKOVITZ:  No, your Honor.  Actually, we
18   are just asking you to look at the docket and conclude
19   that there is no legal order to seal.  The only -- the
20   only evidence that is in the record is undisputed.  The
21   only thing we are talking about is the electronic
22   signature page of the warrant that checked off seal
23   granted, which is always the discretionary seal before a
24   warrant is executed.  That's the only thing that exists
25   in the record.  There is no Court order in the record.
26   We are just asking the Court to take judicial notice of
27   that.
28            By law, that check, that electronic signature

 1   page check for the discretionary pre-execution seal, by
 2   law, under 1534(a), that expired when the warrant was
 3   executed.  It's black letter law that Courts routinely
 4   notice the legal effect of their own court records.
 5   That's under Saunders.  And that's all we are asking the
 6   Court to do.
 7            Second, Mr. Jenkins discusses whether there's a
 8   need to return the warrant or not in a timely fashion,
 9   but that's irrelevant to this particular motion.  It
10   doesn't matter whether the warrant has or has not been
11   returned.  These records are judicial records.  Whether
12   the Sheriff is holding them or the court, these are
13   public judicial records.  It doesn't matter where or
14   whether they have been returned.
15            Under PSC, which Mr. Jenkins relies on, in
16   fact, that's exactly the point of that case.  There the
17   District Attorney, three days after the warrant was
18   executed, came to the Court and moved to seal the
19   record.  That never happened here.  That's the whole
20   point.  And the Court there found that even just moving
21   to seal without on-the-record Court findings of why
22   there was this two-step balancing act, why, in fact, it
23   was not sealed or should be sealed, that had to happen.
24   So PSC is dispositive here.  And, in fact, that's
25   exactly what didn't happen here.
26            The Government is saying we want on-the-record
27   findings at the least.  But they had an opportunity to
28   come to the Court and ask for these documents to be

 1   sealed, and they never did that.  So ten days after the
 2   execution the judicial records became public.
 3            THE COURT:  Well --
 4            MS. ESKOVITZ:  The Government --
 5            THE COURT:  So let me just ask you.  Are you
 6   basing that on -- do you have the Affidavit that was
 7   filed or offered up in support of the warrant itself?
 8            MS. ESKOVITZ:  No, your Honor.  It has never
 9   been provided to us, even though it's a public judicial
10   record.
11            THE COURT:  So how do you know there wasn't a
12   request to seal in the Affidavit?
13            MS. ESKOVITZ:  Because, your Honor, if there
14   had been a request to seal there would be a docket entry
15   or some number after execution of the warrant.  Because
16   before execution of the warrant the only thing there is,
17   is the discretionary granting of a seal pre-execution.
18   But, by law, ten days after execution all of those
19   judicial records become public unless there are
20   on-the-record findings by a Court, which would mean that
21   there was actually a request to seal and then
22   on-the-record findings would have been made.  That never
23   happened here.  And we are simply asking the Court to
24   take judicial notice of the fact that there is no docket
25   entry, no on-the-record findings, no sealing request was
26   ever made post-execution of the warrant.
27            Your Honor, may I go on?
28            THE COURT:  I am just looking at your motion.

1   So what you want me to do is look at the --
2   well, first of all, is there a criminal case going on
3   here?
4           MS. ESKOVITZ:  No, your Honor.
5           THE COURT:  So no Complaint has been filed.
6           MS. ESKOVITZ:  Against Apothio?
7           THE COURT:  Well, yeah.  I mean, I am just
8   saying that this warrant hasn't been -- has not led to
9   anybody being arrested, I guess.
10          MS. ESKOVITZ:  Correct, your Honor.  There is
11  no case.  And, indeed, in Mr. Jenkins' declaration
12  there's no evidence that there's even an ongoing
13  investigation.  There's just "upon information and
14  belief."  The Government has not come forward to provide
15  any evidence of any investigation.
16          THE COURT:  Mr. Jenkins, you want to comment on
17  that?
18          MR. JENKINS:  Your Honor, in my declaration it
19  is on information and belief.  I have been told by -- I
20  have been told that there is an ongoing criminal
21  investigation.
22          And I would point out that Ms. Eskovitz spent a
23  significant amount of time saying that these records,
24  after ten days, are automatically records for judicial
25  notice -- public records for judicial notice.  I'd point
26  out that type of interpretation of the criminal case law
27  smacks in the face of the Separation of Powers Doctrine
28  wherein the judiciary would then be able to interfere

1   with the executive function of prosecuting crimes.
2           If we were to take her interpretation to its
3   logical conclusion, a Court then, after ten days,
4   whether or not the records are, in fact, submitted to
5   the court, whether the return has been completed because
6   the investigation is ongoing, or whether or not the
7   prosecuting agency has completed its investigation, the
8   Court, on its own -- I guess by own function of the law
9   these records would be public.  And then somehow, I
10  guess, in each individual criminal case then it would be
11  on whatever agency -- either it's the prosecuting agency
12  and/or the investigating agency -- to go and seek this
13  motion.
14          My point being, even if that is the case, I
15  don't have one which -- one, the proposition that there
16  is not sufficient evidence in the record today to
17  support that notion goes to the fact that a motion for
18  judicial notice is not something that should require the
19  judicial officer to make factual or evidentiary
20  findings.  It should make -- it makes -- the Court
21  simply takes notice that a fact exists.
22          And so if, for instance, Ms. Eskovitz is
23  correct in that there needs to be some evidence on the
24  record that needs to be explored by the Court, then she
25  ought to have served the proper agencies.  She served
26  one of them.  And that is the attorney of record for
27  that agency, namely the Sheriff's Department.
28          I issued a -- I submitted a declaration that

1   indicated there is an ongoing criminal investigation.
2   But she did not serve the District Attorney.  She did
3   not name them in the underlying action, who then could
4   have presented evidence of whether or not they are
5   investigating it.  And that could ultimately have
6   resolved the issue once and for all today, where the
7   Court could have made a determination that these records
8   are public judicially noticeable records.  And then the
9   prosecuting agency there could have said, "however, we
10  are in the process of investigating this, and we think
11  that they should remain sealed."
12          So I think what she is asking this Court to do,
13  again, is something that goes beyond a simple look to
14  your records, your Honor, and see that there is -- that
15  these things don't exist.  But then she is asking you to
16  make a factual or legal finding based off of those
17  things.  She said these records must then be publicly
18  judicial noticed -- or records that can be publicly
19  judicial noticed.  I think therein lies the problem is
20  while you may be able to take notice of the court's own
21  records you then cannot turn around and make a legal
22  conclusion that that means because something does not
23  exist ergo this must be true.  That is not judicial
24  notice.
25          THE COURT:  Ms. Eskovitz.
26          MS. ESKOVITZ:  Thank you, your Honor.
27          I think that Mr. Jenkins has this burden
28  backwards.  It was upon the District Attorney to come to

1   this Court and move to seal the search warrant materials
2   after the warrant was executed.  That's black letter
3   law.  There's no debate about the law there.  1534(a)
4   says it expressly that ten days after the warrant is
5   executed those materials shall become public records.
6           So absent any on-the-court record -- any
7   on-the-record Court findings, which are simply asking
8   the Court to examine the docket and take judicial notice
9   that they don't exist, there is no -- there is no motion
10  here or order to seal.  So there's no notice issue.
11          And under People vs. Oppel, a 1990 case, it's
12  clear that the Affidavit of an attorney such as
13  Mr. Jenkins here made on information and belief cannot
14  as a matter of law be construed to be evidence.  An
15  Affidavit made on information and belief cannot
16  constitute the requisite factual foundation for any
17  prima facie showing that's necessary to seal search
18  warrant materials.  Nor are we asking the Court to make
19  any factual findings, because the burden was on the
20  Government to come to this Court and simply make a
21  motion to seal in a timely fashion.
22          THE COURT:  Ms. Eskovitz, you are asking me,
23  apparently when this proceeding is over, to go walk over
24  to the criminal division counter, ask a clerk to give me
25  the file, look in the file, and tell you things.
26          Why should I have to do that?
27          MS. ESKOVITZ:  Well, your Honor, all we are
28  asking you to do is take judicial notice of the fact

1  that the search warrant materials are public judicial
2  records.  That is something the Courts have already held
3  the Court can take judicial notice of.  Courts routinely
4  take judicial notice that the legal effects of court
5  records.  That's all we are asking the Court to do.
6       Under PSC, Mr. Jenkins is confusing what was
7  the holding in that case.  The Court specifically held
8  in that case that there is no privilege or exception for
9  an ongoing criminal investigation.  If there were, it
10 would be the case that in every single District Attorney
11 case the District Attorney would simply say it's still
12 sealed.  We have an ongoing criminal investigation.  So
13 if we don't return the warrant for a year and your
14 statute of limitation runs, too bad.  You don't have a
15 right to see it.
16      The Court has rejected that.  It's undisputed.
17 It's black letter law that within ten days after the
18 execution of a warrant, if they would like to seal
19 anything in the record with limited redactions, it is
20 the District Attorney's duty to come before the Court
21 and ask your Honor to seal parts of the record.  These
22 are court records.  This is not sensitive, ongoing
23 investigation filed with the Sheriff.
24      We are only asking for the search warrant
25 materials which are judicial court records.  And we are
26 only asking your Honor to simply take judicial notice of
27 its own records.  That's all we are asking you to do.
28 We are not asking you to make any factual findings.  We

1  are simply asking you to take judicial notice of the
2  legal effects of the court's records, which is black
3  letter law that you are authorized to do.
4       THE COURT:  So your position is that if I take
5  judicial notice of a docket entry or a record that you
6  believe is now a public record, that the effect of my
7  taking judicial notice is that it's now a public record?
8       MS. ESKOVITZ:  Well, the effect would be that
9  we would have confirmation to be able to look at the
10 search warrant materials.  When we called the Sheriff's
11 Office they just said, well, it's sealed, we need
12 guidance from the Court.
13      And our point is it's not sealed.  And we can't
14 prove the negative, but the Court certainly can.  The
15 Court can take judicial notice that the search warrant
16 materials exist, those are judicial records, and that
17 they are public.  That's the legal effect of these
18 judicial records if there's no sealing order.
19      THE COURT:  Okay.  So you are saying there is
20 no sealing order.
21      MS. ESKOVITZ:  Correct, your Honor.
22      THE COURT:  Mr. Jenkins, is there a sealing
23 order?
24      MR. JENKINS:  Your Honor, based on the face of
25 the warrant there appears to be a sealing order.  The
26 effect of what that order is I am not aware because I
27 was not present when the Court granted that order.  And,
28 again, that goes to --

1       THE COURT:  I'm just -- stop, Mr. Jenkins.  I
2  am just asking is there a sealing order.
3       MR. JENKINS:  Based off the face of the
4  warrant, which is the only information I have, yes.
5       THE COURT:  And do you have contrary
6  information, Ms. Jenkins [sic], that there is no sealing
7  order?
8       MR. JENKINS:  No.
9       THE COURT:  I mean Ms. Eskovitz.
10      MS. ESKOVITZ:  Mr. Jenkins is referring to the
11 electronic signature page of the warrant that simply
12 checks off the seal is granted.  That's always the case
13 before execution of a warrant so that there's a surprise
14 when a search happens.
15      THE COURT:  Ms. Eskovitz, that is not always --
16      MS. ESKOVITZ:  Yes, your Honor.
17      THE COURT:  I can take judicial notice of the
18 fact that that is not always the case.  The seal is not
19 always granted.  I sign search warrants.
20      MS. ESKOVITZ:  That's why in this --
21      THE COURT:  That's why I am asking the question
22 is there a sealing order.
23      MS. ESKOVITZ:  So just to be clear, your
24 Honor -- if I misstated it, I apologize.  The only thing
25 that exists -- there are no findings of the Court.  The
26 only thing that exists is that the discretionary seal on
27 the electronic signature page where a seal is requested
28 and a seal granted, a seal was requested and granted.  A

1  Hobbs seal was not requested and a Hobbs seal was not
2  granted, which the Court can take judicial notice of.
3  In other words, there is no confidential informant.
4       THE COURT:  Okay.
5       MS. ESKOVITZ:  The only thing that was granted
6  on the record was the discretionary seal pre-execution.
7       THE COURT:  All right.
8       MS. ESKOVITZ:  So we are simply asking the
9  Court to take judicial notice of that, that other than
10 this pre-execution discretionary seal there is no Hobbs
11 seal in this case.  And the Government has never moved
12 to seal these records after execution of the warrant,
13 and therefore they are public judicial records.  That's
14 just the legal effect of the court records, which is a
15 valid judicial notice finding.
16      THE COURT:  So Mr. Jenkins, your comments.
17      MR. JENKINS:  Your Honor, I just think, you
18 know, our -- I think what the problem here is that there
19 is a statutory interpretation that is Draconian in view
20 of -- especially when our Supreme Court has recently
21 said in The City vs. Upland and in the view of statutory
22 interpretation where you must look to the totality of
23 it.  I think in a vacuum, if you were to take all things
24 as Ms. Eskovitz has presented them, that would appear to
25 be true.  But in a broader, more reasonable context they
26 are not.
27      If you look at the various duties and the
28 division of power that our Constitution has where we

1  have this judiciary body but we also have independent
2  and equal executive bodies who have their own functions,
3  I think her view runs into the face of that.  And I
4  think what we have here is just, as I said at the
5  beginning, an order to unseal or make records public
6  that is being masqueraded as a request for judicial
7  notice.
8          What is judicial notice is that the County of
9  Kern is a political subdivision of the State of
10 California.  Whether the effect of an order and whether
11 or not what was said to Judge Brumfield to request a
12 seal, those things are not judicial notice.  And I
13 think -- and as I said before, there's a conflation here
14 of the Government.  But where you are in a Writ of
15 Mandate and you name specific parties and then you file
16 a motion to specific parties, you have a duty, if you
17 are seeking something, to have all interested parties
18 noticed.
19         Whatever other duties those parties may or may
20 not have under your view of the law, if you are coming
21 to court, saying, well, this never happened and this
22 never happened and this never happened and make this
23 finding and there must be judicial notice, typically the
24 way it works is every party is noticed, and therefore
25 they can have an opportunity to make a complete record.
26 That has not happened here.
27         And I would just say, I mean, this is an
28 unusual motion in that we are trying to have -- I'm

1  sorry?
2          THE COURT:  We have got a little feedback.  Go
3  ahead.
4          MR. JENKINS:  This is just an unusual motion
5  where we are attempting, via the vehicle of judicial
6  notice, to make legal and factual findings that I think
7  is just improper.  So that's just my position of it.
8  And I will submit on that.
9          THE COURT:  Ms. Eskovitz, I keep coming back to
10 this idea that, you know, when I am asked to take
11 judicial notice of things, whatever it is I am asked to
12 take judicial notice of is in front of me.  It's not.
13 Nothing is in front of me right now.
14         MS. ESKOVITZ:  Your Honor, may I?
15         THE COURT:  Yes.
16         MS. ESKOVITZ:  So what's in front of -- the
17 record that is in front of you, your Honor, is the
18 search warrant itself with the date on it and the
19 electronic signature page that shows there's no Hobbs
20 request, no confidential informant.  That's all that is
21 in the record.
22         If there had been a Court order with findings
23 or a motion by the District Attorney to seal anything
24 post-execution of the warrant, then that would be in the
25 record.  That's why we are simply asking the Court to
26 take judicial notice.  We have no motion to oppose for
27 unsealing because these documents are already unsealed.
28 They are public.  So Mr. Jenkins asks us to do what is

1  improper.  We can't move to unseal something that is
2  already unsealed.  The Courts have held that.
3          So simply, your Honor, all we are asking you to
4  do is to take judicial notice that the search warrant
5  materials were executed and ten days after that
6  execution they are public judicial records.
7          THE COURT:  Where are those search warrant
8  materials?
9          MS. ESKOVITZ:  That's a great question, your
10 Honor.
11         THE COURT:  Okay.  That is a great question.
12 So where should I look for those things?  How far --
13 should I drive to the Sheriff's Department and look for
14 those things?  Where should I find those things?  That's
15 what I am trying to get at here.
16         MS. ESKOVITZ:  Your Honor, by law, they are
17 required to be in the court records.
18         THE COURT:  Okay.  Where are those records?
19         MS. ESKOVITZ:  Well, presumably -- I don't know
20 where the court records are.  That's exactly what we are
21 trying to get your assistance with here.
22         THE COURT:  You want me to investigate for you.
23         MS. ESKOVITZ:  No, your Honor.  We are simply
24 asking you to take judicial notice, and then we can get
25 access to them.  It's not -- we want you to take
26 judicial notice of what is in the record, which is the
27 search warrant materials, and ten days after the
28 execution they became public because there was no motion

1  or order after November 3rd.  That's all we are asking
2  you to do is to look at the records and take judicial
3  notice of their legal effect.  That's it.  From there,
4  then we are entitled to the judicial warrant materials
5  regardless of whether they are improperly being withheld
6  or not.
7          THE COURT:  I understand what you are trying to
8  do, Ms. Eskovitz.  I am trying to get you to understand
9  what you are asking me to do.  I don't have the records
10 in front of me.  It doesn't seem like it's my job to
11 drive out to the Sheriff's Department and find out what
12 they have and ask to look at them.
13         You know, normally, when people ask me to take
14 judicial notice of something, whatever it is they want
15 me to take judicial notice of is very specific.  And if
16 it happens to be a document, they put it in front of me.
17 In the Rules of Court that is a requirement.
18         In this proceeding it seems to me that what you
19 are asking me to do is order a disclosure of records
20 that you believe are public.  And then I suppose you
21 could, in this civil proceeding, ask me to take judicial
22 notice of them.  But first you want me to have them
23 disclosed.
24         MS. ESKOVITZ:  Your Honor, if I may?
25         THE COURT:  Yes.
26         MS. ESKOVITZ:  We are not asking you, in this
27 particular and very very narrow motion, to have anything
28 moved to disclose.  What we are asking you to do is to

```
 1  take judicial notice of the legal effect of the search
 2  warrant that is sitting before you.
 3           In fact, failure to take judicial notice that
 4  this search warrant is a public judicial record would be
 5  making new law.  Because you would be then -- the Court
 6  would, in effect, be saying that the Sheriff's Office
 7  can hold onto the documents and therefore get around the
 8  Court and the law.  So if the Sheriff refuses to return
 9  documents that it's required to return then the Court is
10  unable to take judicial notice of its own documents?
11  That is not the law.  That is rewarding the Sheriff for
12  evading revealing these documents.
13           But, your Honor, to be very clear, we are not
14  asking you to order any return in this motion
15  particularly before the Court today.  We are not asking
16  you to unseal anything.  We are simply asking for a very
17  narrow judicial notice of the search warrant that is
18  before you and that ten days after execution it's a
19  public judicial record.  That's the legal effect of that
20  search warrant.  There is no -- if there had been
21  Mr. Jenkins would give you any Court order, a docket
22  entry, and findings that the Court made to continue to
23  seal it after execution.
24           We are simply asking you to look at the search
25  warrant and take judicial notice of it, that it's a
26  public judicial record.  That's all we are asking you to
27  do in this particular motion so that we may begin the
28  process of seeing these documents.  But this is a very
```

```
 1  narrow motion.  And actually not taking judicial notice
 2  of the search warrant and that it's a public judicial
 3  record would be creating new law.
 4           THE COURT:  All right.  Anything else,
 5  Mr. Jenkins?
 6           MR. JENKINS:  No, your Honor.  I submit.
 7           THE COURT:  All right.  Counsel, I will take it
 8  under submission.
 9           MR. JENKINS:  Thank you, your Honor.
10           MS. ESKOVITZ:  Thank you very much, your Honor.
11           THE COURT:  All right.
12           (The proceedings are concluded.)
13                         ---o0o---
```

```
 1  STATE OF CALIFORNIA   )
                         ) ss:
 2  COUNTY OF KERN       )

 6           I, Diana L. Dyson, CSR No. 10781, Official
 7  Certified Shorthand Reporter of the State of California,
 8  Kern County Superior Court, do hereby certify that the
 9  foregoing transcript in the matter of APOTHIO LLC VS.
10  KERN COUNTY SHERIFF'S OFFICE, et al., Case No.
11  BCV-20-100711, April 30, 2020, consisting of pages
12  numbered 1 through 27, inclusive, is a complete, true,
13  and correct transcription of the stenographic notes as
14  taken by me to the best of my ability under the
15  extraordinary circumstances of remote appearances and/or
16  facial coverings in the above-entitled matter.
17           Dated this 12th day of May, 2020.
```

                                    *Diana L. Dyson*
                                    Diana L. Dyson, CSR 10781, RPR, CRR
                                    Certified Realtime Reporter
                                    Official Court Reporter

**-**

**--o0o--** 3:4

**1**

**10** 3:3,12
**1534(a)** 5:10 11:2 16:3
**1990** 16:11

**2**

**2019** 4:20
**2020** 3:1,7

**3**

**3(a)** 3:7
**30** 3:1
**3rd** 4:20 5:17 24:1

**6**

**6** 3:7

**8**

**8:30** 3:11

**A**

**ability** 3:8 7:22
**absent** 16:6
**access** 23:25
**act** 6:20 11:22
**action** 4:10 8:18 15:3
**Affidavit** 12:6,12 16:12,15
**agencies** 8:17 14:25
**agency** 7:14,22,23 8:2, 13 9:13 14:7,11,12,27 15:9
**ahead** 22:3

**alleged** 4:8
**amount** 7:20 13:23
**analysis** 8:16
**and/or** 3:10 14:12
**apologize** 19:24
**Apothio** 3:13 4:4,10, 26,27 7:5 13:6
**apparently** 16:23
**appeal** 4:27
**appearances** 3:10
**appears** 18:25
**appellate** 7:16
**appendages** 8:21
**April** 3:1,7
**arduous** 9:11
**argument** 9:15
**arrested** 13:9
**asks** 6:16 22:28
**asserted** 5:2,3
**assistance** 23:21
**attempting** 22:5
**attorney** 11:17 14:26 15:2,28 16:12 17:10,11 22:23
**Attorney's** 17:20
**authorized** 18:3
**automatically** 5:6 13:24
**aware** 18:26

**B**

**back** 5:23 22:9
**backwards** 15:28
**bad** 17:14
**BAKERSFIELD** 3:1
**balancing** 11:22
**based** 15:16 18:24 19:3
**basing** 12:6

**BCV-20-100711** 3:14
**begin** 8:16 25:27
**beginning** 6:9 21:5
**behalf** 3:26
**belief** 13:14,19 16:13, 15
**black** 11:3 16:2 17:17 18:2
**bodies** 21:2
**body** 21:1
**BRADSHAW** 3:3
**broader** 20:25
**Brumfield** 9:14 21:11
**burden** 15:27 16:19

**C**

**CA** 3:1
**calendar** 3:12
**California** 5:10 6:11 21:10
**called** 18:10
**case** 3:14 7:19 11:16 13:2,11,26 14:10,14 16:11 17:7,8,10,11 19:12,18 20:11
**check** 10:28 11:1
**checked** 10:22
**checks** 19:12
**circumstances** 3:9
**cite** 7:12
**cited** 7:19
**City** 20:21
**civil** 24:21
**clear** 5:9 16:12 19:23 25:13
**clerk** 16:24
**client** 4:16
**Code** 5:10 6:19 8:12 9:24

**comment** 13:16
**comments** 20:16
**Complaint** 13:5
**complete** 8:3 21:25
**completed** 14:5,7
**conclude** 10:18
**conclusion** 9:21 14:3 15:22
**conclusions** 10:6,12
**conduct** 9:1
**conducted** 4:6
**conducting** 7:23
**confidential** 5:2,20 20:3 22:20
**confirmation** 18:9
**conflation** 21:13
**confusing** 17:6
**considerable** 7:20
**constitute** 16:16
**Constitution** 20:28
**construed** 16:14
**context** 20:25
**continue** 25:22
**contrary** 19:5
**controlling** 5:11
**copy** 6:14
**correct** 13:10 14:23 18:21
**Council's** 5:12
**Counsel** 3:25 26:7
**counter** 16:24
**County** 3:12,13 4:5 8:19 21:8
**court** 3:7,11,12,19,22, 24 4:1,27 5:8,12,16,28 6:5,13,23,27,28 7:2,15, 20,21 8:8,16,26,27 9:6, 24,26 10:4,7,10,25,26 11:4,6,12,18,20,21,28 12:3,5,11,20,23,28 13:5,7,16 14:3,5,8,20,

APOTHIO LLC Vs. KERN COUNTY SHERIFF'S OFFICE, ET AL.
Case No. BCV-20-100711                                    Index: court's..granted

24 15:7,12,25 16:1,7,8, 18,20,22 17:3,4,5,7,16, 20,22,25 18:4,12,14,15, 19,22,27 19:1,5,9,15, 17,21,25 20:2,4,7,9,14, 16,20 21:21 22:2,9,15, 22,25 23:7,11,17,18,20, 22 24:7,17,25 25:5,8,9, 15,21,22 26:4,7,11

**court's** 6:1 7:27 9:16 15:20 18:2
**Courtcall** 3:15,17
**courts** 5:13 7:16 11:3 17:2,3 23:2
**coverings** 3:10
**creating** 26:3
**crimes** 14:1
**criminal** 7:24 13:2,20, 26 14:10 15:1 16:24 17:9,12
**crops** 4:7

**D**

**date** 22:18
**days** 4:11,20 5:21,26 7:13,28 8:5 11:17 12:1, 18 13:24 14:3 16:4 17:17 23:5,27 25:18
**debate** 16:3
**declaration** 13:11,18 14:28
**Delich** 3:20,21
**Department** 3:3,12 9:13 14:27 23:13 24:11
**deputies** 8:21
**destruction** 4:14
**destructions** 4:7
**determination** 7:7 15:7
**determine** 8:9
**disclose** 24:28
**disclosed** 24:23

**disclosure** 6:19 9:18 24:19
**discretionary** 10:23 11:1 12:17 19:26 20:6, 10
**discusses** 11:7
**dispositive** 11:24
**dispute** 4:28
**District** 11:17 15:2,28 17:10,11,20 22:23
**division** 16:24 20:28
**docket** 6:27 10:4,18 12:14,24 16:8 18:5 25:21
**Doctrine** 13:27
**document** 24:16
**documents** 5:17 6:1,8 7:10,15 11:28 22:27 25:7,9,10,12,28
**Draconian** 20:19
**drive** 23:13 24:11
**duties** 20:27 21:19
**duty** 7:14,27,28 17:20 21:16

**E**

**effect** 10:15 11:4 18:6, 8,17,26 20:14 21:10 24:3 25:1,6,19
**effective** 3:7
**effects** 17:4 18:2
**electronic** 10:21,28 19:11,27 22:19
**Emergency** 3:6
**entire** 10:2
**entitled** 24:4
**entry** 6:27 12:14,25 18:5 25:22
**equal** 21:2
**ergo** 15:23
**ERIC** 3:3

**Eskovitz** 3:17,18,27 4:2,4 6:7,21 9:26,27 10:9,17 12:4,8,13 13:4, 6,10,22 14:22 15:25,26 16:22,27 18:8,21 19:9, 10,15,16,20,23 20:5,8, 24 22:9,14,16 23:9,16, 19,23 24:8,24,26 26:10
**evading** 25:12
**evidence** 5:19 10:20 13:12,15 14:16,23 15:4 16:14
**evidentiary** 14:19
**examine** 16:8
**exception** 17:8
**Excuse** 10:9,10
**executed** 4:18,21 5:4 10:24 11:3,18 16:2,5 23:5
**executing** 4:12
**execution** 4:16 5:7,22 12:2,15,16,18 17:18 19:13 20:12 23:6,28 25:18,23
**executive** 14:1 21:2
**exist** 4:17 15:15,23 16:9 18:16
**existed** 7:8 9:16
**exists** 7:27 10:5,24 14:21 19:25,26
**expired** 5:14 11:2
**explicitly** 9:2
**explored** 14:24
**expounding** 7:21
**expressly** 16:4
**extraordinary** 3:9

**F**

**face** 9:8 13:27 18:24 19:3 21:3
**facial** 3:10
**facie** 16:17

**fact** 7:21 8:25 11:16,22, 24 12:24 14:4,17,21 16:28 19:18 25:3
**factual** 4:28 9:6 10:5 14:19 15:16 16:16,19 17:28 22:6
**failed** 5:19
**failing** 5:25
**failure** 25:3
**farmers'** 4:7
**fashion** 11:8 16:21
**feedback** 22:2
**file** 9:22 16:25 21:15
**filed** 4:10 7:5 12:7 13:5 17:23
**find** 23:14 24:11
**finding** 8:10 15:16 20:15 21:23
**findings** 4:27 9:7 10:5 11:21,27 12:20,22,25 14:20 16:7,19 17:28 19:25 22:6,22 25:22
**follow** 5:13
**forward** 8:13 13:14
**found** 11:20
**foundation** 16:16
**front** 22:12,13,16,17 24:10,16
**function** 14:1,8
**functions** 21:2

**G**

**give** 16:24 25:21
**good** 3:18,19,23,24 4:3 7:3
**Government** 4:11 5:4, 7,15 6:19 8:12,18,22 9:23 11:26 12:4 13:14 16:20 20:11 21:14
**granted** 10:23 18:27 19:12,19,28 20:2,5

---

APOTHIO LLC Vs. KERN COUNTY SHERIFF'S OFFICE, ET AL.
Case No. BCV-20-100711                                    Index: granting..negative

**granting** 12:17
**great** 23:9,11
**guess** 13:9 14:8,10
**guidance** 18:12

**H**

**hand** 8:15
**happen** 11:23,25
**happened** 9:25 11:19 12:23 21:21,22,26
**happy** 6:4
**hear** 3:25
**heard** 9:15
**hearing** 3:5,8 7:6
**held** 17:2,7 23:2
**history** 4:7
**Hobbs** 5:1,5,11 20:1,10 22:19
**hold** 8:7 10:7 25:7
**holding** 11:12 17:7
**Honor** 3:18,21,23,28 4:3 6:3,26 7:3 9:27 10:17 12:8,13,27 13:4, 10,18 15:14,26 16:27 17:21,26 18:21,24 19:16,24 20:17 22:14, 17 23:3,10,16,23 24:24 25:13 26:6,9,10
**HONORABLE** 3:3
**hundreds** 4:13

**I**

**idea** 22:10
**impede** 7:21
**improper** 9:8,21 22:7 23:1
**improperly** 24:5
**included** 4:13
**independent** 21:1
**Indictment** 9:4

**indisputably** 4:24
**individual** 14:10
**informant** 5:2 20:3 22:20
**information** 5:20 13:13,19 16:13,15 19:4, 6
**inherent** 8:26,28
**instance** 14:22
**interest** 8:22 9:3
**interested** 9:10 21:17
**interfere** 13:28
**interpretation** 7:26 13:26 14:2 20:19,22
**interview** 4:15
**invalid** 8:11
**investigate** 23:22
**investigating** 14:12 15:5,10
**investigation** 7:24 8:3 13:13,15,21 14:6,7 15:1 17:9,12,23
**irrelevant** 11:9
**issue** 15:6 16:10
**issued** 14:28
**issues** 8:28

**J**

**Jenkins** 3:22,23 7:2,3 11:7,15 13:16,18 15:27 16:13 17:6 18:22,24 19:1,3,6,8,10 20:16,17 22:4,28 25:21 26:5,6,9
**Jenkins'** 13:11
**job** 24:10
**Joseph** 3:20
**Judge** 3:3 9:14 21:11
**judicial** 4:19,24,25 5:6, 12,17 6:1,3,6,14,15,16, 24,28 7:9 9:7 10:6,26 11:11,13 22:1,12 12:2,9,19,24 13:24,25 14:18,19

15:18,19,23 16:8,28 17:1,3,4,25,26 18:1,5,7, 15,16,18 19:17 20:2,9, 13,15 21:6,8,12,23 22:5,11,12,26 23:4,6, 24,26 24:2,4,14,15,21 25:1,3,4,10,17,19,25,26 26:1,2
**judicially** 8:6 15:8
**judiciary** 13:28 21:1
**justification** 5:18

**K**

**Katherine** 3:17,27 4:4
**keeping** 8:22
**Kern** 3:12,13 4:5 8:19 21:9

**L**

**largest** 4:6
**law** 4:11,19 10:28 11:2, 3 12:18 13:26 14:8 16:3,14 17:17 18:3 21:20 23:16 25:5,8,11 26:3
**lead** 9:20
**led** 10:12 13:8
**legal** 4:28 8:10 9:6 10:5,12,19 11:4 15:16, 21 17:4 18:2,17 20:14 22:6 24:3 25:1,19
**lets** 6:7
**letter** 11:3 16:2 17:17 18:3
**lies** 15:19
**limitation** 17:14
**limitations** 6:10
**limited** 17:19
**local** 9:12
**logical** 14:3
**looked** 7:17

**M**

**made** 4:15 12:22,26 15:7 16:13,15 25:22
**make** 8:10 9:6 10:5,11 14:19,20 15:16,21 16:18,20 17:28 21:5,22, 25 22:6
**makes** 14:20
**making** 9:18 25:5
**Mandate** 21:15
**mandated** 5:13
**Manual** 5:12
**masqueraded** 21:6
**materials** 4:13,23 5:6, 21 6:9,12 16:1,5,18 17:1,25 18:10,16 23:5, 8,27 24:4
**matter** 11:10,13 16:14
**means** 15:22
**misdemeanor** 4:9 5:21
**misstated** 19:24
**months** 4:5
**morning** 3:2,18,19,23, 24 4:3 7:3
**motion** 4:26 7:5 8:15 9:7,9,21,22 11:9 12:28 14:13,17 16:9,21 21:16, 28 22:4,23,26 23:28 24:27 25:14,27 26:1
**move** 5:15 9:28 16:1 23:1
**moved** 5:8 11:18 20:11 24:28
**moving** 11:20

**N**

**named** 8:19,21
**narrow** 24:27 25:17 26:1
**negative** 18:14

---

APOTHIO LLC Vs. KERN COUNTY SHERIFF'S OFFICE, ET AL.
Case No. BCV-20-100711                                    Index: notice..revealing

**notice** 4:25 6:1,6,14,15, 17,24,28 7:9 9:7 10:6, 26 11:4 12:24 13:25 14:18,21 15:20,24 16:8, 10,28 17:3,4,26 18:1,5, 7,15 19:17 20:2,9,15 21:7,8,12,23 22:6,11, 12,26 23:4,24,26 24:3, 14,15,22 25:1,3,10,17, 25 26:1
**noticeable** 15:8
**noticed** 8:7 15:18,19 21:18,24
**noticing** 9:10
**notion** 14:17
**November** 4:20 5:17 24:1
**number** 12:15

**O**

**occur** 8:5
**occurred** 7:28
**occurs** 7:28
**offered** 12:7
**Office** 3:14 4:6 8:20 18:11 25:6
**officer** 14:19
**official** 5:20
**on-the-court** 16:6
**on-the-record** 4:26 11:21,26 12:20,22,25 16:7
**ongoing** 13:12,20 14:6 15:1 17:9,12,22
**Oppel** 16:11
**opportunity** 11:27 21:25
**oppose** 4:26 22:26
**order** 5:5 6:2 8:11 10:13,19,25 16:10 18:18,20,23,25,26,27 19:2,7,22 21:5,10 22:22 24:1,19 25:14,21

**outweighed** 9:18
**oversee** 9:1

**P**

**parties** 8:19 9:10 21:15,16,17,19
**parts** 17:21
**party** 9:28 21:24
**Penal** 5:10
**people** 5:11 16:11 24:13
**Petitioner** 3:26 4:4 8:17 9:5,22
**Phillip** 3:22
**photographs** 4:14
**plead** 6:11
**point** 7:6 9:2 10:2 11:16,20 13:22,25 14:14 18:13
**police** 7:14,22 8:2
**political** 21:9
**position** 10:3 18:4 22:7
**possibility** 8:13
**possibly** 9:14
**post-execution** 12:26 22:24
**power** 8:26,28 20:28
**Powers** 13:27
**pre-execution** 11:1 12:17 20:6,10
**precarious** 10:2
**precedent** 5:11
**premise** 8:4
**present** 18:27
**presented** 15:4 20:24
**prima** 16:17
**prior** 9:3
**privilege** 5:1,2,3 9:17 17:8

**privileged** 8:14
**probable** 4:8
**problem** 6:26 7:4 15:19 20:18
**proceed** 4:1
**proceeding** 16:23 24:18,21
**process** 9:1 15:10 25:28
**proper** 10:6 14:25
**properly** 4:21
**proposition** 14:15
**prosecuting** 7:23 8:1 9:13 14:1,7,11 15:9
**prosecutor** 9:2
**prosecutory** 7:22
**prove** 18:14
**provide** 5:19 13:14
**provided** 12:9
**PSC** 7:19 8:24 11:15,24 17:6
**public** 4:19,24 5:6,16, 28 6:3,20 7:11 8:6,9,17 9:3,18 11:13 12:2,9,19 13:25 14:9 15:8 16:5 17:1 18:6,7,17 20:13 21:5 22:28 23:6,28 24:20 25:4,19,26 26:2
**publicly** 15:7,18
**put** 5:22 24:16

**Q**

**question** 19:21 23:9,11
**questions** 6:4

**R**

**reasonable** 20:25
**recently** 20:20
**record** 3:11 4:28 6:27 7:1 8:27 10:20,25 11:19 12:10 14:16,24,26 16:6

17:19,21 18:5,6,7 20:6 21:25 22:17,21,25 23:26 25:4,19,26 26:3
**recording** 4:15
**records** 4:17,19,24 5:7, 8,12,16,28 6:3,19,20, 24,25 7:5,11 8:6,9,11, 14,17,23 9:3,9,15,16,19 10:1,13 11:4,11,13 12:2,19 13:23,24,25 14:4,9 15:7,8,14,17,18, 21 16:5 17:2,5,22,25,27 18:2,16,18 20:12,13,14 21:5 23:6,17,18,20 24:2,9,19
**recourse** 5:24,26 7:18
**redactions** 17:19
**referring** 19:10
**refuses** 25:8
**regular** 9:9
**rejected** 17:16
**relies** 11:15
**remain** 15:11
**remedy** 9:23
**remote** 3:9
**reported** 3:5,8
**request** 6:5,14 12:12, 14,21,25 21:6,11 22:20
**requested** 19:27,28 20:1
**require** 14:18
**required** 23:17 25:9
**requirement** 24:17
**requisite** 16:16
**resolved** 15:6
**Respondents** 5:19,24
**return** 4:12 5:25 7:14, 15,16 11:8 14:5 17:13 25:8,9,14
**returned** 4:9,22 5:28 11:11,14
**revealing** 25:12

---

APOTHIO LLC Vs. KERN COUNTY SHERIFF'S OFFICE, ET AL.
Case No. BCV-20-100711                                    Index: reward..warrant

**reward** 5:27
**rewarding** 25:11
**routinely** 11:3 17:3
**Rule** 3:6
**Rules** 24:17
**runs** 17:14 21:3

**S**

**sat** 9:14
**Saunders** 11:5
**seal** 5:8,15 6:22,26 7:7 8:26 10:19,22,23 11:1, 18,21 12:12,14,17,21 16:1,10,17,21 17:18,21 19:12,18,26,27,28 20:1, 6,10,11,12 21:12 22:23 25:23
**sealed** 4:18 8:23 10:1 11:23 12:1 15:11 17:12 18:11,13
**sealing** 4:26 5:18 6:2 8:11 10:13 12:25 18:18, 20,22,25 19:2,6,22
**search** 4:8,9,12,23 5:5 6:8,25 16:1,17 17:14 18:10,15 19:14,19 22:18 23:4,7,27 25:1,4, 17,20,24 26:2
**sealing** 21:9
**Section** 5:10
**seek** 9:22 14:12
**seeking** 21:17
**sensitive** 17:22
**Separation** 13:27
**serve** 15:2
**served** 7:13 9:12 14:25
**SESSION** 3:2
**Sheriff** 4:21 5:25 6:22 8:20 11:12 17:23 25:8, 11
**Sheriff's** 3:13 4:6 8:20 9:13 14:27 18:10 23:13 24:11 25:6

**show** 6:23
**showing** 16:17
**shows** 22:19
**sic** 19:6
**sign** 19:19
**signature** 10:22,28 19:11,27 22:19
**significant** 13:23
**simple** 15:13
**simply** 5:22 6:7,12,23, 28 10:4 12:23 14:21 16:7,20 17:11,26 18:1 19:11 20:8 22:25 23:3, 23 25:16,24
**single** 17:10
**sitting** 15:2
**smacks** 13:27
**sources** 5:9
**speak** 3:26
**specific** 21:15,16 24:15
**specifically** 17:7
**specificity** 6:11
**spent** 7:20 13:22
**State** 21:9
**statute** 4:22 6:10 7:12 17:14
**statutory** 7:26 20:19, 21
**stop** 19:1
**subdivision** 21:9
**subject** 4:25
**submission** 26:8
**submit** 22:8 26:6
**submitted** 7:10 14:4, 28
**sufficient** 14:16
**Superior** 3:12
**support** 12:7 14:17
**suppose** 24:20

**Supreme** 20:20
**surmise** 7:25
**surprise** 19:13
**system** 9:24

**T**

**takes** 6:24 14:21
**taking** 3:13 7:25 18:7 26:1
**talked** 8:24,25
**talking** 10:21
**ten** 4:11,20 5:21,25 7:13,28 8:4 12:1,18 13:24 14:3 16:4 17:17 23:5,27 25:18
**thing** 6:14 10:21,24 12:16 19:24,26 20:5
**things** 8:23 9:20 15:15, 17 16:25 20:23 21:12 22:11 23:12,14
**THURSDAY** 3:1
**time** 4:16 5:14 7:20 8:2 13:23
**timely** 11:8 16:21
**times** 8:1
**today** 8:8 14:16 15:6 25:15
**told** 6:21 13:19,20
**toothpaste** 5:23
**torts** 6:11
**totality** 7:26 20:22
**Trial** 5:12
**true** 6:23 15:23 20:25
**tube** 5:23
**turn** 15:21
**two-step** 11:22
**type** 7:9 8:16 13:26
**typically** 21:23

**U**

**U.S.** 4:7
**ultimately** 15:5
**unable** 25:10
**underlying** 15:3
**understand** 24:7,8
**undisputed** 5:1,10 10:20 17:16
**undo** 10:14
**unseal** 7:5 9:28 21:5 23:1 25:16
**unsealed** 22:27 23:2
**unsealing** 9:9 22:27
**unusual** 6:16 9:11 21:28 22:4
**Upland** 20:21

**V**

**vacuum** 20:23
**valid** 7:7 9:17 20:15
**vehicle** 22:5
**videoconference/telephone** 3:6
**view** 7:27 20:19,21 21:3,20
**voluntary** 4:15

**W**

**Wait** 10:8
**walk** 16:23
**warrant** 4:8,9,12,17,20, 22,23 5:4,6,21,22,25,27 6:8,25 7:13,16 8:27 9:1 10:22,24 11:2,6,8,17 12:7,15,16,26 13:8 16:1,2,4,18 17:1,7,13,18, 24 18:10,15,25 19:4,11, 13 20:12 22:18,24 23:4, 7,27 24:4 25:2,4,17,20, 25 26:2

APOTHIO LLC VS. KERN COUNTY SHERIFF'S OFFICE, ET AL.
Case No. BCV-20-100711

Index: warrants..year

| | |
|---|---|
| **warrants** 8:28 19:19 | |
| **water** 8:7 | |
| **withheld** 24:5 | |
| **word** 8:18 | |
| **words** 20:3 | |
| **works** 21:24 | |
| **Writ** 21:14 | |
| **Y** | |
| **year** 17:13 | |

Superior Court of the State of California
County of Kern                    May 13, 2020 10:05AM