# EXHIBIT C

1            SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                IN AND FOR THE COUNTY OF KERN

3                     METROPOLITAN DIVISION

4            HON. MARAL INJEJIKIAN, JUDGE, DEPARTMENT 15

5                          --oOo--

6            **CERTIFIED TRANSCRIPT**

7                                    )
     APOTHIO, LLC,                   ) VOLUME 1 OF 1
8                                    )
              Plaintiff,             ) Pages 1 - 18
9                                    )
                                     ) Case No. FP004533A
10           vs.                     )
                                     )
11                                   ) Bakersfield, California
     COUNTY OF KERN,                 )
12                                   ) JUNE 16, 2020
              Defendant.             )
13   _____        )
                                     )
14   And Related Cross-Actions.)
     _____        )

15

16           REPORTER'S TRANSCRIPT OF PROCEEDINGS

17                        APPEARANCES:

18   For the Plaintiff      ROCHE CYRULINK FREEDMAN
     APOTHIO, LLC:          By:  RICHARD CIPOLLA, Esq.
19   (Appearing            KATHERINE ESKOVITZ, Esq.
     telephonically)       249 16th Street
20                         Santa Monica, California 90402

21   For the Defendant      Kern County Counsel
     COUNTY OF KERN:       By:  PHILLIP JENKINS, ESQ.
22                         1115 Truxtun Avenue
                           Bakersfield, California 93301
23

24   For the People:        Kern County District Attorney
                           By:  KRISTINA GANNON, Deputy
25                         1215 Truxtun Avenue
                           Bakersfield, California 93301

26

27   Reported By:           Paulina Iturriria, CSR No. 14289
                           Official Court Reporter

28

APOTHIO vs .
Case No. FP004533A                                                          Page 2

1                              SESSIONS

2                                                              PAGE

3    TUESDAY, JUNE 16, 2020
        MORNING SESSION                                          3
4
        MOTION                                                   3
5

6    TUESDAY, JUNE 16, 2020
        AFTERNOON SESSION                                        5
7
        CONTINUED MOTION                                         5
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

```
 1              BAKERSFIELD, CA; TUESDAY, JUNE 16, 2020
 2                         MORNING SESSION
 3         DEPARTMENT 15  HON. MARAL INJEJIKIAN, JUDGE
 4                            --o0o--
 5         THE COURT:  In the matter of -- is it Apothio?
 6         MR. JENKINS:  Yes, Your Honor.
 7         THE COURT:  LLC.  FP004533A.  Your
 8   appearances, please.
 9         MR. JENKINS:  Good morning, Your Honor.
10   Phillip Jenkins, Deputy County Counsel, on behalf of
11   County of Kern, I guess.
12         MS. GANNON:  And Kristina Gannon, Deputy
13   District Attorney, appearing with the county.
14         MR. JENKINS:  Your Honor, if I may.  This is
15   an unusual motion, and I don't -- I think counsel is
16   supposed to be on court call.  So if Your Honor would
17   set this --
18         THE COURT:  It's to release search warrant
19   materials.
20         MR. JENKINS:  Yes, Your Honor.
21         THE COURT:  Okay.
22         MR. JENKINS:  I think it would be best to set
23   this over for the afternoon, and we could call counsel
24   so that they can -- you can entertain argument.  We
25   filed an opposition to this, Your Honor, the county did,
26   and so I think that --
27         THE COURT:  So we're just trailing to 1:30?
28         MR. JENKINS:  At this point, now, yes.
```

```
 1              THE COURT:  All right.

 2              MR. JENKINS:  Thank you, Your Honor.

 3              THE COURT:  All right.  We'll be in recess

 4   until 1:30, then.

 5              (Whereupon, the matter was trailed to the

 6              afternoon session.)

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

```
 1              BAKERSFIELD, CA; TUESDAY, JUNE 16, 2020

 2                        AFTERNOON SESSION

 3          DEPARTMENT 15  HON. MARAL INJEJIKIAN, JUDGE

 4                            --o0o--

 5          THE COURT:  Apothio LLC.  Recalling from this

 6    morning.

 7              MS. GANNON:  I think we have to call the other

 8    party.

 9              THE COURT:  Hello.  Can you hear us?

10              MS. ESKOVITZ:  Good morning, Your Honor.

11              THE COURT:  Well, it's good afternoon, but,

12    hi.  We're calling the motion on the Apothio LLC matter.

13              MS. ESKOVITZ:  Yes.  Your Honor, my colleague

14    Richard Cipolla is prepared -- with the Court's

15    permission, he's prepared to argue today if he's on the

16    line.

17              THE COURT:  Okay.  So he's handling it instead

18    of you?

19              MS. ESKOVITZ:  If that's all right with Your

20    Honor, yeah.  He's prepared to argue today.

21              THE COURT:  Okay.  Thank you.

22              MR. JENKINS:  Good afternoon.  Phillip Jenkins

23    on behalf of the County of Kern.

24              THE COURT:  We're calling -- the other

25    attorney.  Mr. Cipolla, can you hear me?

26              MR. CIPOLLA:  Yes, I can, Your Honor.

27              THE COURT:  Good afternoon.  I'm calling the

28    Apothio LLC matter, FP004533A.  I need everyone's
```

1   appearances, please, starting with you, sir.

2           MR. CIPOLLA:  Richard Cipolla on behalf of

3   Apothio LLC.

4           MR. JENKINS:  Good afternoon, Your Honor.

5   Phillip Jenkins on behalf of County of Kern.

6           MS. GANNON:  Kristina Gannon on behalf of the

7   D.A.'s office.

8           THE COURT:  I'm going to ask that everybody

9   speak up.

10          Go ahead.

11          MR. CIPOLLA:  Thank you.  And good afternoon,

12  Your Honor.  For almost eight months now, we have been

13  trying to obtain the probable cause activated and other

14  search warrant materials that allege misdemeanor

15  investigation.  A misdemeanor investigation in which no

16  arrests have been made or charges dropped.  Our request

17  should be simple because each such warrant material

18  should all be open court records by now.  Kern County is

19  unlawfully withholding materials to cover up their

20  unlawful destruction of 500 acres of legal crops.

21  Apothio uses this hemp to research, among other things,

22  epilepsy treatment for children and for Cerro Coso

23  Community College.

24          Now, we have tried everything to get the

25  search warrant materials, but the county just keep

26  laying out hoops for us to jump through.  When we ask

27  for the materials, the county claims they are placing

28  them under seal and we should go to court.  Although

 1  the county --
 2          THE COURT:  I'm sorry.  They claim -- wait.
 3  Wait.  Wait.  When you ask for the materials, the county
 4  claims what?
 5          MR. CIPOLLA:  They are completely sealed.
 6          THE COURT:  I'm not understanding.
 7          MR. CIPOLLA:  When we ask the county for a
 8  copy of the search warrant materials that they used to
 9  search our client's crops, they say all the materials
10  are sealed so they can't give them to us.
11          THE COURT:  Sealed.  Okay.  Got it.
12          MR. CIPOLLA:  Sealed.  Yes.  But they don't
13  point to any sealing order or even a docket number for a
14  seal, even though it's been eight months since they
15  executed the warrant and destroyed Apothio's crops.  So
16  when we went to court seeking judicial notice of the
17  search warrant materials were not sealed, Kern County
18  could not produce the documents and argued that we
19  should have instead filed an unsealing motion.
20          Then when we filed this motion to release the
21  amended warrant materials, Kern County changes tune and
22  argues that it's procedurally improper.  Then we filed a
23  mandamus petition for the return of warrant materials.
24  Kern County argued that there's no redress for the late
25  return of a warrant, and then only yesterday produced an
26  unsubstantiated, self-serving statement that something
27  was returned, but won't and can't justify what was
28  returned.  And now in our federal case for redress for

1   the county's violation of Apothio's rights, the county

2   is throwing our lack of access to the warrant back in

3   our face.  Last Friday, they moved to dismiss on the

4   basis that we don't have the probable cause affidavit,

5   even while arguing to this Court, this motion, that we

6   could obtain the affidavit in discovery in the federal

7   case.

8             So, Your Honor, my goal is simple today.  We

9   just want to determine whether the search warrant

10  materials are sealed and then proceed accordingly.  If

11  the materials are not sealed, the Court should make them

12  public like any other judicial record.  If they are

13  sealed, we're moving to unseal them and Kern County has

14  the burden to justify the seal.  And our position is

15  that they are not sealed because there's no evidence

16  that a judge made any post-execution findings justifying

17  any seal.  But, Your Honor, the narrow question today is

18  whether the search warrant materials are currently under

19  seal, and if they are under seal, that they should

20  remain under complete seal, be partly redacted, or made

21  public in their entirety.  Rather than addressing these

22  questions and despite having months to show these

23  materials are sealed or should be completely sealed, the

24  county is playing procedural games with one goal in

25  mind, to delay the release of who is responsible.  And

26  at the end of the day, if the sheriff or county counsel

27  or the D.A. was so worried about the search warrant

28  material becoming public, they could've come to court

1   and moved to seal the materials at any time in the last

2   eight months.  They haven't, and it's too late to do so

3   now.

4            THE COURT:  Okay.

5            MR. CIPOLLA:  At this point, I'm happy to

6   answer any questions you want to ask me.

7            THE COURT:  Not right now.  Hold on.  Let's

8   see what they have to say.  Go ahead.

9            MR. JENKINS:  Good afternoon, Your Honor.

10  Phillip Jenkins on behalf of the County of Kern.

11           Your Honor, this motion is improperly before

12  this Court.  As counsel on the phone stated, he has

13  initiated two civil actions against the county.  One

14  specifically against the sheriff's office, and one

15  against the sheriff's office -- one in state court and

16  one in federal court, Your Honor.  He's requesting that

17  today Your Honor not just unseal records but that we

18  produce these records and verify these records.  While

19  he requested that from Your Honor, he's also -- we have

20  pending discovery in those civil matters.  There's a

21  case that I cited in my opposition to this, Your Honor,

22  which states that a party which goes to a Superior Court

23  and chooses one department should stick within that

24  department.  If this Court were today require the county

25  to produce these records, you would rob us of our rights

26  in the discovery act under the civil court, and that's

27  improper.  As to whether or not these records are -- as

28  to whether or not these records are sealed or

 1   privileged, Judge Bradshaw, who is hearing the state

 2   matter before him, he previously denied a motion by

 3   counsel which sought to make a declaration that the --

 4   that the records were not sealed, and then also that

 5   they were judicially noticeable.  He denied that motion

 6   in its entirety.  When a Court does that, they deny the

 7   motion, they deny every single prayer or request.  Judge

 8   Bradshaw didn't issue a formal order which detailed his

 9   reasoning, he just said the motion is denied.  Part of

10   that motion was to unseal those records.  It's improper

11   for them to come back to a different judge to say,

12   Judge, can you determine --

13          THE COURT:  I'm sorry.  If I could interrupt.

14   Let's take one step at a time.  He's saying he doesn't

15   even know that they are sealed.  On what do you base

16   your contention that they are?

17          MR. JENKINS:  Your Honor, I think he's

18   misstating the county's contention.  The county has said

19   over and over again that these records, on the face of

20   the search warrant that was issued by Judge Brumfield,

21   there's a sealing order on that face.

22          THE COURT:  There is?

23          MR. JENKINS:  It says sealed requested, sealed

24   granted.  Yes.  That was before Judge Bradshaw.

25          THE COURT:  Counsel, do you not have that?

26          MR. CIPOLLA:  Your Honor, we have three pages

27   of a warrant and a signature page.  On the signature

28   page says Hobbs sealed, requested no.  And granted no.

1    And then it has the separate entry that says seal

2    granted -- seal requested yes.  And seal granted yes.

3    But our understanding is that seal granted entry means

4    that it was sealed in -- at the discretionary time

5    period from when it's executed so that the subject of

6    the warrant isn't aware that the search warrant is

7    coming.  So it's only in the discretionary time period,

8    and that there's no order that you would expect making

9    findings about why its seal is necessary in this case,

10   especially for materials that did not exist yet before

11   the search warrant was conducted, such as photos or test

12   results of the day of the search.

13           MR. JENKINS:  Your Honor, if I could continue.

14           THE COURT:  Go ahead.

15           MR. JENKINS:  My argument before Judge

16   Bradshaw was simply Judge Brumfield issued a sealing

17   order the matter should go back before her to see what

18   the nature of the sealing order that was.  But

19   subsequent to that, on information I believe I put

20   before Judge Bradshaw that there's an ongoing criminal

21   investigation into this matter, meaning that even if the

22   records are not sealed, they are privileged under

23   Evidence Code 1040, and it would be improper for the

24   Court under the separation of powers document to tell

25   the district attorney to expedite an investigation into

26   crimes whether it's a misdemeanor or a more serious

27   crime at which we don't know at this time because the

28   D.A. has not made a determination as to charges, and so

1   I think it would be improper.

2        I already referred Judge Bradshaw that it

3 would be improper for the court to release these records

4 wherein they are being used as a part of an ongoing

5 investigation.

6        And all that is to say, Your Honor, that today

7 we're before you for something that has been previously

8 decided, but more importantly, if the Court were to say

9 today for the sheriffs to put -- the request is only

10 that you find that these records are not sealed but also

11 that the sheriff's department produce them today and

12 verify them as authentic or authenticate them.  That's

13 another way of saying, in civil discovery, produce these

14 records and provide verification that they are true.

15        Discovery is pending in this case, which I

16 attached in my opposition, which is not due until

17 tomorrow.  If the Court were to order us to do that

18 today, what you would be doing is robbing the county of

19 its rights under the discovery act to object to these

20 things on privileged basis, and I think the problem for

21 plaintiff's counsel or for district's counsel in this

22 instance is that the criminal investigation is just not

23 moving quick enough for them, but the reality is that

24 they have sued the county in two separate venues, which

25 have discovery process, which they can avail themselves

26 of, but what they are trying to do is circumvent those

27 processes, come to criminal court, which I think is

28 improper, and it's just not an efficient use of anyone's

 1    time and resources in this matter.

 2            THE COURT:  Anything for you?

 3            MS. GANNON:  As a representative for the

 4    District Attorney's office, the case is still pending

 5    within our office.

 6            THE COURT:  Nothing has been filed yet?

 7            MS. GANNON:  Nothing has been filed and

 8    nothing has been rejected.

 9            THE COURT:  Okay.  Anything else for you,

10    counsel?

11            MR. CIPOLLA:  Your Honor, if I may quickly --

12    I want to point out that whether there's discovery due

13    in the mandamus proceeding tomorrow, these are court

14    records which are subject to highly different rules and

15    here there are no procedural concerns as laid out in the

16    briefing.  First and chiefly, practically, we're here

17    because Judge Bradshaw told us to come here in the

18    mandamus proceeding.  When we had the hearing on the

19    judicial notice motion, he commented that he didn't have

20    any warrant material in front of him so he couldn't take

21    notice on whether the contents within the materials were

22    sealed or not.  And then he denied the motion in its

23    entirety, but in a minute entry, with absolutely no

24    finding.  So to say that he denied this motion and we're

25    trying to run around it is disingenuous because, as the

26    county knows, before we filed this motion, we called

27    Judge Bradshaw's chambers and asked to file it before

28    him, and he said no, go to the criminal division and

1    file it there.  So we're here because he told us to be

2    here.  They told us to come there, and the kind of cases

3    that county counsel is talking about with concerns

4    involve a much more direct conflict with the same exact

5    proceedings.  So, for example, in the main case they

6    cite, on the same day, one judge set a trial date in the

7    matter, while another judge dismissed the case for

8    failing to set a trial date.  That kind of conflict we

9    agree might require dismissal of this case, but that is

10   not the kind of conflict we have here where we're

11   discussing whether the Court should unseal or dismiss

12   its own records.

13          MR. JENKINS:  And just for the record, Your

14   Honor, I would point out that counsel has stated that he

15   had a conversation with Judge Bradshaw to file this

16   motion here.  County counsel wasn't a part of any

17   conversation with Judge Bradshaw as to where this motion

18   should be filed.  Counsel has quoted me from previous

19   argument.  I just also point out in the recent case the

20   Fifth District Court of Appeals has stated that

21   arguments of counsel are not -- have no weight and are

22   of no value.  So to try to use my previous statements

23   and/or ex-parte communication with a judicial officer as

24   to what should be filed I think is improper, in and of

25   itself, but in that case --

26          THE COURT:  So you are saying you were not a

27   party to any conversation with Judge Bradshaw where he

28   said that you ought -- that he ought to bring this here?

1          MR. JENKINS:  That's correct, Your Honor.  And

2     that case --

3          THE COURT:  Or anyone else in your office?

4          MR. JENKINS:  Well, no.  No one else.  I'm the

5     person on the case.  No one else was involved in that

6     conversation, nor was our office involved in any

7     conversation that I believe they had with Judge

8     Brumfield about whether or not there was a sealing

9     record on these records.  And the case that I was

10    referencing was Kern County versus Alta Sierra Holistic

11    Exchange Service that the Fifth District just recently

12    said that our arguments in court have no value or no

13    weight, right?  So it's up to counsel to pursue its own

14    case.

15          All this is just to say that the principle is

16    of having -- going to one department as Judge Bradshaw

17    is the one overseeing the state civil matter, right?

18    Therefore, he knows and he's aware of all the parties

19    and rights and privileges.  If there are going to be

20    documents that are being requested of a represented

21    party in another court, it would make sense that it

22    would go in front of Judge Bradshaw; therefore, he can

23    make -- he can judge the rights and privileges of each

24    party.  So I think it's all improper and just --

25          THE COURT:  I'm not sure why he would say to

26    anybody that it should be brought here.

27          Counsel, anything for you?

28          MR. CIPOLLA:  Yes, Your Honor.  To be clear,

1   last Friday, we had a case management conference before

2   Judge Bradshaw and he offered, unsolicited, that he was

3   aware that this hearing was happening today.  He did not

4   complain about it.  He didn't say, why did you bring

5   that motion here?

6            THE COURT:  Wait.  Wait.  Wait.  Wait.  But

7   that's very different than you ought to take it to the

8   criminal court.

9            MR. CIPOLLA:  Well, we asked him -- to be

10  clear, we asked for a hearing date on this motion for

11  him, and he said, go to criminal case -- in his chambers

12  he said, go to criminal court.  I agree, Judge

13  Bradshaw -- opposing counsel wasn't part of that

14  conversation, but our understanding is the state rules

15  are we have to get a hearing date before we file a

16  motion.  So we called to get the hearing date, and they

17  said, don't file it here.  File it in criminal court.

18           MR. JENKINS:  I would just point out the

19  proper procedure is to call the clerks office, not a

20  judge's personal staff or judge.

21           THE COURT:  You know, if that's -- if that's

22  his position, I would like him to state it with all

23  parties present so that everyone can argue their

24  viewpoint, and I'm not going to grant this at this time.

25  Anything --

26           MR. JENKINS:  Understood, Your Honor.

27           THE COURT:  Anything else for anybody's

28  records?

1   MR. CIPOLLA:  No.  Thank you, Your Honor.

2   THE COURT:  Thank you.

3   MR. JENKINS:  Thank you, Your Honor.

4   (Whereupon, no further proceedings were heard

5   in this matter on this date.)

6                    --o0o--

APOTHIO vs .
Case No. FP004533A                                                    Page 18

```
 1  STATE OF CALIFORNIA    )
                           )  SS.
 2  COUNTY OF KERN         )

 3

 4

 5

 6          I, Paulina Iturriria, CSR No. 14289, Official

 7  Court Reporter of the Superior Court of the State of

 8  California, County of Kern, do hereby certify that the

 9  foregoing transcript in the matter of APOTHIO, LLC vs.

10  COUNTY OF KERN, Case No. FP004533A, JUNE 16, 2020,

11  consisting of pages numbered 1 through 18, inclusive, is

12  a complete, true, and correct transcription of the

13  stenographic notes as taken by me in the above-entitled

14  matter.

15

16

17          Dated this 22nd day of June, 2020.

18

19

20

21

22          _____

23          Paulina Iturriria, CSR No. 14289
            Official Court Reporter

24

25

26

27

28
```

APOTHIO vs .
Case No. FP004533A

Index: --o0o--..crops

**-**

--o0o-- 3:4 5:4

**1**

1040 11:23
15 3:3 5:3
16 3:1 5:1
1:30 3:27 4:4

**2**

2020 3:1 5:1

**5**

500 6:20

**A**

absolutely 13:23
access 8:2
acres 6:20
act 9:26 12:19
actions 9:13
activated 6:13
addressing 8:21
affidavit 8:4,6
afternoon 3:23 4:6 5:2,
11,22,27 6:4,11 9:9
agree 14:9 16:12
ahead 6:10 9:8 11:14
allege 6:14
Alta 15:10
amended 7:21
and/or 14:23
anybody's 16:27
anyone's 12:28
Apothio 3:5 5:5,12,28
6:3,21

Apothio's 7:15 8:1
Appeals 14:20
appearances 3:8 6:1
appearing 3:13
argue 5:15,20 16:23
argued 7:18,24
argues 7:22
arguing 8:5
argument 3:24 11:15
14:19
arguments 14:21
15:12
arrests 6:16
attached 12:16
attorney 3:13 5:25
11:25
Attorney's 13:4
authentic 12:12
authenticate 12:12
avail 12:25
aware 11:6 15:18 16:3

**B**

back 8:2 10:11 11:17
BAKERSFIELD 3:1
5:1
base 10:15
basis 8:4 12:20
behalf 3:10 5:23 6:2,5,6
9:10
Bradshaw 10:1,8,24
11:16,20 12:2 13:17
14:15,17,27 15:16,22
16:2,13
Bradshaw's 13:27
briefing 13:16
bring 14:28 16:4
brought 15:26
Brumfield 10:20 11:16
15:8

burden 8:14

**C**

CA 3:1 5:1
call 3:16,23 5:7 16:19
called 13:26 16:16
calling 5:12,24,27
case 7:28 8:7 9:21 11:9
12:15 13:4 14:5,7,9,19,
25 15:2,5,9,14 16:1,11
cases 14:2
Cerro 6:22
chambers 13:27 16:11
charges 6:16 11:28
chiefly 13:16
children 6:22
chooses 9:23
Cipolla 5:14,25,26 6:2,
11 7:5,7,12 9:5 10:26
13:11 15:28 16:9 17:1
circumvent 12:26
cite 14:6
cited 9:21
civil 9:13,20,26 12:13
15:17
claim 7:2
claims 6:27 7:4
clear 15:28 16:10
clerks 16:19
client's 7:9
Code 11:23
colleague 5:13
College 6:23
commented 13:19
communication 14:23
Community 6:23
complain 16:4
complete 8:20

completely 7:5 8:23
concerns 13:15 14:3
conducted 11:11
conference 16:1
conflict 14:4,8,10
contention 10:16,18
contents 13:21
continue 11:13
conversation 14:15,
17,27 15:6,7 16:14
copy 7:8
correct 15:1
Coso 6:22
could've 8:28
counsel 3:10,15,23
8:26 9:12 10:3,25 12:21
13:10 14:3,14,16,18,21
15:13,27 16:13
county 3:10,11,13,25
5:23 6:5,18,25,27 7:1,3,
7,17,21,24 8:1,13,24,26
9:10,13,24 10:18 12:18,
24 13:26 14:3,16 15:10
county's 8:1 10:18
court 3:5,7,16,18,21,27
4:1,3 5:5,9,11,17,21,24,
27 6:8,18,28 7:2,6,11,
16 8:5,11,28 9:4,7,12,
15,16,22,24,26 10:6,13,
22,25 11:14,24 12:3,8,
17,27 13:2,6,9,13
14:11,20,26 15:3,12,21,
25 16:6,8,12,17,21,27
17:2
Court's 5:14
cover 6:19
crime 11:27
crimes 11:26
criminal 11:20 12:22,
27 13:28 16:8,11,12,17
crops 6:20 7:9,15

**D**

**D.A.** 8:27 11:28

**D.a.'s** 6:7

**date** 14:6,8 16:10,15,16

**day** 8:26 11:12 14:6

**decided** 12:8

**declaration** 10:3

**delay** 8:25

**denied** 10:2,5,9 13:22, 24

**deny** 10:6,7

**department** 3:3 5:3 9:23,24 12:11 15:16

**Deputy** 3:10,12

**destroyed** 7:15

**destruction** 6:20

**detailed** 10:8

**determination** 11:28

**determine** 8:9 10:12

**direct** 14:4

**discovery** 8:6 9:20,26 12:13,15,19,25 13:12

**discretionary** 11:4,7

**discussing** 14:11

**disingenuous** 13:25

**dismiss** 8:3 14:11

**dismissal** 14:9

**dismissed** 14:7

**district** 3:13 11:25 13:4 14:20 15:11

**district's** 12:21

**division** 13:28

**docket** 7:13

**document** 11:24

**documents** 7:18 15:20

**dropped** 6:16

**due** 12:16 13:12

**E**

**efficient** 12:28

**end** 8:26

**entertain** 3:24

**entirety** 8:21 10:6 13:23

**entry** 11:1,3 13:23

**epilepsy** 6:22

**ESKOVITZ** 5:10,13,19

**everyone's** 5:28

**evidence** 8:15 11:23

**ex-parte** 14:23

**exact** 14:4

**Exchange** 15:11

**executed** 7:15 11:5

**exist** 11:10

**expect** 11:8

**expedite** 11:25

**F**

**face** 8:3 10:19,21

**failing** 14:8

**federal** 7:28 8:6 9:16

**file** 13:27 14:1,15 16:15, 17

**filed** 3:25 7:19,20,22 13:6,7,26 14:18,24

**find** 12:10

**finding** 13:24

**findings** 8:16 11:9

**formal** 10:8

**FP004533A** 3:7 5:28

**Friday** 8:3 16:1

**front** 13:20 15:22

**G**

**games** 8:24

**Gannon** 3:12 5:7 6:6 13:3,7

**give** 7:10

**goal** 8:8,24

**good** 3:9 5:10,11,22,27 6:4,11 9:9

**grant** 16:24

**granted** 10:24,28 11:2, 3

**guess** 3:11

**H**

**handling** 5:17

**happening** 16:3

**happy** 9:5

**hear** 5:9,25

**hearing** 10:1 13:18 16:3,10,15,16

**hemp** 6:21

**highly** 13:14

**Hobbs** 10:28

**Hold** 9:7

**Holistic** 15:10

**HON** 3:3 5:3

**Honor** 3:6,9,14,16,20, 25 4:2 5:10,13,20,26 6:4,12 8:8,17 9:9,11,16, 17,19,21 10:17,26 11:13 12:6 13:11 14:14 15:1,28 16:26 17:1,3

**hoops** 6:26

**I**

**importantly** 12:8

**improper** 7:22 9:27 10:10 11:23 12:1,3,28 14:24 15:24

**improperly** 9:11

**information** 11:19

**initiated** 9:13

**INJEJIKIAN** 3:3 5:3

**instance** 12:22

**interrupt** 10:13

**investigation** 6:15 11:21,25 12:5,22

**involve** 14:4

**involved** 15:5,6

**issue** 10:8

**issued** 10:20 11:16

**J**

**Jenkins** 3:6,9,10,14,20, 22,28 4:2 5:22 6:4,5 9:9,10 10:17,23 11:13, 15 14:13 15:1,4 16:18, 26 17:3

**judge** 3:3 5:3 8:16 10:1, 7,11,12,20,24 11:15,16, 20 12:2 13:17,27 14:6, 7,15,17,27 15:7,16,22, 23 16:2,12,20

**judge's** 16:20

**judicial** 7:16 8:12 13:19 14:23

**judicially** 10:5

**jump** 6:26

**JUNE** 3:1 5:1

**justify** 7:27 8:14

**justifying** 8:16

**K**

**Kern** 3:11 5:23 6:5,18 7:17,21,24 8:13 9:10 15:10

**kind** 14:2,8,10

**Kristina** 3:12 6:6

## L

lack 8:2
laid 13:15
late 7:24 9:2
laying 6:26
legal 6:20
LLC 3:7 5:5,12,28 6:3

## M

made 6:16 8:16,20 11:28
main 14:5
make 8:11 10:3 15:21, 23
making 11:8
management 16:1
mandamus 7:23 13:13,18
MARAL 3:3 5:3
material 6:17 8:28 13:20
materials 3:19 6:14,19, 25,27 7:3,8,9,17,21,23 8:10,11,18,23 9:1 11:10 13:21
matter 3:5 4:5 5:12,28 10:2 11:17,21 13:1 14:7 15:17
matters 9:20
meaning 11:21
means 11:3
mind 8:25
minute 13:23
misdemeanor 6:14,15 11:26
misstating 10:18
months 6:12 7:14 8:22 9:2
morning 3:2,9 5:6,10

motion 3:15 5:12 7:19, 20 8:5 9:11 10:2,5,7,9, 10 13:19,22,24,26 14:16,17 16:5,10,16
moved 8:3 9:1
moving 8:13 12:23

## N

narrow 8:17
nature 11:18
notice 7:16 13:19,21
noticeable 10:5
number 7:13

## O

object 12:19
obtain 6:13 8:6
offered 16:2
office 6:7 9:14,15 13:4, 5 15:3,6 16:19
officer 14:23
ongoing 11:20 12:4
open 6:18
opposing 16:13
opposition 3:25 9:21 12:16
order 7:13 10:8,21 11:8,17,18 12:17
overseeing 15:17

## P

pages 10:26
part 10:9 12:4 14:16 16:13
parties 15:18 16:23
partly 8:20
party 5:8 9:22 14:27 15:21,24
pending 9:20 12:15

13:4
period 11:5,7
permission 5:15
person 15:5
personal 16:20
petition 7:23
Phillip 3:10 5:22 6:5 9:10
phone 9:12
photos 11:11
placing 6:27
plaintiff's 12:21
playing 8:24
point 3:28 7:13 9:5 13:12 14:14,19 16:18
position 8:14 16:22
post-execution 8:16
powers 11:24
practically 13:16
prayer 10:7
prepared 5:14,15,20
present 16:23
previous 14:18,22
previously 10:2 12:7
principle 15:15
privileged 10:1 11:22 12:20
privileges 15:19,23
probable 6:13 8:4
problem 12:20
procedural 8:24 13:15
procedurally 7:22
procedure 16:19
proceed 8:10
proceeding 13:13,18
proceedings 14:5
process 12:25

processes 12:27
produce 7:18 9:18,25 12:11,13
produced 7:25
proper 16:19
provide 12:14
public 8:12,21,28
pursue 15:13
put 11:19 12:9

## Q

question 8:17
questions 8:22 9:6
quick 12:23
quickly 13:11
quoted 14:18

## R

reality 12:23
reasoning 10:9
Recalling 5:5
recent 14:19
recently 15:11
recess 4:3
record 8:12 14:13 15:9
records 6:18 9:17,18, 25,27,28 10:4,10,19 11:22 12:3,10,14 13:14 14:12 15:9 16:28
redacted 8:20
redress 7:24,28
referencing 15:10
referred 12:2
rejected 13:8
release 3:18 7:20 8:25 12:3
remain 8:20
representative 13:3

APOTHIO vs .
Case No. FP004533A

**represented** 15:20

**request** 6:16 10:7 12:9

**requested** 9:19 10:23, 28 11:2 15:20

**requesting** 9:16

**require** 9:24 14:9

**research** 6:21

**resources** 13:1

**responsible** 8:25

**results** 11:12

**return** 7:23,25

**returned** 7:27,28

**Richard** 5:14 6:2

**rights** 8:1 9:25 12:19 15:19,23

**rob** 9:25

**robbing** 12:18

**rules** 13:14 16:14

**run** 13:25

---

**S**

**seal** 6:28 7:14 8:14,17, 19,20 9:1 11:1,2,3,9

**sealed** 7:5,10,11,12,17 8:10,11,13,15,23 9:28 10:4,15,23,28 11:4,22 12:10 13:22

**sealing** 7:13 10:21 11:16,18 15:8

**search** 3:18 6:14,25 7:8,9,17 8:9,18,27 10:20 11:6,11,12

**seeking** 7:16

**self-serving** 7:26

**sense** 15:21

**separate** 11:1 12:24

**separation** 11:24

**Service** 15:11

**session** 3:2 4:6 5:2

**set** 3:17,22 14:6,8

**sheriff** 8:26

**sheriff's** 9:14,15 12:11

**sheriffs** 12:9

**show** 8:22

**Sierra** 15:10

**signature** 10:27

**simple** 6:17 8:8

**simply** 11:16

**single** 10:7

**sir** 6:1

**sought** 10:3

**speak** 6:9

**specifically** 9:14

**staff** 16:20

**starting** 6:1

**state** 9:15 10:1 15:17 16:14,22

**stated** 9:12 14:14,20

**statement** 7:26

**statements** 14:22

**states** 9:22

**step** 10:14

**stick** 9:23

**subject** 11:5 13:14

**subsequent** 11:19

**sued** 12:24

**Superior** 9:22

**supposed** 3:16

---

**T**

**talking** 14:3

**test** 11:11

**things** 6:21 12:20

**throwing** 8:2

**time** 9:1 10:14 11:4,7, 27 13:1 16:24

**today** 5:15,20 8:8,17 9:17,24 12:6,9,11,18 16:3

**told** 13:17 14:1,2

**tomorrow** 12:17 13:13

**trailed** 4:5

**trailing** 3:27

**treatment** 6:22

**trial** 14:6,8

**true** 12:14

**TUESDAY** 3:1 5:1

**tune** 7:21

---

**U**

**understanding** 7:6 11:3 16:14

**Understood** 16:26

**unlawful** 6:20

**unlawfully** 6:19

**unseal** 8:13 9:17 10:10 14:11

**unsealing** 7:19

**unsolicited** 16:2

**unsubstantiated** 7:26

**unusual** 3:15

---

**V**

**venues** 12:24

**verification** 12:14

**verify** 9:18 12:12

**versus** 15:10

**viewpoint** 16:24

**violation** 8:1

---

**W**

**wait** 7:2,3 16:6

**warrant** 3:18 6:14,17, 25 7:8,15,17,21,23,25

8:2,9,18,27 10:20,27 11:6,11 13:20

**weight** 14:21 15:13

**withholding** 6:19

**worried** 8:27

---

**Y**

**yesterday** 7:25