1  **MARGO A. RAISON, COUNTY COUNSEL**
2  **By: Andrew C. Thomson, Chief Deputy (SBN 149057)**
   **Kathleen Rivera, Deputy (SBN 211606)**
3  **Phillip T. Jenkins, Deputy (SBN 309523)**
   **Kern County Administrative Center**
4  **1115 Truxtun Avenue, Fourth Floor**
   **Bakersfield, CA 93301**
5  **Telephone 661-868-3800**
6
   **Attorneys for Defendants County of Kern,**
7  **Donny Youngblood and Joshua Nicholson**

8                **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10 **APOTHIO, LLC,**                          ) **Case No.: 1:20-CV-00522-NONE-JLT**
                                              )
11                  **Plaintiff,**            ) **DEFENDANT COUNTY'S REPLY TO**
                                              ) **PLAINTIFF'S OPPOSITION TO**
12 **v.**                                     ) **MOTION TO STRIKE PORTIONS OF**
                                              ) **PLAINTIFF'S COMPLAINT BY**
13                                            ) **DEFENDANTS COUNTY OF KERN,**
                                              ) **KERN COUNTY SHERIFF'S OFFICE,**
14 **KERN COUNTY; KERN COUNTY**               ) **KERN COUNTY SHERIFF DONNY**
   **SHERIFF'S OFFICE; CALIFORNIA**           ) **YOUNGBLOOD AND SERGEANT**
15 **DEPARTMENT OF FISH AND**                 ) **JOSHUA NICHOLSON**
   **WILDLIFE; DONNY YOUNGBLOOD;**            )
16 **JOSHUA NICHOLSON; CHARLTON H.**          )
   **BONHAM; JOHN DOES #1 THROUGH**           )
17 **#10, UNKNOWN AGENTS OF THE**             ) **Fed.R.Civ.Proc. 12(f) [Filed Concurrently**
   **KERN COUNTY SHERIFF'S OFFICE;**          ) **with Request for Judicial Notice; Motion to**
18 **JOHN DOES #11 THROUGH #20,**             ) **Dismiss and Motion for More Definite**
   **UNKNOWN AGENTS OF THE**                  ) **Statement]**
19 **CALIFORNIA FISH AND WILDLIFE**           )
   **DEPARTMENT,**                            ) **Compliant Filed: 04/10/2020**
20                                            )
21                                            )
                   **Defendants.**            ) **Date:   August 10, 2020**
22                                            ) **Time:  8:30 a.m.**
                                              ) **Ctrm:  4**
23                                            )        **2500 Tulare Street, Fresno**
                                              ) **Judge: NONE**
24
25
26 **TO PLAINTIFF AND ITS ATTORNEYS OF RECORD;**

27      **COME NOW** Defendants, County of Kern on behalf of itself and its integral agency

28 the Kern County Sheriff's Office (hereafter jointly "County"), Kern County Sheriff Donny

                                        1

1   Youngblood (hereinafter "Youngblood") and Sergeant Joshua Nicholson (hereinafter
2   "Nicholson") (hereinafter collectively "County Defendants") and provide this Reply to the
3   Opposition (hereinafter the "Opposition") of Plaintiff Apothio LLC (hereinafter "Apothio"
4   and/or "Plaintiff") to County Defendants' Motion to Strike (hereinafter the "Motion") portions
5   of Plaintiff's Complaint.

6                                             **I.**

7                                      **BACKGROUND**

8           Plaintiff Apothio LLC (hereinafter "Apothio" and/or "Plaintiff") filed a Complaint on
9   or about April 10, 2020 in the United States District Court in and for the Eastern District of
10  California.  The Complaint alleges that Defendants County of Kern, on behalf of itself and its
11  integral agency the Kern County Sheriff's Office (hereafter jointly "County"), Kern County
12  Sheriff Donny Youngblood (hereinafter "Youngblood") and Sergeant Joshua Nicholson
13  (hereinafter "Nicholson") (hereinafter collectively "County Defendants") are responsible for
14  Plaintiff's damages.

15          County Defendants filed a Motion to Strike the following paragraphs, or portions
16  thereof, of Apothio's Complaint - 1, 4, 5, 7, 11, 12, 54, 58, 60, 62, 65, 70, 72, 74, 75, 76, 77,
17  78, 79, 80, 81, 82, 83, 84, 86, 87, 89, 93, 94, 99, 119, Sec. B Heading, 140, 149, 150, 152, 155,
18  156, 157, 158, 159, 160, 166, 172, 179, 185, 191, 197, 203, 211, 219, 220, 222, 237, 242, 245,
19  247, 248, 249, 250, 252, 255 and 256F. Plaintiff filed an Opposition, and County Defendants
20  file this Reply. A complete list of the material sought to be stricken is attached to the Motion as
21  Exhibit A.

22          These paragraphs contain statements, allegations and assertions which are scandalous,
23  false, misleading, redundant, immaterial, impertinent, and not relevant or germane to the
24  underlying factual issues in the Complaint and are thus unduly prejudicial.

25          If not stricken, these statements will seriously prejudice County Defendants by the
26  expenditure of time and money that must arise from litigating spurious issues. These
27  statements will: 1) inflame the public thereby prejudicing the jury pool and seriously
28  interfering with County Defendants' ability to seat an impartial, unbiased jury; 2) interfere with

County Defendants' right to conduct reasonable and meaningful expert and pre-expert investigation and discovery; and 3) interfere with County Defendants' right to a fair trial on the merits of the case. Absent striking the referenced material, County Defendants will be substantially and materially prejudiced in defending the case, especially in conducting full and reasonable discovery given the discovery limits on written discovery and the number and time limits on depositions set forth in the Federal Rules of Civil Procedure (FRCP). At this stage of the case, the language sought to be stricken serves no meaningful purpose and is scandalous, misleading, redundant, immaterial, impertinent, unduly prejudicial, and not relevant, and thus would be properly stricken from the Complaint.

County Defendants anticipate that this language has, or will likely be, cited by Apothio in press releases, mass media disseminations and in numerous other manners in a manner consistent with their past behavior in this and other matters, which will severely and substantially prejudice County Defendants prior to a jury trial on the merits of the case.

## II.

## THE LEGAL STANDARD

County Defendants understand that this Court looks upon Motions to Strike with disfavor.

> Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Cal. Dep't of Toxic Substances Control*, 217 F.Supp.2d 1028, 1033; *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1478 (C.D.Cal.1996) ("Rule 12(f) motions are generally 'disfavored' because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice.") (citation omitted). *Shinde v. Nithyananda Foundation* (May 10, 2013, No. EDCV 13-0363 JGB SPX) Not Reported in F.Supp.2d [2013 WL 1953707, at *3]

In this instance, there is no delay since County Defendants have additionally filed a Fed. R. Civ. Proc. Rule 12(b)(6) Motion to dismiss, and State Defendants have also filed a Fed. R. Civ. Proc. Rule 12(b)(6) Motion to Dismiss and a Fed. R. Civ. Proc. Rule 12(f) Motion to Strike. In light of these concurrent filings, there is no delay associated with County Defendants' Motion to Strike.

1    The court is to review a Motion to Strike and strike portions of a complaint upon a

2  reasonable basis.

> However, courts will grant motions to strike in order "'to avoid the expenditure
> of time and money that must arise from litigating spurious issues by dispensing
> with those issues prior to trial.' " *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d
> 970, 973 (9th Cir.2010) (quoting *Fantasy*, 984 F.2d at 1527). The "possibility
> that superfluous pleadings will cause the trier of fact to draw 'unwarranted'
> inferences at trial is the type of prejudice that will support the granting of a
> motion to strike." Id. "Ultimately, whether to grant a motion to strike lies within
> the sound discretion of the district court." *Cal. Dep't of Toxic Substances
> Control*, 217 F.Supp.2d at 1033 (citing *Fantasy*, 984 F.2d at 1528).  *Shinde v.
> Nithyananda Foundation* (May 10, 2013, No. EDCV 13-0363 JGB SPX) Not
> Reported in F.Supp.2d [2013 WL 1953707, at *3] (Emphasis added.)

11    The court, in *Barefield v. HSBC Holdings PLC*, a case unreported in the Fed.Supp.,

12  identified the reasoning for granting a Fed. R. Civ. Proc., Rule 12(f) Motion to Strike,

13  including setting forth the basis and requirements. The court determined that under Fed R. Civ.

14  Proc. 12(f), it has the discretion to strike portions of a complaint as follows:

> Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a
> pleading an insufficient defense or any redundant, immaterial, impertinent, or
> scandalous matter." Fed. R. Civ. P. 12(f). "Redundant allegations are those that
> are needlessly repetitive or wholly foreign to the issues involved in the action."
> *Cal. Dep't of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F.Supp.2d
> 1028, 1033 (C.D. Cal. 2002) (internal quotation marks and citations omitted).
> Immaterial matter is "that which has no essential or important relationship to the
> claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984
> F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citations omitted),
> rev'd on other grounds, 510 U.S. 517 (1994). Impertinent matter "consists of
> statements that do not pertain, and are not necessary, to the issues in question."
> Id. Scandalous matter is that which "improperly casts a derogatory light on
> someone, most typically on a party to the action." *Germaine Music v. Universal
> Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003) (internal
> quotation marks and citations omitted).
> The function of a Rule 12(f) motion is "to avoid the expenditure of time and
> money that must arise from litigating spurious issues by dispensing with those
> issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973
> (9th Cir. 2010). . . . "Given their disfavored status, courts often require a
> showing of prejudice by the moving party before granting the requested relief."
> Id. (internal quotation marks and citations omitted). "The possibility that issues
> will be unnecessarily complicated or that superfluous pleadings will cause the
> trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that

1    is sufficient to support the granting of a motion to strike.' Id. (citing Fogerty, 984
2    F.2d at 1528)." *Barefield v. HSBC Holdings PLC* (Feb. 25, 2019, No.
     118CV00527LJOJLT) Not Reported in Fed. Supp. [2019 WL 918206, at *1–2]
3    (Emphasis added.)

4    Ultimately, after an analysis of the material requested to be stricken, this Court has the

5    authority to strike the materials identified in Fed. R. Civ. Proc. Rule 12(f).

6    Pursuant to Rule 12(f), the Court may strike from a pleading "any redundant,
     immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The
7    function of a Rule 12(f) motion to strike is to avoid the expenditure of time and
8    money that must arise from litigating spurious issues by dispensing with those
     issues prior to trial. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.
9    1993), overruled on other grounds.  *PAE Government Services v. MPRI, Inc.*
     (July 11, 2008, No. CV 06-964-RGK (MANX)) Not Reported in Fed. Supp.
10   [2008 WL 11337999, at *2]

11

12   This Court has the authority to review the materials which County Defendants have

13   requested stricken, and evaluate and rule based upon Fed. R. Civ. Proc. Rule 12(f).

14                                           **III.**

15                                      **PREJUDICE**

16   "Given their disfavored status, courts often require a showing of prejudice by the

17   moving party before granting the requested relief." *Barefield v. HSBC Holdings PLC* (Feb. 25,

18   2019, No. 118CV00527LJOJLT) Not Reported in Fed. Supp. [2019 WL 918206, at *1–2]

19   (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)) (internal

20   quotation marks and citations omitted).

21   Black's Law Dictionary defines "prejudice," as follows:

22   prejudice *n.* (14c) 1. Damage or detriment to one's legal rights or claims.
     PREJUDICE, Black's Law Dictionary (11th ed. 2019)
23

24                                           **IV.**

25           **AREAS TO BE STRICKEN FROM THE COMPLAINT**

26   Fed. R. Civ. Proc. Rule 12(f) permits the Court to "strike from a pleading an

27   insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

28   Civ. P. 12(f).

The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Barefield v. HSBC Holdings PLC* (Feb. 25, 2019, No. 118CV00527LJOJLT) Not Reported in Fed. Supp. [2019 WL 918206, at *1–2] (citing *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).)

"Redundant allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." *Barefield v. HSBC Holdings PLC* (Feb. 25, 2019, No. 118CV00527LJOJLT) Not Reported in Fed. Supp. [2019 WL 918206, at *1–2] citing Cal. Dep't of Toxic Substances Control v. Alco Pacific, Inc., 217 F.Supp.2d 1028, 1033 (C.D. Cal. 2002) (internal quotation marks and citations omitted). (Emphasis added.)

"Immaterial matter is 'that which has no essential or important relationship to the claim for relief or the defenses being pleaded.'" *Barefield v. HSBC Holdings PLC* (Feb. 25, 2019, No. 118CV00527LJOJLT) Not Reported in Fed. Supp. [2019 WL 918206, at *1–2] citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citations omitted), rev'd on other grounds, 510 U.S. 517 (1994). (Emphasis added.)

"Impertinent matter 'consists of statements that do not pertain, and are not necessary, to the issues in question." *Barefield v. HSBC Holdings PLC* (Feb. 25, 2019, No. 118CV00527LJOJLT) Not Reported in Fed. Supp. [2019 WL 918206, at *1–2] citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citations omitted), rev'd on other grounds, 510 U.S. 517 (1994). (Emphasis added.)

"Scandalous matter is that which 'improperly casts a derogatory light on someone, most typically on a party to the action.'" *Barefield v. HSBC Holdings PLC* (Feb. 25, 2019, No. 118CV00527LJOJLT) Not Reported in Fed. Supp. [2019 WL 918206, at *1–2] citing *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003) (internal quotation marks and citations omitted). (Emphasis added.)

For the following reasons, County Defendants will be prejudiced in the material requested to be stricken remains in Plaintiff's Complaint.

\ \ \

6

**A.    The Term "Hemp" is Properly Stricken as it Applies to Apothio's Destroyed Crop**

Despite assertions to the contrary in the Opposition, County Defendants do not move to strike all instances of the word "hemp"; just those instances in which the referenced "hemp" is specifically related to the 2019 Apothio planted crop discussed in the Complaint since the other references pertain to general hemp laws and cultivation.

      **1.    Basis for Striking the Requested "Hemp" Language**

The "hemp" allegations in Plaintiff's Complaint, which are addressed in the Motion to Strike, are properly stricken as redundant, impertinent, and scandalous since the language is intended to incorrectly infer that the subject crop was legal and allowable.

The "hemp" language which is requested to be stricken has been included in the Complaint and has, and will likely again be in the future, disseminated to the media and in an attempt to incorrectly allege that the crop which is the subject of this litigation was "hemp" rather than marijuana. Large scale marijuana cultivation remains illegal in Kern County and was illegal as of the date of the subject incident. As identified in the Complaint, the plant/crop which is the subject of this litigation tested "hot" with a THC level significantly above the .3 THC level legally allowed by both State and Federal law.

It is believed that Plaintiff has, or will soon, distribute the Complaint, including the "hemp" allegations to national, international and local media in an effort to influence the public's perceptions, interfere with discovery, influence any potential jurors, interfere with a trial, and interfere with County Defendants' ability to have a fair and unbias trial.

      **2.    "Hemp" Language Prejudicial to County Defendants**

The assertion that the subject crop was "hemp" is redundant, impertinent, or scandalous matter. Failure to strike the term "hemp" as referring to the plants/crop which is the subject of this litigation. Such references are inaccurate and immaterial, impertinent and scandalous. The "hemp" references will prejudice County Defendants by contaminating public opinion and thus the potential jury pool, will adversely affect County Defendants' ability to conduct expert and non-expert investigation and discovery, and will increase the costs and time necessary to bring the matter to trial.

**B.**     **"Permits" to License the Cultivation of Marijuana Properly Stricken**

The allegations in Plaintiff's Complaint state that the 2018 issued Restricted Materials Permits, simply identified in the Complaint as "Permits," allowed Plaintiff to cultivate marijuana in 2019.  Such language is properly stricken as redundant, immaterial, impertinent, and scandalous.

The Complaint references "permits" issued by Kern County for a 2018 crop, not the crop that is the subject of this litigation.  The Complaint alleges and/or infers these "permits" were issued to allow Apothio to cultivate hemp.  These "permit" references fit the definition of immateriality since any reference to a "permit" to grow hemp is misleading, factually inaccurate, unrelated to Apothio's claims, and have no value to developing triable issues.

Paragraph 78 alleges that the Agriculture Commissioner's office issued 2018 Map-Permit Number 1500007, Stenderup AG Partners, Map Number 1288, and claims this "identified the location where Apothio was permitted to plant and cultivate its hemp field." (Complaint, ¶ 78). The 2018 crop is immaterial to this suit.

Paragraph 86 alleges "...the Kern County Agricultural Commissioner issued several different map permits, which identify the precise locations of the fields where Apothio's hemp would be planted." (Id., ¶ 86).

Paragraph 87 alleges that "a Kern County map permit was issued for each of the farmers with whom Apothio contracted to grow the hemp plants. In each of these permits, the County acknowledged and certified that Apothio was growing hemp." The Complaint then lists the permit numbers: 1500007, 1502966, 1500027, 1500624, 1505528, 1502277. (Id., ¶ 87). Apothio also references "permits" to cultivate hemp at paragraphs 72, 74, 78, 86 and 87.

Apothio has failed to identify that: 1) the identified "permits" are for the 2018 year crop not the 2019 crop that is the subject of this matter; and, 2) that these "permits" are not permits to allow/license the growing of hemp, but are in reality "Restricted Materials Permits" for the allowance of the application of chemicals and pesticides. Contrary to the Complaint's inferences, the "permits" are/were never intended to serve as a license to grow marijuana. These permits consist of a map, which the Plaintiff included in the complaint at paragraphs 78

and 86. However, Apothio has not included the complete "permit" given the absence of the second portion of the "permits" which includes documentation properly identifying these "permits" as "Restricted Materials Permits" associated with the application of chemicals and insecticides, not as a "permit" to cultivate hemp.

### 1.   Basis For Striking The "Permits" And All Reference Thereto

The allegations in Plaintiff's Complaint regarding the "permits" for the cultivation of "hemp" are properly stricken as redundant, immaterial, impertinent, scandalous and prejudicial.  The Complaint references are irrelevant to the 2019 crop which is the subject of this litigation, and are inaccurate, incomplete and extremely misleading, all to the prejudice of County Defendants.

Immateriality under this rule has been defined as "any matter having no value in developing the issues of a case." (Oaks v. City of Fairhope, Ala. 515 F.Supp. 1004, 1032 (S.D. Ala. 1981)). The Complaint references to "permit" regarding the subject properties fit the definition of immateriality since any reference to a "permit" to grow hemp is misleading, factually inaccurate, unrelated to Apothio's claims, and has no value to any triable issues.

Apothio misrepresented the 2018 "Restricted Materials Permits" as a 2019 license to grow marijuana. In the Complaint, these "permits" also consist of a County form, which included a map, which the Plaintiff included in the complaint at paragraphs 78 and 86. However, noticeably absent are the second portions of these "permits," which properly document and identifying these "permits" as "Restricted Materials Permits," not as a Permit to cultivate hemp.

### 2.   2018 "Permit" allegations are Prejudicial to County Defendants

County Defendants are prejudiced by the expenditure of the additional time and money that must arise from litigating spurious issues such as the "permits" identified in the Complaint through written allegations and copies of a portion of 2018 "Restricted Materials Permits" which were incorrectly represented to be "permits" allowing the 2019 cultivation of hemp. County Defendants are prejudiced by the added expense and time to: 1) conduct a full and complete investigation of the issues contained in Plaintiff's Complaint; 2) conduct full

9

1    discovery; 3) hiring and conducting expert discovery; and, 4) prepare for and conduct an

2    unbiased trial. The expense and time associated with litigating these matters will substantially

3    increase the cost and time necessary to defend this matter without any additional benefit.

4    **C.    Unnecessary and Irrelevant "Statistical Information"**

5          The irrelevant statistical information allegations in Plaintiff's Complaint, which County

6    Defendants seek to strike, are properly stricken as redundant, immaterial, impertinent, and

7    scandalous as unnecessary statistical information.

8          Such inappropriate "statistical information" includes but is not limited to: 1) material

9    alleging information related to prior Apothio crops in other locations at other times, or other

10   "hemp" crops in general; 2) material alleging Plaintiff's former contacts with politicians; 3)

11   materials related to medicinal benefit and Plaintiff's historical medical contacts; and, 4)

12   unreliable cited material from the mass media including but not limited to The Guardian and

13   other news media, especially the Complaint references to The Guardian newspaper articles

14   reportedly published in mid-2015 which are alleged to report previous Kern County statistics

15   related to §1983 peace officer excessive force cases.  Such statistics are not relevant, foreign,

16   immaterial, impertinent and scandalous, and are unrelated to any issue in this litigation.

17         More importantly, the Complaint's cited "statistics" do not separate out the incorrect

18   information from the correct information, will mislead any reader and prejudice County

19   Defendants. It is important to note that in the cases referenced in the Guardian articles, Kern

20   County and its employees have _never_ been found by a Judge or jury of having violated any

21   persons U.S.C.S Section 1983 civil rights.

22         **1.    Basis to Strike Unrelated Statistical Information**

23         FRCP Rule 8(a) does not provide for inclusion of unrelated "statistical information" in

24   a Complaint, especially "statistical information" which is irrelevant, redundant, immaterial,

25   impertinent, ambiguous and prejudicial. Thus, such material is appropriately stricken from the

26   Complaint.

27         The cited "statistical information" is: 1) incorrect, misleading and irrelevant; 2) is not

28   relevant or applicable to any issue in this matter; 3) is prejudicial and does not belong in the

Complaint. Such incorrect, misleading, irrelevant and prejudicial information should be stricken since Plaintiff has, or is anticipated to soon, widely disseminate the incorrect and irrelevant statistics to the media through the Complaint or portions thereof in press releases.

### 2.    <u>Unrelated Statistical Material is Prejudicial to County Defendants</u>

County Defendants are prejudiced by the expenditure of the additional time and money that must arise from litigating spurious issues such as the unrelated statistical material, including but are not limited to: 1) a full and complete investigation of the issues contained in Plaintiff's Complaint; 2) conducting full discovery; 3) hiring and conducting expert discovery; and, 4) conducting an unbias and thorough trial. The expense and time associated with litigating these matters will substantially increase the cost and time necessary to defend this matter without any additional benefit.

### D.    <u>Failure to Return Warrant</u>

The Complaint alleges that the Kern County Sheriff's Office ("KCSO") failed to return the search warrant to court after its execution as required by the California Penal Code. (See Complaint heading, p. 37, l. 5 and Complaint, ¶ ¶149, 150). The Complaint then concedes that KCSO did return the warrant materials to the Superior Court (Id., ¶ 152), but then alleges that the search warrant return materials are required to be publicly available under California law, but that the KCSO refuses to provide such warrant materials. (Id., ¶ 152). It is impossible for the County Defendants to discern which argument Plaintiff is making regarding the search warrant based upon the contradictory language.

The Complaint additionally attempts to cast an improper light on Youngblood and Nicholson, alleging illegal activity for the alleged failure to comply with the California statutes regarding warrants, the return and later dissemination.  Such language is clearly scandalous, not relevant to this matter, and is thus properly stricken

### 1.    <u>Basis to Strike "Failure to Return Warrant" Language</u>

The allegations in Plaintiff's Complaint are properly stricken as redundant, immaterial, impertinent, and scandalous since the Complaint is unclear as to the reason for inclusion and the cited material is not relevant to any issue in this case.

1    The failure to strike the Return of Warrant language will prejudice County Defendants.

2    Under California law it is immaterial to any claimed violation of rights as to whether the

3    warrant was returned in a timely manner. A "return" of warrant is simply an inventory of what

4    was seized, signed under penalty of perjury by the officer. (Cal. Penal Code §1537).   The

5    purpose of the 10 day rule is to ensure that the showing of probable cause will still exist at the

6    time the warrant is executed. (See for example People v. Kirk, 99 Cal.App.3d 89, (2d. Dist.

7    1979) (Violations of the return requirements, which are ministerial in nature and directed to

8    events arising after the invasion of privacy to which the Fourth Amendment pertains, have so

9    far not been held error of Fourth Amendment dimension.); *People v. Head*, 30 Cal.App.4th 954,

10   957-958 (First Dist. 1994)(police officer took just over a year to file a return of warrant after it

11   was executed); *People v. Kirk*, supra, 99 Cal.App.3d at 92-94(return filed 55 days late, no

12   suppression of evidence required).

13   Thus, even though KCSO took longer than 10 days to return the warrant, the issue and

14   associated Complaint language are redundant, immaterial, impertinent, and scandalous. These

15   contradictory allegations are immaterial to any issue in this case, will confuse the issues and

16   create discovery issues, and will serve to confuse a jury and related trial matters. For those

17   reasons, County Defendants respectfully request this court strike all references to KCSO's

18   alleged delay returning the search warrant, as found in paragraphs: 149, 150, 152, 166, 172,

19   185, 191, and 197.

20        2.    **"Failure to Return Warrant" Language Prejudicial to County Defendants**

21   County Defendants are prejudiced by the expenditure of the additional time and money

22   that must arise from litigating spurious issues such as the "Failure to Return Warrant"

23   language, including but are not limited to: 1) a full and complete investigation of the issues

24   contained in Plaintiff's Complaint; 2) conducting full discovery; 3) hiring and conducting

25   expert discovery; and, 4) conducting an unbiased and thorough trial. The expense and time

26   associated with litigating these matters will substantially increase the cost and time necessary

27   to defend this matter without any additional benefit.

28   \\\

1

## V.

## CONCLUSION

The language/material which County Defendants seek to strike is scandalous, misleading, redundant, immaterial, impertinent, unduly prejudicial, and/or not relevant, and is therefore proper and appropriate to be stricken from the Complaint. A complete list of the materials to be stricken is attached to the Motion as Exhibit "A."

To avoid prejudice, County Defendants respectfully request that the Court grant the Motion to Strike in its entirety.


Dated:  July 29, 2020                          MARGO A. RAISON, COUNTY COUNSEL


                                        By: ___/s/ Andrew C. Thomson_____
                                              Andrew C. Thomson, Chief Deputy
                                              Kathleen Rivera, Deputy
                                              Phillip T. Jenkins, Deputy
                                              Attorneys for Defendants County
                                              of Kern, Donny Youngblood and
                                              Joshua Nicholson