1   **MARGO A. RAISON, COUNTY COUNSEL**
**By: Andrew C. Thomson, Chief Deputy (SBN 149057)**
2   **Kathleen Rivera, Deputy (SBN  211606)**
**Phillip T. Jenkins, Deputy (SBN 309523)**
3   **Kern County Administrative Center**
**1115 Truxtun Avenue, Fourth Floor**
4   **Bakersfield, CA 93301**
**Telephone 661-868-3800**
5

6
**Attorneys for Defendants County of Kern,**
7   **Donny Youngblood and Joshua Nicholson**

8                     UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10  **APOTHIO, LLC,**                          )  **Case No.:  1:20-CV-00522-NONE-JLT**
                                            )
11                      **Plaintiff,**          )  **REPLY TO PLAINTIFF'S OPPOSITION**
                                            )  **TO THE REQUEST FOR JUDICIAL**
12  **v.**                                     )  **NOTICE OF DEFENDANTS COUNTY**
                                            )  **OF KERN, KERN COUNTY SHERIFF'S**
13                                           )  **OFFICE, KERN COUNTY SHERIFF**
    **KERN COUNTY; KERN COUNTY**              )  **DONNY YOUNGBLOOD AND**
14  **SHERIFF'S OFFICE; CALIFORNIA**          )  **SERGEANT JOSHUA NICHOLSON**
    **DEPARTMENT OF FISH AND**                )
15  **WILDLIFE; DONNY YOUNGBLOOD;**           )
    **JOSHUA NICHOLSON; CHARLTON H.**         )  **[Filed concurrently with Reply to**
16  **BONHAM; JOHN DOES #1 THROUGH**          )  **Opposition to Motion to Strike]**
    **#10, UNKNOWN AGENTS OF THE**            )
17  **KERN COUNTY SHERIFF'S OFFICE;**         )  **Complaint filed:  4/10/2020**
    **JOHN DOES #11 THROUGH #20,**            )
18  **UNKNOWN AGENTS OF THE**                 )  **Date:  August 10, 2020**
    **CALIFORNIA FISH AND WILDLIFE**          )  **Time:  8:30 a.m.**
19  **DEPARTMENT,**                           )  **Courtroom:  4, 2500 Tulare Street, Fresno**
                                            )
20                      **Defendants.**         )  **Judge: NONE**
                                            )
21  _____)

22

23

24  **TO THE PARTIES THEIR ATTORNEYS OF RECORD;**

25          **COME NOW** Defendants, County of Kern on behalf of itself and its integral agency

26  the Kern County Sheriff's Office (hereafter jointly "County"), Kern County Sheriff Donny

27  Youngblood (hereinafter "Youngblood") and Sergeant Joshua Nicholson (hereinafter

28  "Nicholson") (hereinafter collectively "County Defendants") and provide this Reply in

                                          1

response to the Opposition to County's Request for Judicial Notice ("Request") filed by plaintiff Apothio LLC (hereinafter "Apothio" and/or "Plaintiff").

## I.

## BACKGROUND

A review of Apothio's Opposition to County Defendants' Request for Judicial Notice reveals that Plaintiff is in agreement that the Court should take judicial notice of the documents that County Defendants have requested, with the limitation that the Court should not take judicial notice of the contents of the documents. County Defendants agree that judicial notice should be taken of the documents, but also believe that judicial notice of the title, definition of the document and the contents are allowable and should be taken.

The Opposition requests that the court take judicial notice of the documents but requests the Court not take judicial notice of the "accuracy, content, or purpose of the permits related to the maps referenced in the complaint." (Opposition, pg. 4, llns. 8and 9.)

The Opposition additionally states that "defendants explicitly asked the court to take judicial notice of the "the existence" of the permits but not the permit "accuracy," effectively alleging that the contents and significance of the permits are not proper subjects for judicial notice." (Opposition, pg.4, llns. 9 to 11.)

In the Request County requested that the Court "take judicial of the following documents which are public records issued by the Kern County Department of Agriculture, and attached hereto as Exhibit A:

1.      Restricted Materials Permit 15-18-1500007

2.      Restricted Materials Permit 15-19-1502996

3.      Restricted Materials Permit 15-19-1500027

4.      Restricted Materials Permit 15-19-1500624

5.      Restricted Materials Permit 15-19-1505528

6.      Restricted Materials Permit 15-19-1502277"

For the reasons below, County Defendants believe that the entire permits are subject to judicial notice.

2

## II.

## SUMMARY OF THE LAW

**a.**   **Court May Take Judicial Notice of Public Records**

Federal Rules of Evidence, Rule 201 (b) states:

(b) **Kinds of facts that may be judicially noticed.** The court may judicially notice of a fact that is not subject to reasonable dispute because it:

. . . .

(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Federal Rules of Evidence, Rule 201 (c) states:

(c) **Taking Notice.** The court:

. . . .

(2) must take judicial notice if a party requests it and the court is supplied with the necessary information.

Federal Rule of Evidence 201(b) authorizes courts to take judicial notice of facts that are "not subject to reasonable dispute" and that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Ritchie*, 342 F.3d 903, 907–09 (9th Cir. 2003).

Public records and information on government agency websites are properly subject to judicial notice. See *Paralyzed Veterans of Am. v. McPherson*, No. C064670SBA, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008); *Eidson v. Medtronic, Inc.*, 981 F.Supp.2d 868, 878–79 (N.D. Cal. 2013). Courts may also take judicial notice of "court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 749, n. 6 (9th Cir. 2006) (citing *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)).

Under Federal Evidence Rule 201(b)(2), a court may take judicial notice of the contents of government publications. *Austracan (U.S.A.) Inc. v. Neptune Orient Lines, Ltd.*, S.D.N.Y.1985, 612 F.Supp. 578, 585-586.

In *Teixeira*, while the Ninth Circuit ultimately denied the Plaintiff's appeal, it granted Plaintiff's request for Judicial Notice of County information regarding population. A Court

3

1  may take judicial notice of undisputed facts emanating from a county's public records. *Teixeira*

2  *v. County of Alameda* (2017) 873 F.3d 670, 676.

3      Additionally, under FRE Rule 201, the court can take judicial notice of "'[p]ublic

4  records and government documents available from reliable sources on the Internet,' such as

5  websites run by governmental agencies." *Gerritsen v. Warner Bros. Entertainment Inc.* (2015)

6  112 F.Supp.3d 1011 [112 F.Supp.3d 1011, 1033].

7      The documents of which County has requested judicial notice are public "restricted

8  materials permits" documents prepared by the Kern County Agricultural Department, open and

9  available to the public for inspection and are equally available to plaintiff and the court for

10  determination of their accuracy.

11  **b.**     **"Restricted Materials Permits" are Public Records Proper for Full Judicial Notice**

12      County Defendants are not requesting judicial notice of the entire internal contents of

13  the documents, but seek judicial notice that the documents are Kern County Agricultural

14  Department "restricted materials permits" and not licenses or permits for the cultivation of

15  marijuana or hemp. Such a determination would judicially notice the title and definition of the

16  document and allow discussion of the purpose of the creation of the document; in this instance

17  to allow the application of chemicals and or pesticides on certain fields containing the

18  identified crop.

19      County Defendants concede that the court cannot take judicial notice of disputed facts

20  in public records. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

21      However, the Opposition takes the mistaken position that a court is unable to consider a

22  public document and subsequently determine whether the document contains disputed facts.

23  Under FRE Rule 201(b) and *Ritchie*, the court may take judicial notice of facts that are "not

24  subject to reasonable dispute" and that are "capable of accurate and ready determination by

25  resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b);

26  *United States v. Ritchie*, 342 F.3d 903, 907–09 (9th Cir. 2003).  The court has the ability to

27  consider the documents source, author and inherent trustworthiness to determine if is from a

28  source which is not subject to reasonable dispute.

**COUNTY DEFENDANTS' REPLY TO THE OPPOSITION TO REQUEST FOR JUDICIAL NOTICE**
**1:20-CV-0052-NONE-JLT**

In the matter at bar, the Court has the ability to consider judicial notice of documents to make the determination.  The court may review the documents and determine the name and definition of a document; a process which is to determine whether the underlying material contained in the documents is from a reliable source and is inherently trustworthy. The court, in viewing a birth certificate, a driver's license or a trust deed may determine that it may take notice of the document, the title and type of document without judicially noting its contents since the underlying materials were likely provided to the government agency by outsiders. Conversely, a document or materials completely prepared by a public agency for the public benefit are inherently more trustworthy and the entire contents may be judicially noticed.

County Defendants have been unable to locate a specified process for a determination of federal judicial notice for internal factual disputes. County Defendants suggest use of the following two questions.

The first question is whether the document which is the subject of the request is a "public record." If the answer is in the affirmative, the second question is whether the document which is the subject matter of the request is "not subject to reasonable dispute."

The Opposition cites to cases regarding Deeds of Trust and similar type documents which are prepared by non-public employees and then "filed and received" by the public agency.  This may place in contention the factual assertions within the document since the material was provided by non- public entity employees and to the public entity.  In this matter, there are no such concerns regarding the content of the subject of the Request, the Restricted Materials Permits. The RMP are documents which were prepared by County employees during the course and scope of their duties and documents which are frequently prepared and available for review for farmers, crop dusters and other farm applicators of potentially hazardous material, and to the general public for those who have an interest.

## III.

## CONCLUSION

In this instance, the matter is clear.  The documents of which the County requests judicial notice are public records, prepared and issued by the Kern County Department of

**COUNTY DEFENDANTS' REPLY TO THE OPPOSITION TO REQUEST FOR JUDICIAL NOTICE**
**1:20-CV-0052-NONE-JLT**

1  Agriculture whose accuracy may be accurately and readily determined from sources whose
2  accuracy cannot reasonably be questioned. The requested records are proper for judicial notice.

3      For the aforementioned reasons, County Defendants respectfully request the Court grant
4  the entire Motion to Strike.

6  Dated:  July 29, 2020             MARGO A. RAISON, COUNTY COUNSEL

8                      By:     /s/ Andrew C. Thomson
9                         Andrew C. Thomson, Chief Deputy
                       Kathleen Rivera, Deputy
10                         Phillip T. Jenkins, Deputy
                       Attorneys for Defendants County
11                         of Kern, Donny Youngblood and
12                         Joshua Nicholson

14  2513980.doc