XAVIER BECERRA, State Bar No. 118517
Attorney General of California
BRUCE D. MCGAGIN, State Bar No. 170146
Supervising Deputy Attorney General
KELLY T. SMITH, State Bar No. 196821
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-6465
  Fax: (916) 322-8288
  E-mail: Kelly.Smith@doj.ca.gov
*Attorneys for Defendants, Department of Fish and Wildlife and Director Charlton H. Bonham*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| APOTHIO, LLC,<br><br>                            Plaintiff,<br><br>     v.<br><br>KERN COUNTY; KERN COUNTY SHERIFF'S OFFICE; CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE; DONNY YOUNGBLOOD; JOSHUA NICHOLSON; CHARLTON H. BONHAM; JOHN DOES #1 THROUGH #10, UNKNOWN AGENTS OF THE KERN COUNTY SHERIFF'S OFFICE; JOHN DOES #11 THROUGH #20, UNKNOWN AGENTS OF THE CALIFORNIA FISH AND WILDLIFE DEPARTMENT,<br><br>                            Defendants. | Case No. 1:20-cv-00522-NONE-JLT<br><br>**DECLARATION OF ETHAN A. TURNER IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS**<br><br>Date:          August 10, 2020<br>Time:         8:30 a.m.<br>Dept:          Courtroom 4<br>Judge:        NONE<br><br>Action Filed: April 10, 2020 |

/ / /

/ / /

/ / /

/ / /

/ / /

1

I, Ethan A. Turner, declare as follows:

1. I am an attorney and employed as a Deputy Attorney General (DAG) with the Cannabis Control Section of the California Office of the Attorney General, attorneys of record for defendants California Department of Fish and Wildlife (CDFW) and Charlton H. Bonham (State Defendants). I have personal knowledge of the facts set forth herein and, if called to testify, I could and would competently testify to the contents of this declaration.

2. On April 16, 2020, I was informed that State Defendants had been named in a lawsuit filed by Apothio, LLC (Apothio). DAG Kelly Smith and I were co-assigned to this case.

3. After reviewing Apothio's complaint and determining that none of the causes of action could be sustained by the facts, DAG Smith and I began the meet and confer process with Apothio's counsel.

4. On April 28, 2020 at 9:17 a.m., DAG Smith carbon copied me on an email to Katherine Eskovitz, Apothio's counsel, requesting a conference to discuss deficiencies in the complaint. At 10:21 a.m. on that same day, Ms. Eskovitz replied to the email stating that she was available to speak at 2:00 p.m. to discuss the complaint. A true and correct copy of the April 28, 2020 email exchange between DAG Smith, Ms. Eskovitz, and me is attached as Exhibit A.

5. On April 28, 2020, at 2:00 p.m., I participated in a conference call with DAG Smith, Ms. Eskovitz and a second attorney for Apothio, who I believe was Sean Eskovitz. DAG Smith and I discussed the factual and legal issues regarding Apothio's complaint with Ms. Eskovitz and Mr. Eskovitz. DAG Smith and I explained our analysis of the complaint, but Ms. Eskovitz was not amendable to having the conversation about the deficiencies in the complaint. Instead, Apothio's counsel suggested a stipulation regarding an extension for the State Defendants' to file a responsive pleading. I countered with the following proposal: (a) No answer should be filed by the State Defendants; and (b) Apothio may reserve the right to amend its complaint until after criminal charges had been filed or a determination that no criminal charges would be filed. I reasoned that facts relevant to Apothio's claims and the State Defendants' defenses would likely become public when the criminal investigation and potential criminal case concluded. Ms. Eskovitz disagreed with this suggested approach.

6. Apothio's counsel refused to have a meaningful discussion of the merits, disagreed that they needed to amend their client's complaint, and were not interested in waiting for facts to be released at the conclusion of the criminal matter. However, the parties agreed to a stipulation regarding the responsive pleadings. A joint stipulation was filed on May 4, 2020, stating that defendants' responsive pleadings would be due June 12, 2020 and plaintiff's reply would be due July 12, 2020.

7. The State Defendants filed a motion to dismiss the case on June 12, 2020.

I declare under the penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed on July 28, 2020, at Sacramento, California.

*/s/ Ethan A. Turner*
ETHAN A. TURNER

SA2020300599
34274751.docx

# EXHIBIT A

# Re: Apothio, LLC v. DFW et al.; confer on response extension

Katherine Eskovitz <keskovitz@rcfllp.com>

Tue 4/28/2020 10:21 AM

To: Kelly Smith <Kelly.Smith@doj.ca.gov>;

Cc: Ethan Turner <Ethan.Turner@doj.ca.gov>;

Hello Kelly,

We are available at 2pm today to discuss your extension request. You can call the below number.

Thank you,

**Katherine Eskovitz**
Roche Cyrulnik Freedman LLP
1158 26th Street, Suite 175
Santa Monica, CA 90403
(t) (646) 791-6883
(@) keskovitz@rcfllp.com

On Apr 28, 2020, at 9:17 AM, Kelly Smith <Kelly.Smith@doj.ca.gov> wrote:

Ms. Eskovitz:

Ethan Turner and I are the assigned deputy attorneys general defending the state Department of Fish and Wildlife (DFW) and its director, Charlton H. Bonham, in the matter of *Apothio, LLC v. DFW et al.*, Case No. 1:20-cv-00522, in the Eastern District of California (Bakersfield).

We would like to discuss with you a stipulation to extend time to respond to the complaint. Are you available today, 4/28? We can call you.

We will also suggest that an amended complaint might be an alternative to first responding. The fundamental defect is the complaint's failure to specify the defendants, whether DFW or the County, the entities themselves or their employees, in their official capacities or as individuals. Vicarious liability under state Government Code 815.2 cannot satisfy pleading of the section 1983 actions, for example. (*Barren v. Harrington* (9th Cir. 1998) 152 F.3d 1193, 1194.)

A similar lack-of-specificity bars the Bane Act causes of action. (*Sandoval v. County of Sonoma* (9th Cir. 2018) 912 F.3d 509, 520.)

Finally, the conclusion of Kern County's criminal investigation of your client may soon unseal information relevant to both claims and defenses.

We can discuss this further if you're available.

Thanks.

Kelly T. Smith
Deputy Attorney General
Office of the Attorney General
Torts and Condemnation Section
1300 I Street, 12th Floor
Sacramento, CA 95814
(916) 210-6465
(916) 607-1998
Kelly.Smith@doj.ca.gov

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

## CERTIFICATE OF SERVICE

Case Name:   **Apothio, LLC v. Kern County, et al.**                No.   **1:20-cv-00522-NONE-JLT**

I hereby certify that on <u>July 29, 2020</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DECLARATION OF ETHAN A. TURNER IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 29, 2020</u>, at Sacramento, California.

| Ngoc T. Huynh | */s/ Ngoc Huynh* |
|---|---|
| Declarant | Signature |

SA2020300599
34276346.docx