| | |
|---|---|
| Katherine Eskovitz<br>ROCHE CYRULNIK FREEDMAN LLP<br>1158 26th Street, No. 175<br>Santa Monica, CA 90403<br>keskovitz@rcfllp.com | Sean Eskovitz<br>ESKOVITZ LAW<br>1217 Wilshire Boulevard,<br>No. 3683<br>Santa Monica, CA 90402<br>seane@eskovitz.com |
| Kyle Roche<br>Joseph M. Delich<br>Richard R. Cipolla<br>ROCHE CYRULNIK FREEDMAN LLP<br>99 Park Avenue, 19th Floor<br>New York, NY 10016<br>kyle@rcfllp.com<br>jdelich@rcfllp.com<br>rcipolla@rcfllp.com | Brant W. Bishop<br>BRANT W. BISHOP, P.C.<br>2000 Pennsylvania Avenue, NW<br>Suite 7000<br>Washington, DC 20006<br>brant@bishop.us |

*Counsel for Apothio LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APOTHIO, LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>KERN COUNTY; KERN COUNTY SHERIFF'S OFFICE; CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE; DONNY YOUNGBLOOD; JOSHUA NICHOLSON; CHARLTON H. BONHAM; JOHN DOES #1 THROUGH #10, UNKNOWN AGENTS OF THE KERN COUNTY SHERIFF'S OFFICE; JOHN DOES #11 THROUGH #20, UNKNOWN AGENTS OF THE CALIFORNIA FISH AND WILDLIFE DEPARTMENT,<br><br>   Defendants. | No. 1:20-CV-00522-NONE-JLT<br><br>**APOTHIO'S MOTION FOR LEAVE TO FILE AND NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiff Apothio LLC submits this Motion for Leave to File and Notice of Supplemental Authority to apprise the Court of a recent relevant decision (issued after briefing was completed) from the California Court of Appeals, *Granny Purps, Inc. v. Cnty. of Santa Cruz*, No. H045387, 2020 WL 4504904 (Cal Ct. App. Aug. 5, 2020) (attached as Exhibit 1). In that case, which involved a civil claim arising out of the government's seizure (and destruction) of marijuana, the Court of Appeals addressed whether "seized marijuana is contraband per se," and concluded that it was not because marijuana "possession and cultivation" is "noncriminal" in California. *Granny Purps*, 2020 WL 4504904, at *2. The court reversed the trial court's dismissal of the case, further holding—despite the defendant's argument that the plaintiff had violated a local ordinance restricting cannabis cultivation to a limited number of plants—that the complaint, which had to be accepted as true at the pleadings stage, alleged that the plaintiff had fully complied with applicable state law. *Id.* at *3–4.

Although this new authority involves marijuana, and not hemp as alleged in this case, the court's holding directly refutes Defendants' argument that Apothio lacked a protectable property interest because its destroyed property is "contraband per se". *See* F&W MTD, ECF No. [21-2], at 6. As detailed in Apothio's complaint and opposition papers, *e.g.*, ECF No. [35], at 4–15, hemp possession and cultivation after 2018 is noncriminal under both federal and California law, so it is no longer contraband per se. *See Granny Purps*, 2020 WL 4504904, at *2 (concluding that seized marijuana is not contraband per se because "[t]he illegal property exception applies only where the property in question is per se illegal to possess. . . . 'An object is contraband per se if its possession, without more, constitutes a crime; or in other words, if there is no

legal purpose to which the object could be put.'") (citations omitted). In short, Defendants cannot rely on the contraband per se doctrine to deprive Apothio of its property rights in hemp. *See also id.* at *3 (recognizing that "[t]he concept that marijuana is not contraband subject to seizure by law enforcement is relatively new; marijuana (medical or otherwise) for so long *was* contraband that we may be conditioned to think of it as such," but since it has been decriminalized, it can no longer be contraband per se).

Defendants have attempted to argue in their reply papers that even if Apothio was growing hemp containing less than 0.3% THC on a dry weight basis, Apothio was violating state law. *E.g.*, F&W Reply, ECF No. [39], at 3. This argument raises disputed factual issues that are not appropriate for resolution at the pleading stage, as the Kern County Defendants concede in their Motion to Dismiss. ECF No. [18], at 5 ("The issue of whether Plaintiff was an 'established agricultural research institute' as that is authorized under California state law with any protections state law might provide is not a topic for this motion to dismiss, as that is a factual question which will be addressed in a motion for summary judgment."). In *Granny Purps*, the Court of Appeals held that the plaintiff's allegation that it had been "fully compliant with applicable state laws" had to be accepted as true at the motion to dismiss stage. *Id.* at *3–4.[1] This Court should similarly accept Apothio's allegations in its complaint that it was growing hemp in compliance with state and federal law, including under existing, established state and federal research

---

[1] The Court of Appeals explained that even violating a land use ordinance restricting medical marijuana cultivation "does not (nor could it) render illegal a substance that is legal under state law." *Id.* at *1 (further explaining that even an "ordinance restricting the number of marijuana plants that can be cultivated does not change the status of medical marijuana under state criminal law," and that "individual property rights, including the right to the return of non-contraband property from the government, are not diminished by the inherent power of local governments to regulate uses of land.") *Id.* at *4.

exemptions.

Finally, in light of the novel legal issues and important public policy implications presented by Defendants' motions, Plaintiffs respectfully submit that oral argument may be especially appropriate in this case. For example, the Office of the California Attorney General argued in reply that commercial hemp cultivation was somehow illegal in California (despite the legality of hemp in California) even after the passage of the 2018 Farm Bill legalizing hemp. F&W Reply, ECF No. [39], at 4. This sweeping position would have drastic consequences for the hemp industry well beyond this case, notwithstanding the Office's asserted caveat in its reply brief that its arguments "do not represent a formal opinion of the California Attorney General." F&W Reply, ECF No. [39], at 1 n.1. Appreciating the Court's caseload and the ongoing judicial emergency, however, Apothio is also prepared to rest on its papers.

For those reasons, Apothio respectfully seeks leave to file and notice the supplemental authority attached as Exhibit 1.

Dated: August 20, 2020

*/s/ Katherine Eskovitz*
ROCHE CYRULNIK FREEDMAN LLP
Katherine Eskovitz
1158 26th Street, No. 175
Santa Monica, CA 90403
keskovitz@rcfllp.com
(646) 791-6883

Kyle W. Roche
Joseph M. Delich
Richard R. Cipolla
99 Park Avenue, 19th Floor
New York, NY 10016
kyle@rcfllp.com
jdelich@rcfllp.com
rcipolla@rcfllp.com

1
2           /s/ Sean Eskovitz
            ESKOVITZ LAW
            Sean Eskovitz
3           1217 Wilshire Boulevard, No. 3683
            Santa Monica, CA 90402
4           seane@eskovitz.com

5           /s/ Brant W. Bishop
            BRANT W. BISHOP, P.C.
6           Brant W. Bishop
            2000 Pennsylvania Avenue, NW
7           Suite 7000
            Washington, DC 20006
8           brant@bishop.us

9           *Counsel for Apothio LLC*

10
11
12
13
14
15
16
17
18
19
20
21
22
23