XAVIER BECERRA, State Bar No. 118517
Attorney General of California
BRUCE D. MCGAGIN, State Bar No. 170146
Supervising Deputy Attorney General
STACEY L. ROBERTS, State Bar No. 237998
Supervising Deputy Attorney General
ETHAN A. TURNER, State Bar No. 294891
KELLY T. SMITH, State Bar No. 196821
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6465
 Fax: (916) 322-8288
 E-mail: Kelly.Smith@doj.ca.gov
*Attorneys for Defendants, Department of Fish and Wildlife and Director Charlton H. Bonham*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **APOTHIO, LLC,**<br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>**KERN COUNTY; KERN COUNTY SHERIFF'S OFFICE; CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE; DONNY YOUNGBLOOD; JOSHUA NICHOLSON; CHARLTON H. BONHAM; JOHN DOES #1 THROUGH #10, UNKNOWN AGENTS OF THE KERN COUNTY SHERIFF'S OFFICE; JOHN DOES #11 THROUGH #20, UNKNOWN AGENTS OF THE CALIFORNIA FISH AND WILDLIFE DEPARTMENT,**<br><br>　　　　　　　　　　Defendants. | Case No. 1:20-cv-00522-NONE-JLT<br><br>**STATE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AND NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Date:　　　August 10, 2020<br>Time:　　　8:30 a.m.<br>Dept:　　　Courtroom 4<br>Judge:　　　NONE<br><br>Action Filed: April 10, 2020 |

# INTRODUCTION

The request by Apothio, LLC, (Apothio) seeking leave to supplement its opposition is an inappropriate means to reargue its position after briefing has closed. The purported "new" law is unrelated to the grounds identified in the Motions to Dismiss and Strike presented by California Department of Fish and Wildlife and Director Charlton H. Bonham (State Defendants). Therefore, State Defendants respectfully request the court deny Apothio's request to file any supplemental authority.

# DISCUSSION

Apothio's supplemental authority, *Granny Purps, Inc. v. County of Santa Cruz*, WL 4504904 (E.D. Cal. Aug. 5, 2020), (*Granny Purps*) is inapt and misleading, because it involved a Santa Cruz County land use regulation, not the legal application, as is the case here, of state and federal laws regulating hemp. The court's analysis determined plaintiff possessed "a dispensary operating in compliance with state medical marijuana law." *Id*. at *2. Medical marijuana distribution is not the issue in this matter.

Apothio contends *Granny Purps* is authority that its unlicensed hemp is not per se contraband. *Granny Purps* was decided in the California courts, on a state law question, regarding a local government regulation unrelated to Apothio's claim of "research" exemption from licensing or law. It concerns none of Apothio's federal law civil rights claims in the instant case. Intentionally or otherwise, Apothio's argument to offer *Granny Purps* confuses the issues here with inapplicable California medical marijuana law. Apothio offers *Granny Purps* simply to deflect from the central legal issue here: Apothio's self-proclaimed "research" is unfounded under the law.

Further, Apothio enlists *Granny Purps* in an attempt to conjure a question of fact, then promptly admits: "This Court should similarly accept Apothio's allegations in its complaint that it was growing hemp in compliance with state and federal law…" Apothio's Motion for Leave (ECF 44) at 3:17-19. As discussed in the State Defendants' motions, the court obviously need not accept Apothio's legal contention as a fact.

1

This case is not about medical marijuana. This case concerns hemp, with its particular evolution of law. Cannabis plants—such as Apothio's hemp plants—are contraband under the federal Controlled Substances Act (CSA), regardless of THC content. "Courts have consistently found that naturally-occurring THC content of marijuana is irrelevant to whether it falls under the CSA." *Innovative Nutraceuticals, LLC v. United States* WL 3017672, *4 (C.D. Cal. Mar. 28, 2019) (cited by Apothio in its opposition). *Monson v. Drug Enf't Admin.*, 522 F.Supp.2d 1188, 1199-1200 (D.N.D. 2007), aff'd, 589 F.3d 952 (8th Cir. 2009) (entire cannabis plants, which necessarily included flowers, fell under CSA definition of marijuana "regardless of their THC concentration").

*Granny Purps* sheds no light on the hemp legal questions at issue here. As such, Apothio's request to supplement its briefing should be denied.

## CONCLUSION

State Defendants request the court deny Apothio's motion for leave to submit the *Granny Purps* decision as supplemental authority to support its opposition. If the court is inclined to grant leave, State Defendants request leave to file supplemental argument addressing *Granny Purps* in greater detail.

Dated:  August 24, 2020                    Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
BRUCE D. MCGAGIN
Supervising Deputy Attorney General

  /s/ Kelly Smith

KELLY T. SMITH
Deputy Attorney General
*Attorneys for Defendants, Department of Fish and Wildlife and Director Charlton H. Bonham*

2

# CERTIFICATE OF SERVICE

Case Name:   *Apothio, LLC v. Kern County, et al.*   No.   **1:20-cv-00522-NONE-JLT**

I hereby certify that on August 24, 2020, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STATE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AND NOTICE OF SUPPLEMENTAL AUTHORITY**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on August 24, 2020, at Sacramento, California.

| Sharon Claiborne | */s/ Sharon Claiborne* |
|---|---|
| Declarant | Signature |

SA2020300599
34347831.docx