Katherine Eskovitz
ROCHE CYRULNIK FREEDMAN LLP
1158 26th Street, No. 175
Santa Monica, CA 90403
keskovitz@rcfllp.com

Kyle Roche
Joseph M. Delich
Richard R. Cipolla
ROCHE CYRULNIK FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
kyle@rcfllp.com
jdelich@rcfllp.com
rcipolla@rcfllp.com

Sean Eskovitz
ESKOVITZ LAW
1217 Wilshire Boulevard,
No. 3683
Santa Monica, CA 90402
seane@eskovitz.com

Brant W. Bishop
BRANT W. BISHOP, P.C.
2000 Pennsylvania Avenue, NW
Suite 7000
Washington, DC 20006
brant@bishop.us

*Counsel for Apothio LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APOTHIO, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KERN COUNTY; KERN COUNTY SHERIFF'S OFFICE; CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE; DONNY YOUNGBLOOD; JOSHUA NICHOLSON; CHARLTON H. BONHAM; JOHN DOES #1 THROUGH #10, UNKNOWN AGENTS OF THE KERN COUNTY SHERIFF'S OFFICE; JOHN DOES #11 THROUGH #20, UNKNOWN AGENTS OF THE CALIFORNIA FISH AND WILDLIFE DEPARTMENT,<br><br>Defendants. | No. 1:20-CV-00522-NONE-JLT<br><br>**APOTHIO'S MOTION TO SET A DEADLINE FOR INITIAL DISCLOSURES**<br><br>Date: October 7, 2020<br>Time: 8:30 AM<br>Dept: Courtroom 4<br>Judge: THURSTON |

# APOTHIO'S MOTION TO SET
# A DEADLINE FOR INITIAL DISCLOSURES

Plaintiff Apothio LLC requests that the Court set an October 7 deadline for initial disclosures because during and after the parties' Rule 26(f) conference, Defendants have refused to provide a date for exchanging initial disclosures.

The default deadline for initial disclosures under the Federal Rules was September 1, two weeks after the parties held their Rule 26(f) conference on August 18, 2020. Fed. R. Civ. P. 26(a)(1)(C). Defendants asserted durng the conference that they would not produce initial disclosures by that deadline, but that they would propose their own deadline in the joint report. *Id.* Now that the September 15 scheduling conference has been continued, the Defendants have taken the position that initial disclosures should not be exchanged (and discovery should not commence) until after the December scheduling conference. Postponing initial disclosures for months serves no apparent purpose, conflicts with recent precedent, creates a backdoor stay of discovery, and significantly prejudices Apothio. Setting an October 7 deadline for the parties to exchange initial disclosures would avoid undue delay and help to mitigate the harm to Apothio.

## ARGUMENT

**I.    The Parties held a Rule 26(f) conference on August 18.**

Shortly after Apothio filed its complaint, the Court set an initial scheduling conference for July 14, 2020, and ordered the parties to submit a Joint Scheduling Report at least one week before. ECF No. [2], at 2. The Court later continued the scheduling conference to September 15. ECF No. [23]. As a result, the Joint Report was due September 8, and the parties were required to meet and confer by August 25. *See* FED. R. CIV. P. 26(f)(1) ("the parties must confer as soon as practicable--and in any event at least 21 days

2

APOTHIO'S MOTION TO SET A DEADLINE FOR INITIAL DISCLOSURES
CASE NO. 1:20-CV-00522-NONE-JLT

before a scheduling conference is to be held"). Accordingly, the parties held a Rule 26(f) conference by phone on August 18. *See* Decl. of Katherine Eskovitz ¶ 2 (attached as Exhibit 1).

After the Rule 26(f) conference, the Federal Rules empower the parties to commence discovery. FED. R. CIV. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ."). With respect to the timing for initial disclosures:

> A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan.

FED. R. CIV. P. 26(a)(1)(C).

The parties' August 18 Rule 26(f) conference therefore would have triggered a September 1 deadline for the parties to exchange initial disclosures, but Defendants refused to exchange disclosures on that date and said they would propose a date in the joint report. *C.f.* FED. R. CIV. P. 26(f)(2) ("In conferring, the parties must . . . make or arrange for the disclosures required by Rule 26(a)(1) . . . ."). The parties agreed to exchange drafts of their positions for the joint report by September 1, and to speak again on September 3 to finalize the report. Decl. of Katherine Eskovitz ¶ 2

However, on August 27—two days after the default deadline for the Rule 26(f) conference had passed—the Court continued the scheduling conference to December 7. ECF No. [47]. The same day, the Fish and Wildlife Defendants[1] proposed rescheduling the September 3 call to the first week of November in light of the continuance. Decl. of

---

[1] Charlton H. Bonham and California Department of Fish and Wildlife.

Katherine Eskovitz ¶ 3.

Apothio agreed to cancel the September 3 call, but sought Defendants' confirmation that discovery had commenced and that initial disclosures would be exchanged. Decl. of Katherine Eskovitz ¶ 3. The Kern Defendants[2] responded that they would "be following the direction of the court, which indicates a scheduling conference of December 7, 2020, after which time we will make our initial disclosure, pursuant to the order of the court." Decl. of Katherine Eskovitz ¶ 4.

Between September 11 and September 15, the parties continued to meet and confer, but remained at an impasse over whether the Court's order required the parties to defer exchanging disclosures until the next scheduling conference. Decl. of Katherine Eskovitz ¶ 5.

## II. Discovery Stays Are Disfavored, and Discovery May Commence After the Rule 26(f) Conference Even in the Absence of a Scheduling Order

The fact that the scheduling conference is now calendared for December is by no means determinative of whether discovery should commence. "As an initial matter, although Rule 26(d) does prohibit a party from seeking discovery prior to the Rule 26(f) conference, there is no similar provision in the Rules preventing the parties from conducting discovery until after the Scheduling Order is issued." *Highlander Holdings, Inc. v. Fellner*, No. 3:18-CV-1506-AHG, 2020 WL 3498174, at *5–6 (S.D. Cal. June 29, 2020).

Because the scheduling conference was not even continued until after the deadline for the parties to hold their Rule 26(f) conference, it should not be viewed as having altered

---

[2] Kern County, Kern County Sheriff's Office, Donny Youngblood, and Joshua Nicholson.

the default deadline for initial disclosures, which is keyed off of the parties' 26(f) conference. *Id.* In *Highland Holdings*, a court was confronted with an analogous situation and reached the same conclusion:

> Although the order resetting the CMC was issued five days after the parties should have already completed their Rule 26(f) conference, the Court set a new deadline of November 13, 2019 to meet and confer under Rule 26(f) as part of its standard schedule, overlooking that the parties should have already completed the conference by that point. Therefore, pursuant to their Court-ordered obligations, the parties should have conducted the Rule 26(f) conference by September 18, 2019 and were free to conduct discovery after doing so.

*Id.*

Defendants attempt to side-step this result, effectively seeking a backdoor stay of discovery. But discovery stays are generally disfavored. Courts routinely deny requests to stay discovery in light of pending motions to dismiss. *Espineli v. Toyota Motor Sales, U.S.A., Inc.*, No. 217CV00698KJMCKD, 2019 WL 3080808, at *2 (E.D. Cal. July 15, 2019). ("[C]ourts have generally rejected parties' requests for a stay of discovery while a dispositive motion is pending . . . . [t]his high bar for a discovery stay counsels against allowing Rule 26 disclosures to be delayed."). Discovery should not be effectively stayed in this case.

### III. Prejudice

On the other hand, delaying discovery until after the December status conference would prejudice Plaintiff and frustrate any meaningful opportunity for productive settlement discussions, while moving forward would not in any way prejudice Defendants.

*First*, this District faces a judicial emergency due to limited judicial resources and the effects of a national pandemic, which may result in other litigation delays on matters that require Court involvement. While those may be unavoidable, unnecessarily delaying initial disclosures and discovery—which do not necessarily require Court involvement—

would only unnecessarily increase the harm to Apothio. Predictably, Defendants' destruction of Apothio's crops has threatened Apothio's financial viability in ways that are ongoing.

In bulldozing the crops, Defendants intentionally destroyed nearly all of Apothio's anticipated revenue last year, which has led to various actions over the status of farm equipment, loans, and land involving Apothio's partners and investors. Not only that, Defendants' public claims on social media and to the press that Apothio was growing marijuana have soiled Apothio's reputation and its ability to secure financing. While banks can serve hemp companies, the claims that Apothio was growing marijuana hindered its ability to obtain banking because marijuana is still a controlled substance.

In light of those harms, it is critical that Apothio be able to commence discovery and move this case toward trial, in order to restore its reputation and its business. Defendants refuse to produce even the most basic information, including about the plants they destroyed, any testing they conducted on wet plants in the field without lab certification, and facts they intentionally omitted when they sought the search warrant they used to destroy Apothio's property.

*Second*, discovery will also facilitate early and realistic settlement discussions. Discovery will help shape the parties' claims and defenses, focusing the points of contention and elucidating where settlement may be possible. In contrast, delaying discovery would effectively encourage the Defendants to hunker down and delay any such discussions.

*Third*, delaying discovery carries the risk of memories fading, discoverable information being lost, and witnesses becoming unavailable. *Blue Cross & Blue Shield of*

*Ala. v. Unity Outpatient Surgery ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) (delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale"). It has already been almost a year since Defendants destroyed Apothio's crops. Unnecessary delay could harm Apothio's affirmative case. Without discovery, Apothio cannot even identify all the John Doe officer defendants in the suit. Moving forward now, while facts and the record are still relatively fresh, will help to safeguard Apothio's rights.

Finally, commencing discovery now will not impact the total burden on Defendants because, in all events, even if granted, their motions to dismiss would not dispose of the entire case. Certain claims based on the same factual predicates are guaranteed to survive because Defendants did not move to dismiss them. For example, the Kern County defendants have not sought to dismiss the common law tort claims against them. Similarly, although the Fish and Wildlife Defendants make a passing reference to the claims in Counts 8-10, they do not make any substantive arguments to dismiss those claims. These claims are all based on the same factual predicates as the other claims, such that even if another claim is dismissed, Defendants' discovery burden would remain unchanged because they would still face discovery on the remaining claims. *Martinez v. Las Vegas Metro. Police Dep't*, No. 220CV00618JCMNJK, 2020 WL 3166611, at *1 (D. Nev. June 9, 2020) (noting that where a "motion to dismiss 'is not dispositive of the entire case' . . . . Such a scenario generally defeats a request to stay discovery . . .").

## CONCLUSION

Because moving forward will prevent significant prejudice to Apothio without in any way prejudicing Defendants, Apothio respectfully requests the Court order the parties to exchange initial disclosures no later than October 7, 2020.

Dated: September 16, 2020

/s/ *Katherine Eskovitz*
ROCHE CYRULNIK FREEDMAN LLP
Katherine Eskovitz
1158 26th Street, No. 175
Santa Monica, CA 90403
keskovitz@rcfllp.com
(646) 791-6883

Kyle W. Roche
Joseph M. Delich
Richard R. Cipolla
99 Park Avenue, 19th Floor
New York, NY 10016
kyle@rcfllp.com
jdelich@rcfllp.com
rcipolla@rcfllp.com

/s/ *Sean Eskovitz*
ESKOVITZ LAW
Sean Eskovitz
1217 Wilshire Boulevard, No. 3683
Santa Monica, CA 90402
seane@eskovitz.com

/s/ *Brant W. Bishop*
BRANT W. BISHOP, P.C.
Brant W. Bishop
2000 Pennsylvania Avenue, NW
Suite 7000
Washington, DC 20006
brant@bishop.us

*Counsel for Apothio LLC*

**APOTHIO'S MOTION TO SET A DEADLINE FOR INITIAL DISCLOSURES
CASE NO. 1:20-CV-00522-NONE-JLT**