XAVIER BECERRA, State Bar No. 118517
Attorney General of California
BRUCE D. MCGAGIN, State Bar No. 170146
Supervising Deputy Attorney General
STACEY L. ROBERTS, State Bar No. 237998
Supervising Deputy Attorney General
ETHAN A. TURNER, State Bar No. 294891
KELLY T. SMITH, State Bar No. 196821
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-6465
  Fax: (916) 322-8288
  E-mail:  Kelly.Smith@doj.ca.gov
*Attorneys for Defendants, Department of Fish and
Wildlife and Director Charlton H. Bonham*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **APOTHIO, LLC,** | Case No. 1:20-cv-00522-NONE-JLT |
| Plaintiff, | |
| v. | **STATE DEFENDANTS' OPPOSITION TO MOTION TO SET A DEADLINE ON INITIAL DISCLOSURES** |
| **KERN COUNTY; KERN COUNTY SHERIFF'S OFFICE; CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE; DONNY YOUNGBLOOD; JOSHUA NICHOLSON; CHARLTON H. BONHAM; JOHN DOES #1 THROUGH #10, UNKNOWN AGENTS OF THE KERN COUNTY SHERIFF'S OFFICE; JOHN DOES #11 THROUGH #20, UNKNOWN AGENTS OF THE CALIFORNIA FISH AND WILDLIFE DEPARTMENT,** | Date: October 7, 2020<br>Time: 8:30 a.m.<br>Dept: Courtroom 4<br>Judge: Hon. Jennifer L. Thurston |
| Defendants. | Trial Date: TBD<br>Action Filed: April 10, 2020 |

1

**INTRODUCTION**

In its Motion to Set Initial Disclosure Deadline, plaintiff Apothio, LLC (Apothio) represents to the court that defendants, including Department of Fish and Wildlife and its director Charlton L. Bonham (State Defendants), "have refused to provide a date for exchanging initial disclosures." Apothio moves the court to set October 7, 2020, as the deadline for initial disclosures. Motion, at p. 1:3-5.

Defendants did not refuse to provide a date for initial disclosures, as Apothio represents. Declaration of Kelly T. Smith, at paras. 2-6. Rather, defendants participated in good faith in an August, 18, 2020, conference with all counsel to discuss and prepare the Joint Scheduling Report required by the court's Scheduling Conference order. *Id.* In those discussions, State Defendants stated their position that discovery deadlines in the Joint Scheduling Report should be ordered by the court after considering the outstanding motions to dismiss and motion to strike the complaint. *Id.*

The parties in the conference resolved to draft separate statements for the Joint Scheduling Report, meet again on September 3, 2020, to discuss resolution of disputed language and thereafter timely submit the Report before the scheduled September 15, 2020, Scheduling Conference. After the attorneys' August 18 conference, and before the continued conference could be held, the court sua sponte continued the Mandatory Scheduling Conference to December 7, 2020, recognizing the motions to dismiss and the motion to strike filed by the defendants. *Id* at para. 7.

Apothio's improperly filed motion now attempts to bypass the court's scheduling process and it should be denied or continued to the December 7, 2020, Scheduling Conference.

**BACKGROUND**

**I.   THE COURT'S SCHEDULING ORDER**

The court's Order Setting Mandatory Scheduling Conference (Order) was docketed April 14, 2020 (ECF 2), setting the conference for July 14, 2020, and was continued to September 15, 2020, by minute order. ECF 23. The Order, at page 2:11-13, requires the parties to confer and

prepare a Joint Scheduling Report, due a week before the Scheduling Conference, which must provide:

> "6. A complete and detailed discovery plan," including "(a) A date for the exchange of initial disclosures required by Fed.R.Civ.P. 26(a)(1) or a statement that disclosures have already been exchanged."

## II.  THE MOTIONS TO DISMISS AND MOTION TO STRIKE

On June 12, 2020, defendants each filed motions to dismiss and a motion to strike. ECF 19, 21, 24. Decision on the motions could significantly change the issues subject to discovery.

Apothio's complaint alleges that, on October 25, 2019, state and county law enforcement agents entered farm fields in Kern County and ordered contract growers to destroy Apothio's *cannabis sativa L.* plants. Complaint, paras. 99, 105, 108. Apothio alleges the search warrant was defective because Apothio is exempt from cannabis restrictions as a hemp research entity under California law. Complaint, para. 107. Based on the warrant's alleged defect, Apothio brings civil rights actions under 42 U.S.C. § 1983, including for search-and-seizure violation, as a Fifth Amendment "taking," and under related state law theories. Complaint, paras. 179-180, 185, 191, 197, 203. The complaint alleges against unnamed "doe" state and county law enforcement agents. Complaint, para. 164.

Defendants moved to dismiss on the grounds that Apothio's crop was contraband, and Apothio therefore has no protected property right under federal or state law. State defendants' motion, ECF 21, at p. 7:12-16. The motions also assert that the claims against unnamed officers should be dismissed or stricken, as immunities and defenses are impossible to state against the complaint's vague allegations. *Id* at p. 13:21-28. Open-ended discovery and depositions of law enforcement was a primary concern of the State Defendants in discussing the discovery plan with Apothio. Implicated in this concern was the ongoing criminal investigation of Apothio, which has sealed warrant and probable cause documents. Declaration of Smith, para. 4.

## III.  THE PARTIES' MEET AND CONFER ACTIVITIES.

The parties agreed to meet and confer on August 18, 2020 pursuant to the court's scheduling order. A teleconference was held with multiple counsel for all sides joining. Declaration of Smith, paras. 2-6.

3

Initial disclosures were discussed only in the context of how the motions to dismiss and strike would impact discovery plan timing in the Joint Scheduling Report. Apothio expressed its opinion that initial disclosures would be due 14 days after the Joint Scheduling Conference. Defendants stressed that discovery prior to decision upon the motions to dismiss and strike was premature because the issues and claims could change significantly. *Id*.

It was agreed between the parties in the teleconference that by September 1, 2020, each side would prepare separate language for the Joint Report sections which were in dispute. Further meet and confer would be conducted again on September 3, for September 8 filing of the Joint Scheduling Conference Statement. Apothio's counsel would provide the Joint Report outline format in advance, for consistency. Declaration of Smith, para. 6. This agreement is reflected in the August 24, 2020 email from Apothio attorney Richard Cippola. *Id*.

**IV.   THE COURT CONTINUED THE SCHEDULING CONFERENCE.**

On August 27, 2020, the court sua sponte ordered that: "In light of the pending motions to dismiss and motion to strike," the September 15, 2020 Scheduling Conference was continued to December 7, 2020. ECF 47.

That day, counsel for the State Defendants emailed Apothio:

"Counsel: In light of the court's continuance of the scheduling conference to December 7, we propose a further meet and confer on the joint statement during the first week of November. We can discuss our exchange of proposed statement language at that time." Declaration of Eskovitz, Exhibit A.

Apothio, the next day, emailed:

"We will take our previously scheduled call off the calendar. In the meantime, please advise if defendants will agree to (1) commence discovery and/or (2) jointly request a scheduling conference at the Court's earliest convenience. Can you also please let us know that a hold notice has gone out? Thank you." *Id.*

The County replied, also that same day:

"Counsel, in response to your e mail, as far as the Kern County defendants, we will be following the direction of the court, which indicates a scheduling conference of December 7, 2020, after which time we will make our initial disclosure, pursuant to the order of the court." *Id.*

The State Defendants also emailed response to Apothio that day:

"Counsel: The state defendants oppose discovery prior to ruling on the motions to dismiss and strike. The court has already continued the scheduling conference on that basis. Please be advised that the litigation hold was instituted by our client.  Please confirm the same for Plaintiff. Thank you." *Id.*

### V. APOTHIO'S SUBSEQUENT INITIAL DISCLOSURE DEMANDS

Two weeks later, Apothio's counsel, Katherine Eskovitz, stated in a September 11, 2020 email that:

"During our Rule 26(f) conference, as we could not agree on the deadline for Initial Disclosures, we agreed this issue was to be resolved with our own proposals in the joint statement. Now that you are not in agreement about proceeding, we plan to file a motion with the Court seeking an initial disclosure deadline, as provided by the rules. Based on your emails below, it seems we cannot reach resolution on this issue through our meet and confer discussions. If you would like to meet and confer again before we file this motion, we are happy to schedule another call to discuss resolution. Unless we hear otherwise by the end of today, we will assume we have satisfied our meet and confer obligations in light of your statements that you do not agree to proceed with Initial Disclosures before December." *Id.*

After several emails confirming the positions of the parties, Apothio filed this motion. Eskovitz declaration, Exh. B (not tabbed).

### ARGUMENT

Apothio would have the court abandon its scheduling order solely to make an exception for the initial disclosures. The defendants have contended that initial disclosures may be burdensome and unnecessary if defendants' motions to dismiss and motion to strike are granted. Apothio's motion now should either be denied or continued to the Mandatory Scheduling Conference set for December 7, 2020. Continued conference between the parties to complete their Joint Scheduling

5

Report, as previously agreed, should eliminate the need for a motion setting initial disclosures, as that issue, and any disputes over it, will properly be before the court in the Joint Scheduling Report.

### I.   THE MOTION IS EITHER UNTIMELY OR IMPROPER.

A motion under Local Rule 230 requires a minimum of 28 days' notice before hearing. Local Rule 230(b). Apothio's motion here provided 21 days' notice before the hearing it set, and thus would not comply. Apothio states in its motion that it is brought under Local Rule 251, pertaining to discovery motions. That rule requires that a discovery motion: "shall not be heard unless (1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement." Local Rule 251(b). The moving party is responsible for preparing the Joint Statement re Discovery Disagreement. Local Rule 251(c). The only exceptions to the Joint Statement requirement are "(1) when there has been a complete and total failure to respond to a discovery request or order, or (2) when the only relief sought by the motion is the imposition of sanctions." Local Rule 251(e).

Neither exception to the requirement of a Joint Statement re Discovery Disagreement are applicable here. State Defendants have worked in good faith with Apothio's counsel to timely produce a Joint Scheduling Report. Apothio's precipitous demand to unilaterally dictate the initial disclosure deadlines ignores the court's order that the matter be addressed in the Joint Scheduling Report and it ignores the court's order continuing the Scheduling Conference.

Apothio's insistence on a stipulation for initial disclosures never included any mention of the Joint Statement re Discovery Disagreement, nor is it mentioned in its declaration in support of its motion here. It wasn't done.

### II.   F. RULE CIV. PROC. 26 PROVIDES RESOLUTION AT THE SCHEDULING CONFERENCE

Federal Rule of Civil Procedure 26, read with Federal Rule of Civil Procedure 16, requires Apothio to wait for the court to set the initial disclosures deadline at the Scheduling Conference, now continued to December 7. Where the parties dispute when the initial disclosure deadline should be set, the dispute can be taken up at the Scheduling Conference.

> Time for Initial Disclosures--In General. A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

Fed. R. Civ. P. 26(a)(1)(C).

The rule allows the court to order the initial disclosure deadline, and the parties' differing positions on the deadline must be stated in the Joint Scheduling Report. The parties here have not completed their conference on the Joint Scheduling Report. Nor has Apothio complied with preparing a Joint Statement re Discovery Disagreement, as required by Local Rule 251(b).

Apothio's motion should therefore be dismissed. Alternatively, the court could continue the motion to the December 7, 2020 Scheduling Conference with an order that Apothio first comply with Fed. R. Civ. P. 26 and Local Rule 251(b).

### III. APOTHIO SHOULD BE ORDERED TO COMPLY WITH THE SCHEDULING ORDER.

Apothio's motion here consciously ignores the court's Scheduling Order. That order establishes the "early and continuing control" of the case and discovery. Fed. R. Civ. P. 16(a)(2). Apothio, by its insistence on jump starting discovery, and its motion here, attempts to set its own order and control of the case.

Before the court continued the Scheduling Conference to December 7, Apothio had committed to an orderly process for preparing the Joint Scheduling Statement. Presumably Apothio still intends to honor that commitment. The parties should be allowed, or ordered, to confer the first week of November to exchange draft Joint Scheduling Report language, meet again to reconcile any disputes, and file their Joint Report at least seven days before December 7.

### CONCLUSION

Apparently attempting to opt out of the scheduling order of the court, Apothio also exhibits a lack of good faith coordination with defendants as required by the federal rules and the court's local rules. The court is respectfully requested to deny the motion entirely, or in the alternative to

1  order the conference between the parties necessary to file their Joint Report before the December
2  7, 2020 Mandatory Scheduling Conference.
3
4  Dated: September 30, 2020                    Respectfully Submitted,

    XAVIER BECERRA
    Attorney General of California
    BRUCE D. MCGAGIN
    Supervising Deputy Attorney General

    *[signature: Kelly T. Smith]*

    KELLY T. SMITH
    Deputy Attorney General
    *Attorneys for Defendants, Department of Fish and Wildlife and Director Charlton H. Bonham*

SA2020300599

State Defendants' Opposition to Motion to Set Initial Disclosure Deadline  (1:20-cv-00522-NONE-JLT)

# CERTIFICATE OF SERVICE

| Case Name: | **Apothio, LLC v. Kern County, et al.** | No. | **1:20-cv-00522-NONE-JLT** |
|---|---|---|---|

I hereby certify that on <u>September 30, 2020</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STATE DEFENDANTS' OPPOSITION TO MOTION TO SET A DEADLINE ON INITIAL DISCLOSURES**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>September 30, 2020</u>, at Sacramento, California.

| Joseph M. Delich | Katherine Eskovitz |
|---|---|
| ROCHE CYRULNIK FREEDMAN LLP | ROCHE CYRULNIK FREEDMAN LLP |
| 99 Park Avenue, 19th Floor | 1158 26th Street, No. 175 |
| New York, NY 10016 | Santa Monica, CA 90403 |
| Counsel for Plaintiff | Counsel for Plaintiff |

| S. Claiborne | *Sharon Claiborne* |
|---|---|
| Declarant | Signature |

SA2020300599
opposition pos .docx