MARGO A. RAISON, KERN COUNTY COUNSEL
Andrew C. Thomson, Chief Deputy (SBN 149057)
Kathleen Rivera, Deputy (SBN 211606)
Phillip T. Jenkins, Deputy (SBN 309523)
Office of the County Counsel, County of Kern
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Telephone: (661) 868-3800
Facsimile: (661) 868-3805

Attorneys for Defendants County of Kern, Joshua Nicholson and Sheriff Donny Youngblood

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APOTHIO, LLC<br><br>Plaintiff,<br><br>vs.<br><br>KERN COUNTY; KERN COUNTY SHERIFF'S OFFICE; CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE; DONNY YOUNGBLOOD; JOSHUA NICHOLSON; CHARLTON H. BONHAM; JOHN DOES #1 THROUGH #10, UNKNOWN AGENTS OF THE KERN COUNTY SHERIFF'S OFFICE; JOHN DOES #11 THROUGH #20, UNKNOWN AGENTS OF THE CALIFORNIA FISH AND WILDLIFE DEPARTMENT,<br><br>Defendants. | Case No. 1:20-cv-00522-NONE-JLT<br><br>**OPPOSITION TO MOTION TO SET A DEADLINE FOR INITIAL DISCLOSURES**<br><br>Date: October 7, 2020<br>Time: 8:30 a.m.<br>Location: Bakersfield Courthouse<br>Judge: Hon. Jennifer L Thurston, Magistrate |

Come now Defendants County of Kern, on behalf of itself and its integral agency the Kern County Sheriff's Office, Sheriff Donny Youngblood and Sergeant Joshua Nicholson (hereafter collectively "Defendants") and hereby OPPOSE the Plaintiff's instant Motion as follows:

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.   PLAINTIFF'S MOTION IS UNTIMELY**

Plaintiff characterizes this motion as a discovery motion, and therefore utilized the notice requirements for a discovery motion, which is 21 days. (Local Rule 251, FRCP Rule 37). However, this is in reality a motion concerning the case schedule in this matter. Plaintiff is not seeking, for

example, to compel further responses to discovery. Plaintiff, in reality, is seeking to set one portion of the schedule in this case, namely the date for initial disclosures. Accordingly, the notice required for such a motion is 28 days (Local Rule 230, FRCP Rule 78), and as such, Plaintiff's motion is untimely, in that sufficient notice was not provided.

## II. PLAINTIFF HAS FAILED TO COMPLY WITH THE PREREQUISTE TO FILING A DISCOVERY MOTION

Assuming that Plaintiff's motion is properly characterized as a discovery motion, Plaintiff has failed to comply with the requirement of filing a statement of the discovery dispute. Local Rule 251(c) requires that the moving party in discovery motion must file a "Joint Statement re Discovery Disagreement" following the meet and confer process, which must be filed within 7 days of the scheduled hearing date. (Local Rule 251(a)). If this requirement is not met, the hearing may be dropped from the court's calendar without prejudice. (*Id.*) In this matter, the deadline to file such Joint Statement re Discovery is September 30, 2020, and as of the filing of this Opposition, Plaintiff has failed to file such document.

## III. THE PHONE CALL BETWEEN THE PARTIES DID NOT "TRIGGER" THE DEADLINE FOR INTITIAL DISCLOSURES, AS CLAIMED BY PLAINTIFF

Plaintiff argues that the August 18th, 2020 phone call between the parties alone determines the deadline for exchanging initial disclosures. Plaintiff's argument is based on the premise that this single phone call, without more, is the "conference" envisioned by FRCP Rule 26(f). However, this position misstates the requirements of FRCP Rule 26(f), as well as the April 1, 2020 order in this case.

This court issued an Order Setting Mandatory Scheduling Conference, Doc. 2, dated, April 1, 2020, which states "[a]t least twenty (20) days prior to the Mandatory Scheduling Conference, the actual trial counsel for all parties shall conduct *and conclude* a conference at a time and place arranged by counsel for the plaintiff(s)." (Doc. 2, p. 2, ll. 25-27)(emphasis added). Upon conclusion of the conference, the parties are to prepare a Joint Scheduling Report "carefully prepared and executed by all counsel," and file it one week before the Scheduling Conference. (*Id.*, p. 2, ll. 11-13). This Order outlines the form and content of the Joint Scheduling Report (*Id.*, pp. 3-6), which

2

shall include such items as a "complete and detailed discovery plan" (*Id.*, p. 3, l. 12), issues related to discovery of electronic data (*Id.* at p. 4, ll. 1-23), and dates for dispositive and non-dispositive pre-trial motions (*Id.*, p. 4, l. 25) and a trial date. (*Id.*, p. 5, l. 1).

FRCP 26(f)(2) defines the "Conference Content; Parties' Responsibilities:"

> In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures as required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan. The attorneys of record…are jointly responsible for…attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan…

The requirement of having the conference "conclude" as stated in the Order Setting Mandatory Scheduling Conference is clearly so that the parties are able to meet the requirements set forth in that Order as well as Rule 26(f)(2) and (3) for submitting a detailed report to the court containing such issues as described above. In this case, Plaintiff is correct in stating that the parties met and conferred by phone on August 18, 2020, to discuss the items required to be contained in the Joint Scheduling Report. However, the parties did not finish this conference. This is evidenced by the fact that the day after the conference phone call, Plaintiff's attorney e-mailed defense counsel a proposed skeleton for the Joint Scheduling Report, which did not contain any items indicating that the parties had agreed on any of the content required to be contained in such report. (See Ex. 1 to Declaration of Kathleen Rivera). As Plaintiff states in its motion, the parties agreed to "to speak again on September 3 to finalize the report." (Motion, p. 3, ll. 16-17).

Since the conference did not conclude, the deadline to exchange initial disclosures was not "triggered" as Plaintiff argues. As Rule 26(d) states: "*Timing:* A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Thus, discovery in this case is not permitted until the parties have conferred, and the single phone call with nothing more does to constitute a "conference" as envisioned by Rule 26(f)(2).

///

///

On August 27, 2020, when this court continued the Scheduling Conference from September 15, 2020 to December 7, 2020 (Doc. No. 47), the deadline to complete the conference was likewise continued, according to the new Scheduling Conference date.  Plaintiff's motion fails to thoroughly address the effect that this court's order moving the initial scheduling conference.

### IV. THIS COURT MAY PROPERLY POSTPONE THE EXCHANGE OF INITIAL DISCLOSURES UNTIL AFTER THE SCHEDULING CONFERENCE ON DECEMBER 7, 2020.

As stated above, the deadline to exchange initial disclosures is guided by the Scheduling Conference in this case.  This court's minute order clearly contemplated the pending motions to dismiss and motion to strike when it postponed the Scheduling Conference until December 7, when it stated:  "[i]n light of the pending motions to dismiss and motion to strike, the Scheduling Conference for 9/15/2020 is CONTINUED to 12/7/2020…" (Doc. 47).  In this way, this case is similar to a recent Eastern District case, *United States v. Dynamic Medical Systems, LLC*, 2020 WL 3035219 (E.D. California, June 5, 2020).  In that case, the court was presented with a motion by defendants to stay discovery and continue the scheduling conference due to pending motions to dismiss.  (*Id.* *1).  Magistrate Judge Boone found good cause to continue the scheduling conference and stay discovery to allow the pending motions to dismiss to be decided.  (*Id.* *6).  The court referred back to its order setting the scheduling conference, which stated that "the Court is aware that in some situations the case is not procedurally in the posture for the Scheduling Conference to be held on the date initially set," and that such "situations include…where there is a pending motion to dismiss."  (*Id.* *1).  The court stated the "purpose of FRCP Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."  (*Id.* *6).  In this case, the issues and parties may be significantly different following the decision on the pending motions to dismiss and motion to strike.  For this reason, discovery at this point would involve unnecessary discovery expenses for all parties.

///

///

///

1       Plaintiff's legal authority in support of its motion is not applicable to the facts at hand. Plaintiff cites *Espineli v. Toyota Motor Sales, U.S.A., Inc.*, 2019 WL 3080808 (E.D. California, July 15, 2019), but this case is not helpful. In that case, the parties had completed their Rule 26(f) conference and had submitted a joint report to the court, with the defendant asking for a stay of discovery until after the resolution of a motion to dismiss that had not yet been filed. (*1). Unlike the instant case, *Espineli* did not concern the situation here where the parties have not completed their Rule 26(f) conference, the defendants have already filed motions to dismiss and the court has vacated the date for the initial scheduling conference.

      *Highlander Holdings, Inc. v. Fellner,* WL 3498174 (S.D. California, June 29, 2020) cited by Plaintiff is also not helpful. The court there was not "confronted with an analogous situation" as Plaintiff asserts. *Highlander* concerned the sole issue of a motion to compel the completion of the deposition of the defendant. In fact, the court stated the only issue before it was whether to compel a further deposition of the defendant and to issue sanctions against the defendant for his deposition conduct. (*6). In *Highlander,* plaintiff moved for a motion to compel to complete defendant's deposition, but since the deadline for fact discovery had passed, the plaintiff attempted to show good cause for this request to amend the scheduling order in the case, by alleging that it was prevented from conducting discovery until the court issued a scheduling order. (*5). The court stated this assertion was incorrect. (*5). The court's dicta on this issue of seeking discovery prior to when a scheduling order is in place is not the holding of the case, and therefore not persuasive to the instant motion.

**V.      DEFENDANTS WILL BE PREJUDICED IF THE COURT GRANTS THIS MOTION**

      Plaintiff lists several ways in which it will allegedly be prejudiced if the court does not grant its motion. However, Plaintiff fails to include a declaration with the motion to support such statements of prejudice. Every motion which relies on facts as part of the basis of the motion must be supported by an affidavit. (Local Rule 230(h). Here, Plaintiff makes several statements without any factual support in the form of an affidavit or declaration. These should therefore be disregarded by this court.

///

Plaintiff in fact will not be prejudiced by any potential loss of discoverable evidence, as Plaintiff has sent the defendants a preservation of evidence letter, including electronically stored information. Further, Plaintiff will not be prejudiced as to the upcoming motions to dismiss, in that Plaintiff does not claim in its motion that it needs discovery in order to be able to defend against the pending motions to dismiss.

Defendants, however, will in fact be prejudiced. Plaintiff is asking the court to impose the burdens and costs of full discovery on the Defendants before comprehensive motions to dismiss are resolved. The motions to dismiss and to strike may eliminate several issues or parties (e.g. the County of Kern on the municipal liability claims), thus saving all parties needless discovery.

## VII. CONCLUSION

For the reasons stated above, Defendants respectfully request that this court deny Plaintiff's motion.

DATED: September 30, 2020

Respectfully Submitted,

MARGO A. RAISON, KERN COUNTY COUNSEL

By: /s/ Kathleen S. Rivera
Andrew C. Thomson, Chief Deputy
Kathleen Rivera, Deputy
Phillip T. Jenkins, Deputy
Attorneys for Defendants County of Kern, Donny Youngblood and Joshua Nicholson

#254604102