Katherine Eskovitz (SBN 255105)
ROCHE CYRULNIK FREEDMAN LLP
1158 26th Street, No. 175
Santa Monica, CA 90403
keskovitz@rcfllp.com
(646) 791-6883

*Counsel for Apothio LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APOTHIO, LLC, <br><br> Plaintiff, <br><br> v. <br><br> KERN COUNTY; KERN COUNTY SHERIFF'S OFFICE; CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE; DONNY YOUNGBLOOD; JOSHUA NICHOLSON; CHARLTON H. BONHAM; JOHN DOES #1 THROUGH #10, UNKNOWN AGENTS OF THE KERN COUNTY SHERIFF'S OFFICE; JOHN DOES #11 THROUGH #20, UNKNOWN AGENTS OF THE CALIFORNIA FISH AND WILDLIFE DEPARTMENT, <br><br> Defendants. | No. 1:20-CV-00522-NONE-JLT <br><br> **JOINT STATEMENT REGARDING DISCOVERY DISAGREEMENT RE: INITIAL DISCLOSURE DEADLINE** <br><br> Date: October 7, 2020 <br> Time: 8:30 AM <br> Dept: Courtroom 4 <br> Judge: THURSTON |

**JOINT STATEMENT REGARDING DISCOVERY DISAGREEMENT RE: INITIAL DISCLOSURE DEADLINE**

COMES NOW the Plaintiff, through its respective attorneys of record, and states as follows regarding the Discovery Disagreement:

**1.    Details of Conferences**

a.    **August 18, 2020.** Ahead of the September 15 scheduling conference before the Court, the parties participated in a telephonic Rule 26(f) conference. During the Rule 26(f) conference, the parties agreed to exchange drafts of their positions for the joint report by September

1, and to speak again on September 3 to finalize the report. During the Rule 26(f) conference, counsel for Apothio asked if we needed to schedule another call before the Rule 26(f) conference deadline, and counsel for Defendants responded that this call was our Rule 26(f) conference and no additional call was needed before the deadline. Based on this representation, the parties agreed to proceed by exchanging drafts of the joint report with a final call on September 3 before the report was due. This agreement was reflected in emails exchanged by the parties. *See* Decl. of Katherine Eskovitz, Dkt. No. 49-1 at 6.

      b. **August 27, 2020.** Counsel for Charlton H. Bonham and California Department of Fish and Wildlife (together, the "Fish and Wildlife Defendants") proposed rescheduling the September 3 call for the first week of November given the Court's continuance of the scheduling conference. *Id.* at 4–5. Counsel for Apothio responded the next day, agreed to reschedule the call, but requested confirmation that discovery had commenced. *Id.* at 4. Counsel for Kern County, Kern County Sheriff's Office, Donny Youngblood, and Joshua Nicholson (collectively the "Kern Defendants") responded that they would "be following the direction of the court, which indicates a scheduling conference of December 7, 2020, after which time we will make our initial disclosure, pursuant to the order of the court." *Id.*

      c. **Between September 11 and September 15, 2020**. The parties continued to meet and confer over email. Counsel for Apothio explained its position that it would be moving to set a deadline for initial disclosures because the parties could not agree whether the August 18, 2020, 26(f) conference commenced discovery and the 14-day initial disclosure obligations set out in Rule Fed. R. Civ. P. 26(a)(1)(C). Counsel for Apothio offered dates for a telephonic meet and confer for the contemplated motion, but counsel for the respective Defendants took the position that a telephonic meet and confer was not necessary and that "have thoroughly set forth our

positions on this issue of when initial disclosures are due in our e-mails over the last several days."

*See* Decl. of Katherine Eskovitz at 10.

**2. Statement of Nature of Action and Factual Disputes As They Relate to the Discovery Dispute**

a. Plaintiff brings civil rights and tort claims concerns Defendants' destruction of Apothio's hemp crops. None of the legal or factual disputes regarding the merits as set forth in the motion to dismiss and related filings are pertinent to this discovery dispute.

**3. Contentions of Each Party As to Each Contested Issue**

<u>Plaintiffs' Position Regarding the Triggering of the Initial Disclosure Deadline</u>

a. As set forth more thoroughly its memorandum in support of its motion, Apothio's position is that the Rule 26(f) conference was held on August 18, 2020, which triggered a default deadline for initial disclosures of September 1, 2020. Fed. R. Civ. P. 26(a)(1)(C) (setting deadline for disclosures two weeks after meet and confer). The Defendants asserted during the conference they would instead propose their own deadline in the joint report submitted in advance of the scheduling conference, which was then set for September 15. *See* Decl. of Katherine Eskovitz ¶ 2. At the time, the parties agreed to exchange drafts of their positions for the joint report by September 1. *Id.* But before that could happen, the September 15 conference was continued until December. While Apothio had been willing to wait two weeks to resolve the issue of timing for initial disclosures, it is unable to wait for more than three months when discovery has not been stayed and nothing in the Federal Rules of Civil Procedure contemplates delaying initial disclosures after a Rule 26(f) meet and confer has occurred.

<u>Plaintiff's Position Regarding Local Rule 251(e) and the Joint Statement</u>

b. Defendants' opposition briefs ask that the Court resolve this motion, not on the merits of whether the Court intends to stay discovery, but on a technical disagreement over whether

Defendants failed to respond to Plaintiff's discovery request for a deadline for initial disclosures, or whether a joint statement is required, and if so, whether it is timely. Plaintiff believes a joint statement is not required pursuant to Local Rule 251(e), due to Defendants continued refusal to provide a date for initial disclosures. Nevertheless, in response to Defendants assertion that a joint statement is required, the parties are submitting this joint statement after Defendants have taken the time they need to complete their section.

   c. During the Rule 26(f) conference of August 18, in response to Plaintiff's request to schedule a *further* Rule 26(f) call, Defendant expressly said that the August 18 meet and confer was our Rule 26(f) conference, and that we did not need Plaintiff's proposed second call. But Defendants somehow claim that the phrase "no additional call was needed" was never spoken. Regardless of the exact words Defendants spoke, they seem to concede that they declined our offer to schedule an additional call for our Rule 26(f) conference before the deadline, asserting that the August 18 call was our Rule 26(f) conference. That there was an additional scheduled call to resolve any issues in the joint report has no bearing on whether the parties had their Rule 26(f) conference on August 18, triggering initial disclosures. Moreover, Defendants' opposition brief and attached communications confirm that they have never answered Plaintiff's request for initial disclosures exchange, and they continue to refuse to provide any date for initial disclosures despite Plaintiff's repeated requests. Thus, a joint report is not required pursuant to Local Rule 251(e).

   d. When Plaintiff learned for the first time upon the filing of Defendants' opposition to Plaintiff's motion for initial disclosures that Defendants believed the parties were required to file a joint statement that day—despite the parties' many communications during which Defendants never mentioned this—Plaintiff within hours sent Defendants a draft joint statement to insert their section without any specific deadline, adding that Plaintiff would file it when

Defendants returned their section. Exhibit A at 3. Plaintiff also told Defendants the following day that "[w]e are happy to move the hearing date back a few days if you need that time to address this straightforward issue that you have already briefed." *Id.*

    e.   Plaintiff offered additional time to meet and confer to attempt to resolve the issue of an initial disclosures deadline, prior to filing Plaintiff's motion, but Defendants' declined Plaintiff's offer in writing. *See id.* at 1; Decl. of Katherine Eskovitz at 10.

<u>Defendants Position</u>

COME NOW all Defendants, jointly, through their respective attorneys of record, and state as follows regarding the Discovery Disagreement:

1. Plaintiff has failed to comply with Local Rule 251 with regard to the submission of this Joint Statement re Discovery Disagreement.

2. Pursuant to 251(a), plaintiff was required to submit a Joint Statement re Discovery Disagreement to the court. Pursuant to 251(c) plaintiff was required to confer with defense counsel regarding the Joint Statement re Discovery Disagreement, and pursuant to 251(a) plaintiff was required to file the Joint Statement re Discovery Disagreement with the court on September 30, 2020 (7 days before the hearing on this matter of October 7, 2020).

3. Plaintiff's counsel emailed defense counsel at 8:54 p.m. on September 30, stating plaintiff does not believe a joint statement regarding a discovery dispute is required, as provided by the exception to this obligation as outlined in 251(e). Nevertheless, plaintiff's counsel included a draft of a Joint Statement re Discovery Dispute.

4. On October 1, defense counsel informed Plaintiff's counsel that their attempt to confer on a joint statement was untimely, but that in the spirit of cooperation, defense counsel would add their position to the draft of the joint statement.

5. Defendants' position on the dispute at hand is briefly as follows:

A. Counsel for defendants participated in an August 18, 2020 telephone call with counsel for all parties to discuss the preparation of a Joint Scheduling Report as required by the court's standing order.

B. At no time during the conference was it stated that the defendants refused to provide a date for initial disclosures. Rather, counsel for all defendants insisted that the Joint Scheduling Report should reflect the defendants' position that any discovery deadlines should be set far enough in the future to allow the disposition of the motions to dismiss and motion to strike that defendants had filed.

C. Plaintiff's counsel stated they believed the initial disclosures were due 14 days from the date of the August 18th phone call. Defendants disagreed, and stated the court would set a deadline for disclosures, after the court considered each party's position on this matter as would be contained in each party's portion of the Joint Scheduling Report.

D. The conference participants decided that the skeleton of the Joint Scheduling Report would be provided by plaintiff's counsel, with each party to draft their own versions. The parties agreed to exchange drafts by September 1, and would meet and confer further on September 3 to resolve disputes where possible. Plaintiff's counsel would then prepare the report for filing by the due date of September 8.

E. Once the court continued the Scheduling Conference from September 15 to December 7, 2020, defense counsel indicated to plaintiff's counsel that they would revisit the issue of drafting the Joint Scheduling Report according to the new deadline for submitting such report.

F. Plaintiff's counsel sent an e mail on August 28, asking if the defendants would agree to: "(1) commence discovery and/or (2) jointly request a scheduling conference at the Court's

1  earliest convenience." Defense counsel declined, in that the court had just set a scheduling
2  conference for its earliest convenience, given the pending motions to dismiss and to strike, and
3  further because the date for initial disclosures would be set by the court, based on the parties' Joint
4  Scheduling Conference Statement, which would now be due according to the December 7
5  Scheduling Conference date.

6       G.     Plaintiff Apothio sent an email to defense counsel on Wednesday, September 30,
7  2020, long after the close of business, with a draft of its Joint Statement of Discovery Dispute. In
8  its email, Apothio stated it would give defendants until the end of the day, meaning apparently that
9  night, to provide its position here. Defendants had never seen a draft of the Statement before, had
10 no idea that Apothio intended to prepare one, and had inadequate time to draft and review its
11 position provided here. Apothio's emails and responses are provided herewith.

12      H.     Apothio, in its position in this Joint Statement of Discovery Dispute, in its last-
13 minute presentation of the Joint Statement to defendants, and its prior disregard of the court's
14 scheduling order process, as discussed in the defendants' opposition to Apothio's Motion to Set
15 the Initial Disclosure Deadline, confirms its conscious bad faith with its statement above, where
16 Apothio states:

17     "While Apothio had been willing to wait two weeks to resolve the issue of timing for initial
18 disclosures, it is unable to wait for more than three months when discovery has not been stayed
19 and nothing in the Federal Rules of Civil Procedure contemplates delaying initial disclosures after
20 a Rule 26(f) meet and confer has occurred."

21      H.     Thus, as stated above, Apothio confirms the parties' agreement during the August
22 18 conference to discuss the Joint Scheduling Report further after an exchange of language, and
23 "Apothio had been willing to wait two weeks to resolve the issue of timing for initial disclosures."

I. But when the court continued the scheduling conference sua sponte, Apothio was "unable to wait for more than three months" and unilaterally decided that it would throw aside the previously agreed process for developing the Joint Scheduling Report and set its own date for initial disclosure. Thereupon it filed its motion currently before the court and scheduled to be heard on October 7.

J. Upon realizing from the papers in opposition to its motion for initial disclosure that the local rules required the instant Joint Statement of Discovery Dispute, Apothio provided a draft to defendants a week before the October 7 hearing date, giving defendants no time to respond.

K. In its motion to set the initial disclosure deadline and in its Statement position here, Apothio continues to misrepresent the statements and positions of the State Defendants.

Apothio states:

"During the Rule 26(f) conference, counsel for Apothio asked if we needed to schedule another call before the Rule 26(f) conference deadline, and counsel for Defendants responded that this call was our Rule 26(f) conference and no additional call was needed before the deadline."

Apothio remembers that defendants said that "no additional call was needed," apparently to argue that the conference was thus closed. This flies in the face of the fact that the parties agreed to exchange draft plans and speak further about the discovery plan, including initial disclosures, and defendants' position that discovery scheduling should provide time for resolution of the motions to dismiss and motion to strike.

L. Plaintiff filed its motion to set a deadline for initial disclosures on September 16, without complying with the requirements of Local Rule 251, as detailed above.

M. Based on the foregoing, and the oppositions of defendants, defendants respectfully

JOINT DISCOVERY DISPUTE STATEMENT– Case No 1-20-cv-00522-NONE-JLT

request this court deny plaintiff's pending motion.

Dated: October 2, 2020  ROCHE CYRULNIK FREEDMAN LLP
By: */s/ Katherine Eskovitz*
Katherine Eskovitz
*Counsel for Apothio LLC*

Dated: October 2, 2020  MARGO A. RAISON, COUNTY COUNSEL
By: */s/ Kathleen Rivera*
Andrew C. Thomson, Chief Deputy
Kathleen Rivera, Deputy
Phillip T. Jenkins, Deputy
Attorneys for Defendants County of Kern, Kern County Sheriff's Department, Donny Youngblood and Joshua Nicholson *LLC*

Dated: October 2, 2020  XAVIER BECERRA
*Attorney General of the State of California*

Bruce McGagin
Supervising Deputy Attorney General

By: */s/ Kelly Smith*
Kelly Smith, Deputy Attorney General
Attorneys for Defendants California Department of Fish And Wildlife And Charlton H. Bonham

As the filer of this document, I, Katherine Eskovitz, attest that all counsel have authorized me to attach their electronic signature to this document on October 2, 2020.

JOINT DISCOVERY DISPUTE STATEMENT– Case No 1-20-cv-00522-NONE-JLT