**Subject:** Re: Apothio v. Kern County et al Joint Discovery Dispute Statement
**Date:** Thursday, October 1, 2020 at 4:43:41 PM Eastern Daylight Time
**From:** Katherine Eskovitz
**To:** Kathleen Rivera
**CC:** Richard Cipolla, Kelly Smith, Harinder Kapur, Bruce McGagin, Stacey L. Roberts, Ethan Turner, Phillip T. Jenkins, Kristen L. Foster, RCF Apothio, Sean Eskovitz, Joseph Delich

Counsel:

We disagree with your recitation below. If you believe a joint statement is required, which we do not, please complete your portion, and we will file it immediately. You seem to want the Court to resolve this on a technicality and are working towards creating such an issue. We believe it would assist the parties for the Court to address whether the scheduling order is intended as a stay of discovery, language which you are assuming, despite that it does not so state. You assert that there "was no 'complete failure' of defendants to produce a date upon which we would provide initial disclosures," and yet notably you still refuse to provide such a date in response to our repeated requests. Therefore, we believed there was no need for a joint statement given your refusal.

Since you asserted for the first time in your oppositions that you believe a joint statement is required--despite your asserting to us in writing that we made a good faith effort to meet and confer over this issue and you expressly declined our invitation to continue to confer--we will file it as soon as we receive your portions. We are happy to move the hearing date back a few days if you need that time to address this straightforward issue that you have already briefed. Otherwise, we will assume you now agree that it is not required or are refusing to submit one.

**Katherine Eskovitz**
Roche Cyrulnik Freedman LLP
1158 26th Street, Suite 175
Santa Monica, CA 90403
(t) (646) 791-6883
(@) keskovitz@rcfllp.com

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT PRIVILEGE
ATTORNEY WORK PRODUCT

On Oct 1, 2020, at 1:20 PM, Kathleen Rivera <krivera@kerncounty.com> wrote:

> Counsel:
> It appears you wish to argue your motion via e-mail; our opposition speaks for itself. However, I wish to clear up a few inaccuracies in your e-mail:
> -defendants never provided "assurance" that we had "completed our Rule 26(f) conference."   There was never any discussion to that effect, and to suggest so now, only in response to the arguments made in defendants' Oppositions, is disingenuous.
> -defendants never provided "assurance" that the August 18th phone call "triggered our initial disclosure obligations."  In fact, it is the opposite:  during our phone call of August 18th, both Kelly Smith and myself stated repeatedly that we disagreed with your

assessment that the initial disclosures would be due 14 days from the date of the phone call.  During the August 18th phone call both of us stated the process is for the parties to submit their joint scheduling report to the court, then the court would issue a scheduling order, which would contain the date for initial disclosures.   Both of us stated we would be including in our portion of the joint scheduling report our position that initial disclosures should be far enough out so that the pending motions could be heard.

-neither Kelly Smith nor myself ever stated we would "refuse" to comply with the deadline for initial disclosures as required by FRCP Rule 26.  In fact, it is the opposite.  Once the court continued the scheduling conference date, counsel for defendants indicated we would be following the new conference date of Dec. 7, 2020, which would determine when the parties' joint scheduling conference statement would be due, and based on the joint scheduling conference statement, the court would issue an order containing the date for initial disclosures.

-there was no "complete failure" of defendants to produce a date upon which we would provide initial disclosures.  As you well know, during our August 18th phone conference, counsel for all defendants stated our disclosures would be due pursuant to the scheduling order of the court, which would be issued after the court reviewed the parties' respective positions on this issue, which was to be contained in the joint scheduling conference report.

If you believed that the exception to your obligation to submit a joint statement of the discovery dispute as outlined in Local Rule 251(e) applies here, I don't understand why you are asking us to draft our portion of the joint statement pursuant to Local Rule 251(a) and (c).

If you do not believe that the exception outlined in Local Rule 251(e) applies, then you did not make a "good faith effort" as stated in Local Rule 251(d) to meet and obtain the joint statement.  E-mailing defense counsel at 8:54 p.m. on the day the joint statement was due to be filed does not constitute good faith.  Your wrongly assume that we have "already prepared" our portion of the joint statement of discovery dispute, when you took no effort in informing us before the deadline that you would be filing this document.

In the spirit of cooperation, I will review your statement and provide my thoughts.


Kathleen Rivera, Deputy County Counsel
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Direct Line: (661) 868-3820
krivera@kerncounty.com

---

**From:** Richard Cipolla <rcipolla@rcfllp.com>
**Sent:** Wednesday, September 30, 2020 8:53 PM
**To:** Kathleen Rivera <krivera@kerncounty.com>; 'Kelly Smith' <Kelly.Smith@doj.ca.gov>; 'Harinder Kapur' <Harinder.Kapur@doj.ca.gov>; 'Bruce McGagin' <Bruce.McGagin@doj.ca.gov>;

'Stacey L. Roberts' <Stacey.Roberts@doj.ca.gov>; 'Ethan Turner' <Ethan.Turner@doj.ca.gov>; Phillip T. Jenkins <pjenkins@kerncounty.com>; Kristen L. Foster <kfoster@kerncounty.com>
**Cc:** RCF Apothio <RCF_Apothio@rcfllp.com>; Sean Eskovitz <seane@eskovitz.com>; Katherine Eskovitz <keskovitz@rcfllp.com>; Joseph Delich <jdelich@rcfllp.com>
**Subject:** Apothio v. Kern County et al Joint Discovery Dispute Statement

> **CAUTION:** This email originated from outside of the organization. Do not click links, open attachments, or provide information unless you recognize the sender and know the content is safe.

Counsel:

We received your opposition briefs this evening. As you know, we asked you during the Rule 26(f) conference if we should schedule a second call before the deadline due to the upcoming scheduling conference, but you stated there was no need because that call was the Rule 26(f) conference. We therefore relied on your assurance that we had completed our Rule 26(f) conference, and that conference triggered our initial disclosure obligations under FRCP 26(a)(1)(C), an obligation that you stated you would refuse to comply with. Given this complete failure to produce initial disclosures fourteen days after our Rule 26(f) Conference as required by FRCP 26(a)(1)(C), or even to produce a date upon which you would provide your initial disclosures, followed by your insisting that you would wait until after the Court had a scheduling conference in December, we do not believe a joint statement is required under the rules per Local Rule 251(e). You obviously disagree, so we are attaching our portion of the Joint Discovery Dispute Statement, although we do not believe it is required or conveys any additional information beyond the affidavits and briefing. We will file it when you return your portion. Given that your position is that this is due today, despite that you have not conveyed this to us in our many communications, we assume you have already prepared your portion or can provide it from your opposition motion without delay.

Best,
**Richard Cipolla**
Associate
Roche Cyrulnik Freedman LLP
99 Park Avenue, 19th Floor
New York, NY 10016
(t)  (646) 791-6881
(m) (617) 755-3612
(@) rcipolla@rcfllp.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

NOTICE: This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and legally privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by