Katherine Eskovitz (SBN 255105)
ROCHE CYRULNIK FREEDMAN LLP
1158 26th Street, No. 175
Santa Monica, CA 90403
keskovitz@rcfllp.com
(646) 791-6883

*Counsel for Apothio LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APOTHIO, LLC, | No. 1:20-CV-00522-NONE-JLT |
| Plaintiff, | **REPLY IN SUPPORT OF MOTION TO SET A DEADLINE FOR INITIAL DISCLOSURES** |
| v. | |
| KERN COUNTY; KERN COUNTY SHERIFF'S OFFICE; CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE; DONNY YOUNGBLOOD; JOSHUA NICHOLSON; CHARLTON H. BONHAM; JOHN DOES #1 THROUGH #10, UNKNOWN AGENTS OF THE KERN COUNTY SHERIFF'S OFFICE; JOHN DOES #11 THROUGH #20, UNKNOWN AGENTS OF THE CALIFORNIA FISH AND WILDLIFE DEPARTMENT, | Date: October 7, 2020<br>Time: 8:30 AM<br>Dept: Courtroom 4<br>Judge: THURSTON |
| Defendants. | |

### APOTHIO'S REPLY IN SUPPORT OF MOTION TO SET A DEADLINE FOR INITIAL DISCLOSURES

Plaintiff Apothio LLC replies in further support of its motion to set a deadline for initial disclosures and requests the Court order the parties to exchange their initial disclosures by October 7, or as soon thereafter as the Court deems just and proper.

While the scheduling conference is set for December, discovery has not been stayed in this case. There is no basis for Defendants to refuse to provide their initial disclosures, as they are required to do under the federal rules now that the Rule 26(f) meet and confer has taken place.

1

1

<u>**ARGUMENT**</u>

2

**I.    The Defendants Have Not Moved to Stay Discovery and Cite No Authority Suggesting Initial Disclosures Turn on the Preliminary Scheduling Conference.**

3

4

The Fish and Wildlife Defendants protest that Apothio has misrepresented their position,

5

claiming that they "did not refuse to provide a date for initial disclosures." F&W Opp. Br. at 2.

6

But two sentences later, they clearly take the position that <u>**none**</u> of the "discovery deadlines in the

7

Joint Scheduling Report should be" set until "after considering the outstanding motions to dismiss

8

and motion to strike the complaint." *Id.*; *see also id.* at 4 ("Defendants stressed that discovery prior

9

to decision upon the motions to dismiss and strike was premature because the issues and claims

10

could change significantly."). In other words, not only are the Fish and Wildlife Defendants

11

refusing to provide dates for initial disclosures, they've unilaterally demanded a stay of all

12

discovery.

13

Apothio's motion described a case specifically addressing the potential for initial

14

disclosures and other discovery to proceed independent of a continued preliminary scheduling

15

conference. *See Highlander Holdings, Inc. v. Fellner*, No. 3:18-CV-1506-AHG, 2020 WL

16

3498174, at *5–6 (S.D. Cal. June 29, 2020) ("As an initial matter, although Rule 26(d) does

17

prohibit a party from seeking discovery prior to the Rule 26(f) conference, there is no similar

18

provision in the Rules preventing the parties from conducting discovery until after the Scheduling

19

Order is issued."). The Fish and Wildlife Defendants[1] did not address this point, this case, or its

20

reasoning. In fact, their Defendants' brief did not cite any cases at all. Even if this was not waiver

21

22

23

---

[1] Charlton H. Bonham and California Department of Fish and Wildlife.

2

1    of some kind,[2] their total failure to counter Apothio's principal argument cannot be overcome

2    merely by their strong desire for delay.

3          The Kern Defendants,[3] for their part, argue that the August 18 meet and confer never

4    actually ended, and that the parties are apparently still meeting and conferring even today. Kern

5    Opp. Br. at 2–4. This argument is a non-starter because it implies that the meet and confer cannot

6    conclude until the joint report is finalized. Since the federal rules set the deadline for the Rule 26(f)

7    meet and confer no later than **three weeks** before the scheduling conference, but set the deadline

8    for the joint report **one week** before that same conference,  the completion of the joint report cannot

9    possibly be a prerequisite to completing the Rule 26(f) meet and confer.

10         Again, the court in *Highlander* addressed a situation nearly identical to the one here: the

11   scheduling conference was continued after the deadline for the Rule 26(f) conference had already

12   passed, which meant that the parties "should have conducted the Rule 26(f) conference" regardless,

13   after which they "were free to conduct discovery." *Highlander*, 2020 WL 3498174, at *5–6. Here

14   there is no dispute that the parties have held their Rule 26(f) conference, which under the federal

15   rules necessarily clears the way for the exchange of initial disclosures. The Kern Defendants

16   dismiss this discussion in *Highlander* as dicta, which is simply not true. It was at least partially the

17   failure to commence discovery during the four months between the Rule 26(f) meet and confer

18   deadline and the scheduling conference that the Court denied the parties' motions to compel as

19   untimely. *Id.* at *6. Regardless, it is a recent decision that is instructive and directly applicable to

20   the situation here.

21

22

23

---

[2] *See Munoz v. United States Dep't of State*, No. CV 17-0037 AS, 2017 WL 8230036, at *3 (C.D. Cal. Dec. 11, 2017) ("failure of party in its opposition brief to address argument waives the issue").
[3] Kern County, Kern County Sheriff's Office, Donny Youngblood, and Joshua Nicholson.

**APOTHIO'S REPLY IN SUPPORT OF MOTION FOR INITIAL DISCLOSURES DEADLINE**
**CASE NO. 1:20-CV-00522-NONE-JLT**

**II.   Apothio's Motion is Not Untimely or Improper.**

Defendants' opposition briefs ask that the Court resolve this motion, not on the merits of whether the Court intends to stay discovery, but on a technical disagreement over whether Defendants failed to respond to Plaintiff's discovery request for a deadline for initial disclosures, or whether a joint statement is required, and if so, whether it is timely. Plaintiff believes a joint statement is not required pursuant to Local Rule 251(e), due to Defendants continued refusal to provide a date for initial disclosures. But in any event, the parties have submitted such a joint statement to the Court. *See* ECF No. [53]. .

During the Rule 26(f) conference of August 18, in response to Plaintiff's request to schedule a *second* Rule 26(f) call, Defendant expressly said that the August 18 meet and confer was our Rule 26(f) conference, and that we did not need Plaintiff's proposed additional call. But Defendants somehow claim that the phrase "no additional call was needed" was never spoken. Regardless of the exact words Defendants spoke, they seem to concede that they declined our offer to schedule an additional call for our Rule 26(f) conference before the deadline, asserting that the August 18 call was our Rule 26(f) conference. That there was an additional scheduled call to resolve any issues in the joint report has no bearing on whether the parties had their Rule 26(f) conference on August 18, triggering the September 1 deadline for initial disclosures.

Moreover, Defendants' opposition brief and attached communications confirm that they have never answered Plaintiff's request for an initial disclosures exchange, and they continue to refuse to provide any date for initial disclosures despite Plaintiff's repeated requests. Plaintiff offered additional time for a meet and confer to try and resolve the issue of an initial disclosures deadline, prior to filing Plaintiff's motion, but Defendants' declined Plaintiff's offer in writing. *See* Second Decl. of Katherine Eskovitz, Ex. A at 11 (Oct. 2, 2020); First Decl. of Katherine

4

1    Eskovitz, ECF No. [49-1] at 10 (Sep. 16, 2020). Thus, a joint report is not required pursuant to

2    Local Rule 251(e).

3           Nevertheless, in response to Defendants assertion that a joint statement is required, the

4    parties have filed a joint statement. When Plaintiff learned for the first time upon the filing of

5    Defendants' opposition to Plaintiff's motion for initial disclosures that Defendants believed the

6    parties were required to file a joint statement that day—despite the parties' many communications

7    during which Defendants never mentioned this—Plaintiff within hours sent Defendants a draft

8    joint statement to insert their section without any specific deadline, adding that Plaintiff would file

9    it when Defendants returned their section. Second Decl. of Katherine Eskovitz, ¶ 2 . Plaintiff also

10   told Defendants the following day that "[w]e are happy to move the hearing date back a few days

11   if you need that time to address this straightforward issue that you have already briefed." *Id.*

12   Plaintiff repeatedly reassured Defendants that Plaintiff is not imposing any deadline, that

13   Defendants should raise with Plaintiff any issues they have with the joint statement, and that

14   Plaintiff is happy to work with Defendants in resolving any issues. Second Decl. of Katherine

15   Eskovitz, ¶ 3. In response, Defendants sent minor grammatical corrections to a single sentence of

16   the joint statement. Second Decl. of Katherine Eskovitz, ¶ 4.

17          Plaintiff also sent a draft joint stipulation to Defendants and asked if they would agree to

18   resolve the issues they had raised by continuing the hearing date by seven days, to provide a total

19   of twenty-eight days notice, and to allow the Court the requisite seven days to review the joint

20   statement. Second Decl. of Katherine Eskovitz, ¶ 5.Defendants refused to agree to such a joint

21   stipulation. *Id.*

22          If anything is improperly noticed, surely it is Defendants' opposition briefs requesting a

23   stay of discovery without having filed any motions at all. However, if the Court determines this

motion was improperly noticed, Apothio respectfully requests leave to re-notice the motion pursuant to the local rules so that the significant underlying issue of proceeding with discovery to prevent further harm to Plaintiff can be addressed. *See* Local Rule 230 ("Motions defectively noticed shall be filed, but not set for hearing; the Clerk shall immediately notify the moving party of the defective notice and of the next available dates and times for proper notice, and the moving party shall file and serve a new notice of motion setting forth a proper time and date.").

### III. Prejudice

As addressed in detail in its opening brief, Apothio faces a serious risk of prejudice from unnecessary discovery delays, which will also delay opportunities for productive settlement talks, but moving forward with something as simple as exchanging initial disclosures poses no prejudice to Defendants at all, particularly since their motions to dismiss are not dispositive of all of the claims in the case, which entirely distinguishes the circumstances here from the situation in the case cited by the Kern Defendants to support their stay request. *See United States v. Dynamic Med. Sys., LLC*, No. 117CV01757NONESAB, 2020 WL 3035219, at *1 (E.D. Cal. June 5, 2020) ("The motions to dismiss could potentially dispose of the action in its entirety and Defendants argue it would serve the interests of efficiency and judicial economy for the Court to stay discovery and continue the scheduling conference . . . during the pendency of the motions to dismiss.").Moreover, "[t]he pendency of a motion to dismiss almost never serves to excuse compliance with initial disclosure obligations.'" *Id.* at *4 (quoting *Espineli v. Toyota Motor Sales, U.S.A., Inc.*, No. 217CV00698KJMCKD, 2019 WL 3080808, at *1 (E.D. Cal. July 15, 2019)).

### CONCLUSION

For those reasons, Apothio requests the Court order the parties to exchange their initial disclosures by October 7, or as soon thereafter as the Court deems just and proper.

6

Dated: October 2, 2020

*/s/ Katherine Eskovitz*
ROCHE CYRULNIK FREEDMAN LLP
Katherine Eskovitz
1158 26th Street, No. 175
Santa Monica, CA 90403
keskovitz@rcfllp.com
(646) 791-6883

Kyle W. Roche
Joseph M. Delich
Richard R. Cipolla
99 Park Avenue, 19th Floor
New York, NY 10016
kyle@rcfllp.com
jdelich@rcfllp.com
rcipolla@rcfllp.com

*/s/ Sean Eskovitz*
ESKOVITZ LAW
Sean Eskovitz
1217 Wilshire Boulevard, No. 3683
Santa Monica, CA 90402
seane@eskovitz.com

*/s/ Brant W. Bishop*
BRANT W. BISHOP, P.C.
Brant W. Bishop
2000 Pennsylvania Avenue, NW
Suite 7000
Washington, DC 20006
brant@bishop.us

*Counsel for Apothio LLC*

**APOTHIO'S REPLY IN SUPPORT OF MOTION FOR INITIAL DISCLOSURES DEADLINE**
**CASE NO. 1:20-CV-00522-NONE-JLT**