Katherine Eskovitz
ROCHE CYRULNIK FREEDMAN LLP
1158 26th Street, No. 175
Santa Monica, CA 90403
keskovitz@rcfllp.com

Kyle Roche
Joseph M. Delich
Richard R. Cipolla
ROCHE CYRULNIK FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
kyle@rcfllp.com
jdelich@rcfllp.com
rcipolla@rcfllp.com

Sean Eskovitz
ESKOVITZ LAW
1217 Wilshire Boulevard,
No. 3683
Santa Monica, CA 90402
seane@eskovitz.com

Brant W. Bishop
BRANT W. BISHOP, P.C.
2000 Pennsylvania Avenue, NW
Suite 7000
Washington, DC 20006
brant@bishop.us

*Counsel for Apothio LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

APOTHIO, LLC,

                    Plaintiff,

          v.

KERN COUNTY; KERN COUNTY
SHERIFF'S OFFICE; CALIFORNIA
DEPARTMENT OF FISH AND
WILDLIFE; DONNY YOUNGBLOOD;
JOSHUA NICHOLSON; CHARLTON H.
BONHAM; JOHN DOES #1 THROUGH
#10, UNKNOWN AGENTS OF THE
KERN COUNTY SHERIFF'S OFFICE;
JOHN DOES #11 THROUGH #20,
UNKNOWN AGENTS OF THE
CALIFORNIA FISH AND WILDLIFE
DEPARTMENT,

                    Defendants.

No. 1:20-CV-00522-NONE-JLT

**DECLARATION OF
KATHERINE ESKOVITZ IN
SUPPORT OF MOTION TO SET
DEADLINE FOR INITIAL
DISCLOSURES**

Date: October 7, 2020
Time: 8:30 AM
Dept: Courtroom 4
Judge: THURSTON

1

**DECLARATION OF KATHERINE ESKOVITZ**

2

I, Katherine Eskovitz, declare:

3

1.      I am attorney admitted to practice before this Court and counsel of record for

4

Apothio, LLC in this matter. The matters stated in this declaration are true of my own

5

personal knowledge except as matters stated as to information and belief.

6

2.      On September 30, 2020, Plaintiff learned for the first time upon the filing of

7

Defendants' opposition to Plaintiff's motion for initial disclosures that Defendants believed

8

the parties were required to file a joint statement that day—despite the parties' many

9

communications during which Defendants never mentioned this. Plaintiff within hours sent

10

Defendants a draft joint statement to insert their section without any specific deadline, adding

11

that Plaintiff would file it when Defendants returned their section. *See* Exhibit A, at 15.

12

Plaintiff also told Defendants the following day that "[w]e are happy to move the hearing

13

date back a few days if you need that time to address this straightforward issue that you have

14

already briefed." *Id.*

15

3.      Over the next two days, Plaintiff repeatedly reassured Defendants that

16

Plaintiff was not imposing any deadline, that Defendants should raise with Plaintiff any

17

issues they had with the joint statement, and that Plaintiff was happy to work with Defendants

18

in resolving any issues. Exhibit A, at 1, 6, & 8.

19

4.      However, over the course of extensive correspondence on October 2,

20

Defendants only ever provided minor grammatical corrections to a single sentence of the

21

joint statement. Exhibit A, at 1–3.

22

5.      The same day, in a further attempt to address the Defendants' concerns,

23

Plaintiff drafted and shared a draft of a joint stipulation for a continuance, and asked whether

the Defendants would agree to continue the hearing for seven days, to October 14, in order

1   "to assist the Court with time for review, and to informally resolve any disputes about notice or

2   timeliness," but Defendants rejected that offer as well. Exhibit A, at 6.

3          6.      I declare under penalty of perjury under the laws of the United States of America

4   that the foregoing is true and correct.

5   Dated: October 2, 2020

6                                          */s/Katherine Eskovitz*_____
                                           Katherine Eskovitz
7                                          ROCHE CYRULNIK FREEDMAN LLP
                                           1158 26th Street, No. 175
8                                          Santa Monica, CA 90403
                                           keskovitz@rcfllp.com
9
                                              *Counsel for Apothio LLC*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

**Subject:** Re: Apothio v. Kern County et al Joint Discovery Dispute Statement

**Date:** Friday, October 2, 2020 at 8:33:29 PM Eastern Daylight Time

**From:** Katherine Eskovitz

**To:** Kathleen Rivera

**CC:** Kelly Smith, Joseph Delich, Harinder Kapur, Bruce McGagin, Stacey L. Roberts, Ethan Turner, Phillip T. Jenkins, Sean Eskovitz, Jordana Haviv, Richard Cipolla, Athanasia Karadjas

As we have repeatedly told you from our first email since you surprised us in your opposition with a claim that the parties needed to file a joint statement, we were willing to wait as long as it took you to participate, and we waited to receive any and all redlines with your "serious objections," but we received only a single grammatical correction since yesterday from your seven-person team. We have told you to take the time you need, although obviously you have already briefed this issue and anticipated you would have to participate so presumably you had your position prepared. As we have repeatedly told you, we are willing to push back the hearing date to give you as much time as you need, but you objected to more time. We also offered you additional time to meet and confer about this issue from the outset, which you also rejected. Any purported  "limited time," to participate is your artificial deadline presumably to create a technical issue to avoid the Court addressing the merits of our motion. If you have any additional issues requiring more time, again please let us know. Otherwise, we will proceed to file, as you have already told us we should go ahead and do.

**Katherine Eskovitz**
Roche Cyrulnik Freedman LLP
1158 26th Street, Suite 175
Santa Monica, CA 90403
(t) (646) 791-6883
(@) keskovitz@rcfllp.com

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT PRIVILEGE
ATTORNEY WORK PRODUCT

On Oct 2, 2020, at 5:22 PM, Kathleen Rivera <krivera@kerncounty.com> wrote:

Ok
Also, in terms of the time defendants had to participate in plaintiffs obligation to circulate a joint statement re discovery disagreement, we had limited time given the lateness in beginning this process in terms of the  hearing date.

Kathleen Rivera, Deputy County Counsel
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Direct Line: (661) 868-3820
krivera@kerncounty.com

**From:** Katherine Eskovitz <keskovitz@rcfllp.com>
**Sent:** Friday, October 2, 2020 5:08 PM
**To:** Kathleen Rivera <krivera@kerncounty.com>
**Cc:** Kelly Smith <Kelly.Smith@doj.ca.gov>; Joseph Delich <jdelich@rcfllp.com>; Harinder Kapur <Harinder.Kapur@Doj.Ca.Gov>; Bruce McGagin <Bruce.McGagin@doj.ca.gov>; Stacey L. Roberts <Stacey.Roberts@doj.ca.gov>; Ethan Turner <Ethan.Turner@doj.ca.gov>; Phillip T. Jenkins <pjenkins@kerncounty.com>; Sean Eskovitz <seane@eskovitz.com>; Jordana Haviv <jhaviv@rcfllp.com>; Richard Cipolla <rcipolla@rcfllp.com>; Athanasia Karadjas <akaradjas@rcfllp.com>
**Subject:** Re: Apothio v. Kern County et al Joint Discovery Dispute Statement

> **CAUTION:** This email originated from outside of the organization. Do not click links, open attachments, or provide information unless you recognize the sender and know the content is safe.

Yes, we already made that requested correction in the revised draft you were sent. We will forward the final version, which will have all of your input that you have given us, as we asked you to take the time you need to do. Defendants have now given us permission to file with your revisions. The redline we received from Kelly this afternoon consisted only of the following grammatical correction, which has been made:

COMES NOW the Plaintiff, through its respective attorneys of record, and states as follows

regarding the Discovery Disagreement:

**Katherine Eskovitz**
Roche Cyrulnik Freedman LLP
1158 26th Street, Suite 175
Santa Monica, CA 90403
(t) (646) 791-6883
(@) keskovitz@rcfllp.com

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT PRIVILEGE
ATTORNEY WORK PRODUCT

On Oct 2, 2020, at 5:00 PM, Kathleen Rivera <krivera@kerncounty.com> wrote:

I'm unclear on grammatical correction you are referring to. Defendants red lined to state the first line states that is plaintiffs position.

Kathleen Rivera, Deputy County Counsel
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Direct Line: (661) 868-3820
krivera@kerncounty.com

---

**From:** Katherine Eskovitz <keskovitz@rcfllp.com>
**Sent:** Friday, October 2, 2020 4:53 PM
**To:** Kelly Smith <Kelly.Smith@doj.ca.gov>
**Cc:** Joseph Delich <jdelich@rcfllp.com>; Kathleen Rivera
<krivera@kerncounty.com>; Harinder Kapur <Harinder.Kapur@Doj.Ca.Gov>; Bruce
McGagin <Bruce.McGagin@doj.ca.gov>; Stacey L. Roberts
<Stacey.Roberts@doj.ca.gov>; Ethan Turner <Ethan.Turner@doj.ca.gov>; Phillip T.
Jenkins <pjenkins@kerncounty.com>; Sean Eskovitz <seane@eskovitz.com>;
Jordana Haviv <jhaviv@rcfllp.com>; Richard Cipolla <rcipolla@rcfllp.com>;
Athanasia Karadjas <akaradjas@rcfllp.com>
**Subject:** Re: Apothio v. Kern County et al Joint Discovery Dispute Statement

> **CAUTION:** This email originated from outside of the organization. Do not click links, open
> attachments, or provide information unless you recognize the sender and know the
> content is safe.

Thanks, Kelly. The grammatical correction to the first sentence has been made,
which is the only change I believe we received in your last redline. Unless we
hear otherwise, we will file the joint statement by close of business, and we will
assume you oppose any joint stipulation to move the hearing date, as you have
failed to agree to such a stipulation in your prior two responses.

Have a great weekend,


**Katherine Eskovitz**
Roche Cyrulnik Freedman LLP
1158 26th Street, Suite 175
Santa Monica, CA 90403
(t) (646) 791-6883
(@) keskovitz@rcfllp.com

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT PRIVILEGE
ATTORNEY WORK PRODUCT




On Oct 2, 2020, at 4:48 PM, Kelly Smith <Kelly.Smith@doj.ca.gov>
wrote:

Counsel: Assuming the changes have been made you are authorized

to sign for the state defendants.

Kelly T. Smith, Deputy Attorney General
Office of the Attorney General
1300 I Street, 12th Floor
Sacramento, CA  95814
(916) 210-6465
Kelly.Smith@doj.ca.gov

---

**From:** Joseph Delich <jdelich@rcfllp.com>
**Sent:** Friday, October 2, 2020 4:36 PM
**To:** Kathleen Rivera <krivera@kerncounty.com>
**Cc:** Kelly Smith <Kelly.Smith@doj.ca.gov>; Harinder Kapur
<Harinder.Kapur@Doj.Ca.Gov>; Bruce McGagin
<Bruce.McGagin@doj.ca.gov>; Stacey L. Roberts
<Stacey.Roberts@doj.ca.gov>; Ethan Turner
<Ethan.Turner@doj.ca.gov>; Phillip T. Jenkins
<pjenkins@kerncounty.com>; Sean Eskovitz <seane@eskovitz.com>;
Katherine Eskovitz <keskovitz@rcfllp.com>; Jordana Haviv
<jhaviv@rcfllp.com>; Richard Cipolla <rcipolla@rcfllp.com>; Athanasia
Karadjas <akaradjas@rcfllp.com>
**Subject:** Re: Apothio v. Kern County et al Joint Discovery Dispute
Statement

Thank you Kathleen. Have a safe flight.

Kelly, I assume this should be ready to execute now since we've
accepted your redlines, but please confirm I am authorized to sign
on your behalf. Please also let us know your position on the
stipulation.

**Joseph M. Delich**
Partner
Roche Cyrulnik Freedman
LLP
99 Park Avenue 19th Floor
New York, New York 10016
(t) (646) 970-7541
(c) (402) 208-5062
(@) jdelich@rcfllp.com


On Oct 2, 2020, at 7:30 PM, Kathleen Rivera
<krivera@kerncounty.com> wrote:

I agree with Kelly Smiths revisions. I don't agree to a Stip. I'm getting ready to board another flight, if Kelly Smith Ok's attaching his electronic signature to this joint statement of discovery dispute then I do as well.

Kathleen Rivera, Deputy County Counsel
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Direct Line: (661) 868-3820
krivera@kerncounty.com

---

**From:** Kelly Smith <Kelly.Smith@doj.ca.gov>
**Sent:** Friday, October 2, 2020 3:14 PM
**To:** Joseph Delich <jdelich@rcfllp.com>; Kathleen Rivera <krivera@kerncounty.com>
**Cc:** Harinder Kapur <Harinder.Kapur@Doj.Ca.Gov>; Bruce McGagin <Bruce.McGagin@doj.ca.gov>; Stacey L. Roberts <Stacey.Roberts@doj.ca.gov>; Ethan Turner <Ethan.Turner@doj.ca.gov>; Phillip T. Jenkins <pjenkins@kerncounty.com>; Sean Eskovitz <seane@eskovitz.com>; Katherine Eskovitz <keskovitz@rcfllp.com>; Jordana Haviv <jhaviv@rcfllp.com>; Richard Cipolla <rcipolla@rcfllp.com>; Athanasia Karadjas <akaradjas@rcfllp.com>
**Subject:** RE: Apothio v. Kern County et al Joint Discovery Dispute Statement

**CAUTION:** This email originated from outside of the organization. Do not click links, open attachments, or provide information unless you recognize the sender and know the content is safe.

Counsel: Please find attached revisions.

Kelly T. Smith, Deputy Attorney General
Office of the Attorney General
1300 I Street, 12th Floor
Sacramento, CA  95814
(916) 210-6465
Kelly.Smith@doj.ca.gov

---

**From:** Joseph Delich <jdelich@rcfllp.com>
**Sent:** Friday, October 2, 2020 1:56 PM
**To:** Kelly Smith <Kelly.Smith@doj.ca.gov>; Kathleen Rivera <krivera@kerncounty.com>
**Cc:** Harinder Kapur <Harinder.Kapur@Doj.Ca.Gov>; Bruce McGagin <Bruce.McGagin@doj.ca.gov>; Stacey L. Roberts <Stacey.Roberts@doj.ca.gov>; Ethan Turner <Ethan.Turner@doj.ca.gov>; Phillip T. Jenkins <pjenkins@kerncounty.com>; Sean Eskovitz <seane@eskovitz.com>; Katherine Eskovitz <keskovitz@rcfllp.com>; Jordana Haviv <jhaviv@rcfllp.com>; Richard Cipolla <rcipolla@rcfllp.com>; Athanasia Karadjas <akaradjas@rcfllp.com>
**Subject:** Re: Apothio v. Kern County et al Joint Discovery Dispute Statement

Counsel-

1. We have incorporated the changes from your redline. Please let me know if we now have permission to execute and file, and we will do so promptly. Unless we hear otherwise, we will assume you have taken any time you needed to address all your concerns.

2. In an effort to assist the Court with time for review, and to informally resolve any disputes about notice or timeliness, attached is a draft of a joint stipulation to a 7-day continuance of the hearing (to October 14), that we hope will address the concerns you've raised. Please let us know if you are willing to agree to something like this, and if so, whether you have any requested edits or changes.

**Joseph M. Delich**
Partner
Roche Cyrulnik Freedman LLP
99 Park Avenue 19th Floor
New York, New York 10016
(t) (646) 970-7541
(c) (402) 208-5062
(@) jdelich@rcfllp.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**October 2, 2020 Declaration of Katherine Eskovitz-Exhibit A**                  **Page 6**

**From:** Kelly Smith <Kelly.Smith@doj.ca.gov>
**Date:** Friday, October 2, 2020 at 3:54 PM
**To:** Joseph Delich <jdelich@rcfllp.com>, Kathleen Rivera <krivera@kerncounty.com>
**Cc:** Harinder Kapur <Harinder.Kapur@Doj.Ca.Gov>, Bruce McGagin <Bruce.McGagin@doj.ca.gov>, "Stacey L. Roberts" <Stacey.Roberts@doj.ca.gov>, Ethan Turner <Ethan.Turner@doj.ca.gov>, "Phillip T. Jenkins" <pjenkins@kerncounty.com>, Sean Eskovitz <seane@eskovitz.com>, Katherine Eskovitz <keskovitz@rcfllp.com>, Jordana Haviv <jhaviv@rcfllp.com>, Richard Cipolla <rcipolla@rcfllp.com>, Athanasia Karadjas <akaradjas@rcfllp.com>
**Subject:** RE: Apothio v. Kern County et al Joint Discovery Dispute Statement

Counsel: Did you see the editing changes that we included with the last draft?

Kelly T. Smith, Deputy Attorney General
Office of the Attorney General
1300 I Street, 12th Floor
Sacramento, CA  95814
(916) 210-6465
Kelly.Smith@doj.ca.gov

---

**From:** Joseph Delich <jdelich@rcfllp.com>
**Sent:** Friday, October 2, 2020 10:06 AM
**To:** Kelly Smith <Kelly.Smith@doj.ca.gov>; Kathleen Rivera <krivera@kerncounty.com>
**Cc:** Harinder Kapur <Harinder.Kapur@Doj.Ca.Gov>; Bruce McGagin <Bruce.McGagin@doj.ca.gov>; Stacey L. Roberts <Stacey.Roberts@doj.ca.gov>; Ethan Turner <Ethan.Turner@doj.ca.gov>; Phillip T. Jenkins <pjenkins@kerncounty.com>; Sean Eskovitz <seane@eskovitz.com>; Katherine Eskovitz <keskovitz@rcfllp.com>; Jordana Haviv <jhaviv@rcfllp.com>; Richard Cipolla <rcipolla@rcfllp.com>; Athanasia Karadjas <akaradjas@rcfllp.com>
**Subject:** Re: Apothio v. Kern County et al Joint Discovery

Dispute Statement

Good morning,

First, as a housekeeping matter, if you please try to keep all counsel copied on these emails we will do our best to do the same.

Second, do you mind sharing a redline of the specific changes you'd like to see in the introduction, because it is unclear to us which revisions you're referring to.

And third, if you have "significant disputes" with the "body of the report," please let us know what those are so we can try to address them. We are not imposing a deadline, though given your position that this was due seven days before the hearing we had anticipated this could be done promptly.  But again, if you need more time, we remain happy to work with you.

**Joseph M. Delich**
Partner
Roche Cyrulnik Freedman LLP
99 Park Avenue 19th Floor
New York, New York 10016
(t) (646) 970-7541
(c) (402) 208-5062
(@) jdelich@rcfllp.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Kelly Smith <Kelly.Smith@doj.ca.gov>
**Date:** Friday, October 2, 2020 at 11:40 AM
**To:** Joseph Delich <jdelich@rcfllp.com>, Kathleen Rivera <krivera@kerncounty.com>

**Cc:** Harinder Kapur <Harinder.Kapur@Doj.Ca.Gov>, Bruce McGagin <Bruce.McGagin@doj.ca.gov>, "Stacey L. Roberts" <Stacey.Roberts@doj.ca.gov>, Ethan Turner <Ethan.Turner@doj.ca.gov>, "Phillip T. Jenkins" <pjenkins@kerncounty.com>
**Subject:** RE: Apothio v. Kern County et al Joint Discovery Dispute Statement

Counsel:

You have not accepted defendants' requested revision to the introduction. As it reads it misleads the court. Defendants did not have time to discuss significant disputes they have with the body of the report drafted by Apothio. Defendants' request to modify the introduction seeks to clarify, simply and quickly, that Apothio drafted the initial report and that defendants position follows.

Kelly T. Smith, Deputy Attorney General
Office of the Attorney General
1300 I Street, 12th Floor
Sacramento, CA  95814
(916) 210-6465
Kelly.Smith@doj.ca.gov

**From:** Joseph Delich <jdelich@rcfllp.com>
**Sent:** Thursday, October 1, 2020 9:40 PM
**To:** Katherine Eskovitz <keskovitz@rcfllp.com>; Kathleen Rivera <krivera@kerncounty.com>
**Cc:** Richard Cipolla <rcipolla@rcfllp.com>; Kelly Smith <Kelly.Smith@doj.ca.gov>; Harinder Kapur <Harinder.Kapur@Doj.Ca.Gov>; Bruce McGagin <Bruce.McGagin@doj.ca.gov>; Stacey L. Roberts <Stacey.Roberts@doj.ca.gov>; Ethan Turner <Ethan.Turner@doj.ca.gov>; Phillip T. Jenkins <pjenkins@kerncounty.com>; Kristen L. Foster <kfoster@kerncounty.com>; RCF Apothio <RCF_Apothio@rcfllp.com>; Sean Eskovitz <seane@eskovitz.com>
**Subject:** Re: Apothio v. Kern County et al Joint Discovery Dispute Statement

Counsel-

We have made a few additional changes to our section. Unless you have further changes as well, please execute the attached PDF (or authorize me to do so) and we will proceed with filing. We hope this is fairly straightforward and can be finalized promptly, but as we indicated in our initial email, you should take any time that you think you need.

**Joseph M. Delich**
Partner
Roche Cyrulnik Freedman LLP
99 Park Avenue 19th Floor
New York, New York 10016
(t) (646) 970-7541
(c) (402) 208-5062
(@) jdelich@rcfllp.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Katherine Eskovitz <keskovitz@rcfllp.com>
**Date:** Thursday, October 1, 2020 at 4:43 PM
**To:** Kathleen Rivera <krivera@kerncounty.com>
**Cc:** Richard Cipolla <rcipolla@rcfllp.com>, Kelly Smith <Kelly.Smith@doj.ca.gov>, Harinder Kapur <Harinder.Kapur@doj.ca.gov>, Bruce McGagin <Bruce.McGagin@doj.ca.gov>, "Stacey L. Roberts" <Stacey.Roberts@doj.ca.gov>, Ethan Turner <Ethan.Turner@doj.ca.gov>, "Phillip T. Jenkins" <pjenkins@kerncounty.com>, "Kristen L. Foster" <kfoster@kerncounty.com>, RCF Apothio <RCF_Apothio@rcfllp.com>, Sean Eskovitz <seane@eskovitz.com>, Joseph Delich

<jdelich@rcfllp.com>
**Subject:** Re: Apothio v. Kern County et al Joint Discovery Dispute Statement

Counsel:

We disagree with your recitation below. If you believe a joint statement is required, which we do not, please complete your portion, and we will file it immediately. You seem to want the Court to resolve this on a technicality and are working towards creating such an issue. We believe it would assist the parties for the Court to address whether the scheduling order is intended as a stay of discovery, language which you are assuming, despite that it does not so state. You assert that there "was no 'complete failure' of defendants to produce a date upon which we would provide initial disclosures," and yet notably you still refuse to provide such a date in response to our repeated requests. Therefore, we believed there was no need for a joint statement given your refusal.

Since you asserted for the first time in your oppositions that you believe a joint statement is required--despite your asserting to us in writing that we made a good faith effort to meet and confer over this issue and you expressly declined our invitation to continue to confer-- we will file it as soon as we receive your portions. We are happy to move the hearing date back a few days if you need that time to address this straightforward issue that you have already briefed. Otherwise, we will assume you now agree that it is not required or are refusing to submit one.

**<u>Katherine Eskovitz</u>**
Roche Cyrulnik Freedman LLP
1158 26th Street, Suite 175
Santa Monica, CA 90403
(t) (646) 791-6883
(@) keskovitz@rcfllp.com

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT PRIVILEGE
ATTORNEY WORK PRODUCT

On Oct 1, 2020, at 1:20 PM, Kathleen Rivera
<krivera@kerncounty.com> wrote:


Counsel:
It appears you wish to argue your
motion via e-mail; our opposition speaks
for itself.  However, I wish to clear up a
few inaccuracies in your e-mail:
-defendants never provided "assurance"
that we had "completed our Rule 26(f)
conference."   There was never any
discussion to that effect, and to suggest
so now, only in response to the
arguments made in defendants'
Oppositions, is disingenuous.
-defendants never provided "assurance"
that the August 18th phone call
"triggered our initial disclosure
obligations."  In fact, it is the opposite:
during our phone call of August 18th,
both Kelly Smith and myself stated
repeatedly that we disagreed with your
assessment that the initial disclosures
would be due 14 days from the date of
the phone call.  During the August 18th
phone call both of us stated the process
is for the parties to submit their joint
scheduling report to the court, then the
court would issue a scheduling order,
which would contain the date for initial
disclosures.   Both of us stated we would
be including in our portion of the joint
scheduling report our position that initial
disclosures should be far enough out so
that the pending motions could be
heard.
-neither Kelly Smith nor myself ever
stated we would "refuse" to comply with
the deadline for initial disclosures as

required by FRCP Rule 26.  In fact, it is the opposite.  Once the court continued the scheduling conference date, counsel for defendants indicated we would be following the new conference date of Dec. 7, 2020, which would determine when the parties' joint scheduling conference statement would be due, and based on the joint scheduling conference statement, the court would issue an order containing the date for initial disclosures.

-there was no "complete failure" of defendants to produce a date upon which we would provide initial disclosures.  As you well know, during our August 18th phone conference, counsel for all defendants stated our disclosures would be due pursuant to the scheduling order of the court, which would be issued after the court reviewed the parties' respective positions on this issue, which was to be contained in the joint scheduling conference report.

If you believed that the exception to your obligation to submit a joint statement of the discovery dispute as outlined in Local Rule 251(e) applies here, I don't understand why you are asking us to draft our portion of the joint statement pursuant to Local Rule 251(a) and (c).

If you do not believe that the exception outlined in Local Rule 251(e) applies, then you did not make a "good faith effort" as stated in Local Rule 251(d) to meet and obtain the joint statement.  E-

mailing defense counsel at 8:54 p.m. on the day the joint statement was due to be filed does not constitute good faith. Your wrongly assume that we have "already prepared" our portion of the joint statement of discovery dispute, when you took no effort in informing us before the deadline that you would be filing this document.

In the spirit of cooperation, I will review your statement and provide my thoughts.

Kathleen Rivera, Deputy County Counsel
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Direct Line: (661) 868-3820
krivera@kerncounty.com

---

**From:** Richard Cipolla <rcipolla@rcfllp.com>
**Sent:** Wednesday, September 30, 2020 8:53 PM
**To:** Kathleen Rivera <krivera@kerncounty.com>; 'Kelly Smith' <Kelly.Smith@doj.ca.gov>; 'Harinder Kapur' <Harinder.Kapur@doj.ca.gov>; 'Bruce McGagin' <Bruce.McGagin@doj.ca.gov>; 'Stacey L. Roberts' <Stacey.Roberts@doj.ca.gov>; 'Ethan Turner' <Ethan.Turner@doj.ca.gov>; Phillip T. Jenkins <pjenkins@kerncounty.com>; Kristen L. Foster <kfoster@kerncounty.com>
**Cc:** RCF Apothio <RCF_Apothio@rcfllp.com>; Sean Eskovitz <seane@eskovitz.com>; Katherine Eskovitz <keskovitz@rcfllp.com>; Joseph Delich <jdelich@rcfllp.com>
**Subject:** Apothio v. Kern County et al Joint Discovery Dispute Statement

**CAUTION:** This email originated from

outside of the organization. Do not click links, open attachments, or provide information unless you recognize the sender and know the content is safe.

Counsel:

We received your opposition briefs this evening.  As you know, we asked you during the Rule 26(f) conference if we should schedule a second call before the deadline due to the upcoming scheduling conference, but you stated there was no need because that call was the Rule 26(f) conference. We therefore relied on your assurance that we had completed our Rule 26(f) conference, and that conference triggered our initial disclosure obligations under FRCP 26(a)(1)(C), an obligation that you stated you would refuse to comply with. Given this complete failure to produce initial disclosures fourteen days after our Rule 26(f) Conference as required by FRCP 26(a)(1)(C), or even to produce a date upon which you would provide your initial disclosures, followed by your insisting that you would wait until after the Court had a scheduling conference in December, we do not believe a joint statement is required under the rules per Local Rule 251(e). You obviously disagree, so we are attaching our portion of the Joint Discovery Dispute Statement, although we do not believe it is required or conveys any additional information beyond the affidavits and briefing. We will file it when you return your portion. Given that your position is that this is due today, despite that you have not conveyed this to us in our many communications, we assume you have already prepared your portion or can provide it from your opposition motion without delay.

Best,
**Richard Cipolla**
<u>Associate</u>
Roche Cyrulnik Freedman LLP
99 Park Avenue, 19th Floor
New York, NY 10016