UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APOTHIO, LLC, | Case No.: 1:20-cv-00522-NONE-JLT |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO SET A DEADLINE FOR INITIAL DISCLOSURES |
| v. | |
| KERN COUNTY, et al., | (Doc. 49) |
| Defendants. | |

On September 16, 2020, Plaintiff filed a motion to set a deadline for initial disclosures. (Doc. 49.) On September 30, 2020, Defendants California Department of Fish and Wildlife and its director Charlton H. Bonham (State Defendants) filed an opposition (Doc. 50), and Defendants County of Kern, the Kern County Sheriff's Office, Sheriff Donny Youngblood and Sergeant Joshua Nicholson (County Defendants) also filed an opposition (Doc. 52). The Court finds the matter suitable for decision without a hearing and **VACATES** the motion hearing set for October 7, 2020. For the reasons set forth below, Plaintiff's motion is **GRANTED**. The parties are ordered to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before **October 23, 2020**.

**I.     Relevant Background**

Shortly after Plaintiff filed its complaint, the Court set an initial scheduling conference for July 14, 2020 and ordered the parties to submit a joint scheduling report at least one week before. (Doc. 2 at 1-2.) Subsequently, the County Defendants filed a motion to strike on June 12, 2020 (Doc. 19), and

filed a motion to dismiss on June 15, 2020 (Doc. 24). The State Defendants also filed a motion to dismiss on June 12, 2020. (Doc. 21.)

The Court later continued the scheduling conference to September 15, 2020 in light of the pending motion to strike and motions to dismiss. (See Doc. 23.) The parties held a Federal Rule of Civil Procedure 26(f) conference by phone on August 18, 2020. (Doc. 49 at 3, Eskovitz Decl. ¶ 2; see also Doc. 50 at 3; Smith Decl. ¶ 2.) The parties agreed to exchange drafts of their positions for the joint report by September 1, 2020, and to speak again on September 3, 2020 to finalize the report. (Doc. 49 at 3, Eskovitz Decl. ¶ 2; see also Doc. 50 at 4; Smith Decl. ¶ 6.)

On August 27, 2020, the Court continued the scheduling conference to December 7, 2020 in light of the pending motions. (Doc. 47.) On the same day, State Defendants proposed rescheduling the September 3, 2020 call to the first week of November in light of the continuance. (Doc. 50 at 4; Doc. 49 at 3, Eskovitz Decl. ¶ 3.) Plaintiff agreed to cancel the September 3, 2020 call, but sought Defendants' confirmation that discovery had commenced and that initial disclosures would be exchanged. (Doc. 49 at 4, Eskovitz Decl. ¶ 3.) Between September 11 and September 13, 2020, the parties continued to meet and confer, but remained at an impasse over whether the Court's order required the parties to defer exchanging disclosures until the next scheduling conference. (Doc. 49 at 4, Eskovitz Decl. ¶ 5; see also Doc. 50 at 5.)

**II.     Legal Standard**

Initial disclosures under Rule 26 are due "at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." Fed. R. Civ. P. 26(a)(1)(C). Parties must make their initial disclosures based on the information they have and are not excused from disclosure requirements simply because they have not fully investigated the case. Fed. R. Civ. P. 26(a)(1)(E). Failure to comply with this Rule authorizes any other party to move to compel disclosure and for appropriate sanctions. See Fed. R. Civ. P. 37(a)(3)(A).

**III.    Discussion and Analysis**

Plaintiff requests that the Court set an October 7, 2020 deadline for initial disclosures because during and after the parties' Rule 26(f) conference, Defendants have refused to provide a date for exchanging initial disclosures. (Doc. 49 at 2.)

At the outset, absent a stay of discovery, the plaintiff is entitled to receive defendants' initial disclosures and responses to its discovery requests. With respect to the exchange of initial disclosures, Federal Rule of Civil Procedure 26(a)(1)(C) provides: "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan." The parties held their Federal Rule of Civil Procedure 26(f) conference by phone to plan for discovery on August 18, 2020. (Doc. 49 at 3, Eskovitz Decl. ¶ 2; see also Doc. 50 at 3; Smith Decl. ¶ 2.) Even if the parties did not reach an agreement regarding the initial disclosure deadline, initial disclosures were due by September 1, 2020, pursuant to Federal Rule of Civil Procedure 26(a)(1)(C). Absent a stay of discovery, the exchange of the parties' initial disclosures should have occurred by September 1, 2020.

Plaintiff argues that because the scheduling conference was not continued until after the deadline for the parties to hold their Rule 26(f) conference, it should not be viewed as having altered the default deadline for initial disclosures, which is keyed off of the parties' 26(f) conference. (Doc. 49 at 4-5.) Plaintiff alleges that Defendants attempt to sidestep this result, effectively seeking a backdoor stay of discovery. (Doc. 49 at 5.)

Additionally, Plaintiff argues that delaying discovery until after the December status conference would prejudice Plaintiff and frustrate any meaningful opportunity for productive settlement discussions, while moving forward would not prejudice Defendants. (Doc. 49 at 5.) Plaintiff alleges that this District faces a judicial emergency due to limited judicial resources and the effects of a national pandemic, which may result in other litigation delays on matters that require Court involvement. (Doc. 49 at 5.) Plaintiff asserts that while those may be unavoidable, unnecessarily delaying initial disclosures and discovery—which do not necessarily require Court involvement— would only unnecessarily increase the harm to Plaintiff. (Doc. 49 at 5-6.)

Plaintiff asserts that Defendants' destruction of Plaintiff's crops has threatened Plaintiff's financial viability in ways that are ongoing. (Doc. 49 at 6.) According to Plaintiff, in bulldozing the crops, Defendants intentionally destroyed nearly all of Plaintiff's anticipated revenue last year, which has led to various actions over the status of farm equipment, loans, and land involving Plaintiff's

3

partners and investors. (Doc. 49 at 6.) Plaintiff reports that Defendants' public claims on social media and to the press that Plaintiff was growing marijuana have soiled Plaintiff's reputation and its ability to secure financing. (Doc. 49 at 6.) Plaintiff also asserts that while banks can serve hemp companies, the claims that Plaintiff was growing marijuana hindered its ability to obtain banking because marijuana is still a controlled substance. (Doc. 49 at 6.) Plaintiff argues that in light of those harms, it is critical that Plaintiff be able to commence discovery and move this case toward trial, in order to restore its reputation and its business. (Doc. 49 at 6.)

Additionally, Plaintiff contends that discovery will also facilitate early and realistic settlement discussions. (Doc. 49 at 6.) Plaintiff also asserts that delaying discovery carries the risk of memories fading, discoverable information being lost, and witnesses becoming unavailable. (Doc. 49 at 6-7.) Finally, Plaintiff argues that commencing discovery now will not impact the total burden on Defendants because, in all events, even if granted, their motions to dismiss would not dispose of the entire case. (Doc. 49 at 7.)

In opposition, the State Defendants contend that initial disclosures may be burdensome and unnecessary if defendants' motions to dismiss and motion to strike are granted. (Doc. 50 at 5.) The State Defendants argue that the motion is either untimely or improper and that they have worked in good faith with Plaintiff's counsel to timely produce a joint scheduling report. (Doc. 50 at 6.) The State Defendants also allege that Federal Rule of Civil Procedure 26, read with Federal Rule of Civil Procedure 16, requires Plaintiff to wait for the court to set the initial disclosures deadline at the scheduling conference, which has been continued to December 7, 2020. (Doc. 50 at 6.) However, the parties may exchange initial disclosures without waiting for the court to set a deadline.

The County Defendants also oppose the motion, contending that the Plaintiff's motion is untimely because sufficient notice was not provided. (Doc. 52 at 1-2.) Specifically, County Defendants allege that Plaintiff characterizes the motion as a discovery motion and utilized the notice requirements for a discovery motion, which is 21 days; however, County Defendants contend that because Plaintiff is seeking to set one portion of the schedule in this case, namely for initial disclosures, the notice required for such a motion is 28 days. (Doc. 52 at 1-2, citing Local Rule 230, FRCP Rule 78.) Local Rule 230(b) also provides that motions defectively noticed shall be filed, but

4

not set for hearing. The County Defendants also argue that assuming that Plaintiff's motion is characterized as a discovery motion, Plaintiff has failed to comply with the requirement of filing a statement of the discovery dispute, as required by Local Rule 251(c). (Doc. 52 at 2.) Regardless of how the motion is filed, as noted above, the Court finds the matter suitable for decision without a hearing and vacates the hearing, and any alleged defects in filing are of no consequence.

The County Defendants also argue that although the parties met and conferred by phone on August 18, 2020 to discuss the items required to be contained in the joint scheduling report, the parties did not finish this conference because the joint scheduling report was not finalized. (Doc. 52 at 3.) County Defendants argue that since the conference did not conclude, the deadline to exchange initial disclosures was not triggered. (Doc. 52 at 3.) The County Defendants cite to Rule 26(d) and allege that discovery is not permitted until the parties have conferred, and the single phone call with nothing more does not constitute a conference as envisioned by Rule 26(f)(2). The Court disagrees. It is of no consequence that the parties did not finish this conference or that the joint scheduling report was not finalized; according to the parties, the parties agreed to meet and confer by phone on August 18, 2020 for a Rule 26(f) conference pursuant to the Court's scheduling order. (See Doc. 49 at 3, Eskovitz Decl. ¶ 2; see also Doc. 50 at 3; Smith Decl. ¶ 2.) Accordingly, pursuant to Federal Rule of Civil Procedure 26(d), the parties may seek discovery after the parties have had their 26(f) conference. Fed. R. Civ. P. 26(d)(1).

The County Defendants further contend that the issues and parties may be significantly different following the decision on the pending motions to dismiss and motion to strike, and discovery at this point would involve unnecessary discovery expenses for all parties. (Doc. 52 at 4.) The County Defendants cite to a recent Eastern District case where the Court was presented with a motion by defendants to stay discovery and continue the scheduling conference due to pending motions to dismiss. (Doc. 52 at 4.) However, this case does not involve a motion to stay discovery. While the County Defendants may be correct that the issues and parties could be altered by the pending motions, the defense has not sought a stay. See Fed. R. Civ. P. 26(d)(1).

Finally, the County Defendants assert that they will be prejudiced if the Court grants the motion because they will take on the burdens and costs of full discovery before the motions to dismiss

are resolved, which may eliminate several issues or parties. (Doc. 52 at 5-6.) Though this may be the case, the Court cannot rule on motions not filed; it can only consider those that are filed. Moreover, a party need only "make its initial disclosures based on the information then reasonably available to it," and does not require that the case be fully investigated. See Fed. R. Civ. P. 26(a)(1)(E).

**IV.     Conclusion**

Accordingly, Plaintiff's motion (Doc. 49) is **GRANTED**. The parties are ordered to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before **October 23, 2020**.

IT IS SO ORDERED.

Dated:     **October 2, 2020**                          **/s/ Jennifer L. Thurston**
                                                                            UNITED STATES MAGISTRATE JUDGE