XAVIER BECERRA
Attorney General of California
BRUCE D. MCGAGIN
Supervising Deputy Attorney General
STACEY L. ROBERTS
Supervising Deputy Attorney General
KELLY T. SMITH
Deputy Attorney General
State Bar No. 196821
  Telephone: (916) 210-6465
  E-mail: Kelly.Smith@doj.ca.gov
ETHAN A. TURNER
Deputy Attorney General
State Bar No. 294891
  Telephone: (916) 210-7898
  E-mail: Ethan.Turner@doj.ca.gov
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
*Attorneys for Defendants State of California, by and through California Department of Fish and Wildlife, and Charlton H. Bonham, Director*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **APOTHIO, LLC,** Plaintiff, v. **KERN COUNTY; KERN COUNTY SHERIFF'S OFFICE; CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE; DONNY YOUNGBLOOD; JOSHUA NICHOLSON; CHARLTON H. BONHAM; JOHN DOES #1 THROUGH #10, UNKNOWN AGENTS OF THE KERN COUNTY SHERIFF'S OFFICE; JOHN DOES #11 THROUGH #20, UNKNOWN AGENTS OF THE CALIFORNIA FISH AND WILDLIFE DEPARTMENT,** Defendants. | 1:20-cv-00522-NONE-JLT<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' JOINT MOTION TO STAY DISCOVERY**<br><br>[Fed. R. Civ. P. 26(c)]<br><br>Date: December 7, 2020<br>Time: 8:30 a.m.<br>Dept: Courtroom 4<br>Judge: Hon. Jennifer L. Thurston<br><br>Trial Date: TBD<br>Action Filed: April 10, 2020 |

1

**INTRODUCTION**

Defendants California Department of Fish and Wildlife and Charlton H. Bonham (collectively State Defendants), and Kern County and the Kern County Sheriff's Office (County Defendants), jointly move under Fed. R. Civ. P. 26(c) for a stay of discovery in this matter until the related criminal case involving plaintiff Apothio, LLC (Apothio) and Apothio's Chief Executive Officer, Trent Jones (Jones) is fully resolved. Based on information and belief, criminal investigation materials have been under seal in Kern County Superior Court, but may be released to Jones' criminal defense attorneys in November 2020. Meanwhile, Apothio has propounded requests for production of documents and admissions to which defendants can only respond by violating the privileges under the California Evidence Code and the associated Kern County Superior Court's sealing order. Cal. Evid. Code § 1040 et seq. "Evidence gathered by police as part of an ongoing criminal investigation is by its nature confidential. This notion finds expression in both case and statutory law." *County of Orange v. Superior Court,* 79 Cal.App.4th 759, 764 (2000).

The defendants' ability to conduct discovery in this case will be prejudiced by Jones' potential invocation of his Fifth Amendment privilege against self-incrimination when responding to written and deposition discovery, including defendants' demands for the production of relevant documents critical to their defense. Despite defendants' attempt to meet and confer with Apothio's counsel in good faith, Apothio has refused to stipulate to limit or delay discovery. Therefore, defendants seek a court order staying discovery until the resolution of the criminal matter.

Further grounds to stay discovery include the motions to dismiss and strike filed by the defendants. The motions, if granted, will dispose of the entire case. Discovery is not necessary to decide the motions to dismiss.

**PROCEDURAL BACKGROUND**

Apothio filed this civil action on April 10, 2020, as the criminal investigation was still ongoing. Apothio alleges that, on October 25, 2019, state and county law enforcement agents entered farm fields in Kern County and ordered contract growers to destroy Apothio's *cannabis*

2

*sativa L.* (marijuana) plants. Complaint at paras. 99, 105, 108. The state and county law enforcement agencies conducted the search with a search warrant, which Apothio asserts was defective because of an incorrect description of Jones and the acreage grown. Complaint at paras. 102-105. Apothio also alleges that the warrant was also defective because it ignored Apothio's status as a research entity under California law. Complaint at para. 107.

Based on the warrant's alleged defect, Apothio brings its first and second causes of action under 42 U.S.C. § 1983 as a Fourth Amendment search and seizure violation and as a Fourteenth Amendment violation of due process. Complaint at paras. 166, 172. The third cause of action alleges the crop eradication and "the decision of the Defendants to prohibit Plaintiff's hemp Production" was a Fifth Amendment "taking" brought as a 42 U.S.C. § 1983 action. Complaint at paras. 179-180. The same search and seizure and due process theories are essentially repeated as state civil rights violations under California's "Bane Act" (Cal. Civ. Code § 52.1), in the fourth, fifth, sixth and seventh causes of action. Complaint at paras. 185, 191, 197, 203.

## I. THE MOTIONS TO DISMISS AND MOTION TO STRIKE

On June 12, 2020, defendants each filed motions to dismiss and the State Defendants joined the County Defendants' motion to strike. ECF 19, 21, 24. Decision on the motions could significantly change the issues subject to discovery or result in dismissal of this action. Declaration of Deputy Attorney General Kelly T. Smith (Decl. Smith) at para. 3.

As described more thoroughly below, defendants moved to dismiss on the grounds that Apothio's crop was contraband, and Apothio therefore has no protected property right under federal or state law. State Defendants' motion at p. 7:12-16 (ECF 21). The motions also assert that the claims against unnamed officers should be dismissed or stricken, as immunities and defenses are impossible to state against the complaint's vague allegations. *Id* at p. 13:21-28.

## II. THE PARTIES RULE 26 CONFERENCE AND OTHER DISCOVERY MEET AND CONFER

Counsel for all parties participated on August 18, 2020 in a teleconference to discuss the preparation of a Joint Scheduling Report as required in the Court's Standing Order. ECF 2. During that conference, defendants' insisted that the Joint Scheduling Report should postpone discovery deadlines to allow disposition of the motions to dismiss and motion to strike that

defendants had filed against the complaint. The State Defendants' counsel expressed concern to Plaintiff's counsel about open-ended discovery and depositions of law enforcement where there was an ongoing criminal investigation of Apothio and Jones, including sealed warrant and probable cause documents. Decl. Smith at paras. 3, 12.

Before the parties prepared their Joint Scheduling Report on August 27, 2020, the Court sua sponte ordered that: "In light of the pending motions to dismiss and motion to strike," the September 15, 2020 Scheduling Conference was continued to December 7, 2020. ECF 47.

### III.  THE COURT-ORDERED INITIAL DISCLOSURES

With the Joint Scheduling Report still not filed, Apothio demanded that defendants exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Resistant to the initial disclosures while the criminal file was under seal, defendants objected. Apothio's motion to order the disclosures was granted October 5, 2020. ECF 55.  The disclosures were exchanged on October 23, 2020, as ordered.

### IV.  CRIMINAL CHARGES FILED AGAINST APOTHIO

On October 30, 2020, Jones was arraigned for criminal misdemeanor charges related to the facts of this case. Decl. Smith at para. 19. Specifically, the charges are for the illegal cultivation and sale of marijuana. Meanwhile, Jones and Apothio, through their attorneys of record in this case, have attempted to unseal the criminal investigation file in Kern County Superior Court. That writ of mandate action is currently under submission with Judge Eric Bradshaw. Decl. Smith, para. 10.

### V.  PLAINTIFF'S SERVED DISCOVERY

On October 14, 2020, Apothio emailed written discovery propounded on Defendants. To the State Defendants, Apothio served a Request for Production of Documents, Set 1. Decl. Smith at para. 9 & Exh. C. To the County Defendants, Apothio served a Request for Production of Documents, Set 1, and Requests for Admission, Set 1. Decl. Smith at para. 4 & Exhs. A-C.

Apothio's documents requests, identical for Defendants, center almost exclusively on documents under seal in the criminal investigation. The first request serves as the touchstone:

DOCUMENT REQUEST NO. 1: All documents relating to the search warrant that was issued on October 24, 2019 for Trent Jones and property located at the Agricultural Parcels, including, without limitation, any search warrant affidavit or application submitted in support of the warrant, any sealing order(s) relating to the search warrant, any documents created during the execution of the search warrant, and any search warrant return.

The other requests are variations on that theme: Request no. 2 seeks "All documents relating to the search, seizure and destruction…"; Request no. 3 seeks all "testing of plants"; Request no. 5 seeks those relating "to any law enforcement plans"; Request no. 6 seeks documents relating to law enforcement attempts "to preserve the plants"; Request 7 seeks any recordings of Trent Jones or Apothio agents or employees; Request no. 8 wants all witness statements; Request no. 9 compound request seeks "any communications" regarding Apothio's "status" as an "established agricultural research institution," its cultivation of hemp Kern County, or at the parcels were its plants were seized; Request no. 10 is a catch-all request for "any communications" "relating to the search and/or destruction of the plants."

Request no. 11 seeks "any communications" with any owner of lands "relating to the cultivation, search, or destruction of the plants;" Request no. 12 seeks "All notes, writings or recordings" "relating to the search and/or destruction of the plants." Request no. 15 seeks documents "to identify the individuals and entities involved with the testing, search, destruction of the plants." Request no. 17 seeks documents provided to other agencies "concerning the plants." Request no. 19, another catch-all, seeks any other documents defendants "may use to support its defense of this litigation."

The requests not included above are Request no. 4, seeking any documentation of the value of the plants; Request no. 13 and 14, seeking respectively, "Defendant's electronic data and document retention policies," and "Any litigation hold instructions or documents issued by any Defendant." Thus, all but requests 4, 13 and 14 seek documents which would predominantly, if not completely, consist of the sealed criminal investigation documents.

**ARGUMENT**

Fed. R. Civ. P. 26(c)(1) states "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,"

5

1  including forbidding discovery. The party seeking a protective order has the burden "to 'show

2  good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v.*

3  *NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

4  Good cause to stay discovery exists in this case because plaintiff's principal, Jones, has

5  been arraigned for criminal charges. Thus, his complete responses to Defendants discovery in this

6  civil matter brought by his company cannot be assured because of his rights against self-

7  incrimination. Even as the defense is hamstrung, Apothio's attorneys, meanwhile, are attempting

8  to use the instant civil matter to obtain the criminal investigation records, which remain under

9  court seal. Furthermore, the completion of the case could be altered entirely by decision on the

10 dispositive motions filed by the defendants.

11 "While the Ninth Circuit has not provided a clear standard for evaluating a motion to stay

12 discovery pending resolution of a potentially dispositive motion, it has affirmed that district

13 courts may grant such a motion for good cause." *Allen v. Protective Life Insurance Company*,

14 2020 WL 5074021, at *1 (E.D. Cal. Aug. 27, 2020).

**I.   DISCOVERY SHOULD BE STAYED BECAUSE PLAINTIFF SHOULD NOT BE PERMITTED TO MISUSE THE CIVIL DISCOVERY PROCESS FOR JONES' CRIMINAL CASE**

17 Even though criminal investigations are protected from disclosure, Apothio has attempted

18 to obtain criminal investigative materials through document requests in this civil case and to lift

19 the seal on the criminal investigation, including filing a petition for writ of mandate in the Kern

20 County Superior Court, Case No., BCV-20-100711. Decl. Smith at paras. 10, 11, 12.

21 Statutory and case law have clearly established that the criminal investigation file is

22 protected from disclosure. Cal. Evid. Code § 1040(b)(2) is the "official information" privilege

23 where: "Disclosure of the information is against the public interest because there is a necessity for

24 preserving the confidentiality of the information that outweighs the necessity for disclosure in the

25 interest of justice; but no privilege may be claimed under this paragraph if any person authorized

26 to do so has consented that the information be disclosed in the proceeding. In determining

27 whether disclosure of the information is against the public interest, the interest of the public entity

28

as a party in the outcome of the proceeding may not be considered." Moreover, "the contents of police investigative files sought in civil discovery must remain confidential so long as the need for confidentiality outweighs the benefits of disclosure in any particular case." *County of Orange v. Superior Court*, 79 Cal.App.4th 759, 765 (2000) (interpreting Cal. Evid. Code § 1040). Also, Cal. Penal Code § 11107 specifically recognizes the confidential nature of criminal investigations. Protection of criminal investigations encourages witnesses to come forward. *Rivero v. Superior Court*, 54 Cal.App.4th 1048, 1058 (1997).

Frustrated in their efforts to unseal the criminal investigation, Apothio's attorneys claim they have a right to obtain the sealed documents in this civil matter. Decl. Smith at paras. 12, 13. Such abuses have been recognized by California's legislature and its courts through Cal. Gov't Code § 945.3, which provides: "No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court."

Cal. Gov't Code § 945.3 does not prohibit the filing of a federal civil rights action under 42 U.S.C. § 1983 while criminal charges are pending. *Harding v. Galceran*, 889 F.2d 906, 908 (9th Cir. 1989). However, the statute and the cases interpreting it strongly recognize the abuse of the civil courts by those charged in criminal actions, including abuses of discovery. The purpose for Cal. Gov't Code § 945.3 is "'to attempt to eliminate the use of civil damage complaints as plea bargaining levers.'" *Schmidlin v. City of Palo Alto*, 157 Cal.App.4th 728, 757 (2007). "It may also have been intended to prevent use of civil false arrest suits as a device to inquire into prosecutorial materials and investigative information while the criminal charge is pending." *Mohlmann v. City of Burbank*, 179 Cal.App.3d 1037, 1042 (1986).

Apothio's outstanding discovery requests are all focused on obtaining information about the criminal charges, including probable cause for the search warrant that includes confidential sources and the opinions and conclusions of investigating officers. Undoubtedly, it is a misuse of

the civil discovery process to use it to obtain documents for purposes of a criminal case because such conduct may jeopardize a pending criminal investigation or prosecution.

Additionally, sealed documents have been grounds for postponing discovery. *United States v. Dynamic Medical Systems, LLC*, 2020 WL 3035219, at *3 (E.D. Cal. June 5, 2020). In *Dynamic Medical Systems* the stay was granted for a dispositive motion promised but not yet filed, despite plaintiff's arguments that it would not be dispositive. In the same case, a regulatory investigative file under seal was grounds in prior continuances of the scheduling conference. *Id.* at *2. For these reasons, stay of discovery is requested until the resolution of the criminal matter.

## II.  DEFENDANTS' OFFICIAL INFORMATION AND IDENTITY OF INFORMER PRIVILEGE BARS DISCLOSURE OF CERTAIN INFORMATION AND DOCUMENTS

Official information and informant identities are privileged and not discoverable. Cal. Evid. Code §§ 1041, 1042. The confidentiality of informants and ongoing criminal investigations is protected by state statute. Cal. Evid. Code § 1041 ("a public entity has a privilege to refuse to disclose the identity of a person who has furnished information"). Also, "the long-standing rule extending coverage of that privilege to information furnished by the informant which, if disclosed, might reveal his or her identity, and the codified rule that disclosure of an informant's identity is not required to establish the legality of a search pursuant to a warrant valid on its face ([Cal. Evid. Code] § 1042(b)) compel a conclusion that all or any part of a search warrant affidavit may be sealed if necessary to implement the privilege and protect the identity of a confidential informant." *People v. Heslington*, 195 Cal.App.4th 947, 956 (2011). Therefore, certain information is privileged in this case and not subject to discovery.

## III.  CIVIL DISCOVERY PROCESS WILL BE ABUSED TO MAKE APOTHIO'S CRIMINAL DEFENSE

If the sealed documents are released to Apothio, the plaintiff can abuse the deposition of witnesses in the civil matter to gain advantage in the criminal matter. Witnesses, such as the agricultural land owners where Apothio's plants were grown, can be harassed, if not intimidated in the civil deposition process. Further, the criminal investigation may be interfered with or

impeded if it is not finished and information is turned over (e.g., evidence may be spoiled, witness tampering may occur, and depositions may be taken of officers prematurely before the investigation is finalized.)

These dilemmas were addressed by the U.S. Supreme Court in *Degen v. U.S.*, 517 U.S. 820, 826 (1996), where the drug dealing suspect had also avoided a criminal appearance while making a defense against civil forfeiture. "If he were in federal custody, the risk of compromising the criminal case could be avoided by staying the civil suit until the prosecution is over." *Id.*

The *Degen* court reasoned that the district court had the tools for addressing the problem, including those under Fed. R. Civ. P. 26(c). "Decisions in the Courts of Appeals have sustained protective orders to prevent parties from using civil discovery to evade restrictions on discovery in criminal cases." *Id.* The Court can "manage the civil litigation to avoid interference with the criminal case." *Id.* at p. 827. "A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Id.* As such, the Court should exercise its inherent authority to stay discovery in order to bar misuse of the civil discovery process.

**IV.  DEFENDANTS WILL BE PREJUDICED BY THE INABILITY TO OBTAIN DISCOVERY**

Defendants have requested that Apothio's attorneys assure in writing that they have discussed Fifth Amendment rights against self-incrimination with Trent Jones and any other Apothio employee who is a potential witness in this civil matter. Decl. Smith at Exhs. 14-17. In meeting and confer about this stay motion, Apothio's attorneys were asked to confirm that Jones would not use the privilege in deposition or written discovery responses in this civil matter. Decl. Smith at Exhs. 14, 17. Apothio's attorneys have not confirmed that Jones was informed of the Fifth Amendment right against self-incrimination, nor that he has agreed to waive it. *Id.*

**A.  Apothio Can Evade Full Responses under the Fifth Amendment Privilege**

Defendants would be extremely prejudiced if Jones refuses to respond to discovery, claiming the privilege against self-incrimination. "No person shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. "[Cal.] Evidence Code section 940

excludes from discovery information which may tend to incriminate a party." *Oiye v. Fox*, 211 Cal.App.4th 1036, 1053 (2012). "The self-incrimination privilege is applicable to matters that will subject a witness to civil liability." *Id.* at p. 1054. When the self-incrimination issue was raised in the parties' conference, Apothio indicated it would agree but has since retracted.

### B. The Apothio Case Cannot Be Properly Disposed of without the Sealed Records

Apothio's requests for documents, other than 4, 13 and 14, would require Defendants' to violate Cal. Evid. Code § 1040 et seq., which precludes the disclosure of official records independently and when the County District Attorney has exercised its privilege under that statute. Unable to produce discovery responses with documents outside their control and privileged, the defendants in the civil matter will not have the benefit of the sealed documents in taking Jones' deposition.

### V. THE MOTIONS TO DISMISS ARE GROUNDS FOR DISCOVERY STAY

A dispositive motion can be grounds for staying discovery. *Wenger v. Monroe*. 282 F.3d 1068, 1077, (9th Cir. 2002). The "federal district courts in California, including this court, have applied a two-part test when evaluating such a request for a stay. First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed. Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery. If the moving party satisfies these two prongs, the court may issue a protective order." *Mlejnecky v. Olympus Imaging America, Inc.*, 2011 WL 489743, at *6 (E.D. Cal., Feb. 7, 2011).

The discovery stay proposed by defendants will satisfy both prongs of the two-part *Mlejnecky* test. The motions to dismiss filed by State Defendants and County Defendants assert Apothio's claims regarding violations of state and federal civil rights law, including unconstitutional search and seizure, the taking of its property, and due process violations, are uniformly unfounded. The marijuana plants seized were contraband, affording no protected civil rights.

The Court should take a "peek" at the dispositive motions to evaluate the possibility of success. The standards applied in evaluating chance of success are unsettled, and include a "clear and convincing" standard or a lesser "immediate and clear possibility" standard. *Mlejnecky v. Olympus Imaging America, Inc.*, 2011 WL 489743, at *8 (E.D. Cal., Feb. 7, 2011).

### A.   The Motions to Dismiss Will Dispose of the Complaint

The Eastern District of California has repeatedly granted motions to dismiss under Fed. R. Civ. P. 12(b)(6) based upon findings that no person can have a legally protected interest in contraband per se. *Lull v. County of Placer*, 2018 WL 4335572, at *3 (E.D. Cal. September 11, 2018); *Schmidt v. County of Nevada*, 2011 WL 2967786, at *5 (E.D. Cal. July 19, 2011). Under "federal law, marijuana is contraband per se, which means no person can have a cognizable legal interest in it." *Id.* Thus, "courts in this district have dismissed 'marijuana as property' cases brought under the Fourteenth Amendment." *Torres v. County of Calaveras*, 2018 WL 1763245, at *2 (E.D. Cal. Apr. 12, 2018). "The same principle holds true for any governmental taking of personal property under the Fifth Amendment." *Id.*

The Eastern District of California recently dealt with "the murky interface of California state law permitting the cultivation and sale of marijuana in some circumstances and the United States federal law banning all such activities." *Citizens Against Corruption v. County of Kern*, 2019 WL 1979921, at *3 (E.D. Cal. May 3, 2019). In *Citizens Against Corruption*, the court recognized the "insurmountable hurdle that federal law does not recognize any protectable liberty or property interest in the cultivation, ownership, or sale of marijuana." *Id.* Thus, "plaintiff cannot recover damages as a result of the confiscation or destruction of marijuana because he had no cognizable property interest in the marijuana." *Schmidt*, 2011 WL 2967786, at *6.

The complaint attempts to plead around the contraband status of the Apothio's marijuana plants by asserting legal conclusions as facts. "Only factual allegations must be accepted as true in ruling on a Rule 12(c) motion. Legal conclusions, artfully crafted as factual allegations, are irrelevant." *Kennerly v. Montgomery Cty. Bd. of Comm'rs*, 257 F. Supp. 2d 1037, 1044 (S.D. Ohio 2003). The complaint admits that law enforcement tested the plants. Complaint at para. 123. Apothio criticizes at great length the method of testing. Complaint at paras. 124-139. Yet, it cites

11

to no studies of its own showing its plants' THC levels were below 0.3 percent. Instead, Apothio argues that it had no limit on how much THC its plants could have, and its self-proclaimed status as a "research institution" entitles it to possess unregulated cannabis plants. Further, Apothio contends it was under no obligation to test those plants. Complaint at para. 107. Nevertheless, law enforcement's testing found Apothio's marijuana plants were contraband, and acted accordingly.

### B.   Discovery Is Not Necessary to Decide the Motions to Dismiss.

Where leave to conduct further discovery notwithstanding the motion to dismiss was urged, the Ninth Circuit noted the position "defies common sense. The purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). "Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion." *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987).

Whether Apothio is a "research" institution which can operate without regulatory oversight, testing or limits on its THC content of it plants is a question of law. Defendants' motions to dismiss and to strike seek the court's answer to this question of law. Therefore, discovery is not necessary at this time and should be stayed.

### CONCLUSION

As proposed in the order submitted herewith, Defendants request an order staying discovery to assure Apothio is prevented from abusing the discovery process for purposes of its criminal defense and due to the substantial risk that the criminal investigation and prosecution

///
///
///
///
///
///
///
///

will be impaired if discovery is permitted.  In order to obtain these assurances, discovery should be stayed pending resolution of the criminal matter.

Dated:  November 12, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
BRUCE D. MCGAGIN
Supervising Deputy Attorney General

*/s/ Kelly T. Smith*

KELLY T. SMITH
Deputy Attorney General
*Attorneys for Defendants State of California, by and through California Department of Fish and Wildlife, and Charlton H. Bonham, Director*