1  XAVIER BECERRA
   Attorney General of California
2  BRUCE D. MCGAGIN
   Supervising Deputy Attorney General
3  STACEY L. ROBERTS
   Supervising Deputy Attorney General
4  KELLY T. SMITH
   Deputy Attorney General
5  State Bar No. 196821
     Telephone: (916) 210-6465
6     E-mail:  Kelly.Smith@doj.ca.gov
   ETHAN A. TURNER
7  Deputy Attorney General
   State Bar No. 294891
8     Telephone: (916) 210-7898
     E-mail:  Ethan.Turner@doj.ca.gov
9     1300 I Street, Suite 125
     P.O. Box 944255
10    Sacramento, CA 94244-2550
   *Attorneys for Defendants State of California, by and*
11 *through California Department of Fish and Wildlife,*
   *and Charlton H. Bonham, Director*

12

13            IN THE UNITED STATES DISTRICT COURT

14            FOR THE EASTERN DISTRICT OF CALIFORNIA

15                        CIVIL DIVISION

16

| | |
|---|---|
| **APOTHIO, LLC,** | 1:20-cv-00522-NONE-JLT |
| Plaintiff, | |
| v. | **DECLARATION OF DEPUTY ATTORNEY GENERAL KELLY T. SMITH IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION TO STAY DISCOVERY** |
| **KERN COUNTY; KERN COUNTY SHERIFF'S OFFICE; CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE; DONNY YOUNGBLOOD; JOSHUA NICHOLSON; CHARLTON H. BONHAM; JOHN DOES #1 THROUGH #10, UNKNOWN AGENTS OF THE KERN COUNTY SHERIFF'S OFFICE; JOHN DOES #11 THROUGH #20, UNKNOWN AGENTS OF THE CALIFORNIA FISH AND WILDLIFE DEPARTMENT,** | Date:          December 7, 2020<br>Time:          8:30 a.m.<br>Dept:          Courtroom 4<br>Judge:        Hon. Jennifer L. Thurston |
| Defendants. | Trial Date:    TBD<br>Action Filed:  April 10, 2020 |

25

26        I, Kelly T. Smith, declare as follows, and if called to testify in the above entitled action, I

27  can and will testify as follows:

28

                                    1

1.   I am an attorney licensed to practice before all the courts of the State of California. I am a Deputy Attorney General with the California Department of Justice and counsel of record for Defendants Department of Fish and Wildlife and Director Charlton H. Bonham (State Defendants) in the above-entitled action. In that capacity, I am familiar with the facts of this case and make this declaration in support of Defendants' Joint Motion to Stay Discovery.

2.   On August 18, 2020, counsel for the State Defendants and counsel for Kern County and Kern County Sheriff's Department (County Defendants) participated in a teleconference with plaintiff Apothio LLC's (Apothio) counsel to discuss the preparation of a Joint Scheduling Report as required in the court's standing order. ECF 2.

3.   During the August 18, 2020, teleconference, the State Defendants insisted the mandated Joint Scheduling Report should reflect the State Defendants' position that any discovery deadlines should be set far enough in the future to allow disposition of the motions to dismiss and motion to strike that had been filed against the complaint, then, and now, awaiting decision. Prejudice cited by defendants included waste of time and resources engaging in discovery that could be unnecessary or greatly changed in scope by a motion to dismiss decision. The State Defendants also stated concerns that the alleged civil rights allegations against unnamed "doe" law enforcement agents would expose agents with the right to raise immunities to unnecessary and possibly improper discovery.

4.   Exhibits A, B and C are true and correct copies of requests for production of documents (to State and County Defendants respectively) and admissions (to County Defendants only) served upon defendants by Apothio.

5.   On November 5, 2020, counsel for the State Defendants and County Defendants (jointly Defendants) renewed the conference with Apothio regarding preparation of the Joint Scheduling Report and Defendants' recommendation of a possible stipulation to stay discovery. Defendants cited the outstanding motions to dismiss were grounds for a motion to stay discovery until related criminal charges are resolved or the motion to dismiss is decided.

6.   During the November 5, 2020 conference, counsel for Apothio stated their objection to a stay and the motion to dismiss as grounds for a stay.

2

7.      Defendants also noted that Trent Jones, the Chief Executive Officer of Apothio, was named in a criminal complaint and facing charges arising from the incidents alleged in this civil action. During both the August 18 and November 5 teleconferences, Defendants emphasized that criminal investigation records were under seal due to the ongoing criminal investigation of Apothio, and that this fact also needed to be recognized in the Joint Scheduling Report.

8.      Apothio's attorneys were not amenable to any discovery postponement due to the unsettled status of the complaint, or the sealed criminal investigation. They claimed that any delay in the civil matter would prejudice Apollo financially, as well as damage the entity's reputation, goodwill and ability to do business.

9.      Defendants' counsel requested a stipulation to extend the date for responses to Apothio's current outstanding discovery requests for documents and other information, which are due on November 14, 2020. Apothio refused to consider a two-week continuance of responses until the December 7, 2020 Scheduling Conference. When asked what prejudice would be incurred, Apothio cited the same prejudices above being incurred "for every day" of delay.

10.     Defendants' counsel also suggested a stipulation to stay discovery of the sealed criminal investigation documents until the Superior Court decides Apothio's petition for writ of mandate to release the seal, which is under submission before Judge Eric Bradshaw in Kern County Superior Court Case No. BCV-20-100711.

11.     Apothio, in declining to stipulate, cited its arguments that no seal exists, that Defendants in this civil matter had custody and control of the sealed criminal case documents, and therefore, Defendants had "no valid basis" not to provide the documents.

12.     Defendants' counsel insisted that they had no custody and control over documents, which are sealed or unavailable under the "official information privilege" pursuant to California Evidence Code section 1040(b).

13.     In the November 5, 2020, discussion, Defendants' counsel raised the discovery implications of the privilege against self-incrimination, including the Fifth Amendment of the United States Constitution, that might be raised by Trent Jones, Chief Executive Officer and Sole Member of Apothio (Jones), because criminal charges have been or could be filed against him.

3

14.     As related to Apothio's attorneys in the November 5, 2020, discussion, Defendants' counsel believe that Jones is a key witness and is certain to be deposed in his capacity as the most knowledgeable Apothio official in this case. Defendants' counsel stated their position that their discovery in this civil matter is compromised by the possibility that Jones would refuse to respond to written or deposition discovery by claiming self-incrimination. Defendants' counsel requested written confirmation that Jones would give complete responses and would not refuse on the basis of self-incrimination. Defendants' counsel also requested written confirmation that his counsel would inform Jones of his legal position regarding self-incrimination in this civil matter.

15.     In response to those concerns about Jones' raising the privilege against self-incrimination, Apothio's counsel indicated Jones would agree to waive those objections. When pressed to put the agreement in writing, Apothio's counsel, Katherine Eskovitz stated that she would first need to confer with Jones' criminal defense counsel.

16.     Subsequent to the November 5, 2020, conference, Apothio's counsel, Ms. Eskovitz sent Defendants' counsel an email which suggested that any waiver of self-incrimination objections by Jones in this case would be conditioned on the Defendants not filing a motion to stay discovery.

17.     As of this date, neither Apothio nor Jones have provided written assurance that Jones' waived self-incrimination objections in discovery. Exhibits D and E herewith are true and correct copies of the most recent correspondence between the parties.

18.     Attached as Exhibit F is a true and correct copy of Apothio's California Limited Liability Company registration reflecting Jones as Apothio's Chief Executive Officer.

19.     Attached as Exhibit G is a true and correct copy of the scheduled hearing report from the Kern County Superior Court website as of this day, showing the arraignment conducted on October 30, 2020.

20.     Attached as Exhibit H is a true and correct copy of the November 6, 2020, ruling in Kern County Superior Court Case No. BCV-20-100711, Apothio's petition for the criminal warrant records. The ruling states: "The court will review all search warrant materials concerning

4

the subject search warrant in camera, and will defer ruling on the petitioner's motion until after that review."

21.     In the November 5, 2020, discussion, counsel agreed to an exchange of draft Joint Scheduling Reports on November 19, 2020, with a further meet and confer to finalize a Consolidated Report, with Apothio to file the final report with the court by November 24, 2020.


I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct and was executed on the 10th day of November 2020, at Sacramento, California.

Kelly T. Smith, Deputy Attorney General

EXHIBIT A

Katherine Eskovitz (SBN 255105)
ROCHE CYRULNIK FREEDMAN LLP
1158 26th Street, No. 175
Santa Monica, CA 90403
keskovitz@rcfllp.com
(646) 791-6883

Joseph M. Delich (*pro hac vice*)
Kyle W. Roche (*pro hac vice*)
Richard R. Cipolla (*pro hac vice*)
99 Park Avenue, 19th Floor
New York, NY 10016

Sean Eskovitz (SBN 241877)
ESKOVITZ LAW
1217 Wilshire Boulevard, No. 3683
Santa Monica, CA 90402

Brant W. Bishop (*pro hac vice*)
BRANT W. BISHOP, P.C.
2000 Pennsylvania Avenue, NW Suite 7000
Washington, DC 20006

*Counsel for Apothio LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

APOTHIO, LLC,

                    Plaintiff,

          v.

KERN COUNTY; KERN COUNTY
SHERIFF'S OFFICE; CALIFORNIA
DEPARTMENT OF FISH AND WILDLIFE;
DONNY YOUNGBLOOD; JOSHUA
NICHOLSON; CHARLTON H. BONHAM;
JOHN DOES #1 THROUGH #10,
UNKNOWN AGENTS OF THE KERN
COUNTY SHERIFF'S OFFICE; JOHN
DOES #11 THROUGH #20, UNKNOWN
AGENTS OF THE CALIFORNIA FISH
AND WILDLIFE DEPARTMENT,

                    Defendants.

No. 1:20-CV-00522-NONE-JLT

**PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS
TO CALIFORNIA DEPARTMENT OF WILDLIFE**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 250.3, Plaintiff, by its undersigned counsel, hereby requests that Defendant California Department of Wildlife ("Defendant" or "CDFW") produce for inspection and copying the documents requested herein in accordance with all applicable Rules and the Definitions and Instructions set forth below within thirty (30) days of service.

## **DEFINITIONS**

1.     "Complaint" means the Complaint in the above-captioned action filed in the United States District Court for the Eastern District of California on April 10, 2020, entitled Apothio LLC, Plaintiff, against Kern County et al. (1:20-cv-00522-NONE-JLT).

2.     "Action" means the above-captioned action, filed in the United States District Court for the Eastern District of California on April 10, 2020, entitled Apothio LLC, Plaintiff, against Kern County et al. (1:20-cv-00522-NONE-JLT).

3.     "Document" is synonymous in meaning and equal in scope to its usage in FRCP 34(a)(1)(A), which states "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form" or any designated tangible things, or entry onto land or other property. The term "document" refers to any document now or at any time in Defendant's possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

4.      "Information" shall include individual documents and records (including associated metadata) whether on paper, film, or other media, as discrete files stored electronically, optically, or magnetically, or as a record within a database, archive, or container file, including emails, messages, word processed documents, digital presentations, spreadsheets, database content, text messages, data recorded by Internet of Things (IoT) devices, and messages in workplace collaboration tools (including, without limitation, Slack, Microsoft Teams, and Google Hangouts), or ephemeral messaging applications.

5.      "Person" means any natural person or any legal entity, including but not limited to any business or governmental entity, organization, or association.

6.      "Relate" or "relating" means consisting of, referring to, reflecting, relating to, or being in any way logically or factually connected with the matter discussed.

7.      "Communication" means the transmission of information or data in any form including, without limitation, written, oral, or electronic transmissions.

8.      The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of this request.

9.      The terms "all," "any," or "each" encompass any and all of the matter discussed.

10.     The use of singular form includes plural, and vice versa.

11.     The use of present tense includes past tense, and vice versa.

12.     The term "Agricultural Parcels" shall mean property located at Agricultural Parcel Number (APN): 189-220-18-00-3; APN 189-240-06-00-4; APN 189-240-59-00-8;

APN 189-270-02-00-1; APN 189-270-08-00-9; APN 189-270-09-00-2; APN 189-340-11-00-7; APN 189-070-68-00-5; APN 189-220-09-00-7; APN 189-230-02-00-9; and APN 189-070-15-00-1, collectively.

13.     Industrial Hemp Cultivation Program shall mean the Kern County Agreement 496-2019 (Cooperative Agreement 18-0687-000) and most recently amended by Kern County Agricultural Commissioner on April 21, 2020 to allow for $41,036 in funding.

## **INSTRUCTIONS**

1.     All documents are to be produced as they are kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein. If there are no documents in response to a particular request, or if you withhold any responsive documents or categories of documents based on any objections,  shall state so in writing.

2.     Electronically stored information (ESI) must be produced in both (1) PDF or TIFF form and (2) its original native format including its accompanying metadata, and with corresponding load files containing the document's text and metadata. For example:

(a)     documents created using Microsoft Word must be produced as .DOC or .DOCX files and as PDF or TIFF;

(b)     emails must be produced in a form that readily supports import into standard email client programs, or the form of production should adhere to the conventions set out in the internet email standard.

3.      ESI should be produced via secure FTP (or similar means) to

keskovitz@rcfllp.com, rcipolla@rcfllp.com, and akaradjas@rcfllp.com. Defendant shall

decrypt or provide passwords to any responsive ESI included in its productions.

4.      In the alternative to paragraphs 2 and 3 above, Defendant may produce

ESI in accordance with any so-ordered stipulation governing the production of ESI that

the parties may enter into.

5.      These requests call for the production of all responsive documents in your

possession, custody, or control, or in the possession, custody, or control of your

employees, representatives, and agents or other persons acting on your behalf, without

regard to the physical location of such documents.

6.      In responding to these requests, include documents obtained on your

behalf by your counsel, employees, agents, or any other persons acting on your behalf. If

your response is that the documents are not within your possession or custody, describe

in detail the unsuccessful efforts you made to locate each such document. If your

response is that documents are not under your control, identify who has control and the

location of the documents.

7.      If any document was, but no longer is, in your possession, subject to your

control, or in existence, include a statement:

(a)      identifying the document;

(b)      describing where the document is now;

(c)     identifying who has control of the document;

(d)     describing how the document became lost or destroyed or was transferred; and

(e)     identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

8.     Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

9.     If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, set out separately with respect to each withheld document:

(a)     the ground of privilege or protection claimed;

(b)     every basis for the privilege or protection claimed;

(c)     the type of document;

(d)     its general subject matter;

(e)     the document's date; and

(f)     other information sufficient to enable a full assessment of the
applicability of the privilege or protection claims, as required by FRCP 26(b)(5),
the Court's local rules, and the judge's individual practice rules.

10.     If Defendant objects to any document request on any ground other than
privilege, then you must:

(a)     specify the part of the request that is objectionable and respond and
allow inspection of materials responsive to the remainder of the request; and

(b)     clearly state whether any responsive materials are being withheld
on the basis of an objection.

11.     To the extent Defendant asserts that a document contains information that
should be protected from disclosure (based on the attorney-client privilege, work product
doctrine, or another protection) and non-privileged information, the non-privileged
portions of the document must be produced. For each such document, indicate the portion
of the document withheld by stamping the words "MATERIAL REDACTED AS [BASIS
FOR PROTECTION]" on the document in an appropriate location that does not obscure
the remaining text.

12.     If there are no documents in response to any particular request, Defendant
shall state so in writing.

13.     Unless otherwise stated herein, all documents requested cover the period
between January 1, 2019 to the date of the Defendant's response.

14.     Examples of responsive items set out in any request should not be construed to limit the scope of the request.

15.     Requests for production should be read so as to encompass any and all items responsive to the request.

14.     These requests are continuing, and Defendant's response to these requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e).

## **DOCUMENTS REQUESTED**

**DOCUMENT REQUEST NO. 1:**   All documents relating to the search warrant that was issued on October 24, 2019 for Trent Jones and property located at the Agricultural Parcels, including, without limitation, any search warrant affidavit or application submitted in support of the warrant, any sealing order(s) relating to the search warrant, any documents created during the execution of the search warrant, and any search warrant return.

**DOCUMENT REQUEST NO. 2:**   All documents relating to the search, seizure, and destruction in October 2019 of plants or other property located at the Agricultural Parcels.

**DOCUMENT REQUEST NO. 3:**   All documents relating to any laboratory, field, or other testing of plants or other property that were located at the Agricultural Parcels, regardless of whether such testing occurred before or after the destruction in October 2019.

8

**DOCUMENT REQUEST NO. 4:**   All documents relating to the value of the plants and property destroyed at the Agricultural Parcels in October 2019.

**DOCUMENT REQUEST NO. 5:**   All documents relating to any law enforcement plans for the search, seizure, and destruction of the plants or other property located at the Agricultural Parcels.

**DOCUMENT REQUEST NO. 6:**   All documents relating to any attempt by law enforcement to preserve the plants and other property located at the Agricultural Parcels before they were destroyed in October 2019.

**DOCUMENT REQUEST NO. 7:**   All tape or audio recordings of Apothio agents or employees, including, without limitation, its CEO Trent Jones.

**DOCUMENT REQUEST NO. 8:**   Any and all witness statements, in any form or format, relating to the plants and other property located at the Agricultural Parcels, including, without limitation, any witness statements relating to the search and/or destruction in October 2019.

**DOCUMENT REQUEST NO. 9:**   All documents relating to or reflecting any communications involving Apothio and any of the Defendants in this Action concerning Apothio's status as an established agricultural research institution (EARI) and/or Apothio's cultivation of hemp in Kern County or at the Agricultural Parcels.

**DOCUMENT REQUEST NO. 10:**  All documents relating to any public communication involving any Defendant – including, without limitation, all draft and

final press releases and all documents concerning any communications between any Defendant and any publication or public medium (including news agencies and wire services) – relating to the search and/or destruction of the plants and other property located at the Agricultural Parcels in October 2019.

**DOCUMENT REQUEST NO. 11:**  All documents relating to any communications between any Defendant and any owner of the Agricultural Parcels relating to the cultivation, search, or destruction of the plants and other property located at the Agricultural Parcels in October 2019.

**DOCUMENT REQUEST NO. 12:**  All notes or other contemporaneous writings or recordings (such as diaries, calendars, journals, and photographs) made by any of the Defendants or any agents or employees of the Defendants relating to the search and/or destruction of the plants and other property located at the Agricultural Parcels in October 2019 and/or otherwise relating to the claims in this Action.

**DOCUMENT REQUEST NO. 13:**  Defendant's electronic data and document retention policies from January 1, 2019 to the present.

**DOCUMENT REQUEST NO. 14:**  Any litigation hold instructions or documents issued by any Defendant related to this Action.

**DOCUMENT REQUEST NO. 15:**  All working group lists, organization charts, directories, or other documents sufficient to identify the individuals and entities involved with the testing, search, destruction of the plants and other property located at the Agricultural Parcels in October 2019.

**DOCUMENT REQUEST NO. 16:**  All documents relating to insurance coverage for this Action.

**DOCUMENT REQUEST NO. 17:**  All documents that Defendant provided to any regulatory, governmental, or investigative federal or state agency, at any time from January 1, 2019 through the present, concerning the plants and other property that were located at the Agricultural Parcels before their destruction in October 2019.

**DOCUMENT REQUEST NO. 18:**  All documents concerning the cooperative agreement between the County of Kern and the California Department of Food and Agriculture relating to the Industrial Hemp Cultivation Program, including, without limitation, documents reflecting the agreement and any amendments to it, submitted monthly reports, and documents relating to any training, public outreach, and activity reporting.

**DOCUMENT REQUEST NO. 19:**  To the extent not produced in response to the foregoing requests, all documents Defendant may use to support its defense of this litigation.

1   Dated: October 14, 2020

2                                          */s/ Katherine Eskovitz*
                                           ROCHE CYRULNIK
3                                             FREEDMAN LLP
                                           Katherine Eskovitz
4                                          1158 26th Street, No. 175
                                           Santa Monica, CA 90403
5                                          keskovitz@rcfllp.com
                                           (646) 791-6883
6

7                                          *Counsel for Apothio LLC*

8

9                             **CERTIFICATE OF SERVICE**

10  I hereby certify that on October 14, 2020, a true and correct copy of Apothio's First Set

11  of Requests for Production to the California Department of Fish and Wildlife was served

12  via email on Kelly Smith, Harinder Kapur, Bruce McGagin, Stacey Roberts, and Ethan

13  Turner, as well as Phillip Jenkins and Kathleen Rivera.

14                                         /s/ Richard Cipolla

15                                         Richard Cipolla
                                           ROCHE CYRULNIK
16                                            FREEDMAN LLP

17                                         99 Park Avenue, 19th Floor
                                           New York, NY 10016
18                                         (646) 791-688

19

20

21

22

23

# EXHIBIT B

1    Katherine Eskovitz (SBN 255105)
     ROCHE CYRULNIK FREEDMAN LLP
2    1158 26th Street, No. 175
     Santa Monica, CA 90403
3    keskovitz@rcfllp.com
     (646) 791-6883
4
     Joseph M. Delich (*pro hac vice*)
5    Kyle W. Roche (*pro hac vice*)
     Richard R. Cipolla (*pro hac vice*)
     99 Park Avenue, 19th Floor
6    New York, NY 10016

7    Sean Eskovitz (SBN 241877)
     ESKOVITZ LAW
8    1217 Wilshire Boulevard, No. 3683
     Santa Monica, CA 90402

9
     Brant W. Bishop (*pro hac vice*)
10   BRANT W. BISHOP, P.C.
     2000 Pennsylvania Avenue, NW Suite 7000
     Washington, DC 20006
11
12   *Counsel for Apothio LLC*

13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

14   APOTHIO, LLC,

15              Plaintiff,                    No. 1:20-CV-00522-NONE-JLT

16         v.

17   KERN COUNTY; KERN COUNTY
     SHERIFF'S OFFICE; CALIFORNIA
     DEPARTMENT OF FISH AND WILDLIFE;
18   DONNY YOUNGBLOOD; JOSHUA
     NICHOLSON; CHARLTON H. BONHAM;
19   JOHN DOES #1 THROUGH #10,
     UNKNOWN AGENTS OF THE KERN
20   COUNTY SHERIFF'S OFFICE; JOHN
     DOES #11 THROUGH #20, UNKNOWN
21   AGENTS OF THE CALIFORNIA FISH
     AND WILDLIFE DEPARTMENT,

22
                Defendants.
23
     **PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS
     TO KERN COUNTY SHERIFF'S OFFICE**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 250.3, Plaintiff, by its undersigned counsel, hereby requests that Defendant Kern County Sheriff's Office ("Defendant" or "KCSO") produce for inspection and copying the documents requested herein in accordance with all applicable Rules and the Definitions and Instructions set forth below within thirty (30) days of service.

**DEFINITIONS**

1.      "Complaint" means the Complaint in the above-captioned action filed in the United States District Court for the Eastern District of California on April 10, 2020, entitled Apothio LLC, Plaintiff, against Kern County et al. (1:20-cv-00522-NONE-JLT).

2.      "Action" means the above-captioned action, filed in the United States District Court for the Eastern District of California on April 10, 2020, entitled Apothio LLC, Plaintiff, against Kern County et al. (1:20-cv-00522-NONE-JLT).

3.      "Document" is synonymous in meaning and equal in scope to its usage in FRCP 34(a)(1)(A), which states "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form" or any designated tangible things, or entry onto land or other property. The term "document" refers to any document now or at any time in Defendant's possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

4.      "Information" shall include individual documents and records (including associated metadata) whether on paper, film, or other media, as discrete files stored electronically, optically, or magnetically, or as a record within a database, archive, or container file, including emails, messages, word processed documents, digital presentations, spreadsheets, database content, text messages, data recorded by Internet of Things (IoT) devices, and messages in workplace collaboration tools (including, without limitation, Slack, Microsoft Teams, and Google Hangouts), or ephemeral messaging applications.

5.       "Person" means any natural person or any legal entity, including but not limited to any business or governmental entity, organization, or association.

6.      "Relate" or "relating" means consisting of, referring to, reflecting, relating to, or being in any way logically or factually connected with the matter discussed.

7.      "Communication" means the transmission of information or data in any form including, without limitation, written, oral, or electronic transmissions.

8.      The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of this request.

9.      The terms "all," "any," or "each" encompass any and all of the matter discussed.

10.      The use of singular form includes plural, and vice versa.

11.      The use of present tense includes past tense, and vice versa.

12.      The term "Agricultural Parcels" shall mean property located at Agricultural Parcel Number (APN): 189-220-18-00-3; APN 189-240-06-00-4; APN 189-240-59-00-8;

3

1   APN 189-270-02-00-1; APN 189-270-08-00-9; APN 189-270-09-00-2; APN 189-340-11-

2   00-7; APN 189-070-68-00-5; APN 189-220-09-00-7; APN 189-230-02-00-9; and APN

3   189-070-15-00-1, collectively.

4       13.   Industrial Hemp Cultivation Program shall mean the Kern County

5   Agreement 496-2019 (Cooperative Agreement 18-0687-000) and most recently amended

6   by Kern County Agricultural Commissioner on April 21, 2020 to allow for $41,036 in

7   funding.

8   **<u>INSTRUCTIONS</u>**

9

10      1.   All documents are to be produced as they are kept in the usual course of

11  business including any labels, file markings, or similar identifying features, or shall be

12  organized and labeled to correspond to the categories requested herein. If there are no

13  documents in response to a particular request, or if you withhold any responsive

14  documents or categories of documents based on any objections, shall state so in writing.

15      2.   Electronically stored information (ESI) must be produced in both (1) PDF

16  or TIFF form and (2) its original native format including its accompanying metadata, and

17  with corresponding load files containing the document's text and metadata. For example:

18      (a)   documents created using Microsoft Word must be produced as

19

20  .DOC or .DOCX files and as PDF or TIFF;

21      (b)   emails must be produced in a form that readily supports import

22  into standard email client programs, or the form of production should adhere to

23  the conventions set out in the internet email standard.

4

3. ESI should be produced via secure FTP (or similar means) to keskovitz@rcfllp.com, rcipolla@rcfllp.com, and akaradjas@rcfllp.com. Defendant shall decrypt or provide passwords to any responsive ESI included in its productions.

4. In the alternative to paragraphs 2 and 3 above, Defendant may produce ESI in accordance with any so-ordered stipulation governing the production of ESI that the parties may enter into.

5. These requests call for the production of all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your employees, representatives, and agents or other persons acting on your behalf, without regard to the physical location of such documents.

6. In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If your response is that documents are not under your control, identify who has control and the location of the documents.

7. If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

    (a) identifying the document;

    (b) describing where the document is now;

(c)     identifying who has control of the document;

(d)     describing how the document became lost or destroyed or was transferred; and

(e)     identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

8.     Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

9.     If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, set out separately with respect to each withheld document:

(a)     the ground of privilege or protection claimed;

(b)     every basis for the privilege or protection claimed;

(c)     the type of document;

(d)     its general subject matter;

(e)     the document's date; and

(f)    other information sufficient to enable a full assessment of the

applicability of the privilege or protection claims, as required by FRCP 26(b)(5),

the Court's local rules, and the judge's individual practice rules.

10.    If Defendant objects to any document request on any ground other than

privilege, then you must:

(a)    specify the part of the request that is objectionable and respond and

allow inspection of materials responsive to the remainder of the request; and

(b)    clearly state whether any responsive materials are being withheld

on the basis of an objection.

11.    To the extent Defendant asserts that a document contains information that

should be protected from disclosure (based on the attorney-client privilege, work product

doctrine, or another protection) and non-privileged information, the non-privileged

portions of the document must be produced. For each such document, indicate the portion

of the document withheld by stamping the words "MATERIAL REDACTED AS [BASIS

FOR PROTECTION]" on the document in an appropriate location that does not obscure

the remaining text.

12.    If there are no documents in response to any particular request, Defendant

shall state so in writing.

13.    Unless otherwise stated herein, all documents requested cover the period

between January 1, 2019 to the date of the Defendant's response.

14.     Examples of responsive items set out in any request should not be construed to limit the scope of the request.

15.     Requests for production should be read so as to encompass any and all items responsive to the request.

14.     These requests are continuing, and Defendant's response to these requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e).

## **DOCUMENTS REQUESTED**

**DOCUMENT REQUEST NO. 1:**    All documents relating to the search warrant that was issued on October 24, 2019 for Trent Jones and property located at the Agricultural Parcels, including, without limitation, any search warrant affidavit or application submitted in support of the warrant, any sealing order(s) relating to the search warrant, any documents created during the execution of the search warrant, and any search warrant return.

**DOCUMENT REQUEST NO. 2:**    All documents relating to the search, seizure, and destruction in October 2019 of plants or other property located at the Agricultural Parcels.

**DOCUMENT REQUEST NO. 3:**    All documents relating to any laboratory, field, or other testing of plants or other property that were located at the Agricultural Parcels, regardless of whether such testing occurred before or after the destruction in October 2019.

**DOCUMENT REQUEST NO. 4:**    All documents relating to the value of the plants and property destroyed at the Agricultural Parcels in October 2019.

**DOCUMENT REQUEST NO. 5:**    All documents relating to any law enforcement plans for the search, seizure, and destruction of the plants or other property located at the Agricultural Parcels.

**DOCUMENT REQUEST NO. 6:**    All documents relating to any attempt by law enforcement to preserve the plants and other property located at the Agricultural Parcels before they were destroyed in October 2019.

**DOCUMENT REQUEST NO. 7:**    All tape or audio recordings of Apothio agents or employees, including, without limitation, its CEO Trent Jones.

**DOCUMENT REQUEST NO. 8:**    Any and all witness statements, in any form or format, relating to the plants and other property located at the Agricultural Parcels, including, without limitation, any witness statements relating to the search and/or destruction in October 2019.

**DOCUMENT REQUEST NO. 9:**    All documents relating to or reflecting any communications involving Apothio and any of the Defendants in this Action concerning Apothio's status as an established agricultural research institution (EARI) and/or Apothio's cultivation of hemp in Kern County or at the Agricultural Parcels.

**DOCUMENT REQUEST NO. 10:**  All documents relating to any public communication involving any Defendant – including, without limitation, all draft and

final press releases and all documents concerning any communications between any Defendant and any publication or public medium (including news agencies and wire services) – relating to the search and/or destruction of the plants and other property located at the Agricultural Parcels in October 2019.

**DOCUMENT REQUEST NO. 11:**  All documents relating to any communications between any Defendant and any owner of the Agricultural Parcels relating to the cultivation, search, or destruction of the plants and other property located at the Agricultural Parcels in October 2019.

**DOCUMENT REQUEST NO. 12:**  All notes or other contemporaneous writings or recordings (such as diaries, calendars, journals, and photographs) made by any of the Defendants or any agents or employees of the Defendants relating to the search and/or destruction of the plants and other property located at the Agricultural Parcels in October 2019 and/or otherwise relating to the claims in this Action.

**DOCUMENT REQUEST NO. 13:**  Defendant's electronic data and document retention policies from January 1, 2019 to the present.

**DOCUMENT REQUEST NO. 14:**   Any litigation hold instructions or documents issued by any Defendant related to this Action.

**DOCUMENT REQUEST NO. 15:**  All working group lists, organization charts, directories, or other documents sufficient to identify the individuals and entities involved with the testing, search, destruction of the plants and other property located at the Agricultural Parcels in October 2019.

**DOCUMENT REQUEST NO. 16:** All documents relating to insurance coverage for this Action.

**DOCUMENT REQUEST NO. 17:** All documents that Defendant provided to any regulatory, governmental, or investigative federal or state agency, at any time from January 1, 2019 through the present, concerning the plants and other property that were located at the Agricultural Parcels before their destruction in October 2019.

**DOCUMENT REQUEST NO. 18:** All documents concerning the cooperative agreement between the County of Kern and the California Department of Food and Agriculture relating to the Industrial Hemp Cultivation Program, including, without limitation, documents reflecting the agreement and any amendments to it, submitted monthly reports, and documents relating to any training, public outreach, and activity reporting.

**DOCUMENT REQUEST NO. 19:** To the extent not produced in response to the foregoing requests, all documents Defendant may use to support its defense of this litigation.

Dated: October 14, 2020

/s/ Katherine Eskovitz
ROCHE CYRULNIK
  FREEDMAN LLP
Katherine Eskovitz
1158 26th Street, No. 175
Santa Monica, CA 90403
keskovitz@rcfllp.com
(646) 791-6883
Counsel for Apothio LLC

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2020, a true and correct copy of Apothio's First Set of Requests for Production to Kern County Sheriff's Office was served via email on Phillip Jenkins and Kathleen Rivera, as well as Kelly Smith, Harinder Kapur, Bruce McGagin, Stacey Roberts, and Ethan Turner.

/s/ Richard Cipolla
Richard Cipolla
ROCHE CYRULNIK
  FREEDMAN LLP

99 Park Avenue, 19th Floor
New York, NY 10016
(646) 791-6881

EXHIBIT C

1  Katherine Eskovitz (SBN 255105)
   ROCHE CYRULNIK FREEDMAN LLP
2  1158 26th Street, No. 175
   Santa Monica, CA 90403
3  keskovitz@rcfllp.com
   (646) 791-6883

4  Joseph M. Delich (*pro hac vice*)
   Kyle W. Roche (*pro hac vice*)
5  Richard R. Cipolla (*pro hac vice*)
   99 Park Avenue, 19th Floor
6  New York, NY 10016

7  Sean Eskovitz (SBN 241877)
   ESKOVITZ LAW
8  1217 Wilshire Boulevard, No. 3683
   Santa Monica, CA 90402

9
   Brant W. Bishop (*pro hac vice*)
10 BRANT W. BISHOP, P.C.
   2000 Pennsylvania Avenue, NW Suite 7000
   Washington, DC 20006
11
12 *Counsel for Apothio LLC*

                    UNITED STATES DISTRICT COURT
13                  EASTERN DISTRICT OF CALIFORNIA

14 APOTHIO, LLC,

15          Plaintiff,                    No. 1:20-CV-00522-NONE-JLT

16      v.

17 KERN COUNTY; KERN COUNTY
   SHERIFF'S OFFICE; CALIFORNIA
   DEPARTMENT OF FISH AND WILDLIFE;
18 DONNY YOUNGBLOOD; JOSHUA
   NICHOLSON; CHARLTON H. BONHAM;
19 JOHN DOES #1 THROUGH #10,
   UNKNOWN AGENTS OF THE KERN
20 COUNTY SHERIFF'S OFFICE; JOHN
   DOES #11 THROUGH #20, UNKNOWN
21 AGENTS OF THE CALIFORNIA FISH
   AND WILDLIFE DEPARTMENT,
22
            Defendants.
23 ────────────────────────────────────────────
   **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT
   KERN COUNTY SHERIFF'S OFFICE**

1   Pursuant to Rule 36 of the Federal Rules of Civil Procedure and Local Rule 250.4,

2   Plaintiff, by its undersigned counsel, hereby requests that Defendants Kern County

3   Sheriff's Office ("Defendant" or "KCSO") admit the following requests in writing, and

4   serve its response upon the undersigned within thirty (30) days of service of these

5   requests for admission.

6   **DEFINITIONS**

7   1.      "Complaint" means the Complaint in the above-captioned action filed in the

8   United States District Court for the Eastern District of California on April 10, 2020, entitled

9   Apothio LLC, Plaintiff, against Kern County et al. (1:20-cv-00522-NONE-JLT).

10   2.      "Action" means the above-captioned action, filed in the United States

11   District Court for the Eastern District of California on April 10, 2020, entitled Apothio

12   LLC, Plaintiff, against Kern County et al. (1:20-cv-00522-NONE-JLT).

13   3.      "Document" is synonymous in meaning and equal in scope to its usage in

14   FRCP 34(a)(1)(A), which states "any designated documents or electronically stored

15   information—including writings, drawings, graphs, charts, photographs, sound recordings,

16   images, and other data or data compilations—stored in any medium from which

17   information can be obtained either directly or, if necessary, after translation by the

18   responding party into a reasonably usable form" or any designated tangible things, or entry

19   onto land or other property. The term "document" refers to any document now or at any

20   time in Defendant's possession, custody, or control. A person is deemed in control of a

21   document if the person has any ownership, possession, or custody of the document, or the

22   right to secure the document or a copy thereof from any person or public or private entity

23   having physical possession thereof.

4.      "Information" shall include individual documents and records (including associated metadata) whether on paper, film, or other media, as discrete files stored electronically, optically, or magnetically, or as a record within a database, archive, or container file, including emails, messages, word processed documents, digital presentations, spreadsheets, database content, text messages, data recorded by Internet of Things (IoT) devices, and messages in workplace collaboration tools (including, without limitation, Slack, Microsoft Teams, Google Hangouts, etc), or ephemeral messaging applications.

5.      "Person" means any natural person or any legal entity, including but not limited to any business or governmental entity, organization, or association.

6.      "Relate" or "relating" means consisting of, referring to, reflecting, relating to, or being in any way logically or factually connected with the matter discussed.

7.      "Communication" means the transmission of information or data in any form including, without limitation, written, oral, or electronic transmissions.

8.      The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of this request.

9.      The terms "all," "any," or "each" encompass any and all of the matter discussed.

10.     The use of singular form includes plural, and vice versa.

11.     The use of present tense includes past tense, and vice versa.

## **INSTRUCTIONS**

1.      Unless you properly object to a request, you must, under Federal Rule of

Civil Procedure 36, admit, specifically deny, or state in detail why you cannot truthfully admit or deny each of the following requests based on knowledge and information in your possession, custody or control, or in the possession, custody or control of your representatives, agents, or attorneys. If you do not respond to each of these requests within thirty (30) days, the requests will be deemed admitted under Federal Rule of Civil Procedure 36.

2.      If you object to or refuse to answer any request for admission on the ground that the answer reflects or would reveal the substance of a confidential or privileged communication, identify:

a.  the ground of privilege or protection claimed;

b.  every basis for the privilege or protection claimed;

c.  the type of document;

d.  its general subject matter;

e.  the document's date; and

f.  other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5), the court's local rules, and the judge's individual practice rules.

3.      Unless otherwise specified in any of the requests for admission below, these requests for admission cover the time period from January 1, 2019 through and including the present.

4.     These requests for admission are continuing in nature. If you receive or otherwise become aware of information that would change your answer to any of these requests for admission after you have served your response, you must comply with Federal Rules of Civil Procedure 26(e) and 36(b) by promptly supplementing your answers or filing the appropriate motion.

5.     Answers to these requests for admission shall be served upon the undersigned attorneys within thirty (30) days of service of these requests.

### **REQUESTS FOR ADMISSION**

**REQUEST NO. 1:** Admit that Defendant has in its possession, custody, or control one or more audio or video recordings that contain statements made by Apothio CEO Trent Jones on October 25, 2019.

**ANSWER:**

1    Dated: October 14, 2020

2                                          */s/ Katherine Eskovitz*
                                          ROCHE CYRULNIK
3                                            FREEDMAN LLP
                                          Katherine Eskovitz
4                                          1158 26th Street, No. 175
                                          Santa Monica, CA 90403
5                                          keskovitz@rcfllp.com
                                          (646) 791-6883
6
                                          *Counsel for Apothio LLC*
7

8

9                         **CERTIFICATE OF SERVICE**

10
     I hereby certify that on October 14, 2020, a true and correct copy of Apothio's First Set
11
     of Requests for Admission to Kern County Sheriff's Office was served via email on
12
     Phillip Jenkins and Kathleen Rivera, as well as Kelly Smith, Harinder Kapur, Bruce
13
     McGagin, Stacey Roberts, and Ethan Turner.
14
                                          /s/ Richard Cipolla
15
                                          Richard Cipolla
16                                        ROCHE CYRULNIK
                                            FREEDMAN LLP
17
                                          99 Park Avenue, 19th Floor
18                                        New York, NY 10016

19                                        (646) 791-688

20

21

22

23

EXHIBIT D

*XAVIER BECERRA*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Telephone: (916) 210-6465
Facsimile: (916) 322-8288
E-Mail:  Kelly.Smith@doj.ca.gov

November 5, 2020

SENT VIA EMAIL ONLY:
keskovitz@rcfllp.com

Katherine Eskovitz, Esq.
Roche Cyrulnik Freedman LLP
1158 26th Street, Suite 175
Santa Monica, CA 90403

RE:    *Apothio, LLC v. Kern County, et al.*
        U.S. District Court, Eastern Dist. of California, Case No. 1:20-cv-00522-NONE-JLT

Dear Ms. Eskovitz:

        This letter follows on the conference this morning between counsel for Plaintiff and
Defendants in the above matter regarding a possible stipulation to stay discovery, or Defendants'
filing of motion to stay discovery pending the criminal action in Kern County.

        In that discussion, counsel for State and County Defendants raised the implications of the
Fifth Amendment of the United States Constitution privilege that might be raised by Trent Jones,
Chief Executive Officer and sole member of your client, Apothio, LLC.  As we discussed, Mr.
Jones is the defendant in the related criminal case and will be deposed in his capacity as an
Apothio, LLC official in this civil case.

        As explained, Defendants' ability to conduct discovery in this civil matter is
compromised by the possibility that Mr. Jones would refuse to respond to written or deposition
discovery by claiming the privilege against self-incrimination.  Defendants requested written
confirmation that Mr. Jones' criminal or civil counsel would discuss the privilege against self-
incrimination in this civil matter and any potential legal consequences stemming from the
decision to invoke or not invoke this privilege.  If Plaintiff does not agree to stay discovery or
this case, Defendants also requested written confirmation that Mr. Jones would give complete
responses and would not refuse to respond to discovery on the basis of the privilege against self-
incrimination.

        In response to those concerns, Apothio's counsel initially indicated agreement with Mr.
Jones' waiving his privilege against self-incrimination in this civil matter.  When pressed to put
the agreement in writing, you stated that you would first need to confer with Mr. Jones' criminal
defense counsel.

Katherine Eskovitz, Esq.
Roche Cyrulnik Freedman LLP
November 5, 2020
Page 2

At this time, no written confirmation of Jones' waiver of the privilege against self-incrimination has been provided. Nor has an explanation been provided by Apothio's counsel for failing to provide the confirmation after speaking with Mr. Jones' criminal defense counsel.

Instead, in emails subsequent to this morning's conference, you state that you will not discuss the issue with Jones or his criminal attorney unless Defendants agree not to file a motion to stay. This retraction of your earlier agreement is unreasonable. If Mr. Jones, his criminal defense attorney and you approve of the waiver, then a stay order could be crafted accordingly.

If Mr. Jones, his criminal defense attorney and you approve of the waiver, then a stipulation to stay currently propounded and future discovery could be crafted accordingly. If Mr. Jones will not participate in discovery, then Defendants will file a stay motion. Please inform us of your position by noon, Friday, November 5, 2020 or we will file the necessary motion.

Thank you for your consideration.

Sincerely,

*Kelly T. Smith*

KELLY T. SMITH
Deputy Attorney General

For    XAVIER BECERRA
Attorney General

KTS:

Richard Cippola, rcipolla@rcfllp.com
Katherine Eskovitz, keskovitz@rcfllp.com
Sean Escovitz, seane@escovitz.com
Stacey L. Roberts, Stacey.Roberts@doj.ca.gov;
Ethan Turner, Ethan.Turner@doj.ca.gov
Harinder Kapur, Harinder.Kaput@doj.ca.gov
Bruce McGagin, Bruce.McGagin@doj.ca.gov
Kathleen Rivera, KRivera@KernCounty.com
Phillip Jenkins, PJenkins@KernCounty.com

# EXHIBIT E

**RCF** **ROCHE**
**CYRULNIK**
**FREEDMAN**

November 6, 2020

Kelly Smith, Esq.
Deputy Attorney General
1300 I St., Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Kelly.smith@doj.ca.gov

**VIA EMAIL**

Dear Mr. Smith:

As I expressly told you on our call of November 5, I do not represent Mr. Jones in the pending misdemeanor charges against him. The idea that I would or could agree to waive his constitutional rights during a phone call is absurd. We of course never had any such agreement on our call, which is why you acknowledge I told you on the call that I would have to confer with his criminal counsel.

I also made it clear that we oppose any stipulation to stay discovery because you have not articulated any legitimate basis for a stay, and our client, Apothio, would suffer continued damage from such delay.

Again, as I told you on the call, I can discuss with counsel whether Mr. Jones would agree to waive his Fifth Amendment right and so represent in writing. If you are willing to agree not to move to stay discovery, then it may make sense to craft such a representation so that we can resolve this dispute and proceed without further delay. I asked you in writing whether you would agree to such an arrangement, but you have declined to provide a substantive response. Please let us know if indeed it is all Defendants' position that if Mr. Jones will waive his Fifth Amendment right in this civil case that would render any stay of discovery moot.

We also did not discuss this on our call, but I am at a loss to understand your assertion in your letter sent electronically the evening of November 5: "if . . . you approve of the waiver then a stipulation to stay currently propounded and future discovery could be crafted accordingly." Please explain what this means, including what stipulation is "currently propounded" that would be crafted "accordingly" if we provide the requested waiver.

Sincerely,
/s/ Katherine Eskovitz
Katherine Eskovitz

CC:
Stacey L. Roberts, Stacey.Roberts@doj.ca.gov
Ethan Turner, Ethan.Turner@doj.ca.gov
Harinder Kapur, Harinder.Kaput@doj.ca.gov
Bruce McGagin, Bruce.McGagin@doj.ca.gov
Kathleen Rivera, KRivera@KernCounty.com
Phillip Jenkins, PJenkins@KernCounty.com

# EXHIBIT F

**Secretary of State**
**Statement of Information**
(Limited Liability Company)

**LLC-12**

20-926828

# FILED

In the office of the Secretary of State
of the State of California

**AUG 17, 2020**

**This Space For Office Use Only**

**IMPORTANT** — Read instructions before completing this form.

**Filing Fee – $20.00**

**Copy Fees** – First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**1. Limited Liability Company Name** (Enter the exact name of the LLC. If you registered in California using an alternate name, see instructions.)

APOTHIO, LLC

| 2. 12-Digit Secretary of State File Number | 3. State, Foreign Country or Place of Organization (only if formed outside of California) |
|---|---|
| 201825410218 | COLORADO |

**4. Business Addresses**

| | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| a. Street Address of Principal Office - Do not list a P.O. Box<br>74 S Bellerive Dr | Peru | IN | 46970 |
| b. Mailing Address of LLC, **if different than item 4a**<br>74 S Bellerive Dr | Peru | IN | 46970 |
| c. Street Address of **California** Office, if Item 4a is not in California - Do not list a P.O. Box<br>4122 Pinewood Lake Dr | Bakersfield | CA | 93309 |

**5. Manager(s) or Member(s)**

If no **managers** have been appointed or elected, provide the name and address of each **member**. At least one name **and** address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank). If the manager/member is an entity, complete Items 5b and 5c (leave Item 5a blank). Note: The LLC cannot serve as its own manager or member. If the LLC has additional managers/members, enter the name(s) and addresses on Form LLC-12A (see instructions).

| a. First Name, if an individual - Do not complete Item 5b | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Trent | R | Jones | |

b. Entity Name - Do not complete Item 5a

| c. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 74 S Bellerive Dr | Peru | IN | 46970 |

**6. Service of Process** (Must provide either Individual OR Corporation.)

**INDIVIDUAL** – Complete Items 6a and 6b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| b. Street Address (if agent is **not** a corporation) - **Do not enter a P.O. Box** | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | CA | |

**CORPORATION** – Complete Item 6c only. Only include the name of the registered agent Corporation.

c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b

INCORP SERVICES, INC. (C2294569)

**7. Type of Business**

a. Describe the type of business or services of the Limited Liability Company

Agriculture

**8. Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Trent | | Jones | |

| b. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 74 S Bellerive Dr | Peru | IN | 46970 |

**9. The Information contained herein, including any attachments, is true and correct.**

| 08/17/2020 | Thomas A Kirk | | Apothio, LLC | |
|---|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | | Title | Signature |

**Return Address (Optional)** (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document enter the name of a person or company and the mailing address. This information will become public when filed. SEE INSTRUCTIONS BEFORE COMPLETING.)

Name:

Company:

Address:

City/State/Zip:

# EXHIBIT G

# Criminal Case Information - Case Details

criminal case information/calendar menu / defendant search / search results / case details

| Defendant Information: | Name: | **JONES, TRENT** | | Birth Year: | **1963** |
|---|---|---|---|---|---|

| Case Information: | Court Case #: | **BM952715A** | Filing Date: | **09/22/20** | Related Case #: | **NONE** |
|---|---|---|---|---|---|---|
| | Arrest Date: | **N/A** | | | | |
| | Bail Amount: | **$10000.00** | Bail Status: | **ACTIVE** | Bail Type: | **SURETY BOND** |

| Charges/Dispositions | | | | | | |
|---|---|---|---|---|---|---|
| Count | Type | Code | Section | Charge Description | Charge Disposition | Disposition Date |
| 001 | M | HS | 11358(C) | PLANT MORE THAN 6 MARIJUANA PLANTS | | |
| 002 | M | HS | 11359(B)>MISD | POSSESS MARIJUANA FOR SALE | | |
| 003 | M | CO | 19.08.055(B) | SELL CANNABIS IN UNINCORPORATED AREA | | |

| Sentence Information |
|---|
| ** n/a - no convicted charges ** |

| Scheduled Hearings |
|---|

Notes: 1. For Metropolitan Division cases: If the Div/Dept is 1-17, A-K or T then the Div/Dept is your courtroom number. If the Div/Dept is other than those listed in the previous sentence see the information desk near the escalator for your courtroom number.
2. If a defendant has more than one hearing scheduled for the same date and time, he or she should appear in the felony case first.
3. Calendars for each court may periodically change as court schedules are modified by court personnel. Persons viewing the court calendar assume full responsibility for appearing at the proper date and time and at the proper court irrespective of the information contained herein.

| Hearing Date/Time | Hearing Location | Div/Dept | Hearing Type |
|---|---|---|---|
| 10/30/2020, 08:30AM | Metro Division Justice - 1215 Truxtun | G | MISDEMEANOR ARRAIGNMENT |
| 11/13/2020, 08:30AM | Metro Division Justice - 1215 Truxtun | IP | PRETRIAL CONFERENCE |

| Aliases | |
|---|---|
| Defendant name | JONES, TRENT |
| Aliases | ** None ** |

If you need more case information than what is listed above, please contact the specific court location.

Back to Top

# EXHIBIT H



**Superior Court of California**
**County of Kern**

Date:     11/06/2020                                              Time:   8:00 AM - 5:00 PM

                                                                         **BCV-20-100711**

APOTHIO LLC VS KERN COUNTY SHERIFF'S OFFICE ET AL

### *Courtroom Staff*

Honorable:     J. Eric Bradshaw                    Clerk:        Stephanie Lockhart

---

**NATURE OF PROCEEDINGS:  RULING**

The Court's ruling with regards to the matter submitted on 10/27/2020 is incorporated hereto and made a part hereof.

<u>NATURE OF PROCEEDINGS</u>:  PETITIONER'S MOTION TO AUTHENTICATE, RELEASE AND/OR UNSEAL SEARCH WARRANT MATERIALS, HERETOFORE SUBMITTED:

* * * * *

### **Ruling**

 The court will review all search warrant materials concerning the subject search warrant *in camera*, and will defer ruling on the petitioner's motion until after that review.

 RESPONDENTS ARE HEREBY ORDERED to produce in a sealed envelope a true, correct and complete copy of the search warrant and related materials presented to the court in connection with the application for, issuance of, and return on, the subject search warrant, including the search warrant application, affidavit(s), warrant, findings, orders, inventories and other information and documents submitted to the court.  The respondents' custodian of such records shall produce the records for this court's *in camera* inspection/review on **November 16, 2020, 8:30 a.m., in Dept. 2 of** the Kern County Superior Court.

Copy of minute order mailed to all parties as stated in the attached certificate of mailing.

APOTHIO LLC VS KERN COUNTY SHERIFF'S OFFICE ET AL                                    BCV-20-100711

---

*MINUTES FINALIZED BY:*              Stephanie Lockhart                                        *ON:*     11/6/2020

**FUTURE HEARINGS:**
November 16, 2020 8:30 AM Chambers Conference
Bradshaw, J. Eric
Bakersfield Department 2

December 08, 2020 8:30 AM Court Trial
Bradshaw, J. Eric
Bakersfield Department 2

*MINUTES FINALIZED BY:*          Stephanie Lockhart                                   *ON:*      11/6/2020

**APOTHIO LLC VS KERN COUNTY SHERIFF'S OFFICE ET AL**
**BCV-20-100711**

### CERTIFICATE OF MAILING

The undersigned, of said Kern County, certify:  That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the ***Minutes dated  November 06, 2020***  attached hereto on all interested parties and any respective counsel of record in the within action by depositing true copies thereof, enclosed in a sealed envelope(s) with postage fully prepaid and placed for collection and mailing on this date, following standard Court practices, in the United States mail at  Bakersfield California addressed as indicated on the attached mailing list.

Date of Mailing:          November 06, 2020

Place of Mailing:         Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Tamarah Harber-Pickens**
CLERK OF THE SUPERIOR COURT

Date:  November 06, 2020

By:     *Stephanie Lockhart*
        Stephanie Lockhart, Deputy Clerk

### MAILING LIST

KERN COUNTY SHERIFFS OFFICE
1350 NORRIS ROAD
BAKERSFIELD CA  93308

SEAN ESKOVITZ
1217 WILSHIRE BOULEARD NO 6383
SANTA MONICA CA  90402

KATHERINE A ESKOVITZ
ROCHE CYRULNIK FREEDMAN LLP
1158 26TH STREET NO 175
SANTA MONICA CA  90403

PHILLIP T JENKINS
OFFICE OF COUNTY COUNSEL COUNTY OF KERN
1115 TRUXTUN AVE FL 4
BAKERSFIELD CA  93301