1  XAVIER BECERRA
   Attorney General of California
2  BRUCE D. MCGAGIN
   Supervising Deputy Attorney General
3  STACEY L. ROBERTS
   Supervising Deputy Attorney General
4  KELLY T. SMITH
   Deputy Attorney General
5  State Bar No. 196821
      Telephone: (916) 210-6465
6     E-mail: Kelly.Smith@doj.ca.gov
   ETHAN A. TURNER
7  Deputy Attorney General
   State Bar No. 294891
8     Telephone: (916) 210-7898
      E-mail: Ethan.Turner@doj.ca.gov
9     1300 I Street, Suite 125
      P.O. Box 944255
10    Sacramento, CA 94244-2550
   *Attorneys for Defendants State of California, by and*
11 *through California Department of Fish and Wildlife,*
   *and Charlton H. Bonham, Director*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| APOTHIO, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KERN COUNTY; KERN COUNTY SHERIFF'S OFFICE; CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE; DONNY YOUNGBLOOD; JOSHUA NICHOLSON; CHARLTON H. BONHAM; JOHN DOES #1 THROUGH #10, UNKNOWN AGENTS OF THE KERN COUNTY SHERIFF'S OFFICE; JOHN DOES #11 THROUGH #20, UNKNOWN AGENTS OF THE CALIFORNIA FISH AND WILDLIFE DEPARTMENT,<br><br>Defendants. | 1:20-cv-00522-NONE-JLT<br><br>**JOINT STATEMENT REGARDING DISCOVERY DISAGREEMENT RE: DEFENDANTS' JOINT MOTION TO STAY DISCOVERY**<br><br>[Local Rule 251(c)]<br><br>Date:      December 10, 2020<br>Time:     8:30 a.m.<br>Dept:      Courtroom 4<br>Judge:    Hon. Jennifer L. Thurston<br><br>Trial Date:   TBD<br>Action Filed: April 10, 2020 |

**INTRODUCTION**

Pursuant to Local Rule 251(c), the parties hereby submit their Joint Statement Regarding Discovery Disagreement regarding the motion to stay discovery filed November 12, 2020 by

1

defendants California Department of Fish and Wildlife and Charlton H. Bonham (collectively State Defendants), and Kern County and the Kern County Sheriff's Office (County Defendants). ECF 58. The defendants jointly move under Fed. R. Civ. P. 26(c) for a stay of discovery in this matter until the criminal misdemeanor case involving Apothio's Chief Executive Officer, Trent Jones (Jones) is "fully resolved."

**(1) The details of the conference or conferences.**

The parties held a telephone conference on November 5, 2020 and exchanged several emails regarding the contemplated motion. As further detailed by the Declarations of Deputy Attorney General Kelly T. Smith in support of the motion to stay discovery and Katherine Eskovitz in opposition to the motion to stay discovery, defendants proposed to stipulate to a stay of discovery until the court's ruling on defendants' motions to dismiss and strike, or alternatively until the completion of the criminal matter, or until the court's scheduling conference. Plaintiff was unwilling to stipulate to any stay of discovery on the bases and arguments asserted by defendants, but agreed to discuss with Dr. Jones's defense counsel whether Dr. Jones would waive his Fifth Amendment rights in this litigation (to which he is not a party), if such an agreement would moot the need for a stay motion. Defendants never answered this question.. Defendants filed the motion to stay thereafter.

**(2) The nature of the action and its factual disputes pertinent to the matters to be decided and the issues to be determined at the hearing.**

Apothio filed this civil action on April 10, 2020. Apothio alleges that, on October 25, 2019, state and county law enforcement agents entered farm fields in Kern County and ordered contract growers to destroy Apothio's *cannabis sativa L.* plants. Complaint ¶¶ 99, 105, 108, 116 (ECF 1). Based on these acts, Apothio raises civil rights claims under federal and state law, asserting a judicial deception claim for material omissions and misleading statements in the probable cause affidavit, as well as additional Fourth Amendment claims such as a claim for excessive destruction of the hemp crops.

On June 12, 2020, defendants each filed motions to dismiss and the State Defendants joined the County Defendants' motion to strike. ECF 19, 21, 24. Defendants moved to dismiss on the

grounds that Apothio's crop was contraband, and Apothio therefore has no protectable property rights in its crops. State Defendants' Motion to Dismiss at 7:12-16 (ECF 21). The motions also assert that the claims against unnamed officers should be dismissed or stricken, as immunities and defenses are impossible to state against the complaint's vague allegations. *Id.* at 13:21-28.

Plaintiff opposed these motions on July 13, 2020, arguing, among other bases, that defendants improperly try to strike well-pleaded factual allegations that it was growing hemp, not marijuana, in accordance with state and federal law and that even "hot"[1] hemp is not contraband. ECF 32 at 1-2; ECF 35 at 7-15.

**(3) Each parties' contentions as to each contested issue, including a memorandum of each party's respective arguments concerning the issues in dispute and the legal authorities in support thereof.**

Following are the parties' respective contentions.

**Defendants contentions:**

Defendants seek to stay discovery because the discovery process will be abused by Apothio for its criminal defense, including deposition of peace officers and will include additional attempts to obtain investigation files under seal by the Kern County Superior Court, while plaintiff's principal, Trent Jones, will have Fifth Amendment privilege against self-incrimination. Defendants also seek to stay discovery because the defendants' motions to dismiss and strike will dispose the entire complaint without the need for discovery.

On October 14, 2020, Apothio propounded written discovery on Defendants. To the State Defendants, Apothio served a Request for Production of Documents, Set 1. To the County Defendants, Apothio served a Request for Production of Documents, Set 1, and Requests for Admission, Set 1. Apothio's documents requests, identical for Defendants, center almost exclusively on documents under seal in the criminal investigation.

Statutory and case law have clearly established that the criminal investigation file is protected from disclosure. Cal. Evid. Code § 1040(b)(2). "Evidence gathered by police as part of

---

[1] "Hot" hemp denotes hemp that tests above 0.3% THC dry weight. Complaint ¶ 97.

an ongoing criminal investigation is by its nature confidential. This notion finds expression in both case and statutory law." *County of Orange v. Superior Court*, 79 Cal.App.4th 759, 764 (2000).

Further grounds to stay discovery include the motions to dismiss and strike filed by the defendants. The motions, if granted, will dispose of the entire case. Discovery is not necessary to decide the motions to dismiss. A dispositive motion can be grounds for staying discovery. *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002). The "federal district courts in California, including this court, have applied a two-part test when evaluating such a request for a stay. First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed. Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery. If the moving party satisfies these two prongs, the court may issue a protective order." *Mlejnecky v. Olympus Imaging America, Inc.*, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011).

The discovery stay proposed by defendants will satisfy both prongs of the two-part *Mlejnecky* test. The motions to dismiss filed by State Defendants and County Defendants assert Apothio's claims regarding violations of state and federal civil rights law, including unconstitutional search and seizure, the taking of its property, and due process violations, are uniformly unfounded. The plants seized were contraband, affording no protected civil rights.

Despite defendants' attempt to meet and confer with Apothio's counsel in good faith, Apothio has refused to stipulate to limit or delay discovery. Therefore, defendants seek a court order staying discovery until the resolution of the criminal matter.

**Plaintiff's contentions:**

Defendants seek a stay of all discovery for an indefinite period[2] based on unsubstantiated privilege claims and unsupported concerns of interference with a recently-filed complaint against a non-party to the case, involving a year-old alleged misdemeanor of marijuana possession.

---

[2] Defendants never define what "fully resolved" entails, and if it includes, for example, all appeals.

Defendants' arguments fall far short of meeting their "heavy burden" under *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) to justify a complete stay of discovery, which would only postpone the ultimate resolution of this case without cause. *See also Estate of Lopez v. Suhr*, No. 15 Civ. 01846, 2016 WL 1639547, at *3 (N.D. Cal. Apr. 26, 2016). And their bid for a stay is particularly weak here, where (1) Apothio is not a party to the misdemeanor case; (2) delay of this case threatens further damage to Apothio's financial viability and reputation; (3) discovery in this case began over a month ago and has included Defendants' participation in written discovery; (4) issues concerning "sealed" documents are moot because they have now been released by the Superior Court in the misdemeanor case; (5) Defendants' motions to dismiss will not be dispositive since they do not seek dismissal of all of Plaintiff's claims and because they are meritless; and (6) this case raises important issues of great public interest, including the federal and state legislatures' express intent to support the country's hemp farmers, hemp industry, and significant hemp research, as well as the interest in remedying police misconduct and governmental abuses of power.

Dated:                                          Respectfully submitted,

                                                XAVIER BECERRA
                                                Attorney General of California
                                                BRUCE D. MCGAGIN
                                                Supervising Deputy Attorney General

                                                */s/ Kelly T. Smith*

                                                KELLY T. SMITH
                                                Deputy Attorney General

                                                *Attorneys for Defendants State of California, by and through California Department of Fish and Wildlife, and Charlton H. Bonham, Director*

Dated: 12/3/20

ROCHE CYRULNIK
FREEDMAN LLP

*Katherine Eskovitz*
KATHERINE ESKOVITZ

*Attorneys for Plaintiff, Apothio LLC*

# CERTIFICATE OF SERVICE

Case Name:  **Apothio, LLC v. Kern County, et al.**       No.   **1:20-cv-00522-NONE-JLT**

I hereby certify that on **December 3, 2020,** I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**JOINT STATEMENT REGARDING DISCOVERY DISAGREEMENT RE: DEFENDANTS' JOINT MOTION TO STAY DISCOVERY**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **December 3, 2020,** at Sacramento, California.

| Lois M. Buzbee-Osby | /s/ Lois M. Buzbee-Osby |
|---|---|
| Declarant | Signature |

SA2020300599
34639056.docx