XAVIER BECERRA
Attorney General of California
BRUCE D. MCGAGIN
Supervising Deputy Attorney General
STACEY L. ROBERTS
Supervising Deputy Attorney General
KELLY T. SMITH
Deputy Attorney General
State Bar No. 196821
  Telephone: (916) 210-6465
  E-mail: Kelly.Smith@doj.ca.gov
ETHAN A. TURNER
Deputy Attorney General
State Bar No. 294891
  Telephone: (916) 210-7898
  E-mail: Ethan.Turner@doj.ca.gov
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
*Attorneys for Defendants State of California, by and through California Department of Fish and Wildlife, and Charlton H. Bonham, Director*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| APOTHIO, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>KERN COUNTY; KERN COUNTY SHERIFF'S OFFICE; CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE; DONNY YOUNGBLOOD; JOSHUA NICHOLSON; CHARLTON H. BONHAM; JOHN DOES #1 THROUGH #10, UNKNOWN AGENTS OF THE KERN COUNTY SHERIFF'S OFFICE; JOHN DOES #11 THROUGH #20, UNKNOWN AGENTS OF THE CALIFORNIA FISH AND WILDLIFE DEPARTMENT,<br><br>                              Defendants. | 1:20-cv-00522-NONE-JLT<br><br>**REPLY BRIEF MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' JOINT MOTION TO STAY DISCOVERY**<br><br>[Fed. R. Civ. P. 26(c)]<br><br>Date:           December 10, 2020<br>Time:          8:30 a.m.<br>Dept:          Courtroom 4<br>Judge:        Hon. Jennifer L. Thurston<br><br>Trial Date:   TBD<br>Action Filed: April 10, 2020 |

## INTRODUCTION

Plaintiff Apothio, LLC's (Apothio), complaint alleges the statement of probable cause is the only evidence needed to prove its theory that the subject search warrant was obtained by "judicial deception." Complaint at ¶¶ 10 & 107 (ECF 1). As Defendants' motion to stay discovery predicted, the sealed criminal case papers were released to Apothio shortly after the instant motion to stay discovery was filed. Therefore, Apothio has the corpus of evidence it alleges proves its case. Any discovery stay will not prejudice Apothio. More importantly, the released probable cause statements prove Apothio's case has no merit whatsoever and Apothio will attempt to continue, without any basis to do so, to use this civil case to improperly leverage criminal settlement and harass peace officers with civil depositions, while continuing to shield criminal defendant Trent Jones behind Fifth Amendment privilege. As such, the grounds for an order staying discovery in this case remain.

## DISCUSSION

Apothio's "Opposition to Motion to Stay" appears to misconstrue the instant motion as a motion to stay the entire civil matter. Apothio wrongly bootstraps the *Keating* criteria for stay of the action into the "good cause" standard that applies to a discovery stay order. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995). For example, *Blue Cross and Blue Shield of Alabama v. Unity Outpatient Surgery Center, Inc.*, 490 F.3d 718, 724 (9th Cir. 2007), cited by Apothio, was a motion to stay the civil case. Defendants merely seek an order staying discovery.

### I. APOTHIO USES THIS CIVIL ACTION TO DISRUPT THE CRIMINAL PROCEEDINGS.

Kern County Superior Court Judge Bradshaw denied Apothio's motion to unseal the warrant files that Apothio sought after its criminal attorney received the documents. Supplemental Declaration of Deputy Attorney General Kelly T. Smith (Supp. Decl. Smith) at ¶¶ 2-3 & Exhs. I-J. Noting the charges against Apothio's "managing partner" Trent Jones, Judge Bradshaw ruled: "It is not this courts function, based on the issues framed by the pleadings in this civil case, to review the propriety or effect of another judge's sealing order, or to attempt to control discovery or disclosure of information in a pending criminal proceeding." *Id.*

Apothio's opposition purposely evades reference to its chief executive officer and "managing partner" Trent Jones, the key Apothio witness. Apothio is the alter ego of Jones, who has single-handedly transferred Apothio's "headquarters" to Canada. Supp. Decl. Smith at ¶ 4 & Exh. K. Apothio continues to use discovery to play its advantage in both this matter and the criminal matter.

## II. DISCOVERY WILL PREJUDICE DEFENDANTS AND DISRUPT THE CRIMINAL ACTION.

Apothio's opposition further reveals its intent to abuse civil discovery to disrupt the criminal case against Trent Jones. Apothio's opposition argues Defendants' prejudice is based only on now-released documents and the Fifth Amendment barriers to deposition of Apothio CEO Trent Jones. Opposition at p. 14:3-4 (ECF 61). Defendants will also be prejudiced if Jones is allowed to use his Apothio alter ego to disguise witness tampering; to harass peace officers while making claims and allegations against "Doe" peace officer defendants; and then leverage this harassment into a settlement of the criminal charges, exactly the sort of abuse which California Government Code section 953.3 seeks to prevent.

Apothio's intent to link settlement of its civil suit to dismissal of the criminal suit is transparent. Its opposition seeks to use this civil action, including discovery, to "facilitate realistic settlement negotiations." Opposition at p. 13:22 (ECF 61). For example, Defendants, especially the unnamed peace officer defendants in Apothio's complaint, are prejudiced by plaintiff's open-ended discovery and depositions of law enforcement while criminal charges and investigation against Apothio and Jones are ongoing. As Defendants' initial disclosures make clear, virtually all of Defendants' percipient witnesses are peace officers or investigators. Supp. Decl. Smith at ¶¶ 5-6 & Exhs. L-M. Those peace officers continue to investigate Apothio and Trent Jones for witness tampering. Declaration of Wildlife Officer Capt. Andrew Halverson at ¶ 7.

## III. APOTHIO CANNOT CLAIM PREJUDICE CAUSED BY THE CRIMINAL CHARGES.

It is the criminal acts alleged against Apothio that bring with them the prejudice it argues here. Apothio's cannabis plant exceeded the legal THC content, making it "hot hemp." It was destroyed because it violated the law. Apothio lost "partners" because they are scared to do business with a bad actor. Moreover, the criminal proceedings will go forward irrespective of

Apothio's civil action, for years, as Apothio concedes. Opposition at p. 12:15-16 (ECF 61). Further, Apothio incorrectly suggests, that: "Resolving this dispute will restore Apothio's reputation and make it easier for it to obtain the financing and partners it needs to survive." *Id.* at 13:21-22. The criminal charges, not Apothio's civil suit, explains the reticence of potential business partners and banks and other businesses in the highly regulated cannabis industry to associate with Apothio.

Nor does Apothio's opposition offer facts in support of its arguments of prejudice to its business. Other than the argument of Apothio's attorneys, the speculation that financing and "partners" will appear is based only on the declaration of John Teague, who claims to be "a partner at Apothio, LLC." Declaration of John Teague at ¶ 1 (ECF 63). Apothio is not a partnership and Teague provides no further identification and no factual basis for broad assertions regarding Apothio's finances (*Id.* ¶¶ 3, 6, 11 and 12 (ECF 63), or predictions of Apothio's future (*Id.* ¶¶ 14-16 (ECF 63)).

Mr. Teague's declaration illustrates he is a witness to nothing relevant to this motion or the allegations of the complaint. He provides no foundation to opine about Apothio and the impacts to its finances arising out of this matter. Particularly telling, Apothio's opposition relies on Teague's declaration, not any testimony from Trent Jones despite Mr. Jones being the only witness cited in Apothio's complaint and is Apothio's founder and "managing partner." Complaint at ¶ 4 (ECF 1). Thus, when Apothio's unverified complaint claims "its members, especially Trent Jones, are reasonably concerned about retaliation," it infers that the criminal charges against Jones are related to Apothio's civil claims. Complaint at ¶ 161 (ECF 1).

Apothio's allegation of "judicial deception" by the warrant-issuing court is its only basis for a Fourth Amendment search and seizure violation. Complaint at pp. 4:4-5, 28:12-13 & 45:15-18 (alleging Defendants obtained the warrant "through judicial deception by misstating and/or omitting material information regarding Apothio's communications with the Defendants and its status as an EARI."). Yet, the evidence Apothio identifies as key to its judicial deception claim is now in Apothio's possession. As such, plaintiff has no further need of that discovery. However, when weighing this fact against the discovery abuses described above, a stay of discovery is

4

appropriate. The civil case can await disposition of the motions to dismiss and possible resolution of the criminal charges with its attendant discovery, without unfair prejudice to the Defendants, the peace officers sought to be deposed, and the criminal proceeding.

### IV. LIKELIHOOD APOTHIO'S CASE WILL BE DISMISSED SUPPORTS A DISCOVERY STAY.

Apothio's opposition asserts that its first cause of action for Fourth Amendment search and seizure violation would survive the motions to dismiss, as well as its tandem state law Bane Act civil rights actions. Cal. Civ. Code § 52.1. Apothio's opposition lacks any substantive argument against the foundation of Defendants' motions to dismiss that Apothio's claimed "research" status does not exempt it from hemp or cannabis regulation under federal or state law. Complaint at ¶ 1 (ECF 1). Thus, Apothio's "hot" hemp plants are contraband unprotected by state or federal constitutional rights.

"The Supreme Court has held that no person can have a legally protected interest in contraband per se." *Raley v. Williams*, 2018 WL 4027020, at *3 (E.D. Cal. Aug. 23, 2018). However, Apothio appears to argue that Fourth Amendment search and seizure claims under 42 U.S.C. §1983 will stand even if the plants seized are contraband. Apothio analogizes medical marijuana cases to support its argument. Even where medical marijuana was legal in cases such as *Allen v. Kumagai*, 356 Fed.Appx. 8, 9 (9th Cir. 2009), cited by Apothio, the plaintiff cannot "use § 1983 to vindicate his purported state-law right to use marijuana for medical purposes." While *Allen* reversed dismissal of the Fourth Amendment violation, it did so because of the probable cause implications. Here, Apothio's "hot" hemp plants were illegal and no research exemption exists to implicate probable cause implications.

Moreover, as argued in the State Defendants' motion to dismiss at 15:23-28 (ECF 21-2), a search of open fields "is not one of those 'unreasonable searches' proscribed by the text of the Fourth Amendment." *Oliver v. United States*, 466 U.S. 170, 177 (1984); *Hester v. United States*, 265 U.S. 57, 59 (1924) ("the special protection accorded by the Fourth Amendment to the people in their 'persons, houses, papers and effects,' is not extended to the open fields."). This is especially so in a closely regulated field such as cannabis cultivation. State Defendants' Motion to Dismiss at 16:1-10 (ECF 21-2).

### A. Probable cause statements vitiate Apothio's "judicial deception" claim.

Apothio argues that regardless of the criminal case, it will not dispose of its claim that "there were misstatements in the probable cause affidavit." Opposition at 19:1-3 (ECF 61). Apothio's "judicial deception" allegation is its attempt to plead around the well-established law that good faith belief in the probable cause for the warrant is presumed. *United States v. Leon*, 468 U.S. 897, 920-924 (1984). Probable cause "is not a high bar." *Kaley v. United States*, 571 U.S. 320, 338 (2014). It "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 232 (1983).

Apothio's "judicial deception" allegation is contradicted by the recently released probable cause statement. Peace officers included Apothio's claim of a research exemption in the statement of probable cause. Supp. Decl. Smith at ¶¶ 7-8 & Exhs. N-O. Specifically, the statement provides: "The fields that are being cultivated by Apothio, are operating under the research exemption in the Food & Agricultural Code. The research exemption allows for cultivators to grow and possess hemp/cannabis that is over .3% THC content. However, it does not allow them to sell the hemp/cannabis that is over 0.3%.' *Id.* at Exh. N at p. 5. Because the peace officers had probable cause Apothio was cultivating and selling "hot" hemp and the warrant was issued, Apothio has no colorable claim of "judicial deception."

### B. The motions to dismiss would be dispositive of the entire case.

In a tacit admission that its federal civil rights actions will fail because its plants were contraband, Apothio argues its state law claims would survive. Opposition at 26:1-6 & 26:18-19. Apothio is wrong that Defendants' motions to dismiss would not dispose of the entire action. Even as Apothio's opposition acknowledges that the State Defendants' motion to dismiss encompasses the state causes of action, it argues that the County Defendants' motion to dismiss does not. Apothio's argument fails because: (1) dismissal of the federal law cause of action will allow the court here to dismiss the state causes of action for lack of supplemental jurisdiction under 28 U.S.C. § 13679(c)(3); and (2) Apothio's state Bane Act claims will be barred by California Government Code section 945.3 barring civil rights suits against peace officers.

### C. The state Bane Act causes of action will also be dismissed.

While the prohibition of California Government Code section 945.3 barring civil rights suits against peace officers does not apply to federal civil rights actions under 42 U.S.C. §1983, it does apply to Apothio's state Bane Act civil rights actions if they remain after the motions to dismiss. The civil action here is clearly "based upon conduct of the peace officer relating to the offense." Cal. Gov't Code § 945.3. As Trent Jones is the managing "partner" of Apothio, its CEO, and controls Apothio LLC, the civil action is brought by him, and the state Bane Act causes of action will be barred or dismissed without prejudice. Under Fed. R. Civ. P. 26(c)(1) the court can protect the peace officers here "from annoyance, embarrassment, oppression, or undue burden or expense." This should be done promptly as Apothio gives every indication it will continue to harass the law enforcement officers involved.

## CONCLUSION

For the reasons stated in the moving papers and this reply, the Court should exercise its inherent authority to stay discovery here in order to bar misuse of the civil discovery process.

Dated: December 3, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
BRUCE D. MCGAGIN
Supervising Deputy Attorney General

/s/ Kelly T. Smith

KELLY T. SMITH
Deputy Attorney General

*Attorneys for Defendants State of California, by and through California Department of Fish and Wildlife, and Charlton H. Bonham, Director*

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Apothio, LLC v. Kern County, et al.** | No. | **1:20-cv-00522-NONE-JLT** |

I hereby certify that on <u>December 3, 2020</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**REPLY BRIEF MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' JOINT MOTION TO STAY DISCOVERY**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>December 3, 2020</u>, at Sacramento, California.

| Shelby Fuller | /s/ SHELBY FULLER |
|---|---|
| Declarant | Signature |

SA2020300599
34636594.docx