XAVIER BECERRA
Attorney General of California
BRUCE D. MCGAGIN
Supervising Deputy Attorney General
STACEY L. ROBERTS
Supervising Deputy Attorney General
KELLY T. SMITH
Deputy Attorney General
State Bar No. 196821
  Telephone: (916) 210-6465
  E-mail: Kelly.Smith@doj.ca.gov
ETHAN A. TURNER
Deputy Attorney General
State Bar No. 294891
  Telephone: (916) 210-7898
  E-mail: Ethan.Turner@doj.ca.gov
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
*Attorneys for Defendants State of California, by and through California Department of Fish and Wildlife, and Charlton H. Bonham, Director*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **APOTHIO, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **KERN COUNTY; KERN COUNTY SHERIFF'S OFFICE; CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE; DONNY YOUNGBLOOD; JOSHUA NICHOLSON; CHARLTON H. BONHAM; JOHN DOES #1 THROUGH #10, UNKNOWN AGENTS OF THE KERN COUNTY SHERIFF'S OFFICE; JOHN DOES #11 THROUGH #20, UNKNOWN AGENTS OF THE CALIFORNIA FISH AND WILDLIFE DEPARTMENT,** <br><br> Defendants. | 1:20-cv-00522-NONE-JLT <br><br> **SUPPLEMENTAL DECLARATION OF DEPUTY ATTORNEY GENERAL KELLY T. SMITH IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION TO STAY DISCOVERY** <br><br> Date:     December 10, 2020 <br> Time:     8:30 a.m. <br> Dept:     Courtroom 4 <br> Judge:    Hon. Jennifer L. Thurston <br><br> Trial Date:     TBD <br> Action Filed:   April 10, 2020 |

1

I, Kelly T. Smith, declare as follows and, if called to testify in the above-entitled action, I can and will testify as follows:

1.     I am an attorney licensed to practice before all the courts of the State of California. I am a Deputy Attorney General with the California Department of Justice and counsel of record for Defendants Department of Fish and Wildlife and Director Charlton H. Bonham (State Defendants) in the above-entitled action. In that capacity, I am familiar with the facts of this case and make this supplemental declaration in support of Defendants Joint Motion to Stay Discovery.

2.     Exhibit I herewith is a true and correct copy of the November 23, 2020 letter from Apothio, LLC, (Apothio) to Honorable J. Eric Bradshaw, Judge of the Superior Court of Kern County, in *Apothio, LLC, v. County of Kern, et al.*, Kern County Superior Court Case No. BCV-20-100711, regarding Apothio's request to unseal criminal investigation files.

3.     Exhibit J herewith is a true and correct copy of Judge Bradshaw's November 23, 2020 denial of Apothio's request to unseal documents in *Apothio, LLC, v. County of Kern, et al.*, Kern County Superior Court Case No. BCV-20-100711.

4.     Exhibits K herewith is a true and correct copy of an article linked from the website of Apothio's attorneys (https://rcfllp.com/news), which begins: "As it seeks judicial relief from a run-in with the law last year in Kern County, Calif., hemp grower and researcher Apothio has decided to not merely move key parts of its business to the next city, county or state over—it's hauling its research-and-development operations to North Bay, Ontario, thousands of miles away."

5.     Exhibit L herewith is a true and correct copy of the State Defendants' initial disclosure in this case.

6.     Exhibit M herewith is a true and correct copy of the County Defendants' initial disclosure in this case.

7.     Exhibits N herewith is true and correct copy of the search warrant and statement of probable cause obtained by the California Department of Fish and Wildlife to search Apothio's plantings and seize any illegal cannabis.

2

8.      Exhibits O herewith is true and correct copy of the search warrant and statement of probable cause obtained by the Kern County Sheriff's Department to search Apothio's plantings and seize any illegal cannabis.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct and was executed on the 3rd day of December, 2020 at Sacramento, California.

*Kelly T. Smith*

_____

Kelly T. Smith

3

# EXHIBIT I



November 23, 2020

Honorable J. Eric Bradshaw
Judge of the Superior Court
3131 Arrow St., Dept. 2
Bakersfield, CA 93308

**VIA ELECTRONIC FILING**

> Re: Apothio, LLC, v. County of Kern, et al, Kern Superior Court
> Case No. BCV-20-100711 J. Eric Bradshaw

Dear Judge Bradshaw:

On behalf of Petitioner Apothio, LLC, we write to apprise Your Honor regarding developments in the misdemeanor case against Apothio CEO Trent Jones that relate to your *in camera* review of search warrant materials in the above-referenced matter.

On Friday, November 20, 2020, H.A. Sala, counsel for Dr. Jones in his recently-filed misdemeanor case, confirmed receipt of a variety of case-related documents from the Kern County Superior Court, including what purports to be a probable cause affidavit and search warrant return.

Apothio's petition for writ of mandate and related unsealing motion request, among other things, authentication of the search warrant materials that Respondent belatedly returned to the Court, and Apothio has yet to receive any information demonstrating such authentication. In light of the recent receipt by Dr. Jones's defense counsel of the above-described documents, we will promptly meet and confer with Respondent's counsel to address any remaining issues presented by Apothio's pending petition and related motion.

Respectfully,

*/s/ Katherine Eskovitz*
Katherine Eskovitz
ROCHE CYRULNIK FREEDMAN LLP
1158 26th Street, No. 175
Santa Monica, CA 90403
keskovitz@rcfllp.com

CC VIA ELECTRONIC MAIL:

Katheen Rivera, Esq.
Phillip Jenkins, Esq.

# EXHIBIT J



**Superior Court of California**
**County of Kern**
**Bakersfield Department 2**

Date:   11/23/2020                                    Time:   8:00 AM - 5:00 PM

BCV-20-100711

APOTHIO LLC VS KERN COUNTY SHERIFF'S OFFICE ET AL

*Courtroom Staff*

Honorable:   J. Eric Bradshaw                   Clerk:   Linda K. Hall

---

NATURE OF PROCEEDINGS:  RULING

The Court reaches the following decision:

NATURE OF PROCEEDINGS:  PETITIONER'S MOTION TO AUTHENTICATE, RELEASE AND/OR UNSEAL SEARCH WARRANT MATERIALS, HERETOFORE SUBMITTED:

* * * * *

Ruling

Motion DENIED without prejudice.

The court also finds that petitioner was not, and is not, precluded from litigating the motion based on collateral estoppel.  Petitioner has not previously obtained a ruling on the merits.

However, the relief that petitioner's mandamus petition seeks is to compel a law enforcement agency to file a return on a search warrant.  The petitioner's present motion is essentially a discovery request, and seeks production of records and other relief that go substantially beyond the relief the petitioner has requested in its writ petition.  This court is aware that a criminal proceeding was filed in the Kern County Superior Court, Case no. BM952715A, and has also reviewed the correspondence dated Nov. 23, 2020, regarding the recent disclosure to defense counsel in that proceeding.  The relief requested in petitioner's motion would embroil this court in that proceeding, which is subject to statutory and constitutional discovery and disclosure requirements that are best litigated in the criminal court.  It is not this court's function, based on the issues framed by the pleadings in this civil case, to review the propriety or effect of another judge's sealing order, or to attempt to control discovery or disclosure of information in a pending criminal proceeding.

Copy of ruling emailed to all parties as stated on the attached declaration.

Minute order notice.

MINUTES
Page 1 of 4

APOTHIO LLC VS KERN COUNTY SHERIFF'S OFFICE ET AL                                    BCV-20-100711

---

MINUTES FINALIZED BY:          Linda Hall                                    ON:    11/23/2020

**FUTURE HEARINGS:**

December 08, 2020 8:30 AM Court Trial
Bradshaw, J. Eric
Bakersfield Department 2
Sheriff, Deputy

APOTHIO LLC VS KERN COUNTY SHERIFF'S OFFICE ET AL

BCV-20-100711

*MINUTES FINALIZED BY:*        Linda Hall                                    *ON:*    11/23/2020

**APOTHIO LLC VS KERN COUNTY SHERIFF'S OFFICE ET AL**
**BCV-20-100711**

**CERTIFICATE OF MAILING AND/OR EMAIL**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The undersigned, of said Kern County, certify:  That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the ***Minutes dated  November 23, 2020*** attached hereto on all interested parties and any respective counsel of record in the within action by depositing true copies thereof, enclosed in a sealed envelope(s) with postage fully prepaid and placed for collection and mailing on this date, following standard Court practices, in the United States mail at  Bakersfield California addressed as indicated on the attached mailing list.

Date of Mailing:          November 23, 2020

Place of Mailing:        Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                  **Tamarah Harber-Pickens**
                                CLERK OF THE SUPERIOR COURT

Date:  November 23, 2020

                        By:          *Linda Hall*
                              Linda Hall, Deputy Clerk
                              Signed: 11/23/2020 03:32 PM

APOTHIO LLC VS KERN COUNTY SHERIFF'S OFFICE ET AL
BCV-20-100711

MAILING LIST

KATHERINE A ESKOVITZ
ROCHE CYRULNIK FREEDMAN LLP
1158 26TH STREET NO 175
SANTA MONICA CA  90403
keskovitz@rcfllp.com

PHILLIP T JENKINS
OFFICE OF COUNTY COUNSEL COUNTY OF
KERN
1115 TRUXTUN AVE FL 4
BAKERSFIELD CA  93301
pjenkins@kerncounty.com

Certificate of Mailing

# EXHIBIT K



Apothio's Joshua Renfro, partner, left, and Dr. Trent Jones, founder and managing partner, standing in front of a hemp crop
Photo courtesy of Apothio

# Apothio to Open Canadian Headquarters in North Bay While It Continues Legal Battle in Kern County, Calif.

Company Founder and Managing Partner Dr. Trent Jones says R&D in Canada will result in new products that can target specific patient needs.

Subscribe
September 10, 2020

 Patrick Williams
International Business and Finance

As it seeks judicial relief from a run-in with the law last year in Kern County, Calif., hemp grower and researcher Apothio has decided to not merely move key parts of its business to the next city, county or state over—it's hauling its research-and-development operations to North Bay, Ontario, thousands of miles away.

While Apothio will continue to conduct hemp research in the U.S., it will set up its Canadian head office in North Bay, where experts in the Innovation Centre for Advanced Manufacturing and Prototyping (ICAMP) and the DNA lab at Canadore College will work on R&D for the company. Canadore Director of Cannabinoid Research Dr. Pritesh Kumar will supervise efforts, including the sequencing of hemp DNA using Next Generation Sequencing (NGS), according to a press release.

12/2/2020 Apothio to Open Canadian Headquarters while it fights legal battle in California

"We will [focus on] genetics all the way to clinical trials to patient outcomes, to building truly an infrastructure that you cannot build in the United States," Dr. Trent Jones, founder and managing partner of Apothio, told *Hemp Grower*.

Canadore has applied for a hemp research license, and Jones said his company will proceed with its plans there once the approval is complete in October.

The work on genetics will provide for the evolution of hemp cultivars with specific cannabinoid, terpene and terpenoid profiles. Jones said he and his team plan to patent the genetics, make formulations, conduct clinical trials, develop patient consumption methods and dosing and deliver patient outcomes.

Working through the genomics lab at Canadore, Jones said, "What you can do is take the whole plant—the analogy is that [the] whole plant, with 500 active molecules in it, is the white paint, if you will. You can extract and isolate THCV, CBDV or one of these [other] cannabinoids, or a terpenoid or a flavonoid, and drop it into the white paint and see how it changes the overall outcome.

"But instead of chasing singular molecules, you're given a whole-plant extract and you're defining what you get from that whole plant. ... How does that one singular model affect chronic pain versus autism or insomnia, et cetera?"

Under Canadian law, products made from hemp can be shipped to regions around the world, Jones said, including the European Union and parts of Eastern Europe, Africa, Australia and Southeast Asia. Apothio may send extracted formulations to Europe; elsewhere, such as in the U.S., it may use its seeds to grow plants and develop products for commercial sale.

"We'll retain the option for both based upon whatever the regulatory model [in importing countries] allows us to do," he said. "But we have choices. That's the beauty of it."

Apothio's new Canadian headquarters were made possible, Jones said, with the help of Frank Suraci, Canadore's director of innovation and The Village services. Suraci linked together Apothio and Canadore, per the release, and, it says, he "continues to build an incredible network of public and private joint ventures in and around North Bay and Canadore College."

For Kumar's part, Jones said, "Relative to our research, we've focused on whole plant versus isolated molecules. There's only been a few whole-plant studies approved in Canada, and Pritesh was one of the principal investigators for that research."

Members of the Apothio leadership team, including Jones, will split their time between the U.S. and North Bay. The company will also hire from the Canadian workforce.

Jones, a retired chiropractor, said he is impressed with the overall science curriculum at Canadore. Now, the college is working on a cannabis curriculum under Kumar, who previously worked at the University of Louisville and whom Canadore hired in late 2019.

"Canadore will engage a significant number of their own students, they'll recruit students internationally—that's an opportunity," Jones said.

Strict cannabis regulations in the U.S. compared to Canada have hamstrung some companies' ability to develop intellectual property in the states, Jones said, adding, "There's a great opportunity for some of the leading science in the U.S. to go there."

## Kern County Fiasco Redux

While Jones is excited about Apothio's prospects in Canada, his company is still fighting Kern County, the Kern County Sheriff's Office (KCSO) and the California Department of Fish and Wildlife (CDFW) in court over the local and state agencies' alleged 2019 destruction of 500 acres of Apothio hemp. The company estimates the losses exceed more than $1 billion.

"Most U.S. hemp farmers do not have the means to defend against law enforcement's abuse of power in destroying their property," Katherine Eskovitz, a founding partner of Roche Cyrulnik Freedman and an attorney representing Apothio, told *HG*. "This case is significant to protect the will of voters and legislators to protect the U.S. hemp industry, U.S. farmers and small businesses, and U.S. research, including hemp research to treat children with rare forms of epilepsy, against the abuse of power of law enforcement."

In June, KCSO and CDFW filed motions to dismiss the lawsuit in the U.S. District Court's Eastern District of California, according to court records. Referring to hemp as "marijuana" in their motions, the defendants' attorneys refer to the product as "contraband" and use this characterization to justify the hemp's destruction.

"Defendants repeatedly and improperly rely for their motion on alternative facts beyond the well-pleaded Complaint," Apothio's attorneys wrote.

Apothio states in its KCSO opposition that some of its crops may have contained higher than the federal hemp limit of 0.3% Delta-9-Tetrahydrocannabinol (THC) prior to harvest. However, members of the company's management team relayed this information to the county and destroyed any hot crops tested on a dry-weight basis as it conducted hemp research, including for partnerships with Pardee Rand Graduate School and Cerro Coso Community College.

In speaking with *HG*, Eskovitz said a judge ruled in the case *Granny Purps, Inc. v. County of Santa Cruz*, in California's Sixth Appellate District, that state-legal cannabis is not "contraband per se." "In that case, the court held that the authorities could have gone to court to get an injunction or issued a fine, but they cannot abuse their power by simply destroying the plants," she said.

In its motion to dismiss in the Apothio case, CDFW said they didn't need a search warrant. However, they obtained one.

Eskovitz said the plaintiffs want to see the probable cause affidavit and that it should have been attached to the warrant within 10 days of the authorities' warrant execution last year.

"Eleven months after executing this warrant, KCSO refuses to disclose even a single word of this affidavit, or even produce any evidence that any of the search warrant materials were sealed after execution of the warrant," Eskovitz said.

California Attorney General Xavier Becerra's name is attached to the CDFW complaint. However, Eskovitz notes, Becerra defends the department and KCSO's actions in the case while his department conducts a pattern-or-practice investigation into KCSO.

"Pattern or practice refers to the regular practice of policing, rather than isolated, accidental, or sporadic instances," according to the Center for American Progress.

**RELATED: Federal Lawsuit Seeks to Halt Kern County Closure of Medical Cannabis Dispensaries**

Eskovitz shared the following information with *HG*:

"While the California Attorney General is publicly criticizing the way the Kern County Sheriff's office conducts its business, acknowledging that the California Department




r Justice is investigating KCSO for its troubling tactics, the California Attorney General is at the very same time defending KCSO's abuse of power against a U.S. small business, U.S. farmers, and educational institutions in court, while expressly telling the Court in writing that the legal analysis submitted to the court by the California Attorney General does 'not represent a formal opinion of the California Attorney General.'"

## Medical Cannabis Research Cannabinoids

## Cannabis Business Lawsuit Filed

## Medical Cannabis Research at a University

## Hemp

## Hemp Research

## Cannabis Company Filing Lawsuit

## Medical Cannabis Grown for Research

## Protecting Intellectual Property Cannabis Business

## Preclinical Medical Cannabis Research

## Hemp 0.3 Percent THC Limit

# EXHIBIT L

1  XAVIER BECERRA
   Attorney General of California
2  BRUCE D. MCGAGIN
   Supervising Deputy Attorney General
3  STACEY L. ROBERTS
   Supervising Deputy Attorney General
4  KELLY T. SMITH
   Deputy Attorney General
5  State Bar No. 196821
    Telephone: (916) 210-6465
6    E-mail: Kelly.Smith@doj.ca.gov
   ETHAN A. TURNER
7  Deputy Attorney General
   State Bar No. 294891
8    Telephone: (916) 210-7898
    E-mail: Ethan.Turner@doj.ca.gov
9  1300 I Street, Suite 125
   P.O. Box 944255
10 Sacramento, CA 94244-2550
   *Attorneys for Defendants State of California, by and*
11 *through California Department of Fish and Wildlife,*
   *and Charlton H. Bonham, Director*

12

13              IN THE UNITED STATES DISTRICT COURT

14             FOR THE EASTERN DISTRICT OF CALIFORNIA

15                          CIVIL DIVISION

16 | APOTHIO, LLC,                              | 1:20-cv-00522-NONE-JLT
17 |                               Plaintiff,   |
   | v.                                         | **DEFENDANTS CALIFORNIA**
18 | **KERN COUNTY; KERN COUNTY**               | **DEPARTMENT OF FISH &**
   | **SHERIFF'S OFFICE; CALIFORNIA**           | **WILDLIFE AND CHARLTON H.**
19 | **DEPARTMENT OF FISH AND**                 | **BONHAM'S INITIAL DISCLOSURES**
   | **WILDLIFE; DONNY YOUNGBLOOD;**            |
20 | **JOSHUA NICHOLSON; CHARLTON H.**          | [Fed. R. Civ. P. 26(a)]
   | **BONHAM; JOHN DOES #1 THROUGH**           |
21 | **#10, UNKNOWN AGENTS OF THE KERN**        |
   | **COUNTY SHERIFF'S OFFICE; JOHN**          |
22 | **DOES #11 THROUGH #20, UNKNOWN**          |
   | **AGENTS OF THE CALIFORNIA FISH**          |
23 | **AND WILDLIFE DEPARTMENT,**               |
   |                              Defendants.   |
24

25                          **INTRODUCTION**

26         Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, defendants California

27 Department of Fish and Wildlife and Charlton H. Bonham, Director (State Defendants), hereby

28 submit their initial disclosures. These initial disclosures are based on the information reasonably

                                            1

1  available to State Defendants at this time, and are made without waiving any objections as to

2  relevance, materiality or admissibility of evidence in the action. State Defendants reserve the right

3  to revise, correct, supplement or clarify the disclosures at any time, consistent with Rule 26(e) of

4  the Federal Rules of Civil Procedure.

5  **DISCLOSURES**

6  1. Individuals Likely to Have Discoverable Information/Disclosures Pursuant to Fed. R.

7  Civ. P. 26(a)(1)(A)(i).

8  The following individuals are likely to have discoverable information that State

9  Defendants may use to support their defenses in this action:

10  a. California Department of Fish & Wildlife officers, including but not limited to Capt.

11  Andrew Halverson, Lt. Tyson Quintal, Wildlife Officer Martin Willis, Wildlife Officer Levi

12  Shaw, former Wildlife Officer John Bonjournu, Wildlife Officer Brian Newell, Wildlife Officer

13  Hector Sebrano, Wildlife Officer Melissa McKiddy, Wildlife Officer Matthew Marzec, Wildlife

14  Officer Casey Thomas, Wildlife Officer Phillip Randle, Wildlife Officer Kaylynn Rammell.

15  Contact: The above witnesses can be contacted through the attorneys for State Defendants,

16  identified in the caption above.

17  Subject matter: The basis for the law enforcement actions taken against the plaintiffs by

18  defendants, including but not limited to any evidence concerning statements by Plaintiff Apothio,

19  LLC (Apothio) or its officials, employees, agents, or contractors concerning Apothio's cultivation

20  of *cannabis L. Sativa*, or percipient witness of the facts involved in this matter.

21  b. Employees and officials of Kern County, including its Agricultural Commissioner, and

22  Sheriff's Department officials, and currently unknown Kern County employees and officials.

23  Contact: Individual Kern County departments, information equally available to all parties.

24  Subject: Any evidence concerning statements by Apothio or its officials, employees,

25  agents, or contractors concerning Apothio's cultivation of *cannabis L. Sativa*, or percipient

26  witness of the facts involved in this matter.

27  c. Officials of the California Department of Food and Agriculture, including current

28  investigators and regulatory employees associated with hemp regulation.

2

1      Contact: Attorneys representing the State Defendants through the contact information in

2   the caption above.

3      Subject: Any evidence concerning statements by Apothio or its officials, employees,

4   agents, or contractors concerning cultivation of *cannabis L. Sativa*, or any other relevant evidence

5   relevant to the facts in this matter.

6      d. Owners, officers, employees and neighbors of the agricultural parcels where Apothio

7   grows hemp in Kern County, including but not limited to Assessor Parcel Number (APN), 189-

8   220-18-00-3, APN 189-240-06-00-4, and APN 189-240-59-00-8 (Agricultural Parcels).

9      Contact: Each Agricultural Parcel owners, information equally available to all parties.

10      Subject: Any evidence concerning writings or statements by Apothio or its officials,

11   employees, agents, or contractors concerning cultivation of *cannabis L. Sativa*, or percipient

12   witness of the facts involved in this matter, including but not limited to cultivation, processing

13   and marketing.

14      e. Los Angeles County law enforcement and other officials, names yet unknown, with

15   knowledge for prior charges against Trent Jones (Jones) and any entities owned in any part by

16   Jones, including but not limited to Los Angeles Superior Court Case No. SAV07093.

17      Contact: Los Angeles County Sheriff's Department and Los Angeles County Superior

18   Court, information equally available to all parties.

19      Subject: Any evidence concerning criminal cultivation of *cannabis L. Sativa*, by Jones and

20   any entity owned or affiliated with Jones, including but not limited to statements by Apothio or its

21   officials, employees, agents, or contractors of Jones or his owned or affiliated entities any witness

22   of the facts involved in this matter.

23      f. Officials, employees, agents and contractors of NewBridge Global Ventures, Inc.

24      Contact: Equally known to all parties.

25      Subject: Statements by plaintiff Apothio and its officers, employees, agents or contractors.

26   Evidence of plaintiff's marketing or product manufacturing and processing plans and activities.

27      In addition, State Defendants anticipate that other, unknown individuals may have

28   discoverable information that State Defendants may use to support their claims or defenses. State

1    Defendants incorporate by reference any other individuals disclosed by other parties in this matter

2    and reserve the right to supplement this disclosure pursuant to Fed. R. Civ. Proc. 26(e).

3            State Defendants also reserve the right to obtain discovery in support of their defenses

4    from any witness identified in any other party's Fed. R. Civ. Proc. 26(a)(1) disclosure.

5

6            2. Documents Relevant to the California Department of Fish & Wildlife and Charlton

7    Bonham's Defenses/Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii).

8            State Defendants submit the following description of documents, electronically stored

9    information or tangible things in their personal possession, custody or control that they may use

10   to support their defenses, by category:

11           a. Documents relating to the search and seizure of plaintiff Apothio's *cannabis L. Sativa*

12   plants on or about October 24, 2019, at the Agricultural Parcels, including but not limited to

13   interviews with witnesses, communications by law enforcement officers, testing and testing

14   information. Some such documents are believed currently outside the control of the State

15   Defendants, as they are under seal by Kern County Superior Court.

16           b. Documents relating to any laboratory, field, or other testing of *cannabis L. Sativa* plants

17   at the Agricultural Parcels, or at any other location where cannabis L. Sativa was cultivated by

18   plaintiff Apothio, regardless of whether such testing occurred before or after October 2019. It is

19   believed that some such documents are currently outside the control of the State Defendants, as

20   they are under seal by Kern County Superior Court.

21           c. All documents relating to any law enforcement plans for the search, seizure, and

22   destruction of the plants or other property located at the Agricultural Parcels. Some such

23   documents are believed to be currently outside the control of the State Defendants, as they are

24   under seal by Kern County Superior Court.

25           d. Any video or audio recordings of Apothio officials, agents or employees, contractors or

26   representatives, and contract parties, including, without limitation, its CEO Trent Jones. Some

27   such documents are believed to be currently outside the control of the State Defendants, as they

28   are under seal by Kern County Superior Court.

1       e. Any witness statements relating to the *cannabis L. Sativa* plants grown by plaintiff

2   Apothio at the Agricultural Parcels or elsewhere, including, without limitation, any witness

3   statements relating to the search and seizure of the plants at the Agricultural Parcels in October

4   2019, and any statements relevant to Apothio's claimed research status. Some such documents are

5   currently believed to be outside the control of the State Defendants, as they are under seal by

6   Kern County Superior Court.

7       f. All documents relating to or reflecting Apothio's status or lack of status as an

8   established agricultural research institution (EARI) in relation to Apothio's cultivation of hemp in

9   Kern County, at the Agricultural Parcels, or elsewhere.

10       g. Documents in the files of the Kern County Agricultural Commissioner related to

11   Apothio or Jones, or any entity owned or affiliated with Jones.

12       h. Documents currently unknown in the possession of NewBridge Global Ventures, Inc.

13       i. Any relevant documents, currently unknown, in the possession of King Hemp Farm,

14   LLC, in Arizona.

15       j. Documents currently in the possession of Venice Hemp Company.

16       k. Documents currently in the possession of Just US Aquaponics.

17       l. Documents in the court docket and any other documents regarding prior charges in

18   ///

19   ///

20

21

22

23

24

25

26

27

28

5

1 │ Los Angeles Superior Court Case No. SAV07093 against Jones and any entities owned in any

2 │ part by Jones.

3 │

4 │ Dated: October 23, 2020                    Respectfully submitted,

5 │                                            XAVIER BECERRA
  │                                            Attorney General of California
6 │                                            BRUCE D. MCGAGIN
  │                                            Supervising Deputy Attorney General

7 │                                            *Kelly T. Smith*

8 │                                            KELLY T. SMITH
  │                                            Deputy Attorney General
9 │

10│                                            *Attorneys for Defendants State of*
  │                                            *California, by and through California*
11│                                            *Department of Fish and Wildlife, and*
  │                                            *Charlton H. Bonham, Director*

12│

13│

14│

15│

16│

17│

18│

19│

20│

21│

22│

23│

24│

25│

26│

27│

28│

# EXHIBIT M

MARGO A. RAISON, KERN COUNTY COUNSEL
Andrew C. Thomson, Chief Deputy (SBN 149057)
Kathleen Rivera, Deputy (SBN 211606)
Phillip T. Jenkins, Deputy (SBN 309523)
Office of the County Counsel, County of Kern
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Telephone: (661) 868-3800
Facsimile: (661) 868-3805

Attorneys for Defendants County of Kern, Joshua Nicholson and Sheriff Donny Youngblood

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APOTHIO, LLC | Case No. 1:20-cv-00522-NONE-JLT |
| Plaintiff, | FRCP RULE 26 INITIAL DISCLOSURE OF DEFENDANTS COUNTY OF KERN, KERN COUNTY SHERIFF DONNY YOUNGBLOOD AND SERGEANT JOSHUA NICHOLSON |
| vs. | |
| KERN COUNTY; KERN COUNTY SHERIFF'S OFFICE; CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE; DONNY YOUNGBLOOD; JOSHUA NICHOLSON; CHARLTON H. BONHAM; JOHN DOES #1 THROUGH #10, UNKNOWN AGENTS OF THE KERN COUNTY SHERIFF'S OFFICE; JOHN DOES #11 THROUGH #20, UNKNOWN AGENTS OF THE CALIFORNIA FISH AND WILDLIFE DEPARTMENT, | [Fed. R. Civ. P. Rule 26(a)(1)] |
| Defendants. | |

**COME NOW** Defendants, County of Kern (hereinafter "County"), Kern County Sheriff Donny Youngblood (hereinafter "Youngblood"), and Sergeant Joshua Nicholson (hereinafter "Nicholson"), (collectively hereinafter "County Defendants") and make the following initial disclosure pursuant to Federal Rules of Civil Procedure, Rule 26(a)(1).

As is required by FRCP Rule 26(a)(1), the following material will be updated, and new information supplied as further information is received, reviewed and corroborated by County Defendants, and/or as the facts and issues in this matter are more fully understood.

1

I.    <u>Names of Persons Likely to Have Discoverable Information about Factual Matters</u>
      <u>Relevant to the Case that Defendants May Use to Support its Defenses:</u>

1.    Plaintiff, Apothio LLC and its CEO Trent Jones, information known to his attorney (hereinafter "Plaintiff's Attorney"), Party;

2.    Defendant Sergeant Joshua Nicholson, the investigation into Plaintiff's cultivation of marijuana and the basis for the law enforcement actions taken against Plaintiff by Defendants, including statements made by Apothio or its employees or agents; may be contacted through counsel, Party;

3.    Captain Andrew Halverson, California Department of Fish and Wildlife, investigated Plaintiff's activities, provided information for probable cause affidavit, witness to search and seizure; may be contacted through counsel for California Department of Fish and Wildlife.

4.    Warden Eric Craig, California Department of Fish and Wildlife; assisted with the investigation, may be contacted through counsel for California Department of Fish and Wildlife;

5.    Warden Marty Willis, California Department of Fish and Wildlife; assisted with the investigation, may be contacted through counsel for California Department of Fish and Wildlife;

6.    Deputy Probation Officer Danielle Rugnao, Kern County Probation; assisted with investigation, scribe for search warrant receipts, may be contacted through counsel;

7.    Sergeant Zak Bittle; KCSO; at the scene of the search warrant execution, may be contacted through counsel;

8.    Jim Wells, United States Department of Homeland Security, assisted with investigation;

9.    Denny Allen, United States Department of Homeland Security, assisted with investigation;

10.   Bennett Scott, Federal Bureau of Investigation, assisted with investigation;

11.   Nicholas Callahan, Federal Bureau of Investigation, assisted with investigation;

12.   Undersheriff Doug Jauch, KCSO, supervising officer, may be contacted through counsel;

13.   Chief Damian Nord, KCSO, supervising officer, may be contacted through counsel;

COUNTY DEFENDANTS' INITIAL RULE 26 DISCLOSURES        1:20-cv-00522-NONE JLT

1   14.   Commander Erik Levig, KCSO, assisted with investigation review, may be contacted
2   through counsel;

3   15.   Lieutenant, Raul Murillo, KCSO, supervising officer, may be contacted through
4   counsel;

5   16.   Sgt. David Hubbard, KCSO, assisted with investigation, may be contacted through
6   counsel;

7   17.   Sgt. Mark Skidmore, KCSO, assisted with investigation, may be contacted through
8   counsel;

9   18.   Sgt. Heisey, KCSO, assisted with investigation, may be contacted through counsel;

10   19.   Sgt. Jason Colbert, KCSO, assisted with investigation, may be contacted through
11   counsel;

12   20.   Sr. Deputy Christian Melero, KCSO, assisted with investigation, may be contacted
13   through counsel;

14   21.   Sr. Deputy Ryan Sorrow, KCSO, assisted with investigation, may be contacted through
15   counsel;

16   22.   Sr. Deputy Gabriel Romo, KCSO, assisted with investigation, may be contacted
17   through counsel;

18   23.   Deputy Michael Fox, KCSO, assisted with investigation, may be contacted through
19   counsel;

20   24.   Deputy Andrew Bassett, KCSO, assisted with investigation, may be contacted through
21   counsel;

22   25.   Deputy Daniel Juarez, KCSO, assisted with investigation, may be contacted through
23   counsel;

24   26.   Deputy Sanya Maokosy, KCSO, assisted with investigation, may be contacted through
25   counsel;

26   27.   Deputy Brandon Geherty, KCSO, assisted with investigation, may be contacted
27   through counsel;

28   ///

3

COUNTY DEFENDANTS' INITIAL RULE 26 DISCLOSURES      1:20-cv-00522-NONE JLT

28.     Deputy Christopher Gonzalez, KCSO, assisted with investigation, may be contacted through counsel;

29.     Deputy Phillip Blanks, KCSO, assisted with investigation, may be contacted through counsel;

30.     Deputy Robert Fisher, KCSO, assisted with investigation, may be contacted through counsel;

31.     Deputy Isaac Ramos, lateral, Long Beach Police Department (former KCSO); assisted with investigation;

32.     Christine Botting, HIDTA (High Intensity Drug Trafficking Area) analyst, provided identifying information for Trent Jones; KCSO, may be contacted through counsel;

33.     Individuals from Newbridge Global Ventures, Inc. Employees of a corporation that did business with Plaintiff, information related to Plaintiff's marketing or manufacturing processing plans and activities. Identities unknown at this time.

34.     Individuals from AFAB Industrial Services, Inc. Employees of a corporation that did business with Plaintiff, information related to Plaintiff's marketing or manufacturing processing plans and activities. Identities unknown at this time.

35.     Lorelei Oviatt, Kern County Planning Director, may be contacted through counsel.

36.     Glenn Fankhauser, Agricultural Commissioner, Kern County Department of Agriculture and Measurement Standards. Oversees department which issued pesticide permits to Plaintiff, may be contacted through counsel.

37.     Dr. Eddie Borna, information related to Plaintiff's relationship with Cerro Coso Community College and status or lack of status as an EARI, contact information unknown.

38.     Individuals from Stenderup Ag Partners, identities unknown at this time, information related to Plaintiff's cultivation of marijuana, 14820 S. Edison Road, Bakersfield, CA 93307.

39.     Individuals from Mike Cauzza Farms, identities unknown at this time, information related to Plaintiff's cultivation of marijuana, 16901 E. Bear Mt. Blvd., Arvin, CA 93203.

40.     Individuals from Lehr Brothers, Inc., identities unknown at this time, information related to Plaintiff's cultivation of marijuana P.O. Box 88, Edison, CA 93220.

COUNTY DEFENDANTS' INITIAL RULE 26 DISCLOSURES        1:20-cv-00522-NONE JLT

41.     Individuals from Vandborg Farms, identities unknown at this time, information related to Plaintiff's cultivation of marijuana P.O. Box 490, Lamont, CA, 93241.

42.     Individuals from Petrissans Dairy, identities unknown at this time, information related to Plaintiff's cultivation of marijuana, 5111 Bear Mt. Blvd, Bakersfield, CA  93313.

43.     Individuals from H & H Farms, identities unknown at this time, information related to Plaintiff's cultivation of marijuana P.O. Box 519, Arvin, CA  93293.

**II.     Documents Defendants may use to Support Defendants' Defenses:**

1.     Search Warrant;

2.     Probable Cause Affidavit (Under Seal);

3.     Kern County Sheriff's Office's Criminal Investigative File (Investigation is ongoing. File is privileged and not subject to disclosure), including any testing results, photographs, videotapes, witness statements;

4.     Restricted Material Permit No. 1500007;

5.     Restricted Material Permit No 1500027;

6.     Restricted Material Permit No. 1500624;

7.     Restricted Material Permit No. 1502277;

8.     Restricted Material Permit No. 1502996;

9.     Restricted Material Permit No. 1505528;

10.     Documents currently unknown in the possession of the California Department of Fish and Wildlife regarding investigation of Plaintiff;

11.     Documents currently unknown in the possession of NewBridge Global Ventures, Inc. regarding Plaintiff's processing and marketing capabilities; and

12.     Documents currently unknown in the possession of AFAB Industrial Services, Inc. regarding Plaintiff's processing and marketing capabilities.

**III.     Computation of Damages:**

1.     County Defendants have experienced no damages in this matter other than litigation costs, expenses and fees related to the unnecessary defense of this litigation.

///

1      2.     If, or to what extent, Plaintiff was allegedly damaged, and the manner of the

2 computation thereof, are presently unknown to County.

3 **IV.**     <u>**Insurance Agreements:**</u>

4      The County of Kern is self-insured up to $3,000,000.  In excess of that amount, the County has

5 excess insurance, as follows; after the exhaustion of an additional $2,500,000 corridor for the Kern

6 County Sheriff's Office, County is insured for $5,000,000, BRIT Insurance, Policy No. PK1020719;

7 $10,000,000, Allied World Insurance Co. (AWAC), Policy No. 5111-0114-02; $5,000,000, Arch

8 Specialty Insurance, Policy No. UXP0050644-0, and $5,000.000, Hallmark Specialty, Policy No.

9 77PEF190098.

10      Pursuant to Federal Rule of Civil Procedure 26(e)(1), County reserves the right to supplement

11 this disclosure.

12

13 Dated: October 23, 2020                 Respectfully Submitted,

14                                     MARGO A. RAISON, COUNTY COUNSEL

15                                     By: _____/s/____Kathleen Rivera_____

16                                         Andrew C. Thomson, Chief Deputy

17                                         Kathleen Rivera, Deputy
                                        Phillip T. Jenkins, Deputy

18                                         Attorneys for Defendants County
                                        of Kern, Donny Youngblood and

19                                         Joshua Nicholson

20 #2560426

21

22

23

24

25

26

27

28

COUNTY DEFENDANTS' INITIAL RULE 26 DISCLOSURES     1:20-cv-00522-NONE JLT

<u>PROOF OF SERVICE</u>

I am over the age of eighteen years and not a party to the within action; my business address is 1115 Truxtun Avenue, Fourth Floor, Bakersfield, CA 93301.

On the date last written below, I served the attached **DECLARATION OF PHILLIP T. JENKINS IN SUPPORT OF OPPOSITION TO PLAINTIFF APOTHIO LLC's MOTION REQUESTING JUDICIAL NOTICE** on the party(ies) listed below, through their attorneys of record, if any, by facsimile transmission, by personal delivery or by placing true copies/originals thereof in sealed envelope(s) addressed/designated as shown below:

A.     **BY MAIL** - I enclosed such document in sealed envelope(s) with the name(s) and address(es) of the person(s) served as shown on the envelope(s) and caused such envelope(s) to be deposited in the mail at Bakersfield, California. The envelope(s) was/were mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

B.     **BY OVERNIGHT SERVICE** - I caused each such envelope to be delivered by overnight service to the addressee(s) noted below.

C.     **BY FACSIMILE SERVICE** - I placed such document in a facsimile machine (pursuant to California Rules of Court, Rule 2.301(3)) with the fax number of (661) 868-3805. Upon facsimile transmission of the document, I obtained a report from the transmitting facsimile machine stating that the facsimile transmission was complete and without error. A copy of the transmission report is attached to this Proof of Service pursuant to California Rules of Court, Rule 2.306(g).

D.     **BY PERSONAL SERVICE** - I caused such envelope(s) to be delivered by hand to the addressee(s) listed below.

E.     **BY ELECTRONIC MAIL** - I caused a copy of such document to be transmitted via electronic mail in Portable Document Format ("PDF") Adobe Acrobat from the electronic address: kfoster@kerncounty.com.

| Type of Service | Addressee |
|-----------------|-----------|
| E | SEE ATTACHED |

☐     (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒     (FEDERAL) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on **October 23, 2020**, at Bakersfield, California.

_Kristen Foster_
Kristen Foster

## SERVICE LIST/MAILING LIST

| ADDRESSEE | TYPE OF SERVICE |
|---|---|
| KATHERINE ESKOVITZ, ESQ.<br>ROCHE CYRULNIK FREEDMAN LLP<br>1158 26TH STREET, NO. 175<br>SANTA MONICA, CA 90403<br><br>*As To* PLAINTIFF APOTHIO LLC | E<br><br>Email: keskovitz@rcfllp.com |
| JOSEPH M. DELICH ESQ<br>KYLE W. ROCHE ESQ<br>RICHARD R. CIPOLLA ESQ<br>ROCHE CYRULNIK FREEDMAN LLP<br>99 PARK AVENUE, 19TH FLOOR<br>NEW YORK, NY 10016<br><br>*As To* PLAINTIFF APOTHIO LLC | E<br><br>Email: jdelich@rcfllp.com<br>kyle@rcfllp.com<br>rcipolla@rcfllp.com |
| SEAN ESKOVITZ ESQ<br>ESKOVITZ LAW LLP<br>1217 WILSHIRE BOULEVARD, NO. 3683<br>SANTA MONICA, CA 90403<br><br>*As To* PLAINTIFF APOTHIO LLC | E<br><br>Email: seane@eskovitz.com |
| BRANT W. BISHOP ESQ<br>2000 PENNSYLVANIA AVENUE, NW<br>SUITE 7000<br>WASHINGTON, DC 20006<br><br>*As To* PLAINTIFF APOTHIO LLC | E<br><br>Email:  brant@bishop.us |
| KELLY T. SMITH ESQ<br>ETHAN A. TURNER ESQ<br>OFFICE OF THE ATTORNEY GENERAL<br>PO BOX 944255<br>SACRAMENTO, CA 94244-2550<br><br>*As To* DEFENDANTS CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE AND DIRECTOR CHARLTON H. BONHAM | E<br><br>Email: kelly.smith@doj.ca.gov<br>ethan.turner@doj.ca.gov<br>Bruce.McGagin@doj.ca.gov<br>Stacey.Roberts@doj.ca.gov<br>Kelly.Smith@doj.ca.gov |

#24W5036

Apothio, LLC et al. v. County et al. – Proof of Service

# EXHIBIT N

# ELECTRONIC SIGNATURE PAGE

## KERN COUNTY SUPERIOR COURT SEARCH WARRANT
### AGENCY CASE NUMBER: 0062

| | |
|---|---|
| **APPROVED ON:** | 10/17/2019 |
| **DATE/TIME:** | 10/17/2019 5:40 PM (A) |
| **APPROVED BY:** | /s/Michael Dellostritto (B) |
| **AFFIANT:** | /s/Andrew Halverson (C) |

| | | | | |
|---|---|---|---|---|
| **Hobbs Requested:** | N | **Hobbs Granted:** | | -- |
| **Seal Requested:** | Y | **Seal Granted:** | | Y |
| **Night Search Requested:** | Y | **Night Search Granted:** | | Y |

## Affiant Information

| | |
|---|---|
| **Affiant:** | Andrew Halverson |
| **Affiant's Signature:** | /s/Andrew Halverson |
| **Date/Time:** | 10/17/2019 5:25 PM |
| **Agency:** | CA Fish & Wildlife |

## Judge

| | |
|---|---|
| **Judge:** | Michael Dellostritto |
| **Judge's Signature:** | /s/Michael Dellostritto |
| **Date/Time:** | 10/17/2019 5:40 PM |

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

**STATE of CALIFORNIA, COUNTY of KERN,**
**SEARCH WARRANT and AFFIDAVIT**
**(AFFIDAVIT)**

**Lieutenant Andrew Halverson,** California Department of Fish and Wildlife swears under oath that the facts expressed by him/her in the attached and incorporated **Statement of Probable Cause** are true and that based thereon he/she has probable cause to believe and does believe that the articles, property, and persons described below are lawfully seizable pursuant to Penal Code Section 1524 et seq., as indicated below, and are now located at the locations set forth below. Wherefore, Affiant requests that this Search Warrant be issued.

**(SEARCH WARRANT)**

**THE PEOPLE OF THE STATE OF CALIFORNIA TO ANY PEACE OFFICER IN THE STATE OF CALIFORNIA:** proof by affidavit, having been this day made before me, via telephone, by **Lieutenant Andrew Halverson,** that there is probable cause to believe that the property or person described herein may be found at the location(s) set forth herein and that it is lawfully seizable pursuant to Penal Code Section 1524 et seq., as indicated below by "☒"(s), in that:

☐    Property was stolen or embezzled;
☒    Property or things were used as the means of committing a felony;
☒    Property or things to be seized consist of any item or constitute any evidence that tends to show a public offense has been committed, or tends to show that a particular person has committed a public offense;
☐    Property or things to be seized consist of evidence that tends to show that sexual exploitation of a child, in violation of Section 311.3, or possession of matter depicting sexual conduct of a person under the age of 18 years, in violation of Section 311.11, has occurred or is occurring;
☐    There is a warrant to arrest a person;
☐    A provider of electronic communication service or remote computing service has records or evidence, as specified in Section 1524.3, showing that property was stolen or embezzled constituting a misdemeanor, or that property or things are in the possession of any person with the intent to use them as a means of committing a misdemeanor public offense, or in the possession of another to whom he or she may have delivered them for the purpose of concealing them or preventing their discovery;

**You are therefore COMMANDED to SEARCH:**

**The premises described as:**

Open agricultural parcels (See attached maps from Kern County Ag Commissioner) some of the hemp/cannabis fields do not fill the entire parcel. Acreage shown is of entire parcel, acreage of hemp/cannabis field notated on Ag Commissioner map.

Grower: Stenderup. There are 5 fields, some of the fields occupy parts of multiple parcels.
APN: 189-220-18-00-3 33.9 acres. Owned by Stenderup, Andy Carl
APN: 189-240-06-00-4 38.79 acres. Owned by Stenderup, Kent K B & Stenderup, Patricia Ann
APN: 189-240-59-00-8 54.23 acres. Owned by Stoker, Shirley R
APN: 189-270-02-00-1 18.48 acres. Owned by Stenderup, Any Carl & Stenderup, Kim Renee
APN: 189-270-08-00-9 20.09 acres. Owned by Stenderup, Andy & Stenderup, Kim Renee
APN: 189-270-09-00-2 18.5 acres. Owned by Stenderup, Andy & Stenderup, Kim Renee
APN: 189-340-11-00-7 79.09 acres. Owned by Stenderup V & B Family Trust

Grower: Lehr Brothers
APN: 189-070-68-00-5 75.11 acres. Owned by RRL L, P

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

APN: 177-230-26-00-2 77.27 acres. Owned by Hunter Edison Oil Dev LP

Vandborg Farms:
APN: 189-220-09-00-7 41 acres. Owned by Hermitte, M P & Hermitte Eugene
APN: 189-230-02-00-9 39.16 acres. Owned by Hermitte Family Limited Partnership

Mike Cauzza Farms:
APN: 189-070-15-00-1 29.56 acres. Owned by Cauzza, Bruno & Cauzza, Nancy E

H&H Farms:
APN: 179-061-42-00-0. Owned by County of Kern

Petrissans:
APN:184-450-61-009 320 acres. Owned by Petrissans Family Trust LP


**For the FOLLOWING PROPERTY, THING(s) or PERSON(s):**

4 random samples of plant material from each cannabis/hemp field. Cannabis or Hemp in any form including growing or processed which includes dried or drying buds.

**Search Warrant Release / PC 1536:**

> Any property/evidence seized during the lawful service of the search warrant shall be disposed of in accordance with the law by the Department of Fish and Wildlife, upon adjudication of the case. The officers serving this warrant are hereby authorized, without necessity of any further order, to return seized property to any victim(s) or suspect(s) if such properties have been photographically documented and are not prohibited by law to have in their possession. The court also orders that the imaged data and contents of the cellular telephone(s) be considered the originals so the cellular telephones may be returned to the owners.


**You are therefore Authorized to Employ:**

> Local, state and federal law enforcement officers, experts, and environmental scientists. This includes, but not limited to, the following agencies: the California Department Fish and Wildlife, Kern County Sheriff's Department, United States Forest Service, the State Water Board, California Department of Fire and Forestry (CAL Fire), the Kern County Department of Health and Human Services—Division of Environmental Health, and the Air Quality Management District.


**AND TO SEIZE IT / THEM IF FOUND** and bring it / them forthwith before me, or this court, at the courthouse of this court. This Search Warrant and Affidavit and attached and incorporated Statement of Probable Cause were sworn to as true and subscribed before me, via telephone, on **(Incorporate by reference "A")**. Wherefore, I find probable cause for the issuance of this Search Warrant and do issue it

_____**(Incorporate by reference "B")**_____._____
(Signature of Magistrate)
Judge of the Superior Court of California, County of Kern

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

## AFFIDAVIT QUALIFICATIONS

Affiant, Lieutenant Andrew Halverson declares under penalty of perjury that the following facts are true and that there is probable cause to believe, and Affiant does believe, that the designated articles, are now in the described locations

Your affiant, Lieutenant Andrew Halverson, employed by the California Department of Fish and Wildlife. I have been so employed since 2010. During my tenure as a peace officer, I attended the Basic Law Enforcement academy for the California Department of Fish and Wildlife. I currently hold an Advanced certificate issued from the California Peace Officer's Standards and Training (P.O.S.T.) as well as a Supervisory certificate. I am currently serving as the Supervisor within the Cannabis Enforcement Program. I supervise a group of 5 or 6 officers who work exclusively on cannabis related issues within our area of responsibility which is the central valley from Kern County to Mariposa County including Mono and Inyo Counties. During my time as supervisor I have approved, participated, served and searched in over 75 cannabis related search warrants. I have a Bachelor of Arts degree in Sociology with an emphasis in Criminal Justice. I also have a Masters of Forensic Science degree specializing in Investigations. As part of my Masters coursework I completed courses on Law and Criminal Procedure and Major Case Investigation.  As part of my instruction during the academy, I received training in a variety of subject areas such as search warrants, powers of arrest, criminal law and procedure, narcotics, gangs, federal criminal statutes, state criminal statutes, wildlife "poaching" laws, habitat destruction including the poisoning of state waters caused by herbicides and pesticides as well as other law enforcement related topics. Prior to joining California Fish & Wildlife I worked as a Crime Scene Investigator for the Fountain Valley Police Department for 4 years. During my employment with Fountain Valley I assisted in searching in over 40 search warrants on site. I was also the Computer Forensics examiner for the department and served multiple search warrants for computer and digital evidence.

I received over 24 hours of training through the El Paso Intelligence Center on contraband smuggling, marijuana investigation and marijuana regulations. I received post training for first responder awareness in clandestine labs, explosives and chemical suicides put on by The California Hazardous Materials Investigators Association. I have received a 24-hour Desert Snow certificate for Criminal Terrorist Interdiction for drug and human trafficking. I am a current member of the California Narcotics Officers Association.

In connection with my duties as a Peace Officer I have become acquainted with various methods used by suspects who manufacture, cultivate, possess, transport, sell, and use contraband. On a regular basis, I consult with officers in the Dept. of Fish and Wildlife, Kern County Sheriff's Office, Bakersfield Police Dept. , and Homeland Security Investigations with respect to the manufacture, cultivation, possession for sale, transportation, and use of contraband. Through these conversations I have become familiar with the terms, expressions, and paraphernalia commonly associated with trafficking and use of dangerous contraband. During the course of my law enforcement duties I have been in contact with and have had conversations with several contraband traffickers, drug manufacturers and drug cultivators. During these contacts I have discussed methods of manufacturing, cultivation, sales, packaging, concealment, transportation, and use of contraband.

I have participated in the investigation and eradication of many clandestine outdoor marijuana gardens on public land and private property. During these eradications, I have seen the living conditions of the subjects tending to and caring for these marijuana gardens. I have been present when personal belongings have been located in the living/camp areas of these marijuana gardens. Some of these personal belongings have led to the identification and arrest of the subjects at later times.

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

## Statement of Probable Cause

**I state the following facts will establish grounds for the issuance of a search warrant and will further establish probable cause for believing that said grounds exist.**

On 10/9/19, I received information from the Kern County Sheriff's Office about a industrial hemp cultivation site that was actively cultivating cannabis. The Food & Agricultural Code defines industrial hemp as containing less than 0.3% THC content. The Food and Ag code does allow for research institutions to cultivate and possess industrial hemp over 0.3% THC content, however, it only allows them to possess or cultivate hemp over 0.3% not to sell. The Sheriff's Office had received the information from a third party who had requested anonymity. On 10/10/19 I spoke to the reporting party (RP) who stated he had been approached by Trent Jones, founder of Apothio LLC to process and profit share in hemp he was growing for CBD oils. The RP told me that he had samples taken from the fields Trent Jones was cultivating to determine if they would process his hemp and that the samples came back over the allowed 0.3% THC. The RP gave me the name and contact information for Everett Farr and said he took the most recent samples. On 10/17/19 I spoke to Everett Farr. He told me the following information: on 8/6/19 he took 6 samples from the 2 samples each from 3 of the fields being cultivated by Jones. He took the samples to see where the plants were coming along in terms of CBD oils as at that time the company Farr was a part of was going to process the hemp for CBD oil for Apothio. Of the 6 samples taken 5 of them came back higher than 0.3% THC (results attached). On 9/14/19 Farr went back to the same locations and took more samples. He/his company had purchased seeds from Trent Jones and had planted a hemp field in New Mexico. He wanted to compare the plants Jones was growing to the plants he had grown in New Mexico because the New Mexico plants had to be destroyed due to a high THC content. He took the 9/14/19 samples on his own volition as he no longer was working with Trent Jones and his company is in a pending civil case with Jones. He pulled over to the side of the road and collected plant material to sample. When he had the tests run this time to determine THC content the 6 samples had a range of total THC percentage between .82% and 2.33% (results attached). Farr stated that the testing was done by water acuity liquid chromatograph, an accepted industry practice. Farr stated that he has been working in Hemp for five years and in his experience the percentage of THC and CBD continues to increase as the plant matures and it has the greatest increase in the last 2 weeks before harvest. He would estimate that these plants would be between 4-6% THC around time of harvest.

On 10/17/19 I contacted the County Ag Commissioner and spoke to Cerise Montanio and requested any hemp permits that were associated with Trent Jones. I was emailed two documents one that contained maps of the hemp field locations associated with Trent Jones (attached). Montanio stated that just because they had a permit doesn't mean that they for sure planted hemp, or that it hasn't been harvested. The other document (attached) was titled "Spring 2019 Apothio Industrial Hemp Growers" and is a list that contained Grower, Kern Ag Permit Number, Number of Fields, and Acreage. The list was supplied to the Kern Ag Commission by Trent Jones and was signed by him on 2/27/19. There are 8 growers on the list. The Ag Commissioner's office stated that the last two growers on the list came in and registered themselves and that they are no longer under Apothio or Trent Jones. On September 30th an article was published on the Bakersfield.com website. It was written by John Cox. In the article, Cox interviewed Trent Jones and in the article it states that Jones was contracting local farmers to grow 512 acres of hemp. On the growers list if you add up the total acreage of and subtract the last two growers (Travis Fugitt and Freedom Farms) you come up with a total of 512 acres.

The fields that are being cultivated by Apothio, are operating under the research exemption in the Food & Agricultural Code. The research exemption allows for cultivators to grow and possess hemp/cannabis that is over .3% THC content. However, it does not allow them to sell the hemp/cannabis that is over 0.3%. The RP gave me a copy of a contract between Apothio LLC and ProCann LLC, in which Apothio agrees to send between 3-8 million pounds of hemp "biomass" to ProCann in Nevada. The purchase price as outlined in the contract states that the "Seller and Receiver agree to toll the biomass into liters of Biomass Extract at an equal (i.e. 50/50 split) distribution of gross sales receipts…" Later on in the contract it states that "ProCann LLC agrees to provide $1,800,000 to Apothio LLC as a down payment to secure the right to purchase biomass as well as provide capital support…"

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

Based on the fact that Jones is planning on selling the hemp that it is over 0.3% I believe that cannabis is being cultivated not hemp. If the plants are tested and the THC content is over 0.3% then it would be a cannabis cultivation operation and would fall under California Health and Safety Code 11358(d)(3)(B), cultivate more than six marijuana plants in violation of Water Code, a felony. As well as many other Health and Safety code sections.

Based on the above I am requesting to take 4 random samples of plant material from each field for THC testing to confirm and verify that the product being grown by Apothio (Trent Jones) is indeed hemp with a THC content of less than 0.3%. The fields are open, not fenced, and seizing samples would consist of walking into the fields and cutting samples. There would be no need to enter any buildings or structures to obtain the samples. If the fields are harvested or hemp was not planted, I will not enter the fields.

I would also request night service so the samples can be taken at night as based on my training and experience I know that cannabis cultivators frequently keep or carry firearms on the premises due to the value of their product. I also request night service and the warrant to be sealed so the samples can be taken and tested without jeopardizing the continuing investigation pending the THC content of the samples seized. I also request no knock and notice as required by 1531 of the penal code since the warrant service will be on an open field and will not require entry into any buildings or through any fences as well as due to the ongoing investigation I would like to get the samples as surreptitiously as possible. I also request not leaving a receipt as required by 1538 of the penal code since the properties are open agricultural fields and due to the ongoing investigation of the case.

**Based upon the aforementioned information, facts and circumstances, I have reasonable cause to believe that grounds for the issuance of a search warrant, as set forth in Section 1524 of the Penal Code, exist.**

Based upon the above facts, I request that a search warrant be issued for the seizure of said property, or any part thereof, in the daytime or nighttime and that the same be brought before this magistrate, or to any other court in which the offense in respect to which the property or things taken is triable, or retained subject to the order of this court pursuant to Section 1536 of the Penal Code.
I certify (declare) under penalty of perjury that the foregoing is true and correct.

_____**(Incorporate by reference "C")**_____
(Signature of Affiant)

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

## STATE of CALIFORNIA, COUNTY of KERN,
## <u>DECLARATION and REQUEST FOR ORDER</u>
## <u>SEALING SEARCH WARRANT DOCUMENTS</u>

Your Affiant, **Lieutenant Andrew Halverson** of the California Department of Fish Wildlife , relates that this Sealing Order sought pursuant to this Search Warrant / Affidavit, Statement of Probable Cause, the Return to Search Warrant, and all documents relevant to this Search Warrant relate to an on-going narcotic investigation. I am the affiant of the enclosed Search Warrant which was authorized on **10/17/2019**, at the Kern County Superior Court. It is expected that additional warrants may be sought in this investigation. At this time Trent Jones, has not been arrested for this investigation.  If the information contained in this affidavit and in related documents is made public, it would compromise this investigation.

Your Affiant requests that the Search Warrant / Affidavit, Statement of Probable Cause and the Return to Search Warrant and all documents relating to this Search Warrant be ordered to be sealed. And that the Search Warrant / Affidavit, Statement of Probable Cause and the Return to Search Warrant and all documents relating to this Search Warrant remain sealed and in the custody of the clerk of the court until further order of this court or other competent court having jurisdiction over this matter or until the necessity for such a sealing no longer exists such as the arrest of an offender in this case per California Rules of Court Rule 2.550.

I declare under penalty of perjury that the related foregoing is true and correct to the best of my knowledge.

_____(See ARIETIS attachment)_____, Date/Time: (See ARIETIS attachment)
          (Signature of Affiant)

### POINTS & AUTHORITIES

People v. Jackson, 128 Cal. App. 4th 1009, 1022 (2005); NBC Subsidiary (KNBC-TV), Inc v. Superior Court , 20 Cal. 4th 1178 (1999); California Rule of Court 2.550; People v Sanchez  (1972) 24 Cal. App. 3d 664, 678;  People v Greenstreet (1990) 218  Cal. App. 3d  1516;  Swanson v Superior Court  (1989) 211  Cal. App. 3d  332, In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F. 2d 569, 573 (1988); Times Mirror Co., v. U.S., 873 F. 2d 1210, 1213-1219 (1989)

### ORDER

Based upon the foregoing Declaration and Request and a reading of the original Affidavit, Search Warrant, Statement of Probable Cause, and the Return to Search Warrant thereof referred to above, it is hereby ordered that the Affidavit, Search Warrant, Statement of Probable Cause and the Return to Search Warrant thereof, be sealed and maintained in a secure location in the custody of the clerk of the court until further order of this court or other competent court having jurisdiction over this matter.

___(See ARIETIS attachment_____, Date/Time: (See ARIETIS attachment)
      (Signature of Magistrate)

Judge of the **Superior Court of California, County of Kern, Metropolitan Division**

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.



# 2019 Map - Permit Number 1500007
# STENDERUP AG PARTNERS

T31S R29E
Sections: 17, 18, 19, 20

Map Number: 1288

Map generated by the Kern County
Agricultural Commissioner/Sealer
by 781 on July 18, 2019

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.



# 2019 Map - Permit Number 1500007
# STENDERUP AG PARTNERS

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

# 2019 Map - Permit Number 1500007
# STENDERUP AG PARTNERS

CUDA

20    DU    21    MALAGA RD    22    VARSITY AV

4TH AV

E BEAR MOUNTAIN BLVD

HAVEN

Organic
28029RWG
GRAPE,
WINE'
38.00

28019FWG
GRAPE,
WINE-ORGANIC
75.00

28069ALM
ALMOND
38.00

27019CAS
CARROT
75.00

27029CAS
CARROT
70.00

S COMANCHE DR

MEYER ST

29    Bear top    Organic    28    27

28109OJG
GRAPE, WINE-ORGANIC
120.00

28099RWG
GRAPE,
WINE-ORGANIC
75.00

27099YAM
SWEET POTATO
75.00

27109CAF
CARROT
75.00

28149ALM
ALMOND
38.00

28159ALM
ALMOND
75.00

SYCAMORE RD

S EDISON RD

33049HEM
HEMP/CANNABIS
75.00

Organic    Organic

33019ALM
ALMOND
150.00

Organic

32    33    34    35

Organic    Organic

Organic

Organic    Organic

MILLUX RD

Organic

N RANCHO DR

Organic

BURKETT

05    04    03    02

| 0 | 0.2 | 0.4 | 0.6 | 0.8 | 1 | 1.2 | 1.4 | 1.6 | 1.8 | 2.0 Miles |

# T31S R29E
## Sections: 27, 28, 33, 34

Map generated by the Kern County
Agricultural Commissioner/Sealer
by 781 on July 18, 2019

## Map Number: 1292

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

| Spring 2019 Apothio Industrial Hemp Growers: | | | |
|---|---|---|---|
| Grower | Kern Ag Comm. Permit Number | Number of Fields | Acreage |
| Stenderup Ag Partners | 1500007 | 5 | 311 |
| Mike Cauzza Farms | 1502996 | 1 | 30 |
| Lehr Brothers, Inc. | 1500027 | 1 | 40 |
| Vandborg Farms | 1500624 | 2 | 78 |
| Petrissans Dairy, Jeremy Watts | 1505528 | 1 | 13 |
| H & H Farms, Inc. | 1502277 | 1 | 40 |
| Freedom Farms | 1505370 | 1 | 151 |
| Travis Fugitt | 1505677 | 1 | 107 |
| | | | 770 |

Apothio, Researcher
Dr. Trent Jones   *Trent Jones* 2-27-19

*Apothio, CEO*

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

# Professional Testing Labs

4918 Crater Lake Rd
Medford, Oregon 97504
541-816-4166

**Certificate of Analysis**

*Testing for Information Only*

Date
8/30/2019

**Account:**

AFAB Industrial

350 Camer Drive

Bensalem, Pa. 19020

Everett Farr 215-470-4357

License Number: N/A

| Date Sampled | 8/6/2019 |
|---|---|
| Sampled By | Client |
| Sample Name | Everett-Apothio |
| Sample Type | Hemp |
| Harvest Time | N/A |
| Sample Weight | N/A |

| Sample ID | CBD % | CBDA % | THC % | THCA % |
|---|---|---|---|---|
| Apothio- Sunset and Comanche #1 80619 | 0.65 | 0.53 | 0.57 | 0.07 |
| Apothio- Sunset and Comanche #2 80619 | 0.43 | 0.31 | 0.31 | 0.06 |
| Apothio- Duncan and Hwy 223 #3 80619 | 0.52 | 0.53 | 0.32 | 0.02 |
| Apothio- Duncan and Hwy 223 #4 80619 | 1.2 | 1.1 | 0.7 | 0.14 |
| Apothio- Edison and Hwy 223 #5 80619 | 0.36 | 0.94 | 0.56 | 0.27 |
| Apothio- Edison and Hwy 223 #6 80619 | 0.32 | 0.3 | 0.4 | 0.05 |

N/A-Not applicable

**These results are specific to the sample(s) included in this report.**
**This report cannot be used except for clients internal use.**

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

# Professional Testing Labs

4918 Crater Lake Rd
Medford, Oregon 97504
541-816-4166

**Account:**

AFAB Industrial
350 Camer Drive
Bensalem, Pa. 19020
Everett Farr 215-470-4357
License Number: N/A

## Certificate of Analysis

*Testing for Information Only*

Date
9/22/2019

| Date Sampled | 9/14/2019 |
|---|---|
| Sampled By | Client |
| Sample Name | Everett-Apothio |
| Sample Type | Hemp |
| Harvest Time | N/A |
| Sample Weight | N/A |

| Sample ID | CBD % | CBDA % | THC % | THCA % |
|---|---|---|---|---|
| Apothio- Sunset and Comanche #1 92219 | 0.76 | 3.16 | 1.31 | 1.17 |
| Apothio- Sunset and Comanche #2 92219 | 1.1 | 2.57 | 0.36 | 2.1 |
| Apothio- Edison and Hwy 223 #5 92219 | 0.45 | 0.92 | 0.62 | 1.31 |
| Apothio- Edison and Hwy 223 #6 92219 | 0.67 | 2.1 | 1.6 | 0.27 |
| Apothio- Duncan and Hwy 223 #3 92219 | 0.92 | 2.23 | 0.43 | 0.45 |
| Apothio- Duncan and Hwy 223 #4 92219 | 1.2 | 1.1 | 0.7 | 0.14 |

N/A-Not applicable

**These results are specific to the sample(s) included in this report.**
**This report cannot be used except for clients internal use.**

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

# EXHIBIT O

# ELECTRONIC SIGNATURE PAGE

## KERN COUNTY SUPERIOR COURT SEARCH WARRANT
## AGENCY CASE NUMBER: 2019-00171257

**APPROVED ON:**          10/24/2019

**DATE/TIME:**            10/24/2019 5:05 PM (A)

**APPROVED BY:**          /s/Lorna Brumfield (B)

**AFFIANT:**              /s/Joshua Nicholson (C)

**Hobbs Requested:**          N      **Hobbs Granted:**              ---

**Seal Requested:**           Y      **Seal Granted:**              Y

**Night Search Requested:**   N      **Night Search Granted:**       ---

## Affiant Information

**Affiant:**              Joshua Nicholson

**Affiant's Signature:**  /s/Joshua Nicholson

**Date/Time:**            10/24/2019 4:09 PM

**Agency:**               Kern County Sheriff

## Judge

**Judge:**                Lorna Brumfield

**Judge's Signature:**    /s/Lorna Brumfield

**Date/Time:**            10/24/2019 5:05 PM

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

Agency Case Number: <u>**2019-00171257**</u>

STATE of CALIFORNIA, COUNTY of KERN,
SEARCH WARRANT and AFFIDAVIT
(AFFIDAVIT)

**Sergeant Joshua Nicholson**, Kern County Sheriff's Office swears under oath that the facts expressed by him in the attached and incorporated **Statement of Probable Cause** are true and that based thereon he has probable cause to believe and does believe that the articles, property, and persons described below are lawfully seizable pursuant to Penal Code Section 1524 et seq., as indicated below, and are now located at the locations set forth below. Wherefore, Affiant requests that this Search Warrant be issued.  The warrant request contains three (12) pages.

**(SEARCH WARRANT)**

THE PEOPLE OF THE STATE OF CALIFORNIA TO ANY PEACE OFFICER IN THE STATE OF CALIFORNIA: proof by affidavit, having been this day made before me, by **Sergeant Joshua Nicholson** that there is probable cause to believe that the property or person described herein may be found at the location(s) set forth herein and that it is lawfully seizable pursuant to Penal Code Section 1524 et seq., as indicated below by "☒"(s), in that:

☒   Property or things are in the possession of any person with the intent to use them as a means of committing a public offense, or in the possession of another to whom he or she may have delivered them for the purpose of concealing them or preventing their being discovered;

☐   Property or things were used as the means of committing a felony;

☐   Property or things to be seized consist of any item or constitute any evidence that tends to show a felony has been committed, or tends to show that a particular person has committed a felony;

☐   Property or things to be seized consist of evidence that tends to show that sexual exploitation of a child, in violation of Section 311.3, or possession of matter depicting sexual conduct of a person under the age of 18 years, in violation of Section 311.11, has occurred or is occurring;

☐   There is a warrant to arrest a person;

☐   A provider of electronic communication service or remote computing service has records or evidence, as specified in Section 1524.3, showing that property was stolen or embezzled constituting a misdemeanor, or that property or things are in the possession of any person with the intent to use them as a means of committing a misdemeanor public offense, or in the possession of another to whom he or she may have delivered them for the purpose of concealing them or preventing their discovery;

You are therefore COMMANDED to SEARCH:

The premises described as:

Open agricultural parcels, some of the hemp/cannabis fields do not fill the entire parcel. Acreage shown is of entire parcel, acreage of hemp/cannabis field; including all rooms, buildings, and structures used in connection with the premises and buildings adjoining them.

Grower: Stenderup. There are 5 fields, some of the fields occupy parts of multiple parcels.
APN: 189-220-18-00-3 33.9 acres. Owned by Stenderup, Andy Carl
APN: 189-240-06-00-4 38.79 acres. Owned by Stenderup, Kent K B & Stenderup, Patricia Ann
APN: 189-240-59-00-8 54.23 acres. Owned by Stoker, Shirley R
APN: 189-270-02-00-1 18.48 acres. Owned by Stenderup, Any Carl & Stenderup, Kim Renee
APN: 189-270-08-00-9 20.09 acres. Owned by Stenderup, Andy & Stenderup, Kim Renee
APN: 189-270-09-00-2 18.5 acres. Owned by Stenderup, Andy & Stenderup, Kim Renee
APN: 189-340-11-00-7 79.09 acres. Owned by Stenderup V & B Family Trust

Grower: Lehr Brothers
APN: 189-070-68-00-5 75.11 acres. Owned by RRL L, P

Vandborg Farms:
APN: 189-220-09-00-7 41 acres. Owned by Hermitte, M P & Hermitte Eugene
APN: 189-230-02-00-9 39.16 acres. Owned by Hermitte Family Limited Partnership

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

1

Agency Case Number: <u>2019-00171257</u>

Mike Cauzza Farms:
APN: 189-070-15-00-1 29.56 acres. Owned by Cauzza, Bruno & Cauzza, Nancy E

**The person(s) described as:**

Trent JONES, a white male adult born 08/14/1963, 5'08" tall, 190 pounds, with blue eyes and blonde hair and a California Driver's license number of C0294518 and SSN: 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.

Any and all persons present at the location at the time this warrant is served if probable cause to search, consent, and/or subject to search per probation or parole, until determining they are uninvolved in criminal activity where they will be released when safe.

**For the FOLLOWING PROPERTY, THING(s) or PERSON(s):**

Cannabis and derivatives of same, and paraphernalia associated with the unlawful cultivation of cannabis such as: items or devices intended for use or designed for use in planting, propagating, cultivating, growing, or harvesting of cannabis, including plant pots, potting soil, shovels, hand gardening tools, watering systems, and plant fertilizers. Documentary evidence which tends to prove either:  The identity of the person(s) in possession of cannabis or its paraphernalia; and the identity of persons involved in the unlawful cultivation of cannabis; knowledge of such person(s) over the contraband nature of the substances which are found; the elements of the crimes of cultivation of cannabis or conspiracy to commit those crimes.

**Search Warrant Release / PC 1536:**

1) Any property/evidence seized during the lawful service of the search warrant shall be disposed of in accordance with the law by the Kern County Sheriff's Office, upon adjudication of the case. The officers serving this warrant are hereby authorized, without necessity of any further order, to return seized property to any victim(s) or suspect(s) if such properties have been photographically documented and are not prohibited by law to have in their possession.  The court also orders that the imaged data and contents of the cellular telephone(s) be considered the originals so the cellular telephones may be returned to the owners.

**Marijuana Destruction Search Warrant Release / PC 1536**

1) In the case of growing or harvested cannabis, the officers serving this warrant are hereby authorized, without necessity of any further order, to destroy that amount of marijuana in excess of the following amounts. Subsequent to the seizure, and prior to destruction of any such controlled substance(s), the following criteria will be satisfied and documented on the search warrant return:

   a. At least five random and representative cannabis plant samples shall be seized/retained for evidentiary purposes.
   b. A two-pound sample shall be seized/retained for evidentiary purposes.
   c. Photographs and videos shall be taken that reasonably and accurately demonstrate the total amount of the suspected controlled substance to be destroyed.
   d.  An estimated total plant count.

   In making the determination to destroy excess amounts of cannabis, pursuant to this order, officers shall demonstrate it was not reasonably possible to preserve the suspected controlled substance in place, or to remove the suspected controlled substance to another location. In making this determination, the difficulty of transporting and storing the cannabis to another site and the storage facilities shall be taken into consideration. Consideration shall also be given to the availability, or unavailability, of helicopters in the removing or transportation process. Such consideration will be articulated in the search warrant return.

2) In the event any cannabis seized pursuant to the above court order contains evidence of heavy concentration or fresh application of toxic chemical pesticide(s), field destruction of the suspected controlled substance is authorized and seizure of the above listed samples is hereby waived, after satisfying and documenting the following criteria on the search warrant return:

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

2

a.   Whether removal would increase risk of exposure and present a hazardous safety risk to
      investigators, members of the public, and/or further contamination of the environment.
b.   Photographs and videos shall be taken that reasonably and accurately demonstrate the total
      amount of the suspected controlled substance prior to, during, and after destruction.
c.   Photographs depicting evidence of toxic chemical application.
d.   An estimated total plant count.

**You are therefore Authorized to Employ:**

Local, state and federal law enforcement officers, experts, and environmental scientists. This includes, but not limited
to, the following agencies: the California Department Fish and Wildlife, Federal Bureau of Investigation, Kern County
Sheriff's Department, United States Forest Service, Bakersfield Police Department, the State Water Board, California
Department of Food & Agriculture, California Department of Fire and Forestry (CAL Fire), the Kern County Department
of Health and Human Services—Division of Environmental Health, and the Air Quality Management District.

The use of a civilian contractor, civilian public employee, or civilian capable of operating equipment to eradicate 459
acres of cannabis.

I am requesting authorization for the Kern County Sheriff's Office to utilize Small Unmanned Aerial Vehicles during
the execution of this Search Warrant for the purpose of photography and/or video either viewed live or recorded.
Any such use of a Small Unmanned Aerial Vehicle will be utilized in accordance with Part 107 of Chapter 14 of the
Code of Federal Regulations and/or any Operational Waivers currently issued to the Kern County Sheriff's Office.

**AND TO SEIZE IT / THEM IF FOUND** and bring it / them forthwith before me, or this court, at the courthouse of this
court. This Search Warrant and Affidavit and attached and incorporated Statement of Probable Cause were sworn
to as true and subscribed before me, via telephone, on **(Incorporate by reference "A")**.   Wherefore, I find
probable cause for the issuance of this Search Warrant and do issue it.


_____**(Incorporate by reference "B")**_____
               (Signature of Magistrate)
Judge of the Superior Court of California, County of Kern

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

3

**Agency Case Number: <u>2019-00171257</u>**

**Statement of Probable Cause**

I declare under penalty of perjury the following facts are true and there is probable cause to believe, and I do believe, that the designated articles, property, and persons are now in the described locations, including all rooms, buildings, and structures used in connection with the premises and buildings adjoining them: Your affiant says the facts in support of the issuance of this search warrant are as follows:

My name is Joshua Nicholson. I am a sworn Peace Officer within the meaning of Penal Code Section 830.1. I have been employed by the Kern County Sheriff's Office for over 17 years. During the course of my employment with the Kern County Sheriff's Office, I have acted and received information set forth in this affidavit in that capacity. I am currently assigned to the Southern Tri-County High Intensity Drug Trafficking Area (STC-HIDTA) Special Investigations Division with the Kern County Sheriff's Office, where I work as an undercover narcotics supervisor. In addition to that, I have held assignments in the Sheriff's Office including patrol, the Kern County Sheriff's Office Gang Unit, California Multi-Jurisdictional Methamphetamine Enforcement Team (Cal-MMET), FBI Joint Terrorism Task Force, Kern County Sheriff's Office Crisis Negotiations Team, and the Kern County Sheriff's Office Internal Affairs Unit.

During my tenure in law enforcement, I have developed many contacts with controlled substance users, controlled substance sellers, controlled substance experts, and controlled substance informants. I have discussed with them the aspects of controlled substance sales, use, packaging, manufacturing, cultivation, and transfer of narcotics and dangerous drugs into and out of Kern County, the State of California and the United States. I have received over 180 hours of formal training related to drug and narcotic trafficking, drug and narcotic identification, possession, possession for sale, cultivation, and transportation of dangerous drugs and narcotics. I have testified as an expert in the Kern County Superior Court on numerous occasions for under the influence, possession, possession for sales, transportation, and cultivation of illegal drugs. I have provided training to local, state, federal, and military personnel for under the influence, possession, possession for sales, transportation, and cultivation of illegal drugs.

I have participated in and authored numerous search warrants related to controlled substance activity while employed as a Law Enforcement Officer and I have personally made hundreds of arrests of persons for violations of the Health and Safety Code laws in the State of California. These arrests include those persons in violation of various charges, including being under the influence, possession, possession for sale, sales of controlled substance, transportation of controlled substances, cultivation, and maintaining residence's for the purposes of narcotics use. I have made numerous arrests which have led to successful prosecution of persons involved in the possession, possession for sale, cultivation, and transportation of dangerous drugs. I have become familiar with the terms, expressions, and paraphernalia commonly associated with the trafficking, cultivation, and use of dangerous drugs and narcotics.

I have also conducted numerous investigations involving narcotic use, possession, sales, and transportation. These investigations have allowed me to speak with these subjects, in these conversations the subjects have explained the common practices used to ingest, package, sell, transport, conceal, cultivation, and use of dangerous drugs and narcotics.

I have participated in the investigation and eradication of many marijuana gardens on public land and private property. During these eradications I have seen the living conditions of the subjects tending to and caring for these marijuana gardens. I have been present when personal belongings have been located in the living/camp areas of these marijuana gardens. Some of these personal belongings have led to the identification and arrest of the subjects at later times. I have also participated in several search warrants served at illegal marijuana gardens within the Kern County area.

**I state the following facts will establish grounds for the issuance of a search warrant and will further establish probable cause for believing that said grounds exist.**

On 10/9/19, I received information about an industrial hemp cultivation site that was actively cultivating cannabis. The Food & Agricultural Code and Health and Safety Code define industrial hemp as containing less than 0.3% THC content. I shared this information with Lieutenant Andrew Halverson of the California Department of Fish and Wildlife (CDFW), asking for his assistance.

In Food and Agriculture Code 81006(d)(10) it states:

AFFIDAVIT AND PROBABLE CAUSE STATEMENT OF
Sergeant Joshua Nicholson

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

*Established agricultural research institutions shall be permitted to cultivate or possess industrial hemp with a laboratory test report that indicates a percentage content of THC that is greater than three-tenths of 1 percent if that cultivation or possession contributes to the development of types of industrial hemp that will comply with the three-tenths of 1 percent THC limit established in this division.*

In Health and Safety Code 11018 it states:

*"Cannabis" means all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin. It does not include either of the following:*

*(a) Industrial hemp, as defined in Section 11018.5.*

*(b) The weight of any other ingredient combined with cannabis to prepare topical or oral administrations, food, drink, or other product.*

In Health and Safety Code 11018.5 in states:

*(a) "Industrial hemp" means a crop that is limited to types of the plant Cannabis sativa L. having no more than three-tenths of 1 percent tetrahydrocannabinol (THC) contained in the dried flowering tops, whether growing or not; the seeds of the plant; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin produced therefrom.*

*(b) Industrial hemp shall not be subject to the provisions of this division or of Division 10 (commencing with Section 26000) of the Business and Professions Code, but instead shall be regulated by the Department of Food and Agriculture in accordance with the provisions of Division 24 (commencing with Section 81000) of the Food and Agricultural Code, inclusive.*

On 10/10/19, Lieutenant Halverson spoke to the reporting party, Lance Dalton, Consultant for Newbridge Global Ventures LLC (NBGV), who stated he had been approached by TRENT JONES, founder and CEO of Apothio LLC, to process and profit share in hemp he was growing for CBD oils. DALTON told Lieutenant Halverson he had samples taken from the fields JONES was cultivating to determine if they would process his hemp and that the samples came back over the allowed 0.3% THC. DALTON gave Lieutenant Halverson the name and contact information for Everett Farr, President of the Hemp Division of NBGV, and said he took the most recent samples.

On 10/17/19, Lieutenant Halverson spoke to Farr. He told Lieutenant Halverson the following information:

On 8/6/19 he took 6 samples consisting of 2 samples each from 3 of the fields being cultivated by JONES. He took the samples to see where the plants were coming along in terms of CBD oils. At that time, the company Farr was a part of was going to process the hemp for CBD oil for Apothio. Of the 6 samples taken, 5 of them came back higher than 0.3% THC. On 9/14/19 Farr went back to the same locations and took more samples. He/his company had purchased seeds from Trent JONES and had planted a hemp field in New Mexico. He wanted to compare the plants JONES was growing to the plants he had grown in New Mexico because the New Mexico plants had to be destroyed due to a high THC content. He took the 9/14/19 samples on his own volition as he no longer was working with JONES and his company is in a pending civil case with JONES. He pulled over to the side of the road and collected plant material to sample. When he had the tests run this time to determine THC content the 6 samples had a range of total THC percentage between .82% and 2.33%. Farr stated that the testing was done by water acuity liquid chromatograph, an accepted industry practice. Farr stated that he has been working in Hemp for five years and in his experience the percentage of THC and CBD continues to increase as the plant matures and it has the greatest increase in the last 2 weeks before harvest. He would estimate that these plants would be between 4-6% THC around time of harvest.

On 10/17/19 Lieutenant Halverson contacted the County Ag Commissioner and spoke to Cerise Montanio to request any hemp permits that were associated with Trent JONES. Lieutenant Halverson was emailed two documents one that contained maps of the hemp field locations associated with Trent JONES (See attached). Montanio stated that just because they had a permit doesn't mean that they for sure planted hemp, or that it hasn't

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

been harvested. The other document was titled "Spring 2019 Apothio Industrial Hemp Growers" and is a list that contained Grower, Kern Ag Permit Number, Number of Fields, and Acreage. The list was supplied to the Kern Ag Commission by Trent JONES and was signed by him on 2/27/19. There are 8 growers on the list. The Ag Commissioner's office stated the last two growers on the list came in, registered themselves and that they are no longer under Apothio or JONES. On September 30th an article was published on the Bakersfield Californian Website (https://www.bakersfield.com/news/whoops-maybe-this-really-is-weed-growing-near-arvin/article_0a4c399e-e150-1 1e9-bfef-434c82a4e939.html). It was written by John Cox. In the article, Cox interviewed Trent JONES and in the article it states that JONES was contracting local farmers to grow 512 acres of hemp. On the growers list if you add up the total acreage of and subtract the last two growers (Travis Fugitt and Freedom Farms) you come up with a total of 512 acres.

The fields that are being cultivated by Apothio, are operating under the research exemption in the Food & Agricultural Code. The research exemption allows for cultivators to grow and possess hemp/cannabis that is over 0.3% THC content; however, it does not allow them to sell the hemp/cannabis that is over 0.3%. DALTON gave Lieutenant Halverson a copy of a contract between Apothio LLC and ProCann LLC, in which Apothio agrees to send between 3-8 million pounds of hemp "biomass" to ProCann in Nevada. The purchase price, as outlined in the contract, states that the "Seller and Receiver agree to toll the biomass into liters of Biomass Extract at an equal (i.e. 50/50 split) distribution of gross sales receipts..." Later on in the contract it states that "ProCann LLC agrees to provide $1,800,000 to Apothio LLC as a down payment to secure the right to purchase biomass as well as provide capital support..."

Based on the fact that JONES is planning on selling the hemp that it is over 0.3%, Lieutenant Halverson believed cannabis is being cultivated, not hemp.

On 10/17/2019, Lieutenant Halverson authored a search warrant, based on the above-mentioned information, to seize samples from each of the fields for testing purposes to independently corroborate the level of THC content in the plants. This was done in an effort to be able to prove or disprove statements made by the DALTON. The warrant was signed by the Honorable Judge Michael Dellostritto of the Kern County Superior Court.

On 10/17/2019, at approximately 2100 hours, Lieutenant Halverson and I, along with members of the Southern Tri-County High Intensity Drug Trafficking Area (STC-HIDTA) task force, executed the search warrants one location at a time taking four random samples from each of the nine fields. Originally we were going to gain samples from 12, but one of the fields were not planted and we were unable to serve the warrant on the two outlying locations. Over the course of 10/18/2019 to 10/20/2019 Halverson ran the samples through a THC Analyzer.

The fields were named by the information on the County Agriculture Department Maps for testing purposes. The following is the potential Delta9Tetrahydrocannabinol (Potential D9THC). D9THC is the THC inside of cannabis which is an intoxicant and gets you "high" and will be referred to in this warrant as THC:

Field ID: 74 H: APN: 189-230-02-00-9
1) 2.9%
2) 4.60%
3) 5.40%
4) 1.70%
5) Average of the samples 3.85% THC

Field ID: Cauzza 3A: APN: 189-070-15-00-1
1) 3.3%
2) 2.2%
3) 2.5%
4) 2%
5) Average of the samples 2.48% THC

Field ID: Lehr KH1: APN: 189-070-68-00-5
1) 3.2%
2) 2.5%

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

Agency Case Number: <u>2019-00171257</u>

3) 2.2%
4) 0.12%
5) Average of the samples 2.01% THC

Field ID: Stenderup 20049: APN: 189-220-18-00-3
1) This sample was untestable.
2) 7.3%
3) 4%
4) 4.3%
5) The average of the samples was 5.2% THC

Field ID: Stenderup 21029: APN: 189-240-06-00-4
1) 1.5%
2) 1%
3) 0.13%
4) 6%
5) The average of the samples was 2.15% THC

Field ID: Stenderup 21119: APN: 189-270-02-00-1, 189-270-08-00-9, 189-270-09-00-2
1) 4.3%
2) 5.3%
3) 1.4%
4) 2.9%
5) The average of the samples was 3.48% THC

Field ID: Stenderup 21149: APN: 189-240-59-00-8
1) 3%
2) 0%
3) 7%
4) 1.8%
5) The average of the samples was 2.95% THC

Field ID: Stenderup 33049: APN: 189-340-11-00-7
1) 1.1%
2) 0.1%
3) 0.27%
4) 0.67%
5) The average of the samples was 0.54% THC

Field ID: Vandborg 71H: APN: 189-220-09-00-7
1) 0.96%
2) 0%
3) 1.6%
4) 1.4%
5) The average of the samples was 0.99% THC

Lieutenant Halverson stated the following: The samples were tested using the LightLab Analyzer made by Orange Photonics. The LightLab Analyzer is described as by the company as a mini-HPLC, which what your laboratory most likely uses to test your samples. LightLab combines liquid chromatography, which separates compounds, and spectroscopy, which use light to make a quantitative measurement. Orange Photonics goes on to say "LightLab uses similar technology to labs, and thus reports results with similar accuracy to a well operated lab. Typical results will fall within 2% of a lab result for flower and 3% for concentrates.  LightLab repeatability is +/-1%. Note this does not include the variation in sample (no two buds are exactly identical) or errors in sample preparation by the laboratory or LightLab operator."

To analyze the samples, Lieutenant Halverson followed the directions supplied by Orange Photonics to dry the sample in a microwave before running the THC test. A portion of the flower was taken and dried and run through

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

the LightLab following the directions supplied by Orange Photonics. Halverson performed the initial round of testing using the standard THC test, which according to LightLab can detect THC down to 1%, if the test resulted in "ND" (Not Detected) for THC the samples was run through the hemp compliance test. The hemp compliance test can detect THC between .03% and 1.5%.

After looking over the results of the samples we took, I noticed of the 36 samples taken, six samples were within the 0.3% THC content for hemp, one was unable to be tested likely do to pesticides or other contaminations, and the remainder of the samples tested between 0.67% to 7.3% thus making the majority of the samples taken cannabis.

Due to the fact JONES attempted to sell his cannabis to NBGV to profit share, this places JONES under the guidelines of the California Health and Safety Code thus making his research exemption invalid.

I did some research of the claims JONES made in the above mentioned article about growing the plants under the guides of agricultural research for Cerro Coso College.

In an article by Cerro Coso Community College "The Chronicle" dated 02/19/2019 (https://do-prod-webteam-drupalfiles.s3-us-west-2.amazonaws.com/ccedu/s3fs-public/20190219.pdf), it read:

> ### Cerro Coso Partners to Establish an Agriculture Research and Development Center
>
> *At the February 14, 2019, KCCD Board of Trustees meeting, the Board approved a 25 year agricultural lease agreement between Cerro Coso Community College and Apothio, LLC. KCCD, on behalf of CCCC, is leasing property in California City to Apothio to conduct research on hemp cultivation, processing, and marketing, and the partnership will provide the college funding for future educational and research opportunities through Apothio's selling of hemp products.*
>
> *Through Apothio's previous farming and research in this area, it has been determined that Kern County has ideal growing conditions for hemp and the industry will need a highly trained workforce to support it. This provides Cerro Coso a great opportunity for students and faculty to access the research center, once established, for various research projects, as well as for students to apply to participate in internships and training so to be skilled employees to the hemp farms, processors, and sellers that will be emerging in the very near future.*
>
> *Apothio will soon begin preparing the acreage in California City for the upcoming 2019 growing season. Further conversations with faculty and the company will determine what certificates and programs will be needed to support this growing industry.*

In a letter on the Kern Community College District website, a college district Cerro Coso Community College belongs to, dated 02/28/2019 (https://www.cerrocoso.edu/news/2019/0228-kern-community-college-district-approves-new-cerro-coso-partnership), it read:

> *Kern Community College District (KCCD) has approved an important public-private partnership between Cerro Coso Community College (CCCC) and Apothio, LLC, for researching and growing industrial hemp, a non-intoxicating form of cannabis, legal in all 50 states. Changes to federal and state law that began in 2014, and continued most recently in late December with the passage of the 2018 "Farm Bill," have restarted hemp cultivation in the United States. KCCD on behalf of CCCC are leasing property in California City to Apothio to conduct research on hemp cultivation, processing, and marketing, and the partnership will provide funding for future educational and research opportunities by selling hemp products.*
>
> *The hemp market in the U.S. is growing rapidly after several decades of cultivation being illegal domestically (some hemp products were available during that time from imported sources). Kern County has ideal growing conditions for hemp, and the industry will need a highly trained workforce to support it. CCCC sees great opportunity for students and faculty, as well as opportunity to provide skilled employees to hemp farms, processors, and sellers.*
>
> *The effort to lease the property that is owned by KCCD was spearheaded by the college's*

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

*President, Jill Board. She highlighted the fact that CCCC would be on the leading edge of an emerging agricultural industry in California that is vital for farmers needing crops that use less water, when she presented the partnership to the KCCD Board of Trustees. After the Board approved the agreement, President Board said, "The approval to execute this partnership agreement will not only be beneficial for the college, but also the town of California City and most importantly our students who reside in the community who will now have an opportunity to learn by doing in an emerging AG lab setting.*

*Apothio will soon begin preparing the approximately 20 acres in California City for the upcoming 2019 growing season. The net revenue from hemp sold off the farm will be provided to a soon-to-be-formed foundation that will fund further research and educational work.*

In those articles it makes no mention of JONES growing any hemp or cannabis in the Arvin area, California, where the fields tested were located, only the 20 acres in California City, California. It also says they would only sell hemp (meaning 0.3% or less THC content) from the location in California City, not the Arvin lots.

I located an article written by John Cox of the Bakersfield Californian dated 09/30/2019 and titled, "Lawsuit: That really could be weed growing near Arvin." This article outlines the lawsuit JONES is involved in and the allegations of his hemp actually being cannabis. In the article JONES states, "If there's any materials that are hot, we'll destroy it. That's exactly what we will do." This is contradictory to him attempting to sell to NBGV and now possibly to Procann LLC. JONES also acknowledged the cannabis biomass could be worth up to one billion dollars. JONES said he was aware that some of his hemp was "hot" and had tested over the 0.3% limit, but claimed the THC levels would go down over time. After all of the tests conducted on random plants on his property, it actually appears the THC level is going up over time. It also outlines the agreement with Cerro Coso College.

On 10/22/19 Lieutenant Halverson again spoke with Everett Farr and asked him when NBGV's contract with JONES was no longer valid. Farr stated that around 8/13/19 Trent JONES locked them out of the contract and approximately a week before that, he took the first set of samples from farms being cultivated under JONES. Farr went on to say that JONES had sent them a proposed settlement agreement in early September to try and settle the lawsuit and reengage with the company NBGV to process the plants he was growing, even though JONES had already been told they could not process the plants because they were cannabis and not hemp and their facility was not licensed or permitted to process cannabis.

Farr provided Lieutenant Halverson with a copy of the proposed settlement agreement sent by JONES, the agreement is dated 9/12/19 and signed by Trent JONES. In that agreement at the end of page 3 he talks about the King Family New Mexico Hemp Farm. Lieutenant Halverson asked Farr if this was the same farm that he had told him about previously and he said it was. Lieutenant Halverson confirmed that Farr had purchased seeds from JONES to plant that farm in New Mexico. He was told by JONES that the seeds were the same as those that had planted in Arvin. When the New Mexico field was getting close to harvest the plants were tested by an independent lab and came back with a THC content of well over the 0.3% THC. Farr stated that the entire crop had to be destroyed and was plowed under the first or second week of October.

In the settlement agreement issued to NBGV from Trent JONES on behalf of Apothio it states a few important facts:

- Apothio is disputing NBGV's capability to extract and refining cannabinoids in addition to the fact getting the product in the market early was important for better profit margins. This further shows JONES is growing the hemp and cannabis for the purposes of sales.

- It also outlines Apothio conspired with NBGV to ship 3300lbs of marijuana from Medford, Oregon to Apothio's site in Arvin, California. This is a violation of HS 11360 – Transportation/Importation of Marijuana.

- It outlines Apothio's demand for NBGV to immediately cease and desist any and all calls, letters, and communication to any local, state, or federal agencies regarding any subject related to Apothio. This is implying NBGV should not report illegal activity to Law Enforcement thus showing further criminal intention on JONES' part.

- It further states Apothio will continue to use methods to extract and refine product in processing its cannabis whether hemp or marijuana.

- It also states Apothio will provide 10% of the profits earned by Apothio to NBGV further implying JONES'

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

intent to sell refined cannabis.  The settlement agreement is signed by JONES, CEO of Apothio, LLC.

On 10/22/19 Lieutenant Halverson spoke with Cerise Montanio with the Kern County Ag Commissioners office. Cerise told him someone from John Deere had contacted her about the legality of harvesting hemp in Kern County and specifically gave her the names of the farmers that were on the list that Trent JONES had provided to their office earlier. Montanio told Halverson the John Deere employee who called was Evan Hopeky. Halverson called Hopkey who stated he had been contacted by Trent JONES on 10/18/19 about taking over the lease of two row crop tractors that had been certified as hemp harvesters.  Hopkey stated that JONES was in a hurry to get equipment and that he wanted something that would cut the tops off of his plants and leave the bottoms behind because the bottoms weren't as useful to him. Hopkey stated that the decision to lease the tractors would be made by the John Deere legal team as they weren't sure they were allowed to lend based on the new Farm Bill. Based upon the information that Jones was only interested in the top portion of the plants, it is my opinion this further demonstrates Jones is wanting to harvest cannabis for profit, not research.  The top portion of the plant is where the greatest concentration of THC is found.  Also, the bottom portion of the plant is often used in legitimate hemp production.

On 10/23/2019, Special Agent Bennett Scott and Special Agent Nicholas Callahan, Federal Bureau of Investigations, telephonically interviewed Erin Turoff, former CEO of Procann LLC.  TUROFF provided the following information:

Turoff was the CEO of Procann, LLC (Procann). Turoff had a background in finance. Procann was involved in managing supply chains and was not involved in manufacturing hemp. TUROFF found the cannabis industry to be full of "scammers."

Turoff initially started dealing with JONES of Apothio, LLC., around July 2019. Turoff was initially introduced to JONES by George Mull. JONES had hemp that he wanted transported out of California to a buyer. Procann was going to facilitate the logistics of moving the hemp biomass to an unidentified buyer. At one point, Procann signed agreement with APOTHIO, but the agreement was never executed because JONES ended up failing Turoff's due diligence tests. Turoff ultimately believed JONES was running a fraud scheme.

There were two general types of transactions for liquidity in the cannabis industry: 1) a seller would sell biomass upfront or 2) a seller would work out a profit sharing deal upfront. JONES had no money. JONES could not even afford his own equipment to harvest his crop, so JONES wanted to work out a profit sharing deal upfront.

The contract between Procann and Apothio was drafted by Lexington Blood.  Blood was a former business partner of Turoff's. Blood drafted the contract because Turoff had just undergone surgery and was under the influence of medication at the time. The contract ended up being horribly drafted.  Blood signed the contract on behalf of Procann around 8/29/19.  Around August 2019, Turoff traveled to Bakersfield, CA, to meet with JONES.  JONES had about 512 acres of hemp across multiple parcels in Bakersfield and Arvin, California. During the trip, Turoff learned that the facilities JONES had were not as JONES described. For instance, JONES claimed to have an "extraction lab"; however, when JONES took Turoff to see the "extraction lab," it was a tent with one piece of equipment in the middle of a field.

JONES was insistent on testing his product in front of Turoff, which she found odd. JONES' persistence to test the product left Turoff feeling it was all fabricated.  Turoff believed JONES may have rigged the calibration on his scales to show lower than actual THC levels. At one point during the visit, JONES told Turoff that the hemp would test over 0.3% THC once it was harvested. Upon hearing this, TUROFF told JONES that she would not be able to transport the hemp out of state being that it was going to test over 0.3%.

Upon returning home, JONES continued to email Turoff to convince her to move forward with their deal and provide him with funds. Blood continued to push the deal with JONES, which led TUROFF to question her trust in Blood. During Turoff's due diligence research into JONES, Turoff learned that JONES had tax liens from not paying his taxes in Indiana and California. Due to having tax liens, Turoff questioned whether or not he was even allowed to be involved in the cannabis industry in California. Turoff also found evidence indicating that some of the Intellectual Property (IP) rights JONES claimed to own were stolen from another company in Georgia. JONES claimed he had

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

purchased the IP for $40 million, but he had not paid for it. JONES's IP primarily dealt with the extraction process.

In the end, Turoff never provided JONES with any money and never went through with the deal. Turoff believed JONES told a lot of lies. The deal was voided for multiple reasons, including JONES' acknowledgement that the hemp would test over 0.3% THC, JONES' tax liens, and there being too many Questions, which could not be sufficiently answered. By the end of their dealings, Turoff would not have provided JONES with even $2. TUROFF had also come to believe Blood was also a scam artist.

Turoff did not know anything about the lab in Nevada mentioned in the agreement between Procann and Apothio. Blood would be able to provide more information. Based on Turoff's understanding, JONES was producing hemp for pure profit and was only associating himself with research and development to obtain a competitive advantage. In fact, JONES had provided Turoff with a sample of a CBD tincture with chlorophyll that JONES produced. During their interactions, JONES had also provided Turoff with revenue projections he created based on his crop. Turoff did not know the status of any other deals JONES may have found after dealing with her. Hemp laws in California encouraged producers to violate the rules. Based on TUROFF's experience, she believed hemp grown in California will generally have issues because of its proximity to the equator. Turoff agreed to email SA Scott documentation pertaining to her dealings with JONES. Turoff also agreed to testify about her interactions with JONES if necessary.

Subsequent to forwarding emails to SA Scott, SA Scott and SA Kristen Reed re-contacted Turoff telephonically. TUROFF provided the following information:

The agreement between APOTHIO and PROCANN was signed on 8/12/19, not on 8/29/19. Turoff clarified that the two general types of transactions in the cannabis industry involved: 1) selling biomass upfront or 2) entering a profit sharing deal. JONES was having problems with his deal because he wanted a mix of both, money upfront and a profit sharing deal.

Based on my training, experience, and the above-mentioned information, it is my opinion JONES is in possession and attempted to sale illegal cannabis to two separate companies; has transported cannabis into the State of California and may attempting to export cannabis out of the State of California.

California Health and Safety Code 11359(b) "Every person 18 years of age or over who possesses cannabis for sale shall be punished by imprisonment in a county jail for a period of not more than six months or by a fine of not more than five hundred dollars ($500), or by both such fine and imprisonment."

California Health and Safety Code 11360(a)(2) "Except as otherwise provided by this section or as authorized by law, every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any cannabis shall be punished as follows: Persons 18 years of age or over shall be punished by imprisonment in a county jail for a period of not more than six months or by a fine of not more than five hundred dollars ($500), or by both such fine and imprisonment."

Although marijuana cultivation is not illegal in principal, county ordinance prohibits the cultivation of more than (12) twelve plants per parcel in the County of Kern.

I am requesting this search warrant in order to find any additional evidence that may be used to successfully investigate this crime. I ask the court permission to enter and search the property and seize any and all items located that may offer evidentiary value.

**Based upon the aforementioned information, facts and circumstances, I have reasonable cause to believe that grounds for the issuance of a search warrant, as set forth in Section 1524 of the Penal Code, exist.**

Based upon the above facts, I request that a search warrant be issued for the seizure of said property, or any part thereof, in the daytime or nighttime and that the same be brought before this magistrate, or to any other court in which the offense in respect to which the property or things taken is triable, or retained subject to the order of this court pursuant to Section 1536 of the Penal Code.

AFFIDAVIT AND PROBABLE CAUSE STATEMENT OF
Sergeant Joshua Nicholson

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

Agency Case Number: <u>**2019-00171257**</u>

I certify (declare) under penalty of perjury that the foregoing is true and correct.


 <u>**(Incorporate by reference "C")**</u> _____
      (Signature of Affiant)


AFFIDAVIT AND PROBABLE CAUSE STATEMENT OF
Sergeant Joshua Nicholson

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

# STATE of CALIFORNIA, COUNTY of KERN,
# DECLARATION and REQUEST FOR ORDER
# SEALING SEARCH WARRANT DOCUMENTS

Your Affiant, **Sergeant Joshua Nicholson** of the Kern County Sheriff's Office, relates that this Sealing Order sought pursuant to this Search Warrant / Affidavit, Statement of Probable Cause, the Return to Search Warrant, and all documents relevant to this Search Warrant relate to an on-going narcotics investigation. I am the affiant of the enclosed Search Warrant which was authorized on **10/24/2019,** at the Kern County Superior Court. It is expected that additional warrants will be sought in this investigation. At this time nobody has been arrested for this investigation. If the information contained in this affidavit and in related documents is made public, it would compromise this investigation.

You Affiant requests that the Search Warrant / Affidavit, Statement of Probable Cause and the Return to Search Warrant and all documents relating to this Search Warrant be ordered to be sealed. And that the Search Warrant / Affidavit, Statement of Probable Cause and the Return to Search Warrant and all documents relating to this Search Warrant remain sealed and in the custody of the clerk of the court until further order of this court or other competent court having jurisdiction over this matter or until the necessity for such a sealing no longer exists such as the arrest of an offender in this case per California Rules of Court Rule 2.550.

I declare under penalty of perjury that the related foregoing is true and correct to the best of my knowledge.

_____(See ARIETIS attachment)_____, Date/Time: (See ARIETIS attachment)
      (Signature of Affiant)

## POINTS & AUTHORITIES

People v. Jackson, 128 Cal. App. 4th 1009, 1022 (2005); NBC Subsidiary (KNBC-TV), Inc v. Superior Court , 20 Cal. 4th 1178 (1999); California Rule of Court 2.550; People v Sanchez (1972) 24 Cal. App. 3d 664, 678; People v Greenstreet (1990) 218 Cal. App. 3d 1516; Swanson v Superior Court (1989) 211 Cal. App. 3d 332; In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F. 2d 569, 573 (1988); Times Mirror Co., v. U.S., 873 F. 2d 1210, 1213-1219 (1989)

# ORDER

Based upon the foregoing Declaration and Request and a reading of the original Affidavit, Search Warrant, Statement of Probable Cause, and the Return to Search Warrant thereof referred to above, it is hereby ordered that the Affidavit, Search Warrant, Statement of Probable Cause and the Return to Search Warrant thereof, be sealed and maintained in a secure location in the custody of the clerk of the court until further order of this court or other competent court having jurisdiction over this matter.

___(See ARIETIS attachment_____, Date/Time: (See ARIETIS attachment)
      (Signature of Magistrate)

Judge of the **Superior Court of California, County of Kern, Metropolitan Division**

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

#1 APN: 189-070-15-00-1 29.56 acres. Owned by Cauzza, Bruno & Cauzza, Nancy E
   N/E Corner of Sunset and Campus

#2  APN: 189-070-68-00-5 75.11 acres. Owned by RRL L, P
    N/W Corner of So. Comanche and Sunset

#3  APN: 189-220-18-00-3 33.9 acres. Owned by Stenderup, Andy Carl
    S/W Corner of Sunset and So. Edison

#4 APN: 189-230-02-00-9 39.16 acres. Owned by Hermitte Family Limited Partnership
   15048 Cuda

#5 APN: 189-220-09-00-7 41 acres. Owned by Hermitte, M P & Hermitte Eugene
   N/W Corner of Hwy 223 and Vineland

#6  APN: 189-240-06-00-4 38.79 acres. Owned by Stenderup, Kent K B & Stenderup, Patricia Ann
    N/W Corner of Stenderup and Duncan

#7  APN: 189-270-02-00-1 18.48 acres. Owned by Stenderup, Any Carl & Stenderup, Kim Renee
    S/E Corner of Stenderup and Duncan

#8  APN: 189-270-08-00-9 20.09 acres. Owned by Stenderup, Andy & Stenderup, Kim Renee
    Directly South of previous lot

#9  APN: 189-270-09-00-2 18.5 acres. Owned by Stenderup, Andy & Stenderup, Kim Renee
    Directly South of previous lot

#10 APN: 189-240-59-00-8 54.23 acres. Owned by Stoker, Shirley R
    Hwy 223 between So. Edison and Duncan

#11  APN: 189-340-11-00-7 79.09 acres. Owned by Stenderup V & B Family Trust
     S/W Corner of Sycamore and Malaga

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.



Mercator Projection
WGS84
USNG Zone 11SLU
SARTopo

Scale 1:4404   1 Inch = 367 feet

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.



Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.

Created with EO.Pdf for .NET trial version. http://www.essentialobjects.com.



# CERTIFICATE OF SERVICE

Case Name: **Apothio, LLC v. Kern County,**      No.      **1:20-cv-00522-NONE-JLT**
**et al.**

I hereby certify that on <u>December 3, 2020,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**SUPPLEMENTAL DECLARATION OF DEPUTY ATTORNEY GENERAL KELLY T. SMITH IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION TO STAY DISCOVERY**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>December 3, 2020,</u> at Sacramento, California.

| Shelby Fuller | /s/ SHELBY FULLER |
|---|---|
| Declarant | Signature |

SA2020300599
34636594.docx