1

| | |
|---|---|
| Katherine Eskovitz<br>ROCHE CYRULNIK FREEDMAN LLP<br>1158 26th Street, No. 175<br>Santa Monica, CA 90403<br>keskovitz@rcfllp.com<br><br>Jordana Haviv<br>Richard R. Cipolla<br>ROCHE CYRULNIK FREEDMAN LLP<br>99 Park Avenue, 19th Floor<br>New York, NY 10016<br>jhaviv@rcfllp.com<br>rcipolla@rcfllp.com | Sean Eskovitz<br>ESKOVITZ LAW<br>1217 Wilshire Boulevard,<br>No. 3683<br>Santa Monica, CA 90402<br>seane@eskovitz.com<br><br>Brant W. Bishop<br>BRANT W. BISHOP, P.C.<br>2000 Pennsylvania Avenue, NW<br>Suite 7000<br>Washington, DC 20006<br>brant@bishop.us |

*Counsel for Apothio LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APOTHIO, LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>KERN COUNTY; KERN COUNTY SHERIFF'S OFFICE; CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE; DONNY YOUNGBLOOD; JOSHUA NICHOLSON; CHARLTON H. BONHAM; JOHN DOES #1 THROUGH #10, UNKNOWN AGENTS OF THE KERN COUNTY SHERIFF'S OFFICE; JOHN DOES #11 THROUGH #20, UNKNOWN AGENTS OF THE CALIFORNIA FISH AND WILDLIFE DEPARTMENT,<br><br>   Defendants. | No. 1:20-CV-00522-NONE-JLT<br><br>**MEMORANDUM IN SUPPORT OF APOTHIO'S MOTION TO STRIKE IMPROPER CONTENT, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**<br><br>Date: December 10, 2020<br>Time: 8:30 AM<br>Dept: Courtroom 4<br>Judge: Hon. Jennifer L. Thurston |

**ARGUMENT**

Defendants' reply brief in support of their motion to stay discovery (ECF No. 66) introduces new arguments and facts, including through a new witness declaration. While this content underscores the weakness of Defendants' initial motion, it should be stricken as improper for a reply. In the alternative, Apothio respectfully requests that the Court grant it a reasonable opportunity to submit a sur-reply brief to respond to Defendants' new arguments and facts.

**I.   The Introduction of New Argument and Facts in Reply Is Plainly Improper**

It is black-letter law that courts need not consider evidence and arguments raised for the first time in reply briefing. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *In re China Intelligent Lighting & Electronics, Inc. Sec. Litig.*, No. CV 11-2768 PSG SSX, 2012 WL 3834815, at *4 (C.D. Cal. Sept. 5, 2012) ("The Court will not address new arguments raised for the first time in a reply brief."); *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers.").

**II.  Defendants' Reply Brief Improperly Introduces Several New Facts and Arguments**

In an implicit acknowledgment that their opening briefing failed to justify a discovery stay, Defendants have improperly asserted several new arguments and facts in reply, including:

1. The assertions in the declaration of Andrew Halverson, dated November 6, 2020 — *well before Defendants filed their opening brief*. The declaration draws improper legal conclusions regarding matters presented in the pending motions to dismiss and vaguely references unfounded and unsubstantiated "concerns about witness

tampering by Apothio and its Chief Executive Officer, Trent Jones." *See* ECF 66-1. Defendants purport to rely on this conclusory statement for their unsubstantiated claim that civil discovery in this case will somehow prejudice their pending misdemeanor prosecution of Mr. Jones.  *See* Reply at 3.

2. The misguided argument that Apothio is Trent Jones's alter ego, accompanied by citation to a new supplemental declaration from counsel and a new exhibit attached to that declaration. *See* Reply at 3; ECF No. 66-2. Defendants never suggested any alter-ego or veil-piercing arguments or theory in their opening brief or provided any evidence of it.

3. The incorrect argument that the recent release of Defendants' long-withheld probable cause affidavit "vitiates" Apothio's judicial deception claim. *See* Reply at 6. Defendants also attach the entire probable cause affidavit to the new supplemental declaration from counsel.  *See* ECF No. 66-2. Far from "vitiating" the judicial deception claim, it substantiates Apothio's claims about false and misleading statements and omissions and in any event, that document is not even currently before Judge Drozd for the motions to dismiss . . . Defendants' new position is an about-face. Before providing their one-sided analysis of the probable cause affidavit in reply, Defendants had previously asserted that "discovery is not necessary to decide the motion to dismiss." ECF 58-1 at 12. Now they attempt to use the discovery they withheld to argue new points about the merits of the motion to dismiss without providing Apothio an opportunity to respond.

**CONCLUSION**

The Court should not countenance Defendants' improper introduction of new arguments and facts in a futile attempt to support a burden that they failed to carry in their opening motion. The new arguments, facts, and exhibits referenced above should be stricken in their entirety. If the Court declines to strike that new content, the Court should continue the hearing currently set for December 10, 2020, and grant Apothio leave to file a short sur-reply within one week of this Court granting such leave.

Dated: December 4, 2020

*/s/ Katherine Eskovitz*
ROCHE CYRULNIK
 FREEDMAN LLP
Katherine Eskovitz
1158 26th Street, No. 175
Santa Monica, CA 90403
keskovitz@rcfllp.com
(646) 791-6883

Jordana Haviv (*pro hac vice forthcoming*)
Richard R. Cipolla (*pro hac vice*)
99 Park Avenue, 19th Floor
New York, NY 10016
jhaviv@rcfllp.com
rcipolla@rcfllp.com

*/s/ Sean Eskovitz*
ESKOVITZ LAW
Sean Eskovitz
1217 Wilshire Boulevard, No. 3683
Santa Monica, CA 90402
seane@eskovitz.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

BRANT W. BISHOP, P.C.
Brant W. Bishop (*pro hac vice*)
2000 Pennsylvania Avenue, NW
Suite 7000
Washington, DC 20006
brant@bishop.us

*Counsel for Apothio LLC*