Katherine Eskovitz
ROCHE CYRULNIK FREEDMAN LLP
1158 26th Street, No. 175
Santa Monica, CA 90403
keskovitz@rcfllp.com

Jordana Haviv
Richard R. Cipolla
ROCHE CYRULNIK FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
jhaviv@rcfllp.com
rcipolla@rcfllp.com

Sean Eskovitz
ESKOVITZ LAW
1217 Wilshire Boulevard,
No. 3683
Santa Monica, CA 90402
seane@eskovitz.com

Brant W. Bishop
BRANT W. BISHOP, P.C.
2000 Pennsylvania Avenue, NW
Suite 7000
Washington, DC 20006
brant@bishop.us

*Counsel for Apothio LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APOTHIO, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KERN COUNTY; KERN COUNTY SHERIFF'S OFFICE; CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE; DONNY YOUNGBLOOD; JOSHUA NICHOLSON; CHARLTON H. BONHAM; JOHN DOES #1 THROUGH #10, UNKNOWN AGENTS OF THE KERN COUNTY SHERIFF'S OFFICE; JOHN DOES #11 THROUGH #20, UNKNOWN AGENTS OF THE CALIFORNIA FISH AND WILDLIFE DEPARTMENT,<br><br>Defendants. | No. 1:20-CV-00522-NONE-JLT<br><br>**SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**<br><br>Date: TBD<br>Time: --<br>Dept: Courtroom 4<br>Judge: Hon. Jennifer L. Thurston |

**ARGUMENT**

Defendants' reply brief in support of their motion to stay discovery ("Reply," ECF No. 66) underscores their failure to substantiate the imagined prejudices they claim they would suffer if discovery were to proceed in this case according to the Federal Rules. While their reply brief improperly introduces new facts and unsubstantiated allegations, it largely repeats the same conclusory claims that failed to support Defendants' requested stay in their opening brief. Because Defendants still cannot support their requested stay, they instead ask this Court to pre-judge Apothio's Complaint and their pending motions to dismiss based on a recently, and belatedly, produced probable cause affidavit. But that affidavit, which relates to only part of Apothio's Complaint, has no bearing on Defendants' stay motion and, in any event, further supports Apothio's allegations that Defendants misrepresented and omitted material facts in that affidavit. Discovery in this case has already begun, and the Court should reject Defendants' attempts to derail it.

**I. Defendants' Reply Only Highlights Their Inability to Demonstrate Interference and Prejudice**

In their opening brief, Defendants failed to make *any* showing, let alone meet their burden of demonstrating a strong showing, that proceeding with civil discovery in this case brought by Apothio would cause them prejudice by interfering with their misdemeanor prosecution of Trent Jones. Instead, Defendants asserted conclusory claims, advocating in essence for an automatic stay based on their filing of misdemeanor charges long after Apothio initiated this civil case for the massive destruction of its legal property. *See* ECF No. 58-1 ("Motion") at 6. As Apothio explained in opposition, Defendants' position is meritless. *See* ECF No. 61 at 7-19 (applying factors from *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995)).

In their reply brief, Defendants improperly attempt to introduce new facts for their motion, including the declaration of Andrew Halverson. ECF No. 66-1 ("Halverson Decl."). But Halverson's belated and conclusory declaration cannot salvage Defendants' motion. In an effort to support Defendants' assertion about the risk of interference with the misdemeanor case, Halverson states, *in total*, only:

> My statement of probable cause supporting the application for a search warrant of Apothio's plants included information from witnesses who requested confidentiality. Subsequently, information has to come to my attention causing concerns about witness tampering by Apothio and its Chief Executive Officer, Trent Jones.

*Id.* ¶ 7.

Based on the signature date on the declaration, Defendants evidently obtained it before filing their stay motion, but they elected not to include it with their opening brief. Defendants' belated reliance on the conclusory declaration in reply is as ineffective as it is improper.

*First*, Defendants have now publicly filed the probable cause affidavit and produced other related criminal discovery, so witness confidentiality can no longer provide any colorable grounds for staying civil discovery. That such witnesses had requested confidentiality is no surprise, however, because they were associated with a company that had recently initiated litigation against Apothio—an obvious source of bias that the Halverson Declaration neglects to disclose.

*Second*, the new and entirely conclusory allegation of witness tampering is as outrageous as it is untrue and unsupported. Apothio strenuously disputes this serious accusation, which has surfaced only through Halverson's claim that he received some unidentified "information" that purportedly caused him "concerns." Neither Apothio nor Dr. Jones has been charged with witness tampering, nor has Apothio, Dr. Jones, their counsel or the state court presiding over the

pending misdemeanor case been notified about such "concerns" by law enforcement, counsel for Defendants, or anyone else.

Perhaps most importantly, the vague and conclusory Halverson affidavit provides no competent support for accusing Apothio and Dr. Jones of a crime under California law. Cal Pen. Code § 136.1. This unsubstantiated accusation is clearly insufficient for Defendants to satisfy any of the relevant factors under *Keating* for a discovery stay. *See Mendez v. City of Gardena*, 2014 WL 12802931, at *4 (C.D. Cal. May 30, 2014) ("vaguely worded declarations making only general assertions" insufficient to meet burden under *Keating*); *SEC v. Christian Stanley, Inc.,* 2012 WL 13009158, at *6 (C.D. Cal. Sept. 6, 2012) (detailed 12-page declaration by law enforcement officer required to satisfy "substantial showing" under *Keating* analysis). *Christian Stanley* illustrates the factual support in a declaration that might support a discovery stay, but is entirely absent here: (1) evidence that the criminal defendant provided virtually identical pre-drafted affidavits to potential investor witnesses; (2) evidence that the affidavits were inaccurate; (3) evidence that the witnesses did not understand that affidavits' contents; (4) evidence that the defendant enticed signatures by claiming these affidavits would help unfreeze the investors' money; (5) evidence that the defendant "sent potential investor witnesses a form 'Objection Letter,'" which at least one witness used. *See id.* at *1-2.[1] By contrast, the Halverson Declaration obviously lacks any such substantiation.

Finally, Defendants do not even attempt to explain how their belated and baseless allegations of witness tampering could support a stay of civil discovery. Any legitimate concerns about witness tampering can be addressed by the courts in the civil and criminal matters. And

---

[1] The court also cited record evidence that the defendant coached witnesses during breaks at depositions. *See Christian Stanley,* 2012 WL 13009158 at *2 n.2.

Defendants may pursue criminal charges, of course, if the "concerns" are legitimate. But the unsubstantiated Halverson Declaration provides no basis for staying discovery in Apothio's civil litigation while the government's misdemeanor prosecution against Trent Jones continues.

**II.   Defendants' New "Alter Ego" Claim Is Baseless and Irrelevant**

Defendants' reply brief further asserts for the first time that Apothio is somehow the "alter ego" of Dr. Jones and that allowing discovery to proceed here will "disguise witness tampering." Reply at 3. This conclusory allegation is baseless and, in any event, irrelevant to Defendants' motion for a stay of civil discovery.

Defendants' alter ego claim appears to acknowledge a fatal flaw in their motion—that Dr. Jones and Apothio are different parties, *see* Opp. at 6—and attempts to address it through a false and unsubstantiated claim that they are alter egos. But Apothio is its own corporate entity which has shareholders and observes corporate formalities, including the formalities pertaining to Dr. Jones's role as CEO. Piercing that corporate veil is a "heavy burden" and "[a]lter ego is an extreme remedy, sparingly used." *Clear Connection Corp. v. Comcast Cable Commc'ns Mgmt., LLC*, No. 2:12 Civ. 02910, 2020 WL 6742890, at *6 (E.D. Cal. Nov. 17, 2020).

Defendants' reply brief and accompanying attorney declaration come nowhere close to showing that Apothio is Dr. Jones's alter ego. Defendants' sole attempted support for their claim in an article published on the website HempGrower.com, which simply describes Apothio's research and development work in Canada in conjunction with a local college. *See* ECF No. 66-2 ("Smith Decl.") ¶ 4; *id.* Ex. K. Far from supporting Defendants' alter ego claim, the article makes numerous references to other senior leaders at Apothio, aside from Dr. Jones. *See id.* Ex. K at 1 (photograph of Joshua Renfro, labelled as Apothio "partner"); *id.* at 2 ("Members of Apothio's leadership team, including Jones, will split their time between the U.S. and

[Canada]"). It is telling that after a year of supposedly investigating Apothio and Dr. Jones, the best evidence Defendants can muster for their "alter ego" theory is a news article that simply describes Apothio's business ventures.

Defendants' "alter ego" claim cannot salvage their misguided stay motion for the separate and independent reason that it is irrelevant to their burden of demonstrating prejudice. As discussed in Apothio's Opposition brief, and further above, Defendants have not made a showing of any concrete harms they face if civil discovery were to proceed in this case. Defendants certainly do not explain how their belated assertion of "alter ego" status carries their burden of proving prejudice.

### III. The Belated Release of the Probable Cause Affidavit Does Not Support a Stay

Finally, Defendants attempt to rely on the recent release of the probable cause affidavit for their meritless prediction that Apothio's judicial deception claim will be dismissed in pending motion practice. Reply at 5-6. Though reply briefing on a discovery motion is not the appropriate place to litigate the merits of a pending motion to dismiss, the affidavit Defendants include only provides further support for Apothio's claims.

*First*, the probable cause affidavit repeatedly substantiates Apothio's judicial deception claim, including by failing to disclose to the Court Apothio's numerous voluntary communications and test results provided to Kern County (including the Kern County Sheriff's Office) in the months before the destruction, which both support Apothio's status as an EARI and that it was growing hemp, not marijuana. *Compare* Compl. ¶ 107 (alleging Defendants omitted "the many communications Plaintiff had with Kern County and the Kern County's Sheriff Office about its hemp production") *with* Smith Decl. Ex. O (excluding any reference to communications Apothio had with the Kern County Sheriff's Office or Kern County Agricultural

Commissioner about its operations and hemp varietals). The probable cause affidavit also validates Apothio's judicial deception claim by blatantly misrepresenting communications in an effort to manufacture probable cause, for example, by stating that Dr. Jones admits in writing to an illegal conspiracy to ship marijuana when in fact the writing reveals exactly the opposite. *Compare* Smith Decl. Ex. O at 10 (Dr. Jones "states" in a settlement letter that "Apothio conspired with NBGV" to ship marijuana) *with* Declaration of Katherine Eskovitz in Further Opposition to the Motion to Stay, Ex. A (Dr. Jones in fact writes that "NBGV unilaterally engaged in illegal and unacceptable behavior" by shipping marijuana). The probable cause affidavit also supports Apothio's other allegations, including improper testing, Compl. ¶¶ 122-139, because, among other reasons, Defendants destroyed several fields (totaling well over 100 acres) of Apothio hemp that tested well within the THC limits even by Defendants' own testing with a stated 2% margin of error for their field testing. *See* Smith Decl. Ex. O at 8 ("Typical results will fall within 2% of a lab for flower . . . .").

*Second*, while Defendants' argument focuses exclusively on the impact of the probable cause affidavit on Apothio's judicial deception claim, Apothio has many other claims that are subject to the same scope of discovery and will also survive the motion to dismiss. For example, Apothio's Fourth Amendment claim based on Defendants' lack of probable cause for their search and destruction is "independent of what was claimed in the search warrant application." *Finkelstein v. San Mateo Cty. Dist. Attorney's Office*, No. 18-CV-09, 2019 WL 1048244, at *14 (N.D. Cal. Mar. 5, 2019). Similarly, Apothio's Due Process claims do not depend on the judicial deception allegations. *See* Compl. ¶ 172. And of course, as explained in Apothio's Opposition, Apothio's state law claims, including under state law analogues of the Fourth Amendment and

Due Process claims, are guaranteed to survive because Defendants did not adequately move to dismiss them. *See* Opp. at 21 (explaining that the Kern County Defendants did not move to dismiss those claims at all and the F&W Defendants provide only one conclusory, and legally incorrect, sentence of argument).

Regardless, because of Defendants' stonewalling in producing the probable cause affidavit for the past year, Apothio was not able to rely on that document in its Complaint and the document is not before Judge Drozd on the pending motion to dismiss. As a result, while the probable cause affidavit overwhelmingly confirms Apothio's allegations in support of its judicial deception claim, which are more than sufficient to satisfy Federal Rule of Civil Procedure 12(b)(6), Defendants' reliance on the document at this stage is misplaced for this additional reason.

## CONCLUSION

For all the reasons stated above and in Apothio's Opposition, the Court should deny Defendants' Motion to Stay Discovery in its entirety.

Dated: December 11, 2020

/s/ *Katherine Eskovitz*
ROCHE CYRULNIK
 FREEDMAN LLP
Katherine Eskovitz
1158 26th Street, No. 175
Santa Monica, CA 90403
keskovitz@rcfllp.com
(646) 791-6883

Jordana Haviv (*pro hac vice forthcoming*)
Richard R. Cipolla (*pro hac vice*)
99 Park Avenue, 19th Floor
New York, NY 10016
jhaviv@rcfllp.com
rcipolla@rcfllp.com

*/s/ Sean Eskovitz*
ESKOVITZ LAW
Sean Eskovitz
1217 Wilshire Boulevard, No. 3683
Santa Monica, CA 90402
seane@eskovitz.com

BRANT W. BISHOP, P.C.
Brant W. Bishop (*pro hac vice*)
2000 Pennsylvania Avenue, NW
Suite 7000
Washington, DC 20006
brant@bishop.us

*Counsel for Apothio LLC*