**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| APOTHIO, LLC, | Case No.: 1:20-cv-00522-NONE-JLT |
| Plaintiff, | ORDER GRANTING DEFENDANTS' JOINT MOTION FOR DISCOVERY STAY |
| v. | |
| KERN COUNTY, et al., | (Doc. 58) |
| Defendants. | |

On November 12, 2020, Defendants California Department of Fish and Wildlife and its director Charlton H. Bonham (State Defendants), and Defendants County of Kern, the Kern County Sheriff's Office, Sheriff Donny Youngblood and Sergeant Joshua Nicholson (County Defendants) filed a joint motion for discovery stay. (Doc. 25.) Plaintiff filed an opposition to the stay on November 24, 2020. (Doc. 61.) On December 3, 2020, defendants filed a reply. (Doc. 66.) Plaintiff filed a sur-reply on December 11, 2020. (Doc. 69.) For the reasons set forth below, Defendants' joint motion for discovery stay is **GRANTED**.

**I.      Relevant Background**

The plaintiff filed this civil action on April 10, 2020. (Doc. 1.) The plaintiff alleges that, on October 25, 2019, state and county law enforcement agents entered farm fields in Kern County and ordered contract growers to destroy Apothio's *cannabis sativa L.* (marijuana) plants. (Doc. 1 at 26-28.) The state and county law enforcement agencies conducted the search with a search warrant. (Doc. 1 at

1

27.) The plaintiff asserts that the warrant was defective because of an incorrect description of Trent Jones (Apothio's principal) and the acreage grown and because it ignored Apothio's status as a research entity under California law. (Doc. 1 at 27-28.)

Based on the warrant's alleged defect, the plaintiff brings its first and second causes of action under 42 U.S.C. § 1983 as a Fourth Amendment search and seizure violation and as a Fourteenth Amendment violation of due process. (Doc. 1 at 41-43.) The third cause of action alleges the crop eradication and "the decision of the Defendants to prohibit Plaintiff's hemp Production" was a Fifth Amendment "taking" brought as a 42 U.S.C. § 1983 action. (Doc. 1 at 44.) The same search and seizure and due process theories are essentially repeated as state civil rights violations under California's "Bane Act" (Cal. Civ. Code § 52.1), in the fourth, fifth, sixth and seventh causes of action. (Doc. 1 at 45, 47, 48-49, 50.)

On June 12, 2020, defendants each filed motions to dismiss and the State Defendants joined the County Defendants' motion to strike. (Docs. 19, 21, 24.)

On September 16, 2020, plaintiff filed a motion to set a deadline for initial disclosures. (Doc. 49.) On September 30, 2020, State Defendants filed an opposition (Doc. 50) and County Defendants also filed an opposition (Doc. 52). The Court granted plaintiff's motion and ordered the parties to exchange initial disclosures on or before October 23, 2020. (Doc. 55.) According to the plaintiff, the disclosures were exchanged on October 23, 2020. (Doc. 58-1 at 4.)

On October 30, 2020, Trent Jones was arraigned for criminal misdemeanor charges related to the facts of this case. (Doc. 58-2 at 4, Smith Decl. ¶ 19.) Specifically, the charges are for the illegal cultivation and sale of marijuana. (Doc. 58-2 at 47.)

On October 14, 2020, plaintiff emailed written discovery propounded on defendants. (Doc. 58-1 at 4.) To the State Defendants, plaintiff served a Request for Production of Documents, Set 1, and to the County Defendants, plaintiff served a Request for Production of Documents, Set 1, and Requests for Admission, Set 1. (Smith Decl. ¶ 4; Doc. 58-2 at 6-38.)

On November 12, 2020, Defendants filed a joint motion for discovery stay. (Doc. 25.) Plaintiff filed an opposition to the stay on November 24, 2020. (Doc. 61.) On December 3, 2020, Defendants filed a reply. (Doc. 66.) The parties also filed a joint statement regarding the discovery disagreement.

2

(Doc. 65.) On December 11, 2020, plaintiff filed a sur-reply. (Doc. 69.)

## II.     Legal Standard

The Ninth Circuit has affirmed that district courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Though the Ninth Circuit has not provided a clear standard for evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, it has affirmed that district courts may grant such a motion for good cause. *Id.* (affirming district court's decision to stay discovery pending resolution of motion for summary judgment); *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss). Federal Rule of Civil Procedure 26 states "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery. Fed. R. Civ. P. 26(c)(1). The party seeking a protective order has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

"[T]he Federal Rules of Civil Procedure does not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Mlejnecky v. Olympus Imaging Am. Inc.*, 2011 WL 489743, at *6 (E.D. Cal. 2011). District courts do not favor blanket stays of discovery because "delaying or prolonging discovery can create unnecessary litigation expenses and case management problems." *Salazar v. Honest Tea, Inc.*, 2015 WL 6537813, at *1 (E.D. Cal. 2015) (citing *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)). When evaluating a motion to stay, district courts "inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Simpson*, 121 F.R.D. at 263.

District courts in the Ninth Circuit often apply a two-pronged test to decide whether to stay discovery. *Mlejnecky*, 2011 WL 4889743, at *6; *Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.*, 2007 WL 1146607, at *1 (E.D. Cal. 2007). The first prong requires that the pending motion "be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed." *Id*. The second prong requires the court to "determine whether the pending, potentially

3

dispositive motion can be decided absent additional discovery." *Id*. If either prong is not met, discovery should proceed. *Id*.

Further, a party has no constitutional right to a stay of civil proceedings during the pendency of a criminal investigation or prosecution, nor does the Constitution protect a party from being forced to choose between the consequences of asserting or waiving his Fifth Amendment rights in the civil proceedings. *Baxter v. Palmigiano*, 425 U.S. 308, 318-19 (1976); *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). Even so, after considering "the particular circumstances and competing interests involved in the case," a court has discretion either to stay the entire proceeding or fashion some other, less drastic way to protect a party's Fifth Amendment rights. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995); *see also eBay, Inc. v. Digital Point Solutions, Inc.*, No. C 08-4052 JF (PVT), 2010 WL 702463, at *5 (N.D. Cal. Feb. 25, 2010) (considering plaintiff's proposed alternatives to a stay, but ultimately denying stay). "The case for staying civil proceedings is 'a far weaker one' when '[n]o indictment has been returned[, and] no Fifth Amendment privilege is threatened." *Molinaro*, 889 F.2d at 903 (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980) (en banc)).

In considering whether to stay proceedings, the court "should consider 'the extent to which the defendant's [F]ifth [A]mendment rights are implicated.'" *Keating*, 45 F.3d at 324 (quoting *Molinaro*, 889 F.2d at 902). In addition, the court should consider the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to the plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 325. It is defendants' burden to persuade the court a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

**III.   Analysis**

A.   Relatedness of the Actions

As a preliminary matter, the requirement of the existence of a nexus between the parallel proceedings sufficient to show that such proceedings are related and involve substantially

4

similar issues is the threshold factor for a stay. *See Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 531 (S.D. W. Va. 2005). Absent this required nexus, the myriad of tangible concerns in favor of a stay, including the protection of a defendant's Fifth Amendment interest and the deleterious effect of civil discovery on the prosecution or defense, dissipates.

Defendants allege that good cause to stay discovery exists because plaintiff's principal, Trent Jones, has been arraigned for criminal charges. (Doc. 58-1 at 6.) Plaintiff, however, argues that the misdemeanor case against Trent Joes is not a parallel proceeding, and the civil claims will survive the outcome of the misdemeanor case. (Doc. 61 at 11.) Plaintiff further alleges that Apothio's case predates the misdemeanor case against Trent Jones by nearly a year. (Doc. 61 at 11.)

Though Trent Jones is not a named plaintiff in this action, the issues in the civil action and the ongoing criminal investigation are "related" and "substantially similar" inasmuch as the civil action arises out of Trent Jones's alleged unlawful conduct in connection with marijuana possession. As Defendants allege, Jones was arraigned on October 30, 2020 for criminal misdemeanor charges related to the facts of this case. (Doc. 58-1 at 4; Smith Decl. ¶ 19, Exh. G.) Thus, because the parallel proceedings will likely involve an overlap of witnesses and documentary evidence, the Court finds that this factor weighs in favor of a stay.

B.   Jones's Fifth Amendment Privilege

"While the extent to which a defendant's Fifth Amendment rights are implicated is a significant factor, it is only one consideration to be weighed against the other five factors." *ESG Capital Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1045 (C.D. Cal. 2014) (citing *Keating*, 45 F.3d at 326). Though the invocation of a defendant's Fifth Amendment privilege demands serious consideration, it is still permissible to allow a parallel civil case to proceed, even if the trier of fact draws adverse inferences from a defendant's invocation of his Fifth Amendment rights. *Keating*, 45 F.3d at 326 (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)).

Defendants contend that Jones's complete responses to defendants' discovery in this civil matter brought by his company cannot be assured because of his rights against self-incrimination. (Doc. 58-1 at 6.) Plaintiff argues in response that speculation about whether Jones might invoke the Fifth Amendment is hypothetical and such an invocation could not prejudice the defendants. (Doc. 61

5

at 18.)

As noted above, Defendants' arguments premised on the Fifth Amendment are unavailing. Even if the criminal case cause Jones, in his individual capacity, to assert his Fifth Amendment privilege given the factual and legal overlap between the investigation and the civil case here, corporate defendants are entitled to no such privilege. *Braswell v. United States*, 487 U.S. 99, 102 (1988). Nor does the privilege extend to corporate records. *Bellis v. United States*, 417 U.S. 85, 88 (1974). Moreover, a custodian of corporate records "has no privilege to refuse production [even if] their contents tend to incriminate him." *Wilson v. United States*, 221 U.S. 361, 382 (1911); *but see Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Fin., Inc.*, No. 2:09-CV-0954 FCD EFB, 2009 WL 2136986, at *3 (E.D. Cal. July 15, 2009) (staying action involving corporate defendant where "Fifth Amendment rights of every director or officer who may speak on behalf of the [corporation] are implicated, and thus, [the corporation] is likely to be greatly prejudiced"). Apothio, LLC is the sole corporate entity named in this action. That Jones serves as the principal of the corporate entity named in this action does not warrant a stay of discovery, given the totality of the record before the Court. Defendants may still elicit valuable testimony from unnamed corporate representatives and compel production of relevant records given the inapplicability of the Fifth Amendment privilege to the corporate entities. The extent to which Jones's Fifth Amendment rights are implicated does not warrant a stay of this action.

C.      Other *Keating* Factors

The other *Keating* factors also weigh in Plaintiff's favor and against granting a stay based on the pendency of the criminal investigation.

1.      Plaintiff's Interest in Proceeding

"Courts have recognized that a civil plaintiff has an interest in having her case resolved quickly." *ESG Capital*, 22 F. Supp. 3d at 1046. Plaintiff notes that it has been over a year since the alleged destruction, and the misdemeanor case could take "years" to resolve[1]. (Doc. 61 at 12.) Plaintiff claims an interest in collecting evidence while it is still fresh, before witnesses' memories fade and

---

[1] The Speedy Trial Act applies to misdemeanor cases too. Thus, it is fully within Jones's control whether the matter is determined within 70 days or whether it takes longer.

6

evidence becomes stale. (Doc. 61 at 12-14.) Plaintiff also claims that Defendants' alleged "destruction and subsequent press blitz threaten Apothio's continued financial viability." (Doc. 61 at 13.) Plaintiff contends that the alleged destruction and Kern County's public statements have hurt the plaintiff's relationship with its existing partners and made it difficult to forge relationships with new partners. (Doc. 61 at 13.) In reply, Defendants contend that it is the criminal acts alleged against Apothio that bring with them the prejudice it argues, suggesting that the criminal charges explain "the reticence of potential business partners and banks and other businesses in the highly regulated cannabis industry." (Doc. 66 at 3-4.) Plaintiff has a strong interest in pursuing the merits of his case. This factor weighs in its favor.

### 2. Burden on Defendants

As for the burden on defendants, "[c]ourts have found that even when a defendant's Fifth Amendment rights are implicated, this factor does not support granting a stay unless the defendant can show other 'compelling factors as described in *Keating*.'" *ESG Capital*, 22 F. Supp. 3d at 1046 (quoting *Gen. Elec. Co. v. Liang*, No. CV 13-08670 DDP (VBKx), 2014 WL 1089264, at *5 (C.D. Cal. Mar. 19, 2014)). As explained above, a custodian of corporate records cannot invoke a Fifth Amendment privilege over those records simply because the contents of the records are potentially incriminating to him in his individual capacity. *See Sanrio, Inc. v. Ronnie Home Textile Inc.*, No. 2:14-CV-06369-RSWL, 2015 WL 1062035, at *2 (C.D. Cal. Mar. 10, 2015). "[T]he custodian of corporate or entity records holds those documents in a representative rather than a personal capacity." *Id.* (citing *Braswell*, 487 U.S. at 109-10). Any burden imposed on the entity plaintiff in litigating this action does not outweigh other factors favoring continuation of these proceedings.

Defendants contend that discovery should be stayed because Plaintiff should not be permitted to misuse the civil discovery process for Jones's criminal case. (Doc. 58-1 at 6-8.) Defendants allege that even though criminal investigations are protected from disclosure, Apothio has attempted to obtain criminal investigative materials through document requests in this civil case and to lift the seal on the criminal investigation, including filing a petition for writ of mandate in the Kern County Superior Court, Case No., BCV-20-100711. (Doc. 58-1 at 6.) Defendants further allege that if the sealed documents are released to the plaintiff, Plaintiff can use the deposition of witnesses in the civil

matter to gain advantage for Jones in the criminal matter.[2] (Doc. 58-1 at 8.) Defendants also claim that they will be prejudiced by the inability to obtain discovery, alleging that Jones can refuse to respond to discovery by claiming the privilege against self-incrimination, and that the defendants will not have the benefit of the sealed documents in taking Jones' deposition. (Doc. 58-1 at 9-10.)

Plaintiff contests this, alleging that there has been no concerted effort to obtain investigative files on behalf of Jones. (Doc. 61 at 11.) Plaintiff further asserts that because the "sealed" materials have been released by the Superior Court to counsel in the misdemeanor case, Defendants' concerns are moot. (Doc. 61 at 11-12.) Although the "sealed" materials have been released, this does not render Defendants' concerns moot. The allegations demonstrate exactly what the Defendants contend, that the Plaintiff is attempting to obtain criminal investigative materials. The fact that Jones's criminal defense lawyer has access to the documents, does not render the criminal court's order null.[3] Moreover, the evidence demonstrates that Kern County Superior Court Judge Bradshaw denied Apothio's motion to unseal the warrant files, which Apothio sought after Jones's criminal attorney received the documents. (Doc 66 at 2; Doc. 66-2 at 2, Smith Supp. Decl. ¶¶ 2-3.)

Defendants also argue that defendants' official information and informant identities are privileged and not discoverable. (Doc. 58-1 at 8.) In response, the plaintiff argues that the informant privilege to protect the sources that inform the probable cause for the search warrant is now moot because of the Superior Court's release of that document without any redactions. (Doc. 61 at 15.) Regarding the official information privilege, the plaintiff contends that this is a qualified and narrow privilege that must be supported by specific facts, and even when those standards are met, because it is a qualified privilege, the official information privilege can give way due to the importance of material sought to the fair presentation of the litigant's case. (Doc. 61 at 16.)

To the extent that the Plaintiff is attempting to misuse the civil discovery process and obtain materials from an ongoing criminal investigation, the Court finds that a stay would be warranted.

---

[2] Without doubt, for all of the reasons Plaintiff argues here that the stay is detrimental to it, Plaintiff has a significant interest in Jones being acquitted in the criminal case.

[3] If this were the case, seemingly, Apothio would simply obtain the documents from Jones who would have the right the documents in the possession of the criminal defense lawyer. The Court surmises that Jones knows that he would face consequences from the criminal court should he share the documents with Apothio.

### 3. Judicial Efficiency

"[E]xpeditious resolution of cases is, as a general matter, preferable to delay of the Court's docket." *SEC v. Alexander*, No. 10-CV-04535-LHK, 2010 U.S. Dist. LEXIS 138547, at *16 (N.D. Cal. Dec. 22, 2010). Because "the court has an interest in clearing its docket," this factor weighs in favor of denying defendants' motion. *Molinaro*, 889 F.2d at 903. Plaintiff contends that the efficient use of judicial resources would be to proceed with discovery, as that could lead to a quicker resolution of the case. (Doc. 61 at 18.) Plaintiff also alleges that discovery could facilitate realistic settlement negotiations. (Doc. 61 at 18.) Additionally, Plaintiff claims that because the parties differ between the civil case and the criminal case, judicial economy would not be served by staying discovery pending resolution of the criminal case. (Doc. 61 at 18-19.) In reply, Defendants assert that they will be prejudiced by Plaintiff's open-ended discovery and depositions of law enforcement while criminal charges and investigation against Apothio and Jones are ongoing. (Doc. 66 at 3.) Nonetheless, for the reasons set forth above, this factor weighs in Plaintiff's favor.

### 4. Public and Non-Party Interests

The public has an interest in relatively speedy resolution of civil matters. *See Keating*, 45 F.3d at 326. Plaintiff argues that it has alleged that police misled judicial officers to purposefully destroy Apothio's crops in violation of state and federal law permitting hemp regulation, and the public has an interest in holding the government accountable for abuses of power. (Doc. 61 at 19.) Plaintiff also alleges that Apothio and other hemp cultivators have important research partners, and these research institutions have a significant interest in discovery proceeding without delay. (Doc. 61 at 19.) Given the court's strong interest in resolving cases on the merits, there is some heft to this argument. Plaintiff also argues that the potentially privileged nature of some of the documents does not implicate any public interest. (Doc. 61 at 20-21.) In reply, the Defendants allege that the criminal charges and not Apothio's civil suit explains the reticence of potential business partners and banks and other businesses to associate with Apothio. (Doc. 66 at 4.) Regardless of the impetus of the impacts on Apothio's business, this consideration is offset by the public interest in relatively speedy resolution of civil matters. *See Keating*, 45 F.3d at 326.

In sum, after considering each of the *Keating* factors and the extent to which defendants' Fifth

Amendment rights may be implicated by discovery in this action, the Court finds a stay of this action based on the ongoing criminal proceedings is unwarranted, at this time. However, as discussed below, the Court finds that a stay is warranted pending resolution of the motions to dismiss.

D.     Pending Motions to Dismiss

As set forth above, district courts in the Ninth Circuit often apply a two-pronged test to decide whether to stay discovery. *Mlejnecky*, 2011 WL 4889743, at *6; *Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.*, 2007 WL 1146607, at *1 (E.D. Cal. 2007). The first prong requires that the pending motion "be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed." *Id*. The second prong requires the court to "determine whether the pending, potentially dispositive motion can be decided absent additional discovery." *Id*. If either prong is not met, discovery should proceed. *Id*.

As to the first prong, Defendants contend that the pending motions to dismiss will dispose of the complaint. (Doc. 58-1 at 10-12.) Defendants assert that the motions to dismiss will dispose of the complaint essentially because Plaintiff's crops are legally and factually contraband under federal law, and that Plaintiff can have no property interest in such contraband. (Doc. 58-1 at 11-12.) In opposition, Plaintiff argues that the pending motions to dismiss do not justify staying discovery. (Doc. 61 at 24-30.) Plaintiff contends that Defendants cannot satisfy the first prong of the relevant framework because Defendants' motion to dismiss even if granted would neither be dispositive nor change the issues or parties subject to discovery. (Doc. 61 at 26.)

Defendants allege that the motions to dismiss filed by State Defendants and County Defendants assert Apothio's claims regarding violations of state and federal civil rights law, including unconstitutional search and seizure, the taking of its property, and due process violations, are uniformly unfounded. (Doc. 58-1 at 10.) Defendants contend that the marijuana plants seized were contraband, affording no protected civil rights. (Doc. 58-1 at 10.) Defendants assert that the complaint attempts to plead around the contraband status of Apothio's marijuana plants by asserting legal conclusions as facts. (Doc. 58-1 at 11.) Defendants allege that the complaint admits that law enforcement tested the plants, and Apothio criticizes the method of testing without citing to any studies of its own showing the THC levels of the seized plants were below 0.3 percent. (Doc. 58-1 at

11-12.)

Plaintiff contends that certain claims based on the same factual predicate as those in the motions to dismiss will survive because Defendants did not move to dismiss them. (Doc. 61 at 26.) Plaintiff also contends that the motions to dismiss will not dispose of the case because Defendants' argument—that Apothio's crops are legally and factually contraband under federal law, and that Apothio can have no property interest in contraband—has no application to Apothio's Fourth Amendment claim. (Doc. 61 at 27.) Plaintiff accordingly argues that Defendants' argument will not dispose of the complaint because Plaintiff's Fourth Amendment claim does not require a property interest to succeed. (Doc. 61 at 27.) Toward this end, Plaintiff alleges that its claim that the acts of Defendants deprived it of its intellectual property can survive. Plaintiff relies upon *Siva Enterprises v. Ott*, 2018 WL 6844714, at *5 (C.D. Cal. Nov. 5, 2018) for this proposition.

Though the Court does not here determine the merits of the motions to dismiss, it has taken a "preliminary peek" and finds that defendants' arguments are sufficiently meritorious for a finding that the motions are potentially dispositive of the case. *See Spearman v. I Play, Inc.*, 2018 WL 1382349, at *2 (E.D. Cal. Mar. 19, 2018) (noting a court can take a "preliminary peek" at a dispositive motion to determine if the first prong to stay discovery is satisfied). As Defendants assert, law enforcement's testing found Apothio's marijuana plants were contraband, and if true, Plaintiff can have no property interest in such contraband. (Doc. 58-1 at 11-12.) Notably, Plaintiff relies upon *Siva Enterprises v. Ott*, 2018 WL 6844714, at *5 (C.D. Cal. Nov. 5, 2018) for the proposition that a cannabis company can state a claim for theft of the intellectual property associated with the operation. However, Plaintiff is not claiming that its data was seized, it claims that its plants were. Thus, as part of its "peek" into the motions to dismiss, the Court observes that *Siva* does not address the situation here, where the plants were seized and, instead, addressed a situation in which data was stolen. The Court finds no part of *Siva* that suggests that characterizing contraband as intellectual property, transforms it from illegal contraband to lawful property.

Also, it is inconsequential that the motions to dismiss did not address the state law claims. (See Doc. 61 at 26-27.) Dismissal of the federal law causes of action would require the Court to dismiss the state causes of action for lack of supplemental jurisdiction.

As to the second prong, Defendants contend that discovery is not necessary to decide the motions to dismiss. (Doc. 58-1 at 12.) Plaintiff claims that it is not suggesting that further discovery is needed to deny the motions to dismiss, but merely that a stay is inappropriate because the motions to dismiss are both doomed to fail and will not dispose of many important claims. (Doc. 61 at 29-30.) Accordingly, there is no genuine dispute regarding whether the pending, potentially dispositive motions to dismiss can be decided absent additional discovery.

Because the Court finds that the pending motions to dismiss are potentially dispositive of the entire case and can be decided absent additional discovery and the Ninth Circuit's two-pronged test is satisfied, the Court concludes that discovery should not proceed.

**IV.     Conclusion and Order**

As discussed above, though the Court finds that a stay of discovery is not warranted based on the ongoing criminal proceedings and the *Keating* factors, the Court concludes that based on the pending dispositive motions to dismiss, a stay of discovery is warranted. For the foregoing reasons, Defendants' motion to stay discovery (Doc. 58) is **GRANTED** pending resolution of the motions to dismiss.

IT IS SO ORDERED.

Dated:   **January 7, 2021**                            **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE