Katherine Eskovitz
ROCHE CYRULNIK FREEDMAN LLP
1158 26th Street, No. 175
Santa Monica, CA 90403
keskovitz@rcfllp.com

Richard R. Cipolla
ROCHE CYRULNIK FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
rcipolla@rcfllp.com

Sean Eskovitz
ESKOVITZ LAW
1217 Wilshire Boulevard,
No. 3683
Santa Monica, CA 90402
seane@eskovitz.com

*Counsel for Apothio LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APOTHIO, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KERN COUNTY; KERN COUNTY SHERIFF'S OFFICE; CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE; DONNY YOUNGBLOOD; JOSHUA NICHOLSON; CHARLTON H. BONHAM; JOHN DOES #1 THROUGH #10, UNKNOWN AGENTS OF THE KERN COUNTY SHERIFF'S OFFICE; JOHN DOES #11 THROUGH #20, UNKNOWN AGENTS OF THE CALIFORNIA FISH AND WILDLIFE DEPARTMENT,<br><br>Defendants. | No. 1:20-CV-00522-NONE-JLT<br><br>**MOTION FOR LEAVE TO FILE AND NOTICE OF SUPPLEMENTAL INFORMATION REGARDING DEFENDANTS' DISCLOSURE OF PROBABLE CAUSE AFFIDAVIT**<br><br>Dept: Courtroom 4<br>Judge: NONE / Hon. Drozd |

Plaintiff Apothio LLC submits this Motion for Leave to File and Notice of Supplemental Information as follows:

In their motions to dismiss, Defendants argued that Apothio could not assert its judicial deception claim because Apothio did not have access to the search warrant affidavit that Defendants withheld for almost a year. *See, e.g.*, Fish and Wildlife Defendants' Reply Brief in Support of Motion to Dismiss the Complaint, ECF No. 39 at 9. In support of its judicial deception claim, Apothio alleged material misrepresentations and omissions based on information and belief, including statements made on the day of the wholesale destruction of Apothio's property by Defendant Joshua Nicholson, the lead investigator on this matter from Defendant Kern County Sheriff's Offices, and other circumstantial evidence. Complaint, ECF No. 1 ¶¶ 103–04, 113–15.

In their reply briefing on their Motion to Stay Discovery, on December 3, 2020, Defendants disclosed for the first time Defendant Nicholson's probable cause affidavit for the search warrant (the "Affidavit"). *See* Exhibit O, Declaration of Kelly Smith, ECF No. 66-2. While only Apothio's well-pleaded allegations are at issue in the pending motions to dismiss, the material omissions and misrepresentation in the Affidavit are entirely consistent with the allegations set forth in the Complaint.[1]

---

[1] Only the well-pleaded allegations of the Complaint are relevant to the Motions to Dismiss, *see, e.g., Americopters, LLC v. F.A.A.*, 441 F.3d 726, 732 n.4 (9th Cir. 2006), but this supplemental information is being provided to (1) apprise the Court of Defendants' disclosure since the completion of briefing; and (2) demonstrate that there is no need to amend the Complaint in light of Defendants' disclosure because the Affidavit is consistent with the allegations in the Complaint.

## I.   The Affidavit Reveals Defendants' Judicial Deception

As alleged in the Complaint to support Apothio's Section 1983 and California Bane Act claims (Counts One and Four), Defendants "intentionally or recklessly included material misstatements and/or omissions in the affidavit and/or statement of probable cause submitted in support of the search warrant application, including by misstating and/or omitting material information about Apothio's EARI status and Apothio's regular communication with county officials regarding its research and commercialization efforts, and by including the results of ad hoc field testing that was not only improperly conducted and unscientific, but irrelevant given Apothio's research status as an Established Agricultural Research Institute ("EARI")." Compl. ¶¶ 10, 107, 122–23. This allegation is entirely consistent with the Affidavit.

To illustrate, in an effort to misrepresent Apothio's legitimate EARI status, Defendant Nicholson's Affidavit blatantly misrepresents a communication by Apothio's CEO to claim that Apothio admitted in writing that it had "conspired" to import marijuana, when the writing (which was notably omitted from the Affidavit) reveals exactly the opposite. The Affidavit claims that Apothio's CEO had written that "Apothio conspired with NBGV[2] to ship 3300lbs of marijuana," but what Apothio's CEO in fact wrote was that "NBGV unilaterally engaged in illegal and unacceptable behavior" by shipping marijuana, which caused Apothio to cease doing business with NBGV and ultimately led to litigation. *Compare* Affidavit at 10 *with* ECF No. 69-2 Ex. A.

The Affidavit also misleadingly omits all of the testing and research that Apothio conducted and shared with Defendants before the destruction, which established that the

---

[2] NBGV stands for "Newbridge Global Ventures" and is Apothio's former business partner.

**APOTHIO'S MOTION FOR LEAVE TO FILE AND NOTICE SUPPLEMENTAL INFORMATION
CASE NO. 1:20-CV-00522-NONE-JLT**

destroyed plants were hemp and not marijuana. Compl. ¶ 79–82, 107.[3] There are no allegations in the Complaint of any test results of Defendants indicating marijuana. The Complaint instead relies on Apothio's own laboratory-grade chromatograph testing, which shows that the plants were indeed hemp and not marijuana. *Id.* ¶ 61.

The Affidavit also confirms that Defendants "included material misstatements and/or omissions" about the "results of ad hoc field testing" that were "improperly conducted and unscientific." *Id.* ¶ 10. For example, Defendant Nicholson never disclosed the legal requirement that industrial hemp be tested with laboratory equipment. *See id.* ¶ 124; Cal. Food & Agric. Code § 81006(e)(9), or that the ad hoc test results provided did not meet any of the legal requirements for testing.[4]

## II.   The Affidavit Directly Contradicts Defendants' Legal Argument in the Motions to Dismiss That EARIs Did Not Have Any Legally Protected Status

Finally, Defendants' legal position in the Affidavit directly contradicts the position they have taken in their Motions to Dismiss. In their motions, Defendants asserted for the first time that Apothio could not be protected by its research status under California law, which permitted it to grown hemp in excess of 0.3% THC, on the ground that federal law somehow preempts California's protections for EARIs. *See, e.g.*, Kern Defendants' Motion to Dismiss the Complaint, ECF No. 18 at 3; Fish and Wildlife Defendants' Motion to Dismiss, ECF No. 21-2 at 12–13. As Apothio explained in its opposition, Defendants' argument is meritless because it

---

[3] Of course, at the pleading stage, the facts in the Complaint, including that Apothio hemp plants at the time of destruction were below 0.3% THC, Compl. ¶¶ 62, 82, must be accepted as true. *See, e.g.*, *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

[4] Notably, even by Defendants' own flawed, ad hoc testing, several fields of Apothio hemp, totaling well over a hundred acres, tested well within the THC limits when accounting for the stated margin of error. *See* Affidavit at 7–8.

APOTHIO'S MOTION FOR LEAVE TO FILE & NOTICE SUPPLEMENTAL INFORMATION
CASE NO. 1:20-CV-00522-NONE-JLT

mischaracterizes federal and state law. Apothio's Opposition to Fish and Wildlife Defendants'

Motion to Dismiss, ECF No. 35 at 11. California law governed hemp production. *Id.* at 12. But it

is notable that the Affidavit agrees with Apothio's position, acknowledging that a valid and

enforceable state research exemption did indeed exist for the cultivation of hemp and for Apothio

specifically. *See* Affidavit at 7 ("The fields that are being cultivated by Apothio, are operating

under the research exemption . . . .The research exemption allows for cultivators to grow and

possess hemp/cannabis that is over 0.3% THC content"). These statements undermine

Defendants' arguments that the crops were contraband and illegal even under state law.[5]

Dated: January 15, 2021

/s/ Katherine Eskovitz
ROCHE CYRULNIK
 FREEDMAN LLP
Katherine Eskovitz
1158 26th Street, No. 175
Santa Monica, CA 90403
keskovitz@rcfllp.com
(646) 791-6883

Richard R. Cipolla (*pro hac vice*)
99 Park Avenue, 19th Floor
New York, NY 10016
rcipolla@rcfllp.com

/s/ Sean Eskovitz
ESKOVITZ LAW
Sean Eskovitz
1217 Wilshire Boulevard, No. 3683
Santa Monica, CA 90402
seane@eskovitz.com

*Counsel for Apothio LLC*

---

[5] Nevertheless, whether crops are contraband is irrelevant to a Fourth Amendment claim, which survives regardless of whether there is a property interest because "the officers' knowledge of" legal state authorization (such as a research exemption) "may be relevant to whether they had probable cause" under a state warrant. *See, e.g.*, *Allen v. Kumagai*, 356 F. App'x 8, 9 (9th Cir. 2009).

**APOTHIO'S MOTION FOR LEAVE TO FILE AND NOTICE SUPPLEMENTAL INFORMATION
CASE NO. 1:20-CV-00522-NONE-JLT**