1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   APOTHIO, LLC,                          Case No. 1:20-cv-00522-JLT-CDB

12                 Plaintiff,               ORDER GRANTING STATE DEFENDANTS'
                                            MOTION FOR DISCOVERY STAY
13          v.
                                            (Docs. 116, 119)
14   KERN COUNTY, et al.

15                 Defendants.

16

17          Before the Court is Defendants California Department of Fish and Wildlife, ("CDFW"),

18   CDFW Director Charlton H. Bonham, and CDFW Captain Andrew Halverson (collectively "State

19   Defendants") Motion to Stay Discovery (Doc. 116), Plaintiff Apothio, LLC's ("Plaintiff")

20   Opposition to the motion (Doc. 117), and State Defendant's Reply (Doc. 118).  Plaintiff also filed

21   a Motion to File a Sur-Reply (Doc. 119) with accompanying sur-reply brief.[1]

22   **Relevant Factual and Procedural Background**

23          **Procedural History**

24          In its first amended complaint ("FAC") (Doc. 88, FAC), Plaintiff alleges the following

25   facts.  Plaintiff is "an emerging vertically integrated player in the development of hemp-based

26   foods, nutraceuticals, and (eventually) pharmaceuticals." *Id*. at ¶ 65.  Plaintiff was at all relevant

27

28          [1] The Court GRANTS Plaintiff's motion and has considered the sur-reply brief (Doc. 119-
     2).

1    times an established agricultural research institution ("EARI") under California law.  *Id*. at ¶ 66

2    (citing Cal. Health & Safety Code § 81000(c)).  As part of its operations as an EARI, Plaintiff

3    maintains hundreds of acres of land for hemp research.  *Id*. at ¶ 66.  In Kern County, California,

4    Plaintiff maintained approximately 500 acres of land to grow, research, and harvest hemp plants.

5    *Id*. at ¶¶ 66, 97-98, 107-09.

6        In March 2019, Plaintiff planted approximately 17 million industrial hemp seeds on the

7    approximately 500 acres located in Kern County.  *Id*. at ¶ 110.  The hemp plants were grown

8    openly in the approximately 500 acres of fields, which were bordered by several "No

9    Trespassing" signs.  *Id*. at ¶ 111.  On September 9, 2019, Plaintiff was sued by a former vendor,

10   Newbridge Global Ventures, and its related entities.  *Id*. at ¶ 129.  Plaintiff asserts Newbridge

11   attempted to gain leverage over Plaintiff by reporting it was growing "500 acres of illegal

12   Cannabis" to law enforcement.  *Id*. at ¶¶ 129-33.

13       On October 17, 2019, Defendant Halverson, a CDFW Lieutenant, applied for and

14   obtained a search warrant to collect samples from Plaintiff's field for tetrahydrocannabinol

15   ("THC") testing.  *Id*. at ¶¶ 29, 134. Halverson's warrant application represented that Plaintiff

16   intended to sell cannabis to out-of-state buyers.  *Id*. at ¶ 138.  Plaintiff contends Defendant

17   Halverson obtained the search warrant by intentionally, knowingly, and recklessly

18   misrepresenting or omitting material facts to deceive the court.  *Id*. at ¶¶ 136-73.  Plaintiff asserts

19   Defendants Halverson and Nicholson (a Sergeant with Kern County Sheriff's Office) executed

20   the search warrant at night and "took 36 unscientific and unrepresentative samples from

21   [Plaintiff's] crops" to corroborate statements made by a Newbridge employee.  *Id*. at ¶¶ 28, 175.

22   Plaintiff alleges Halverson failed to file a return for the search warrant listing what he took and

23   retained, failed to send samples to an independent certified lab as required by law and destroyed

24   evidence.  *Id*. at ¶ 176.

25       On October 24, 2019, Defendant Nicholson applied for and obtained a search warrant to

26   search and seize property used "as a means of committing a public offense."  *Id*. at ¶ 180.

27   Plaintiff alleges Defendant Halverson reviewed Nicholson's warrant and affidavit before he

28   submitted it to the court.  *Id*. at ¶ 182.  Plaintiff argues Defendant Nicholson obtained the search

1    warrant based on many of the same intentional, knowing, and reckless misrepresentations and

2    omissions that Halverson made in his warrant and affidavit.  *Id*. at ¶ 183.

3           On October 25, 2019, state and county law enforcement agents executed Nicholson's

4    warrant and entered Plaintiff's hemp fields in Kern County.  *Id*. at ¶ 250.  Plaintiff asserts that the

5    warrant was defective because of an incorrect description of Trent Jones (Plaintiff's principal),

6    the acreage grown, and because it ignored Plaintiff's status as a research entity under California

7    law.  *Id*. at ¶¶ 254-57.  Plaintiff alleges Defendant Nicholson acknowledged CDFW Director

8    Bonham had ratified the destruction of Plaintiff's crops.  *Id*. at ¶ 258.  Soon after, Defendants

9    destroyed all approximately 500 acres of Plaintiff's plants.  *Id*. at ¶ 266.

10          On April 10, 2020, Plaintiff filed this civil action against State Defendants and Defendants

11   Kern County, Kern County Sheriff's Office, Sheriff Donny Youngblood, and Sergeant Joshua

12   Nicholson (collectively "County Defendants").  (Doc. 1, Complaint ¶¶ 16-21).  State Defendants

13   filed a motion to dismiss on June 12, 2020.  (Doc. 21).  County Defendants filed a motion to

14   strike portions of Plaintiff's complaint on June 12, 2020, and a motion to dismiss on June 15,

15   2020.  (Docs. 19, 24).  On July 13, 2020, Plaintiff filed oppositions to the motions to dismiss and

16   Defendants filed replies on July 29, 2020.  (Docs. 34, 39, 41).

17          On October 30, 2020, Plaintiff's CEO Trent Jones was arranged for criminal misdemeanor

18   charges related to the facts of this case. (Doc. 58-2 at 4).  On November 12, 2020, Defendants

19   jointly moved for a discovery stay on the grounds that discovery cannot proceed without

20   prejudice to Defendants while criminal charges proceed against Jones and that the motions to

21   dismiss and strike filed by Defendants will dispose of the entire complaint without further

22   discovery.  (Doc. 58).  On November 24, 2020, Plaintiff filed an opposition to Defendants' joint

23   motion for a discovery stay.  (Doc. 61).

24          State Defendants filed a reply on December 3, 2020.  (Doc. 66).  The next day, Plaintiff

25   filed a motion to strike improper content, or in the alternative, for leave to file a sur-reply in

26   opposition to Defendant's motion to stay discovery.  (Doc. 67).  The Court granted Plaintiff's

27   request and Plaintiff filed a sur-reply on December 11, 2020.  (Docs. 68-69).

28

1      On January 8, 2021, the Court granted Defendants' joint motion for a discovery stay.

2   (Doc. 72).  The Court found the issues in this civil action and Jones' ongoing criminal

3   investigations were parallel proceedings that would likely involve an overlap of witnesses and

4   documentary evidence.  *Id*. at 5.  However, the Court found a discovery stay of this action based

5   on Jones's Fifth Amendment pleading rights and the ongoing criminal proceedings was

6   unwarranted, at that time.  *Id*. at 5-9.  Instead, the Court found a stay was warranted pending

7   resolution of Defendants' motions to dismiss.  *Id*. at 10-12.  The Court took a "preliminary peek"

8   at the parties' motion to dismiss and held Defendants' arguments were "sufficiently meritorious

9   for a finding that the motions are potentially dispositive of the case."  *Id*. at 11. Further, the Court

10  found there was no genuine dispute regarding whether the pending, potentially dispositive

11  motions to dismiss can be decided absent additional discovery.  *Id*. at 12.

12     On April 25, 2022, the Court granted State Defendants' motion to dismiss on Rule 8

13  grounds and declined to address the remainder of the motion.  (Doc. 86).  The Court found

14  Plaintiff's complaint failed to specify which State Defendant took what action.  *Id*. at 15-16.  The

15  Court granted in part and denied in part County Defendant's motion to dismiss.  *Id*. at 18-39.  The

16  Court held Plaintiff adequately pled a due process claim as Plaintiff' to survive a motion to

17  dismiss.  *Id*. at 24.  The Court found Plaintiff's crops were not contraband per se and were due at

18  least some process before their destruction.  *Id*.  For the same reason, County Defendant's motion

19  to dismiss Plaintiff's Bane Act and Takings Clause claim were denied.  *Id*. at 24-25.

20     The Court also granted County Defendant's motion to dismiss Plaintiff's claim alleging

21  unreasonable search, seizure, and destruction in violation of the Fourth Amendment.  *Id*. at 25-30.

22  The Court took judicial notice of Defendant Halverson and Defendant Nicholson's search

23  warrants and affidavits.  *Id*. at 27.  The Court found the content of Defendants' probable cause

24  affidavits rendered some of Plaintiff's Fourth Amendment claims that Defendants engaged in

25  judicial deception, "facially obsolete" and the rest insufficient to make out a judicial deception

26  claim.  *Id*.   The Court considered Plaintiff's claim Defendant Halverson lacked a valid warrant

27  but found "the complaint does not presently state a claim that effectively undermines that

28

1    warrant." *Id*. at 29.  However, because it was possible that Plaintiff could cure the identified

2    deficiencies, the Court granted Plaintiff leave to amend its' Fourth Amendment claim.  *Id*. at 30.

3           On May 25, 2022, Plaintiff filed the operative FAC.  (Doc. 88).  Plaintiff raises federal

4    and state claims against all Defendants for (1) unreasonable search and seizure/destruction, (2)

5    due process, (3) taking of private property without just compensation, (4) conversion, (5) trespass

6    to chattels, (6) negligence, and for (7) declaratory judgment.  *Id*. at ¶¶ 304-380.  On August 8,

7    2022, Defendants filed separate motions to dismiss.  (Docs. 94-95).  On September 30, 2022,

8    Plaintiff filed an opposition to Defendants' motions to dismiss.  (Doc. 103).  State Defendants

9    filed a reply on October 27, 2022.  (Doc. 109).  County Defendants filed a reply on November 15,

10   2022.  (Doc. 111).  Plaintiff filed a motion for leave to file a sur-reply on November 22, 2022.

11   (Doc. 115).  Both motions to dismiss are pending before the Court.

12          **The Pending Motion to Stay Discovery**

13          On December 12, 2022, Plaintiff sent State Defendants a first set of five interrogatories

14   and a second set of requests for production of documents.  (Docs. 116-1 at 5, 116-2 at Exs. B and

15   C ).  On January 24, 2023, State Defendants filed a motion for a discovery stay.  (Doc.  116).

16   State Defendants request "all discovery, including that already propounded" should be stayed.

17   (Doc. 116-3 at 2).  State Defendants assert a stay of discovery is appropriate as their motion to

18   dismiss disposes of all claims against them.  (Doc. 116-1 at 6-7).  State Defendants argue

19   Plaintiff's claims regarding violations of state and federal civil rights law, including

20   unconstitutional search and seizure, the taking of its property, and due process violations, are

21   uniformly unfounded as State Defendants had "abundant probable cause to search Plaintiff's open

22   fields." *Id*. at 6.

23          State Defendants claim their "motion to dismiss Defendant Halverson is grounded in the

24   court's prior ruling to dismiss [Plaintiff's] claims based upon the lack of probable cause for the

25   search warrant." *Id*. at 7.  State Defendants assert Plaintiff has failed to plead any material facts

26   that Defendant Halverson's search involved judicial deception or that he made "deliberately false

27   statements or recklessly disregarded the truth." *Id*.  State Defendants also argue that a stay of

28   discovery is appropriate as it comports with the precedent that a ruling on qualified immunity

1    "should be made early in the proceedings so that the costs and expenses of trial are avoided where

2    the defense is dispositive." *Id*.  State Defendants contend there are no factual issues requiring

3    discovery to decide the motion to dismiss. *Id*. at 8.  Moreover, State Defendants argue discovery

4    should be stayed because Plaintiff is attempting to misuse the civil discovery process for Jones'

5    criminal case. *Id*.

6         On February 7, 2023, Plaintiff filed an opposition arguing a discovery stay is not

7    necessary. (Doc. 117).  First, Plaintiff argues the Court already denied County Defendants'

8    motion to dismiss and "there is no reasonable or coherent basis to conclude…that the Court for

9    some reason will change its mind and not permit those claims to proceed." *Id*. at 3.  Plaintiff

10   claims it will be entitled to take discovery of the County Defendants, and it would be inefficient

11   for the parties to conduct discovery in a piecemeal fashion. *Id*.

12        Next, Plaintiff asserts State Defendants are unlikely to succeed on their motion to dismiss.

13   Plaintiff argues State Defendants' motion to dismiss contains only conclusory assertions that

14   Defendant Halverson's search was proper. *Id*. at 8-9.  Plaintiff argues State Defendants' motion

15   fails to account for Plaintiff's "substantially revised factual allegations and for the critical

16   fact…[Plaintiff] drafted them with the benefit of the probable cause affidavits." *Id*. at 9.  Plaintiff

17   contends State Defendants fail to explain how their pending motion to dismiss will succeed

18   despite these new allegations. *Id*.

19        Plaintiff also argues State Defendant's qualified immunity defense cannot be a basis to

20   stay discovery. *Id*. at 11-12.  Plaintiff claims qualified immunity only protects an official from

21   "broad reaching" discovery, it does not justify State Defendant's request for a blanket stay of

22   discovery. *Id*. at 12.  Further, Plaintiff asserts State Defendants do not possess a viable qualified

23   immunity defense as to Plaintiff's judicial deception and state law claims. *Id*.

24        Plaintiff avers it will be severely prejudiced with a discovery stay as State Defendants

25   have already destroyed evidence and there is a risk that witnesses' memories will fade. *Id*. at 9.

26   Plaintiff claims Defendant Halverson's emails, prior to November 2019, already were improperly

27   destroyed after State Defendants failed to implement preservation measures and raises concerns

28   other evidence could be lost by State Defendants. *Id*. at 10.  Similarly, Plaintiff raises concerns

1    that relevant witness testimony may be "lost forever" and identifies one Kern County Sheriff

2    Officer commander "who made extensive public statements about the search has already passed

3    away." *Id*. at 9.

4          Plaintiff contends State Defendants' argument Plaintiff is attempting to misuse the civil

5    discovery process for Jones' criminal case is unfounded. *Id*. at 12.  Plaintiff asserts the Court has

6    already held that the "*Keating*" factors do not justify a stay in this case and State Defendants'

7    renewed motion sets out no grounds for any different result.  *Id*. (citing *Keating v. Office of Thrift*

8    *Supervision*, 45 F.3d 322 (9th Cir. 1995)).

9          On February 17, 2023, State Defendants filed a reply.  (Doc. 118).  State Defendants

10   reiterate their motion to dismiss will dispose of the need for discovery.  *Id*. at 2.  State Defendants

11   assert Plaintiff has no plausible due process allegations against them as Defendant Halverson

12   merely collected and tested Plaintiff's crops, and the County eradicated Plaintiff's crops.  *Id*. at 5.

13   State Defendants argue Plaintiff's judicial deception claim "lacks plausible factual allegations in

14   the original complaint and remain uncured in the [first amended complaint]." *Id*. at 3.  State

15   Defendants contend Defendant Halverson had probable cause to search and sample Plaintiff's

16   open fields.  *Id*. at 4.  Further, State Defendants aver Plaintiff's "utter failure" to allege any

17   plausible judicial deception by Defendant Halverson "cements his qualified immunity as an

18   induvial" and supports State Defendants' argument their motion to dismiss will dispose of all

19   Plaintiff's claims against them.  *Id*. at 5-6.

20         State Defendants argue Plaintiff's spoliation accusations are baseless and irrelevant.  *Id*. at

21   6. State Defendants claim Plaintiff's accusations of evidence destruction are unfounded and

22   provided declarations in support of this claim from Defendant Halverson and David Perez, a

23   cyber-security analyst employed with CDFW.  *Id*.; (Docs. 118-1, 118-2).  State Defendants claim

24   even if evidence had been destroyed, continuing discovery will not bring that evidence back.

25   (Doc. 118 at 6).  State Defendants contend whether they were sufficiently on notice of pending

26   litigation to preserve evidence is a separate legal and factual dispute not before this Court and

27   Plaintiff's "attempt to manufacture a threat of spoliation to continue discovery is not grounds to

28   oppose the motion to stay." *Id*. at 7.

1      On February 24, 2023, Plaintiff filed a motion to file a sur-reply in opposition to State

2   Defendant's motion to stay discovery.  (Doc. 119).  Plaintiff claims the affidavits of Defendant

3   Halverson and Mr. Perez confirm State Defendants had allowed Defendant Halverson's emails to

4   be deleted.  (Doc. 119-2 at 3).  Plaintiff asserts Mr. Perez's claim there are some deleted emails

5   he was able to recover further supports denial of State Defendants motion as "[t]he more time that

6   passes, the more difficult it will be to recover any deleted emails."  *Id.*

7   **Legal Standard**

8      A district court has wide discretion in controlling discovery.  *Little v. City of Seattle*, 863

9   F.2d 681, 685 (9th Cir. 1988).  Though the Ninth Circuit has not provided a clear standard for

10   evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, it has

11   affirmed that district courts may grant such a motion for good cause.  *Id*. (affirming district

12   court's decision to stay discovery pending resolution of the motion for summary judgment); *see*

13   *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of

14   protective order staying discovery pending resolution of the motion to dismiss); *see also* Fed. R.

15   Civ. P. 26(c)(1) ("the court may, for good cause, issue an order to protect a party or person from

16   annoyance, embarrassment, oppression, or undue burden or expense").  The party seeking a

17   protective order has the burden "to 'show good cause' by demonstrating harm or prejudice that

18   will result from the discovery."  *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

19      "[T]he Federal Rules of Civil Procedure does not provide for automatic or blanket stays of

20   discovery when a potentially dispositive motion is pending."  *Mlejnecky v. Olympus Imaging Am.*

21   *Inc.*, No. 2:10-cv-02630 JAM KJN, 2011 WL 489743, at *6 (E.D. Cal. 2011).  Blanket stays of

22   discovery are disfavored as "delaying or prolonging discovery can create unnecessary litigation

23   expenses and case management problems."  *Salazar v. Honest Tea, Inc.*, No. 2:13-cv-02318-

24   KJM-EFB, 2015 WL 6537813, at *1 (E.D. Cal. 2015) (citing *Simpson v. Specialty Retail*

25   *Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D. N.C. 1988)).  When evaluating a motion to stay,

26   district courts "inevitably must balance the harm produced by a delay in discovery against the

27   possibility that the motion will be granted and entirely eliminate the need for such discovery."

28   *Simpson*, 121 F.R.D. at 263.

1    District courts in the Ninth Circuit often apply a two-pronged test to decide whether to

2  stay discovery. *Mlejnecky*, 2011 WL 4889743, at *6; *Seven Springs Ltd. P'ship v. Fox Capital*

3  *Mgmt. Corp.*, No. S-07-00142 LKK GGH, 2007 WL 1146607, at *1 (E.D. Cal. 2007). The first

4  prong requires that the pending motion "be potentially dispositive of the entire case, or at least

5  dispositive on the issue at which discovery is aimed." *Mlejnecky*, 2011 WL 4889743, at *6.

6  Under the first prong, even if the motions are not completely dispositive, courts will stay

7  discovery where "resolution of the motions will impact the number of defendants and legal

8  theories at issue which will in turn impact the scope of discovery." *Pacific Surf Designs, Inc. v.*

9  *Whitewater West Indus., Inc.*, 2021 WL 3080061, at *2 (S.D. Cal. July 21, 2021). *Accord Penn v.*

10  *Lucas*, No. 1:18-cv-01482-AWI-BAK (PC), 2022 WL 16702913, at *2 (E.D. Cal. Oct. 28, 2022)

11  (granting discovery stay where "Defendants' motion is potentially dispositive of the entire action

12  as to at least two defendants."). The second prong requires the court to "determine whether the

13  pending, potentially dispositive motion can be decided absent additional discovery." *Mlejnecky*,

14  2011 WL 4889743, at *6. If either prong is not met, discovery should proceed. *Id.*

15  **Discussion and Analysis**

16    Taking the second prong first, there is no genuine dispute that State Defendants' motion to

17  dismiss can be decided without additional discovery. At present, the motion to dismiss has been

18  fully briefed, and the Court has taken the parties' pleadings under consideration. (Docs. 94, 103,

19  109, 115). Accordingly, the Court finds that State Defendants have met their burden as to this

20  prong.

21    Regarding the first prong, the Court has taken a "preliminary peek" at the merits of the

22  underlying motion to dismiss in considering whether a stay of discovery as to State Defendants is

23  warranted in this case. *Tradebay LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011); *see also*

24  *Qwest Commc'ns Corp v. Herakles, LLC.*, No. 2:07-cv-00393-MCE-KJM, 2007 WL 2288299, at

25  *2 (E.D. Cal. 2007). The Court's "preliminary peek" is not intended to prejudge the outcome of

26  the motion. *Zurich Am. Ins. Co. v. Wm. Bolthouse Farms, Inc.*, No. 21-cv-00783-NONE-JLT,

27  2021 WL 4493532, at *5 (E.D. Cal. Oct. 1, 2021) (acknowledging that "taking a 'preliminary

28  peek' and evaluating a pending dispositive motion puts a magistrate judge in an awkward

1    position," because the district judge "may have a different view of the merits of the underlying

2    motion") (citing *Tradebay*, 278 F.R.D. at 604).  The Court finds that State Defendants' qualified

3    immunity arguments are sufficiently meritorious for a finding that the motion is potentially

4    dispositive on "the issues at which discovery is aimed."  *Stavrianoudakis v. U.S. Department of*

5    *Fish & Wildlife*, No. 1:18-cv-01505-LJO-BAM, 2019 WL 9667685, at *2 (E.D. Cal., Dec. 20,

6    2019).

7          Plaintiff claims Halverson's judicial deception prohibits State Defendants from advancing

8    a qualified immunity defense.  Plaintiff argues Defendant Halverson engaged in judicial

9    deception by submitting a search warrant application that contained material misrepresentations

10   and omissions.  When asserting a claim for judicial deception in violation of one's Fourth

11   Amendment rights, the proponent must show that the affiant "made deliberately false statements

12   or recklessly disregarded the truth in the affidavit and that the falsifications were material to the

13   finding of probable cause."  *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir.

14   2002) (internal quotation marks and citation omitted).  "To determine the materiality of omitted

15   facts, [courts] consider whether the affidavit, once corrected and supplemented, establishes

16   probable cause."  *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1084 (9th Cir. 2011) (internal

17   quotation marks and citation omitted).  A plaintiff must allege, and ultimately establish, that

18   "without the dishonestly included or omitted information, the magistrate would not have issued

19   the warrant.  Put another way, the plaintiff must establish that the remaining information in the

20   affidavit is insufficient to establish probable cause."  *Hervey v. Estes*, 65 F.3d 784, 789 (9th Cir.

21   1995), as amended on denial of reh'g (Dec. 5, 1995).

22         Here, Plaintiff argues Halverson misrepresented in his search warrant affidavit a

23   terminated processing agreement between Plaintiff and the company ProCann that demonstrates

24   an intent to sell, omitted exculpatory information contained in an FBI Report regarding Plaintiff's

25   "record of compliance," and omitted facts that undermined the credibility of Halverson's

26   informants.  (Doc. 103 at 24-28).  Plaintiff asserts without these misrepresentations and omissions

27   the reviewing magistrate judge would not have found probable cause to grant Halverson's

28   warrant.  The Court has reviewed Halverson's warrant application and assesses it more likely than

1    not that a reviewing court would find sufficient probable cause existed to grant State Defendants'

2    warrant application, with or without Plaintiff's alleged misrepresentations and omissions.  *See*

3    (Doc. 88-1).

4           State Defendants have advanced a sufficient qualified immunity defense.  The FAC

5    alleges Defendant Halverson's role in the investigation was limited to collecting and analyzing

6    test samples from Plaintiff's crops – an act, this Court assesses in connection with its

7    "preliminary peek," that was authorized by a lawful warrant.  Moreover, the FAC fails to allege

8    any constitutional violations or specific knowledge of a violation by Director Bonham.

9    Therefore, in its "preliminary peek" analysis of the merits of Defendants' motion to dismiss, it is

10   more likely than not that State Defendants will be found to be entitled to qualified immunity.  *See*

11   *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (a government official is entitled to qualified

12   immunity from a claim for damages unless the plaintiff raises a genuine issue of fact showing a

13   violation of a constitutional right that was clearly established at the time of Defendant's alleged

14   misconduct).  Plaintiff's assertion that even a meritorious qualified immunity defense is an

15   improper basis on which to grant a motion to stay is without merit.  *See, e.g.*, *Bride v. Snap Inc.*,

16   No. 2:21-cv-06680-FWS-MRW, 2022 WL 17184600, at *3 (C.D. Cal. Oct. 21, 2022) (granting

17   stay in part because "if Defendants prevail on their arguments under the CDA—that immunity

18   under the statute applies to Plaintiffs' federal and state law claims—Plaintiffs claims would be

19   barred under the CDA.  As such, the court finds the motions to dismiss currently pending in this

20   case to be potentially dispositive of this case."); *Onuoha v. Facebook Inc.*, No. 5:16-cv-06440-

21   EJD, 2017 WL 11681325, at *1 (N.D. Cal. Apr. 7, 2017) (same).

22          Aside from the two-prong analysis discussed above, the Court is mindful that it "should

23   inevitably balance the harm of staying discovery with the benefit of allowing discovery to

24   continue."  *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 290 (S.D. Cal. 2000).  Thus,

25   the Court has considered Plaintiff's claim that further delay will cause prejudice as State

26   Defendants have destroyed evidence and witnesses' recollection may deteriorate over time.  But

27   denying State Defendants' stay request on this basis would be an improper remedy to address

28   Plaintiff's allegation of spoliation of evidence.  To the extent Plaintiff can substantiate its

1   assertion that State Defendants have engaged in the destruction of evidence, Plaintiff may seek

2   appropriate sanctions in advance of trial. *See Ho Keung Tse v. Apple, Inc.*, No. C 06-06573 SBA,

3   2010 WL 1838691, at *3 n. 2 (N.D. Cal. 2010).  Further, any prejudice to Plaintiff that witnesses'

4   memories will fade is minimal given that this proceeding and the related criminal proceedings

5   involve similar facts, and witnesses, and it is unlikely that evidence will be lost or memories will

6   fade with the passage of time. *McCormick v. Rexroth*, No. C 09-4188 JF, 2010 WL 934242, at *3

7   (N.D. Cal. 2010).

8          The Court finds that State Defendants have shown good cause for their requested stay of

9   discovery.  In the interest of case management, the Court finds a discovery stay of this entire

10  action is appropriate to prevent discovery from occurring on separate tracks.  No scheduling order

11  has been issued for this case and no deadlines have been set.  Proceeding with discovery will

12  result in unnecessary motion practice, litigation costs, and the unnecessary consumption of

13  judicial resources.  *See, e.g., Pacific Surf Designs, Inc.*, 2021 WL 3080061, at *2 ("The Court

14  finds that opening discovery as to only one claim or certain Defendants would not be an efficient

15  way to litigate the case and would likely result in significant litigation over the scope of the

16  discovery and repetitive discovery").

17  **Conclusion**

18          After an analysis of the harms presented by staying discovery versus continuing discovery

19  and a preliminary consideration of the likelihood of success of State Defendants' motion to

20  dismiss Plaintiff's FAC, the Court finds good cause exists to grant State Defendants' motion to

21  stay discovery under Rule 26.

22          Accordingly, IT IS HEREBY ORDERED the State Defendants' motion for a discovery

23  stay (Doc. 116) is GRANTED pending resolution of the motions to dismiss (Docs. 94-95) and all

24  discovery is stayed until further order of the Court.

25  ///

26  ///

27

28

1      As appropriate, the Court will convene a status conference with the parties to discuss case

2   management and scheduling following the assigned district judge's issuance of rulings on the

3   pending motion to dismiss.

4   IT IS SO ORDERED.

5      Dated:    **March 27, 2023**    _____

6                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28