UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APOTHIO, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>DONNY YOUNGBLOOD, JOSHUA NICHOLSON, and ANDREW HALVERSON, *et al.*,<br><br>  Defendants. | Case No. 1:20-cv-00522-JLT-CDB<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION<br><br>(Doc. 138) |

On August 21, 2024, the Court granted in part and denied in part the Defendants' second round of motions to dismiss. (Doc. 133.) In its Order, the Court denied Defendants' motions to dismiss Plaintiff's Fourth Amendment Excessive Destruction claim, and Fourteenth Amendment post-deprivation due process claim. (*See id.* at 47–48, 50, 52.) Now pending is the County Defendants' Motion for Reconsideration, (Doc. 138), joined by State Defendants (Doc. 141) requesting that the Court reconsider its decisions regarding these two claims because they constitute "manifest error." Plaintiff filed an Opposition, (Doc. 145), and the County Defendants replied. (Doc. 148.) For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the County Defendants' motion. (Doc. 138.)

I.  BACKGROUND

As the parties are aware, this case concerns Apothio, LLC's allegations that Defendants

1  Joshua Nicholson and Andrew Halverson unlawfully destroyed approximately 500 acres of
2  Plaintiff's industrial hemp plants. (*See generally* FAC, Doc. 88.) In its FAC, Plaintiff advanced
3  two constitutional claims pursuant to 42 U.S.C. § 1983, as relevant to the pending motion: First,
4  that in executing their seizure warrant, Defendants Nicholson and Halverson violated Plaintiff's
5  Fourth Amendment rights by "excessively destroying all of Apothio's hemp crops" without
6  probable cause. (Doc. 88 at ¶¶ 311, 336, 348.) Second, Plaintiff alleged that Defendants violated
7  its procedural due process rights by "failing to comply with the procedures contained in the
8  warrant and codified in California Health and Safety Code § 11479," and subsequently,
9  "destroying Apothio's entire hemp crop[.]" (*Id.* at ¶¶ 320, 357.)

10  In its FAC, Plaintiff alleged that Defendants' warrant "required [them] to take specific
11  steps before destroying Apothio's crop, including to (1) retain five representative cannabis plant
12  samples; (2) take photographs and videos of the total amount of crop to be destroyed; and (3)
13  have the chief of the law enforcement agency . . . 'demonstrate that it was not reasonably possible
14  to preserve the suspected controlled substance in place, or to remove the suspected controlled
15  substance to another location.'" (*Id.* at ¶¶ 260 (cleaned up).) However, Plaintiff represented that
16  "Defendants never 'demonstrated that it was not reasonably possible to preserve Apothio's plants
17  in place," and that "[i]t would have been possible to do so." (*Id.* at ¶¶ 261, 262.)

18  Instead, upon arrival to Plaintiff's hemp fields, "Kern County's bulldozers . . . destroyed
19  the crops," and did so "[i]n a rush to destroy all the plants before Apothio could get to court,"
20  denying Plaintiff an opportunity to seek a temporary restraining order. (*Id.* at ¶¶ 263–66.) Indeed,
21  Plaintiff alleged that the destruction of its crops occurred on October 25, 2019, the day after the
22  magistrate judge signed the seizure warrant, and the same day that law enforcement began
23  executing the warrant. (*Id.* at ¶¶ 15, 250, 269.)

24  The August 21, 2024 order determined that Plaintiff plausibly pleaded a Fourth
25  Amendment Excessive Destruction claim because though Defendants lawfully applied for, and
26  obtained, a seizure warrant, "an excessive destruction speaks to 'the manner of *executing* a search
27  [or seizure] warrant.'" (Doc. 133 at 47 (quoting *United States v. Ramirez*, 523 U.S. 65, 71 (1998))
28  (emphasis in original) (collecting cases).) The Court noted that Defendants' seizure warrant

1  "tracked" the language of California Health and Safety Code § 11479, which sets forth several
2  requirements. (*Id.* at 47–48.) As to Plaintiff's procedural due process theories, the Court agreed
3  with Defendants that the warrant adequately supplanted Plaintiff's pre-deprivation due process
4  theory. (*Id.* at 49–50 (relying on *Sanders v. City of San Diego*, 93 F.3d 1423, 1428 (9th Cir.
5  1996)). However, the Court disagreed with Defendants regarding Plaintiff's post-deprivation
6  claim, finding that California's Penal Code Sections 1536 and 1540 do not provide meaningful
7  post-deprivation remedies for the destruction of property, as opposed to its mere seizure and
8  retention. (*Id.* at 51.) Accordingly, the Court denied Defendants' motions pertaining to both
9  claims.

10 **II.     LEGAL STANDARD**

11       A.     Rule 54(b)

12  Federal Rule of Civil Procedure 54(b) provides, in part, that "any order or other decision
13  . . . that adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties
14  does not end the action as to any of the claims or parties and may be revised at any time before
15  the entry of a final judgment adjudicating all the claims and all the parties' rights and liabilities."
16  Fed. R. Civ. P. 54(b). "The rule, however, does not address the standards that a district court
17  should apply when asked to reconsider an interlocutory order, and the Ninth Circuit has not
18  established a standard of review." *Unigestion Holding, S.A. v. UPM Tech., Inc.*, 614 F. Supp. 3d
19  823, 828 (D. Or. 2022). However, "courts look to the standards under Rule 59(e) and Rule 60(b)
20  for guidance." *Willis v. Mullins*, 809 F. Supp. 2d 1227, 1233 (E.D. Cal. 2011) (internal quotation
21  marks and citation omitted); *Bell v. Home Depot U.S.A., Inc.*, No. 2:12-cv-02499-DJC-CKD,
22  2024 WL 3011473, at *3 (E.D. Cal. June 11, 2024) ("District courts tend to apply the standards
23  for Rule 59(e) or 60(b) to motions for reconsideration under Rule 54(b).") (citation omitted).

24  "[C]ourts in this circuit disfavor motions for reconsideration and deny them absent highly
25  unusual circumstances, unless the district court is presented with newly discovered evidence,
26  committed clear error, or if there is an intervening change in controlling law." *Washington v.*
27  *United States Dep't of Homeland Sec'y*, 598 F. Supp. 3d 1051, 1076 (E.D. Wash. 2020) (internal
28  quotation marks and citation omitted); *see also Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955

(9th Cir. 2013); *Willis*, 809 F. Supp. 2d at 1233 (same). "Regarding clear error, the standards for review embodied in Rule 54(b) and 60(b) are complementary." *Willis*, 809 F. Supp. 2d at 1233 (internal quotation marks and citation omitted). "Review of law under the clear error standard is not de novo": the Court will alter or amend a prior decision only when it is "left with a definite and firm conviction that an error has been committed." *Id.* (internal quotation marks and citation omitted).

Generally, "a motion to reconsider is not a vehicle for parties to make new arguments that could have been raised in their original briefs." *Id.* (citation omitted); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration may *not* be used to raise arguments or present evidence for the first time whe[n] they could reasonably have been raised earlier in the litigation.") (emphasis in original) (internal quotation marks and citation omitted). Indeed, this District's Local Rule 230(j) requires that "[w]henever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts," the movant must include, in part, "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)–(4).

**III.   DISCUSSION**

    A.    <u>Fourth Amendment Claim</u>

First, Defendants insist that the Court committed "manifest error" in its Excessive Destruction analysis because, in Defendants' view, the Court conflated Fourth Amendment analysis with a violation of California Health and Safety Code § 11479, and that "a section 1983 action cannot be premised on violation of state law." (Doc. 138-1 at 2–4 ("Defendants submit such is tantamount to equating a violation of state law Cal. Health & Safety Code § 11479 into a Fourth Amendment violation.").) Second, Defendants urge that the Court's previous order assessing this claim cited to cases where the destruction of property "occurred during the execution of the warrant, not post-seizure destruction per court order." (*Id.* at 3.) Third,

4

1    Defendants contest that "because the property was seized pursuant to the warrant, courts treat
2    such property as that of the court's," thereby delegating the "assertion of jurisdiction over the
3    seized items by the state courts." (*Id.*) On this point, Defendants invoke the *Rooker-Feldman*
4    doctrine because "whether the destruction was in compliance with [the] state court's order is a
5    matter for the state court's jurisdiction." (*Id.* at 3–4.) Upon review, the Court is not convinced it
6    committed "clear error" in connection with its analysis of the Fourth Amendment claim.

7    As a threshold matter, Defendants' second argument disregards the facts as alleged in the
8    FAC: Plaintiff asserts that Defendants arrived at its fields and immediately began destroying its
9    hemp that same day. (Doc. 88 at ¶¶ 15, 250, 263–66, 269.) In other words, Plaintiff adequately
10   pleaded that Defendants destroyed its hemp via the execution of the warrant, rather than "post-
11   seizure destruction per court order." (Doc. 138-1 at 3.)[1]

12   Nor is the Court persuaded by Defendants' primary argument that the Court substituted or
13   conflated California Health and Safety Code § 11479 in place of the Fourth Amendment. It is
14   well-established that "[t]he Fourth Amendment's particularity requirement . . . confines an officer
15   executing a search warrant strictly within the bounds set by the warrant." *United States v.*
16   *Ramirez*, 976 F.3d 946, 952 (9th Cir. 2020). To act beyond the scope of an initial warrant, law
17   enforcement must seek a second warrant. *See id.* In this way, the particularity requirement of the
18   Fourth Amendment limits an officer's "power to search" or seize, and "leaves nothing to the
19   discretion of the officer executing the warrant" absent "some grave emergency[.]" *Id.* at 952.
20   "Thus, a search or seizure pursuant to an otherwise valid warrant is unreasonable under the
21   Fourth Amendment to the extent it exceeds the scope of that warrant." *Id.* The Court must
22   therefore "compare the terms of the warrant to the search [or seizure] actually conducted." *Snitko*
23   *v. United States*, 90 F.4th 1250, 1263 (9th Cir. 2024) (collecting cases); *see e.g.*, *Agro Dynamics,*
24   *LLC v. United States*, 692 F. Supp. 3d 1003, 1017 (S.D. Cal. 2023) ("Here, the alleged facts show
25   that County Officers exceeded the scope of the search warrant (limited to marijuana) when they

---

[1] Indeed, the search warrant return, which is attached to Plaintiff's Opposition, states in a section entitled "Marijuana Destruction Search Warrant Release/PC 1536" that the "all suspected controlled substances exceeding the specified weight authorized in the search warrant have been destroyed in accordance with orders of this court." (Doc. 145-1.) It makes no mention of California Health and Safety Code § 11479.

5

seized and destroyed Plaintiff's hemp plants.").

Turning to the seizure warrant in this case, the magistrate judge signed a warrant with the following pre-requisites:

> Subsequent to the seizure, **and prior to the destruction of any controlled substance(s)**, the following criteria **will** be satisfied and documented on the search warrant return:
>
> a. At least five random and representative cannabis plant samples shall be seized/retained for evidentiary purposes.
> b. A two-pound sample shall be seized/retained for evidentiary purposes.
> c. Photographs and videos shall be taken that reasonably and accurately demonstrate the total amount of the suspected controlled substance to be destroyed.
> d. An estimated total plant count.
>
> In making this determination to destroy excess amounts of cannabis, pursuant to his order, **officers shall demonstrate** it was not reasonably possible to preserve the suspected controlled substance in place, or to remove the suspected controlled substance to another location. . . . **Such consideration[s] will be articulated in the search warrant return.**

(Doc. 88-3, at 4 (emphases added).)

In other words, the magistrate judge delineated *several* pre-conditions that must occur prior to Defendants' destruction of Plaintiff's marijuana plants. The Court's previous order did not substitute or conflate California Health and Safety Code § 11479 with the Fourth Amendment, but simply noted that the warrant "tracked" the language of this statute. (Doc. 133 at 47.) The FAC alleges that Defendants failed to comply with the magistrate judge's various orders and prerequisites in the seizure warrant, and thus alleges that Defendants have failed to comply with the Fourth Amendment's particularity requirements. *Snitko*, 90 F.4th at 1263; *Ramirez*, 976 F.3d at 952. By allegedly exceeding the bounds of the warrant's requirements, and immediately destroying Plaintiff's crops, Defendants exceeded the scope of the warrant. *Snitko*, 90 F.4th at 1263; *Agro Dynamics*, 692 F. Supp. 3d at 1017. Though the Court assessed some of the terms of Section 11479 in its Order, (Doc. 133 at 38), this was in response to Defendants' motions invoking Section 11479's text. (Defs.' Mot., Doc. 94-1 at 9 ("California Health and Safety Code section 11470 allows for the eradication of illegal cannabis plants, with or without a warrant, . . ."), 16 (arguing Defendants complied with Section 11479 in destroying Plaintiff's marijuana

6

1  plants), 24 ("Health and Safety Code section 11479 expressly allowed eradication of Apothio's
2  plants, as did the warrant."); Defs.' Mot., Doc. 95 at 14 ("Nicholson did in fact comply with
3  California Health and Safety Code § 11479(a) . . .").)

4      Finally, the *Rooker-Feldman* doctrine has no application here. The *Rooker-Feldman*
5  doctrine "prohibits federal courts from adjudicating cases brought by state-court losing parties
6  challenging state-court judgments." *Reed v. Goertz*, 598 U.S. 230, 234–35 (2023). Defendants
7  believe that "whether the destruction [of the marijuana] was in compliance with [the] state court's
8  order is a matter for the state court's jurisdiction." (Doc. 138-1 at 3.) First, Plaintiff explicitly
9  invokes the Fourth Amendment, as well as additional constitutional provisions, in bringing this
10 case, which sufficiently falls within this Court's jurisdiction. *See, e.g.*, *Pell v. Nuñez*, 99 F.4th
11 1128, 1135 n.3 (9th Cir. 2024). Second, Defendants have failed to demonstrate the existence of a
12 state court decision or "civil judgment[]" from which Plaintiff purportedly appeals. *See Cogan v.*
13 *Trabucco*, 114 F.4th 1054, 1063–64 (9th Cir. 2024). Accordingly, the Defendants' Motion for
14 Reconsideration of Plaintiff's Fourth Amendment claim (Doc. 138) is **DENIED** on these
15 grounds.

16     B.    <u>Fourteenth Amendment Claim</u>

17     Next, Defendants argue that the Court's Fourteenth Amendment post-deprivation analysis
18 constituted clear error "because generalized California tort law provides adequate post-
19 deprivation remedy for any property deprivations[.]"[2] (Doc. 138-1 at 4–5.) In other words,
20 because Plaintiff has brought a tort claim for conversion, "it was error to find that [the]
21 Fourteenth Amendment due [p]rocess post-deprivation claim could proceed." (*Id.* at 5.) This
22 argument is compelling.

23     Plaintiffs are correct (Doc. 145 at 13) that Defendants did not raise this specific argument
24 in their original motion, though they acknowledged that Plaintiff brought a due process claim
25 premised on the destruction of its hemp post-"seizure." (Doc. 95 at 17–18.) While generally a

---

[2] As a preliminary matter, it appears that Defendants may view this doctrine as limited to "prisoner's property" alone. (Doc. 138-1 at 5.) To the extent that Defendants understand this doctrine as so limited, that view is incorrect. *See, e.g.*, *Miranda v. City of Casa Grande*, 15 F.4th 1219, 1225 (9th Cir. 2021) (revoked driver's license); *Yagman v. Garcetti*, 852 F.3d 859, 863–64 (9th Cir. 2017) (parking citations).

7

1  motion for reconsideration is not the place to raise new arguments, *Willis*, 809 F. Supp. 2d at

2  1233, a district court's erroneous reading of the law is a "mistake" sufficient to require

3  reconsideration of an order. *Yniques v. Cabral*, 985 F.2d 1031, 1034 (9th Cir.1993), and

4  "determination of a party's motion for reconsideration rests within the Court's discretion. *Allen v.*

5  *Diaz*, No. 2:20-CV-06241-SVW-MAA, 2023 WL 11877270, at *1 (C.D. Cal. Mar. 29, 2023).[3]

   The Court's analysis of the due process claim in the August 21, 2024 order followed a two-step process. First, the Court evaluated whether Plaintiff made out a *pre-deprivation* due process claim. (Doc. 133 at 49–50.) Having earlier determined that the warrant did not lack probable cause, the Court concluded that the Fourth Amendment claim subsumed any pre-deprivation due process claim. (*Id*. (citing *Sanders*, 93 F.3d at 1428 ("We hold that, when seizing property for criminal investigatory purposes, compliance with the Fourth Amendment satisfies pre-deprivation procedural due process as well.").)

   That left the separate question of whether any aspect of Plaintiff's due process claim survived Defendants' specific attacks. Notably, no party directly addressed the extent to which Plaintiff's allegations made out a viable post-deprivation due process claim. To provide this guidance, the Court reasoned as follows:

> Plaintiff complains that Defendants violated its rights to due process by "destroying Apothio's entire hemp crop" and "failing to return the warrant materials in a timely manner." (Doc. 88 at ¶ 320.) Though Plaintiff has not shown a protected property interest in receiving the warrant return, it may still bring a post-deprivation claim regarding destruction of its crops, notwithstanding Defendant's compliance with the Fourth Amendment. *See Marutyan v. Las Vegas Metro. Police Dep't*, No. 2:16-cv-01089-MMD-GWF, 2017 WL 1091787, at *3 (D. Nev. Mar. 22, 2017) ("Seizing property for criminal investigatory purposes pursuant to a warrant satisfies pre-deprivation procedural due process requirements. [citation]. However, the seizure of property pursuant to a valid search warrant may still support a procedural due process claim if post-deprivation procedures are inadequate.") (citations omitted), *aff'd*, 778 F. App'x 489 (9th Cir. 2019).
>
> Post-deprivation procedures must be "both meaningful and sufficient[.]" *Miranda v. City of Casa Grande*, 15 F.4th 1219, 1227 (9th Cir. 2021). "[M]eaningful postdeprivation remedies will suffice when the deprivation was the result of a random and unauthorized

---

[3] To the extent the initial motions papers did not put Plaintiff on notice of the due process argument raised in the motion for reconsideration, the reconsideration motion did so.

8

> act by a state employee." *Id.* at 1226 (internal quotation marks and citation omitted); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause." *Singh v. CDCR*, No. 2:23-cv-01624-EFB (PC), 2024 WL 3498576, at *8 (E.D. Cal. July 22, 2024); *Hossein v. Sheriff's Police Dep't*, No. 2:23-cv-2002-KJN-P, 2024 WL 37053, at *2 (Jan. 3, 2024) ("Authorized intentional deprivation of property pursuant to an established state procedure is actionable under the Due Process Clause.") (citations omitted).
>
> Though "California law provides an adequate post-deprivation remedy for any property deprivations," *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994), Plaintiff has alleged not mere deprivation but destruction of its property. "California Penal Code §§ 1536 and 1540 set forth procedures for retaining and returning property pursuant to a warrant." *Bjorklund v. Cnty. of Santa Barbara*, No. CV 23-2140-CBM-RAOx, 2024 WL 3468327, at *5 (C.D. Cal. June 3, 2024). For instance, Section 1536 requires "[a]ll property or things taken on a warrant must be retained by the officer in his custody," while Section 1540 requires the judicial officer to review what has been taken: "If it appears that the property taken is not the same as that described in the warrant . . . the magistrate must cause it to be restored to the person from whom it was taken." Cal. Penal Code §§ 1536, 1540.
>
> The seizure warrant did not require the destruction of Apothio's crops and allowed the destruction only if the "officers [could] demonstrate it was not reasonably possible to preserve the suspected controlled substance in place, or to remove the suspected controlled substance to another location." (Ex. C, Doc. 88-3 at 4.) Plaintiff has alleged that the officers failed to make this showing and that it "would have been possible" to preserve its plants in place. (Doc. 88 at ¶¶ 260–62.) The Court notes also that though §§ 1536 and 1540 provide a meaningful mechanism for the return of retained property, they do not provide a remedy for destroyed property. The Court reads the FAC in Plaintiff's favor and concludes that Plaintiff has plausibly alleged a post-deprivation due process claim in the intentional deprivation of its hemp crops. Though the warrant allowed for the crops' destruction, the Court simply cannot conclude—at this procedural juncture—whether it was practical or even possible for officers to sift through the 500 acres of crops and delineate Plaintiff's hemp versus marijuana—only the officers at the scene could make that decision. (Ex. C, Doc. 88-3 at 4.) On the present record, Defendants' motions to dismiss are **DENIED** on this ground. (Docs. 94, 95.)

(Doc. 133 at 50–52.)

However, as Defendants now point out, in *Hudson v. Palmer*, the United States Supreme Court noted that "an adequate postdeprivation remedy for the alleged destruction of [ ] property"

may lie in "that several common-law remedies available to [the plaintiff] would provide adequate compensation for his property loss." 468 U.S. 517, 534–35 (1984). In *Barnett v. Centoni*, the Ninth Circuit then clarified that "California Law provides an adequate post-deprivation remedy for *any* property deprivations." 31 F.3d 813, 816 (9th Cir. 1994) (emphasis added) (citing Cal. Gov't Code §§ 810–95); *see also O'Neal v. Nixon*, 889 F.2d 1095, 1989 WL 141008, at *1 (9th Cir. Nov. 17, 1989) (unpublished table decision) ("Cal. Gov. Code § 900 et seq. (West 1980) provides for tort remedies against public entities and employees. Since O'Neal had state post-deprivation remedies available against Nixon for Nixon's alleged destruction of his property, O'Neal was not deprived of property without due process of law as a matter of law.").

The Court agrees with Defendants that an adequate post-deprivation remedy exists under California law, either via a state tort action, *Hudson*, 468 U.S. at 534–35; *Royzman v. Lopez*, No. 21-cv-1429-BAS-AHG, 2023 WL 2026537, at *9 (S.D. Cal. Feb. 15, 2023), or "California's tort claim process." *Suggett v. Solano Cnty. Just. Ctr.*, No. 2:23-cv-01485-JDP (PC), 2023 WL 6796730, at *2 (E.D. Cal. Oct. 13, 2023).[4] Plaintiff has brought a claim for the tort of conversion in its FAC, explicitly pursuant to California Government Code § 820. (Doc. 88 at 95.) The Court is satisfied that based on the authorities above, Plaintiff has an adequate post-deprivation remedy for the destruction of its hemp plants and that dismissal of Plaintiff's due process claim is therefore appropriate as a matter of law. Accordingly, the Court **GRANTS** Defendants' motion (Doc. 138) on this basis and **DENIES WITHOUT LEAVE TO AMEND** Plaintiff's claim for post-deprivation due process.

**IV.    CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** that:

(1) Defendants' Motion for Reconsideration (Doc. 138) is **GRANTED IN PART AND DENIED IN PART**.

(2) The motion is **DENIED** regarding Plaintiff's Fourth Amendment Excessive Destruction claim. This claim shall remain active in this litigation.

---

[4] Plaintiff points out that these cases concern the deprivation of prisoner property in the prison context. (Doc. 145.) The fact that Plaintiff claims its property to be unusually valuable does not materially distinguish these cases. *See also, e.g., Easley v. Flores*, 738 F. App'x 475, 476 (9th Cir. 2018) (applying *Barnett* to impoundment of a vehicle).

(3) The motion is **GRANTED** regarding Plaintiff's Fourteenth Amendment post-deprivation due process claim. This claim is **DISMISSED WITHOUT LEAVE TO AMEND**.

IT IS SO ORDERED.

Dated:   **February 13, 2025**

UNITED STATES DISTRICT JUDGE