Marc M. Seltzer (54534)
Bryan Caforio (261265)
Oleg Elkhunovich (269238)
Jesse-Justin Cuevas (307611)
Julian Schneider (347246)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
mseltzer@susmangodfrey.com
bcaforio@susmangodfrey.com
oelkunovich@susmangodfrey.com
jcuevas@susmangodfrey.com
jschneider@susmangodfrey.com
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiff Apothio, LLC*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| APOTHIO, LLC, | Case No. 1:20-cv-00522-JLT-CDB |
| *Plaintiff*, | *Assigned to the Hon. Christopher D. Baker* |
| vs. | **PLAINTIFF APOTHIO LLC'S NOTICE OF MOTION AND MOTION TO COMPEL RULE 30(b)(6) WITNESS(ES) AND PRODUCTION OF DOCUMENTS TO RULE 34 REQUESTS** |
| KERN COUNTY; KERN COUNTY SHERIFF'S OFFICE; CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE; DONNY YOUNGBLOOD; JOSHUA NICHOLSON; ANDREW HALVERSON, and CHARLTON H. BONHAM, | |
| *Defendants*. | No Hearing or Oral Argument Pursuant to Minute Order (Aug. 12, 2025), ECF 184 |
| | Complaint Filed April 10, 2020<br>1st Amd Complaint Filed: May 25, 2022<br>Close of Non-Expert Discovery: September 26, 2025<br>Trial Date: September 9, 2026 |
| | Jury Trial Demanded |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, before Magistrate Judge Christopher D. Baker at 510 19th Street, Suite 200, Bakersfield, CA 93301, Plaintiff Apothio, LLC ("Plaintiff") hereby moves the Court, pursuant to Federal Rules of Civil Procedure 26, 30, and 34, Civil Local Rule 251, and the Court's Orders, *see* Min. Order (Aug. 7, 2025), ECF 182; Min. Order (Aug. 12, 2025), ECF 184, for an order compelling Defendants Kern County (the "County") and Kern County Sheriff's Office ("KCSO") to produce witness(es) for corporate depositions under Rule 30(b)(6) and for an order compelling Defendants KCSO, the County, Sheriff Donny Youngblood, and Sergeant Joshua Nicholson (together, "County Defendants") to produce documents in response to Plaintiff's Requests for Production of Documents dated May 7, 2025.

As described in Plaintiff's Statement in the parties' joint letter brief, Plaintiff has exhausted good faith meet-and-confer efforts, including videoconferences, emails, and phone calls, as to each discovery dispute. *See* Joint Letter Br., ECF 183 at 2–3, 6. Despite Plaintiff's diligent efforts to resolve this discovery dispute informally, the parties have been unable to reach a resolution.

Dated: August 14, 2025                                         SUSMAN GODFREY L.L.P.

By/s/ *Julian Schneider*
Marc M. Seltzer
Bryan Caforio
Oleg Elkhunovich
Jesse-Justin Cuevas
Julian Schneider
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
mseltzer@susmangodfrey.com
bcaforio@susmangodfrey.com
oelkunovich@susmangodfrey.com
jcuevas@susmangodfrey.com
jschneider@susmangodfrey.com
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiff Apothio, LLC*

**MOTION TO COMPEL**

County Defendants have refused to produce documents and witnesses in response to Plaintiff's relevant, straightforward discovery requests, forcing Plaintiff to seek the Court's intervention to obtain basic discovery for the third time. *See, e.g.*, ECF 163, 164, 170, 172, 174, 178; *see also* Order, ECF 181. This discovery dispute involves two sets of discovery requests: (1) Plaintiff's Rule 30(b)(6) notices of deposition ("NOD[s]") to the County and KCSO; and (2) requests for production ("RFPs") directed to all County Defendants, dated May 7, 2025.

The NODs seek deposition testimony about key issues in this case, such as the County departments' coordinated investigation into Plaintiff. *See* Ex. B (NOD to the County) at Topic 1, ECF 183-2.[1] Similarly, the RFPs seek plainly relevant documents, such as documents sufficient to show which County departments were involved in plans to seize or destroy Plaintiff's crops. *See* Ex. G (RFPs to the County) at RFP 25, ECF 183-7. Yet, in response to the NODs, the County and KCSO have refused to confirm whether they will produce witnesses for ***any*** Topic. And, in response to the RFPs, County Defendants have not agreed to produce ***any*** further documents. Accordingly, Plaintiff respectfully requests that the Court compel County Defendants to produce 30(b)(6) witness(es) on all noticed Topics and responsive documents for all RFPs.

**I.      Relevant Procedural History**

On March 28, 2025, Plaintiff served NODs on the County and KCSO. Ex. A (NOD to KCSO), ECF 183-1; Ex. B. On April 9, 2025, County Defendants served written objections. Ex. C, ECF 183-3. On May 16, 2025, at Plaintiff's request, the parties met and conferred by Zoom on the NODs' Topics. During the conference, County Defendants indicated agreement to produce a witness on numerous Topics and refused to produce a witness for others. After the conference and to informally resolve the disputes, Plaintiff proposed narrowing and clarification of several Topics. Ex. D (May 20, 2025, Email Thread), ECF 183-4. County Defendants did not respond, despite Plaintiff's numerous inquiries. *Id.*; Ex. E (July 9, 2025, Email Thread), ECF 183-5. When the parties conferred again on June 25, 2025, County Defendants admitted that they ***had not even***

---

[1] In this motion, Plaintiff refers to the first 21 exhibits filed in support of the joint letter brief concerning this dispute by the same names (Exhibits A through U). *See* ECF 183-1–183-21.

*reviewed* Plaintiff's correspondence but promised to promptly identify any issues with the Topics. Ex. F (June 25, 2025, Email Thread), ECF 183-6. They again failed to do so. On July 22, 2025, after Plaintiff's further inquiries, County Defendants replied, contradicting their prior positions and failing to identify the Topics for which each entity would or would not produce a witness. Ex. E at 3–4. Counsel for Plaintiff requested clarification, *id.* at 2, and County Defendants never responded.

On May 7, 2025, Plaintiff served RFPs to County Defendants. Ex. G; Ex. H (RFPs to KCSO), ECF 183-8; Ex. I (RFPs to Youngblood), ECF 183-9; Ex. J (RFPs to Nicholson), ECF 183-10. On June 6, 2025, County Defendants served written objections. Ex. K (County Resp.), ECF 183-11; Ex. L (KCSO Resp.), ECF 183-12; Ex. M (Youngblood Resp.), ECF 183-13; Ex. N (Nicholson Resp.), ECF 183-14. On July 1, 2025, at Plaintiff's request, the parties met and conferred by Zoom. County Defendants agreed to conduct searches, consider Plaintiff's narrowing proposals, and serve amended responses. Ex. O (July 2, 2025, Email Thread), ECF 183-15 at 5–7. After numerous missed deadlines, *id.* at 3–4, County Defendants served amended responses on July 25, 2025, Ex. P (County Am. Resp.), ECF 183-16; Ex. Q (KCSO Am. Resp.), ECF 183-17; Ex. R (Youngblood Am. Resp.), ECF 183-18; Ex. S (Nicholson Am. Resp.), ECF 183-19. On July 28, 2025, counsel for Plaintiff identified deficiencies with the amended responses, requesting clarification as to County Defendants' positions. Ex. O at 2. County Defendants never responded.

**II.     Legal Standard**

Plaintiff may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Plaintiff "has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, [County Defendants] ha[ve] the burden of showing why discovery was denied; they must clarify and support their objections." *Kumar v. Nationwide Mut. Ins. Co.*, 2024 WL 216553, at *2 (E.D. Cal. Jan. 18, 2024).

**III.    The Court Should Compel County Defendants to Produce 30(b)(6) Witness(es).**

    **A.    Plaintiff Seeks an Order Compelling Witness(es) for the County and KCSO.**

Although the County and KCSO served nearly identical objections to the two NODs, County Defendants refer only to the County NOD in the joint letter brief, leaving uncertain whether

KCSO also refuses to produce a witness. *See* Joint Letter Br., ECF 183 at 8–10. KCSO has represented that it will produce Defendant Nicholson as a 30(b)(6) witness, but despite Plaintiff's numerous inquiries, KCSO has neither agreed to produce a witness for all Topics, nor identified the Topics on which Defendant Nicholson will be prepared to testify. *See, e.g.*, Ex. D; Ex. E. Plaintiff thus seeks an order compelling the County and KCSO to produce a witness for all Topics.

### B. Plaintiff's 30(b)(6) Topics Seek Relevant, Discoverable Information.

The Court is familiar with the facts underlying this case. *See, e.g.*, Order, ECF 181 at 2–3. Plaintiff's 30(b)(6) Topics fall into several relevant categories:

- County Defendants' planning for and execution of the Halverson Warrant and the Nicholson Warrant,[2] investigation into Plaintiff,[3] testing of Plaintiff's crop samples,[4] and assessment of the value of Plaintiff's crops.[5]

- The factual bases for County Defendants' affirmative defenses, such as the County's receipt of Plaintiff's California Government Claims Act claim.[6]

- County Defendants' policies for the subjects identified in other Topics, such as the investigation of potentially unlawful marijuana or hemp cultivation.[7]

- County Defendants' record keeping, preservation, and production practices and efforts.[8]

Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Coppola v. Smith*, 2015 WL 1537574, at *2 (E.D. Cal. Apr. 6, 2015) (citation omitted). Plaintiff's Topics readily satisfy this standard. Each Topic seeks testimony that will aid the factfinder in assessing the reasonableness of County Defendants' destruction of Plaintiff's hemp crops and, therefore, County Defendants' liability. For example, testimony about the warrants—such as KCSO's and the County's activities on the farms before, during, and after the crops were destroyed—is likely to lead to admissible evidence about whether County Defendants complied with the terms of the Nicholson Warrant.

---

[2] *See* Ex. A at Topics 1–3, 11; Ex. B at Topics 2–3, 5–6, 12.
[3] *See* Ex. A at Topics 4–5, 9; Ex. B at Topics 1, 4, 9–10, 12.
[4] *See* Ex. A at Topics 6–8; Ex. B at Topics 7–8.
[5] *See* Ex. A at Topic 11; Ex. B at Topic 11.
[6] *See* Ex. A at Topic 12; Ex. B at Topic 13.
[7] *See* Ex. A at Topics 13–15, 17; Ex. B at Topics 14–16, 18.
[8] *See* Ex. A at Topics 16–19; Ex. B at Topics 17–20.

In County Defendants' written objections, they stated only a one-word, boilerplate objection that each Topic was "irrelevant" without explanation, which, as counsel for County Defendants knows, does not explain *why* County Defendants refuse to produce a witness and is therefore insufficient to foreclose the requested discovery. *See Puckett v. County of Sacramento*, 2024 WL 1199473, at *2–3 (E.D. Cal. Mar. 20, 2024) (granting motion to compel Rule 30(b)(6) deposition when counsel for defendants—County Defendants' counsel here—asserted boilerplate objections).

In the joint letter brief, the County contended for the first time that the Topics are not relevant because Plaintiff's section 1983 claim against the County proceeds on a *Monell* ratification theory. *See* Joint Letter Br. at 8. This contention is meritless. Plaintiff's *Monell* claim turns on the same reasonableness inquiry at issue in Plaintiff's excessive destruction and Bane Act claims against all County Defendants. After all, the County is liable so long as Sheriff Youngblood knew about and approved of County Defendants' unreasonable destruction of Plaintiff's crops. *See* Order Denying Motion to Dismiss, ECF 133 at 56–58 (denying County's motion to dismiss the *Monell* claim on a ratification theory because allegations "show[] that Youngblood knew of the impending seizure of Apothio's hemp, and authorized, if not directed, its destruction"). As alleged in the First Amended Complaint, Sheriff Youngblood's knowledge and approval was confirmed by his attendance at meetings with other County officials. *E.g.*, First Am. Compl. ¶¶ 13–14, 177–79, ECF 88. Further, the Complaint alleges, and documents unearthed in discovery demonstrate, that numerous County officials across departments were involved in the planning for the Nicholson Warrant. *E.g.*, *id.*; COK0228, Ex. T, ECF 183-20 at 2. Accordingly, the County NOD Topics target these highly relevant factual issues, such as the County's meetings about the destruction of the crops that involved Sheriff Youngblood. *See* Ex. B at Topic 6. Indeed, each Topic falls within a category that is tethered to *the County's* liability for the destruction. *Supra* at 5.

### C.     County Defendants Assert No Valid Basis for Refusing to Produce Witness(es).

County Defendants lodged a litany of meritless, boilerplate objections in response to Plaintiff's NODs. *See, e.g.*, Ex. C at County Objs. to Topic 7 ("Assumes facts, seeks information not in the possession custody or control of Defendant, overly broad as to time, irrelevant, not proportional to the needs of the case, burdensome, or not maintained in the ordinary course of

business."). These boilerplate objections "are insufficient as a sole basis" for refusing discovery. *Banga v. Ameriprise Auto Home Ins. Agency*, 2021 WL 634955, at *4 (E.D. Cal. Feb. 18, 2021).

County Defendants' objections are further deficient to foreclose the sought depositions. "A corporate defendant's objections must be resolved through the meet and confer process or by seeking a protective order from the court." *Id.* County Defendants have never sought a protective order to limit Plaintiff's deposition discovery. County Defendants merely served objections to Plaintiff's NODs and then sat on their hands. Indeed, even when Plaintiff raised this point in the joint letter brief, County Defendants ***still*** did not request a protective order from the Court in their portion, continuing their practice of refusing to meaningfully advance discovery efforts.

County Defendants also have not engaged in good faith meet-and-confer efforts. After the parties met and conferred, counsel for Plaintiff proposed ways to resolve the instant NOD disputes. Ex. D. Plaintiff repeatedly requested assent—or at least an answer—as to Plaintiff's proposals. *See, e.g.*, *id.* at 2; Ex. E at 5–9. County Defendants ignored Plaintiff's numerous overtures, including emails and phone calls. *See, e.g.*, Ex. D at 2; Ex. E at 5–9. When County Defendants finally responded, they walked back previous agreements, took new positions as to many Topics, and failed to confirm which Topics remain in dispute. Although County Defendants stated a general willingness to meet and confer, they did not respond to Plaintiff's subsequent inquiry, they provided none of the requested information, and their tactics appear designed to delay discovery.

County Defendants assert three arguments for why they refuse to produce a witness. First, County Defendants object that "seek[ing] a separate 30(b)(6) witness" for the County and KCSO is "burdensome and harassing." *E.g.*, Ex. C at 13. This position is untenable. The County and KCSO are individually named defendants, and Plaintiff is entitled to deposition discovery from both. To be sure, the County and KCSO may elect to designate one representative to testify on behalf of both entities, so long as that witness is prepared to testify on all Topics based on responsive information available to both entities and Plaintiff is given sufficient time to complete the depositions. But County Defendants cannot preclude Plaintiff from obtaining deposition testimony from the County based on the fact that Plaintiff will obtain deposition testimony from KCSO, or vice versa. Further, Plaintiff's Topics to the County seek information that is within ***the County's*** possession, ***and not***

KCSO's, such as the various County departments' roles in the destruction of Plaintiff's crops. For example, on October 28, 2019, County Planning and Natural Resources Director Lorelei Oviatt emailed County Agricultural Commissioner Glenn Fankhauser, describing the destruction as "a large gathering on Friday" and noting "Craig Pope [County Public Works Director] was there with his equipment." COK0228, Ex. T at 2. County Defendants' claims that the County Topics "are redundant to or subsumed" by the KCSO Topics is erroneous. Ex. E at 3.

Second, County Defendants object to so-called "discovery into discovery" Topics, such as the steps they have taken to preserve, locate, and produce responsive documents. In support of this objection, County Defendants cite non-controlling out-of-circuit case law. This non-binding caselaw also is inapplicable when, as here, "a party's production of discovery has been incomplete." *Puckett v. County of Sacramento*, 2024 WL 1462390, at *1 (E.D. Cal. Apr. 4, 2024); *see also Puckett v. County of Sacramento*, 2024 WL 418187, at *2–3 (E.D. Cal. Feb. 5, 2024) (distinguishing defense counsel's—counsel for County Defendants here—out-of-circuit cases). On June 23, 2025, counsel for Plaintiff identified deficiencies in County Defendants' production of documents, *see* Ex. U (June 23, 2025, Email), ECF 183-21, and on June 25, 2025, County Defendants acknowledged the deficiencies and promised to investigate why they occurred, Ex. F. Counsel for Plaintiff repeatedly followed up, Ex. E at 2; Ex. O at 2, but County Defendants provided no further information. Thus, even if there were a threshold evidentiary requirement for Plaintiff to obtain "discovery into discovery" deposition testimony, Plaintiff has satisfied such requirement by identifying specific documents that County Defendants should have—but did not—produce.

Moreover, County Defendants apparently have used **only one** search term, "Apothio," to identify responsive documents. *E.g.*, Ex. P at RFP 31 (stating "using the search term Apothio, there are no additional responsive documents" to RFP for communications between Cerise Montano (a County employee) and other County employees about Plaintiff's crops or its CEO Trent Jones). This search term is wholly deficient. It would, for example, exclude documents referencing only Mr. Jones, who is identified by name in the RFPs. *E.g.*, Ex. P at RFPs 31–35; Ex. S at RFPs 9–11.

Third, County Defendants contend that the Topics "read as an interrogatory, or a request for documents, which does not put the County on reasonable notice the scope of the request." Joint

Letter Br. at 9. This contention does not make sense, and County Defendants do not provide any explanation. To the extent that County Defendants intend to suggest that Plaintiff's Topics should be addressed via interrogatory or request for production, that suggestion is contrary to law. *See Al Otro Lado, Inc. v. Wolf*, 2020 WL 4336064, at *3 (S.D. Cal. July 27, 2020) (stating production of documents is irrelevant to obligations under Rule 30(b)(6) (collecting cases)), *4 (rejecting that interrogatory responses can substitute for 30(b)(6) deposition notice (collecting cases)). To the extent that County Defendants have questions about the scope of the Topics, that is the purpose of the meet-and-confer process, which County Defendants refused to engage in, requiring this Motion.

## IV. The Court Should Compel the Production of Responsive Documents.

### A. Plaintiff's RFPs Seek Relevant and Straightforward Documents.

The RFPs at issue in this dispute are highly relevant.[9] Each RFP targets a key category of documents: (1) the investigation into Plaintiff,[10] (2) the planning for and execution of the Nicholson Warrant,[11] (3) the destruction of Plaintiff's crops,[12] (4) each defendant's knowledge and beliefs about Plaintiff and its crops,[13] and (5) documents obtained or to be used in this litigation.[14] Each category involves facts that bear on County Defendants' liability. For example, communications between Sheriff Youngblood and named individuals regarding Plaintiff's crops would likely bear on the Sheriff's knowledge of the crops' destruction. *E.g.*, Ex. I at RFPs 12–13, 15, 18–19, 21–29.

County Defendants' one-word "Irrelevant" objections lodged in response to several RFPs do not undermine the relevance of the RFPs at issue, *e.g.*, Ex. L at RFP 35; Ex. M at RFP 24, nor do any of County Defendants' boilerplate objections justify their failure to produce responsive

---

[9] Plaintiff does not challenge KCSO's responses to RFPs 30, 35, 38; Sheriff Youngblood's responses to RFPs 1–3, 6, 8–9; and Sergeant Nicholson's responses to RFPs 2 and 12, which each responded that "there are no responsive documents." Plaintiff moves on all other RFPs, including the RFPs that Plaintiff narrowed, Ex. O at 5–7, which are enumerated in Exhibit 1.
[10] *See* Ex. G at RFPs 31–42; Ex. H at RFPs 25–26, 33–50; Ex. I at RFPs 9–29; Ex. J at RFPs 9–11, 13–16.
[11] *See* Ex. G at RFPs 25–30; Ex. H at RFPs 25–32; Ex. I at RFPs 1–5; Ex. J at RFPs 1–5, 15–16.
[12] *See* Ex. G at RFPs 25, 28, 30; Ex. H at RFPs 29–32; Ex. I at RFPs 3, 5; Ex. J at RFPs 3, 5, 12.
[13] *See* Ex. G at RFPs 31–38; Ex. H at RFPs 30, 33–50; Ex. I at RFPs 6–29; Ex. J at RFPs 6–14.
[14] *See* Ex. G at RFPs 43–45; Ex. H at RFPs 51–53; Ex. I at RFPs 30–32; Ex. J at RFPs 17–19.

documents, *e.g.*, Ex. K at RFP 32; Ex. N at RFP 1. Granting Plaintiff's June 25, 2025, motion to compel, this Court held that "Defendants' boilerplate objections . . . are perfunctory and not, as required under Rule[] . . . 34, based on specific arguments that show why the request is vague, ambiguous, or would impose a burden that is out of proportion to the needs of the case." Order ECF 181 at 5. Here, too, County Defendants' copy-and-paste objections are "not sufficient," and so any such objections have been waived. *Salisbury v. Hickman*, 2013 WL 4402789, at *6 (E.D. Cal. 2013) (Thurston, J.) (finding waiver).

Setting waiver aside, County Defendants have no legitimate basis to dispute the relevance of Plaintiff's RFPs because each RFP is tethered to a core factual issue in this case. For example, the County objects to RFP 31 as "Irrelevant", when the request seeks all communications between Cerise Montanio and any other County personnel about Plaintiff's crops that defendants destroyed. Ex. K at RFP 31. The requested documents are hardly irrelevant. Rather, the County's internal communications about Plaintiff's crops that were destroyed are likely to lead to the discovery of admissible evidence. Indeed, internal County communications have already revealed that defendants decided to destroy Plaintiff's crops several days ***before*** they obtained the Nicholson Warrant, and that State and County officials debated who should destroy the crops. Further, County Defendants know RFP 31 seeks relevant information given that Ms. Montanio's deposition is scheduled for September 25, 2025, and the requested documents relate to her anticipated testimony.

### B.   County Defendants Do Not Justify Withholding Responsive Documents.

County Defendants' largely boilerplate objections offer no reason not to produce responsive documents, as explained *supra* at 9–10, and County Defendants' portion of the joint letter brief concerning this dispute provides no further grounds for withholding the requested documents.

In addition to the improper boilerplate format of County Defendants' objections, several objections serve as no basis to withhold relevant documents. For example, County Defendants' "assumes facts" and "calls for speculation" objections are "not proper in the course of written discovery." *Taylor v. County of Calaveras*, 2019 WL 6341131, at *4 (E.D. Cal. Nov. 27, 2019) (overruling "assumes facts" and "calls for speculation" objections). County Defendants' "compound" objections are "similarly inappropriate." *Dominguez v. City of Rialto*, 2025 WL

819064, at *5 (C.D. Cal. Jan. 17, 2025). County Defendants' objection that several RFPs seek "private" information, without further explanation, is meritless because Plaintiff has been trying *for months* to obtain defendants' cooperation in the execution of a Protective Order, and, in any event, Plaintiff has assured defendants that any confidential information will be treated as such even without the Order. In addition, the fact that County Defendants paid money for some documents does not justify withholding them because the civil discovery rules require parties to produce relevant, non-privileged documents *within their possession, custody, or control*, which is not disputed here. *E.g.*, Ex. L at RFPs 51–52.

County Defendants further assert objections that are not supported by the facts in this case. For example, the County objects to Plaintiff's request for documents "sufficient to show which County Departments were involved in Your plans to seize, store in place, and/or destroy the Crops" on the basis that the information is "[e]qually available to Plaintiff by reviewing all documents produced in this case." Ex. K at RFP 25. But counsel for Plaintiff *has reviewed all produced documents*, and the produced documents *do not show* which County departments were involved in those plans. For example, no documents produced to date identify the involvement of the County Public Works Department. One email produced contains a lone reference to "Craig Pope," *see* COK0228, Ex. T at 2, who counsel for Plaintiff has determined from publicly available information (not the County's production) was the then-director of Public Works. In fact, that email thread also references "a large gathering" on October 25, 2019, and an individual named "Ryan," *id.*, strongly indicating that other unidentified County officials and departments were involved. No produced documents fill these evidentiary holes—hence Plaintiff's document request. Furthermore, County Defendants repeatedly and baselessly claim that defined terms call for speculation or that individuals named in the RFPs are not related to this case. For example, County Defendants object that KCPNRD, KCDAMS, and KCPWD call for speculation, but each of KCPNRD, KCDAMS, and KCPWD is specifically defined and is a separate County department, foreclosing any purported "speculation." *E.g.*, Ex. L at RFPs 46–50; Ex. H at Definitions. The County also objects to RFP 37—which seeks communications between Mr. Pope and County officials about Plaintiff, its crops that were destroyed, or its CEO—on the basis that Mr. Pope "has no known involvement" in

the execution of the Nicholson Warrant. Ex. K at RFP 37. But the County's own produced documents demonstrate otherwise. *See* COK0228, Ex. T at 2.

County Defendants' "redundant and subsumed" objections are also unsupported by the facts for two reasons. First, to the extent that County Defendants mean that some instant RFPs are duplicative of prior RFPs, counsel for Plaintiff explained to counsel for County Defendants during the July 1, 2025, conference that those RFPs sought to address counsel's stated concerns that prior RFPs did not specify individuals, County departments, and other topics with sufficient specificity to locate responsive documents. During the conference, counsel for County Defendants ***agreed and promised to provide amended responses***. *See* Ex. O at 5–7. Second, despite County Defendants' prior representations that they already completed their responsive document production for some RFPs, County Defendants' amended responses make clear that representation is false and otherwise demonstrate a serious deficiency in County Defendants' document investigations: County Defendants apparently used only one search term, "Apothio," to locate responsive documents. *Supra* at 8. As a result, County Defendants' amended responses fail to state unequivocally that no additional responsive documents exist or have been withheld. Ex. Q (offering unequivocal response to only two of Plaintiff's RFPs to KCSO); *see also* Ex. P (offering an unequivocal response for ***zero*** RFPs in the County's amended responses); Ex. R (same in Youngblood's amended responses); Ex. S (same in Nicholson's amended responses). Given this deficiency, Plaintiff inquired whether County Defendants would provide further information or responses. Ex. O at 2. County Defendants never responded. With such a serious deficiency in County Defendants' document investigations, it defies credulity that the RFPs at issue are "redundant" of, or "subsumed" within, Plaintiff's other RFPs to which County Defendants may have produced some responsive documents.

*   *   *   *

In sum, Plaintiff seeks highly relevant discovery, while County Defendants offer no justification for their refusal to produce 30(b)(6) witness(es) or responsive documents. County Defendants' stonewalling as to these discovery requests mirrors their practice throughout this case to stall discovery. The Court thus should order County Defendants to produce 30(b)(6) witness(es) as to each Topic and all non-privileged, responsive documents for each request for production.

Dated: August 14, 2025

SUSMAN GODFREY L.L.P.

By /s/ *Julian Schneider*
Marc M. Seltzer
Bryan Caforio
Oleg Elkhunovich
Jesse-Justin Cuevas
Julian Schneider
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
mseltzer@susmangodfrey.com
bcaforio@susmangodfrey.com
oelkunovich@susmangodfrey.com
jcuevas@susmangodfrey.com
jschneider@susmangodfrey.com
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiff Apothio, LLC*

**CERTIFICATE OF SERVICE**

I certify that on August 14, 2025, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's ECF system.

                                         */s/ Julian Schneider*
                                           Julian Schneider