UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APOTHIO, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DONNY YOUNGBLOOD, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00522-JLT-CDB<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>(Docs. 183, 185)<br><br>**14-DAY DEADLINE** |

　　　Pending before the Court is the motion of Plaintiff Apothio, LLC, filed August 14, 2025, to compel: (1) Defendants County of Kern and Kern County Sherriff's Office ("KCSO") to produce witnesses for deposition pursuant to Plaintiff's notices served pursuant to Fed. R. Civ. P. 30(b)(6), and (2) Defendants County of Kern, KCSO, Donny Youngblood, and Joshua Nicholson to produce documents in response to Plaintiff's Requests for Production of Documents ("RFP"). (Docs. 183, 185).

　　　The parties initially presented the various discovery disputes to the Court via the Court's informal discovery dispute procedures (*see* Doc. 183); however, because Defendants did not agree to resolve the discovery disputes informally, the Court authorized Plaintiff to file the present motion to compel. (Doc. 184).

**Background**

　　　In its first amended complaint ("FAC") (Doc. 88, FAC), Plaintiff alleges the following

facts. Plaintiff is "an emerging vertically integrated player in the development of hemp-based foods, nutraceuticals, and (eventually) pharmaceuticals." *Id*. at ¶ 65. Plaintiff was at all relevant times an established agricultural research institution ("EARI") under California law. *Id*. at ¶ 66 (citing Cal. Health & Safety Code § 81000(c)). As part of its operations as an EARI, Plaintiff maintains hundreds of acres of land for hemp research. *Id*. at ¶ 66. In Kern County, California, Plaintiff maintained approximately 500 acres of land to grow, research, and harvest hemp plants. *Id*. at ¶¶ 66, 97-98, 107-09.

In March 2019, Plaintiff planted approximately 17 million industrial hemp seeds on the approximately 500 acres located in Kern County. *Id*. at ¶ 110. The hemp plants were grown openly in the approximately 500 acres of fields, which were bordered by several "No Trespassing" signs. *Id*. at ¶ 111. On September 9, 2019, Plaintiff was sued by a former vendor, Newbridge Global Ventures, and its related entities. *Id*. at ¶ 129. Plaintiff asserts Newbridge attempted to gain leverage over Plaintiff by reporting it was growing "500 acres of illegal Cannabis" to law enforcement. *Id*. at ¶¶ 129-33.

On October 17, 2019, Defendant Halverson, a lieutenant employed by the California Department of Fish and Wildlife, applied for and obtained a search warrant to collect samples from Plaintiff's field for tetrahydrocannabinol ("THC") testing. *Id*. at ¶¶ 29, 134. Halverson's warrant application represented that Plaintiff intended to sell cannabis to out-of-state buyers. *Id*. at ¶ 138. Plaintiff contends Defendant Halverson obtained the search warrant by intentionally, knowingly, and recklessly misrepresenting or omitting material facts to deceive the court. *Id*. at ¶¶ 136-73. Plaintiff asserts Defendants Halverson and Nicholson (a Sergeant with Defendant KCSO) executed the search warrant at night and "took 36 unscientific and unrepresentative samples from [Plaintiff's] crops" to corroborate statements made by a Newbridge employee. *Id*. at ¶¶ 28, 175. Plaintiff alleges Halverson failed to file a return for the search warrant listing what he took and retained, failed to send samples to an independent certified lab as required by law, and destroyed evidence. *Id*. at ¶ 176.

On October 24, 2019, Defendant Nicholson applied for and obtained a search warrant to search and seize property used "as a means of committing a public offense." *Id*. at ¶ 180.

Plaintiff alleges Defendant Halverson reviewed Nicholson's warrant and affidavit before he submitted it to the court. *Id*. at ¶ 182.  Plaintiff asserts Defendant Nicholson obtained the search warrant based on many of the same intentional, knowing, and reckless misrepresentations and omissions that Halverson made in his warrant and affidavit. *Id*. at ¶ 183.

On October 25, 2019, state and county law enforcement agents executed the search warrant obtained by Nicholson and entered Plaintiff's hemp fields in Kern County. *Id*. at ¶ 250. Plaintiff asserts that the warrant was defective because of an incorrect description of Trent Jones (Plaintiff's principal), the acreage grown, and because it ignored Plaintiff's status as a research entity under California law. *Id*. at ¶¶ 254-57.  Plaintiff alleges Defendant Nicholson acknowledged CDFW Director Bonham had ratified the destruction of Plaintiff's crops. *Id*. at ¶ 258.  Soon after, Defendants destroyed all approximately 500 acres of Plaintiff's plants. *Id*. at ¶ 266.

Following the filing of its original complaint and litigation over various motions to dismiss, on May 25, 2022, Plaintiff filed the operative FAC.  (Doc. 88).  After a second round of motions to dismiss, this action proceeds on Plaintiff's excessive destruction claim under the Fourth Amendment and related Bane Act and state law claims.  (Docs. 133, 160).

**Governing Legal Standards**

Rule 26 of the Federal Rules of Civil Procedure provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. *See, e.g., Ford v. Unknown*, No. 2:21-cv-00088-DMG-MAR, 2023 WL 6194282, at *1 (C.D. Cal. Aug. 24, 2023).  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Although relevance is broadly defined, it does have "ultimate and necessary boundaries."

1  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978).

2  Relevant here, under Rule 30(b)(6), a party may name an organization as a deponent. The named organization must then designate an officer, director, or managing agent to testify about information known or reasonably available to the organization. Organizational parties have a duty to make a "conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Bd. of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 524, 526 (C.D. Cal. 2008) (quotation and citation omitted). "As with all discovery, a Rule 30(b)(6) deposition must be directed to non-privileged matter that is relevant to a claim or defense and that is proportional to the needs of [the] case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Johnson v. City of San Jose*, No. 21-cv-01849-BLF (VKD), 2023 WL 3687968, at *1 (N.D. Cal. May 25, 2023) (citing Fed. R. Civ. P. 26(b)(1)).

Additionally, in response to a party's request for production of documents, the receiving party "is obliged to produce all specified relevant and nonprivileged documents or other things which are in its 'possession, custody or control' on the date specified in the request." *Jadwin v. Cnty. Of Kern*, No. 1:07-cv-0026-OWW-TAG, 2008 WL 2025093, at *1 (E.D. Cal. May 9, 2008) (quoting Fed. R. Civ. P. 34(a)).

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objection." *Id.* (quotation and citations omitted).

**Discussion**

**A. Plaintiff's Rule 30(b)(6) Notices of Deposition**

Defendant County of Kern has refused and objects to producing a Rule 30(b)(6) witness following Plaintiff's service of a notice of deposition and subsequent meet and confer efforts by Plaintiff to gain Defendant's compliance because (1) all of the information sought may be

4

obtained from deposing KCSO's Rule 30(b)(6) witness, and (2) there are no claims against the County of Kern that warrant a deposition insofar as the operative *Monell* claim is based on Youngblood as a policymaker (for KCSO, not the County of Kern). Defendant separately complains that Plaintiff's noticed deposition topics are akin to a "fishing expedition" that is not warranted based on the facts proffered by Plaintiff and, separately, are not sufficiently particular or proportional to the needs of the case. Finally, Defendant argues that permitting deposition testimony about their conduct of discovery is "improper and/or premature."

To begin with, Defendants have engaged in sanctionable conduct by refusing to appear for deposition without moving the Court for a protective order, as required, thereby shifting the burden to Plaintiff to seek relief. *See* Fed. R. Civ. P. 37(d)(2). Thus, "a party seeking to prevent a deposition from taking place at the noticed site must demonstrate 'good cause' — specific prejudice or harm — before a protective order will issue." *Fram v. Memory Enters. LLC,* No. CV 17-7172-MWF (JPRx), 2018 WL 5903922, at *2 (C.D. Cal. Sept. 17, 2018) (citing *inter alia Phillips v. GMC*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). *Accord Pac. Marine Ctr., Inc. v. Silva*, No. 1:09-cv-1409-LJO-GSA, 2010 WL 2754351, at *3 (E.D. Cal. July 9, 2010). Defendants' misconduct is aggravated given that their asserted grounds for refusing to appear for deposition are meritless.

First, despite approximately two months of meet/confer efforts undertaken by Plaintiff in an attempt to resolve Defendants' original objections to the Rule 30(b)(6) deposition notices, Defendants do not appear to ever have raised their argument, advanced now in opposition to Plaintiff's motion to compel, that the County of Kern should not be compelled to appear for deposition given the nature of the surviving *Monell* claim. *See, e.g*., (Docs. 183-4; 183-5). Defendants' failure to raise during extensive meet and confer efforts a significant argument on which they now rely in continuing to resist producing a witness for deposition is inconsistent with and undermines the meet/confer process relied upon by the Court to fairly and expeditiously resolve discovery disputes. It is the antithesis of good faith and not the first time the undersigned has admonished counsel for Defendants' deficient discovery conduct. *See* (Doc. 181 at 5, 6-7; Doc. 184).

Second, the County of Kern remains a defendant in this action, both as to the state law claims that were not the subject of Defendants' earlier motions to dismiss, and as to the *Monell* claim and related Bane Act claim on a theory of excessive destruction of crops. A *Monell* claim against a municipality requires showing that a plaintiff's constitutional injury was caused by an action undertaken as part of a municipal policy, custom, or practice. (Doc. 133 at 56) (citing *Scanlon v. Cnty. of L.A.*, 92 F.4th 781, 811 (9th Cir. 2024)). *Monell*'s policy/custom/practice element may be satisfied by showing that the injury-causing act was committed or ratified by an official with policy-making authority. *Id*. (citing *Scanlon*, 92 F.4th at 811-12). Ratification requires showing that the policy-making official knew of and approved the subordinate's decision to act and the basis for acting. *Id*. at 57-58 (citing *Dodge v. Evergreen Sch. Dist. #114*, 56 F.4th 767, 788 (9th Cir. 2022) & *Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867, 885 (9th Cir. 2022)).

As the presiding district judge noted in declining to dismiss the *Monell* claim, Plaintiff pleads that Youngblood was the final policymaker for KCSO and County of Kern on the decision to apply for and execute the warrant that Nicholson had obtained, and on the decision to destroy Plaintiff's crops. (Doc. 133 at 56-57). Because he allegedly met with County of Kern officials in connection with planning for the destruction of Plaintiff's crops, and further, participated in the alleged deprivation of Plaintiff's constitutional rights, the Court also concluded "that Plaintiff has adequately pleaded Youngblood's personal participation in the destruction of its crops" sufficient to permit Plaintiff to seek damages against Youngblood in his personal capacity. (Doc. 133 at 17-18). Although on summary judgment Defendants might prevail in seeking dismissal of the *Monell* claim as to the County of Kern based on the argument they rely on in refusing to produce a Rule 30(b)(6) witness, at this stage, the claim remains and County of Kern is required to submit to Plaintiff's discovery requests (including through Rule 30(b)(6) witness testimony) on topics relevant to the claim and proportional to the needs of the case.

Third, Defendants' argument that the noticed deposition topics are not sufficiently particular—specifically, because the topics are virtually identical to the topics noticed as to KCSO (instead of being tailored to the County of Kern)—is unsupported by any cited authority

6

and otherwise is meritless. As one example, Defendants challenge the propriety of Plaintiff seeking to depose a County of Kern witness regarding any coordinated planning between County of Kern and its agencies relating to execution of the search warrants as both irrelevant and speculative. (Doc. 187 at 4) (citing 183-3 at 12-13). The testimony sought is neither irrelevant nor speculative as it is reasonable to expect that such testimony may bear on both elements of the *Monell* claim (whether there was a Fourth Amendment violation and whether a policy-making official knew of and approved the subordinate's action that caused the constitutional injury and the basis for acting).

Fourth, while Defendants indicate the Court-imposed truncated briefing schedule on Plaintiff's motion to compel prevents them from offering a fulsome response to Plaintiff's motion (Doc. 187 at 4), the Court has considered Defendants' numerous objections to the noticed deposition topics (Doc. 183-3) in addition to their opposition brief. Most, if not all, of the vagueness objections are either impermissibly boilerplate and conclusory (as this Court previously admonished counsel for Defendants in connection with other of their discovery objections, *see* Doc. 181 at 5, 11-12) or otherwise meritless. To take one example, Defendants object that Plaintiff's deposition topic for testimony on KCSO and the County of Kern's "involvement in the application for and execution" of the search warrants on grounds it is "[v]ague as to 'involvement' (is this asking for identifies of personnel?)" and vague "as to 'application for and execution' … (what about the application, what about the execution?)." *See* (Doc. 183-3 at 5). Such an objection is nonsensical. Counsel is required to "exercise common sense and attribute ordinary definitions to terms in discovery requests," *Bryant v. Armstrong*, 285 F.R.D. 596, 606 (S.D. Cal. 2012), not engage in "word play[,]" s*ee Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 (9th Cir. 1994). The Court already has overruled the vast majority of Defendants' asserted vagueness and similarly boilerplate objections in connection with the parties' earlier discovery dispute (*see* Doc. 181) and overrules them here for the same reasons.

Finally, Defendants argue that permitting deposition testimony about their efforts to respond to Plaintiff's discovery requests is "improper and/or premature." Another magistrate judge from this Court has rejected this same argument when advanced by counsel for Defendants

7

in an unrelated matter. *See Pucket v. Cnty. of Sacramento*, No. 2:22-cv-0350 KJM DB, 2024 WL 418187, at *2-3 (E.D Cal. Feb. 5, 2024). Counsel for Defendants' briefing on this issue here is virtually identical to the briefing he filed in the *Pucket* matter. As the court in *Pucket* and other courts have found, parties appropriately may seek discovery on an adversary's discovery efforts. *See Pucket*, 2024 WL 418187, at *3 (citing cases); *see also In re Facebook Privacy Litigation*, No. 5:10-cv-02389-RMW, 2015 WL 3640518, at *2 (N.D. Cal. June 11, 2015) (ordering party to submit a declaration explaining her search for responsive documents in detail, including, but not limited to, all sources searched and all search parameters used); *In re eBay Seller Antitrust Litig.*, No. C 07-01882 JF (RS), 2007 WL 2852364, at *1 (N.D. Cal. Oct. 2, 2007) (plaintiffs are "entitled to inquire into the facts as to what the employees receiving the [document retention notices] have done in response; i.e., what efforts they have undertaken to collect and preserve applicable information."). Even where Defendants are correct in suggesting no such discovery is warranted absent a finding of discovery misconduct (*see* Doc. 187 at 5), the Court in this action already has documented in an earlier order and herein its findings that Defendants have been unreasonable in responding to Plaintiff's meet/confer efforts and intransigent in complying with their discovery obligations. Indeed, they have steadfastly refused to produce documents, in some instances based on meritless discovery objections, and have failed to even clarify whether they intend to produce any Rule 30(b)(6) witness in response to Plaintiff's notices. Further, given Plaintiff's proffer that the only search term Defendants used in seeking responsive ESI was "Apothio," they will be ordered to produce a witness prepared to testify about Plaintiff's noticed discovery topics (Topic No. 18 as to KCSO, Topic No. 19 as to County of Kern), including concerning ESI search methodology.

In short, Defendants were obligated to either appear for deposition or seek a protective order. They did neither. Moreover, their reasons for refusing to appear for deposition are baseless. Accordingly, the Court will grant Plaintiff's motion and compel Defendants to appear. The Court cautions the County of Kern (and KCSO) that its failure to make a competent Rule 30(b)(6) witness available for deposition in violation of this Order may be grounds for sanctions, including evidentiary sanctions. *See Lanier v. San Joaquin Valley Officials Ass'n*, No. 1:14-cv-

1  01938-EPG, 2016 WL 4764669, at *8 (E.D. Cal. Sept. 12, 2016); *see also Jones v. Frazesn*, No.
2  2:09-cv-02758 RCT, 2009 WL 3254905, at *3 (E.D. Cal. Oct. 8, 2009).

**B. Plaintiff's Requests for Production of Documents**

The parties seek for the Court to resolve disputes concerning a total of approximately 90 of Plaintiff's requests for production of documents ("RFPs") propounded on all four Defendants. *See* (Doc. 185 at 9 & nn. 9-14). To the Court's understanding, which is informed by the parties' briefs on Plaintiff's motion to compel (Docs. 185, 187) and their earlier joint statement of discovery disputes with attachments (Doc. 183), aside from their few responses affirming they possessed no responsive documents, Defendants have stood on their initial objections, refused to produce responsive documents, failed to clarify whether they are withholding documents and the asserted grounds, and declined after extensive attempts by Plaintiff to meet/confer to compromise or modify their asserted objections to producing documents.

While the Court finds some of Defendants' objections warranted in part, it further finds that many of their objections are meritless. Defendants' unwillingness to engage in good faith meet/confer efforts with Plaintiff to seek compromise – as reflected in counsel for Defendants' email communications with counsel for Plaintiff exhibiting unexplained delays, backtracking, and nonresponsiveness (*see* Doc. 183-4 through 183-6; Doc. 183-15) – and, instead, relegation of an inordinate number of discovery disputes to the Court for adjudication, is unreasonable. *See Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018) ("The discovery process in theory should be cooperative and largely unsupervised by the district court."). Just as Defendants bore the burden to establish good cause for a protective order relieving them of the duty to produce Rule 30(b)(6) witnesses for deposition, here it is Defendants' burden to persuasively explain and clarify why they should be relieved of the duty to produce document responsive to Plaintiff's RFDs. *See Moose Hills, LLC v. Enel Kansas, LLC*, No. 2:22-cv-01488 MCE AC, 2023 WL 3437189, at *4 (E.D. Cal. May 12, 2023) ("If the [discovery] request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections.") (citing *inter alia Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975)); *Sullivan v. Prudential Ins. Co. of Am.*, 233 F.R.D. 573, 575 (C.D. Cal. 2005) (same).

9

<u>Except as otherwise noted below</u>, the Court will overrule Defendant's boilerplate objections (*i.e.*, vagueness) and Defendants' nonsensical objections (*i.e.*, speculative, incomprehensible, seeks document not maintained in the ordinary course, equally available through review of already-produced documents) for the same reasons the undersigned rejected similar objections in ruling on the parties' earlier discovery disputes. *See generally* (Doc. 181).

As one example, Defendants argue the RFP seeking "all documents concerning Your plans to store the Crops in place" is not reasonably particular as to "all documents" and separately objectionable given the absence of evidence that Defendants had any such plans. (Doc. 187 at 7). First, contrary to Defendants' apparent contention, a requesting party is not obligated under Rule 26 or Rule 34 to make a threshold showing that any relevant documents requested actually exist. Second, consistent with the authorities Defendants cite (*see, e.g., id*. at 6; Doc. 183-11 at 5), the test for reasonable particularity is whether the request places a party upon reasonable notice of what is called for and what is not. This particular RFP (and similarly phrased RFPs addressed to Defendants' plans for seizing and destroying the Crops) reasonably put Defendants on notice of what is called for and what is not: documents addressing plans (if any such plans exist) that Defendants or their agents may have had to store the Crops in place.

In the event the Court sustains any of Defendants' objections, the objection is specifically identified below. The Court refers to and construes the operative RFPs at issue as those attached to the parties' earlier joint statement of discovery dispute (Doc. 183-7 through 187-10) as subsequently narrowed by Plaintiff (Doc. 185-1).

RFPs to Defendant County of Kern

Nos. 26-30 seek "all documents concerning plans" by Defendant to seize/store/destroy the Crops, and "all documents concerning" the seizure and destruction of the Crops. The RFP is unbounded by time. Based on the allegations of the complaint, Plaintiff's interactions with the County of Kern, its agency/department officials, KCSO, and/or Youngblood did not begin until approximately October 2018, and the last operative event referenced in the complaint is the issuance against Plaintiff of a notice of violation in December 2019 (approximately two months after the alleged seizure/destruction of the Crops). While the Court acknowledges it is possible

1  Defendants possess relevant and responsive documents that pre-date Plaintiff's alleged
2  commencement of interactions with county officials or after December 2019, Plaintiff does not
3  articulate how requiring production of such documents bears on the issues directly implicated by
4  its claims or otherwise is proportional to the needs of the case. *E.g., Moose Hills, LLC*, 2023 WL
5  3437189, at *4 ("the [RFPs] are sufficiently narrowly tailored and not overbroad except as to
6  time: they each ask for documents beginning January 1, 2019, when the complaint itself alleges
7  that communications between the parties began in June of 2021."). Accordingly, the vagueness
8  objection is sustained as to time and Defendants shall amend their RFP response and produce
9  responsive documents consistent with the time limitation above.

10  Nos. 31-38 seek communications and "documents reflecting" those communications over
11  a three-year period between Cerise Montanio, Glenn Fankhauser, Lorelei Oviatt, Craig Pope
12  (representatives of County of Kern agencies), and "County Personnel" about the Crops, Apothio,
13  or Trent Jones. The Court agrees with Defendants (Doc. 187 at 9) that, absent additional
14  information, such an expansive request is not proportional to the needs of the case. Further, based
15  on the allegations of the complaint, Plaintiff's interactions with the County of Kern, its
16  agency/department officials, KCSO, and/or Youngblood did not begin until approximately
17  October 2018, and the last operative event referenced in the complaint is the issuance against
18  Plaintiff of a notice of violation in December 2019 (approximately two months after the alleged
19  seizure/destruction of the Crops). While the Court acknowledges it is possible Defendants
20  possess relevant and responsive documents that pre-date Plaintiff's alleged commencement of
21  interactions with county officials or after December 2019, Plaintiff does not articulate how
22  requiring production of such documents bears on the issues directly implicated by its claims or
23  otherwise is proportional to the needs of the case. *E.g., Moose Hills, LLC*, 2023 WL 3437189, at
24  *4.

25  Accordingly, the vagueness objection is sustained as to time and Defendants shall amend
26  their RFP response and produce responsive documents consistent with the time limitation above.
27  Further, the particularity objection is sustained to the extent Defendants shall produce
28  communications but not "documents reflecting" those communications.

Nos. 39-42 seek all documents over a three-year period concerning meetings attended by any of the four County personnel identified in Nos. 31-38 (*supra*) at which the Crops, Apothio, or Trent Jones were discussed. Although documents memorializing the substance of meeting discussions about the Crops, Apothio, or Trent Jones plainly would meet the liberal relevance standard under Rule 26, Plaintiff fails to articulate how every document merely "concerning" such a meeting meets the relevance standard or how requiring production of such documents is proportional to the needs of the case. Accordingly, Defendant's vagueness and proportionality objections are sustained to the extent Defendants shall amend their RFP response and produce responsive documents consistent with the time limitation above sufficient to identify all meetings at which the Crops, Apothio, or Trent Jones were discussed. Consistent with Rule 26's proportionality requirement, Plaintiff retains recourse to the use of other discovery tools (*i.e.*, depositions) to discover the substance of any such identified meetings.

Nos. 43-45 seek all documents Defendants obtained through subpoena and all documents they otherwise have obtained and will use in support of their claims/defenses. The mere fact that documents have been subpoenaed by an adversary does not render them discoverable unless required under Rule 26(a) (*i.e.*, where the subpoena issuing party intends to use the documents in support of its claims or defenses) or responsive to a discovery demand directed toward relevant, nonprivileged information. Nevertheless, Defendants' objections are overruled and not a basis for Defendants to shield production of otherwise discoverable information. The attorney-client/work product privilege does not shield documents from disclosure simply because an attorney obtained them through subpoena. *See In re New Century*, No. CV 07-0931 DDP (FMOx), 2009 WL 10691336, at *5 (C.D. Cal. Dec. 7, 2009) ("Merely gathering documents from third parties does not gloss the documents with an attorney's mental impressions any more that simply sharing documents with an attorney stamps the documents with the imprimatur of attorney-client privilege") (quotation and citation omitted). Defendant's other objection (*e.g.*, "seeks to avoid costs") is nonsensical.

RFPs to Defendant KCSO

No. 26 seeks all documents concerning a person identified in an interview transcript as

"the guy from Buttonwillow." Absent additional information from Plaintiff, such an expansive and unexplained request is not proportional to the needs of the case. Accordingly, the particularity objection is sustained, and Defendants shall amend their RFP response and produce documents sufficient to identify "the guy from Buttonwillow."

Nos. 27-32: the Court's rulings above as to the same or similar RFPs propounded on Defendant County of Kern apply equally to these RFPs.

Nos. 33, 34, 37, 39, and 40 seek all communications between Youngblood and Neil Kitchen or David Plivelich over a three-year period "related to enforcement of laws or other law enforcement conduct regarding" hemp, marijuana, or cannabis. The Court has no information before it about Mr. Kitchen or Mr. Plivelich and, thus, is unable to assess the relevance or proportionality of the requests. Accordingly, Defendants' overbreadth objections are sustained and Plaintiff's motion to compel denied as to these RFPs.

Nos. 36, 41 and 42 (in contrast to Nos. 33, 34, 37, 39, and 40) seek all communications between Youngblood and Neil Kitchen or David Plivelich over a three-year period concerning the Crops, Apothio, or Trent Jones. Similarly, Nos. 45, 47, and 49 seek communications between KCSO and agencies of the County of Kern concerning the same topics. Defendants' communications with others pertaining to Plaintiff, its owner/operators or its crops, during the time period referenced in the Court's treatment of the County of Kern's RFP responses (*e.g.*, October 2018 to December 2019) meet the liberal relevance standard under Rule 26 and are proportional to the needs of the case. Accordingly, Defendant's vagueness and proportionality objections are sustained to the extent Defendants shall amend their RFP responses and produce responsive documents consistent with the time limitation above.

No. 43 seeks all documents received from David Plivelich over a three-year period "related to enforcement of laws or other law enforcement conduct regarding" hemp, cannabis, or marijuana. The Court has no information before it about Mr. Plivelich and, thus, is unable to assess the relevance or proportionality of the request. Accordingly, Defendants' overbreadth objections are sustained and Plaintiff's motion to compel denied as to this RFP.

No. 44: the Court's ruling above regarding Nos. 36, 41 and 42, applies equally to this

13

RFP.

Nos. 46, 48 and 50: the Court's ruling above as to the same or similar RFPs propounded on Defendant County of Kern (Nos. 31-38) applies equally to these RFPs.

Nos. 51-53: the Court's ruling above as to the same or similar RFPs propounded on Defendant County of Kern (Nos. 43-45) applies equally to these RFPs.

<u>RFPs to Defendant Youngblood</u>

Nos. 4-5: the Court's ruling above as to the same or similar RFPs propounded on other Defendants applies equally to these RFPs.

No. 7 seeks all documents concerning Youngblood's opinions about hemp, marijuana, or cannabis. Given that the material issues bearing on Plaintiff's claims involve Youngblood's knowledge and approval of the planning and execution of the search warrants, including any storage, seizure, and/or destruction of the Crops, this RFP seeks documents that, while possibly marginally relevant, are not proportional to the needs of the case, particularly given that the subject of a defendant's opinions can be discovered during deposition. Accordingly, Defendant's overbreadth objection is sustained.

Nos. 10-32: the Court's ruling above as to the same or similar RFPs propounded on other Defendants apply equally to these RFPs.

<u>RFPs to Defendant Nicholson</u>

Nos. 1, 3-11, 13-19: the Court's ruling above as to the same or similar RFPs propounded on other Defendants apply equally to these RFPs

\*   \*   \*   \*   \*

Defendants assert in response to virtually all of Plaintiff's RFPs objections based on attorney-client and work product privileges. *See, e.g.*, (Doc. 183-11 at Nos. 25-30, 32, 34, 36, 38-44). Rule 26 requires a party that withholds from production on grounds of privilege any otherwise discoverable material to expressly make the privilege claim and provide the requesting party certain information sufficient to permit it to assess the claim. Fed. R. Civ. P. 26(b)(5)(A). One method by which a party may satisfy Rule 26(b)(5) is to serve a privilege log. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1070-71 (9th Cir. 1992). The Advisory Committee

1  Note to what is now Rule 26(b)(5)(A) does not specify the specific information that must be
2  provided in a privilege log. Advisory Committee Note to Fed. R. Civ. P. 26(b)(5) (1993) ("The
3  rule does not attempt to define for each case what information must be provided when a party
4  asserts a claim of privilege or work product protection."). Nevertheless, in order to permit a
5  receiving party (and the Court) to assess a producing party's privilege claim, a log typically must
6  identify, among other things, the document's general nature and description, the name and
7  position of its author, and specific reasons why it was withheld (*e.g.*, the applicable privilege).
8  *Martinez v. City of Fresno*, No. CV F 06-0233 OWW LJO, 2006 WL 3762050, at *6 (E.D. Cal.
9  Dec. 20, 2006) (citing *United States v. Construction Prods. Research, Inc.*, 73 F.3d 464, 473 (2nd
10 Cir.), cert. denied, 519 U.S. 927 (1996)). Accord "What Constitutes an 'Adequate Privilege Log'
11 under Rule 26(b)(5)," 51 A.L.R. Fed. 3d Art. 2 (2020) (citing Haydock and Herr, Discovery
12 Practice (Aspen Publishers 2009) & *Sky Angel U.S., LLC v. Discovery Comms., LLC*, 28 F. Supp.
13 3d 465 (D. Md. 2014), aff'd on other grounds, 885 F.3d 271 (4th Cir. 2018)). Absent agreement
14 among the parties, "[p]rivilege logs are due at the time a discovery response is made." *Sanchez v.*
15 *Cnty. of Sacramento Sheriff's Dep't.*, No. 2:19-cv-01545 MCE AC, 2020 WL 3542328, at *2
16 (E.D. Cal. June 20, 2020) (citing Fed. R. Civ. P. 26(b)(5) & 34(b)).

17      Accordingly, in Defendants' amended RFP responses ordered herein, to the extent
18 Defendants reassert objections based on attorney-client and work product privileges, they shall
19 provide Plaintiff with the information called for under the authorities cited above. Further,
20 because the vast majority of Defendants' responses to Plaintiff's RFPs do not state whether any
21 responsive materials are being withheld on the basis of the other asserted objections, the Court
22 will compel Defendants to serve amended responses in compliance with Rule 34(b)(2)(C) in
23 which any response asserting any objection indicates whether any responsive materials are being
24 withheld on the basis of that objection.

25      Finally, Defendants are again admonished that in serving amended discovery responses
26 and responsive documents, any failure to comply either with the letter or spirit of the rulings set
27 forth herein may result in the imposition of sanctions, including, among others, evidentiary
28 sanctions under Rule 37. *See* (Doc. 181 at 5-6).

**Conclusion and Order**

For the reasons set forth above, it is HEREBY ORDERED:

1. The objections of Defendants County of Kern and KCSO to Plaintiff's notice of Rule 30(b)(6) depositions are OVERRULED and Defendants SHALL PRODUCE within 21 days of entry of this order a witness/witnesses for deposition and make a good faith effort to prepare their designees so that they can answer questions regarding the noticed Rule 30(b)(6) deposition subjects fully and completely.

2. Defendants County of Kern, KCSO, Youngblood, and Nicholson SHALL SERVE AND PRODUCE within 14 days of entry of this order, consistent with the rulings herein: (1) amended responses to Plaintiff's RFPs, including as applicable (a) a statement for each RFP response whether any responsive documents are withheld and the basis for the withholding, and (b) a privilege log, and (2) documents responsive to Plaintiff's RFPs.

**Any failure by Defendants to timely comply with this order may result in the imposition of sanctions.**

IT IS SO ORDERED.

Dated:   **August 29, 2025**                              _____
                                                          UNITED STATES MAGISTRATE JUDGE

16