Marc M. Seltzer (54534)
Bryan Caforio (261265)
Oleg Elkhunovich (269238)
Jesse-Justin Cuevas (307611)
Julian Schneider (347246)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
mseltzer@susmangodfrey.com
bcaforio@susmangodfrey.com
oelkunovich@susmangodfrey.com
jcuevas@susmangodfrey.com
jschneider@susmangodfrey.com
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiff Apothio, LLC*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| APOTHIO, LLC,<br><br>　　　*Plaintiff,*<br><br>vs.<br><br>KERN COUNTY; KERN COUNTY SHERIFF'S OFFICE; CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE; DONNY YOUNGBLOOD; JOSHUA NICHOLSON; ANDREW HALVERSON, and CHARLTON H. BONHAM,<br><br>　　　*Defendants.* | Case No. 1:20-cv-00522-JLT-CDB<br><br>*Assigned to the Hon. Christopher D. Baker*<br><br>**[PROPOSED] ORDER FOR DISCOVERY OF ELECTRONICALLY STORED INFORMATION**<br><br>Complaint Filed April 10, 2020<br>1st Amd Complaint Filed: May 25, 2022<br>Trial Date: September 9, 2026<br>Jury Trial Demanded |

1

1    Pursuant to the Court's Order dated September 3, 2025, ECF 191, Plaintiff Apothio, LLC
2  ("Plaintiff") submits this [Proposed] Order for the Discovery of Electronically Stored Information
3  (the "ESI Protocol" or the "Protocol").[1] This Protocol is necessary to expedite the production of
4  discovery, to ensure compliance with federal civil discovery obligations regarding document
5  investigation and production, and to facilitate consistency in the format of the documents produced
6  in this case. The following terms apply to this Protocol:

7    1.    This Protocol supplements all other discovery rules and orders. It streamlines the production of Electronically Stored Information ("ESI") to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

11    2.    This Protocol may be modified at the Court's discretion or by stipulation.

12    3.    In light of the importance that the Court places on cooperation, Plaintiff and Defendants (individually, a "Party" and, together, the "Parties") shall cooperate in good faith throughout this action to progress discovery and comply with their federal civil discovery obligations.

16    4.    The producing party will conduct a reasonable investigation to identify materials responsive to the receiving party's discovery requests consistent with the Parties' discovery obligations under the Federal Rules of Civil Procedure, which may include the identification of individual custodians and use of search terms.

20    5.    Upon request, the producing party shall provide the search terms and custodians used to identify responsive materials, as well as a corresponding hit report that shows how many documents, exclusive and inclusive of families, contain each search term or string.

24    6.    If necessary to ensure a complete production of responsive, discoverable materials, the Parties will negotiate in good faith, including by meeting and conferring, to

---

[1] After the Court's September 3, 2025, Order following the mid-discovery status conference on the same date, counsel for Plaintiff contacted counsel for Defendants—on September 3, 2025, and September 8, 2025—and requested to meet and confer regarding this Protocol. Counsel for Defendants never responded.

       identify custodians and search terms reasonably calculated to locate responsive, discoverable materials.

    a.   If the receiving party proposes additional search terms for current custodians the producing party must respond within seven (7) days by either (a) accepting the proposal; (b) rejecting the proposal and declaring an impasse; or (c) rejecting the proposal and providing (i) a hit report that corresponds with the receiving party's proposal, (ii) a counterproposal, and (iii) hit report that corresponds with the producing party's counterproposal.

    b.   If the receiving party proposes additional custodians, the producing party must respond within seven (7) days by either accepting the proposal, rejecting the proposal and declaring an impasse, or making a counterproposal.

    c.   If the Parties reach an impasse, the receiving party promptly shall contact the Court to schedule an Informal Discovery Conference.

7. The Parties will disclose any use of enterprise messaging tools, such as MS Teams, including the type of subscription and retention settings in place. The Parties will meet and confer regarding issues relating to the parameters for collection of such data, the format of the production, and other issues unique to this type of data, including but not limited to the parsing of the conversations.

8. **Production Format for ESI.**

    a.   Except as otherwise provided in this Protocol, all documents existing in electronic format (*e.g.*, Word, PDF, email files) shall be produced in a format that includes all data contained in the native format. All ESI shall have a unique file name and include the Bates number(s) assigned to it. All ESI shall be produced in single-page images, whether TIFF or PDF, with page breaks at document end, and each image shall have a Bates number affixed to it. Each image shall convey all information contained by the document, disclosing all track changes, hidden content, notes, and any hidden slides,

    rows, or columns, subject to any redactions. Document level OCR shall be provided. The production time zone for all ESI shall be in Pacific Time Zone.

  b. Metadata and all fields of metadata shall be provided at the time of document production. The load files shall include the following metadata fields in the load file: BegDoc; EndDoc; MD5hash value; conversation index; title/subject; to; author/from; cc; bcc; date sent; date received; time received; time sent; date created; last date modified; attachment or file name; number of attachments; beginning attachment; end attachment; document page count; document type; custodian; duplicate custodian; file extension; file name; original file path; file size; application.

  c. Upon reasonable request, the producing party shall re-produce select and specifically identified color documents as paginated color JPGs. For the avoidance of doubt, a request that trial exhibits or potential trial exhibits be re-produced in color constitutes a reasonable request.

  d. Spreadsheet-type files (*e.g.*, Microsoft Excel), slideshow-type files (*e.g.*, PowerPoint), and multimedia files (*e.g.*, video, audio, voicemail, etc.) shall be produced in native format unless they require redaction. Documents produced in native format shall be named according to the Bates number assigned. Single-page Bates-stamped image slip-sheets shall be included for each document produced in native format. The slip-sheets shall display the Bates number of the native file and an endorsement stating "File Produced Natively."

    i. If a producing party provides an image of the file only, then the producing shall provide the file in native format upon request.

  e. For spreadsheet-type and slideshow-type files that are printed to single-page Bates-stamped images for redaction and redacted (rather than redacted in native), the following printing options shall be enabled:

    i. Spreadsheet (*e.g.*, Excel) Print to TIFF or PDF Options

4

                1. Unhide columns and rows
                2. Unhide worksheets
                3. Autofit columns and rows, settings to be over by columns first and then down by rows
                4. Print gridlines
                5. Do not apply Autofilter
                6. Display headings
                7. Display comments
                8. Header and Footer filename field handling: Show field code
        ii. Slideshow (*e.g.*, PowerPoint) Print to TIFF or PDF Options
                1. Print notes pages
                2. Print hidden slides
                3. Print comments

    f. The producing party shall make reasonable efforts to ensure that any spreadsheets produced only as single-page images because of redactions are formatted so as to be legible. Upon request, for redacted items which were originally ESI, all metadata fields noted in this Protocol that do not contain privileged or protected information will be provided and will include all non-redacted data. A document's status as redacted does not relieve the producing party from providing all metadata required herein.

    g. All attachments, addendums, enclosures, and/or exhibits to a parent document will be, to the extent reasonably possible, produced immediately following the parent document and identified as they relate to the respective parent document with the parent/child relationship intact.

9. **Metadata:** Metadata will be provided with each production. To the extent that metadata does not exist or is not reasonably accessible or available for any documents produced, nothing in this ESI Protocol shall require a Party to extract, capture, collect, or produce such metadata.

5

10. **Email Chains:** To the extent reasonably possible, each responsive email shall be produced individually. If the producing party produces an email chain without separately producing each constitutive email, then upon reasonable request the producing party shall produce constitutive emails.

11. **Privilege Logs:** A Party that withholds or redacts documents, ESI, and any other materials and information on the grounds of attorney-client privilege, attorney work product protection, and/or any other applicable privilege, immunity, or protection from discovery shall produce a privilege log. The following documents do not need to be included on a privilege log: (1) privileged communications exclusively between a Party and its outside or in-house counsel on or after 4/10/2020, (2) work product performed by a Party at the discretion of its outside or in-house counsel on or after 4/10/2020, and (3) privileged or work product documents or communications between a Party and its outside or in-house counsel related to any of the following lawsuits and investigations: the above-captioned case; *People v. Trent Jones*, Case No. BM952715A in Kern County Superior Court; *Apothio, LLC v. Kern County Sheriff's Office, et al.*, Case No. BCV-20-100711 in Kern County Superior Court; and any related lawsuits or investigations. Privilege logs shall be served within a reasonable time after the parties' substantial completion of production of documents and in no event later than the close of fact discovery absent a good faith basis. The withholding party shall serve a copy of the privilege log in native (*e.g.*, Word, Excel) format. The privilege log shall include the following:

   a. A unique number for each entry on the log.
   b. Date of document for all ESI and to the extent known or discernible for all hard copy documents. For emails, this should be the document's sent date. For loose ESI, this should be the last-modified or create date of the document if not readily ascertainable from the document.

  c. Custodian of the document. For emails, this should be populated with the metadata extracted from the Custodian(s) field. For loose ESI, this should be populated with the instant document's Custodian value.

  d. Author of the document. For emails, this should be populated with the metadata extracted from the file's "Email From" field. For loose ESI, this should be populated with the metadata extracted from the "Author" field. For hard copy documents, this should be populated with the "Custodian."

  e. Recipient(s) of the document where reasonably ascertainable. For emails, this should be populated with the metadata extracted from the file's "Email To" field. Separate columns should be included for the metadata extracted from the "Email CC" and "Email BCC" fields, where populated.

  f. The type of privilege being asserted, such as: (a) Attorney-Client Privilege, (b) Work Product, or (c) Common Interest.

  g. A description of the basis for the claim of privilege.

12. **Non-Party Subpoenas:** A Party that issues a non-party subpoena shall timely notify all Parties when it receives non-party productions of documents, ESI, or other responses from a non-party, and shall timely provide copies of all such productions in the format in which they were received from the non-party to all Parties. If the non-party produces documents or ESI that are not Bates labeled, the receiving party shall so notify other parties when serving the production. The Parties shall meet and confer in good faith about any costs of production.

13. **Technical Variances:** Recognizing that a producing party may experience production issues due to data systems or files that may not be fully compatible with the technical specifications in this ESI Protocol, any practice or procedure set forth herein may be varied by written agreement of the Parties to accommodate such issues and/or where such variance is deemed appropriate to facilitate the timely and economical production of documents or ESI. No Party shall unreasonably object to any such variance.

     a.    In light of the fact that the Parties have already produced a substantial number of documents, to the extent that the Parties' prior productions do not conform to the requirements of this ESI Protocol, the Parties shall meet and confer in good faith as to any variance. No Party shall unreasonably object to any such variance.

14. **Reproduction as Natives:** The Parties agree that to the extent any party seeks production in native format of specifically identified ESI produced originally in single-page image form, the producing party shall respond reasonably and in good faith to any such request.

15. **Disclosure of Protected Information:** Pursuant to Federal Rule of Evidence 502(d) and (e), the disclosure during discovery of any communication, information, or material that is protected by the attorney-client privilege or work-production protection, as defined by Federal Rule of Evidence 502(g), shall not waive the privilege or protection in the above-captioned case, or any other federal or state proceeding, for either that communication, information, or material or the subject matter of the same, unless there is an intentional waiver of the privilege or protection to support an affirmative use of such communication, information, or material in support of the Party's claim or defense, in which event the scope of any such waiver shall be determined by Federal Rule of Evidence 502(a)(2) and (a)(3).

16. **Inadvertent Production of Protected Information:** In the event of an inadvertent production of material protected by the attorney-client privilege, work-product protection, or any other privilege or protection from disclosure, the producing party shall give notice to the receiving party that inadvertently produced material is subject to claim of privilege or protection from disclosure. The obligations of the receiving party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), except that the receiving party may retain one (1) copy of the inadvertently produced material for the purpose of challenging the claim of privilege or protection from disclosure. The inadvertent production of material subject to a claim of attorney-

client privilege, attorney work-product protection, the common interest doctrine, or other protection from disclosure does not constitute waiver of such privilege or protection. If only a portion of the material is privileged, the producing party shall produce a redacted version of the privileged material within seven business days. No further use of the disclosure shall be made of the inadvertently-produced material, and the receiving party shall take all reasonable and appropriate steps to retrieve and destroy the material, including any copies, from any person who has received the material from the receiving party.

Dated: September 10, 2025                              SUSMAN GODFREY L.L.P.

By /s/ *Julian Schneider*
Marc M. Seltzer
Bryan Caforio
Oleg Elkhunovich
Jesse-Justin Cuevas
Julian Schneider
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
mseltzer@susmangodfrey.com
bcaforio@susmangodfrey.com
oelkunovich@susmangodfrey.com
jcuevas@susmangodfrey.com
jschneider@susmangodfrey.com
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiff Apothio, LLC*

IT IS SO ORDERED.

Dated:  September 18, 2025                             _____
                                                       UNITED STATES MAGISTRATE JUDGE