1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

| APOTHIO, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DONNY YOUNGBLOOD, *et al.*,<br><br>Defendants. | Case No. 1:20-cv-00522-JLT-CDB<br><br>ORDER RE REQUEST FOR RESOLUTION OF DISCOVERY DISPUTE<br><br>(Doc. 204)<br><br>**<u>10-DAY DEADLINE</u>** |
|---|---|

18

19

20

21

Pending before the Court is a discovery dispute that Plaintiff Apothio, LLC, and Defendants County of Kern, Kern County Sheriff's Office ("KCSO"), Donny Youngblood, and Joshua Nicholson ("Defendants") have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure. (Doc. 204).

22

23

24

25

26

27

28

Following their submission of a joint discovery dispute letter brief (*id.*), the parties convened before the undersigned via Zoom for informal discovery dispute conference. (Doc. 206). Consistent with Defendants' statement in the parties' letter brief, counsel for Defendants declined at the conference to consent to the Court's informal discovery dispute resolution procedures as to the issue denominated as No. 2 in the joint letter brief (*see* Doc. 204 at 4-6, 7) [re: document investigation]. Accordingly, as to that issue, the Court authorized Plaintiff to file a motion to compel pursuant to Fed. R. Civ. P. 37. (Doc. 206). As to the other two discovery

1    disputes identified in the parties' joint letter brief, the parties agreed to resolution of the disputes

2    outside the Local Rule 251 formal parameters and agreed to abide by an anticipated order of the

3    Court resolving the disputes to the exclusion of seeking relief through either a motion to compel

4    or for protective order, reserving only the parties' rights to seek review of the undersigned's order

5    by the assigned district judge pursuant to Fed. R. Civ. P. 72(a).

6         Because the parties are familiar with the relevant facts and legal standards, the Court

7    incorporates here the "Background" and "Governing Legal Standards" sections of its earlier

8    orders granting Plaintiff's motions to compel (*see* Docs. 181, 189).

9         **Discussion**

10        **A.  Plaintiff's Challenge to County Defendants' Violation of the ESI Order**

11        On September 3, 2025, the Court convened with the parties for the mid-discovery status

12   conference and discussed, among other things, Plaintiff's reportedly unsuccessful attempts over the

13   preceding months to obtain Defendants' consent to a protocol for the production of electronic stored

14   information ("ESI").  (Doc 188 at 4; Doc. 190).  Following the conference, the Court ordered the

15   parties to file either a jointly proposed protocol governing production of ESI  or, if agreement could

16   not be reached, their respective proposed protocols and/or a statement setting forth why such

17   protocol is unwarranted.  (Doc. 191).  Plaintiff complied with the Court's order and filed its

18   proposed protocol. (Doc. 192).  Defendants did not comply, prompting the Court to issue an order

19   to show cause why they should not be sanctioned for failure to comply with a court order. (Doc.

20   193).  Following receipt of Defendants' respective responses to the show cause order, the Court

21   entered Plaintiff's proposed ESI protocol.

22        As clarified and narrowed by Plaintiff during the informal discovery dispute conference,

23   Plaintiff seeks an order enforcing the following provision of the ESI protocol: "Upon request, the

24   producing party shall provide the search terms and custodians used to identify responsive materials,

25   as well as a corresponding hit report that shows how many documents, exclusive and inclusive of

26   families, contain each search term or string."  (Doc. 192 ¶ 5).  During the discovery dispute

27

28

1   conference, Defendants did not object to complying with this provision[1] but requested that the

2   Court enforce the provision upon all parties (including Plaintiff) and provide clarification

3   concerning the phrase "hit report."

4        In resolving earlier discovery disputes among the parties, the Court has confirmed that

5   "parties appropriately may seek discovery on an adversary's discovery efforts," including through

6   production of information revealing search and collection methodology, search terms used, and

7   sources searched.  (Doc. 189 at 8) (citing cases).

8        The Court will require both parties to comply with Paragraph 5 of the ESI protocol.

9   Specifically, each party shall provide the others with search terms and custodians used to date to

10   identify responsive materials within the producing party's ESI, as well as a corresponding hit

11   report that shows how many documents, exclusive and inclusive of families, contain each search

12   term or string.  If the producing party's ESI tools are not reasonably capable of providing

13   numbers of family members, the producing party shall identify the ESI tools reasonably available

14   to and used by the producing party and certify in its response its inability to return information

15   about family members.

16        The Court declines Defendants' invitation to further define terms such as "hit report" and

17   "families" as a reasonably diligent search of this Court's and the Circuit's jurisprudence

18   governing ESI reveals that the terms are commonly accepted.

19        **B. Plaintiff's Challenge to Defendants' Responses to RFPs**

20        In its prior order resolving certain of the parties' earlier discovery disputes, the Court

21   directed Defendants to provide amended responses to certain of Plaintiff's requests for production

22   of documents ("RFPs").  *See generally* (Doc. 189).  Because Defendants asserted in response to

23   virtually all of the RFPs at issue objections based on attorney-client and work product privileges,

24   the Court ordered Defendants' amended responses include as applicable (a) a statement for each

25   RFP response whether any responsive documents are withheld and the basis for the withholding,

26

27        [1] Nor in their response to the Court's show cause order did County Defendants assert specific
objections to entry of Plaintiff's ESI order aside from noting that a protocol was unnecessary given the
"late state" of discovery and that producing documents in TIFF format was "burdensome since it is just an

28   image, not a searchable document."  (Doc. 192 at 2).

1    and (b) a privilege log.

2         Plaintiff asserts that Defendants' amended responses to its RFPs did not include a privilege

3    log, which, it asserts, constitutes a waiver by Defendants of any entitlement it has to invoke the

4    privilege.  (Doc. 204 at 6).  Defendants represent that they did not reassert in their amended

5    responses to Plaintiff's RFPs an objection on grounds of privilege and, hence, were not required to

6    produce a privilege log. *Id*. at 7.  Counsel for Defendants maintained during the discovery dispute

7    conference that he withdrew the previously-asserted privilege objections in response to the RFPs

8    in dispute and that were the subject of the Court's most recent order on Plaintiff's motion to compel

9    (Doc. 189).

10        However, counsel for Plaintiff represented during the discovery dispute conference that

11   Defendants have asserted a privilege objection in response to other of Plaintiff's RFPs that were

12   not at issue in connection with the disputes resolved by the Court's most recent order on Plaintiff's

13   motion to compel (Doc. 189).  Accordingly, the Court clarifies and will direct Defendants, for any

14   operative RFP response (*i.e.*, Plaintiff's RFPs served December 12, 2024, *see* Doc. 204 at Exs. D

15   & E) in which they assert an objection based on attorney-client or work product privileges, to serve

16   amended responses that include, as applicable, (a) a statement for each RFP response whether any

17   responsive documents are withheld and the basis for the withholding (*i.e.*, whether attorney-client

18   or work product privileges), and (b) a privilege log.

19        The Court further clarifies that Defendants may not withhold from production any

20   document responsive to any of Plaintiff's RFPs on the grounds of attorney-client or work product

21   privileges unless an objection on such grounds is expressly asserted in response to the RFP and a

22   privilege log is served consistent with the Court's earlier order (see Doc. 189 at 14-15).

23   **Conclusion and Order**

24        For the reasons set forth above, it is HEREBY ORDERED, within ten (10) days of entry

25   of this order:

26        1.  The parties shall exchange the information and reports called for under Paragraph 5 of

27   the ESI protocol (Doc. 199); and

28        2.  Defendants shall serve, for any operative response to Plaintiff's RFPs in which they

4

1    have objected on grounds of attorney-client or work product privileges, an amended response that

2    includes, as applicable, (a) a statement for each RFP response whether any responsive documents

3    are withheld and the basis for the withholding (*i.e.*, whether attorney-client or work product

4    privileges), and (b) a privilege log.

5    IT IS SO ORDERED.

6        Dated:    **October 10, 2025**

7                                                    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5