**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
jwhitefleet@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants COUNTY OF KERN (erroneously sued as "Kern County"); KERN COUNTY SHERIFF'S OFFICE; DONNY YOUNGBLOOD and JOSHUA NICHOLSON

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APOTHIO, LLC, | Case No. 1:20-cv-00522-JLT-CDB |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION FOR RECONSIDERATION OF MAGISTRATE ORDER [ECF 221]** |
| v. | |
| KERN COUNTY; KERN COUNTY SHERIFF'S OFFICE; CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE; DONNY YOUNGBLOOD; JOSHUA NICHOLSON; ANDREW HALVERSON and CHARLTON H. BONHAM, | DATE: January 6, 2026
TIME: 9:00 A.M.
COURTROOM: 4, 7th Floor

Complaint Filed: 4/10/2020
First Amended Complaint Filed: 5/25/2022 |
| Defendants. _____/ | |

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE; DONNY YOUNGBLOOD and JOSHUA NICHOLSON ("Defendants") will, and hereby does, move for reconsideration of the Order awarding sanctions (ECF No. 221) pursuant to Federal Rule of Civil Procedure 72 and Local Rule 303(c) on the following grounds:

1

1.  Was it manifest error to award sanctions both as against Defendants and their attorney without sufficient notice, when the notice of motion did not seek sanctions, and court's issuance *sua sponte* was also without notice?

2.  Was it manifest error to find an underlying violation of the court's discovery order when (1) the notice of motion did argue there was a violation and (2) the court did not give Defendants an opportunity to address a claimed violation, and (3) the Magistrate failed to consider that amended responses and additional production were made after the motion was filed?

3.  Was it manifest error to determine a violation of a court order, tantamount to contempt, when the Magistrate is not authorized to do so, and failed to apply the correct standard?

4.  Was it manifest error to not find that reasonable minds could disagree on the relevance of complained of emails or were responsive to the claim about execution of the warrant and whether the warrant was exceeded?

5.  After conducting an informal discovery conference, the Magistrate authorized Plaintiff to file a motion to compel, but did not exempt the motion from Local Rule 251 to do so via a Joint Statement, which would have allowed Defendants to meet and confer and further discuss the issues. Then, Plaintiff submitted a Reply which the Magistrate issued an order granting Plaintiff's request on the reply without giving Defendants an opportunity to respond.  This was manifest error.

## I. **INTRODUCTION**

This case arises from the seizure and destruction of plants, which Plaintiff claims were hemp, but Defendants contend were marijuana, pursuant to search warrants obtained in state court in 2019. Following motion practice, the claims currently[1] stem from the notion that alleged search warrant was exceeded when alleged hemp plants versus marijuana plants were destroyed.  (See ECF NO. 160).

Defendants move the Court for reconsideration of the Magistrate's Order (ECF No. 221) granting sanctions against them and their counsel, ordering further production.

/ / /

/ / /

/ / /

---

[1] Plaintiff has filed leave to amend which is under submission.

## II. STATEMENT OF RELEVANT FACTS

On October 8, 2025, the parties filed an informal discovery statement for hearing on October 10, 5 2025. In this informal statement, Plaintiff made generalized statements about the responses to written discovery, misstating where amended responses had been provided and documents were indeed produced, (pp. 4-6, ECF No. 204). This informal statement made a brief conclusion that the 30(b)(6) witness "was unable to explain" the searches. (p.6, ECF No. 204).

In the Order following the hearing, the Magistrate court authorized Plaintiff to file a motion to compel for "the issue denominated as No. 2) in the joint brief. (p.1 :24-28, ECF No. 208).

Rather than file a notice of motion, which could then be followed by submission of a Joint statement per Local Rule 251, Plaintiff filed a motion with Points and Authorities, greatly expanding on the issues raised in the joint brief and ignoring the meet and confer requirement. (Compare ECF 204 with 212).  Defendants opposed.  (ECF No. 218).  Plaintiff filed a reply.  (ECF 219).

In ruling on the motion without oral argument, the Magistrate cited to questions raised and answered at the prior informal conference, in generalized fashion, or appears to have been taken out of context or misunderstood what counsel was stating, without notice or opportunity for counsel to either explain or address the issues.   Despite that counsel for Defendants represented that 'in connection with revising the responses to the December 12, 2024 requests per the court order regarding the privilege log (ECF No. 208), Defendants amended their respective responses on October 20, 2025, and produced over 3900 pages of additional documents" which were the subject of the motion, which the Magistrate confusingly said was "without explanation" (ECF No. 221, p. 8:17), which not only ignored the above statement but Defendants were never given an opportunity to explain.

Based on Rule 37, and the court's inherent authority, the Magistrate found a violation of the court's August 29, 2025 Order (ECF No. 221, p. 11:12-14), for a "lack of regard and indifference to court orders".   The Magistrate sanctioned counsel in the amount of $3,000 and Defendants to pay attorney fees, in amount to be determined, again for violation of the August 29, Order.  (ECF no. 221, p. 12).

///

///

### III. STANDARD FOR RECONSIDERATION

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. IJ v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993).

### IV.   ARGUMENT

**A. The Magistrate's Order awarding sanctions against Defendants and their counsel violated Due Process, the Magistrate committed clear error in not giving notice**

"[D]ue process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions." *Lee v. Gates*, No. CV 03-03126-GAF, 2005 WL 67087, at *2 (C.D. Cal. Jan. 10, 2005) (vacating order for sanctions because no notice) citing *In re Ames Dept. Stores, Inc.,* 76 F.3d 66, 70 (2d Cir.1996) (emphasis in original). The notice must be particularized - meaning both of the sanctioning authority being considered and the conduct alleged to be sanctionable. See *Zuk v. Eastern Pa. Psychiatric Inst. of the Med. College of Pa*., 103 F.3d 294, 298 (3d Cir.1996); *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1357 (3d Cir.1990).

Plaintiff's Notice of Motion fails to properly apprise Defendants or their counsel of any basis for sanctions under the Court's inherent authority or Rule 37 of the Federal Rules of Civil Procedure. There is nothing in the "Notice" section that states the factual basis for the motion under the Court's inherent authority or Rule 37(e).  Likewise, the Order authorizing the motion to compel was silent on whether sanctions were being contemplated for violation of any order. (ECF No. 208) This is insufficient notice.   Likewise, the Magistrate failed to give notice that sanctions were being considered. On these grounds, the Order should be vacated in its entirety.

**B.   The Magistrate committed clear error by concluding a violation of court order when the motion to compel did not seek a violation of court order**

The Notice of Motion to compel does not mention that it was asking the Magistrate to find that the prior court order had been violated.  Rather, the motion was to compel further production of documents or a 30(b)(6) witness, or require further meet and confer.  The Magistrate transformed the motion by Plaintiff into one adjudicating whether the August 29 order had been violated, but

Defendants had no notice that such was being contemplated or considered by the court. Likewise, the Order authorizing the motion to compel was silent on whether any violation of the August 29 order was contemplated. (ECF No. 208) This violated Due process. Otherwise, the opposition to the motion would have addressed the verbiage of the Order, the specific requests and responses purportedly at issue etc. Even the Order does not address those matters save in broad terms. Defendants were not given the proper opportunity to address whether the amended responses (or how the supplemental amended response provided on October 20 with production of 3900+ pages) violated the August 29 court order. On these additional grounds, the Order should be vacated in its entirety.

**C.  Tantamount to contempt, the Order finding a violation of the court order and issuing of sanctions was outside the Magistrate's jurisdiction.**

Magistrate Judges "do[ ] not have authority to issue contempt sanctions. Only the District Judge has the authority to enter a finding of contempt when the parties have not consented to the magistrate judge presiding over all proceedings." *Nilon v. Nat.-Immunogenics Corp.*, No. 3:12-CV-00930-LAB, 2015 WL 224628, at *4 n.5 (S.D. Cal. Jan. 15, 2015) (citing 28 U.S.C. § 636(e)). See also *Langer v. McHale*, No. 13CV2721 CAB NLS, 2014 WL 4924331, at *5 (S.D. Cal. Sept. 2, 2014), aff'd, 2014 WL 5422973 (S.D. Cal. Oct. 20, 2014).

Here, the Order awarding fees against Defendants and sanctions against counsel is tantamount to a holding of contempt, which the Magistrate does not have the authority to do. On these additional grounds, the Order should be vacated in its entirety.

**D.  Tantamount to contempt, the Order failed to apply the proper standard**

Under Rule 37(b)(2)(A)(vii), a party may be found in contempt for failure to obey a discovery order.

> If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;

5

  (iv) staying further proceedings until the order is obeyed;
  (v) dismissing the action or proceeding in whole or in part;
  (vi) rendering a default judgment against the disobedient party; or
  (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37. The party moving for a civil contempt order bears the burden of showing by clear and convincing evidence that the alleged contemnor violated the "a specific and definite court order". *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999) (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)). A finding of contempt is not warranted if the action appear to be based on "a good faith and reasonable interpretation of the court's order." Id. (internal quotations, alteration, and citation omitted). Additionally, "'[s]ubstantial compliance' with the court order is a defense to civil contempt, and is not vitiated by 'a few technical violations' where every reasonable effort has been made to comply." *Id*. (quoting *Vertex Distrib., Inc. v. falcon Foam Plastics, Inc*., 689 F.2d 885, 891 (9th Cir. 1982)). "[L]ateness in complying with this Court's discovery Order, while careless and frustrating, does not constitute bad faith or willful conduct." *Durant v. City of Gretna*, No. CV 19-147, 2021 WL 5113147, at *4 (E.D. La. Nov. 3, 2021) (41 days late)

The Magistrate did not apply the correct standard in order to issue a finding of contempt (violation of a court order), much less by the clear and convincing standard. This is particularly true where there was no analysis of the language of the Order, no analysis of the production/responses nor how the responses were somehow insufficient to render them in violation. The amended responses and further supplemental responses were provided in a good faith effort in an effort to comply with the court's order, based on supplemental search terms (which Plaintiff was in fact attempting to expand upon in their motion to compel). Such is not evidence of contempt, much less a clear and convincing violation. On these additional grounds, the Order should be vacated in its entirety.

### E. The Magistrate erred in not finding the motion to compel moot, or at least given the supplemental responses and production, require further meet and confer.

The Magistrate ignored that Defendants provided amended responses and produced 3900+ pages. Plaintiff in his reply sought production of documents based on the hit reports produced by Defendants – but failed to cross reference the already-produced documents. Moreover, as repeatedly explained to counsel during meet and confer, merely because there was a "hit" on "industrial hemp" or the like does

not mean it is responsive – some documents were mere advertisements for classes.  To order production blindly without allowing Defendants to attempt to cross reference what has been produced, or determine if the documents are responsive or not, or privileged or not, is an abuse of discretion.  On these additional grounds, the Order should be vacated in its entirety.

**F.   The Magistrate Order in determining relevance of complained of emails committed manifest error in not finding reasonable minds could disagree on whether the emails were responsive to the claim about execution of the warrant and whether such was exceeded.**

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)…." *Gleason v. Cal. Dep't of Corr. & Rehab.*, No. 2:20-cv-00775-KJM-CKD-P, 2021 WL 4061653, at *3 (E.D. Cal. Sept. 7, 2021) (quoting *Bryant v. Ochoa*, No. 07-cv-0200 JM (PCL), 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009)).

Defendants submit reasonable minds can disagree whether the emails were responsive.  Plaintiff identifies emails between Nicholson and his supervisor "regarding Apothio's agreement with Cerro Coso Community College" to cultivate hemp as "responsive", but the email itself **does not mention Apothio**, does not mention the warrant, nor execution of the warrant. Rather it says, "Here is the article I was telling you about". Defendants submit that the email in and of itself is not responsive to the destruction of the crops, and is not readily discernable that it was about warrant.  That the Cerro Coso agreement was produced in other contexts certainly means no prejudice.  Plaintiff next identifies an email chain with "the original tip about Apothio", but this misstates the email.  Apothio is **not mentioned** in the email and of course, this October 9, 2019 email does not speak to the execution of the eventual warrant in late October. Moreover, while an apparent inquiry from the press mentioned Apothio, the specific email about a leak is not about the execution of the warrant. Accordingly, reasonable minds could disagree that the emails were responsive (to which request was never laid out by Plaintiff or the court) were proper or not, and such was a good-faith interpretation under Fed.R.Civ.P. 34(b)(1)(A).   On these additional grounds, the Order should be vacated in its entirety.

/ / /

/ / /

/ / /

**G.     Joint Statement rather than noticed motion; Plaintiff's reply becomes part of the order without giving Defendants an opportunity to respond; orders production without accounting for potentially protected information.**

Rather than filing a notice of motion for which a joint statement would be expected under Local Rule 251(a), Plaintiff filed Points and Authorities and exhibits. The intent of the Local Rule is for the parties to meet and confer and collaborate on drafting a document which sets forth the facts and legal issues which are agreed upon by the parties and which facts and legal issues are disputed." *Estate of Crawley v. Kings County,* 2015 U.S. Dist. 3 LEXIS 59439, at *13-14 (E.D. Cal. May 6, 2015)

Insofar as the Magistrate did not authorize Plaintiff to not follow Local Rule 251(a), and given the supplemental production, it was a manifest abuse of discretion to ignore the Local Rule. This is particularly apt when Plaintiff submitted in Reply a list of "hits" that the Magistrate then incorporated as part of the order, never giving Defendants an opportunity to respond.   On these additional grounds, the Order should be vacated in its entirety.

Equally important, the Order requiring production of anything Plaintiff identifies in the hit report (a preliminary review shows such may have already been produced in the 3900+ pages, but there is no easy way to cross-reference and each document will need to be reviewed to determine this) fails to allow Defendants to determine if anything is privileged, private or otherwise protected.  This is manifest error to blindly order said production.

Dated:  November 20, 2025

Respectfully submitted,

PORTER SCOTT
A PROFESSIONAL CORPORATION

By /s/ John R. Whitefleet
      John R. Whitefleet
      Attorney for Defendants