# unused

Marc M. Seltzer (54534)
Bryan Caforio (261265)
Oleg Elkhunovich (269238)
Jesse-Justin Cuevas (307611)
Julian Schneider (347246)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
mseltzer@susmangodfrey.com
bcaforio@susmangodfrey.com
oelkhunovich@susmangodfrey.com
jcuevas@susmangodfrey.com
jschneider@susmangodfrey.com
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiff Apothio, LLC*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| APOTHIO, LLC, | Case No. 1:20-cv-00522-JLT-CDB |
| Plaintiff, | *Assigned to the Hon. Christopher D. Baker* |
| vs. | **PLAINTIFF APOTHIO LLC'S NOTICE OF MOTION AND MOTION TO COMPEL** |
| KERN COUNTY; KERN COUNTY SHERIFF'S OFFICE; CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE; DONNY YOUNGBLOOD; JOSHUA NICHOLSON; ANDREW HALVERSON, and CHARLTON H. BONHAM, | No Hearing or Oral Argument Pursuant to Minute Order (Nov. 21, 2025), ECF 223 |
| Defendants. | Complaint Filed April 10, 2020<br>1st Amd Complaint Filed: May 25, 2022<br>Trial Date: September 9, 2026<br>Jury Trial Demanded |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, before Magistrate Judge Christopher D. Baker at 510 19th Street, Suite 200, Bakersfield, CA 93301, Plaintiff Apothio, LLC ("Plaintiff") hereby moves the Court, pursuant to Federal Rules of Civil Procedure 26, 34, and 37, Civil Local Rule 251, and the Court's Orders, *see* Order Granting Pl's Mot. Compel (Aug. 29, 2025), ECF 189; Order re Discovery Dispute (Oct. 10, 2025), ECF 208; Order Granting Pl's Mot. Compel (Nov. 12, 2025), ECF 221; Min. Order (Nov. 21, 2025), ECF 223, for an order compelling Defendants Kern County (the "County"), Kern County Sheriff's Office ("KCSO"), Donny Youngblood, and Joshua Nicholson (together, "County Defendants") to (a) retain a third-party document collection service provider and conduct a diligent search for documents and materials responsive to Plaintiff's requests for production served on December 12, 2024, and May 7, 2025; (b) comply with the Court's prior orders, including production of hit reports pursuant to the Court's order at ECF 208, and production of documents in accordance with the ESI Order, ECF 199; and (c) produce improperly withheld documents.

Plaintiff has exhausted good faith meet-and-confer efforts, including videoconferences, emails, and phone calls, as to each discovery dispute. As the Court is aware, these discovery disputes are longstanding. In addition to Plaintiff's meet-and-confer efforts described in Plaintiff's prior filings, *see* ECF 204 (Ltr. Br.) at 2–4,[1] counsel for Plaintiff subsequently conferred by email with counsel for County Defendants about these discovery disputes. *See* Ex. A (Nov. 7, 2025, Email Corr. re hit reports, deficient production, deficient privilege log, and deficient document investigations); Ex. B (Nov. 11, 2025, Email Corr. re deficient privilege log); Ex. C (Nov. 12, 2025, Email Corr. re deficient Nov. 10 production); Ex. D (Nov. 13, 2025, Email Corr. re informal discovery conference and hit reports); Ex. E (Dec. 3, 2025, Email Corr. re anticipated motion to compel). Counsel for Plaintiff met with counsel for County Defendants on October 31, 2025, to confer about these discovery disputes. Although County Defendants agreed to redress some of their deficient discovery conduct, *see* Ex. A at 2–3, they failed to do so. Accordingly, on November 10, 2025, Plaintiff contacted Courtroom Deputy Boren to schedule an informal

---

[1] Pagination for any docket filing refers to the numbers applied by the Court's CM/ECF system.

discovery conference. *See* Ex. D at 3. County Defendants took the baseless position that there were no outstanding disputes. *See id.* Plaintiff thus provided County Defendants with additional opportunities to redress their deficient discovery conduct. *See, e.g., id.* at 1. Again, County Defendants failed to remedy their misconduct.

On November 19, 2025, Plaintiff again contacted Courtroom Deputy Boren to schedule an informal discovery conference on the unresolved disputes. Ex. F (Nov. 21, 2025, Email Corr. re request for discovery conference). Counsel for County Defendants indicated he was not available until after Thanksgiving, and the Court subsequently authorized the filing of a motion to compel without a discovery conference. ECF 223. Nevertheless, on November 21, 2025, counsel for Plaintiff again contacted counsel for County Defendants about the outstanding discovery disputes to provide a final opportunity to resolve them. *See* Ex. E at 6–7. Counsel conferred via videoconference on November 28, 2025—counsel for County Defendants' earliest availability— and County Defendants again agreed to redress some of their deficient discovery conduct. *Id.* at 2–4. On December 1, 2025, counsel again conferred via videoconference, during which (1) County Defendants agreed to reproduce the November 10 production to remedy several issues; (2) County Defendants again promised to confirm whether they would address other issues with the production and whether they would collect documents from all relevant custodians; (3) the parties declared an impasse on the dispute over hit reports; and (4) County Defendants agreed to produce one improperly withheld document and to confirm whether they would produce the other two improperly withheld documents. *Id.* at 1–2. Despite these promises, counsel for County Defendants have not redressed any of their deficient discovery conduct. Plaintiff contacted County Defendants again on December 3, 2025, to follow up on the outstanding discovery disputes. *Id.* at 1. County Defendants never responded. Accordingly, despite Plaintiff's diligent efforts to resolve these discovery disputes informally, the parties have been unable to reach a resolution.

| | |
|---|---|
| Dated: December 4, 2025 | SUSMAN GODFREY L.L.P. |
| | By /s/ *Julian Schneider* |
| | Marc M. Seltzer |
| | Bryan Caforio |
| | Oleg Elkhunovich |
| | Jesse-Justin Cuevas |
| | Julian Schneider |
| | SUSMAN GODFREY L.L.P. |
| | 1900 Avenue of the Stars, Suite 1400 |
| | Los Angeles, CA 90067 |
| | mseltzer@susmangodfrey.com |
| | bcaforio@susmangodfrey.com |
| | oelkunovich@susmangodfrey.com |
| | jcuevas@susmangodfrey.com |
| | jschneider@susmangodfrey.com |
| | Telephone: (310) 789-3100 |
| | Facsimile: (310) 789-3150 |
| | *Attorneys for Plaintiff Apothio, LLC* |

**TABLE OF CONTENTS**

I. Introduction ........................................................................................................................... 1

II. Relevant Procedural History ................................................................................................. 1

III. The Court Should Compel a Diligent Search for Responsive Documents. ......................... 2

    A. Legal Standard ............................................................................................................. 2

    B. County Defendants' Document Investigations Were Severely Deficient. ................ 2

    C. County Defendants' Deficient Search and Production Have Not Been Resolved... 3

    D. The Court Should Compel Diligent Searches Based on Plaintiff's Proposal. .......... 5

IV. The Court Should Compel Compliance with Its Prior Orders. ............................................ 7

    A. County Defendants Still Have Not Provided Hit Reports ......................................... 7

    B. County Defendants' Recent Production Was Deficient ............................................ 8

V. The Court Should Compel Production of Improperly Withheld Documents. ..................... 9

VI. Conclusion .......................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Burnett v. United States*,
  2016 WL 3392263 (C.D. Cal. June 14, 2016) ................................................................. 2

*Carrillo v. Schneider Logistics, Inc.*,
  2012 WL 4791614 (C.D. Cal. Oct. 5, 2012) .................................................................... 6

*D.M. v. County of Merced*,
  2021 WL 3269245 (E.D. Cal. July 30, 2021) .................................................................. 2

*In re Application of Republic of Ecuador*,
  280 F.R.D. 506 (N.D. Cal. Mar. 9, 2012) ...................................................................... 10

*Jackson v. County of Sacramento*,
  175 F.R.D. 653 (E.D. Cal. 1997) ................................................................................... 10

*Kaur v. Alameida*,
  2007 WL 1449723 (E.D. Cal. May 15, 2007) ................................................................. 2

*Li v. Merck & Co., Inc.*,
  2025 WL 2162949 (N.D. Cal. July 30, 2025) ................................................................. 6

*Logtale, Ltd. v. IKOR, Inc.*,
  2013 WL 3967750 (N.D. Cal. July 31, 2013) ................................................................. 2

*Matsko v. Tesla, Inc.*,
  2025 WL 1144827 (N.D. Cal. Apr. 18, 2025) ................................................................. 5

*Ransom v. Marquez*,
  2015 WL 2380860 (E.D. Cal. May 18, 2015) ................................................................. 2

*Ronduen v. GEO Grp. Inc.*,
  2025 WL 1112657 (C.D. Cal. Feb. 20, 2025) ................................................................. 5

*Singh v. Hancock Nat'l Res. Grp., Inc.*,
  2016 WL 7474886 (E.D. Cal. Dec. 29, 2016) ................................................................. 2

*United States v. Sanmina Corp.*,
  968 F.3d 1107 (9th Cir. 2020) ....................................................................................... 10

*Wingnut Films, Ltd. v. Katja Motion Pictures Corp.*,
  2007 WL 2758571 (C.D. Cal. Sept. 18, 2007) ................................................................ 6

## I. Introduction

Since Plaintiff first served requests for production on December 12, 2024—nearly one year ago—County Defendants have stonewalled Plaintiff at every turn, obstructed this case from advancing, and flouted the Court's orders. County Defendants' outright refusal to comply with their discovery obligations has resulted in no fewer than ***three*** motions to compel and ***three*** discovery orders, including an order imposing sanctions for County Defendants' discovery misconduct. *See, e.g.*, ECF 163, 170, 183, 204 (Pl's letter briefs for discovery confs.); ECF 174, 185, 212 (Pl's mots. compel); ECF 181, 189, 221 (Orders granting Pl's mots. compel). But even after the Court sanctioned County Defendants for "an overall pattern and practice . . . of shirking their duty to genuinely confer with Plaintiff to resolve discovery disputes informally and failing to heed the Court's directions to correct their discovery misconduct," ECF 221 at 11, County Defendants ***still*** failed to work with Plaintiff to resolve even narrow, straightforward disputes.

Plaintiff is thus forced to seek the Court's intervention yet again. Plaintiff respectfully requests the Court order County Defendants to: (1) retain a third-party e-discovery vendor to facilitate collection of all documents from identified custodians and run Plaintiff's proposed search terms; (2) produce hit reports and reproduce documents in compliance with the ESI Order; and (3) produce improperly withheld documents.

## II. Relevant Procedural History

The Court is familiar with this action's factual and procedural history. Plaintiff detailed the events leading to the at-issue discovery disputes in recent filings. *See* ECF 204 (Ltr. Br.) at 2–4; ECF 212 (Mot. Compel) at 4–6. As described in the above Notice, Plaintiff has diligently pursued an informal resolution of these disputes since long before the Court issued its order granting Plaintiff's latest motion to compel. *Supra* at i–ii. Although County Defendants repeatedly promised to redress their failures to comply with the Court's orders, including producing hit reports and reproducing the November 10 production, they have not done so. *See* Ex. A (Nov. 7, 2025, Email Corr.); Ex. B (Nov. 11, 2025, Email Corr.); Ex. C (Nov. 12, 2025, Email Corr.); Ex. D (Nov. 13, 2025, Email Corr.); Ex. E (Dec. 3, 2025, Email Corr.); Ex. F (Nov. 21, 2025, Email Corr.). Similarly, although County Defendants repeatedly promised to provide answers about their

1  deficient document investigations and improperly withheld documents, they have not done so. *See*
2  Exs. A, B, E.

### III.  The Court Should Compel a Diligent Search for Responsive Documents.

The Court previously found County Defendants "violated the Court's August 29 Order requiring them to provide documents responsive to Plaintiff's RFPs." ECF 221 at 9. Based on this finding, the Court ordered County Defendants to produce documents identified in their email metadata logs. *Id.* at 13. Since the Court issued its order, Plaintiff has conducted a line-by-line review of the logs and obtained new information. This information confirms the deficiency of County Defendants' document investigations and the need for additional corrective action.

#### A.  Legal Standard

When a party propounds RFPs, the responding party "is obliged to produce all specified relevant and non-privileged documents," including any document "that [the] party has a legal right to obtain." *Singh v. Hancock Nat'l Res. Grp., Inc.*, 2016 WL 7474886, at *1 (E.D. Cal. Dec. 29, 2016) (citation omitted). To identify those documents, the responding party "has a duty to undertake a diligent search and reasonable inquiry." *Burnett v. United States*, 2016 WL 3392263, at *6 (C.D. Cal. June 14, 2016). "The Federal Rules of Civil Procedure place an *affirmative obligation* on an attorney to ensure that a client's search for responsive documents and information is complete." *Logtale, Ltd. v. IKOR, Inc.*, 2013 WL 3967750, at *2 (N.D. Cal. July 31, 2013) (emphasis in original). To the extent that no responsive documents or tangible things exist, the responding party must "so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." *Ransom v. Marquez*, 2015 WL 2380860, at *5 (E.D. Cal. May 18, 2015). When responding parties fail to conduct a diligent search, courts order further document investigations to identify all responsive documents. *See, e.g.*, *D.M. v. County of Merced*, 2021 WL 3269245, at *10–11 (E.D. Cal. July 30, 2021) (ordering searches due to apparent deficiencies); *Kaur v. Alameida*, 2007 WL 1449723, at *2 (E.D. Cal. May 15, 2007) (same).

#### B.  County Defendants' Document Investigations Were Severely Deficient.

Plaintiff's prior motion catalogued extensive evidence of County Defendants' deficient investigations:

- Evidence of County Defendants' deficient search parameters, including their **stated** use of only one search term "Apothio"—and **possibly** using two additional search terms ("Trent Jones" and/or "the case number")—and their **stated** position that only documents about "enforcement of the warrant" are responsive. ECF 212 at 7–8.

- Evidence that State Defendants produced numerous documents that County Defendants should have, but did not, produce. *Id.* at 8–10.

- Evidence that County Defendants saved **all** communications about the Apothio operation but produced **none**. *Id.* at 10.

- Evidence that counsel for County Defendants improperly relied on his client to conduct document investigations. *Id.*

Relying on this **undisputed** evidence, the Court granted Plaintiff's motion to compel and found County Defendants "have failed to comply with their obligation to diligently search for and produce discoverable materials" and "violated the Court's August 29 Order." ECF 221 at 5–6, 9.

### C.  County Defendants' Deficient Search and Production Have Not Been Resolved.

To remedy County "Defendants' discovery misconduct," the Court ordered County Defendants to produce "requested documents/communications" identified in County Defendants' email metadata logs. ECF 221 at 11, 13. The Court's order redressed the then-known misconduct by compelling production of County Defendants' improperly withheld documents. However, after the parties completed the motion to compel briefing on October 23, 2025, Plaintiff obtained additional information revealing and confirming further deficiencies in County Defendants' document investigations. Pursuant to the Court's order, Plaintiff undertook a line-by-line review of the more than 12,000 rows in County Defendants' email metadata logs to identify potentially responsive documents. This review confirmed several additional deficiencies in County Defendants' document investigations that were not addressed by the Court's order[2]:

First, County Defendants collected documents **only** from Glenn Fankhauser and Cerise Montanio from the County Agricultural Commissioner's Office, even though several other County departments were involved in the underlying events and mentioned by name in Plaintiff's document requests. *See, e.g.*, ECF 204-8 (identifying the Planning and Natural Resources Department and the Public Works Department in RFPs to KCSO); ECF 204-9 (same in RFPs to the County). Further,

---

[2] The three email metadata logs—titled "Items_0," "Results," and "Resultss"—are large-file spreadsheets that are difficult to format as PDF documents and therefore are not attached to this motion. Plaintiff can provide native versions of these spreadsheets by lodging a flash drive if the Court would like to review them.

1  Plaintiff specifically requested communications between Lorelei Oviatt (then-director of the
2  Planning Department) or Craig Pope (then-director of Public Works) and any county personnel
3  about Apothio, Apothio's crops, or Apothio's principal Trent Jones. ECF 204-9 at RFPs 35 & 37.
4  The Court ordered those communications to be produced. ECF 189 at 11. Yet, County Defendants
5  did not collect **even one document** from Lorelei Oviatt or Craig Pope.

6  Second, County Defendants collected emails *only* from custodians' official County email
7  addresses. But this action proceeds against Defendants Donny Youngblood and Joshua Nicholson
8  in their *individual* capacities as well. *See* ECF 133 at 67. Plaintiff served requests that covered
9  communications sent from personal accounts, *see* ECF 204-10 (RFPs to Youngblood) at RFPs 10–
10 29; ECF 204-11 (RFPs to Nicholson) at RFPs 10–11, 13–14, which the Court ordered produced in
11 large part, ECF 189 at 13–14. As the Court noted in its order granting Plaintiff's latest motion to
12 compel, "[w]hen questioned by the Court at the discovery dispute conference whether the emails
13 of Defendants Nicholson and Youngblood had been searched, Mr. Whitefleet responded, 'several
14 times.'" ECF 221 at 6. Yet, counsel for County Defendants *did not* collect—let alone search—any
15 emails that Defendants Nicholson and Youngblood sent or received regarding Apothio, Apothio's
16 crops, or Trent Jones from their personal email accounts. When Plaintiff raised this issue, County
17 Defendants refused to collect communications outside of KCSO's email system. *See* Ex. E at 3.

18  Third, County Defendants did not collect *any* emails or other communications from
19 custodians with direct personal involvement in the relevant events. For example, County
20 Defendants did not collect documents from either Danielle Rugnao—the "scribe" for the execution
21 of the search warrant on October 25, 2019—or Sanya Maokosy—one of four "Case Agents"
22 involved in law enforcement's investigation of Apothio. ECF 204-34 (Operations Plan) at 3.
23 County Defendants also did not collect documents from numerous custodians who assisted with
24 the investigation, were identified in the Operations Plan, and/or were named in County Defendants'
25 initial disclosures: Zak Bittle, Doug Jauch, Raul Murillo, David Hubbard, Mark Skidmore, Jay
26 Heisey, Christian Melero, Ryan Sorrow, Gabriel Romo, Michael Fox, Andrew Bassett, Brandon
27 Geherty, Christopher Gonzalez, Phillip Blanks, Robert Fisher, and Isaac Ramos. *See id.*; ECF 212
28 at 11 (identifying relevant custodians and the basis for relevance). Yet, the Court ordered

production of documents concerning the County's and KCSO's plans "to seize/store/destroy the Crops," which likely include documents within each custodian's possession. ECF 189 at 10–11, 13; *see Matsko v. Tesla, Inc.*, 2025 WL 1144827, at *2 (N.D. Cal. Apr. 18, 2025) (ordering collection from custodians on showing that each "will likely have relevant documents"); *Ronduen v. GEO Grp. Inc.*, 2025 WL 1112657, at *9 (C.D. Cal. Feb. 20, 2025) (ordering collection from custodians likely to have information "relevant to the issues in this case").

Fourth, County Defendants' email metadata logs identify only emails within each custodian's County email. With one exception discussed below, the logs do not demonstrate ***any*** searches of (1) shared files, (2) documents saved locally on computers, or (3) hard copy documents.

Moreover, when Plaintiff conferred with County Defendants about their failure to provide hit reports in violation of a court order, *see* ECF 208, County Defendants represented that the spreadsheets identify search terms and hit counts per custodian. *See* Ex. E at 2. However, only one document provides this information. That document is titled "Locations-2025-03-31_15-29-31," and it represents that the "Query" of ("Apothio" OR "Trent Jones") for 2017 to 2020 was run against only Montanio's and Fankhauser's primary mailbox, OneDriveSite, and archive mailbox. *See* Ex. G. No other search terms or custodians are identified. This document confirms that County Defendants used wholly deficient search terms to identify responsive documents from a deficient set of document custodians. Indeed, the 301 documents that hit on those two search terms apparently comprise the total set of documents identified in Montanio's and Fankhauser's email metadata log.

### D. The Court Should Compel Diligent Searches Based on Plaintiff's Proposal.

Although County Defendants have repeatedly represented to Plaintiff and this Court that they had no responsive documents to numerous RFPs for which the Court ordered production, County Defendants have no actual basis to support those representations because County Defendants' document investigations have been totally deficient. For example, County Defendants concede they failed to collect ***any*** documents from key witnesses. County Defendants also apparently did not collect (1) shared files, (2) documents saved locally on computers, or (3) hard copy documents for nearly all custodians. County Defendants ran searches with no more than two

search terms: "Apothio" and "Trent Jones." And Counsel for County Defendants relied on his clients to search their own files. ECF 212 at 10 (citing ECF 212-2 at 26:6–7).

Courts faced with similarly deficient document investigations have mandated corrective action in the form Plaintiff requests here: the retention of an outside vendor to conduct a responsive, Rules-compliant collection. For example, in *Carrillo v. Schneider Logistics, Inc.*, a defendant claimed not to have any responsive documents before other defendants produced responsive documents created by the first defendant. 2012 WL 4791614, at *4 (C.D. Cal. Oct. 5, 2012). The first defendant then produced additional documents without any explanation as to why the documents were not earlier produced. *Id.* In light of the plaintiff's concerns that the first defendant still had not produced all responsive documents, the plaintiff deposed the defendant's 30(b)(6) representatives, who "had little knowledge of . . . the steps taken to search for responsive documents." *Id.* at *5. The plaintiff thus moved to compel, pointing to "categories of documents [that had] not been produced." *Id.* The *Carrillo* court found the defendant "ha[d] disregarded its obligation to conduct a reasonably diligent search for responsive documents," *id.*, and ordered the defendant "to retain an outside vendor experienced in retrieving electronically stored information," *id.* at 11.

Numerous courts have ordered similar remedies to redress discovery misconduct. *See, e.g.*, *Li v. Merck & Co., Inc.*, 2025 WL 2162949, at *5 (N.D. Cal. July 30, 2025) (summarizing prior order compelling party to retain document vendor to collect documents in light of "counsel hand[ing] off document collection to their client"); *Wingnut Films, Ltd. v. Katja Motion Pictures Corp.*, 2007 WL 2758571, at *17–19 (C.D. Cal. Sept. 18, 2007) (ordering retention of outside vendor to collect emails and other electronic documents and run searches, in light of discovery misconduct including prior practice of blocking discovery and inaccurately stating no responsive documents existed when they did).

Accordingly, Plaintiff respectfully requests that the Court order County Defendants to retain a third-party vendor to facilitate collection of all documents (hard copy documents, electronic files from all devices and systems, all emails, and any other documents or tangible things) dated on and between October 1, 2018, and December 31, 2020, from the custodians identified in Plaintiff's

prior motion to compel. ECF 212 at 11. The vendor then should run the searches listed in ECF 212-1 for all documents collected. County Defendants should be further ordered to provide a hit count for each term and custodian, and to produce all responsive documents.

**IV.     The Court Should Compel Compliance with Its Prior Orders.**

County Defendants have continued to ignore the Court's orders and obstruct this case from moving forward. Specifically, County Defendants have failed to provide hit reports as ordered by the Court. *See* ECF 208 at 3. In addition, although County Defendants agreed to reproduce documents in compliance with the governing ESI Order, they have not done so.

**A.     County Defendants Still Have Not Provided Hit Reports.**

County Defendants' failure to provide hit reports as ordered by the Court demonstrates both County Defendants' willful disregard of court orders ***and*** additional justification for a third-party e-discovery vendor. On October 10, 2025, the Court ordered the parties to exchange hit reports no later than October 20, 2025. ECF 208. Plaintiff timely provided hit reports, but County Defendants did not. *See* Ex. A at 9. Plaintiff inquired about County Defendants' failure to comply with the Court's order, and on October 22, 2025, County Defendants provided "a series of logs." *Id.* at 8. The next day, counsel for Plaintiff noted that the logs did not identify: "(1) all searches run (2) on each custodian's documents and (3) the number of hits for each search term or string." *Id.* at 6. Counsel for County Defendants responded that he is "not an IT professional, so [doesn't] understand it much beyond" the fact that the County's "Purview" system purportedly does not generate a hit report. *Id.*[3]

Over the following month, the parties met and conferred via Zoom three times and exchanged numerous emails. *See id.* at 1–5. Counsel for County Defendants maintained that he did not have the technical proficiency to understand a hit report or how to obtain one—nor could he apparently make any headway with the County's Purview system. Plaintiff attempted to bring this matter to the Court in November, but County Defendants repeatedly prevented Plaintiff from

---

[3] County Defendants' representation that the Purview software cannot generate a hit report is contrary to what Purview's website states about its capabilities. *See* Microsoft Purview, *Use the Process report in eDiscovery*, https://learn.microsoft.com/en-us/purview/edisc-process-report; Microsoft Purview, *Evaluate and refine search results in eDiscovery*, https://learn.microsoft.com/en-us/purview/edisc-search-results.

1  obtaining an informal discovery conference. On November 10, 2025, Plaintiff requested an
2  informal discovery conference; County Defendants claimed, without responding to Plaintiff's
3  counsel's subsequent correspondence, that there were no outstanding disputes. *See* Ex. D
4  (Nov. 13, 2025, Email Corr.). On November 19, Plaintiff again requested an informal discovery
5  conference, but County Defendants implied unavailability until after the Thanksgiving holiday,
6  despite filing a motion in this action during that same period. Ex. F (Nov. 21, 2025, Email Corr.);
7  ECF 224 (County Defs' Nov. 26, 2025, Req. Stay).

8  On November 28, 2025, the parties met and conferred once more about this issue, and
9  counsel for County Defendants represented that he already provided hit reports and would inquire
10 with his clients about which document provided the required information. Ex. E at 3. On
11 December 1, the parties again conferred, and this time County Defendants claimed that previously
12 served spreadsheets titled "Export Summary" and "Items" provide the search terms and the hit
13 counts. These documents ***do not*** contain the required information, *see* Ex. H (Export Summary
14 01.24.2025); Ex. I (Export Summary 04.01.2025); *supra* at n.2 (Items_0), and the parties declared
15 an impasse over this dispute, *see* Ex. E at 2.

16 A month and a half after the Court ordered County Defendants to provide hit reports, they
17 ***still*** have not done so. County Defendants' wanton disregard of the Court's order is emblematic of
18 both their persistent practice throughout discovery ***and*** the importance of retaining a third-party e-
19 discovery vendor that can ensure basic discovery materials are provided.

20         **B.**    **County Defendants' Recent Production Was Deficient.**

21 As the Court is aware, County Defendants served a production of documents on
22 October 20, 2025. *See* ECF 221 at 8 (noting County Defendants "produced some previously
23 unproduced and responsive documents" after Plaintiff filed motion to compel). On
24 October 21, 2025, Plaintiff contacted County Defendants about the production's non-compliance
25 with the governing ESI Order. *See* Ex. J (Oct. 21, 2025, Email Corr.). On October 31, 2025, the
26 parties met and conferred about the deficient production, and County Defendants agreed to
27 reproduce the documents in accordance with the ESI Order. *See* Ex. A at 2. On November 10, 2025,
28 County Defendants served a re-production that remained deficient. On November 12, Plaintiff

again asked County Defendants to promptly reproduce the documents in compliance with the governing ESI Order, as County Defendants had agreed to do. Ex. C. County Defendants never responded.

Following County Defendants' refusal to convene for an informal discovery conference, on November 21, 2025, Plaintiff again raised these issues. Ex. E at 6–7. Counsel met and conferred via Zoom on November 28 and December 1. On both occasions, County Defendants promised to investigate and redress any deficiencies. Ex. E at 1–4. Plaintiff requested that County Defendants serve the production in compliance with the ESI Order before the December 4 motion deadline. Ex. E at 1. As of the time of the filing of this motion, however, County Defendants *still* have not reproduced the documents in accordance with the Court's order. Accordingly, Plaintiff respectfully requests the Court order County Defendants to reproduce the November 10, 2025, production in accordance with the Court's order by: (1) producing full families (all attachments, addendums, enclosures and/or exhibits), (2) including the required metadata for each document, *see* ECF 199 ¶ 8(a), (g), and (3) fixing formatting issues and/or removing improper redactions, in light of County Defendants' representation to the Court that no protective order was necessary because no information would be withheld on the basis of confidentiality, *see* ECF 204-33 at 10–12.

### V.     The Court Should Compel Production of Improperly Withheld Documents.

County Defendants' second amended privilege log identifies three documents that they withheld pursuant to an erroneous privilege claim: (1) PRIVILEGED0055; (2) PRIVILEGED0001-0005 (entry on page 4 of log); and (3) PRIVILEGED095-0096. *See* Ex. K at 2, 4, 5. County Defendants *already* agreed that PRIVILEGED0055—an email from Glenn Fankhauser to Cerise Montanio on October 23, 2019—is *not* privileged. County Defendants promised to produce this document on December 2, 2025. Ex. E at 2. They did not. They also promised to confirm whether they would agree to produce the other two documents on the same date. *Id.* They still have not.

All three documents are non-privileged email chains. Unlike the other logged documents, these three email chains involve *only non-lawyers* and do *not* include communications at the direction of counsel. And the latter two email chains, PRIVILEGED0001-0005 and

9

PRIVILEGED095-0096, include **no** personnel outside KCSO at all. County Defendants thus have failed to demonstrate that these documents are protected by the attorney-client privilege. *See Jackson v. County of Sacramento*, 175 F.R.D. 653, 657–58 (E.D. Cal. 1997) ("It is clear from the bibliographic information provided by defendant that the documents are *not* confidential communications between client and attorney. No attorney made or received any of the communications. . . . Defendant has not sustained its burden of demonstrating that the information withheld is within the attorney-client privilege or attorney work product protection." (emphasis in original)); *see also United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020) ("The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice."). Although each entry also asserts "work product privilege," this privilege does not apply to communications between non-attorney employees. *Cf. In re Application of Republic of Ecuador*, 280 F.R.D. 506, 515 (N.D. Cal. Mar. 9, 2012) (finding communications between non-attorney employees and expert not work product). Because County Defendants have failed to demonstrate the documents are privileged, they must be produced.

To the extent the Court wishes to review the at-issue documents *in camera* to resolve the parties' dispute, Plaintiff does not object. Plaintiff agreed to this potential procedure during the parties' December 1 meet and confer, but County Defendants never confirmed whether they intended to stand on their privilege and work-product claims. *See* Ex. E at 1–2.

## VI.   Conclusion

County Defendants have stonewalled Plaintiff on discovery for nearly a year and defied repeated Court orders. County Defendants must produce all documents responsive to Plaintiff's RFPs as already ordered by the Court. Plaintiff thus respectfully requests the Court grant this motion and order County Defendants to satisfy their discovery obligations and stop obstructing Plaintiff's ability to advance its claims to trial.

Dated: December 4, 2025                    SUSMAN GODFREY L.L.P.


By /s/ *Julian Schneider*
Marc M. Seltzer
Bryan Caforio
Oleg Elkhunovich
Jesse-Justin Cuevas
Julian Schneider
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
mseltzer@susmangodfrey.com
bcaforio@susmangodfrey.com
oelkhunovich@susmangodfrey.com
jcuevas@susmangodfrey.com
jschneider@susmangodfrey.com
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiff Apothio, LLC*

**CERTIFICATE OF SERVICE**

I certify that on December 4, 2025, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's ECF system.

*/s/ Julian Schneider*
Julian Schneider