UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APOTHIO, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DONNY YOUNGBLOOD, *et al.*, <br><br> Defendants. | Case No. 1:20-cv-00522-JLT-CDB <br><br> ORDER ON MOTION CONTINUING DISPOSITIVE MOTION DEADLINES <br><br> (Doc. 233) |

Pending before the Court is the "administrative motion" of Defendants County of Kern, Kern County Sherriff's Office ("KCSO"), Donny Youngblood, and Joshua Nicholson ("County Defendants") to continue the deadline to file dispositive motions. (Doc. 233).[1] Plaintiff Apothio, LLC ("Plaintiff") opposed and County Defendants replied. (Docs. 234, 235). Defendants California Department of Fish and Wildlife and Andrew Halverson ("State Defendants") did not respond to County Defendants' motion.[2] The Court and the parties are familiar with the factual

---

[1] Although County Defendants' motion does not cite any applicable rule, the Court presumes they intended to file their motion pursuant to Local Rule 233 ("Motions for Administrative Relief"). County Defendants' motion plainly does not qualify as such a motion. *See id.* (noting that administrative relief refers to matters such as modifications to briefing page limits or seeking to alter a discovery schedule "that does not affect dispositive motion filing dates"). Counsel for County Defendants is directed to refamiliarize himself and comply with this Court's Local Rules and is admonished that any future violations of Rule 233 may subject County Defendants' motions to being stricken and other sanctions.

[2] Where a motion properly is brought pursuant to Local Rule 233, the filing by a non-moving party of a response is optional. *See* Local Rule 233(b).

and procedural background of the case, which the Court has summarized in its orders granting Plaintiff's three earlier motions to compel. *See* (Docs. 181, 189, 221). Relevant ackground information pertinent to the pending motion is summarized below.

**I.   Background**

On July 9, 2025, the Court granted the parties' stipulated request to continue case management dates, including the deadline to file dispositive motions (now January 30, 2026). (Doc. 179). Since entry of the Court's order, the parties have litigated and the undersigned has granted three motions to compel brought by Plaintiff. *See* (Docs. 181, 189, 221). The most recently granted motion to compel, requiring among other things that County Defendants produce numerous documents Plaintiff has characterized as "highly relevant" (Doc. 212 at 4), is stayed pending the presiding district judge's resolution of County Defendants' motion for reconsideration. *See* (Docs. 222, 224, 227). Shortly after that stay was issued, Plaintiff filed an additional motion to compel (Doc. 228) that implicates aspects of the previously granted relief that are pending reconsideration by the presiding district judge.

Separately, following the Court's extension of the deadline to file dispositive motions, Plaintiff filed a motion for reconsideration of the Court's earlier denial in part of Plaintiff's motion to amend the complaint. (Doc. 202). That motion seeks to add claims to the operative complaint that Plaintiff contends are cognizable based on information it recently obtained through discovery. Plaintiff's motion is fully briefed and submitted before the presiding district judge, who has indicated resolution of the motion may be significantly delayed due to the Court's extraordinarily heavy caseload (Doc. 203).

**II.   Discussion**

Setting aside the parties' competing arguments regarding the procedural propriety of County Defendants' motion to continue the deadline to file dispositive motions, the undersigned finds that the dispositive motion deadline and associated briefing scheduled should be continued because Plaintiff's motion to amend is unresolved and discovery remains outstanding. If the Court grants Plaintiff's pending motion to amend the operative complaint to add claims and/or theories of liability, the Court would provide for the parties ultimately to file dispositive motions concerning

those new claims.  Without a continuance of the dispositive motion deadline, the parties would be required to brief (and the Court would be required to resolve) two rounds of dispositive motions: one round beginning next week relating to existing claims, and a second round sometime after the filing of any amended complaint.  Given the Court's extraordinarily heavy backlog and limited judicial resources (*see* Docs. 203, 232), facilitating two rounds of dispositive motions is untenable and not an effective method for managing the Court's docket.

Separately, it is possible if not likely that the grant of Plaintiff's motion in any respect would require the Court to reopen discovery either to permit Plaintiff to elicit additional information in support of any newly added claims or so that Defendants could develop evidence to prepare their defenses to the new claims/theories.  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).  Once again, without a continuance of the dispositive motion deadline, the parties would be required to brief (and the Court would be required to resolve) two rounds of dispositive motions: one round beginning next week based on existing discovery, and a second round sometime after the close of reopened discovery.  And no matter the outcome of Plaintiff's motion to amend the complaint, Plaintiff's motions seeking to compel County Defendants to comply with their discovery obligations (Docs. 222, 228) also remain pending, which, for the same reason, counsels in favor of continuing the dispositive motion filing deadline.

### III.    Conclusion and Order

For the reasons set forth above, it is HEREBY ORDERED, the operative dispositive motion deadlines (Doc. 179) are amended as follows: Dispositive Motions (filed no later than March 12, 2026); Oppositions (filed no later than May 1, 2026); Replies (filed no later than May 15, 2026); Dispositive Motion Hearing [JLT] (May 29, 2026, at 9:30AM).

IT IS SO ORDERED.

Dated:    **January 26, 2026**

UNITED STATES MAGISTRATE JUDGE