UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APOTHIO, LLC, | Case No. 1:20-cv-00522-JLT-CDB |
| Plaintiff, | ORDER TO SHOW CAUSE WHY COUNTY DEFENDANTS SHOULD NOT BE SANCTIONED |
| v. | |
| DONNY YOUNGBLOOD, *et al.*, | (Docs. 221, 244) |
| Defendants. | Deadline – April 16, 2026 |

On November 12, 2025, the undersigned entered an order granting the motion of Plaintiff Apothio, LLC, to compel Defendants County of Kern, Kern County Sheriff's Office, Donny Youngblood, and Joshua Nicholson ("County Defendants") to comply with certain discovery orders. (Doc. 221). As required under Rule 37, the Court also ordered County Defendants to pay Plaintiff's reasonable expenses, including attorney's fees, caused by County Defendants' failure to comply with the Court's discovery orders, finding specifically that County Defendant's failure to obey the Court's August 29 Order to provide discovery was neither substantially justified nor harmless. *Id*. at 12 (citing Fed. R. Civ. P. 37(b)(2)(A) & (C)).

Pursuant to the Court's inherent authority, the undersigned separately ordered counsel for County Defendants to pay sanctions in the amount of $3,000, with the sum to be paid personally by County Defendants' counsel (Mr. John Whitefleet) and not to be transmitted to his clients by

way of a charge of attorney's fees and/or costs. *Id*. at 11-13.

On March 30, 2026, the presiding district judge granted in part County Defendants' motion for reconsideration of the undersigned's order granting the motion to compel and imposing sanctions. (Doc. 244). The Court found that the undersigned, prior to imposing sanctions, failed to provide County Defendants with proper notice and an opportunity to be heard regarding the conduct under consideration for the contemplated sanctions. *Id*. at 13. Although the undersigned addressed with counsel for County Defendants at the informal discovery dispute conference some of the discovery misconduct at issue and provided him an opportunity to explain, excuse, or justify County Defendants' failure to comply with the Court's discovery orders (*see* Doc. 209 at 18-31), the undersigned did not expressly inform counsel that sanctions were under contemplation. The presiding district judge separately found that the undersigned acted contrary to law in failing to explicitly find that counsel's conduct "constituted or was tantamount to bad faith." (Doc. 244 at 13) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)). The presiding district judge denied County Defendants' motion for reconsideration of the undersigned's order granting Plaintiff's motion to compel.

The presiding district judge noted that the Court's reversal of the sanctions imposed "does not preclude the magistrate judge from conducting further proceedings on the sanctions issue if such action is deemed appropriate." *Id*. at 13 n.16. The undersigned deems further proceedings on the sanctions issue appropriate.

*Remainder of This Page Intentionally Left Blank*

2

**Conclusion and Order**

Accordingly, for the reasons set forth herein and in the undersigned's order granting Plaintiff's motion to compel (Doc. 221), County Defendants are ORDERED TO SHOW CAUSE in writing no later than April 16, 2026, why sanctions should not be imposed pursuant to Rule 37 and the Court's inherent authority for County Defendants' discovery misconduct cited in the order granting Plaintiff's motion to compel.

Any failure by County Defendants to timely comply with this order will result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:    **April 2, 2026**                    _____
                                        UNITED STATES MAGISTRATE JUDGE

3