UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

APOTHIO, LLC,

            Plaintiff,

     v.

DONNY YOUNGBLOOD, *et al.*,

            Defendants.

Case No. 1:20-cv-00522-JLT-CDB

<u>AMENDED</u> ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

(Doc. 228)

Pending before the Court is the motion of Plaintiff Apothio, LLC ("Plaintiff"), filed December 4, 2025, to compel Defendants County of Kern and Kern County Sherriff's Office, Donny Youngblood, and Joshua Nicholson ("County Defendants") to: (a) retain a third-party document collection service provider and conduct a diligent search for documents and materials responsive to Plaintiff's requests for production served on December 12, 2024, and May 7, 2025; (b) produce to Plaintiff ESI hit reports as previously ordered (*see* Doc. 208) and produce documents in accordance with the ESI Order (*see* Docs. 199, 208); and (c) produce improperly withheld documents.  (Doc. 228).

**Background**

County Defendants opposed Plaintiff's motion on various grounds (*see* Doc. 230), including that certain of the relief Plaintiff sought already had been ordered by the undersigned in granting Plaintiff's earlier motion to compel but was pending a ruling by the presiding district judge on

County Defendants' motion for reconsideration (*see* Doc. 222). Shortly after filing their opposition, on December 19, 2025, County Defendants filed a "Supplement" in which they represented "they intend to voluntarily contract with a third-party e-discovery provider to assist in searches and production of any additionally responsive documents in this case." (Doc. 231).

On March 30, 2026, the presiding district judge granted in part County Defendants' motion for reconsideration. (Doc. 244). Relevant here, the district judge denied County Defendants' motion to the extent of reconsidering the undersigned's grant of Plaintiff's motion to compel, thereby leaving intact the undersigned's order that Defendants produce to Plaintiff (1) all documents/communications identified and requested in the email of counsel for Plaintiff to counsel for Defendants dated October 23, 2025 (*see* Doc. 219-1), and (2) all documents/communications identified in the metadata logs served by Defendants upon Plaintiff on October 22, 2025, for which Plaintiff sought production. *See* (Doc. 221 at 13).

**Discussion**

At the Court's direction, on April 10, 2026, the parties filed a joint status report addressing what issues raised in Plaintiff's pending motion to compel remain unresolved and require the Court's resolution. (Docs. 247, 251). In their report, the parties jointly propose that the Court permit County Defendants to lodge two documents they have withheld from production based on the asserted grounds of privilege for the Court's *ex parte* and in camera inspection. As to the other relief Plaintiff seeks in its motion to compel, County Defendants suggest the Court permit them time to work with their e-discovery vendor to search for, collect, and produce supplemental materials responsive to Plaintiff's discovery demands, thereby rendering Plaintiff's requested relief moot, and to file a status report addressing their e-discovery efforts in 30 days.

Notwithstanding County Defendants' representation to the Court on December 19, 2025, that they intended to retain a third-party e-discovery vendor to facilitate their compliance with the Court's orders compelling discovery (Doc. 231), it appears that County Defendants did not retain the vendor until approximately three months later and had not engaged substantively with the vendor prior to the Court's most recent order (dated April 2, 2026) directing the parties to file a joint report. *See* (Doc. 251; Doc. 251-1, Declaration of Julian Schneider, Exhibits A - C). As

2

County Defendants do not raise in the joint report any meritorious argument why Plaintiff's motion should not be granted, and in light of County Defendants' history of delay in complying with their discovery obligations in this case, coupled with their delay in arranging for an e-discovery vendor to assist them in complying with their ongoing discovery obligations, the Court will grant Plaintiff's motion and compel County Defendants to comply with their discovery obligations – including as previously ordered (*see* Doc. 221) and as requested in Plaintiff's motion (Doc. 228).

### Conclusion and Order

For the reasons set forth above, it is HEREBY ORDERED:

1. Plaintiff's motion to compel (Doc. 228) is GRANTED.

2. Within 14 days of entry of this order, County Defendants shall lodge with chambers of the undersigned via email (CDBorders@caed.uscourts.gov) for *ex parte* and in camera review two documents withheld from production on the asserted grounds of privilege (identified in County Defendants' privilege log as PRIVILEGED0001–0005 and PRIVILEGED095–0096).

3. Within 21 days of entry of this order, County Defendants shall employ a third-party document collection service provider to conduct a diligent search for documents and materials responsive to Plaintiff's requests for production served on December 12, 2024, and May 7, 2025.

4. Within 21 days of entry of this order, County Defendants shall produce to Plaintiff ESI hit reports as previously ordered (*see* Doc. 208) and produce documents in accordance with the ESI Order (*see* Docs. 199, 208).

///

///

///

3

5.  Within 30 days of entry of this order, County Defendants shall produce to Plaintiff all documents previously ordered to be produced as set forth in paragraphs 1-3 of the Court's order granting Plaintiff's motion to compel (*see* Doc. 221 at 13).  County Defendants shall include with the production a certification signed by counsel for County Defendants that, after a diligent search for responsive documents, no other documents responsive to the Court's order granting Plaintiff's motion to compel were found.

**Any failure by County Defendants to timely comply with this order may result in the imposition of sanctions**.

IT IS SO ORDERED.

Dated:    **April 16, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

4