UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APOTHIO, LLC, | Case No. 1:20-cv-00522-JLT-CDB |
| Plaintiff, | ORDER DIRECTING COUNTY DEFENDANTS TO PAY PLAINTIFF ATTORNEY'S FEES AND EXPENSES PURSUANT TO FED. R. CIV. P. 37 |
| v. | |
| DONNY YOUNGBLOOD, *et al.*, | |
| Defendants. | (Docs. 221, 244, 246, 254) |
| | **14-Day Deadline** |

On November 12, 2025, the undersigned entered an order pursuant to Rule 37, Federal Rules of Civil Procedure ("Rule 37"), granting the motion of Plaintiff Apothio, LLC, to compel Defendants County of Kern, Kern County Sherriff's Office, Donny Youngblood, and Joshua Nicholson ("County Defendants") to comply with certain discovery orders. (Doc. 221). As required under Rule 37, the Court also ordered County Defendants to pay Plaintiff's reasonable expenses, including attorney's fees, caused by County Defendants' failure to comply with the Court's discovery orders, finding specifically that County Defendants' failure to obey the Court's order entered August 29, 2025 (the "August 29 Order") to provide discovery was neither substantially justified nor harmless. *Id*. at 12 (citing Fed. R. Civ. P. 37(b)(2)(A) & (C)).

Pursuant to the Court's inherent authority, the undersigned separately ordered counsel for County Defendants to pay sanctions in the amount of $3,000, with the sum to be paid personally

by County Defendants' counsel (Mr. John Whitefleet) and not to be transmitted to his clients by way of a charge of attorney's fees and/or costs. *Id*. at 11-13.

On March 30, 2026, the presiding district judge granted in part County Defendants' motion for reconsideration of the undersigned's order granting the motion to compel and imposing sanctions. (Doc. 244). The Court found that the undersigned, prior to imposing sanctions, failed to provide County Defendants with proper notice and an opportunity to be heard regarding the conduct under consideration for the contemplated sanctions. *Id*. at 13. Although the undersigned did, in fact, address with counsel for County Defendants at the informal discovery dispute conference some of the discovery misconduct at issue and provided him an opportunity to explain, excuse, or justify County Defendants' failure to comply with the Court's discovery orders (*see* Doc. 209 at 18-31), the undersigned did not expressly inform counsel that sanctions were under contemplation. The presiding district judge separately found that the undersigned acted contrary to law in failing to explicitly find that counsel's conduct "constituted or was tantamount to bad faith." (Doc. 244 at 13) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)). The presiding district judge denied County Defendants' motion for reconsideration of the undersigned's order granting Plaintiff's motion to compel.

The presiding district judge noted that the Court's reversal of the sanctions imposed "does not preclude the magistrate judge from conducting further proceedings on the sanctions issue if such action is deemed appropriate." *Id*. at 13 n.16. Consistent with the presiding district judge's acknowledgement, on April 2, 2026, the undersigned ordered counsel for County Defendants to show cause why sanctions should not be imposed pursuant to Rule 37 and the Court's inherent authority for County Defendants' discovery misconduct cited in the order granting Plaintiff's motion to compel. (Doc. 246). Counsel for County Defendants timely responded to the Court's show cause order. (Doc. 254).

**Discussion**

In both his response to the Court's show cause order and his supporting declaration, counsel for County Defendants generally acknowledges the discovery violations noted in the Court's order granting Plaintiff's motion to compel but seeks to excuse those violations as the product of

ineffectiveness, inadvertence, unawareness, misinterpretation, confusion, and lapsed memory. *See generally* (Docs. 254, 254-1 at 1-3).

First, counsel for County Defendants ascribes his failure to timely comply with the Court's order compelling County Defendants to respond to Plaintiff's request for production of documents ("RFPs") to "ineffectiveness of counsel/staff of counsel at negotiating/operating software that internally managed the raw data previously pulled by the County." (Doc. 254 at 2). Counsel speculates that "staff for and/or counsel for Defendants had apparently either set the incorrect parameters on the software that sorts and compiles the information, or misinterpreted the outputs." *Id.* Counsel further attributes his failure to timely respond to Plaintiff's RFPs as "perhaps due to confusion in the way in which the deadline requiring amended responses was worded in counsel's calendaring system." *Id.* at 3.

Second, counsel for County Defendants maintains that he made a "good faith effort" to comply with the Court's order compelling County Defendants to produce a witness/witnesses for deposition who was prepared to answer questions regarding the noticed Rule 30(b)(6) deposition subjects fully and completely. *Id.* Counsel provides excerpts of the deposition transcript and characterizes the Rule 30(b)(6) witness's testimony, although purportedly evincing occasional "lapsed" recall and merely "generalized" answers, as demonstrating she was adequately prepared consistent with the Court's order. *Id.* at 3-4.

County Defendants do not carry their burden under Rule 37 of demonstrating that their failure to timely respond to Plaintiff's RFPs is substantially justified or harmless. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) (burden of showing harmlessness is on the party to be sanctioned); *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994) (same for substantial justification). For context, the Court first admonished County Defendants about their improper discovery practices in its order granting Plaintiff's first motion to compel on August 1, 2025. (Doc. 181). As just one example, the Court addressed County Defendants' wholesale failure over a period of approximately seven weeks to make good on its representations to Plaintiff that they would remedy their deficient responses and production of documents relating to Plaintiff's RFP No. 11. *Id.* at 6-7. After reviewing the voluminous record

the parties filed in connection with that discovery dispute (*see* Docs. 170, 171, 174, 178), the Court did not mince words: County Defendants' lack of cooperation amounted to "unreasonable intransigence." (Doc. 181 at 6). Throughout the balance of its order, the Court systematically refuted County Defendants' meritless legal positions and hollow explanations for stonewalling Plaintiff and refusing to diligently comply with their discovery obligations. *See Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990) ("A court may consider prior misconduct when weighing a subsequent sanction motion" under Rule 37).

But County Defendants seemingly did not take to heart the Court's admonitions because Plaintiff's were again compelled to seek the Court's intervention in relation to additional disputes concerning Plaintiff's RFPs. After reviewing a similarly voluminous record submitted by the parties (*see* Docs. 183, 185, 187), the Court found County Defendants had been "unreasonably unwilling to engage in good faith meet/confer efforts with Plaintiff to seek compromise," evidenced by "counsel for Defendants' email communications with counsel for Plaintiff exhibiting unexplained delays, backtracking, and nonresponsiveness." (Doc. 189 at 9). While the Court ultimately sustained some of Defendants' objections in part, it again found several of Defendants' objections plainly lacking in merit and/or nonsensical. *Id.* at 10.

Against this backdrop, counsel for County Defendants' apparent attempt to cast blame for his repeated failures to diligently comply with his discovery obligations on his and his staff's ineffective employment of litigation support technology and calendaring errors is unconvincing. "Conduct is substantially justified where 'there is a 'genuine dispute' or 'if reasonable people could differ as to [the appropriateness of the contested action].'" *Brewer v. Leprino Foods Co., Inc.*, No. CV-1:16-1091-SMM, 2019 WL 356657, at *6 (E.D. Cal. Jan. 29, 2019) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Given the Court's earlier admonitions to counsel, it was plainly unreasonable for County Defendants to abdicate their discovery obligations, to stonewall Plaintiff's persistent attempts to seek to resolve the discovery disputes informally, and to require Plaintiff to repeatedly seek Court intervention multiple times *before* finally diagnosing the purported source of their discovery failings. Further, bearing in mind this context and history, it was plainly unreasonable for County Defendants to wait more than four months after the Court's

4

first admonishment to County Defendants regarding their deficient discovery practices to decide to retain a third-party e-discovery provider to remedy it discovery violations. *See* (Doc. 231).

Nor was County Defendants' failure to comply with the Court's order directing them to prepare and produce a Rule 30(b)(6) deponent substantially justified. The Court's order was necessitated by County Defendants' frivolous refusal to make a Rule 30(b)(6) deponent available and failure to seek relief of Court through application for a protective order, as it was obligated to do in light of its litigation position. Again, the Court did not mince words in forcefully rejecting County Defendants' actions, finding they had "engaged in sanctionable conduct by refusing to appear for deposition without moving the Court for a protective order, as required, thereby shifting the burden to Plaintiff to seek relief." (Doc. 189 at 5) (citations omitted). The Court further found that "Defendants' misconduct [was] aggravated given that their asserted grounds for refusing to appear for deposition are meritless." *Id*. at 5-9.

In the face of these clear admonitions, counsel for County Defendants now maintains that they complied with the Court's order and that sanctions are unwarranted because "a good faith effort was made, or at least reasonable people could differ as to the appropriateness" of their eventual preparation and production of the Rule 30(b)(6) witness. (Doc. 254 at 3). But the deposition transcript belies such a characterization. Specifically, in preparation for deposition, the witness conferred with defense counsel twice and reviewed approximately one week prior to the deposition only the notice of deposition and a few emails she maintained to refresh her memory about the lawsuit. (Doc. 254-1, Ex. B, 667-70, 672). Thus, for instance, the witness did not review any of the pleadings, discovery requests, discovery responses, or her prior testimony on behalf of KSCO, and did not speak with any other potential witnesses. She undertook no other preparations to become knowledgeable about the deposition topics prior to testifying. *Id.* at 674-75.

The Rule 30(b)(6) deposition topic at issue (No. 19) states:

> The steps you have taken to locate and produce documents and materials responsive to RFPs, including, but not limited to, (a) the identity, title/position, and employer, if outsourced by you, of the persons who searched for such documents and materials; (b) the repositories (whether electronic or otherwise) searched for such documents and materials, whether searched by you or on your behalf; and (c) the search terms used to identify such documents and materials.

*See* (Doc. 254-1, Ex. B at 673).

Based on the Rule 30(b)(6) witness's cursory preparation for the deposition as summarized above, it is not surprising that during deposition, the witness could not identify search terms used, who chose the search terms, what custodians were searched, which equipment was searched, who conducted searches, or whether any hard copy documents were collected from KCSO, and no information about the details of County departments' document investigations. *See* (Doc. 212-3). The Court had ordered County Defendants to prepare their witness so that she could "answer questions regarding the noticed Rule 30(b)(6) deposition subjects *fully and completely*." (Doc. 189 at 16) (emphasis added). In light of the Court's stern warnings to County Defendants about their discovery misconduct in advance of the deposition, it was plainly unreasonable for them to undertake inadequate preparations of their witness such that she was unable to answer even the basic discovery questions implicated by Topic No. 19.

County Defendants' discovery misconduct is not harmless.[1] Their discovery violations deprived Plaintiff of the ability to fulsomely engage in discovery before the deadline to file dispositive motions. Most recently, and long after the deadline to complete nonexpert discovery and the parties' competing summary judgment motions were filed, on May 19, 2026, County Defendants produced 61,540 documents and represented that further responsive documents would be produced. (Doc. 267 at 3).

In sum, County Defendants unquestionably violated the Court's August 29 discovery order and their violations are neither substantially justified nor harmless. Accordingly, the Court finds that sanctions against County Defendants pursuant to Rule 37(b)(2) are warranted. *See* Fed. R. Civ. P. 37(b)(2)(A). Specifically, the Court will order County Defendants to pay Plaintiff's reasonable expenses, including attorney's fees, caused by County Defendants' failure. See Fed. R. Civ. P. 37(b)(2)(A) & (C).

---

[1] County Defendants cite *Douglas v. Stevens* (2010 WL 4321597 (E.D. Cal. Oct. 25, 2010)) for the apparent proposition that the lack of prejudice to Plaintiff undermines the propriety of awarding sanctions. (Doc. 254 at 4). There is holding by the *Douglas* court that Rule 37 implicates a separate requirement for or showing of prejudice to warrant imposition of sanctions. Separately, no finding of bad faith is required before imposing sanctions under Rule 37. *See Hyde & Drath*, 24 F.3d at 1171.

6

**Conclusion and Order**

For the reasons stated above, it is HEREBY ORDERED that County Defendants shall pay Plaintiff its attorney's fees and costs incurred in connection with litigating the motion to compel (Doc. 212), including all fees and costs incurred by Plaintiff in connection with attempting to meet/confer with County Defendants to resolve the discovery disputes, preparing the joint informal discovery dispute letter brief filed in advance of receiving the Court's authorization to file a motion to compel (Doc. 204), and preparing for and attending the informal discovery dispute conference (Doc. 206).

It is FURTHER ORDERED, unless the parties resolve by stipulation their agreement to a sum certain payable by County Defendants to Plaintiff for attorney's fees and costs, Plaintiff shall file relevant declarations and billing records in support of its award of attorney's fees and costs no later than June 23, 2026, and County Defendants may file an opposition to Plaintiff's submissions in support of an award of attorney's fees and costs no later than July 7, 2026.

IT IS SO ORDERED.

Dated:    **June 9, 2026**                   _____

UNITED STATES MAGISTRATE JUDGE