UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

APOTHIO, LLC,

Plaintiff,

v.

KERN COUNTY, *et al.*,

County Defendants.

No. 1:20-cv-00522-JLT-CDB

ORDER ON PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEY'S FEES AND COSTS

(Docs. 270, 271)

## I. RELEVANT BACKGROUND

On November 12, 2025, the Court entered an order pursuant to Rule 37, Federal Rules of Civil Procedure ("Rule 37"), granting the motion of Plaintiff Apothio, LLC, to compel Defendants County of Kern, Kern County Sherriff's Office, Donny Youngblood, and Joshua Nicholson ("County Defendants") to comply with certain discovery orders. (Doc. 221). As required under Rule 37, the Court also ordered County Defendants to pay Plaintiff's reasonable expenses, including attorney's fees, caused by County Defendants' failure to comply with the Court's discovery orders, finding specifically that County Defendants' failure to obey the Court's order entered August 29, 2025 (Doc. 189) to provide discovery was neither substantially justified nor harmless. *Id*. at 12 (citing Fed. R. Civ. P. 37(b)(2)(A) & (C)).

County Defendants sought reconsideration by the presiding district judge pursuant to Rule 72 of the Federal Rules of Civil Procedure and the district judge affirmed in relevant part the

undersigned's grant of Plaintiff's motion to compel. (Docs. 222, 244). The undersigned then ordered County Defendants to show cause why, consistent with the district judge's affirmance, the Rule 37 sanctions previously found to be appropriate should not be imposed. (Doc. 246). County Defendants responded to the show cause order. (Doc. 254). After consideration of County Defendants' filing, the undersigned ordered County Defendants to pay Plaintiff attorney's fees and expenses incurred in connection with litigating the motion to compel. (Doc. 269).

On June 23, 2026, Plaintiff filed its application for award of attorney's fees and costs and County Defendants filed an opposition. (Docs. 270, 271).

## II. GOVERNING LEGAL STANDARD

"The Supreme Court has stated that the lodestar is the 'guiding light' of its fee-shifting jurisprudence, a standard that is the fundamental starting point in determining a reasonable attorney's fee." *Van Skike v. Dir., Off. of Workers' Comp. Programs*, 557 F.3d 1041, 1048 (9th Cir. 2009) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). District courts in the Ninth Circuit are required "to calculate an award of attorneys' fees by first calculating the 'lodestar' before departing from it." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008) (internal citation and quotation marks omitted). "'The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.'" *Id.* at 978 (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). The court "should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

"In addition to setting the number of hours, the court must also determine a reasonable hourly rate, 'considering the experience, skill, and reputation of the attorney requesting fees.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) ("In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.")). "Generally, when

determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979. Rates outside of the forum district are to be used only if local counsel was unavailable, "either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Id.* (quotation and citations omitted).

The lodestar figure is presumptively reasonable. *Dague*, 505 U.S. at 562 ("We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee ..."). It follows that "[a]djustments to the lodestar amount are allowed only if circumstances warrant ... and are reserved for rare or exceptional cases." *Rouse v. L. Offs. of Rory Clark*, 603 F.3d 699, 704 (9th Cir. 2010) (internal citations and quotation marks omitted).

## III. DISCUSSION

The parties do not dispute that the lodestar method of calculating recoverable attorney's fees and costs governs awards imposed pursuant to Rule 37. Thus, the Court considers and resolves the parties' arguments concerning the reasonableness of the hours billed by Plaintiff's counsel and the reasonableness of the hourly rates counsel identifies for each member of its litigation team.

### A. Reasonableness of Hours Billed

"Once a party is found eligible for fees, the district court must then determine what fees are reasonable …" *Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016) (citation omitted). A fee applicant must provide records documenting the tasks completed and the amount of time spent. *Hensley*, 461 U.S. at 424; *see Welch*, 480 F.3d at 945-46. The Court "has its own independent duty to review the submitted itemized log of hours to determine the reasonableness of the hours requested in each case." *California Open Lands v. Butte Cnty. Dep't of Pub. Works*, No. 2:20-cv-00123-DJC-DMC, 2024 WL 4819205, at *4 (E.D. Cal. Nov. 18, 2024) (internal quotations omitted).

Here, Plaintiff's counsel attests that the litigation team (four attorneys and a paralegal) spent approximately 116 hours litigating the motion to compel. (Doc. 270 at 2). They provide that their work was complicated by extensive meet-and-confer efforts, multiple written submissions, and an informal discovery conference. *Id.* Counsel also seeks to recover for 39.4

additional hours expended in connection with preparing the instant fee application after County Defendants declined to stipulate to a proposed fee award. *Id*. at 3. Thus, Plaintiff seeks to recover on a total of 155.4 attorney hours. *Id.*

In opposition, County Defendants argue that Plaintiff fails to provide sufficient documentation of or support for the hours billed and description of the work performed and that the total hours identified by Plaintiff are unreasonable. (Doc. 271). Additionally, County Defendants argue Plaintiff should not be permitted to recover for time expended in meet and confer efforts, for preparing a letter brief in connection with the informal discovery dispute conference, or for appearing at that conference. *Id.* Finally, County Defendants oppose any inclusion in the fee award for recovery of "fees on fees." *Id*. As to this argument, the Court follows the majority view in the Ninth Circuit that, just as fees-on-fees are available to a prevailing party in a section 1983 action (*see Thompson v. Gomez*, 45 F.3d 1365, 1366 (9th Cir. 1995)), so, too, are they available to a party successful in litigating a Rule 37 motion. *E.g., Orthopaedic Hosp. v. Encore Medical, L.P.*, No. 3:19-cv-00970-JLS-AHG, 2021 WL 5449041, at *13-15 (S.D. Cal. Nov. 19, 2021); *Laub v. Horbaczewski*, No. CV 17-6210-JAK (KS), 2020 WL 10817257, at *11 (C.D. Cal. Nov. 23, 2020); *Hung Ngueyn v. Regents of Univ. of Cal*., No. 8:17-cv-00423-JVS-KESx, 2018 WL 6112616, at *5 (C.D. Cal. May 18, 2018) (citing *SOC-SMG, Inc. v. Christian & Timbers*, No. 08-cv-392, 2010 WL 2085076, at *6 (D. Nev. May 20, 2010)).

In support of their argument that the total hours spent litigating the motion to compel are reasonable, Plaintiff relies largely on the declarations of its attorneys and a summary matrix depicting hours each member of the litigation team spent on approximately eight broad categories of tasks. For instance, the four attorneys for whom Plaintiff seeks to recover fees indicate that they collectively spent 13.8 hours on a task defined as "Meet/Confer, Corresponding Re Discovery Dispute and Motion to Compel." (Doc. 270-1 at 3). Similarly, the litigation team identifies hours spent "Preparing Motion to Compel." *Id.*

Although the Court acknowledges that the matrix format is helpful to the extent it provides the Court a succinct thumbnail sketch of the amount of labor expended across broadly defined tasks, such format deprives the Court of the ability to assess the reasonableness of the

billings where multiple attorneys have billed for the same tasks. *Cf. Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (holding that a single attorney permissibly may seek fees by identifying to the court hours spent on broad categories of tasks, such as settlement and court appearances). While the Court is familiar in general with the nature of some of the work at issue based on the parties' filings on the merits of the relevant discovery disputes, it is the fee applicant that "bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Welch*, 480 F.3d a 948. Here, without something akin to attorney time records for each attorney or a more detailed inventory of the tasks accomplished, the Court is unable to assess whether and the extent to which multiple lawyers duplicated efforts or unreasonably billed. By way of example, the task "Preparing Letter Brief" undoubtedly involved the discrete activities of researching, drafting, and editing, but without identifying task differentiations in the matrix, the Court cannot confidently measure impermissible duplication of efforts.

Multiple lawyers (not including the assigned paralegal) billed hours for each of five of the eight broad categories of functional tasks identified in Plaintiff's matrix (*i.e.*, meet/confer, preparing letter brief, preparing motion to compel) totaling 143.9 hours. For sake of comparison, in a breach of contract action valued at nearly five million dollars, another judge of this Court found a total of 62.3 hours was a reasonable amount of time for the plaintiff's counsel to spend drafting motions to compel, preparing for oral argument, and appearing on the motions. *See Unit 53, Inc. v. Run Roadlines, Inc.*, No. 2:24-cv-01718-DJC-CSK, 2025 WL 373637, at *2 (E.D. Cal. Feb. 3, 2025). However, the Court also is aware of other decisions outside of the District where courts granted substantially higher awards under Rule 37 based on a finding that the hours similar to those expended by Plaintiff's counsel here were reasonable. *E.g.*, *Orthopaedic Hosp.*, 2021 WL 5449041, at *13-15 (finding reasonable counsel's expenditure of 133.1 hours litigating a motion to compel and 77.6 hours litigating the association fee application).

The undersigned's experience presiding over a significant number of related complex civil cases, coupled with the hours found reasonable by the *Unit 53* Court, suggests that counsel's expenditure of time in this action is excessive and, based on a review of the general billing entries

noted above, is partially the product of duplicative efforts.

In assessing a fee award, the court need not "achieve auditing perfection" or "become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Rather, "trial courts may take into account their overall sense of a suit and may use estimates in calculating and allocating an attorney's time." *Id.*

Accordingly, the Court will reduce by 20% the hours billed by multiple attorneys on the five tasks noted below for which the generalized billing entries do not corroborate the reasonableness of the hours expended (*e.g.*, 32.7 hours preparing motion to compel reduced to 26.16 hours). *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013) ("when a district court reduces either the number of hours or the lodestar by a certain percentage greater than 10%, it must provide a clear and concise explanation for why it chose the specific percentage to apply.") (citing *inter alia Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)); *see also California Open Lands*, 2024 WL 4819205, at *4 (E.D. Cal. Nov. 18, 2024) ("Courts have the discretion to trim fat from, or otherwise reduce, the number of hours claimed to have been spent on the case.").

County Defendants argue that the Court additionally should decline to award attorney's fees for Plaintiff's time spent in meet-and-confer efforts because Plaintiff was required to engage in meet-and-confer consultations to resolve discovery disputes whether or not it chose ultimately to move to compel. (Doc. 271 at 9). Although the Court acknowledges that, under some circumstances, reimbursement for meet and confer efforts may not be appropriate (*e.g., I.R. v. City of Fresno*, No. 1:12-cv-558 AWI GSA, 2013 WL 2404775, at *7 (E.D. Cal. May 31, 2013)), here, reimbursement for said efforts is warranted. As the Court has recounted in its orders addressing the parties' numerous discovery disputes, County Defendants have unreasonably and unnecessarily multiplied these proceedings through inadequate engagement in meet-and-confer efforts that in some respects at various times have amounted to outright stonewalling. *E.g.*, (Doc. 189 at 8-9; Doc. 221 at 2-3, 5, 11).

County Defendants also argue that the Court should decline to award attorney's fees for Plaintiff's time spent reviewing metadata logs, which, according to County Defendants, "would

have been expended regardless of the motion to compel." (Doc. 271 at 10). This argument is meritless. The Court expressly found in granting Plaintiff's motion to compel that County Defendants pay to Plaintiff its attorney's fees and costs incurred "in connection with [Plaintiff's] review of any documents/communications identified in the email metadata logs and requested by Plaintiff and ultimately determined by Plaintiff to be nonresponsive to its RFPs." (Doc. 221 at 13). The Court reasoned that because of County Defendants' extraordinary delay in making discovery available and to ensure no further delays in the litigation of this action were incurred, Plaintiff would undertake the review of potentially responsive documents and be compensated for that time because it was an activity County Defendants were obligated to conduct at their own expense but had unreasonably failed or declined to complete. *Id.* at 12.

For these reasons, the Court finds the following reasonably expended hours are recoverable:

| **Task** | **Initial total** | **Adjusted total** |
|---|---|---|
| Meet and Confer 2025 | 13.8 | 11.04 |
| Preparing letter brief | 22.5 | 18.00 |
| Preparing motion to compel | 32.7 | 26.16 |
| Preparing reply brief | 10.3 | 8.24 |
| Preparing submission | 29.7 | 23.76 |
| | | |
| **Non-reduced tasks** | | |
| Inf. Discovery conf. | 4.5 | 4.5 |
| Reviewing county metadata logs | 21.3 | 21.3 |
| Meet confer efforts 2026 | 9.1 | 9.1 |
| | | |
| **Sum** | 143.9 | **122.1** |

### B. Reasonableness of Hourly Rates

In determining a reasonable rate for attorney's fees, "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits— that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). A reasonable hourly rate is not defined by reference to the rates actually charged by the prevailing party. *Chalmers*, 796 F.2d at 1210. Rather, reasonable fees must be calculated

based on the prevailing market rates charged by "all attorneys in the relevant community engaged in 'equally complex Federal litigation,' no matter the subject matter." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2011) (quoting *Blum*, 465 U.S. at 893). Thus, when a case is filed in the Eastern District of California, this District "is the appropriate forum to establish the lodestar hourly rate..." *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1129 (E.D. Cal. 2011). Courts also may draw upon "[d]ecisions by other courts regarding the reasonableness of the rate sought," as well as the court's "own experience in determining what constitutes a reasonable rate." *Base v. FCA US LLC*, No. 17-cv-01532-JCS, 2020 WL 363006, at *4 (N.D. Cal. Jan. 22, 2020).

First, Plaintiff seeks hourly rates actually charged by its litigation team members on the grounds that those rates are consistent with the prevailing market rates charged by attorneys in the Eastern District of California. (Doc. 270 at 4). For this proposition, Plaintiff relies on a single securities class action case in this District wherein the presiding district judge awarded attorney's fees to class counsel in the amount of 25% of the settlement fund reliance. *Id.* (citing *In re Origin Materials, Inc., Sec. Litig.*, No. 2:23-cv-1816 WBS JDP, 2026 LX 348407, at *17 (E.D. Cal. June 10, 2026)). There, citing and relying on the attorney's fees awarded in an antitrust class action,[1] the Court found the billing rates requested to be within the range of those approved in other cases – without identifying the rates involved. *Id.* The Court finds that the *In re Origin Materials* case standing alone does not compellingly suggest outside of the securities class action context that the billing rates sought by Plaintiff here are within the prevailing rates for attorneys litigating civil rights and other cases of comparable complexity in this District.

Second, Plaintiff invokes an exception to the rule that in-district rates govern and requests that the Court award attorney's fees using prevailing billing rates in the Central District of California. (Doc. 270 at 6). Rates other than those of the forum may be appropriate in the context of lodestar analysis if local counsel was unavailable, either because they are unwilling to accept the case or unable to perform because they lack the degree of experience, expertise, or

[1] *See Ray v. Nat'l Collegiate Athletic Ass'n*, No. 1:23-cv-425 WBS CSK, 2026 WL 1298135 (E.D. Cal. May 11, 2026).

specialization required to handle properly the case. *Camacho*, 523 F.3d at 979; *e.g., Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (affirming district court's award fees of San Francisco rates rather than Sacramento rates where the plaintiff's counsel offered numerous declarations of attorneys that supported plaintiff's contention attorneys and law firms with the requisite expertise and experience were unavailable).

In support of its bid to demonstrate that out-of-district rates are appropriate because local counsel was unavailable, Plaintiff relies on general and conclusory attestations of its chief executive officer about his efforts to locate counsel within the District. *See* (Doc. 270-4, Declaration of Trent Jones, ¶ 5). In short, Mr. Jones attests that he met with unidentified local lawyers in Bakersfield and was informed they would not handle the case, that he was unable to obtain referrals to other prospective lawyers, and that he otherwise was unaware of lawyers who could be available to litigate the case.

But the cases Plaintiff relies on for the proposition that local attorneys were unwilling or unable to litigate this case (Doc. 270 at 6) present materially distinguishable circumstances relating to the efforts that generally are required to invoke the exception to the general rule that in-district rates apply. For instance, in *Ecological Rts. Found. v. Liberty Utils. (CalPeco Elec.), LLC*, No. 2:25-cv-02057-DC-SCR, 2026 WL 453738 (E.D. Cal. Feb. 18, 2026), an executive director attested that she contacted eight identified law firms in three different in-district counties to seek representation in the matter and that none of the firms was willing to be retained. *Id.* at *4 (citing Doc. No. 21-22 at ¶ 8-9). The court found that these efforts were sufficient to conclude that local counsel were unavailable and, thus, that out-of-district rates applied. Likewise, in *Cal. Open Lands* (*supra*), the party's representative documented and attested to extensive efforts to locate in-district counsel. Here, Plaintiff's representations fall short of the bar to demonstrate that in-district counsel were unavailable. *See, e.g., Jadwin*, 767 F. Supp. 2d 1069, 1126-27 (declining to award out-of-district rate due to the lack of detail of supporting affiant's efforts to retain in-district counsel); *cf. I.H. v. California*, No. 2:19-cv-02343-DAD-AC, 2025 WL 1158975, at *5 (E.D. Cal. Apr. 21, 2025) (declaration of "one of the most experienced and successful civil rights attorneys in the Sacramento area" with decades of experience that he would not have represented plaintiff due to

risks of case and believed no in-district attorney would have taken the case sufficient to permit award of out-of-district rates).

Without the benefit from counsel for Plaintiff of a survey of fee awards in the Eastern District of California, the undersigned has reviewed relatively recent decisions addressing fees in this District, including fees found reasonable by other judges of this Court in civil rights actions brought pursuant to § 1983. Based on a review of these relatively recent cases, the Court concludes that hourly fee rates for attorneys with over 15 years of experience generally are between $490 and $695, with a greater range for partners, commensurate with experience. *See J.A. by and through Venegas v. Cnty. of Madera*, No. 1:21-cv-00252-KES-EPG, 2026 WL 2207208, at *8 (E.D. Cal. July 27, 2026) (finding in a § 1983 case that an hourly rate of $627 is in line with other hourly rates awarded to attorneys in the district with between 26 and 46 years of experience), *F&R adopted*, 2026 WL 2389238 (Aug. 17, 2026); *White v. Sacramento Police Dep't*, No. 2:21-cv-02211-JAM-SCR, 2026 WL 82407, at *4 (E.D. Cal. Jan. 12, 2026) (finding in a § 1983 case the following hourly rates to be reasonable: $650 for attorneys with 30 or more years' experience; $450 for attorneys with 10 or more years' experience; $325 for attorneys with 7-8 years' experience; $250 for attorneys with 5-6 years' experience; $200 for attorneys with up to 3 years' experience; up to $125 for paralegals and staff); *Tri Tool, Inc. v. Hales*, No. 2:22-cv-01515-DAD CSK, 2025 WL 1735385, at *2 (E.D. Cal. June 23, 2025) (setting hourly rate of $485 for an attorney with more than ten years of experience and noting that hourly rates for senior counsel and partners are usually between $490 and $695.); *Unit 53*, 2025 WL 373637, at *2 (finding $635 for a partner with more than 16 years of experience and $310 for an associate with over two years of experience reasonable and reflective of the prevailing market rates in Sacramento for attorneys of comparable skill, experience, and reputation); *United States ex rel. Terry v. Wasatch Advantage Grp*., LLC, No. 2:15-cv-00799-KJM-SCR, 2025 WL 406589, at *5 (E.D. Cal. Feb. 5, 2025) ("At the higher end of this spectrum, courts have awarded fees based on hourly rates between $600 and $700 per hour for attorneys with thirty years' experience or more who represent clients in class actions and complex civil cases"); *Goodson v. Cnty. of Plumas*, No. 2:18-cv-03105-KJM-DB, 2024 WL 99847, at *3 (E.D. Cal. Jan. 9, 2024) (collecting cases).

Paralegal compensation in the Eastern District generally ranges from $100 to $250, also depending on experience. *See Mostajo v. Nationwide Mut. Ins. Co.*, No. 17-00350, 2023 WL 2918657, at *11 (E.D. Cal. Apr. 12, 2023).

Plaintiff seeks for the year 2025, attorney hourly rates of $1,500 for Mr. Bryan Caforio, a partner with 18 years of experience, $1,300 for Mr. Oleg Elkhunovich, a partner with 16 years of experience, $975 for Ms. Jesse-Justin Cuevas, a partner with 11 years of experience, and $750 for Mr. Julian Schneider, an associate with four years of experience, and a paralegal hourly rate of $300 for Ms. Martha Izquierdo (a paralegal with 6 years of experience). *See* (Doc. 270 at 3; Doc. 270-1 ¶ 11). And, in 2026, Plaintiff requests attorney hourly rates of $1,500 for Mr. Caforio, $1,500 for Mr. Elkunovich, $1,100 for Ms. Cuevas, $750 for Mr. Schneider, and a paralegal hourly rate of $350 for Ms. Izquierdo. *Id.* at 3-4. In support, Plaintiff provides and relies on documentation of counsels' experiences and their firm profiles. (Doc. 270-2).

Considering all the factors referenced above, although counsels' years of experience and training demonstrate expertise and competency within the field, the proposed rates are markedly above the prevailing market rates for attorneys with comparable experience in this District. Accordingly, to better align counsel's rates with those customarily awarded in this district, the Court will reduce Mr. Caforio's hourly rate to $650 per hour, Mr. Elkhunovich's hourly rate to $600 per hour, Ms. Cuevas's hourly rate to $485 per hour, Mr. Schneider's hourly rate to $310 per hour and Ms. Izquierdo's hourly rate to $150 per hour. *See White*, 2026 WL 82407, at *4; *Wasatch Advantage Grp.*, 2025 WL 406589, at *5; *cf. White*, 2026 WL 82407, at *9 (finding reasonable a $125 hourly rate for a paralegal with approximately 7 years of experience but only a $75 hourly rate for a paralegal with unknown background and experience).

**Calculation of the Lodestar Figure**

As noted *supra* in subsections A and B, for purposes of the lodestar, the Court has found that Plaintiff reasonably expended 122.1 attorney hours and 11.5 paralegal hours in connection with litigating the underlying motion to compel and this fee application. Applying the reasonable hourly rates identified above results in the following:

///

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Bryan Caforio | 7.6 | $650 | $4,940 |
| Oleg Elkhunovich | 4.4 | $600 | $2,640 |
| Jesse-Justin Cuevas | 16.8 | $485 | $8,148 |
| Julian Schneider | 93.3 | $310 | $28,923 |
| **Total** | 122.1 | | $44,651 |
| Martha Izquierdo | 11.5 | $150 | $1,725 |
| **Grand Total** | | | $46,376.00 |

Accordingly, the lodestar is $46,376.00.

**C. Nontaxable Costs**

Under 42 U.S.C. § 1988, "reasonable out of pocket expenses that are normally billed to fee-paying clients may be awarded as costs." *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1058 n.1 (9th Cir. 2006) (citation omitted). In the Ninth Circuit, there is a presumption in favor of awarding costs to the prevailing party. *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006)

Plaintiff seeks to recover the costs of obtaining the transcript for the October 10, 2025, informal discovery dispute conference ($233.60) and County Defendants have not opposed. (Doc. 270-1). This cost is recoverable and will be included in the Court's award.

**IV. CONCLUSION AND ORDER**

For the reasons set forth above, it is HEREBY ORDERED that:

1. The application by counsel for Plaintiff for attorneys' fees and costs is GRANTED IN PART; and
2. County Defendants shall pay Plaintiff attorney's fees and costs in the amount of $46,609.60 within 21 days.

IT IS SO ORDERED.

Dated: **September 18, 2026**

[signature]
UNITED STATES MAGISTRATE JUDGE